UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)  Case No. 7:24-cv-00232-ADA<br>)<br>)  **Jury Trial Demanded**<br>)<br>)<br>) |

## DEFENDANT APPLE INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Apple Inc. ("Apple") answers Plaintiff Cobblestone Wireless, LLC's ("Plaintiff" or "Cobblestone") Complaint for Patent Infringement (ECF No. 1, "Complaint") as follows. Except as otherwise admitted in this Answer, Apple denies each and every allegation in the Complaint. Any express admission below is admitted only as to the particularly identified fact(s) and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted fact(s). Apple's reproduction of the headings set forth in the Complaint below is solely for the purpose of convenience and is not, and should not be construed as, an admission by Apple that any allegation or other statement in the headings or paragraphs of the Complaint, whether explicit or implied, is true, correct, or admitted by Apple. Apple further denies that Plaintiff is entitled to the relief requested or any other relief.

## PLAINTIFF COBBLESTONE AND THE PATENTS-IN-SUIT[1]

1. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies them.

2. Apple admits that it is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014.

## JURISDICTION AND VENUE

3. To the extent that the allegations of Paragraph 3 set forth legal conclusions, no response is required. To the extent a response is required, Apple admits that the Complaint purports to state claims arising under Title 35 of the United States Code and that the Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Apple denies any remaining allegations in Paragraph 3 of the Complaint, including any allegation of infringement.

4. To the extent that the allegations of Paragraph 4 set forth legal conclusions, no response is required. To the extent a response is required, Apple does not contest that this Court has personal jurisdiction over it for the purposes of this action only, but does not waive the right to contest personal jurisdiction in any other case or action in this District. Apple admits that it has sold and marketed certain iPhones and iPads in the United States, including in the State of Texas and in this District. Apple denies the remaining allegations in Paragraph 4 of the Complaint, including any allegations of infringement.

---

[1] Apple repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this Answer. In doing so, Apple makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations.

5. Apple admits that it has sold and marketed certain iPhones and iPads in the United States, including in this District. Apple denies the remaining allegations in Paragraph 5 of the Complaint, including any allegations of infringement.

6. To the extent that the allegations of Paragraph 6 set forth legal conclusions, no response is required. To the extent a response is required, Apple admits that it has sold and marketed certain iPhones and iPads in the United States, including in this District. Apple denies that venue is proper in this District and denies that this venue is convenient, at least because this case should be litigated in another district for the convenience of the parties and witnesses and in the interest of justice. Apple denies any remaining allegations in Paragraph 6 of the Complaint, including any allegation of infringement.

7. Apple admits that Apple facilities exist at 12545 Riata Vista Cir., Austin, Texas 78727, and 12801 Delcour Dr., Austin, Texas 78727. Apple admits that it has sold and marketed certain iPhones and iPads in the United States, including in this District. Apple denies the remaining allegations in Paragraph 7 of the Complaint, including any allegation of infringement.

**COUNT 1 – CLAIM FOR [ALLEGED] INFRINGEMENT OF THE '347 PATENT.**

8. Apple incorporates by reference its responses to paragraphs 1-7 as if fully set forth herein.

9. Apple admits that a document purporting to be a copy of U.S. Patent No. 8,891,347 ("the '347 patent") is attached to the Complaint as Exhibit 1. Apple admits that Exhibit 1 states on its face that it issued on Nov. 18, 2014, and is titled "User-focusing technique for wireless communication systems." Apple lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 9 of the Complaint, and therefore denies those allegations.

10. Apple admits that Plaintiff purports to accuse "certain products and services [] including cellular user equipment (UE) that supports 3GPP 5G NR beamforming," including certain of Apple's iPhones and iPads. Apple specifically denies any allegation of infringement. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint, and therefore denies those allegations.

11. To the extent that the allegations of Paragraph 11 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 11, including any allegation of infringement.

12. To the extent that the allegations of Paragraph 12 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 12, including any allegation of infringement.

13. To the extent that the allegations of Paragraph 13 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 13, including any allegation of infringement.

14. To the extent that the allegations of Paragraph 14 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 14, including any allegation of infringement.

15. To the extent that the allegations of Paragraph 15 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 15, including any allegation of infringement.

**COUNT 2 – CLAIM FOR [ALLEGED] INFRINGEMENT OF THE '802 PATENT.**

16. Apple incorporates by reference its responses to paragraphs 1-15 as if fully set forth herein.

17. Apple admits that a document purporting to be a copy of U.S. Patent No. 7,924,802 ("the '802 patent") is attached to the Complaint as Exhibit 3. Apple admits that Exhibit 3 states on its face that it issued on Apr. 12, 2011, and is titled "Wireless communications systems and methods." Apple lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 17 of the Complaint, and therefore denies those allegations.

18. Apple admits that Plaintiff purports to accuse "certain products and services [] including cellular user equipment (UE) that supports 3GPP carrier aggregation," including certain of Apple's iPhones and iPads. Apple specifically denies any allegation of infringement. Apple lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint, and therefore denies those allegations.

19. To the extent that the allegations of Paragraph 19 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 19, including any allegation of infringement.

20. To the extent that the allegations of Paragraph 20 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 20, including any allegation of infringement.

21. To the extent that the allegations of Paragraph 21 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 21, including any allegation of infringement.

22. To the extent that the allegations of Paragraph 22 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 22, including any allegation of infringement.

23. To the extent that the allegations of Paragraph 23 set forth legal conclusions, no response is required. Apple denies all remaining allegations in Paragraph 23, including any allegation of infringement.

## JURY TRIAL DEMANDED

24. Apple admits that Plaintiff has demanded a trial by Jury.

## PRAYER FOR RELIEF

No response is required to Plaintiff's Prayer for Relief. To the extent any response is required, Apple denies the underlying allegations of Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief from this Court, whether sought in Paragraphs A-F of the Prayer for Relief or otherwise. Apple requests that the Court deny all relief to Plaintiff, enter judgment in favor of Apple, find that this is an exceptional case under 35 U.S.C. § 285, and award Apple its attorneys' fees and costs as the prevailing party in this Action.

## APPLE'S AFFIRMATIVE AND OTHER DEFENSES

Apple asserts the following affirmative and other defenses without assuming any burden of proof that rightfully should be on Plaintiff. In addition to the defenses described below, Apple specifically reserves all rights to assert additional defenses as additional information becomes available. Furthermore, Apple repeats and incorporates by reference each of its answers in the foregoing paragraphs as if fully set forth herein.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted against Apple.

## SECOND DEFENSE
### (Non-Infringement)

Apple has not infringed and does not infringe any valid and enforceable claim of the '347 patent, or the '802 patent, either directly or indirectly, either literally or under the doctrine of equivalents. If the claims at issue are interpreted so broadly as to read on any Accused Product, Apple has not infringed any such claim of the patent under the Reverse Doctrine of Equivalents. Apple has not committed any acts in violation of 35 U.S.C. § 271.

## THIRD DEFENSE
### (Invalidity)

The asserted claims of the '347 patent and the '802 patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including but not limited to one or more of Sections 101, 102, 103, and/or 112.

## FOURTH DEFENSE
### (Prosecution History Estoppel, Prosecution Laches, Disclaimer, Ensnarement, Reverse Doctrine of Equivalents)

Plaintiff's claims against Apple are barred, in whole or in part, by the doctrines of prosecution history estoppel, prosecution laches, disclaimer, ensnarement, and/or reverse doctrine of equivalents, based on statements or arguments made during prosecution of the relevant patent applications.

## FIFTH DEFENSE
### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, equitable estoppel, unclean hands, patent misuse, inequitable conduct, and/or other equitable doctrines.

4931-3339-9302

## SIXTH DEFENSE
### (Not an Exceptional Case)

To the extent Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## SEVENTH DEFENSE
### (Notice)

Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287, including based on Plaintiff's failure to mark, including without limitation, to the extent Plaintiff contends there are products covered by the Asserted Patents, Plaintiff's failure to mark its own products with the numbers of the Asserted Patents and/or its failure to require and/or police the marking of Plaintiff's customers and licensees.    Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.    Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

## EIGHTH DEFENSE
### (Territoriality)

To the extent Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271, et seq., including but not limited to § 271(a).

## NINTH DEFENSE
### (Government Sales)

To the extent that Plaintiff is accusing Apple products or services that are manufactured, provided or used by or for the government of the United States of America, there is no jurisdiction over such claims outside of the U.S. Court of Federal claims, such that Plaintiff's claims herein

against Apple with respect to such products or services are barred, in whole or in part, by 28 U.S.C. § 1498(a).

## TENTH DEFENSE
### (License/Exhaustion)

Plaintiff's claims are barred, in whole or in part, by license (implied, express, and/or otherwise), and under the doctrine of patent exhaustion.

## ELEVENTH DEFENSE
### (Lack of Standing)

To the extent Plaintiff does not have substantially all the rights or all the rights to the Asserted Patents, or to the extent the purported assignments of the Asserted Patents, if any, are defective for any reason, Plaintiff lacks standing to bring this action.

## TWELFTH DEFENSE
### (Limitations on Damages and Costs)

Plaintiff's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, and/or 286.

## THIRTEENTH DEFENSE
### (Contractual Obligations)

To the extent that the Asserted Patents are subject to a contractual obligation to a third party, including an obligation to negotiate in good faith towards, and to license the Asserted Patents on, fair, reasonable, and non-discriminatory terms pursuant to an applicable standard setting organizations' intellectual property polices, Plaintiff's claims are barred, or its relief limited, based on a violation of those obligations.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Apple reserves all defenses, including affirmative defenses, under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or

in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## PRAYER FOR RELIEF

Apple respectfully requests the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice and that a judgment be entered in favor of Apple and against Plaintiff;

2. That all damages, costs, expenses, attorneys' fees, prejudgment and/or post-judgment interest, and other relief sought by Plaintiff be denied;

3. That this case be declared exceptional pursuant to 35 U.S.C. § 285, and reasonable attorneys' fees and costs incurred in this action be awarded to Apple; and

4. That Apple be granted all such other and further relief that the Court deems just and proper.

## APPLE'S DEMAND FOR JURY TRIAL

Apple demands a trial by jury of all issues so triable in this action.

Dated: December 13, 2024

Respectfully submitted,

By:   /s/ Steve Wingard
SCOTT DOUGLASS & MCCONNICO LLP
Steve Wingard
State Bar No. 00788694
swingard@scottdoug.com
Stephen L. Burbank
State Bar No. 24109672
sburbank@scottdoug.com
Robert P. Earle
State Bar No. 241245566
rearle@scottdoug.com

**Attorneys for Defendant Apple Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 13, 2024, a true-and-correct-copy of the foregoing document was served via the Court's CM/ECF system on all counsel of record.

*/s/ Steve Wingard*
Steve Wingard

4931-3339-9302