**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

Cobblestone Wireless, LLC,

                                    Plaintiff,

    vs.

Apple Inc.,

                                    Defendant.

Case No. 7:24-cv-00232-ADA

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN**
**NONPARTY QUALCOMM INCORPORATED, PLAINTIFF, AND DEFENDANT**

WHEREAS, the Court entered a Protective Order to protect Party and Nonparty confidential business information in the above referenced action on August 5, 2025 ("Protective Order"); and

WHEREAS, Cobblestone Wireless LLC ("Plaintiff"); Apple Inc. ("Defendant") (together, hereinafter referred to as "the Parties"); and Qualcomm Incorporated ("Qualcomm"), a Nonparty to this action, may produce confidential source code, chip-level schematics or integrated circuit layouts and other documents in this action that include or incorporate CONFIDENTIAL INFORMATION belonging to Qualcomm ("Qualcomm Confidential Information"); and

WHEREAS the Parties and Nonparty Qualcomm have agreed to provisions in addition to those contained in the Protective Order to protect against misuse or disclosure of such Qualcomm Confidential Information;

WHEREFORE, IT IS HEREBY ORDERED that source code, chip-level schematics, integrated circuit layouts or documents that incorporate Qualcomm Confidential Information produced in connection with the above-captioned matter that are designated as "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" and "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the following restrictions:

## I.    DEFINITIONS

1.    "Qualcomm Material" means confidential information (regardless of how generated, stored, or maintained) or tangible things that include or incorporate Nonparty Qualcomm Confidential Information, that Nonparty Qualcomm (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy. Qualcomm Material includes all information, documents, source code, chip-level schematics, integrated circuit layouts or testimony, and things produced, served, or otherwise provided in this action by any Party or by Nonparty Qualcomm, that include or incorporate Qualcomm Confidential Information.

2.    "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material means information, documents, and things that include or incorporate Qualcomm Material.

3.    "Source Code" means human-readable representations of actually completed, implemented, and/or realized software, firmware, and integrated circuits. Source Code includes, but is not limited to, programming language text, symbolic representations of integrated circuits ("Chip-Level Schematics") or graphical depictions of physical configuration of semiconductor material within integrated circuit die or chip ("Integrated Circuit Layouts"). Source Code includes, but is not limited to, programming language text in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor ("DSP"), Hardware Design Language ("HDL"), VHDL, or Verilog programming languages. Source Code in the form of programming language text shall be made available for inspection in ASCII text files. File formats within which Source Code in the form of Chip-Level Schematics or Integrated Circuit Layouts may be made available for inspection include, but are not limited to, pdf file format.

4.      "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material means Qualcomm Material that includes Source Code that constitute proprietary technical or commercially sensitive competitive information that Nonparty Qualcomm maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of Nonparty Qualcomm. This includes Source Code, Chip-Level Schematics, and Integrated Circuit Layouts in the Producing Party's possession, custody, or control, and made available for inspection by the Producing Party.

5.      "Designated Qualcomm Material" means material that is designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under this Supplemental Protective Order.

6.      "Designated Source Code Material" means material that is designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under this Supplemental Protective Order.

7.      "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action. For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

8.      "Party" means any Party to the above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

9.      "Producing Party" means a Party or Nonparty that discloses or produces Designated Qualcomm Material in the above-captioned actions.

10.     "Receiving Party" means a Party that receives Designated Qualcomm Material from a Producing Party in the above-captioned actions.

11.     "Authorized Reviewer(s)" means person(s) authorized to review "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and "QUALCOMM – OUTSIDE ATTORNEYS'

EYES ONLY – SOURCE CODE" Materials in accordance with this Supplemental Protective Order and the Protective Order.

12. "Counsel of Record" means (i) Outside Counsel who appears on the pleadings, or has entered an appearance in this action, as counsel for a Party, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.

13. "Outside Consultant" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party, of a competitor of a Party, or of Nonparty Qualcomm, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Nonparty Qualcomm, or 4) Nonparty Qualcomm.

14. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party, a competitor of a Party, or Nonparty Qualcomm, and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Nonparty Qualcomm, or 4) Nonparty Qualcomm. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## II.    RELATIONSHIP TO PROTECTIVE ORDER

15.    This Supplemental Protective Order shall not diminish any existing restriction with respect to Designated Qualcomm Material. The Parties and Qualcomm acknowledge and agree that this Supplemental Protective Order is a supplement to the Protective Order entered in this action on August 5, 2025 in the United States District Court, Western District of Texas, in this action.

16.    The Protective Order applies to all material designated pursuant to this Supplemental Protective Order. To the extent that there is any confusion or conflict between protective orders with respect to Designated Qualcomm Material, then this Supplemental Protective Order governs. In addition to the restrictions outlined in this Supplemental Protective Order, materials designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to obligations with respect to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," respectively, as outlined in the Protective Order.

## III.    SCOPE

17.    The protections conferred by this Supplemental Protective Order cover not only Designated Qualcomm Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or Court Orders. Identification of any individual pursuant to this Supplemental Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or any applicable rules or Court Orders.

18.    This Supplemental Protective Order shall not prevent a disclosure to which Nonparty Qualcomm consents in writing before that disclosure takes place.

19.    This Supplemental Protective Order shall apply to all Designated Qualcomm Material that is produced or provided for inspection in this action, including all Designated Qualcomm Material that is in the possession, custody or control of Nonparty Qualcomm or any Party in this action, or that is otherwise relevant to this action.

## IV.    ACCESS TO DESIGNATED QUALCOMM MATERIAL

20.    Access to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by Nonparty Qualcomm, a Receiving Party may disclose any information, document or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" only to:

a.    Persons who appear on the face of Designated Qualcomm Material as an author, addressee, or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony on behalf of a Producing Party;

b.    Counsel of Record;

c.    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this action, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case," attached hereto as Exhibit B;

d.    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case" attached hereto as Exhibit A, and the

"Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B;

e.  Court reporters and videographers employed in connection with this action; and

f.  Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception: Designated Qualcomm Material shall not be disclosed to mock jurors without Nonparty Qualcomm's express written consent;

g.  The Court, its personnel, and the jury.

21.  Access to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material: Unless otherwise ordered by the Court or permitted in writing by Nonparty Qualcomm, a Receiving Party may disclose any information, document, or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

a.  Persons who appear on the face of Designated Qualcomm Material as an author, addressee, or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Qualcomm regarding the same;

b.  Counsel of Record;

c.  Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing

Confidential Information of Nonparty Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case," attached hereto as Exhibit B;

d.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B, provided, however, that before such disclosure, Qualcomm is provided notice including: (a) the individual's name and business title; (b) business address; (c) business or professions; and (d) the individual's CV. Qualcomm shall have five (5) business days from receipt of the notice to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5 business days (plus 3 days, if appropriate) period, if no objection has been asserted, then "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials may be disclosed pursuant to the terms of this Supplemental Protective Order;

e.      Court reporters and videographers employed in connection with this action, subject to the provisions provided in subparagraph 30(h) herein;

      f.      Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception: Designated Qualcomm Material shall not be disclosed to mock jurors without Nonparty Qualcomm's express written consent; and

      g.      The Court, its personnel, and the jury.

22.      Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Nonparty Qualcomm, Designated Qualcomm Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

23.      Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Nonparty Qualcomm, Designated Qualcomm Material may not be disclosed to mock jurors.

24.      The Parties acknowledge that Designated Qualcomm Material also may be subject to the US government export control and economic sanctions laws ("Export Controlled Information"), including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer, or release (collectively, "Export") any Designated Qualcomm Material to any destination, person, entity, or end user prohibited or restricted under US law without prior US government authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740) Export Controlled Information disclosed in this action will be used only for the purposes of this action. Outside Counsel or other individuals authorized to receive

Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security or other appropriate U.S. government department or agency, except as permitted by U.S. law.

25.     Receiving Party may host "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party. "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and Outside Consultants designated pursuant to subparagraphs 20(c) and 21(c) above. To the extent that any "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by secure electronic means, such as email using an encrypted password protected container (other than TrueCrypt), or download via secure FTP. "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may not be transmitted by electronic means; however, this should not be understood to prohibit the electronic transmittal of testifying experts' expert reports or drafts, court filings, and trial demonstratives, thereof that may refer to QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE, subject to the limitations set forth in paragraph 30(g) herein, and as long as such electronic transmittal is by secure electronic means, such as email using an encrypted password protected container (other than TrueCrypt), or download via secure FTP. Court filings containing QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY and QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE may be submitted via the Court's ECF filing system subject to the limitations set forth in paragraphs 30(g) and 37 herein.

26.     Each person to whom Designated Qualcomm Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case," attached hereto as Exhibit B, shall do so, prior to the time such Designated Qualcomm Material is disclosed to him or her. Counsel for the Receiving Party who makes any disclosure of Designated Qualcomm Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Nonparty Qualcomm at the termination of this action.

27.     Absent written permission from Nonparty Qualcomm, persons not permitted access to Designated Qualcomm Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated Qualcomm Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Qualcomm Material from disclosure to persons not authorized to have access to such Designated Qualcomm Material. Any Party intending to disclose or discuss Designated Qualcomm Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

## V.    ACCESS BY OUTSIDE CONSULTANTS

28.     Notice: If a Receiving Party wishes to disclose Designated Qualcomm Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated Qualcomm Material, provide notice to counsel for Nonparty Qualcomm, which notice shall include: (a) the individual's name and business title; (b) countries of citizenship; (c) business address; (d) business or profession; (e) the individual's CV; (f) any previous or current relationship (personal or professional) with Nonparty Qualcomm or any of the Parties to this action; (g) a list of cases in which the individual has testified (at trial or deposition) within the last six years; (h) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or

11

employment, a brief description of the subject matter (including a description of the technology) of the consultancy or employment, and (i) copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case," attached as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case," attached hereto as Exhibit B, that have both been signed by that Outside Consultant.

29.     Objections: With respect to Outside Consultants that have not been previously disclosed to Nonparty Qualcomm, Nonparty Qualcomm shall have five (5) business days, starting from the first business day following the date upon which Receiving Party provides the notice and all information required by paragraph 28 to Nonparty Qualcomm, to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5 business days (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by Nonparty Qualcomm, then Designated Qualcomm Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order. Any objection by Nonparty Qualcomm must be made for good cause, and must set forth in detail the grounds on which it is based. Should Receiving Party disagree with the basis for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally with Nonparty Qualcomm. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by Nonparty Qualcomm, Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Nonparty Qualcomm shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by Receiving Party and Nonparty Qualcomm, the discovery material shall not be disclosed to the person objected to by Nonparty Qualcomm.

## VI.    PRODUCTION OF QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE MATERIAL

30.    Nonparty Qualcomm's Source Code:

a.    To the extent that a Producing Party makes Nonparty Qualcomm's Source Code available for inspection:

(i) The Producing Party shall make all relevant and properly requested Nonparty Qualcomm Source Code available electronically and in text searchable form (1) if produced by Nonparty Qualcomm, in a separate room at a secure facility selected by Nonparty Qualcomm or (2) if produced by Defendants, at the offices of Counsel of Record for the producing Defendant or at a secure facility approved by Qualcomm. The Producing Party shall make the Source Code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). Alternatively, solely at the option of the Producing Party, the Producing Party may make such source code available on a Source Code Computer that is networked, in a configuration deemed secure by Nonparty Qualcomm. The Source Code Computer shall be configured to permit review of the Source Code through a password-protected account having read-only access. To facilitate review of the Source Code at the secure facility, the Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by the Producing Party, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page and/or line numbers, a source code comparison tool like Winmerge, and at least one multi-text file text search tool such as "grep." Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool

software shall be installed on the Source Code Computer by the Producing Party and paid for by the Receiving Party.

(ii) In the event a Producing Party makes Chip-Level Schematics or Integrated Circuit Layouts available for review, the Producing Party shall ensure that the Source Code Computers include software sufficient to allow a user to view the Chip-Level Schematics and Integrated Circuit Layouts.

b.     The Producing Party shall provide access to the Source Code Computer during the normal operating hours of the secure facility.

c.     The Source Code Computers shall be equipped to print PDF copies of the Source Code so that the Receiving Party can designate the Source Code for which it would like hard-copy printouts which shall be printed by the Producing Party on watermarked pre-Bates numbered paper after the review. Additionally, the Receiving Party may not print any continuous block of source code that results in more than 50 consecutive printed pages, except that Authorized Reviewer(s) may request the printing of a continuous block of more than 50 pages, which request shall not be unreasonably denied by the Producing Party. Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within seven (7) days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated. Counsel of Record for the Receiving Party may request up to 10 copies of each original printout of Source Code. No more than 10% or 500 pages of the total Source Code (not including copies of original printouts) whichever is greater, for any software release (or in the case of hardware Source Code, for any hardware product), no more than 500 pages of Chip-Level Schematics, and no continuous blocks of Source Code or Chip-Level Schematics that exceed 50 pages, may be in printed

14

form at any one time, without the express written consent of Nonparty Qualcomm, which shall not be unreasonably denied. All printed Source Code shall be logged by Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this action as noted in subparagraph 30(j) below. No additional electronic copies of the Source Code shall be provided by the Producing Party. Hard copies of the Source Code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. Only printouts of Source Code may be made, and such printouts must include (1) directory path information and filenames from which the Source Code came and (2) line numbers. The Producing Party may refuse to provide copies of Source Code printouts that fail to comply with this section.

d.      Authorized Reviewer(s) in this action shall not print Source Code which have not been reviewed on the Source Code Computer, or in order to review the Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties and Qualcomm acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

e.      Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room, except as outlined in paragraph 30(f). Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

15

f.    If any Authorized Reviewer(s) reviewing Nonparty Qualcomm's Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room. In addition to taking notes on bound notebooks, an Authorized Reviewer may also bring a USB memory device to the secure room, to be inserted into a notetaking laptop computer provided by the Producing Party or the Producing Party's vendor. The notetaking laptop computer shall be configured with Microsoft Word, such that the Reviewing Party can create or modify documents directly on the USB memory device plugged into the notetaking laptop computer. The Receiving Party shall encrypt any file on the USB memory device that contains confidential material subject to this Supplemental Protective Order using Microsoft Word's "Encrypt with Password" functionality accessible through the File→Info→Protect Document menu in Microsoft Word. The Receiving Party's Outside Counsel and/or experts may not copy the Source Code Material into the notes and may not take such notes electronically on the Source Code Computer itself. Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, USB memory devices, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

g.      If Qualcomm's Source Code is quoted or set forth in a confidential pleading, infringement contention, or expert report, the Party including the Source Code will limit the amount of such Source Code to what is reasonably necessary for the party to make its point and will designate such documents QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE. Absent Qualcomm's consent (which will not be unreasonably withheld), an excerpt of programming language text will not exceed five (5) continuous lines of code, and an excerpt of Chip-Level Schematics or Integrated Circuit Layouts will not exceed five (5) sequential pages of printouts of such material.

h.      Except as approved by Qualcomm, longer excerpts shall not be copied for use in court documents but shall be referred to by citation to production page numbers and lines. A Receiving Party shall provide notice to Qualcomm or its counsel for each occasion on which it submits portions of Designated Source Code Material in a pleading or other Court document. In the event copies of Source Code printouts are used as exhibits in a deposition or trial, printouts shall not be provided to the court reporter, and the further copies of the original Qualcomm Source Code printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial. The original copies of deposition exhibits designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" will be maintained by the deposing party under the terms set forth in this Supplemental Protective Order.

i.      In addition to other reasonable steps to maintain the security and confidentiality of Nonparty Qualcomm's Source Code, printed copies of the Designated Source Code Material maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed or

otherwise being transferred as permitted by the Protective Order and/or this Supplemental Protective Order.

j.     The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual to whom each hard copy of each Producing Party's Qualcomm Source Code is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Nonparty Qualcomm the log. In addition, any Outside Consultants of the Receiving Party to whom the paper copies of the Qualcomm Source Code were provided must certify in writing that all copies of the Qualcomm Source Code were destroyed or returned to the counsel who provided them the information and that they will make no use of the Source Code, or of any knowledge gained from the source code in any future endeavor.

## VII.    PROCEDURE FOR DESIGNATING MATERIALS

31.    Subject to the limitations set forth in the Protective Order and in this Supplemental Protective Order, any Party or Nonparty Qualcomm may: designate as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or information that it believes, in good faith, meets the definition set forth in paragraph 2 above; and designate as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" information that it believes, in good faith, meets the definition set forth in paragraph 4 above.

32.    Except as provided above in paragraph 31 with respect to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material, any material, including (including physical objects) made available by Nonparty Qualcomm for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" information, and shall be subject to this Order. Thereafter, Nonparty Qualcomm shall have seven

(7) calendar days from the inspection to review and designate the appropriate documents as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" prior to furnishing copies to the Receiving Party.

33.     Designation in conformity with the Protective Order and this Supplemental Protective Order shall be made as follows:

a.      <u>For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>: the Designating Party shall affix the legend "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" conspicuously on each page that contains Qualcomm Material.

A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Designated Qualcomm Material.

b.      <u>For Testimony Given in Deposition</u>: For deposition transcripts, the Designating Party shall specify any portions of the testimony that it wishes to designate, by line and page number, no later than twenty (20) business days after the final transcript of the deposition has been received. The Party or Nonparty may identify the entirety of the transcript as "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," but all deposition transcripts not designated during the deposition will nonetheless be treated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," until the time within which it may be appropriately designated as provided for herein has passed. Any Designated Qualcomm Material that is used in the taking of a deposition shall remain subject to the provisions of this Supplemental Protective Order and the Protective Order in these actions, along with the transcript pages of the deposition testimony dealing with such Designated Qualcomm Material. In such cases the court reporter shall be informed of this Supplemental Protective Order and shall be required to operate in a manner consistent with this Supplemental Protective Order. Transcript pages containing Designated Qualcomm Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and/or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." An encrypted, password protected copy of deposition transcripts containing Designated Source Code Material made pursuant to this paragraph may be hosted electronically by the Receiving Party on any system inside the firewall of a law firm representing the Receiving Party, however, all other restrictions in this Supplemental Protective Order pertaining to Designated Source Code Material apply. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Supplemental Protective Order and the Protective Order, substantially along the lines of "This videotape contains

confidential or outside counsel eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by the Protective Orders in this action to receive or access Designated Qualcomm Material based on the designation of such Designated Qualcomm Material.

c.  For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

d.  The provisions of subparagraphs 33(a-c) do not apply to documents produced in native format. For documents produced in native format, the parties shall provide written notice to the Receiving Party of any confidentiality designations at the time of production.

## VIII.   USE OF DESIGNATED QUALCOMM MATERIAL

34.  Use of Designated Qualcomm Material By Receiving Party: Unless otherwise ordered by the Court, or agreed to in writing by Nonparty Qualcomm, all Designated Qualcomm Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the Patent office of any patent, patent application, for drafting or revising patent claims, or in connection with patent licensing or product development work directly or indirectly intended for commercial purposes related to the particular technologies or information disclosed in the Designated Qualcomm Material. Information contained or reflected in Designated Qualcomm Material shall not be disclosed in conversations,

presentations by parties or counsel, in court or in other settings that might reveal Designated Qualcomm Material, except in accordance with the terms of the Protective Order or this Supplemental Protective Order. No Designated Qualcomm Material shall be transmitted or transported outside of the United States, communicated to any recipient who is located outside of the United States, or communicated to any recipient who is not a citizen or lawful permanent resident of the United States for any purpose whatsoever without the express written permission of Qualcomm. Nothing in this Supplemental Protective Order shall prohibit the transmission or communication of Designated Qualcomm Material between or among qualified recipients located in the United States who are citizens or lawful permanent residents of the United States, by hand delivery or, subject to the other requirements of this Supplemental Protective Order, by telephone, facsimile, or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not an Authorized Reviewer.

35.    Use of Designated Qualcomm Material by Nonparty Qualcomm: Nothing in this Supplemental Protective Order shall limit Nonparty Qualcomm's use of its own documents and information, nor shall it prevent Nonparty Qualcomm from disclosing its own confidential information, documents, or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Supplemental Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

36.    Use of Designated Qualcomm Material at Deposition: Nonparty Qualcomm shall, on request made no less than five (5) business days prior to the deposition, make a searchable electronic copy of the Qualcomm Source Code available during depositions of, and for use by, Qualcomm witnesses as necessary to testify about such Source Code. The electronic copy of source code reviewed by a Qualcomm witness during a deposition will be visible to deposition attendees in the room—for clarity, electronic copies of Qualcomm Source Code will be visible only to persons attending the deposition in-person. To the extent required, the party conducting the deposition may request that the witness create additional pages of Source Code printouts consistent

with other provisions and limitations (*e.g.*, limits on number of Source Code printout pages) of the Protective Order and this Supplemental Protective Order. Such Source Code printouts shall be given filenames sufficient to enable their designation as deposition exhibits until Bates numbers can be later assigned by Qualcomm. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Qualcomm Material of which such person has prior knowledge.

37.    Use of Designated Qualcomm Material in Motions or Briefs: The parties will give Nonparty Qualcomm prior notice of, and an opportunity to object to, any intended use of or descriptive reference to (such as a descriptive citation made by experts in their expert reports) Designated Qualcomm Material in any motion, brief, or pre-trial submission in this case. Said notice shall, (a) using best efforts, be served on counsel for Nonparty Qualcomm three days prior to filing of the motion or brief, (b) identify the Designated Qualcomm Material with specificity while redacting any other Party's Confidential Business Information, and (c) identify the measures the party intends to rely upon to protect the Designated Qualcomm Material when used in any motion or brief consistent with this Supplemental Protective Order. The parties shall take all necessary steps to protect and maintain the confidentiality of any such Designated Qualcomm Material, including but not limited to redacting the confidential material and applying for or seeking an order to seal such material, which Nonparty Qualcomm will support by providing an appropriate declaration in support thereof if requested to do so. Should such a party-filed application or motion to seal, or any portions thereof, be denied by the court, the parties shall immediately notify Nonparty Qualcomm so it can assess the situation and, if necessary, file appropriate motions to maintain or protect the confidentiality of any Designated Qualcomm Material left unsealed by such an order.

38.    Use of Designated Qualcomm Material at Hearing or Trial: The parties will give Nonparty Qualcomm prior notice of, and an opportunity to object to, any intended use of the Designated Qualcomm Material at any hearing or trial in this case. Said notice shall (a) be served by facsimile or email on counsel for Nonparty Qualcomm at least five (5) business days prior to

the hearing or first day of trial, (b) identify the Designated Qualcomm Material with specificity while redacting any other Party's Confidential Business Information and (c) identify the measures the party intends to rely upon to protect the Designated Qualcomm Material when used at any hearing or trial consistent with this Supplemental Protective Order. This section shall not limit in any way the use of Designated Qualcomm Material during the cross-examination of any witness otherwise permitted access to such Designated Qualcomm Material, as long as the parties take all necessary steps to protect and maintain the confidentiality of any such Designated Qualcomm Material.

39.     Use of AI Tools: Designated Qualcomm Material, and all information derived therefrom, shall not be submitted to any open or publicly accessible Large Language Model ("LLM") or Artificial Intelligence ("AI") tool (collectively, "AI Tools"), including ChatGPT; Claude; Gemini; or any substantially similar tool.  Designated Qualcomm Material may only be submitted to an AI Tool that is maintained in a private single tenant or behind a firewall ("Closed AI Tool") if the Receiving Party ensures that: (1) the Designated Qualcomm Material and all information generated by the Closed AI Tool, including residual information stored in the Closed AI Tool as a result of the submission of Designated Qualcomm Material, may be, and is, deleted from the Closed AI Tool at the close of the litigation; (2) the Closed AI Tool is utilized with industry standard data security safeguards and is not accessible by anyone outside the boundaries of this Protective Order; and (3) Designated Qualcomm Material is not used to train, finetune, or otherwise modify any AI Tools or models.  Providing Designated Qualcomm Material to an open or publicly accessible AI Tool is considered unauthorized disclosure to a third party.

## IX.     PROSECUTION AND DEVELOPMENT BAR

40.     Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any material designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not participate in amending or drafting patent specifications or claims before a Patent Office of any

patent or patent application related to the information disclosed in the Designated Qualcomm Material, from the time of receipt of such material through the date the individual person(s) cease to have access to materials designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as well as any materials that contain or disclose Designated Qualcomm Material. This provision shall not apply to post-grant proceedings, including without limitation reexamination, covered business method (CBM), inter partes review (IPR), post grant review (PGR), or opposition proceedings.

41.    Unless otherwise permitted in writing between Nonparty Qualcomm and Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be given access to Nonparty Qualcomm's documents, Source Code, Chip-Level Schematics or Integrated Circuit Layouts designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" must agree in writing, using the form in Exhibit B, not to perform hardware or software development work or product development work directly or indirectly intended for commercial purposes related to the information disclosed in the Designated Qualcomm Material, which is not publicly known, from the time of first receipt of such material through the date the expert consultant ceases to have access to any material designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as well as any materials that contain or disclose Designated Qualcomm Material.

## X.    DESIGNATED QUALCOMM MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

42.    If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," Receiving Party must notify the Producing Party and Nonparty Qualcomm of such information, documents or things, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such

notification must include a copy of the subpoena or order. Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Supplemental Protective Order and the Protective Order. In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order, and to afford the Party whose Designated Qualcomm Material in this case is at issue in the other case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Qualcomm Material. Nothing in these provisions should be construed as authorizing or encouraging any Receiving Party in this action to disobey a lawful directive from another court.

## XI.    UNAUTHORIZED DISCLOSURE OF DESIGNATED QUALCOMM MATERIAL

43.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Qualcomm Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party and Nonparty Qualcomm of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Qualcomm Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Supplemental Protective Order Governing Confidential Information of Nonparty Qualcomm In This Case" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Supplemental Protective Order.

## XII.    DURATION

44.    Even after the termination of this action, the confidentiality obligations imposed by this Supplemental Protective Order shall remain in effect following the termination of this action, or until Nonparty Qualcomm agrees otherwise in writing or a court order otherwise directs.

## XIII. FINAL DISPOSITION

45.     Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated Qualcomm Material produced by Nonparty Qualcomm or any other Party in this action and will destroy or redact any such Designated Qualcomm Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. This destruction obligation includes all files on USB memory devices used while inspecting Qualcomm's Source Code. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Nonparty Qualcomm with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated Qualcomm Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NONPARTY QUALCOMM IN THIS CASE**

I, _____ [print or type full name], state: My

business address is _____;

      1.      My present employer is _____;

      2.      My present occupation or job description is _____;

      3.      I have been informed of and have reviewed the Stipulated Supplemental Protective Order Between Nonparty Qualcomm Incorporated, Plaintiff and Defendant (the "Supplemental Protective Order") entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *Cobblestone Wireless, LLC v. Apple Inc.,* Case No. 7:24-cv-00232 in the United States District Court, Western District of Texas, in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to the Supplemental Protective Order.

      4.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[Signature]

Executed On _____

_____
[Printed Name]

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NONPARTY QUALCOMM IN THIS CASE**

I, _____[print or type full name], of _

_____ am not an employee of the Party who retained me or

of a competitor of any Party or Nonparty Qualcomm Incorporated and will not use any information,

documents, or things that are subject to the Stipulated Supplemental Protective Order Between

Nonparty Qualcomm Incorporated, Plaintiff and Defendant (the "Supplemental Protective Order")

in *Cobblestone Wireless, LLC v. Apple Inc.,* Case No. 7:24-cv-00232 in the United States District

Court, Western District of Texas, for any purpose other than this litigation. I agree not to perform

hardware or software development work or product development work intended for commercial

purposes related to the information disclosed in the Designated Qualcomm Material, from the time

of receipt of such material through and including the date that I cease to have access to any material

designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

_____
[Signature]

Executed On _____

_____
[Printed Name]

29