# Exhibit I

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **COBBLESTONE WIRELESS, LLC,** | § | |
| | § | |
| *Plaintiff* | § | **Case No. 7:24-cv-00232-ADA** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **APPLE INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT APPLE INC.'S
<u>SUPPLEMENTAL INVALIDITY CONTENTIONS</u>**

Pursuant to the Court's January 21, 2025 Scheduling Order (Dkt. No. 23, "Scheduling Order") and Judge Albright's Order Governing Proceedings—Patent Cases, Defendant Apple Inc. ("Apple") hereby discloses its Supplemental Invalidity Contentions regarding U.S. Patent Nos. 7,924,802 ("the '802 Patent") and 8,891,347 ("the '347 Patent") (collectively, the "Patents-in-Suit" or "Asserted Patents"). These Supplemental Contentions are made only as to the claims of the Patents-in-Suit that Plaintiff Cobblestone Wireless, LLC ("Cobblestone") has identified in its Preliminary Infringement Contentions: Claims 1–4, 6–10, 13, 17, 21 and 23 of the '802 Patent (the "'802 Asserted Claims") and Claims 19–23 of the '347 Patent (the "'347 Asserted Claims") (collectively, the "Asserted Claims").

Further, Apple incorporates by reference, as if set forth fully herein, any invalidity contentions served in the litigations listed below along with all filings submitted in any proceedings in front of the USPTO:

- *Cobblestone Wireless, LLC v. Motorola Mobility, LLC,* No. 1:24-cv-08726 (N.D. Ill. filed Sept. 20, 2024);

- *Qualcomm Inc. v. Cobblestone Wireless, LLC,* IPR2024-01336 (P.T.A.B. Aug. 28, 2024);

- *Cellco P'ship v. Cobblestone Wireless, LLC,* IPR2024-00946 (P.T.A.B. Jun. 28, 2024);

- *In re.: Reexam of U.S. 7,924,802, Ex Parte* Reexamination No. 90/019,458 (filed Mar. 26, 2024);

- *Hewlett Packard Enter. Co. v. Cobblestone Wireless, LLC,* IPR2024-00707 (P.T.A.B. Mar. 19, 2024);

- *Samsung Elecs. Am., Inc. v. Cobblestone Wireless, LLC*, IPR2024-00606 (P.T.A.B. Feb. 26, 2024);

- *Samsung Elecs. Am. Inc. v. Cobblestone Wireless, LLC,* IPR2024-00319 (P.T.A.B. Dec. 18, 2023);

- *T-Mobile USA, Inc. v. Cobblestone Wireless, LLC*, IPR2024-00136 (P.T.A.B. Dec. 4, 2023);

- *Cobblestone Wireless, LLC v. Hewlett Packard Enter. Co.,* No. 2:23-cv-00457 (E.D. Tex. filed Sept. 29, 2023);

- *Cobblestone Wireless, LLC v. CommScope Holding Co.,* No. 2:23-cv-00455 (E.D. Tex. filed Sept. 29, 2023);

- *Cobblestone Wireless, LLC v. Cisco Sys., Inc.,* No. 2:23-cv-00454 (E.D. Tex. filed Sept. 29, 2023);

- *Cobblestone Wireless, LLC v. Cellco P'ship,* No. 2:23-cv-00382 (E.D. Tex. filed Aug. 25, 2023);

- *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.,* No. 2:23-cv-00381 (E.D. Tex. filed Aug. 25, 2023);

- *Cobblestone Wireless, LLC v. AT&T Servs. Inc.,* No. 2:23-cv-00380 (E.D. Tex. filed Aug. 25, 2023);

- *Cobblestone Wireless, LLC v. Samsung Elecs. Co., Ltc.,* No 2:23-cv-00285 (E.D. Tex. filed June 16, 2023);

- *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.,* No. 2:22-cv-00477 (E.D. Tex. filed Dec. 16, 2022);

- *Cobblestone Wireless, LLC v. Verizon Comm'ns Inc.,* No. 2:22-cv-00478 (E.D. Tex. filed Dec. 16, 2022); and

- *Cobblestone Wireless, LLC v. AT&T Inc.,* No. 2:22-cv-00474 (E.D. Tex. filed Dec. 15, 2022).

These proceedings are collectively referred to herein as "the Prior Proceedings."

## I.    RESERVATION OF RIGHTS AND OBJECTIONS

### A.    General Reservation of Rights

These Supplemental Invalidity Contentions, along with the information and documents that Apple produces herewith, are provisional in nature and subject to further revision or supplementation.  Apple reserves the right to amend these contentions should Cobblestone: (1) provide any information that it failed to provide in its Preliminary Infringement Contentions; (2) amend its preliminary infringement contentions in any way; (3) produce documents evidencing conception and reduction to practice that it failed to produce with its Preliminary Infringement Contentions; (4) attempt to rely upon any information during claim construction proceedings, at trial, in a hearing, or during a deposition that it failed to provide in its infringement contentions; or (5) pursuant to this Court's claim construction rulings.  Moreover, Apple further reserves the right to amend these contentions based on further discovery or Court rulings (or any other related reason).  Apple provides these Supplemental Invalidity Contentions, as well as the accompanying production of documents, solely to comply with the Court's Scheduling Order.

### B.    Ongoing Investigation

Discovery in this case is ongoing; and Apple's investigations are continuing.  Apple expressly reserves the right to amend or modify these disclosures based on additional information obtained through continued formal discovery or other means pursuant to Rule 26(e), Fed. R. Civ. P.  Apple has not yet completed its search for and analysis of relevant prior art and other information, some of which is in the possession of third parties.

Apple further reserves the right to revise, amend, or supplement the information provided herein, including by identifying, charting, and relying on additional information, references, systems, and devices, should Apple's further search and analysis yield such additional information, references, systems, or devices, consistent with the Scheduling Order and the Federal Rules of Civil Procedure.

In addition, Apple reserves the right to supplement, amend, or alter the positions taken and information disclosed in these Supplemental Invalidity Contentions to consider information or defenses that may come to light because of Apple's discovery efforts; additional information obtained as to the priority date(s) of the Asserted Claims; testimony or documents produced by a party or non-party; and positions that Cobblestone may take concerning infringement or invalidity issues. For example, Apple may seek further discovery from third parties believed to have knowledge, documentation, or corroborating evidence concerning items of prior art, including prior art listed in the Exhibits A1 through A6, Exhibit A, Exhibits B1 through B2, or Appendix 1 (List of All Prior Art References) hereto, or identified in any of the contentions incorporated by reference (*see* §II.A). Such third parties may include, without limitation, the authors, inventors, assignees, owners, or developers of the references and technologies listed in these disclosures. For example, Apple reserves the right to assert invalidity under 35 U.S.C. §§ 102(c), (d), (f), or (g) to the extent that discovery or further investigation yields information forming the basis for such grounds for invalidity.

Apple further reserves the right to rely upon prior art cited in the file histories of the Patents-in-Suit and related U.S. and foreign patent applications as invalidating references or to show the state of the art. Apple further reserves the right to rely upon additional prior art to show the state of the art. Apple further intends to rely on inventor admissions concerning the scope of the prior art relevant to the Patents-in-Suit found in, *inter alia*: the patent prosecution history for the Patents-in-Suit and any related patents or patent applications; any deposition testimony of the named inventor(s) on the Patents-in-Suit; and the papers filed and any evidence submitted by Cobblestone in connection with this litigation. Apple hereby incorporates by reference the relevant testimony of any fact witnesses who are deposed, provide declarations, or otherwise testify in this

lawsuit.  Apple also hereby incorporates by reference the reports and testimony of Apple's expert witnesses regarding invalidity of the Patents-in-Suit.

### C.    Claim Construction

Apple reserves the right to modify, amend, or supplement its Invalidity Contentions in accordance with any claim construction rulings from this Court, claim construction positions taken by Cobblestone, or to the extent permitted by this Court.  Apple also reserves the right to modify, amend or supplement its Invalidity Contentions upon Cobblestone's modification of its asserted claim constructions, including as adopted by Cobblestone in its Infringement Contentions.

Apple's Invalidity Contentions do not represent its agreement or view as to the meaning of any claim term contained therein.  By including prior art that anticipates or renders obvious claims based on the construction apparently applied by Cobblestone to its claims, Apple's Invalidity Contentions are not—and should not be interpreted as—adoptions or admissions as to the accuracy of that scope or construction.  Nothing in Apple's Invalidity Contentions should be deemed to be an admission regarding the scope of any claims or the proper construction of those claims or any terms contained therein.  Nor should anything contained herein be understood or deemed to be an express or implied admission or contention regarding the proper construction of any terms in any asserted claim, or regarding the alleged infringement of that claim.

Unless otherwise stated, Apple takes no position on any matter of claim construction in these Supplemental Invalidity Contentions.  To the extent additional claim construction disputes arise, Apple reserves the right to propose any claim construction it considers appropriate and to contest any claim construction it considers inappropriate.  Apple reserves the right to further supplement or modify the positions and information in these Supplemental Invalidity Contentions, including without limitation, the prior art and grounds of invalidity set forth herein, after the

Asserted Claims have been construed, in accordance with the Scheduling Order, or any of the Court's Orders.

## II.    INVALIDITY UNDER 35 U.S.C. §§ 102 AND 103

### A.    Invalidity Contentions Pursuant to the Scheduling Order

Subject to Apple's reservation of rights herein, and regarding each asserted claim in Cobblestone's Infringement Contentions, Apple provides these Supplemental Invalidity Contentions in accordance with the Scheduling Order.

Apple further reserves the right to use any portion of the patent, publication, related publications, commercial embodiments of the publication, and other evidence discovered in this litigation to demonstrate or evidence the components, functionality, and capabilities of the devices and systems disclosed in the references charted.  Where Apple identifies a particular figure in a prior art reference, the identification should be understood to encompass the caption and description of the figure and as any text relating to the figure in addition to the figure itself. Similarly, where an identified portion of text refers to a figure or other material, the identification should be understood to include the referenced figure or other material as well.

A person of ordinary skill in the art would generally read a prior art reference as a whole and in the context of other publications, literature, and general knowledge in the field.  To understand and interpret any specific statement or disclosure in a prior art reference, a person of ordinary skill in the art would rely upon other information including other publications and general scientific or engineering knowledge.  Apple therefore reserves the right to rely upon other unidentified portions of the prior art references and on other publications and expert testimony to provide context and to aid understanding and interpretation of the identified portions.  Identified portions are exemplary only.  Apple also reserves the right to rely upon other portions of the prior art references, other publications, and the testimony of experts to establish that the alleged

inventions would have been obvious to a person of ordinary skill in the art, including the basis of modifying or combining certain cited references.

Apple identifies and hereby incorporates by reference, as if set forth fully herein, the complete prosecution histories for the Patents-in-Suit and related patents, including the prior art and supporting documents cited in those prosecution histories. Apple may cite or rely upon the prosecution histories, the examiner's findings, and the prior art cited therein to support or provide context for these Supplemental Invalidity Contentions. Apple also incorporates by reference, as if set forth fully herein all filings, the prior art references identified as anticipating or rendering obvious the Asserted Claims and supporting expert declarations in any Patent Office filing or proceeding challenging the validity of the Patents-in-Suit in the U.S. or anywhere in the world. Such references may be from any prior or future reissue, reexamination, or *inter partes* review of the Patents-in-Suit, including at least the Prior Proceedings.

**B.      Motivation to Combine**

The U.S. Supreme Court decision in *KSR Int'l Co. v. Teleflex Inc., et al.* 127 S. Ct. 1727, 1739 (2007) ("*KSR*") held that a claimed invention can be obvious even if there is no explicit, written teaching, suggestion, or motivation for combining the prior art to produce that invention. Accordingly, Apple believes that no showing of an express motivation to combine prior art is required to combine the references disclosed in the Exhibits A1 through A6, Exhibit A, Exhibits B1 through B2, Appendix 1 or any reference identified in the Prior Proceedings, as each combination of art would have no unexpected results, and at most would simply represent a known alternative to one of ordinary skill in the art. *See KSR*, 127 S.Ct. at 1739-40 (rejecting the Federal Circuit's "rigid" application of the teaching, suggestion, or motivation to combine test, and instead espousing an "expansive and flexible" approach).

The Supreme Court in *KSR* held that a person of ordinary skill in the art is "a person of ordinary creativity, not an automaton" and "in many cases a person of ordinary skill in the art will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id*. at 1742. "In determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls. What matters is the objective reach of the claim." *Id.* at 1741-42. "Under the correct analysis, any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *Id.* at 1742. In particular, the Supreme Court emphasized the principle that "[t]he combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* at 1739. A key inquiry is whether the "improvement is more than the predictable use of prior art elements according to their established functions." *Id.* at 1740.

The rationale to combine or modify prior art references is significantly stronger when the references seek to solve the same problem, come from the same field, and correspond well. In *In re Inland Steel Co.,* 265 F.3d 1354 (Fed. Cir. 2001), the Federal Circuit allowed two references to be combined as invalidating art when "[the prior art] focus[es] on the same problem that the . . . patent addresses. . . . Moreover, both [prior art references] come from the same field. . . . Finally, the solutions to the identified problems found in the two references correspond well." *Id.* at 1362.

Although Apple contends that no specific showing of motivation to combine is necessary for the references cited in the attached exhibits and appendices, Apple hereby preliminarily identifies specific motivations and reasons to combine the cited art. One or more combinations of the prior art references identified herein would have been obvious because these references would

have been combined using: known methods to yield predictable results; known techniques in the same way; a simple substitution of one known, equivalent element for another to obtain predictable results; or a teaching, suggestion, or motivation in the prior art generally.  In addition, it would have been obvious to try combining the prior art references identified herein because there were only a finite number of predictable solutions or because known work in one field of endeavor prompted variations based on predictable design incentives or market forces either in the same field or a different one.  In addition, the combination of prior art references identified herein would have been obvious because the combinations represent known potential options with a reasonable expectation of success.

Additional evidence that there would have been a motivation to combine the prior art references identified in the attached exhibits includes the interrelated teachings of multiple prior art references; the effects of demands known to the community or present in the marketplace; the existence of a known problem for which there was an obvious solution encompassed by the Asserted Claims; the existence of a known need or problem in the field of the endeavor at the time of the invention(s); and the background knowledge that would have been possessed by a person having ordinary skill in the art.  The claimed subject matter required nothing more than combining prior art elements according to known methods to yield predictable results.  One of ordinary skill in the art would have been motivated to combine the prior art, in that it required only simple substitutions of one known element for another to obtain predictable results.

To the extent any limitation of an Asserted Claim is deemed not to be exactly disclosed by an item of prior art, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  Numerous prior art references,

including those identified by Apple herein, reflect common knowledge and the state, scope and content of the prior art before the priority dates of the Patents-in-Suit. *See Graham v. John Deere Co.*, 383 U.S. 1, 35-36 (1966).

Furthermore, to the extent any limitation of an Asserted Claim is deemed not to be exactly disclosed by an item of prior art, then the claim is rendered obvious by combination of the prior art item with one or more other items of prior art identified in these disclosures. For example, Apple reserves the right to rely on any claim chart in Exhibits A1 through A6, Exhibit A, or Exhibits B1 through B2 standing alone or as identified in the Prior Proceedings, in combination with the reference(s) in any other claim chart, in combination with any of the references listed in Exhibit A, in combination with Applicant's Admitted Prior Art, in combination with any reference identified in the Prior Proceedings, and/or in view of the knowledge of a person of ordinary skill in the art. Though these claim charts provide illustrative citations to where each element may be found in the prior art references or in their combination, the cited references may contain other disclosures of each claim element as well, and Apple reserves the right to argue any claim elements of the Asserted Claims of the Patents-in-Suit are disclosed in non-cited portions of these references. For at least the reasons described above and in the claim charts appended hereto, it would have been obvious to one of ordinary skill in the art to combine any of a number of prior art references. The reasons or motivation to combine the prior art would include, for example, the fact that the prior art for the Asserted Claims is in the same field, and one of ordinary skill in the art implementing a device, system, or method in accordance with the Asserted Claims would have been motivated to investigate the various related existing devices, systems, methods, publications or patents identified in these contentions to address the particular needs. Indeed, the claimed subject matter required nothing more than combining prior art elements according to known

methods to yield predictable results. One of ordinary skill in the art would have been motivated to combine the prior art, in that it required only simple substitutions of one known element for another to obtain predictable results. Moreover, these references cross-reference and discuss one another, illustrating the close technical relationship among them.

To the extent any piece of prior art refers to or discusses other pieces of prior art, either expressly or inherently, it would have been obvious to combine those pieces of prior art for that reason. In addition, design incentives and other market forces would have prompted those combinations and modifications. Furthermore, prior art references may arise from common assignees or multiple companies operating within the relevant subject matter. The motivation to combine references includes the common objectives and subject matter of the identified references. Accordingly, the teachings of the individual prior art references, combined with the industry knowledge of a person of ordinary skill in the art at the time of the alleged invention of the Asserted Patents, would render obvious the Challenged Claims.

Apple reserves the right to rely on one or more references identified in Exhibits A1 through A6, Exhibit A, Exhibits B1 through B2, and/or, in Appendix 1 or one or more references identified in the Prior Proceedings as further evidence of obviousness under 35 U.S.C. § 103, as background references demonstrating the state of the art, or for any other purpose. Based on further investigation and discovery, based on positions that Cobblestone may take regarding the scope of the Asserted Claims, and/or based on the Court's claim construction, Cobblestone reserves the right to modify, amend and/or supplement these contentions and to rely on these references to prove the invalidity of the Asserted Patents' Claims in a manner consistent with this Court's Rules and with the Federal Rules of Civil Procedure. Apple expects to provide a detailed explanation of motivations to combine through expert discovery.

C.    **Additional Prior Art Offered for Sale and/or Publicly Used or Known or That May Lead to Discovery of Additional Prior Art**

As fact discovery has not yet begun and Apple is continuing its investigation, Apple reserves the right to amend or supplement these contentions to include additional information or documents regarding products and/or systems, through uses and/or offers for sale of such products, that anticipate or render the Aasserted Claims obvious in view of public knowledge under 35 U.S.C. §§ 102(a) and/or (b), and § 103.

III.    **INVALIDITY UNDER 35 U.S.C. § 112**

Pursuant to the Scheduling Order, Apple contends that the Asserted Claims of the Patents-in-Suit are invalid under 35 U.S.C. § 112 at least because (1) the claims are indefinite; (2) the claims lack adequate written description; and/or (3) the claims are not enabled.  Apple's contentions that the following claims are invalid under 35 U.S.C. § 112 are made in the alternative and do not constitute, and should not be interpreted as, admissions regarding the construction or scope of the claims of the Asserted Patents, or that any of the claims of the Asserted Patents are not anticipated or rendered obvious by prior art.

The following contentions, made pursuant to the Scheduling Order, are subject to revision and amendment pursuant to Rule 26(e), Fed. R. Civ. P., and the Orders of record in this matter to the extent appropriate, e.g., in light of further investigation and discovery regarding the defenses, the Court's construction of the claims at issue, and/or review and analysis of expert witnesses. Apple offers these contentions in response to Cobblestone's apparent interpretation of the Challenged Claims and Cobblestone's Infringement Contentions, which remain insufficient, including for failure to provide a "chart setting forth where in the accused product(s) each element of the asserted claim(s) are found," as required by Judge Albright's Order Governing Proceedings—Patent Cases.

**A.      The '802 Patent**

The Challenged Claims of the '802 Patent fail to satisfy the requirements of 35 U.S.C. § 112(1) based on a lack of written description support and/or enablement of the following terms:

- "transmitting first information across a first frequency range using a wireless transmitter" (claim 1)

- "transmitting a second information across a second frequency range using the same wireless transmitter" (claim 1)

- "the second frequency range having a second center frequency greater than the first center frequency, a second highest frequency, and a second lowest frequency" (claim 1)

- "up-converting the first analog signal to a first RF center frequency to produce a first up-converted analog signal" (claim 10)

- "up-converting the second analog signal to a second RF center frequency greater than the first center RF frequency to produce a second up-converted analog signal" (claim 10)

- "wherein the second up-converted analog signal comprises a second up-converted frequency range from the second RF center frequency minus one-half the second frequency range to the second RF center frequency plus one-half the second frequency range" (claim 10)

- "wherein a frequency difference between the first RF center frequency and the second RF center frequency is greater than the sum of one-half the first frequency range and one-half the second frequency range" (claim 10)

- "combining the first up-converted analog signal and the second up-converted analog signal to produce a combined up-converted signal" (claim 10)

- "a first up-converter circuit having a first input coupled to receive the first analog signal and a second input coupled to receive a first modulation signal having a first RF frequency" (claim 17)

- "a second up-converter circuit having a first input coupled to receive the second analog signal and a second input coupled to receive a second modulation signal having a second RF frequency" (claim 17)

- "wherein the second up-converter outputs a second up-converted analog signal comprising a second up-converted frequency range from the second RF frequency minus one-half the second frequency range to the second RF frequency plus one-half the second frequency range" (claim 17)

- "wherein frequency difference between the first RF frequency and the second RF frequency is greater than the sum of one-half the first frequency range and one-half the second frequency range" (claim 17)

The Challenged Claims of the '802 Patent fail to satisfy the requirements of 35 U.S.C. § 112(2) because the following terms are indefinite:

- "first information" (claims 1, 3, 6, 7, 8, 9)
- "second information" (claims 1, 3, 6, 7, 8, 9)
- "transmitting first information across a first frequency range using a wireless transmitter" (claim 1)
- "transmitted using the same power amplifier in said wireless transmitter" (claim 3)
- "the bandwidth of [said/the] power amplifier" (claims 4, 10, 17)
- "wireless protocol" (claims 6, 13, 21)
- "the first information and the second information are the same data transmitted across two different frequencies" (claim 7)
- "the first information and the second information are from the same data stream" (claim 8)
- "receiving a first digital signal comprising first data to be transmitted" (claim 10)
- "receiving a second digital signal comprising second data to be transmitted" (claim 10)
- "up-converting the first analog signal to a first RF center frequency to produce a first up-converted analog signal" (claim 10)
- "up-converting the second analog signal to a second RF center frequency greater than the first center RF frequency to produce a second up-converted analog signal" (claim 10)
- "a first up-converter circuit having a first input coupled to receive the first analog signal and a second input coupled to receive a first modulation signal having a first RF frequency" (claim 17)
- "a second up-converter circuit having a first input coupled to receive the second analog signal and a second input coupled to receive a secod modulation signal having a first RF frequency" (claim 17)

### B.    The '347 Patent

The Challenged Claims of the '347 Patent fail to satisfy the requirements of 35 U.S.C. § 112(1) based on a lack of written description support and/or enablement of the following terms:

- "receiving a second signal via the first propagation path, the second signal predistorted in a time domain, a frequency domain, and a spatial domain according to the channel estimation based on the first signal" (claim 19)
- "propagation paths" / "plurality of propagation paths" (claim 19–21)

- 14 -

The Challenged Claims of the '347 Patent fail to satisfy the requirements of 35 U.S.C. § 112(2) because the following terms are indefinite:

- "receiving a first signal at the receiver via a first propagation path of the plurality of propagation paths" (claim 19)
- "receiving a second signal via the first propagation path, the second signal predistorted in a time domain, a frequency domain, and a spatial domain according to the channel estimation based on the first signal" (claim 19)
- "propagation paths" / "plurality of propagation paths" (claim 19–21)

## IV.    DOCUMENT PRODUCTION ACCOMPANYING INVALIDITY CONTENTIONS

In the documents bearing Bates numbers APL-COBLESTN_00206540-APL-COBLESTN_00206584, Apple is producing additional prior art referenced in the Supplemental Invalidity Contentions not produced with Apple's Preliminary Invalidity Contentions.

Subject to all reservation of rights and objections set forth herein, and/or after Cobblestone's identification of all accused devices with specificity, Apple further reserves the right to supplement its document production pursuant to the Scheduling Order and Federal Rules of Civil Procedure.

September 5, 2025

Steven Pepe
NY Bar No. 2810430
Kevin J. Post
NY Bar No. 4382214
Alexander E. Middleton
NY Bar No. 4797114
Cassandra B. Roth
NY Bar No. 5287362
Lance W. Shapiro
NY Bar No. 5497955
Abed R. Balbaky
NY Bar No. 5844873
Brian P. Lebow
NY Bar No. 5992573
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Steven.Pepe@ropesgray.com
Kevin.Post@ropesgray.com
Alexander.Middleton@ropesgray.com
Cassandra.Roth@ropesgray.com
Lance.Shapiro@ropesgray.com
Abed.Balbaky@ropesgray.com
Brian.Lebow@ropesgray.com

Respectfully submitted,

  /s/  *Kevin J. Post*
Steven J. Wingard
Texas Bar No. 00788694
Robert ("Robby") P. Earle
Texas Bar No. 24124566
Stephen L. Burbank
Texas Bar No. 24106972
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: 512.495.6300
Facsimile: 512.495.6399
Email: swingard@scottdoug.com
Email: rearle@scottdoug.com
Email: sburbank@scottdoug.com

James R. Batchelder
CA Bar No. 136347
Raivo H. Andrian
CA Bar No. 359257
**ROPES & GRAY LLP**
525 University Avenue, 8th Floor
Palo Alto, CA 94301-1922
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
James.Batchelder@ropesgray.com
Raivo.Andrian@ropesgray.com

***ATTORNEYS FOR DEFENDANT***
***APPLE INC.***

- 16 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on September 5, 2025, I caused to be served all counsel of record who are deemed to have consented to electronic service with a copy of this document.

*/s/ Roberto J. Gonzalez*
Roberto J. Gonzalez

# Appendix 1

# Patent Prior Art

| Patent/Application Number | Country | Date Issued/Published |
|---|---|---|
| KR20070009000A ("Ku-Chul") | KR | 1/18/2007 |
| U.S. 2002/0114269 ("Onggosanusi") | U.S. | 8/22/2002 |
| U.S. 2002/0161538 ("Chevalier") | U.S. | 10/31/2002 |
| U.S. 2003/0153360 ("Burke") | U.S. | 8/14/2003 |
| U.S. 2003/0231726 ("Schuchert") | U.S. | 12/18/2003 |
| U.S. 2005/0113141 ("Felter") | U.S. | 5/26/2005 |
| U.S. 2005/0135312 ("Montojo") | U.S. | 6/23/2005 |
| U.S. 2005/0237923 ("Balakrishnan") | U.S. | 10/27/2005 |
| U.S. 2005/0249266 ("Brown") | U.S. | 11/10/2005 |
| U.S. 2006/0018249 ("Shearer-249") | U.S. | 1/26/2006 |
| U.S. 2006/0022115 ("Byren") | U.S. | 2/2/2006 |
| U.S. 2006/0210070 ("Reznik") | U.S. | 9/21/2006 |
| U.S. 2006/0212773 ("Aytur") | U.S. | 9/21/2006 |
| U.S. 2006/0233147 ("Karabinis") | U.S. | 10/19/2006 |
| U.S. 2006/0276146 ("Suzuki") | U.S. | 12/7/2006 |
| U.S. 2006/0286974 ("Gore") | U.S. | 12/21/2006 |
| U.S. 2007/0070882 ("Kawauchi") | U.S. | 3/29/2007 |
| U.S. 2007/0081613 ("Kim"). | U.S. | 4/12/2007 |
| U.S. 2007/0147533 ("Thomas") | U.S. | 6/28/2007 |
| U.S. 2007/0177551 ("Joham") | U.S. | 8/2/2007 |
| U.S. 2007/0280098 ("Bhatt") | U.S. | 12/6/2007 |
| U.S. 2008/0080459 ("Kotecha") | U.S. | 4/3/2008 |
| U.S. 2008/0132282 ("Liu") | U.S. | 6/5/2008 |
| U.S. 2009/0042530 ("Wang") | U.S. | 2/12/2009 |
| U.S. 2009/0052556 ("Fernandez") | U.S. | 2/26/2009 |
| U.S. 2009/0111401 ("Itkin") | U.S. | 4/30/2009 |
| U.S. 2009/0122854 ("Zhu") | U.S. | 5/14/2009 |
| U.S. 2010/0008446 ("Netsell") | U.S. | 1/14/2010 |
| U.S. 2010/0062726 ("Zheng") | U.S. | 3/11/2010 |
| U.S. 2010/0087151 ("Auer") | U.S. | 4/8/2010 |
| U.S. 2010/0159855 ("Hardacker-855") | U.S. | 6/24/2010 |
| U.S. 2010/0215113 ("Lindgren") | U.S. | 8/26/2010 |
| U.S. 2010/0272207 ("Zangi") | U.S. | 10/28/2010 |
| U.S. 2010/0295731 ("Chong") | U.S. | 11/15/2010 |
| U.S. 2011/0064152 ("Okino") | U.S. | 3/17/2011 |
| U.S. 2011/0115680 ("Phan Huy") | U.S. | 5/19/2011 |
| U.S. 2011/0170630 ("Silverman-630") | U.S. | 7/14/2011 |
| U.S. 2011/0310810 ("Kenington") | U.S. | 12/22/2011 |
| U.S. 2012/0114053 ("Karthik") | U.S. | 5/10/2012 |
| U.S. 2013/0034135 ("Silverman-135") | U.S. | 2/7/2013 |

1

| Patent/Application Number | Country | Date Issued/Published |
|---|---|---|
| U.S. 2013/0051434 ("Draganov") | U.S. | 2/28/2013 |
| U.S. 2013/0077466 ("Takaoka") | U.S. | 3/28/2013 |
| U.S. 2014/0010274 ("Medbo") | U.S. | 1/9/2014 |
| U.S. 2014/0029952 ("Liu-952") | U.S. | 1/30/2014 |
| U.S. 2018/0041294 ("Li") | U.S. | 2/8/2018 |
| U.S. 5,649,308 ("Andrews") | U.S. | 7/15/1997 |
| U.S. 6,154,661 ("Goldburg") | U.S. | 11/28/2000 |
| U.S. 6,185,408 ("Leopold") | U.S. | 2/6/2001 |
| U.S. 6,285,859 ("Fernandez Duran") | U.S. | 9/4/2001 |
| U.S. 6,359,868 ("Chen") | U.S. | 3/19/2002 |
| U.S. 6,516,206 ("Jantti") | U.S. | 2/4/2003 |
| U.S. 6,529,715 ("Kitko") | U.S. | 3/4/2003 |
| U.S. 6,697,436 ("Wright") | U.S. | 2/24/2004 |
| U.S. 6,728,517 ("Sugar") | U.S. | 4/27/2004 |
| U.S. 6,775,330 ("Bach") | U.S. | 8/10/2004 |
| U.S. 6,876,645 ("Guey") | U.S. | 4/5/2005 |
| U.S. 6,920,185 ("Hinson") | U.S. | 7/19/2005 |
| U.S. 6,952,454 ("Jalali") | U.S. | 10/4/2005 |
| U.S. 7,133,697 ("Judd") | U.S. | 11/7/2006 |
| U.S. 7,136,430 ("Morris") | U.S. | 11/14/2006 |
| U.S. 7,162,218 ("Axness") | U.S. | 1/9/2007 |
| U.S. 7,460,615 ("Kunysz") | U.S. | 12/2/2008 |
| U.S. 7,742,388 ("Shearer-388"). | U.S. | 6/22/2010 |
| U.S. 7,885,344 ("Nakayama") | U.S. | 2/8/2011 |
| U.S. 8,036,702 ("Etemad") | U.S. | 10/11/2011 |
| U.S. 8,195,103 ("Waheed") | U.S. | 6/5/2012 |
| U.S. 8,204,452 ("Lin") | U.S. | 6/19/2012 |
| U.S. 8,204,455 ("Hardacker") | U.S. | 6/19/2012 |
| U.S. 8,385,391 ("Balasubramanian") | U.S. | 2/26/2013 |
| U.S. 2007/0127590 ("Rofougaran") | U.S. | 6/7/2007 |
| U.S. 8,416,879 ("Rofougaran") | U.S. | 4/9/2013 |
| U.S. 8,509,334 ("Lindgreen") | U.S. | 8/13/2013 |
| U.S. 8,654,815 ("Forenza") | U.S. | 2/18/2014 |
| U.S. 8,693,525 ("Rick") | U.S. | 4/8/2014 |
| U.S. 980,356 ("Squier-356") | U.S. | 1/3/1911 |
| U.S. 980,357 ("Squier-357") | U.S. | 1/3/1911 |
| U.S. 980,359 ("Squier-359") | U.S. | 1/3/1911 |
| WO 2005/109917 ("Laroia") | WO | 11/17/2005 |
| U.S. 6,473,467 ("Wallace") | U.S. | 10/29/2002 |

2

# Non-Patent Literature Prior Art

| Non-Patent Literature | Publication Date |
|---|---|
| 3GPP TR 21.900 v10.0.0 | 4/4/2011 |
| 3GPP TR 21.905 v10.3.0 | 3/28/2011 |
| 3GPP TR 25.912 v9.0.0 | 10/1/2009 |
| 3GPP TR 25.913 v9.0.0 | 12/28/2009 |
| 3GPP TS 36.101 v10.2.1 | 4/27/2011 |
| 3GPP TS 36.101 v10.3.0 | 6/21/2011 |
| 3GPP TS 36.133 v 10.3.0 | 6/21/2011 |
| 3GPP TS 36.133 v10.1.0 | 1/6/2011 |
| 3GPP TS 36.133 v10.2.0 | 4/12/2011 |
| 3GPP TS 36.211 v10.1.0 | 3/30/2011 |
| 3GPP TS 36.211 v10.2.0 | 6/22/2011 |
| 3GPP TS 36.212 v10.1.0 | 3/30/2011 |
| 3GPP TS 36.212 v10.2.0 | 6/22/2011 |
| 3GPP TS 36.213 v10.1.0 | 3/30/2011 |
| 3GPP TS 36.213 v10.2.0 | 6/22/2011 |
| 3GPP TS 36.214 v10.1.0 | 3/30/2011 |
| 3GPP TS 36.300 v10.2.0 | 12/21/2010 |
| 3GPP TS 36.300 v10.3.0 | 4/5/2011 |
| 3GPP TS 36.300 v10.4.0 | 6/24/2011 |
| 3GPP TS 36.302 v10.2.0 | 6/24/2011 |
| 3GPP TS 36.321 v10.2.0 | 6/24/2011 |
| 3GPP TS 36.331 v.10.2.0 | 7/24/2011 |
| 3GPP TS 36.331 v10.1.0 | 3/30/2011 |
| A 3.5 GHz 25 W Silicon LDMOS RFIC power amplifier for WiMAX applications ("Cassan") | 2007 |
| Analysis of Effects of Clipping and Filtering on the Performance of MB-OFDM UWB Signals ("Rao") | 2007 |
| Channel Estimation for Long Distance HF Communications based on OFDM Pilot Symbols ("Aquilue") | July 2006 |
| Effects of Nonlinear Distortion on Switched Multibeam FDMA Systems ("Wennstrom") | Mar. 2003 |
| Equipment for On-Board Processing Payloads - Developments in the Frame of the ESA OBP Program ("Garofalo") | 2000 |
| IEEE 802.11-1999 ("IEEE 802.11-1999") | 1999 |
| IEEE 802.11-2007 ("IEEE 802.11-2007") | 2007 |
| IEEE 802.11n Draft 2.0 ("IEEE 802.11n D2.0") | 2007 |
| IEEE 802.11n: Throughput, Robustness, and Reliability Enhancements to WLANs ("Perahia") | 2006 |
| Linearization of Multi-Carrier Power Amplifiers ("Johansson") | Oct. 2005 |
| LTE - The UMTS Long Term Evolution - From Theory to Practice ("Sesia") | July 2011 |

3

| Non-Patent Literature | Publication Date |
| --- | --- |
| Modern Digital and Analog Communication Systems ("Lathi") | 1998 |
| Multicarrier Modulation for Data Transmission: An Idea Whose Time Has Come ("Bingham") | 1990 |
| Next Generation Wireless LANs ("Perahia") | 2013 |
| Origins of Carrier Multiplexing - Major George Owen Squier and AT&T ("Schwartz") | 6/2008 |
| Overview of the 3GPP Long Term Evolution Physical Layer ("Zyren") | 7/2007 |
| The History of Orthogonal Frequency Division Multiplexing ("LaSorte") | 1/2008 |

4

# Identification of Prior Art Sales/Public Use

| Item Offered for Sale and/or Publicly Used | Author Person or Entity Who Made and Received Offer, Made Public Use, or Made Information Known |
|---|---|
| Nokia base station equipment | Nokia |
| Ericsson base station equipment | Ericsson |
| All systems or products that embody the technology described in any patent or publication identified in these Initial Non-Infringement, Unenforceability, and Invalidity Contentions. | |