# Exhibit L

**From:** **Ryan Brunner** rbrunner@sheppard.com 📎
**Subject:** RE: Cobblestone Wireless v. Apple (Case 7:24-cv-232) | Defenses
**Date:** May 6, 2026 at 10:57 AM
**To:** Jacob Buczko jbuczko@raklaw.com, Lance Shapiro lshapiro@sheppard.com
**Cc:** Jonathan Ma jma@raklaw.com, Peter Tong ptong@raklaw.com, Rak Cobblestone rak_cobblestone@raklaw.com, James Pickens jpickens@raklaw.com, CT-Apple-Cobblestone CT-Apple-Cobblestone@sheppard.com, swingard@scottdoug.com, sburbank@scottdoug.com, rearle@scottdoug.com, Opp Cobblestone Apple opp.cobblestone_apple@raklaw.com

Jacob,

Apple does not intend to pursue a marking defense pursuant to Section 287, subject to the conditions outlined in Lance's email below.

Best,
Ryan

**Ryan C. Brunner**
Associate

 2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
Direct +1.202.747.3305 | Office +1.202.747.1900
rbrunner@sheppard.com | <u>Bio</u> | <u>LinkedIn</u> | <u>sheppard.com</u>

**From:** Jacob Buczko <jbuczko@raklaw.com>
**Sent:** Tuesday, May 5, 2026 6:18 PM
**To:** Lance Shapiro <lshapiro@sheppard.com>
**Cc:** Jonathan Ma <jma@raklaw.com>; Peter Tong <ptong@raklaw.com>; Rak Cobblestone <rak_cobblestone@raklaw.com>; James Pickens <jpickens@raklaw.com>; CT-Apple-Cobblestone <CT-Apple-Cobblestone@sheppard.com>; swingard@scottdoug.com; sburbank@scottdoug.com; rearle@scottdoug.com; Opp Cobblestone Apple <opp.cobblestone_apple@raklaw.com>
**Subject:** Re: Cobblestone Wireless v. Apple (Case 7:24-cv-232) | Defenses

Lance:

Thank you for the update. For confirmation and clarity regarding Apple's Defense no. 7, will Apple be pursuing Section 287 marking arguments in this case?

Thanks,

Jacob

Jacob Buczko
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826–7474
310 979–8258 (direct)
310 826–6991 Fax

310-820-8591 Fax
jbuczko@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On May 5, 2026, at 3:03 PM, Lance Shapiro <lshapiro@sheppard.com> wrote:

Counsel,

Based on the information currently available to Apple, Apple does not intend to pursue affirmative defense nos. 1, 4-5, 7-9, and 13.  Additionally, Apple does not intend to pursue affirmative defense no. 3 as it relates to Section 101 and 112 invalidity; Apple maintains its invalidity affirmative defense with respect to invalidity positions in its expert reports.  Apple maintains its remaining affirmative defenses.

To be clear, Apple agreeing not to pursue such affirmative defenses is not a basis to argue any Apple evidence, argument, or expert testimony that was disclosed by Apple in its expert reports or during discovery should be excluded merely because it may be related to any such affirmative defense.

Apple reserves all rights, including the right to pursue any defense that is premature should the occasion arise.

Thanks,

Lance


**Lance W. Shapiro**
Associate

30 Rockefeller Plaza
New York, NY 10112
Direct +1.212.653.8164 | Office +1.212.653.8700
lshapiro@sheppard.com | Bio | LinkedIn | sheppard.com

---

**From:** Jonathan Ma <jma@raklaw.com>
**Sent:** Monday, May 4, 2026 3:18 PM
**To:** Lance Shapiro <lshapiro@sheppard.com>
**Cc:** Peter Tong <ptong@raklaw.com>; Rak Cobblestone <rak_cobblestone@raklaw.com>; James Pickens <jpickens@raklaw.com>; CT-Apple-Cobblestone <CT-Apple-Cobblestone@sheppard.com>; swingard@scottdoug.com; sburbank@scottdoug.com; rearle@scottdoug.com; Opp Cobblestone Apple <opp.cobblestone_apple@raklaw.com>
**Subject:** Re: Cobblestone Wireless v. Apple (Case 7:24-cv-232) | Defenses

Lance,

We can meet and 4 pm ET, and exchange the list of non-dispositive motions at 3:30 p.m. ET.

https://meetings.dialpad.com/jma96
Optional dial-in number: 424-277-9908

Thanks,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On May 4, 2026, at 11:47 AM, Lance Shapiro <lshapiro@sheppard.com> wrote:

Peter and Jon,

We are available to meet and confer today to discuss narrowing the number of asserted claims and prior art references, as required by the scheduling order.   We are available from 4-5 pm ET.  Once the meet and confer time is set and Cobblestone confirms that it will do the same, we plan to send a list of non-dispositive motions 30 minutes before the start time of the meet and confer.

Thanks,

Lance

**Lance W. Shapiro**
Associate

30 Rockefeller Plaza
New York, NY 10112
Direct +1.212.653.8164 | Office +1.212.653.8700
lshapiro@sheppard.com | Bio | LinkedIn | sheppard.com

---

**From:** Peter Tong <ptong@raklaw.com>
**Sent:** Monday, May 4, 2026 2:44 PM
**To:** Jonathan Ma <jma@raklaw.com>; Lance Shapiro <lshapiro@sheppard.com>
**Cc:** Rak Cobblestone <rak_cobblestone@raklaw.com>; James Pickens <jpickens@raklaw.com>; CT-Apple-Cobblestone <CT-Apple-Cobblestone@sheppard.com>; swingard@scottdoug.com; sburbank@scottdoug.com; rearle@scottdoug.com; Opp Cobblestone Apple <opp.cobblestone_apple@raklaw.com>
**Subject:** Re: Cobblestone Wireless v. Apple (Case 7:24-cv-232) | Defenses

Counsel,

Additionally, the Court has ordered the parties to meet and confer by today regarding claim/prior art narrowing.  Please provide your availability.

**Peter Tong**
**Russ, August & Kabat**
8080 N. Central Expy., Suite 1503 | Dallas, Texas 75206
Main +1 310 826 7474 | ptong@raklaw.com | www.raklaw.com

---

**From:** Jonathan Ma <jma@raklaw.com>
**Date:** Friday, May 1, 2026 at 3:46 PM
**To:** lshapiro@sheppard.com <lshapiro@sheppard.com>
**Cc:** Rak Cobblestone <rak_cobblestone@raklaw.com>, James Pickens <jpickens@raklaw.com>, CT-Apple-Cobblestone <ct-apple-cobblestone@sheppard.com>, swingard@scottdoug.com <swingard@scottdoug.com>,sburbank@scottdoug.com <sburbank@scottdoug.com>, rearle@scottdoug.com <rearle@scottdoug.com>, Opp Cobblestone Apple <opp.cobblestone_apple@raklaw.com>
**Subject:** Re: Cobblestone Wireless v. Apple (Case 7:24-cv-232) | Defenses

Counsel,

Cobblestone requests a meet and confer on Monday, May 4 regarding

anticipated summary judgment/Daubert motions. To make the meet and confer productive, we propose that the parties exchange lists of the MSJ and Daubert motions they intend to file two hours before the meet and confer.

Thanks,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 30, 2026, at 6:22 AM, James Pickens <jpickens@raklaw.com> wrote:

Counsel,
Following up on my email below, to avoid burdening the Court with unnecessary motion practice to dispose of defenses which Apple is not pursuing, we request that Apple stipulate that it is not pursuing at trial affirmative defenses 4 (prosecution history estoppel), 5 (equitable defenses), 6 (not an exceptional case), 7 (notice), 8 (territoriality), 9 (government sales), 10 (license/exhaustion), 11 (lack of standing), 12 (limitations on damages and costs), and 13 (contractual obligations).

Pursuing these defenses would also be futile in light of Apple's failure to preserve factual or legal basis for them in its interrogatory responses. For example, in response to Cobblestone's Interrogatory No. 19 (requesting that Apple explain in detail all factual and legal bases for the affirmative defenses set forth in its answer), Apple only identified three items: 1. Non-infringement "for the reasons explained in Apple's forthcoming expert report on non-infringement," 2. Invalidity "for the reasons explained in Apple's forthcoming expert report on invalidity," 3. Notice/Limitation on Damages (based on a "forthcoming notice pursuant to Arctic Cat"). And aside from mentioning these three items in passing, Apple did not even attempt to explain any factual or legal basis to preserve affirmative defenses. Having failed to do so, Apple is prohibited under Rules 26 and 37 from pursuing defenses for which it provided no factual or legal support during the discovery period.

Cobblestone reserves all rights.

Regards,

James

**James Pickens**
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Main +1 310 826 7474
jpickens@raklaw.com
www.raklaw.com
----------------------------------
This communication, including any enclosures, may contain privileged or confidential information and is intended only for the named addressee(s). If you are not an intended recipient, (1) you are not authorized to keep, copy, print, distribute, rely on or otherwise use it in any manner, (2) please notify the sender by replying and noting the inadvertent disclosure and (3) please take all steps to delete this e-mail from your system, including deletion from any "sent" folder or caches. This e-mail does not create, waive or modify any right, privilege, obligation or liability, and is not an electronic signature.

**From:** James Pickens <jpickens@raklaw.com>
**Date:** Thursday, April 16, 2026 at 5:04 PM
**To:** lshapiro@sheppard.com <lshapiro@sheppard.com>
**Cc:** Rak Cobblestone <rak_cobblestone@raklaw.com>, CT-Apple-Cobblestone <ct-apple-cobblestone@sheppard.com>, swingard@scottdoug.com <swingard@scottdoug.com>,sburbank@scottdoug.com <sburbank@scottdoug.com>, rearle@scottdoug.com <rearle@scottdoug.com>, Opp Cobblestone Apple <opp.cobblestone_apple@raklaw.com>
**Subject:** Cobblestone Wireless v. Apple (Case 7:24-cv-232) | Defenses

Counsel,
Please confirm by Friday April 17 that Apple is not pursuing theories/defenses of invalidity for lack of written description, invalidity under Section 101, or invalidity under any ground other than Grounds 1-7 in the Opening Report of Dr. Bims. Otherwise, please provide Apple's availability to confer this week. Cobblestone's position is that Apple has not preserved such theories or opinions for such theories in its opening report and that they are therefore no longer part of the case.

In addition, we request that Apple confirm that it is not pursuing affirmative defenses 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13.

Regards,
James

**James Pickens**
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Main +1 310 826 7474
jpickens@raklaw.com
www.raklaw.com
----------------------------------
This communication, including any enclosures, may contain privileged or confidential information

This communication, including any enclosures, may contain privileged or confidential information and is intended only for the named addressee(s). If you are not an intended recipient, (1) you are not authorized to keep, copy, print, distribute, rely on or otherwise use it in any manner, (2) please notify the sender by replying and noting the inadvertent disclosure and (3) please take all steps to delete this e-mail from your system, including deletion from any "sent" folder or caches. This e-mail does not create, waive or modify any right, privilege, obligation or liability, and is not an electronic signature.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.