# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION



| | | |
|---|---|---|
| **VLSI TECHNOLOGY LLC,** *Plaintiff,* | § § § § § § § § § § § § | **W:21-CV-00057-ADA** |
| *v.* | | |
| **INTEL CORPORATION,** *Defendant.* | | |

## ORDER

In light of the briefs and arguments heard in numerous hearings in the above case the Court enters the following tables that formalize the oral rulings made to date. A short description of the motion along with the corresponding docket numbers and ruling are noted in the tables below.

| Dkt. | Description | Decision |
|---|---|---|
| 252 | Intel MSJ re: Indirect & Willful Infringement | **Pre-suit indirect**: Denied<br>**Pre-suit willfulness**: Denied<br>**Post-suit willfulness**: Denied, but VLSI will not be permitted to argue as evidence of willfulness that Intel continued to manufacture products after they were sued.<br>**Enhanced damages**: Denied |
| 253 | Intel MSJ re: DOE for '759 Patent | Denied |
| 254 | Intel MSJ re: Non-Infringement of '373 Patent | Denied |
| 255 | Intel MSJ re: Non-Infringement of '357 Patent | Granted |
| 256 | Intel MSJ re: '357 Priority Date | Moot |
| 257 | Intel MSJ re: DOE for Six Patents | Denied |
| 261 | Intel Daubert for Annavaram re: Power Testing for '373 Patent | Denied |
| 262 | Intel Daubert for Conte and Annavaram re: Power Testing for '759 Patent | Denied |

| 263 | Intel Daubert for Chandler | Partially Granted (Not allowed to testify on Intel's unwillingness to license absent a lawsuit; with respect to rebuttal, Intel may *voir dire* Chandler to determine his opinion and the basis for his opinion) |
|---|---|---|
| 264 | Intel Daubert for Sullivan | Denied |
| 265 | Intel Daubert for Annavaram re: Power Testing of '373 Patent | Denied |
| 266 | Intel Daubert re: Innography | Denied |
| 267 | Intel Daubert re: Litigation Misconduct | Converted to motions-in-limine, which were Granted |
| 275 | VLSI MSJ | **Unclean hands**: Denied<br>**Marking**: Granted (Plaintiff cannot bring in evidence of prior products) |
| 276 | VLSI Daubert to Exclude Damages-Related Testimony of Intel Experts | **Pascarella**: Granted<br>**Colwell**: Denied (but VLSI may object if Dr. Colwell says/hints that the patents are not valid or not infringed)<br>**Huston**: Denied (But if Huston tries to address ROI at trial Judge won't let him, and VLSI may object if Mr. Huston says/hints that the patents are not valid or not infringed) |
| 366 | Defendant Intel Corporation's Emergency Opposed Motion To Continue Trial | Denied |
| 367 | Defendant Intel Corporation's Motion To Stay Court Proceedings | Denied |

| Dkt. | MIL | Decision |
|---|---|---|
| 363 | VLSI MIL No. 1.1 – Geographic location of infringement activities. | Granted |
| 363 | VLSI MIL No. 1.2 – References to alleged noninfringement alternatives | Granted |
| 363 | VLSI MIL No. 1.3 – Indefiniteness arguments not raised during claim construction | Granted, but if the door is opened at trial, the parties are directed to apprise the Court outside of the presence of the jury. |
| 363 | VLSI MIL No. 1.4 – Fact witness testimony instructed not to answer | Granted - because irrelevant; fact witnesses may only testify about facts |
| 363 | VLSI MIL No. 1.5 – Intel refused to provide testimony | Granted - because irrelevant |
| 363 | VLSI MIL No. 1.6 – Hypothetical royalty stacking | Granted, but if the door is opened at trial, the parties are directed to apprise the Court outside of the presence of the jury. |
| 363 | VLSI MIL No. 1.7 – Alleged inventor misconduct before the PTO | Granted |

| 364 | VLSI MIL No. 2.1 – Fortress expected returns | Granted, but not definitively barred, just need to be given context when it is proffered in order to make a determination at trial. |
|---|---|---|
| 364 | VLSI MIL No. 2.2 – Plaintiff relationship with SoftBank | Intel will not affirmatively offer evidence about SoftBank but may offer such evidence if VLSI opens the door. Intel may discuss VLSI's relationship with Fortress, but disparaging remarks not allowed. |
| 364 | VLSI MIL No. 2.3 – Pejorative description of the Plaintiff | Granted (as to both parties). |
| 364 | VLSI MIL No. 2.4 – Damages are unprecedented or lottery ticket | Granted |
| 364 | VLSI MIL No. 2.5 – How VLSI is paying the cost of the litigation | Granted (as to both parties). |
| 364 | VLSI MIL No. 2.6 – Other litigation involving VLSI | Granted (as to both parties). |
| 364 | VLSI MIL No. 2.7 – Forum shopping. | Granted |
| 364 | VLSI MIL No. 2.7 – Litigation abuse | Granted |
| 364 | VLSI MIL No. 2.7 – Western District as a popular venue | Granted |
| 364 | VLSI MIL No. 2.8 – Attorney fee agreements between VLSI and its counsel | Granted (as to both parties). |
| 364 | VLSI MIL No. 2.9 – Allegations of any discovery abuse including withholding docs or destruction of docs by either party | Granted (as to both parties). |
| 364 | VLSI MIL No. 2.10 – ███████████ ████████ | Granted |
| 364 | VLSI MIL No. 2.10 – State bar claim | Granted |
| 365 | VLSI MIL No. 3.1 – Julie Davis | Denied |
| 365 | VLSI MIL No. 3.2 – Intel's reputation in the industry | Granted |
| 365 | VLSI MIL No. 3.2 – Intel's reputation for innovation | Denied |
| 365 | VLSI MIL No. 3.2 – Intel's reputation for philanthropy | Granted (as to both parties). |
| 365 | VLSI MIL No. 3.3 – Possibility that damages could be enhanced | Granted |
| 365 | VLSI MIL No. 3.4 – Possibility of damages increasing the price of products etc. | Granted |
| 368 | VLSI MIL No. 4.1 – Intel's products practicing comparable third party patents | Denied, but going to take it up with relevant witnesses and address it with respect to relevance. |

3

| 368 | VLSI MIL 4.2 - Mr. Huston's ██████ Hearsay Evidence | Consistent with Intel's statement in its Motion in Limine No. 4 to Exclude Evidence and Argument Regarding ███████████████████████████ ████████ (D.I. 362 at 7-8 n.4), the parties stipulate that neither Intel nor VLSI will offer any evidence or opinions regarding ████████████████ ████████ for any purpose in Case No. 6:19-cv-000254, i.e. Case No. 6:21-cv-57. |
|---|---|---|
| 368 | VLSI MIL No. 4.3 – Intel's patents | Intel is allowed to say accurate historical information about their patent portfolio but "Intel is not going to connect, intimate or say explicitly that the fact that they have patents has any impact with respect to the value of your patents" in its opening statement. Intel must raise it with the Court before they put on any expert "who might mention a specific patent."  VLSI may then object at that time.  A charge to the jury is allowed. Statements that certain patents exist is allowed, but no need to mention they're Intel patents. Intel must notify the court if they plan to discuss one of their patents and VLSI has an opportunity to object.<br><br>**VLSI notes that Intel has represented they will not be arguing invalidity based on any elected prior art patents.** |
| 368 | VLSI MIL No. 4.4 – Patents not valuable because they were not infringed | Resolved by the Court's ruling on VLSI's *Daubert* motion challenging the testimony of Dr. Colwell (D.I. 276). |
| 369 | VLSI MIL No. 5.2 – Excluding Intel's experts from relying on hearsay | Denied, but the evidence has to be in the expert reports or trial record for an expert to rely on it as to both sides.  If expert relies on a hearsay statement that is not disclosed in the expert's report, evidence of what the declarant said has to be presented at trial. |
| 369 | VLSI MIL No. 5.3 – Evidence or argument contrary to claim constructions | Granted as to all sides |
| 369 | VLSI MIL No. 5.4 – Predecessor's non-assertion against Intel | Granted |
| 369 | VLSI MIL No. 5.5 – Value and propriety of acquiring patents from others | Granted |
| 369 | VLSI MIL No. 5.6 – Prior retentions and court rulings in other courts | Granted as to both sides if the door is opened casting experts in a negative light, experts are able to explain why. |
| 370 | VLSI MIL No. 6.2 – Absence of Inventors at trial | Intel cannot intimate that VLSI should've/could've brought inventors and they're hiding something unless |

| | | VLSI opens the door (ex. VLSI has testimony that patent made Intel what it is) |
|---|---|---|
| 369 | VLSI MIL No. 5.1 – Lay witness infringement opinions | Granted - fact witnesses may only testify about facts |
| 370 | VLSI MIL No. 6.1 – Intel's Alleged Unclean Hands Defense | Granted |
| 370 | VLSI MIL No. 6.3 – Disparaging The PTO And Its Examiners | Granted unless door is opened |
| 370 | VLSI MIL No. 6.4 – Prosecution history | Denied |
| 370 | VLSI MIL No. 6.5 – Withdrawn or narrowed claims | Granted |
| 370 | VLSI MIL No. 6.6 – Non-Elected Prior Art | Granted – Relevant to damages, but not a decision on admissibility for other purposes; parties may ask and object to non-elected prior art or individual claim elements - applies to both parties (below) (Intel not going to offer prior art for damages purposes that was not already included in expert reports and parties are instructed to object at trial). |
| 370 | VLSI MIL No. 6.7 – Allegations That Individual Claim Elements Were In The Prior Art | Granted (Need to be discussed in the context of damages or obviousness rather than individually) (also see above -applies to both parties). |
| 370 | VLSI MIL No. 6.8 – Comparing Accused Products To Prior Art | Objections can be made with respect to admissibility |
| 362 | Intel MIL No. 1 – Exclude References to Other Litigations and Proceedings | Granted |
| 362 | Intel MIL No. 2 – Exclude References to Discovery Disputes | Granted |
| 362 | Intel MIL No. 3 – Exclude References to Intel's Purported Bad Acts and Conduct Outside This Litigation | Granted - unless Intel opens the door |
| 362 | Intel MIL No. 5 – Exclude Argument or Testimony That Intel Is a "Patent Holdout" | Resolved by the Court's ruling on Intel's *Daubert* motion challenging the testimony of Mr. Chandler (D.I. 263) and VLSI's representation that it will not refer to Intel as a "patent holdout." |
| 362 | Intel MIL No. 6 – Exclude Irrelevant and Prejudicial References to Intel and Processor Industry Financial Performance, Financial Metrics, and Prior Intel Litigation Settlements | Granted - comments about sales about accused products is okay, anything irrelevant to damages calculation is out; sales must be both in expert reports & relevant; settlement agreements cannot be part of either party's opening.  After openings, the parties must notify the court prior to discussing any of the settlement agreements so the other party has an opportunity to object. |

5

| 362 | Intel MIL No. 7 – Exclude References to Innography Patent Strength Scores | Denied |
|---|---|---|
| 362 | Intel MIL No. 8 – Exclude Expert Testimony Based on Speculation | Denied, but specifically resolved by the Court's *Daubert* motion ruling (D.I. 267) as to the issue of Professor Conte testifying that "it is quite likely that if he were to examine confidential information from other companies, he'd find the patent widely used, and if he were to examine unaccused Intel products, he'd find that it would -- may be used there as well." |
| 362 | Intel MIL No. 9 – Preclude VLSI's Experts From Offering Testimony About Sigmatel, Freescale, or Nxp | Denied, but the parties should limit what they say in opening argument to factual information about these companies. |
| 362 | Intel MIL No. 10 – Exclude References to Expert Testimony in Other Cases | Granted |
| 362 | Intel MIL No. 12 – Exclude Prejudicial Evidence and Testimony Regarding the Deceased Inventor of the '759 Patent | Denied - may offer that he is dead, but not the details of his death (must be offered in an admissible manner) |
| 362 | Intel MIL No. 13 – Exclude Comparisons of Intel Products to Patent Embodiments | Denied. |
| 362 | Intel MIL No. 14 – Exclude Comparisons of Burden of Proof Standards | Denied |

**SO ORDERED**.

**SIGNED** this 19th day of February, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

6