# Exhibit 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| RED ROCK ANALYTICS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:17-CV-00101-RWS-RSP |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG SEMICONDUCTOR, | § | |
| INC., and SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## <u>ORDER ON MOTIONS IN LIMINE</u>

A party must approach the bench before introducing evidence or argument in the presence of the jury about the subject matter of a motion *in limine* that has been granted.

### A.  Plaintiffs Red Rock Analytics, LLC's Motion *in Limine* [Dkt. No. 195]

1. Exclude evidence and argument regarding the relative importance of claim limitations, or that the value of the invention is confined to certain claim limitations.

   **Denied**. The jury will be instructed, both preliminarily and finally, on the need to consider each and every limitation of the claims. Objections to arguments on the relative importance of claim limitations will be taken up contemporaneously. *Pretrial Conference* (March 11, 2019).

2. Exclude evidence and argument that relates to or invokes claim construction issues or otherwise undermines or deviates from the Court's Claim Construction Order.

   **Denied**. The Court has already ordered that the parties are precluded from eliciting evidence or proffering arguments that are contrary to or inconsistent to the Court's claim construction, *see* [Dkt. No. 115]. *Pretrial Conference* (March 11, 2019).

3. Exclude evidence and argument regarding royalty stacking or patents allegedly essential or necessary to IEEE 802.11 Wi-Fi, or other than the '313 Patent and the CSIRO '069 Patent.

1

**Granted in part** to the extent that Samsung shall not present royalty stacking arguments. The motion is **denied** in all other respects. *Pretrial Conference* (March 11, 2019).

4. Exclude any evidence or argument by Samsung that contradicts the 30(b)(6) deposition testimony of Samsung.

   **Withdrawn**. [Dkt. No. 235].

5. Exclude evidence or argument regarding unconsummated offers to sell the '313 Patent.

   **Withdrawn**. [Dkt. No. 235].

6. Exclude references to CSIRO judicial opinions and orders.

   **Granted**. *Pretrial Conference* (March 11, 2019).

7. Exclude characterizing any license as "nuisance value."

   **Withdrawn**. [Dkt. No. 235].

8. Exclude any suggestion that Red Rock can sue other parties to collect additional damages.

   **Granted**, under Federal Rule of Evidence 403, to the extent that Samsung is not permitted to elicit testimony or offer argument that Red Rock could have or should have sued any specific parties, including Broadcom and Qualcomm. Samsung is not restricted from eliciting testimony or offering argument that Red Rock maintains its rights under the patent-in-suit even after a successful verdict in this matter. Further, Samsung is not restricted from eliciting testimony or offering damages argument as to the differences in value between a non-exclusive license for the patent-in-suit and a sale of the patent-in-suit. *Pretrial Conference Pretrial Conference* (March 11, 2019).

9. Exclude evidence or argument that the '313 Patent is standard-essential.

   **Denied**. *Pretrial Conference* (March 11, 2019).

10. Exclude evidence and argument regarding the MagnaCross-Samsung license.

    **Withdrawn**. [Dkt. No. 235].

11. Exclude evidence and argument regarding cellular transceivers, other than stating that mobile phones include cellular transceivers.

    **Granted in part** to exclude detailed information concerning the design or performance of cellular chips to preserve the parties' agreement based on the fact that Red Rock forewent discovery on the design of the cellular transceivers. This ruling does not prevent Samsung from relying on LTE standard data rates (as opposed to the actual rates of the cellular chips)

for their arguments as to how consumers connect to the Internet through the accused products. This motion is **denied** in all other respects. *Pretrial Conference* (March 11, 2019).

### B.  Defendant Samsung's Motion *in Limine* [Dkt. No. 196]

1. To preclude Red Rock from introducing evidence, testimony, or argument that Samsung's alleged infringement has been willful.

   **Withdrawn**. *Pretrial Conference* (March 11, 2019).

2. To preclude Red Rock from introducing evidence, testimony, or argument that Samsung has alleged pre-suit knowledge of the '313 patent or patent application.

   **Withdrawn**. *Pretrial Conference* (March 11, 2019).

3. To preclude Red Rock from introducing evidence, testimony, or argument that Samsung had a duty to investigate the '313 patent or possible infringement.

   **Withdrawn**. *Pretrial Conference* (March 11, 2019).

4. To preclude Red Rock from introducing evidence, testimony, or argument that Samsung has a Joint Defense Agreement or common interest agreement with Qualcomm or Broadcom.

   **Granted** only as to reference to any Joint Defense Agreement or express common interest agreement. *Pretrial Conference* (March 11, 2019).

5. To preclude Red Rock from introducing evidence, testimony, or argument concerning the amounts Samsung paid for the Bosch, Wi-Lan, Interdigital, MOSAID, and Acacia licenses, and any other licenses that neither Dr. Weinstein nor Dr. Ugone have opined to be comparable.

   **Granted in part** as to the Bosch, Wi-Lan, Interdigital, MOSAID, and Acacia licenses. This motion is **denied in part** as to all of the CSIRO licenses, which are hereby excluded from this ruling. *Pretrial Conference* (March 11, 2019).

6. To preclude Red Rock from introducing evidence, testimony, or argument concerning Samsung's total revenues or profits.

   **Agreed**. *Pretrial Conference* (March 11, 2019).

7. To preclude Red Rock from introducing evidence, testimony, or argument concerning Samsung's total revenues or profits from the accused products.

   **Agreed**. *Pretrial Conference* (March 11, 2019).

**SIGNED this 13th day of March, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4