# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **IMMERSION CORPORATION,** | § | |
| | § | |
| *Plaintiff*, | § | **CIVIL ACTION NO.  2:17-CV-00572-JRG** |
| | § | **(LEAD)** |
| **v.** | § | |
| | § | |
| **SAMSUNG ELECTRONICS AMERICA,** | § | **CIVIL ACTION NO. 2:17-CV-00055-JRG** |
| **INC., SAMSUNG ELECTRONICS CO.,** | § | **(MEMBER)** |
| **LTD.,** | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE***

The Court held an Initial Pretrial Conference and Final Pretrial Conference in the above-captioned cases on April 22, 2019 and April 23, 2019, respectively, regarding pretrial motions and motions *in limine* ("MIL") filed by Plaintiff Immersion Corporation ("Immersion") and Defendants Samsung Electronics America, Inc. and Samsung Electronics Co. Ltd. (collectively "Samsung"). (Dkt. Nos. 180, 183.)  This Order summarizes and memorializes the Court's rulings and reasons therefor on the aforementioned motions as announced into the record, including additional instructions that were given to the Parties.  While this Order summarizes the Court's rulings during the pretrial hearings, this Order in no way limits or constrains such rulings from the bench.  Accordingly, it is hereby **ORDERED** as follows:

1

## PRETRIAL MOTIONS

1. Defendants Samsung's Motion for Partial Summary Judgment of No Pre-Suit Damages for the '051 and '332 Patents, (Dkt. No. 108)

This motion is **DENIED**.  (Dkt. No. 185 at 39:1–2.)

2. Defendants Samsung's Motion for Partial Summary Judgment that the '720 and '181 Certificates of Correction Regarding Chain of Priority Are Invalid, (Dkt. No. 109)

This motion is **DENIED**.  (Dkt. No. 185 at 53:19–22.)

3. Defendants Samsung's Motion to Exclude the Opinions and Testimony of Immersion's Damages Expert Patrick Kennedy Under Fed. R. Evid. 702 and Daubert, (Dkt. No. 110)

This motion is **DENIED**.  (Dkt. No. 185 at 70:5–6.)

4. Plaintiff Immersion's Motion to Strike Undisclosed Invalidity Theory and Prior Art References from Wolfe Expert Report, (Dkt. No. 111)

This motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.  (Dkt. No. 185 at 90:3–91:21.)    It is **ORDERED** that the sentence "It is discussed, for example, in my own patent, U.S. patent 6,037,930, filed in 1984, which discusses but does not claim, both types of coordinate reporting," is hereby **STRICKEN** from page 20 of Exhibit 3A, page 9 of Exhibit 3B, page 19 of Exhibit 3D, page 2 of Exhibit 4A, page 3 of Exhibit 4B, page 2 of Exhibit 5A, page 3 of Exhibit 5B, and page 4 of Exhibit 5D of the Expert Report of Dr. Andrew Wolfe, Ph.D. on the Invalidity of U.S. Patent Nos. 6,429,846; 7,982,720; 8,031,181; 8,619,051.  (*Id.* at 91:18–21.)  All other relief sought in the motion is **DENIED**.  (*Id.* at 90:24–91:9.)

5. Plaintiff Immersion's Daubert Motion to Exclude Testimony by Mr. W. Christopher Bakewell, (Dkt. No. 112)

This motion is **DENIED**.  (Dkt. No. 185 at 93:16–17.)

2

**MOTIONS *IN LIMINE***

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.    Agreed Motions *in Limine* (Dkt. No. 149)**

The following motions *in limine* are **GRANTED-BY-AGREEMENT OF THE PARTIES**:

Agreed MIL #1: No argument or evidence of any witness or party employee or officer having personal legal issues or being involved in personal legal proceedings, either criminal or civil.  For clarity, this would not prevent, on cross-examination, inquiry into specific instances of a witness's conduct if they are probative of the character for truthfulness or untruthfulness of the witness.

Agreed MIL #2: No argument or evidence regarding Samsung's total company-wide profits or revenues.

Agreed MIL #3: No argument or evidence stating or suggesting that the U.S. trial system favors any particular party because of its size, legal budget or legal team, including any suggestion from Plaintiff that any Defendant has "unlimited resources," "unlimited power," or the capability to put more money or more lawyers into defending this litigation.  For clarity, this would not prevent general testimony that Samsung is a relatively larger company than Immersion, or that Immersion is a relatively smaller company than Samsung, for instance with respect to the number of people employed by each company.

Agreed MIL #4: No argument or evidence that Defendant infringes or does not infringe any non-asserted claim or any non-asserted patent.  For clarity, this does not preclude the

3

introduction of documentary evidence that incidentally includes statements regarding infringement or non-infringement of non-asserted claims or patents.

Agreed MIL #5: No argument or evidence regarding a party's or a party's law firm's prior retention of the same experts in previous litigation (e.g., number of cases, or how much the expert was paid over the course of those cases).

Agreed MIL #6: No mention of the fact that any expert's opinions were excluded.

Agreed MIL #7: No disparaging any witness on the basis of the witness's native language or the witness's choice to testify in the witness's native language, regardless of whether accompanied by an interpreter at deposition or trial.

Agreed MIL #8: No disparaging or commenting unnecessarily on the nationality or place of residence of a party or witness, or otherwise differentiating the nationality or place of residence of a party or witness.  For clarity, this will not prevent testimony regarding a witness's location of residence or business, for example to explain where a meeting occurred.

Agreed MIL #9: No argument or evidence regarding the use of jury studies, jury consultants, focus group studies, mock trial teams, or shadow juries.

Agreed MIL #10: No mention of any expert witness's "win/loss" record, retention of any expert by a party or its counsel in other matters, how often juries agreed with any expert in other matters, or any expert's work or payment by a party or its counsel in other matters.

Agreed MIL #11: No argument or evidence stating or suggesting that Immersion is litigious, is in the business of filing lawsuits, and/or engages in aggressive or abusive litigation.

Agreed MIL #12: No argument or evidence regarding claims or prior art that were previously asserted in this case, but which have been dropped in conjunction with the Court's narrowing procedures or the parties' agreements to narrow the case.

Agreed MIL #13: Exclude argument or evidence regarding whether or not Samsung obtained legal advice (including without limitation formal opinions of counsel) regarding whether or not the accused products practice Immersion's patents.

Agreed MIL #14: No excessively glorifying or criticizing the performance, reliability, or credibility of the USPTO or the examiners that work at the USPTO.  This shall not limit making mere factual representations consistent with the video provided by the Federal Judicial Center entitled, "The Patent Process: An Overview for Jurors."

## II.     Defendants Samsung's Opposed Motions *in Limine* (Dkt. No. 151)

Samsung MIL #1: Preclude Immersion's fact witnesses from providing testimony regarding patent infringement, invalidity, or the scope of the claims.  However, this would not preclude the inventors of the asserted patents from testifying about their inventions to the extent such testimony is based on their personal experience.

This motion *in limine* is **DENIED**.  (Dkt. No. 185 at 103:2–3.)  The Court will enforce the existing Federal Rules of Evidence at trial.  Pursuant to those rules, fact witnesses are precluded from offering expert testimony.  (*Id.* at 103:4–25.)

Samsung MIL #2: Preclude Immersion from presenting fact testimony regarding the relative value of the patents-in-suit as compared to other patents in Immersion's portfolio.

This motion *in limine* is **DENIED**.  (Dkt. No. 185 at 113:9–11.)

Samsung MIL #3: Preclude Immersion from presenting evidence or testimony regarding certain portfolio licenses with third parties where there is no reliable testimony on comparability to the license from the hypothetical negotiation, including licenses to LG, Motorola, Kyocera, Fujitsu, Emblaze, and Sony.

This motion *in limine* was **WITHDRAWN**.  (Dkt. No. 185 at 113:13–14.)

Samsung MIL #4: Preclude Immersion's experts from offering a new infringement theory regarding user touch input regions that was not disclosed in their reports.

This motion *in limine* was **WITHDRAWN**.  (Dkt. No. 185 at 113:13–14.)

Samsung MIL #5: Preclude Dr. Balakrishnan and Immersion from providing testimony or evidence of secondary considerations of non-obviousness based on Immersion's products or any device that incorporates Immersion's products.

This motion *in limine* is **DENIED**.  (Dkt. No. 185 at 115:16–18.)

Samsung MIL #6: Preclude the parties from raising any argument, evidence, testimony, insinuation, reference, or assertion regarding (1) the identity or (2) the presence or absence from the courtroom of any party's corporate representatives, employees, or officers.  This would not include introduction to the jury of each party by such party's counsel during opening statements or any witnesses who would need to be called by video deposition (the presenting party would need to call such a video witness by name, thereby inferring that witness's absence from the courtroom).

This motion *in limine* is **GRANTED-IN-PART** and **DENIED-IN-PART**.  (Dkt. No. 185 at 119:8–121:21.) The motion is **DENIED** with respect to references made regarding the identity of a party's corporate representatives, employees, or officers.  (*Id.* at 119:9–14.)  The motion is **GRANTED** with respect to references made regarding the presence or absence from the courtroom of any party's corporate representatives, employees, or officers.  (*Id.* at 119:15–120:9.)  The Court explained that, as with all motions *in limine*, the Parties may approach the bench and seek leave from the Court if they wish to elicit testimony, introduce evidence, or otherwise engage in conduct that would potentially violate this motion *in limine* order.  (*Id.* at 120:10–121:21.)

Samsung MIL #7: Preclude Immersion from designating the deposition testimony of its own corporate designees where Immersion has not shown those employees to be unavailable.

This motion *in limine* was **WITHDRAWN**.  (Dkt. No. 185 at 121:22–24.)

### III.    Plaintiff Immersion's Opposed Motions *in Limine* (Dkt. No. 152)

Immersion MIL #1: Preclude argument and evidence regarding ongoing IPR proceedings, including the following, which to date are not instituted and none have reached a final decision: IPR2018-01467, IPR2018-01468, IPR2018-01469, IPR2018-01470, IPR2018-01499, IPR2018-01500, IPR2018-01501, and IPR2018-01502.

This motion *in limine* is **GRANTED-AS-MODIFIED**.  (Dkt. No. 185 at 132:2–136:6.) The Parties are precluded from raising, mentioning, or referencing before the jury the existence, outcome, or result of any parallel proceeding before the Patent Trial and Appeal Board, the Patent and Trademark Office, or other similar post-AIA sanctioned proceeding without seeking prior leave of the Court.  (*Id*. at 132:4–12.)  To the extent there are any documents that emanate from the aforementioned proceedings that a party believes can be used for impeachment, the party must approach the bench and seek leave from the Court before the documents may be presented to the jury.  (*Id*. at 134:12–24.)  Notwithstanding the above, the Court explained that it will instruct the jury that the claim language at the end of some of the issued patents asserted in this case have been subsequently amended.  (*Id*. at 133:10–16.)  With regard to both exhibits and the juror notebooks, the Court ordered the Parties to attach any certificates regarding these amendments to the appropriate patents.  Further, the Parties are to meet-and-confer on how those attached certificates should be reasonably redacted.  (*Id*.)

Immersion MIL #2: Preclude argument or evidence relating to Samsung's patents, especially those that cover haptic feedback.  This includes the following defense exhibits: DTX-

451; DTX-452; DTX-453; DTX-726; DTX-727; DTX-728; DTX-729; DTX-730; DTX-731; DTX-732; DTX-733; DTX-734.

This motion *in limine* is **DENIED**.  (Dkt. No. 185 at 141:16–143:21.)  The Court emphasized to the Parties that it is improper to attribute the value of patents-in-suit to the Defendants' own patents and cautioned Defendants to use care in presenting their patents to the jury.  (*Id.* at 142:15–18.)  Any disputes over the specific exhibits referenced in this motion were discussed during the Court's preadmission process for exhibits.  (Dkt. No. 183.)

Immersion MIL #3: Preclude Samsung from presenting evidence or argument relating to a previous arbitration between Immersion and Samsung in ICC Case Nos. 21580/RD and 21742/RD. Accordingly, Samsung should be precluded from presenting at least DTX-089; DTX-195; DTX-777-DTX-780; or any other material relating to these proceedings.

This motion *in limine* is **GRANTED**.  (Dkt. No. 185 at 147:15–149:16.)  The Parties are precluded from raising, mentioning, or referencing before the jury any previous or current parallel proceedings between the parties, including but not limited to, the previous arbitration between Immersion and Samsung in ICC Case Nos. 21580/RD and 21742/RD, without first approaching the bench and seeking leave from the Court.  (*Id.* at 147:21–148:2.)  The Court explained that any dispute over a particular proposed exhibit is to be resolved during the Court's preadmission process for exhibits.  (*Id.* at 149:8–11.)

Immersion MIL #4: Preclude Samsung from presenting evidence and argument regarding the lawsuit between Samsung and Tactile Feedback Technology LLC ("TFT") and the resulting settlement agreement.  Accordingly, Samsung should be precluded from presenting at least DTX-080; DTX-197-DTX-199; DTX-204; DTX-266; DTX-397; DTX-434; DTX-438; DTX-772; DTX-794; and other material related to TFT.

This motion *in limine* is **GRANTED**.  (Dkt. No. 185 at 150:8–11.)   The Parties are precluded from raising, mentioning, or referencing before the jury any previous or current parallel proceedings between the parties, including but not limited to, the lawsuit between Samsung and Tactile Feedback Technology LLC, without first approaching the bench and seeking leave from the Court.  (*Id.*) The Court explained that any dispute over a particular proposed exhibit is to be resolved during the Court's preadmission process for exhibits.  (*Id.*)  The Court understands that certain experts in this case cite to, discuss, and/or rely upon the settlement agreement that resulted from the lawsuit between Samsung and TFT.  Such experts may rely upon those materials at trial so long as the expert's testimony is confined within the scope of his or her report.

Immersion MIL #5: Preclude Samsung from presenting argument or evidence comparing the accused products to preferred embodiments of the patents-in-suit.

This motion *in limine* is **GRANTED-BY-AGREEMENT OF THE PARTIES**. (Dkt. No. 185 at 150:12–14.)

Immersion MIL #6: Preclude Samsung from introducing evidence or testimony comparing the accused products to the prior art.

This motion *in limine* is **GRANTED-BY-AGREEMENT OF THE PARTIES**. (Dkt. No. 185 at 150:12–14.)

Immersion MIL #7: Preclude Samsung from publishing, introducing into evidence, or substantively discussing any uncharted prior art reference before the jury.  This would include the uncharted patent that is the subject of Immersion's Motion to Strike at Dkt. No. 111.

This motion *in limine* is **DENIED**.  (Dkt. No. 185 at 154:1–3.)

Immersion MIL #8: Preclude Samsung from introducing non-infringement evidence and argument based on facts not included in Samsung's response to non-infringement contention interrogatory No. 6.

.

This motion *in limine* was **WITHDRAWN**.  (Dkt. No. 185 at 154:4–5.)

Immersion MIL #9: Preclude Samsung from presenting evidence or argument suggesting that an award of damages may drive up the price of products to end customers, cause people to lose jobs, and or have other similar economic consequences.

This motion *in limine* is **DENIED**.  (Dkt. No. 185 at 162:2–4.)  However, this does not allow or invite a typical royalty stacking argument, which would be improper.

**SIGNED this 19th day of December, 2011.**
**So ORDERED and SIGNED this 2nd day of May, 2019.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

10