# YANG
# EXHIBIT 9

Property Law of the People's Republic of China

**ENGLISH.GOV.CN**

THE STATE COUNCIL
THE PEOPLE'S REPUBLIC OF CHINA

App | 中文 |

HOME      NEWS      INSTITUTIONS      POLICIES      ARCHIVE      中文

**Property Law of the People's Republic of China**

english.gov.cn
Updated: Aug 23,2014 6:07 PM

*The Property Law of the People's Republic of China, which was adopted at the 5th session of the Tenth National People's Congress on March 16, 2007, came into effect on October 1, 2007.*

**Table of Contents**

Part One General Provisions

Chapter I Basic Principles

Chapter II Creation, Change, Transfer and Elimination of Real Right

Section 1 Registration of Real Properties

Section 2 Delivery of Movable PropertiesSection 3 Other Provisions

Chapter III Protection of Real RightPart Two Ownership

Chapter IV General Provisions

Chapter V State Ownership, Collective Ownership and Private Ownership

Chapter VI Owners' Partitioned Ownership of Building Areas

Chapter VII Contiguous Relationship

Chapter VIII Common Ownership

Chapter IX Special Provisions on the Acquisition of Ownership

Part Three Usufructuary Rights

Chapter X General Provisions

Chapter XI Right to the Contracted Management of Land

Chapter XII Right to Use Land for Construction

Chapter XIII Right to Use House Sites

Chapter XIV Easement RightsPart Four Real Rights for Security

Chapter XV General Provisions

Chapter XVI Right to Mortgage

Section 1 General Right to Mortgage

Section 2 Right to Mortgage at Maximum Amount

Chapter XVII Right of Pledge

Section 1 Pledge of Movable Properties

Section 2 Pledge of Rights

Chapter XVIII LienPart Five Possession

Chapter XIX PossessionSupplementary Provisions

Part One General Provisions

**Chapter I Basic Principles**

Article 1For the purpose of safeguarding the basic economic system of the state, maintaining the socialist market economic order, clarifying property ownerships, giving play to the utilities of properties and protecting the real right of the right holders, this Law has been formulated in accordance with the Constitution Law.

Article 2This Law shall apply to the civil relationships generated from the ownership and utilization of properties.The term "property" as mentioned in this Law includes real estates (immovable property) and movable property. In case other laws also stipulate certain rights to be the objects of real right, those provisions shall be followed.The term 'real right' as mentioned in this Law refers to the exclusive right of direct control enjoyed by the holder according to law over a specific property, including ownership, usufructuary right and real rights for security.

Article 3In the primary stage of socialism, the state upholds the basic economic system under which the public (state) ownership shall play a dominant role and diversified forms of ownerships may develop side by side.The state consolidates and develops the public (state) economy, and encourages, supports and guides the development of the nonpublic economy.The state practices the socialist market economy system and safeguards the equal legal status and development rights of all market operators.

Article 4The real rights of the state, collectives, individuals or any other right holder shall be protected by law and shall not be infringed by any entities or individuals.

Article 5The varieties and contents of real rights shall be stipulated by law.

Article 6The creation, change, transfer or elimination of the real right of a real estate shall be registered according to law. The creation or transfer of the real right of a movable property shall be delivered according to law.

Article 7In acquiring or exercising a real right, one shall abide by the law, respect social morals and may not damage the public interests or the legitimate rights and interests of any other person.

Article 8Where there is any other special provision on real right in any other law, such special provision shall apply.

**Chapter II Creation, Change, Transfer and Elimination of Real Right**

Section 1 Registration of Real Properties

Article 9The creation, change, transfer or elimination of the real right of a real property shall become effective after it is registered according to law; it shall have no effect if it is not registered according to law, except it is otherwise prescribed by any law.The ownership of the natural resources which are owned by the state according to law are not required to be registered.

Article 10The registration of a real property shall be executed by the registration organ of the place where the real property is located.The state applies a uniform registration system over real properties. The scope, organ and measures of uniform registration shall be stipulated by the relevant laws and administrative regulations.

Article 11An applicant for the registration of a real property shall, in light of the different registration items, provide the certificate of ownership of the real property and such required materials as the location and area of the real property.

Article 12A registration organ shall perform the following duties:(1) Examining the certificate of ownership and other required materials submitted by the applicant;(2) Inquiring the applicant about the relevant registration items;(3) Registering the relevant items according to the facts and in a timely manner; and(4) Other duties prescribed in any law or administrative regulation.Where it is necessary to further prove the relevant situation of the real property involved in the application for registration, the registration organ may require the applicant to submit additional materials and carry out on-the-spot inspection when necessary.

Article 13No registration organ may conduct any of the following behaviors:(1) Demanding a piece of real property to be evaluated;(2) Making repeated registration in the name of annual inspection; or(3) Other behaviors conducted beyond its scope of registration duties.

Article 14The creation, change, transfer or elimination of the real right of a real property shall, in case it shall be registered as required by law, become effective since the date when it is recorded in the real property register.

Article 15A contract concluded by the parties concerned on the creation, change, transfer or elimination of the real right of a real property shall become effective upon the conclusion of the contract, except it is otherwise prescribed by any law; and whether the real right has been registered does not affect the validity of the contract.

Article 16The real property register shall be the basis for determining the ownership and contents of a real property. Realty registers shall be managed by the registration organ.

Article 17The real property ownership certificate shall be the proof on the holder's ownership of a real property. The items recorded in the real property ownership certificate shall be consistent with those recorded in the real property register; in case there is any inconsistence, the one recorded in the real property register shall prevail, except there is evidence to prove that it is wrong.

Article 18Any right holder or interested party may apply for inquiring about or copying the registration materials, and the registration organ shall not refuse.

Article 19Any right holder or interested party that believes that any item recorded in the real property registry is wrong may apply for correcting the registration. Where the right holder recorded in the real property registry agrees to revise the registration in written form or has evidence to prove that the registration is wrong, the registration organ shall revise the registration accordingly.Where the right holder recorded in the real property registry does not agree to the change, the interested party may apply for dissidence registration. If the registration organ approves the dissidence registration but the applicant fails to bring an action within 15 days since the date of dissidence registration, the dissidence registration shall cease to be effective. If the dissidence registration is inappropriate and causes damages to the right holder, the holder may request the applicant to make compensation for damages.

Article 20Where the parties concerned conclude a purchase agreement on a premise or the real right of any other real property, they may apply to the registration organ for advance notice registration to guarantee the realization of the real right in the future. After the advance notice registration, any disposal of the real property without obtaining the consent of the holder in the advance notice registration shall produce no effect of real right.If, after the advance notice registration is made, the obligee's right is eliminated or the application for the registration of the real property is not made within 3 months since the date when it can be registered, the advance notice registration shall cease to be effective.

Article 21Any party concerned that provides false application materials for registration and causes damages to any other person shall undertake the liability for compensation.Where a registration organ causes damages to any other person because of any mistake in registration, it shall undertake the liability for compensation. After making the compensation, the registration organ may recover the amount from the person causing the registration error.

Article 22Real property registration fees shall be collected on each piece, and may not be collected according to the size, volume or on the basis of certain proportion of the value of the real property. The specific charging rates shall be stipulated by the relevant departments under the State Council together with the competent department of pricing.

Section 2 Delivery of Movable Properties

Article 23The creation or transfer of the real right of a movable property shall become effective upon delivery, except it is otherwise prescribed by any law.

Article 24The creation, change, transfer or elimination of the real right of any vessel, aircraft or motor vehicle, etc, if it is not registered, may not challenge any bona fide third party.

Article 25If, before the real right of a movable property is established or transferred, the right holder has legally possessed the movable property, the real right shall become effective upon the effectiveness of the legal act.

Article 26If, before the real right of a movable property is established or transferred, a third party has legally possessed the movable property, the person bearing the obligation of delivery may request the third party to return the rights over the original object by means of transfer to substitutive delivery.

Article 27If, when the real right of a movable property is transferred, both parties agree to let the transferor continue possessing the movable property, the real right shall become effective upon the effectiveness of the agreement.

Section 3 Other Provisions

Article 28Where a real right is created, changed, transferred or eliminated for a legal document of the people's court or arbitration commission or a requisition decision of the people's government, etc, the real right shall become effective upon the effectiveness of the legal document or the requisition decision of the people's court.

Article 29Where a real right is acquired through inheritance or bequest, it shall become effective since the beginning of the inheritance or bequest.

Article 30Where a real right is created or eliminated for such factual behaviors as the legal construction or demolition of premises, it shall become effective upon the accomplishment of the factual behavior.

Article 31As for a real right of real property enjoyed in accordance with the provisions of Articles 28 through 30 of this Law, any disposal of the real right shall produce no effect of real right if it is not registered as required by law.

**Chapter III Protection of Real Right**

Article 32In case a real right is injured, the right holder may solve the problem through such channels as conciliation, mediation or arbitration, etc.

Article 33As for a dispute over the ownership or content of real right, the interested parties may petition for confirming the right.

Article 34As for the untitled possession of a real property or movable property, the right holder may petition for returning the original object.

Article 35Where a real right has been or may be obstructed, the right holder may petition for removing the impediment or eliminating the danger.

Article 36Where a real property or movable property is damaged, the right holder may petition for repairing, remaking, changing or restoring the original state.

Article 37Where a real right is injured and the right holder suffers losses from it, the right holder may petition for the compensation for the losses or the undertaking of any other civil liability.

Article 38The ways for the protection of real right as stipulated in this Law may apply either independently or by combining with each other in light of the specific circumstance of an injury of real right.In addition to undertaking civil liabilities, any entity or individual injuring a real right shall undertake the administrative liabilities in case any provision on administrative regulation is violated; if any crime is constituted, he shall be subject to the criminal liabilities.

**Part Two Ownership**

**Chapter IV General Provisions**

Article 39The owner of a real property or movable property has the rights to possess, use, seek profits from and dispose of the real property or movable property according to law.

Article 40The owner of a real property or movable property has the right to establish a usufructuary right or real right for security over the real property or movable property. When exercising the right, the holder of usufructuary right or the holder of real right for security may not damage the rights and interests of the owner.

Article 41As for a real property or movable property exclusively owned by the state as prescribed by law, no entity or individual may acquire its ownership.

Article 42To meet the needs of public interests, collectively-owned lands, premises owned by entities and individuals or other real properties may be expropriated in accordance with the power scope and procedures provided by laws.As for the expropriation of collectively-owned land, it is necessary to, according to law and in full amount, pay such fees as land compensation fees, placement subsidies, compensations for the above-ground fixtures of the lands and seedlings, arrange for social security fees for the farmers whose land is expropriated, secure their livelihood and safeguard their legitimate rights and interests.As for the expropriation of the premises owned by entities and individuals or other real properties, it is necessary to make compensation for demolishment and relocation according to law and safeguard the legitimate rights and interests of the owners of the real properties expropriated; as for the expropriation of the individuals' residential houses, it is necessary to safeguard the housing conditions of the owners of the houses expropriated.No entity or individual may embezzle, misappropriate, privately share, detain or delay in the payment of the compensation fees for expropriation.

Article 43The state provides special protection for farm lands, strictly restricts the conversion of farm lands into lands for construction and controls the aggregate quantity of lands for construction. No one may requisition any collectively-owned land by violating the statutory power limit and procedures.

Article 44In case of the needs of emergent dangers or disasters, it is allowed for one to use the real properties or movable properties of entities and individuals in accordance with the statutory power limit and procedures. These real properties or movable properties shall be returned to the owners after the emergent use. Where any real property or movable property of any entity or individual is used or damaged or lost after it is used, corresponding compensation shall be made.

**Chapter V State Ownership, Collective Ownership and Private Ownership**

Article 45The properties that shall be owned by the state as prescribed by law belong to the state or all the people as a whole.The ownership of state-owned properties shall be exercised by the State Council on behalf of the state; where there is any other provision in any law, this provision shall prevail.

Article 46Mineral deposits, waters and sea areas shall be owned by the state.

Article 47Urban lands shall be owned by the state. Lands in the rural areas and suburban areas that shall be owned by the state as prescribed by law belong to the state.

Article 48Natural resources such as forests, mountains, grasslands, waste lands and tidal flats shall be owned by the state, except those that shall be collectively owned as prescribed by law.

Article 49The wildlife resources that shall be owned by the state as prescribed by law shall be owned by the state.

Article 50Radio frequency spectrum resources shall be owned by the state.

Article 51The cultural relics that shall be owned by the state as prescribed by law belong to the state.

Article 52Assets of national defense shall be owned by the state.Infrastructures such as railways, highways, electric power facilities, telecommunication facilities, and petrol and gas pipelines that shall be owned by the state as prescribed by law belong to the state.

Article 53State organs have the right to possess, use and dispose of any real property or movable property directly controlled by them in accordance with the laws and the relevant provisions of the State Council.

Article 54The public institutions held by the state have the right to possess, use, seek profits from and dispose of any real property or movable property directly under their control in accordance with the laws and the relevant provisions of the State Council.

Article 55As for the enterprises established with the funds contributed by the state, the State Council and the local people's governments shall, in accordance with the relevant laws and administrative regulations, perform the contributor's duties and enjoy the contributor's rights and interests on behalf of the state.

Article 56The properties owned by the state shall be under the protection of law, and no entity or individual may embezzle,, loot, privately divide, retain or destroy them.

Article 57The institutions and their staff that perform the duties of managing and supervising state-owned assets shall make more efforts in the management and supervision of state-owned assets according to law so as to promote the value maintenance and appreciation of state-owned assets and prevent the losses of state-owned assets; any entity or individual causing any loss of state-owned assets for the misuse of authority or neglect of duty shall undertake legal responsibilities according to law.Any entity or individual violating the provisions on the management of state-owned assets and causing losses of state-owned assets in the process of enterprise restructuring, merger, division or affiliated transactions by way of transferring at a low price, conspiring to distribute them secretly, providing guarantee with them without authorization or any other way shall undertake legal responsibilities according to law.

Article 58The collectively-owned real properties and movable properties shall include:(1) Lands, forests, mountains, grasslands, unclaimed lands and tidal flats that shall be collectively owned as prescribed by law;(2) Collectively-owned buildings, production facilities, farmland, and water conservancy facilities;(3) Collectively-owned facilities for education, science, culture, sanitation and sports, etc;(4) Other collectively-owned real properties and movable properties.

Article 59The real properties and movable properties owned by a farmers' collective shall be collectively owned by all the members of the collective.The following items shall be decided by the members of the collective in accordance with the statutory procedures:(1) Land contracting plan and whether to give out a land contract to an entity or individual other than those of the collective;(2) Adjustment of the contracted lands among the holders of the right to the contracted management of land;(3) Methods for the use and distribution of such fees as land compensation fees;(4) The change of ownership or any other relevant issue of an enterprise established with the funds contributed by the collective;(5) Other items prescribed by any law.

Article 60The ownership of a collectively-owned land, forest, mountain, grassland, unclaimed land or tidal flat shall be exercised in accordance with the following provisions:(1) If it is owned by a farmers' collective of a village, the ownership shall be exercised by a collective economic organization or the villagers' committee of the village on behalf of the collective;

(2) If it is owned by two or more farmers' collectives, the ownership shall be exercised by all the collective economic organizations or the villagers' groups of the village on behalf of the collective; and(3) If it is owned by a farmers' collective of a town, the ownership shall be exercised by a collective economic organization of the town on behalf of the collective.

Article 61An urban collective has the rights to possess, use, seek profits from and dispose of any real property or movable property it owns in accordance with the relevant laws and administrative regulations.

Article 62The collective economic organization, villager's committee or villagers' group shall publicize the status of the properties owned by a collective to the members of the collective in accordance with the relevant laws, administrative regulations, articles of association and village regulations and villagers' pledges.

Article 63Collectively-owned properties shall be under the protection of law, and no entity or individual may embezzle, loot, privately divide, retain, or destroy them.If a decision made by a collective economic organization, villagers' committee or the person in charge infringes upon the legitimate rights and interests of any member of the collective, the infringed member of the collective may petition the people's court to withdraw the decision.

Article 64An individual is entitled to the ownership of his legal income, premise, household goods, instruments of production, raw materials and other real properties and movable properties.

Article 65The legal savings, investments and the corresponding proceeds of an individual shall be under the protection of law.The state shall protect an individual's right of inheritance and other legal rights and interests according to law.

Article 66An individual's legal property shall be under the protection of law, no entity or individual may encroach, plunder or destroy it.

Article 67The state, any collective or individual may contribute funds to establish a limited liability company, a company limited by shares or any other enterprise. Where the real properties or movable properties owned by the state, a collective or an individual are invested in an enterprise, the contributor shall enjoy such rights as obtaining asset returns, making important decisions and selecting operators and managers and perform their duties in accordance with the agreement or on the basis of his proportion of investment.

Article 68An enterprise legal person has the right to possess, use, seek profits from and dispose of any real property or movable property it owns in accordance with the laws, administrative regulations and its articles of association.The rights of a legal person other than an enterprise legal person over the real properties and movable properties it owns shall be governed by the provisions of the relevant laws, administrative regulations and its articles of associations.

Article 69The real properties and movable properties owned by social organizations according to law shall be under the protection of law.

## Chapter VI Owners' Partitioned Ownership of Building Areas (Owners' Condominium Rights)

Article 70An owner shall have ownership over the exclusive parts within the buildings, such as the residential houses or the houses used for business purposes, and shall have common ownership and the right of common management over the common parts other than the exclusive parts.

Article 71An owner has the rights to possess, use, seek profits from and dispose of the exclusive parts of the building. No owner may, when exercising his or its rights, endanger the safety of the building or damage the legitimate rights and interests of any other owner.

Article 72An owner enjoys the rights and undertakes the obligations over the common parts other than the exclusive parts of the building, and may not refuse to fulfill the obligations under the pretext of waiver of rights.Where an owner transfers his residential house or the house used for business purposes within the building, the common ownership and the right to common management he/she is entitled to over the common parts shall be transferred concurrently.

Article 73The roads within the building zone (or community) shall be commonly owned by the owners, except the public roads of cities and towns. The green lands within the building area shall be commonly owned by all the owners, except the public green lands of cities and towns or those which are expressly ascribed to individuals. The other public places, common facilities and houses used for real property services within the building zone shall be commonly owned by all the owners.

Article 74The parking spaces and garages that are within the building area and planned for parking cars shall be used to satisfy, above all else, the needs of the owners.The ownership of the parking spaces and garages shall be stipulated by the parties concerned by way of selling, complementary using or leasing, etc.The parking spaces occupying the roads or other fields commonly owned by all owners shall belong to all the owners.

Article 75The owners may establish an owners' assembly and select an owners' committee.The relevant departments of the local people's governments shall provide guidance and assistance for the establishment of the owners' assembly and the selection of the owners' committee.

Article 76The following issues shall be commonly decided by all owners:(1) Formulating or amending the rules of procedure for the owners' assembly;(2) Formulating or amending the stipulations on the management of the building and its affiliated facilities;(3) Selecting the owners' committee or changing the members of the owners' committee;(4) Selecting or dismissing the real property service enterprise or any other manager;(5) Raising or using the funds for the maintenance of the building and its affiliated facilities;(6) Rebuilding the building or any of its affiliated facilities;(7) Other important issues concerning the common ownership and the right to common management.The decisions related to the issues prescribed in Item (5) or Item (6) of the preceding paragraph shall be made by the owners who exclusively own 2/3 or more of the total area of the building and who account for 2/3 or more of the total number of the owners. on the decisions related to any other issue prescribed in the preceding paragraph shall be made by the owners who exclusively own half of the total area of the building and who account for half of the total number of the owners.

Article 77No owner may change a residential house into a house used for business purposes by violating any law, regulation or stipulation on building management. When changing a residential house into a house used for business purposes, the owner shall, in addition to observing laws, regulations and stipulations on building management, obtain the consent of all the other owners who have interests in the change.

Article 78The decision made by an owners' assembly or an owners' committee is binding to all the owners.Where any decision made by the owners' assembly or the owners' committee has infringed upon the legitimate rights and interests of an owner, such an owner may petition the people's court for withdrawing the decision.

Article 79The funds for the maintenance of a building and its affiliated facilities shall be commonly owned by the owners of the building. The funds may be used for the maintenance of such common facilities as elevators and water tanks as codetermined by the owners. The information regarding the raise and use of the maintenance funds shall be published to all the owners.

Article 80As for such issues as the allocation of the expenses spent for and the distribution of the income obtained from a building or any of its affiliated facilities, where there is any stipulation on it, this stipulation shall apply; where there is no stipulation on it or the stipulation is not clear, these issues shall be determined on the basis the proportion of each owner's exclusive parts to the total area of the building.

Article 81The owners of a building may manage the building and its affiliated facilities by themselves or by entrusting a real property service enterprise or any other management personnel.The owners are entitled to change the real property service enterprise or any other management personnel hired by the construction entity according to law.

Article 82The real property service enterprise or any other management personnel shall manage the building and its affiliated facilities within the building area upon the entrustment of the owners and be subject to the supervision of the owners.

Article 83The owners shall abide by the laws, regulations and management stipulations.As for an act injuring the legitimate rights and interests of other persons, such as discarding wastes at will, discharging atmospheric pollutants and noise, breeding animals by violating the relevant regulations, illegally building shelters, occupying passages or refusing to pay real property management fees, etc, the owners' assembly and the owners' committee are entitled to request the actor to cease the infringing act, eliminate the danger, remove the impediments and make compensation for the losses in accordance with the relevant laws, regulations and stipulations on management. An owner may bring a lawsuit to the people's court according to law in case there is any infringement upon his legitimate rights and interests.

## Chapter VII Relationships of Adjacency

Article 84Right holders who are adjacent to one another on a real property shall correctly handle the relationship of adjacency in accordance with the principles of facilitating production, making things convenient in life, showing unity and providing mutual assistance, and fairness and equity.

Article 85Where there is any provision on the handling of contiguous relationship, such provision shall apply; where there isn't any provision on it, the contiguous relationship shall be handled in light of the local customs.

Article 86The holder of a real property shall provide necessary convenience for the use of water and drainage of the adjacent right holders.The utilization of natural running water shall be rationally distributed to the adjacent right holders of a real property. As for the drainage of natural running water, the natural current direction shall be respected.

Article 87The right holder of a real property shall provide necessary convenience in case a adjacent right holder has to use his land because of passage or any other reason.

Article 88Where the right holder of a real property has to use a adjacent land or building for such reasons as constructing or repairing a building, or laying wires, cables, water pipes, heating pipelines or fuel gas pipelines, etc, the right holder of the land or building shall provide necessary convenience.

Article 89As for the construction of a building, no entity or individual may violate the relevant engineering construction standards of the state or block the ventilation, lighting or sunshine of any adjacent building.

Article 90An holder of real property may not discard solid wastes or discharge atmospheric pollutants, water pollutants, or such harmful substances as noise, light and magnetic radiation by violating the relevant provisions of the state.

Article 91When excavating a land, constructing a building, laying a pipeline or installing an equipment, the right holder of the real property may not endanger the safety of any adjacent real property.

Article 92In case the right holder of a real property has to use a adjacent real property for reasons of using water, drainage, passage or laying pipelines, etc, he shall do his best to avoid causing any damage to the right holder of the adjacent real property; if any damage is caused, he shall make corresponding compensations.

## Chapter VIII Common Ownership

Article 93A real property or movable property may be commonly owned by two or more entities or individuals. Common ownership includes several co-ownership and joint ownership.

Article 94A several co-owner of a commonly owned real property or movable property shall enjoy the ownership of the real property or movable property according to his shares.

Article 95A joint owner of a commonly owned real property or movable property shall enjoy the ownership of the real property or movable property on a common basis.

Article 96The co-owners of a commonly owned real property or movable property shall manage the real property or movable property as stipulated; where it is not stipulated or clearly stipulated, all co-owners have the right and obligation of management.

Article 97As for the disposal or major repair of a commonly owned real property or movable property, the consent of the several co-owners possessing 2/3 of the shares or all joint owners shall be obtained, except it is stipulated otherwise by the co-owners.

Article 98As for the management expenses or any other liabilities of a commonly owned property, if there is any stipulation on it, such stipulation shall apply; if there isn't any stipulation on it or the stipulation is not clear, the expenses shall be borne by the several co-owners on the basis of their respective shares or commonly borne by all joint owners.

Article 99In case the co-owners of a commonly owned real property or movable property have stipulated that, in order to maintain the relationship of common ownership, it is not allowed to partition the real property or movable property, such stipulation shall apply; but if any of the co-owners needs to partition the real property or movable property for certain significant reasons, he may petition for partitioning it; if there is no stipulation or the stipulation is not clear, a several co-owner may petition for partitioning it at any time, and a joint owner may petition for partitioning it in case the basis for the common ownership disappears or he needs to partition it for certain significant reasons. If the partition causes any damage to any other person, the corresponding compensation shall be made.

Article 100The co-owners of a commonly owned real property or movable property may determine the way of partition by means of negotiation. If no agreement is reached and the real property or movable property may be partitioned without affecting its value, the real object shall be partitioned; if it is difficult to partition it or its value would be affected because of the partition, the partition shall be executed by distributing the purchase price obtained from converting its value into money, the auction or selling off the real property or movable property.In case the real property or movable property obtained by a co-owner from the partition of a commonly owned real property or movable property has any flaw, the other co-owners shall partake the losses together.

Article 101A several co-owner of a commonly owned real property or movable property may transfer his share of the real property or movable property. The other several co-owners have the preemptive right to purchase the share.

Article 102As for an obligee's right or a debt generated from a commonly owned real property or movable property, a co-owner shall enjoy joint and several creditor's right or assume joint and several debt in terms of external relationship, except it is otherwise prescribed by any law or that the third party is aware of the fact that the co-owner does not have the relationship of joint and several creditor's right or debt. In terms of the internal relationship among the co-owners, a co-owner shall enjoy the creditor's right or assume the debt on the basis of his own share, except it is otherwise stipulated by the co-owners; joint owners shall enjoy the creditor's right or assume the debt on a common basis. Any several co-owner who overpays his share of the debt is entitled to recover the overpaid amount from the other co-owners.

Article 103Where the co-owners of a real property or movable property does not stipulate whether the real property or movable property is subject to several co-ownership or joint ownership, or where the stipulation is not clear, it shall be deemed as a several co-ownership unless there is a family relationship among the co-owners.

Article 104A several co-owner's share of a commonly owned real property or movable property shall be determined on the basis of his amount of contribution in case it is not stipulated or the stipulation is not clear; if it is impossible to determine the amount of contribution, each several co-owner shall enjoy an equal share.

Article 105Where the usufructuary right or real right for security of a real property or movable property is owned by two or more entities or individuals, the provisions of this Chapter shall apply by analogy.

## Chapter IX Special Provisions on the Acquisition of Ownership

Article 106Where a person untitled to dispose a real property or movable property transfers the real property or movable property to an assignee, the owner has the right to recover the real property or movable property. Except it is otherwise prescribed by law, once it is under any of the following circumstances, the assignee shall obtain the ownership of the real property or movable property:(1) The assignee accepted the real property or movable property in good faith;(2) The real property or movable property is transferred at a reasonable price; or(3) The transferred real property or movable property shall have been registered in case registration is required by law, and shall have been delivered to the assignee in case registration is not required.Where an assignee obtains the ownership of a real property or movable property in accordance with the preceding paragraph, the original owner may ask the person untitled to dispose of the real property or movable property to make compensation for his losses.Where a party concerned obtains any other real right in good faith, he shall be governed by the preceding two paragraphs by analogy.

Article 107The owner or any other holder is entitled to recover a lost property. Where the lost property is possessed by any other person through transfer, the owner is entitled to ask the person untitled to dispose of the property to make compensations for damages, or, within 2 years since the date when he knows who is the assignee, ask the assignee to return the original property. But if the assignee purchases the lost property by way of auction or from a qualified operator, the holder shall, when asking for returning the original property, pay the amount paid by the assignee for purchasing the property to the assignee. Where there is any other provision, such provision shall apply. After paying the amount paid by the assignee for purchasing the property to the assignee, the owner is entitled to recover the amount from the person untitled to dispose of the property.

Article 108After a bona fide assignee obtains a real property, the original rights on the real property shall be eliminated, except the right that the bona fide assignee has already been or should be aware of when the transfer is made.

Article 109A lost-and-found object shall be returned to the right holder of the object. The person who finds such object shall notify the right holder to claim the object or hand it over to the public security department or any other department in a timely manner.

Article 110A relevant department shall, after receiving a lost-and-found object, in case it knows the right holder of the object, notify him to claim the object in a timely manner; in case it does not know, it shall publish an announcement on the finding of the lost property in a timely manner.

Article 111A lost-and-found object shall be properly kept by the person who finds the object before it is handed over to the relevant department and by the relevant department before it is claimed by the right holder of the object. In case the object is damaged or lost deliberately or for gross negligence, the relevant personnel shall undertake the civil liabilities.

Article 112When obtaining a lost-and-found object, the right holder of the object shall pay such necessary expenses as the cost for safekeeping the object to the person who finds the object or the relevant department.In case a right holder offers a reward for finding the object, he shall fulfill the obligation of granting the reward when claiming the object.In case the object is misappropriated by the person who finds the object, the person who finds the object shall have no right to ask for paying the expenses paid for safekeeping the object or petition the holder to fulfill the obligation as promised.

Article 113A lost-and-found object that fails to be claimed within 6 months since the date when the announcement on the finding of the object is published shall be owned by the state.

Article 114The finding of a drifter or the discovery of an object buried underground or a hidden property shall be governed by the relevant provisions on the finding of a lost-and-found property. In case there is any other provision in such laws as the law on the protection of cultural relics, such provisions shall apply.

Article 115Where a principal property is transferred, the accessory property shall be transferred together with the principal property, except it is otherwise stipulated by the parties concerned.

Article 116Natural fruits shall be obtained by the owner; in case there are both owner and holder of usufructuary right on the natural fruits, it shall be obtained by the holder of usufructuary right. Where it is stipulated otherwise by the parties concerned, such stipulation shall apply.Statutory fruits shall be obtained by the parties concerned as stipulated by them; where it is not stipulated or clearly stipulated, it shall be obtained in accordance with the practices of trading.

**Part Three Usufructuary Right**

**Chapter X General Provisions**

Article 117A usufructuary right holder shall enjoy the right to possess, use and seek proceeds from the real property or movable property owned by someone else according to legal provisions.

Article 118An entity or individual may possess, use and seek proceeds from the natural resources that are owned by the state or that are owned by the state but used by the collective as well as those that are owned by the collective.

Article 119The state implements the system of fee-based use of natural resources, unless it is otherwise prescribed by any other laws.

Article 120A usufructuary right holder shall, when exercising its or his right, abide by the provisions on protection, reasonable exploration and utilization of resources as prescribed in the laws. An owner shall not intervene in the exercise of rights by the usufructuary right holder.

Article 121In case a real property or movable property is expropriated or requisitioned, and thus causes loss of usufructuary right or affects the use of usufructuary right, the usufructuary right holder shall be entitled to obtain corresponding compensations according to Articles 42 and 44 of this Law.

Article 122The right to use sea areas as lawfully obtained shall be governed by the law.

Article 123The mineral prospecting right, the mining right, the water intake right and the right to use water areas or tidal flats for engaging in breeding or fishery shall be protected by law.

**Chapter XI Right to the Contracted Management of Land**

Article 124A rural collective economic organization shall implement a dual operation system characterized by the combination of centralized operation with decentralized operation on the basis of household contracted management.The system of land contracted management shall be implemented to the cultivated land, wood land, grassland, and land for other agricultural uses that are owned by farmers' collectives as well as those that are owned by the state and exploited by farmers' collectives.

Article 125The holder of the right to the contracted management of land shall enjoy the right to possess, use and seek proceeds from the cultivated land, wood land and grassland, etc. under the contracted management thereof, and have the right to engage in planting, forestry, stockbreeding or other agricultural production activities.

Article 126The term of a contract for cultivated land shall be 30 years. The term of a contract for grassland shall be 30 up to 50 years. The term of a contract for wood land shall be more than 30 years but less than 70 years. The term of a contract for special forest land may be extended upon approval of the forestry administrative department under the State Council.After the term of a contract as mentioned in the preceding paragraph expires, the holder of the right to the contracted management of land may continue to fulfill the contract according to the relevant provisions of the state.

Article 127The right to the contracted management of land shall be established as of the effectiveness of the contract on the right to the contracted management of land.The local people's government at or above the county level shall issue a certificate of the right to the contracted management of land, a forestry right certificate or a grassland-use right certificate to the holder of right to the contracted management of land, register it in the brochure and confirm the right to the contracted management of land.

Article 128The holder of the right to the contracted management of land shall be entitled to circulate the right to the contracted management of land according to the provisions in the law on the contracting of rural land. The circulated term shall not exceed the remnant term of the original contract on right to the contracted management of land. Without approval, no contracted land may be used for non-agricultural constructions.

Article 129In the event that the circulation of the right to the contracted management of land is realized through exchange or transfer, if the parties concerned require that the circulation be registered, an application for the alteration registration of right to the contracted management of land shall be submitted to the local people's government at or above the county level. Without registration, neither party may challenge any bona fide third party.

Article 130Within the duration of a contract, the contract-letting party shall not readjust the contracted land.If proper readjustment of cultivated land or grassland as contracted is required due to such special events as natural calamities that have materially damaged the contracted land, it shall be conducted according to the legal provisions in the law on the contracting of rural land and other relevant laws.

Article 131Within the term of a contract, the contract-letting party shall not take back the contracted land. Where there are separate provisions in the law on the contracting of rural land or any other law, such provisions shall prevail.

Article 132If a contracted land is expropriated, corresponding compensations shall be given to the holder of the right to the contracted management of land according to Paragraph 2, Article 42 of this Law.

Article 133The right to the contracted management of land to barren land or other rural land that is contracted by means of bid invitation, auction, or open negotiation, etc. may be circulated by means of transfer, lease, equity contribution, or mortgage, etc.

Article 134The implementation of contracted management to the rural land that is owned by the state shall be governed by the relevant provisions in this Law by analogy.

**Chapter XII Right to Use Land for Construction Purpose**

Article 135The holder of the right to use land for construction shall be entitled to possess, use and seek proceeds from the land owned by the state, and be entitled to make use of the land for constructing buildings, fixtures and their auxiliary facilities.

Article 136The right to use land for construction may be established separately on the surface of or above or under the land. The newly-established right to use land for construction shall not damage the usufructuary right that has already been established.

Article 137The right to use land for construction may be established by means of transfer or allotment, etc.The land used for purposes of industry, business, entertainment or commercial dwelling houses, etc. or the land for which there are two or more intended users shall be transferred by means of auction, bid invitation or any other public bidding method.It is strictly prohibited to establish the right to use land for construction by means of allotment. The means of allotment shall be adopted according to the provisions on land uses in the laws and administrative regulations.

Article 138Where the right to use land for construction is established by means of auction, bid invitation, or agreement, etc., the parties concerned shall enter into a written contract on the transfer of the right to use land for construction.A contract on transfer of the right to use land for construction shall generally include the following clauses:(1) Name and domicile of the parties;(2) Location and acreage, etc. of the land;(3) Space occupied by buildings, fixtures and their affiliated facilities;(4) Purposes of use;(5) Term of use;(6) Payment methods for allotment fees and other fees; and(7) Dispute resolution method.

Article 139For the creation of the right to use land for construction, an application for the registration of the right to use land for construction shall be filed with the registration organ. The right to use land for construction shall be established upon registration. The registration organ shall issue a certification on the right to use land for construction to the holder of the right to use land for construction.

Article 140The holder of the right to use land for construction shall reasonably utilize the land, shall not change the purpose of land use, and shall be subject to the approval of the relevant administrative department if the purpose of land use needs to be changed.

Article 141The holder of the right to use land for construction shall pay transfer fees and other fees according to the legal provisions and the contract.

Article 142The ownership of the buildings, fixtures and their affiliated facilities built by the holder of the right to use land for construction shall belong to the holder of the right to use land for construction, unless it is otherwise proved by contrary evidence.

Article 143The holder of the right to use land for construction shall be entitled to transfer, exchange, use as equity contributions, endow or mortgage the right to use land for construction, unless it is otherwise prescribed by any law.

Article 144In case the right to use land for construction is transferred, exchanged, used as equity contributions, endowed or mortgaged, the parties shall conclude a corresponding contract in written form. The contractual term shall be stipulated by the parties concerned, but shall not exceed the remnant term as stipulated in the contract on transfer of the right to use land for construction.

Article 145In case the right to use land for construction is transferred, exchanged, used as equity contributions, or endowed, an application for alteration registration shall be filed with the registration organ.

Article 146In case the right to use land for construction is transferred, exchanged, used as equity contributions or endowed, the buildings, fixtures and their affiliated facilities on the land shall be disposed of concurrently.

Article 147In case the buildings, fixtures and their affiliated facilities are transferred, exchanged, used as equity contributions or endowed, the right to use land for construction occupied by the aforesaid buildings, fixtures and their affiliated facilities shall be disposed of concurrently.

Article 148Before the term of the right to use land for construction expires, if the land needs to be taken back in advance due to public interests, compensations shall be given to the houses and other real properties on the land according to Article 42 of this Law, and corresponding land transfer fees shall be refunded.

Article 149The term of the right to use land for construction for dwelling houses shall be automatically renewed upon expiration.The term of the right to use land for construction not for dwelling houses shall be renewed according to legal provisions. Where there are stipulations about the ownership of houses and other real properties on the aforesaid land, such stipulations shall prevail; if there is no such stipulation or the stipulations are not explicit, the ownership shall be determined according to the provisions in the laws and administrative regulations.

Article 150In case the right to use land for construction is eliminated, the transferor shall go through deregistration procedures in a timely manner, and the registration organ shall take back the certificate on the right to use land for construction.

Article 151In case a piece of collectively-owned land is used as land for construction, it shall be handled according to the law on land administration and other relevant laws.

## Chapter XIII Right to Use House Sites (or Right to Use Lands for Building Houses)

Article 152The holder of the right to use house sites shall be entitled to possess and use collectively-owned land, and to make use of the land for constructing residential houses and their affiliated facilities.

Article 153The acquisition, exercise and transfer of the right to use house sites shall be governed by the law on land administration, other relevant laws and the relevant provisions of the state.

Article 154In case a house site is eliminated due to any natural disaster, etc., the right to use house site shall be eliminated. A villager without a house site shall be allotted a house site again.

Article 155In case the registered right to use house sites is transferred or eliminated, the alteration or cancellation registration shall be made in a timely manner.

## Chapter XIV Easement Rights

Article 156An easement holder shall be entitled to make use of the real property of someone else according to the contract so as to increase the efficiency of his own real property.The expression of "real property of someone else" as mentioned in the preceding Paragraph shall be the servient tenement, and the expression of "one's own real property" shall be the dominant tenement.

Article 157For the creation of an easement, the parties concerned shall conclude an easement contract in written form.An easement contract shall generally include the following clauses:(1) Name and domicile of the parties concerned;(2) Locations of servient tenement and dominant tenement;(3) Purposes and methods of utilization;(4) Term of utilization;(5) Fees and payment method; and(6) Dispute resolution method.

Article 158The easement shall be established as of the effectiveness of an easement contract. In case the parties concerned think it necessary to have it registered, they can apply for easement registration with the registration organ; otherwise, they shall not challenge any bona fide third party.

Article 159The holder of servient tenement shall permit an easement holder to make use of his/its land according to the contract, and shall not hamper the latter's exercise of the right.

Article 160An easement holder shall make use of the servient tenement according to the purposes and methods as stipulated in the contract, and try to reduce the real right restrictions on the holder of the servient tenement.

Article 161The term of easement shall be stipulated by the parties concerned, however, it can not exceed the remnant term of the right to the contracted management of land, the right to use land for construction or any other usufructuary right.

Article 162In case a land owner enjoys or assumes the easement, when the right to the contracted management of land or the right to use house site is established, the holder of the right to the contracted management of land or the right to use house site may continue enjoying or assuming the established easement.

Article 163In case the right to the contracted management of land, the right to use house site or any other usufructuary right on the land has already been created, the land owner shall not establish any easement without consent of the aforesaid usufructuary right holder.

Article 164The easement shall not be transferred alone. In case the right to the contracted management of land, the right to use land for construction, the right to use house site or any other usufructuary right is transferred, the easement shall be transferred concurrently, unless it is otherwise stipulated by the contract.

Article 165The easement shall not be mortgaged by itself. In case the right to the contracted management of land or the right to use land for construction, etc. is mortgaged, the easement shall be transferred concurrently when the mortgage is realized.

Article 166When the dominant tenement as well as the right to the contracted management of land, the right to use land for construction or the right to use house site thereon is partially transferred, and if the easement is involved in the transferred part, the transferee shall enjoy the easement at the same time.

Article 167When the servient tenement and the right to the contracted management of land, the right to use land for construction or the right to use house site thereon is partially transferred, and if the easement is involved in the part as transferred, the easement shall be binding on the transferee.

Article 168In case an easement holder is under any of the following circumstances, the holder of the servient tenement shall be entitled to rescind the easement relationship, and the easement shall be eliminated:(1) Violating the legal provisions or the contract, or abusively using the easement; or(2) Failing to pay fees for the paid use of servient tenement after being urged to do so within a reasonable period for two times upon expiration of the stipulated time limit for payment.

Article 169The alteration or cancellation registration shall be timely executed for the alteration, transfer or elimination of the registered easement.

**Part Four Real Rights for Security (Secured Property Rights)**

**Chapter XV General Provisions**

Article 170The holder of real rights for security shall enjoy priority to receive payments from the property for security in case the obligor fails to pay its due debts or the circumstance for the realization of real rights for security as stipulated by the parties concerned occurs, unless it is otherwise prescribed by any law.

Article 171An obligee (creditor) may, in such civil activities as loans or sales, establish the real rights for security according to this Law or any other law where the security is required for safeguarding the realization of its/his credits.To provide security to the obligee for an obligor (debtor), a third party may require the obligor to provide countersecurity. The countersecurity shall be governed by this Law and other relevant laws.

Article 172For the creation of real rights for security, a security contract shall be concluded according to this Law and other relevant laws. A security contract shall be subordinated to the principal contract. When the principal contract is nullified, the security contract shall be invalidated, unless it is otherwise prescribed by any law.After a security contract is nullified upon confirmation, the obligor, the security provider and the obligee that has faults shall assume relevant civil liabilities in light of their respective faults.

Article 173The security range of the real rights for security shall include principal obligee's rights and their interests, default fines, damages and expenses for keeping the property for security and for realizing the real rights for security. Where there are separate stipulations between the parties concerned, such stipulations shall prevail.

Article 174In case the property for security is damaged, lost or expropriated during the term of security, the holder of the real rights for security may seek preferred compensations from the insurance money, damages or indemnities, etc. incurred there from, or may submit such insurance money, damages or indemnities, etc. to a competent authority if the term for performing the obligee's rights as secured has not expired.

Article 175Where a third party provides any security, if the obligee allows the obligor to transfer all or part of its obligations without the written consent of the third party, the security provider does not have to assume corresponding security liabilities.

Article 176Where a secured credit involves both physical and personal security, if the obligor fails to pay its due debts or any circumstance for realizing the property for security as stipulated by the parties concerned occurs, the obligee shall realize the obligee's rights according to the stipulations; where there is no such stipulation or the stipulations are not explicit, and the obligor provides his/its own property for the security, the obligee shall realize the obligee's rights firstly by the security by property; and where a third party provides the security by property, the obligee may realize the obligee's rights with the physical security or may require the guarantor to assume the guaranty liability. The third party for providing the security may, after assuming the security liability, is entitled to recourse payments against the obligor.

Article 177In any of the following circumstances, the real rights for security may be eliminated:(1) The principal obligee's rights are eliminated;(2) The real rights for security have been realized;(3) The obligee abandons the real rights for security; or(4) Any other circumstance as prescribed by any law under which the real rights for security will be eliminated.

Article 178In case any provision in the Security Law conflicts with this Law, the latter shall prevail.

**Chapter XVI Right to Mortgage**

Section 1 General Right to Mortgage

Article 179An obligor (debtor) or a third party may, for the security of the payment of debts, mortgage his properties to the obligee (creditor) without transferring the possession of such properties, and when the obligor fails to pay due debts or any circumstance for realizing the mortgage right as stipulated by the parties concerned occurs, the obligee shall be entitled to seek preferred payments from such properties.The 'obligor' or 'third party' as prescribed in the preceding paragraph shall be the mortgagor, the 'obligee' shall be the mortgagee, and the 'properties for security' shall be the properties under mortgage.

Article 180The following properties to which the obligor or the third party has the right to dispose of may be used for mortgage:(1) Buildings and other fixed objects on the ground;(2) The right to use land for construction;(3) The right to contracted management of barren land, etc. as obtained by means of bid invitation, auction and public consultation, etc.;(4) Manufacturing facilities, raw materials, semi-manufactured goods and products;(5) Buildings, vessels and aircraft that are under construction;(6) Means of communications and transportation;(7) The properties other than those that shall not be mortgaged according to any law or administrative regulation.A mortgagor may mortgage all the properties listed in the previous paragraph together.

Article 181Upon the written agreement between the parties concerned, an enterprise, individual industrial and commercial household or agricultural production operator may mortgage the manufacturing facilities, raw materials, semi-manufactured goods and products it has already owned or is going to own, and when the obligor fails to pay its/his due debts or any circumstance for realizing the right to mortgage as stipulated by the parties concerned occurs, the obligee shall be entitled to seek preferred payments from the movable properties that exist when the parties concerned stipulate to realize the right to mortgage.

Article 182In case a building is mortgaged, the right to use land for construction occupied by this building shall be mortgaged together. In case the right to use land for construction is mortgaged, all the buildings on this land shall be mortgaged together.In case a mortgagor fails to mortgage the properties according to the preceding paragraph, the properties that have not been mortgaged shall be regarded as having been mortgaged together.

Article 183The right to use land for construction of a township or village enterprise shall not be mortgaged by itself. In case the plant of a township and village enterprise is mortgaged, the right to use land for construction occupied by this plant shall be mortgaged together.

Article 184None of the following properties may be mortgaged:(1) Land ownership;(2) The right to use cultivated land, house sites, land set aside for farmers to cultivate for their private use, hilly land allotted for private use and other collectively-owned land, unless it is otherwise prescribed by any law;(3) Educational, medical, healthy and other public welfare facilities of schools, kindergartens, hospitals and other institutions and social groups with the aim of benefiting the public;(4) Properties whose ownership or use rights are unclear or controversial;(5) Properties that are legally confiscated, seized or controlled; or(6) Other properties that cannot be mortgaged according to any law or administrative regulation.

Article 185To create a right to mortgage, the parties concerned shall conclude a mortgage contract in written form.A mortgage contract shall generally include the following clauses: (1) The variety and amount of the obligee's rights as secured;(2) The time limit for the obligor to pay debts;(3) The name, amount, quality, condition, location, attribution of ownership or use right of the property under mortgage; and(4) The range of security.

Article 186Before the time limit for paying debts expires, a mortgagee shall not stipulate with the mortgagor that the ownership of the property under mortgage will be transferred to the obligee when the obligor fails to pay its due debts.

Article 187As for the mortgage of a property as prescribed in Item (1), (2) or (3) of Paragraph 1 of Article 180 of this Law or a building under construction as prescribed in Item (5), mortgage registration shall be made. The right to mortgage shall be established as of the date of registration.

Article 188As for the mortgage of a property as prescribed in Item (4) or (6) of Paragraph 1 of Article 180 of this Law or a vessel or aircraft under construction as prescribed in Item (5), the right to mortgage shall come into effect as of the effectiveness of the mortgage contract; without the registration, the right to mortgage shall not challenge any bone fide third party.

Article 189In case an enterprise, individual industrial and commercial household or agricultural production operator mortgages any of the movable properties prescribed in Article 181 of this Law, it shall file registration with the administrative department for industry and commerce at the place where the mortgagor resides. The right to mortgage shall come into effect as of the effectiveness of the mortgage contract; without the registration, the right to mortgage shall not challenge any bone fide third party.The registration of the mortgage prescribed in Article 181 of this Law shall not challenge the buyer which has paid a reasonable price in normal business operations and has obtained the property under mortgage.

Article 190In case the property under mortgage has been leased before the conclusion of the mortgage contract, the original leasehold relations shall not be affected by the right to mortgage. In case the property under mortgage is leased after the right to mortgage has been established, the leasehold relation shall be affected by the registered right to mortgage.

Article 191In case a mortgagor transfers the property under mortgage during the mortgage term upon consent of the mortgagee, the mortgagor shall pay off its debts to the mortgagee with the money incurred from the transfer in advance or submit the said money to a competent authority for keeping. The value exceeding the obligee's rights shall belong to the mortgagor, and the gap shall be paid off by the obligor.A mortgagor shall not transfer the property under mortgage during the mortgage term without the mortgagee's consent, unless the transferee pays off the debts on its behalf so as to eliminate the right to mortgage.

Article 192The right to mortgage shall not be separated from the obligee's rights or be transferred alone, or be used as a security for other obligee's rights. When the obligee's rights are transferred, the right to mortgage for the said obligee's rights shall be transferred together, unless it is otherwise prescribed by any law or is otherwise stipulated by the parties concerned.

Article 193In case any act of the mortgagor may sufficiently result in lowering the value of the property under mortgage, the mortgagee shall be entitled to request the mortgagor to stop such act. In case the value of the property under mortgage has been affected, the mortgagee shall be entitled to request the mortgagor to restore the value of the property under mortgage, or provide a security equal to the decreased value. In case the mortgagor neither restores the value of the property under mortgage nor provides any security, the mortgagee shall be entitled to request the mortgagee to pay off the debts in advance.

Article 194A mortgagee may waive the right to mortgage or the sequence of the right to mortgage. A mortgagee and a mortgagor may change the sequence of the right of mortgage or the amount of obligee's rights as secured, etc., through negotiations, however, the change of the right to mortgage without the written consent of other mortgagees shall not produce unfavorable influences on any other mortgagee.In case an obligor establishes the mortgage by his own properties, and the mortgagee waives the right to mortgage or the sequence of the right to mortgage or changes the right to mortgage, other security providers shall be exempted from the security liability within the scope for which the said mortgagee has lost the right to seek preferred payments, unless any of other security providers promises to provide the same security.

Article 195When the obligor fails to pay its/his due debts or any circumstance for realizing the right to mortgage as stipulated by the parties concerned occurs, the mortgagee may, by concluding an agreement with the mortgagor, convert the property under mortgage into money or seek preferred payments from the money incurred from the auction or sale of the property under mortgage. In case the said agreement has damaged the interests of any other obligee, the obligee may request the people's court to cancel this agreement within one year after he/it has known or should know the cause for cancellation.In case the mortgagee and the mortgagor fail to conclude an agreement on the means of realizing the right to mortgage, the mortgagee may request the people's court to auction or sell off the property under mortgage.The property under mortgage shall be converted into cash or be sold off by referring to its marker price.

Article 196With respect to the mortgage established according to Article 181 of this Law, the property under mortgage shall be determined when any of the following circumstances occurs:(1) The obligee's rights have not been fulfilled upon expiration of the time limit for paying debts;(2) The mortgagor has been declared bankrupt or has been dissolved;(3) Any circumstance for realizing the right to mortgage as stipulated by the parties concerned occurs; or(4) Any other circumstance that will seriously affect the realization of obligee's rights.

Article 197When the obligor fails to pay its/his due debts or any circumstance for realizing the right to mortgage as stipulated by the parties concerned occurs, and the property under mortgage is thus seized by the people's court according to law, the mortgagee may, as of the date of seizure, be entitled to collect natural or statutory derivatives of the property under mortgage, unless the mortgagee has failed to notify the obligor to pay off statutory fruits.The "derivatives" as prescribed in the preceding paragraph shall be used for paying the expenses for the collection of fruits in the first place.

Article 198After the property under mortgage has been converted into money, auctioned or sold off, the value exceeding the obligee's rights shall belong to the mortgagor, and the gap shall be paid off by the obligor.

Article 199If a same property is mortgaged to two or more obligees simultaneously, the money incurred from the auction or sale of the property under mortgage shall be used as payments in light of the following prescriptions:(1) If all the rights to mortgage have been registered, the payments shall be made in light of the sequence of registration; and if the sequence of registration is the same, the payments shall be made in light of the proportion of obligee's rights;(2) The right to mortgage that has been registered shall be cleared off prior to the one that has not been registered; and(3) If no right to mortgage has been registered, the payments shall be made in light of the proportion of obligee's rights.

Article 200After the right to use land for construction is mortgaged, the newly-constructed buildings on the land shall not belong to the properties under mortgage. When the aforesaid right to use land for construction needs to be disposed of for the realization of the right to mortgage, the newly-constructed buildings on the land can be disposed of together, however, the mortgagee shall not be entitled to seek preferred payments from the money incurred from the disposal of these newly-constructed buildings.

Article 201In case the right to the contracted management of land prescribed in Item (3) of Paragraph 1 of Article 180 of this Law is mortgaged, or the right to use land for construction occupied by the plant or any other building of a township or village enterprise is mortgaged according to Article 183 of this Law, after the right to mortgage is realized, no nature of land ownership or land use may be changed without completing the statutory procedures.

Article 202A mortgagee shall exercise the right to mortgage within the limitation of action for the principal obligee's rights, otherwise, such right to mortgage will not be protected by the people's court.

Section 1 Right to Mortgage at Maximum Amount

Article 203An obligor or third party may, for the security of payment of debts, provide security of mortgage to the obligee for the obligee's rights that will continuously occur within a certain term, and when the obligor fails to pay its/his due debts or any circumstance for realizing the right to mortgage as stipulated by the parties concerned occurs, the mortgagee shall be entitled to seek preferred payments from the security properties within the maximum amount of obligee's rights.The obligee's rights that have existed before the right to mortgage at maximum amount is established may be incorporated into the scope of obligee's rights under the security by mortgage at maximum amount.

Article 204In case part of obligee's rights are transferred before the security by mortgage at maximum amount is established, the right to mortgage at maximum amount shall not be transferred, unless it is otherwise stipulated by the parties concerned.

Article 205Before the obligee's rights under the security by mortgage at maximum amount are determined, the mortgagee and the mortgagor may change the term for determining the obligee's rights, the scope of obligee's rights or the maximum amount of obligee's rights by agreement, however, such change shall not produce any unfavorable influence on any other mortgagee.

Article 206If any of the following circumstances occurs, the mortgagee's obligee's rights shall be determined:(1) The term for determining the obligee's rights as stipulated expires;(2) There is no stipulation about the term for determining the obligee's rights or the relevant stipulations are unclear, and the mortgagee or the mortgagor requests to determine the obligee's rights after two years as of the date for establishing the right to mortgage at maximum amount;(3) No new obligee's right may occur;(4) The property under mortgage is sealed up or seized;(5) The obligor or the mortgagor is announced as bankrupt or is revoked; or(6) Any other circumstance for determining the obligee's rights as prescribed by any other law occurs.

Article 207The right to mortgage at maximum amount shall be applicable to the provisions on general right to mortgage as prescribed in Section 1 of this Chapter in addition to the provisions in this Section.

**Chapter XVII Right of Pledge**

Property Law of the People's Republic of China

Section 1 Pledge of Movable Properties

Article 208An obligor or third party may, for the security of the payment of debts, pledge his (its) movable properties to the obligee for possession, and when the obligor fails to pay due debts or any circumstance for realizing the right of pledge as stipulated by the parties concerned occurs, the obligee shall be entitled to seek preferred payments from the said movable properties.The 'debtor' or 'third party' as prescribed in the preceding paragraph shall be the pledger, the 'obligee' shall be the pledgee, and the 'movable properties' as delivered shall be the pledge.

Article 209The movable properties prohibited to be pledged by any law or administrative regulation shall not be pledged.

Article 210For the creation of the right of pledge, the parties concerned shall conclude a contract on the right of pledge in written form.A contract on the right of pledge shall generally include the following clauses:(1) The variety and amount of the principal obligee's rights;(2) The time limit for the obligor to pay off debts;(3) The name, amount, quality and condition of the pledge;(4) The range of security; and(5) The time for the transfer of pledge.

Article 211Before the time limit for paying debts expires, the pledgee and the pledger shall not stipulate that the ownership of pledge be transferred to the obligee when the obligor fails to pay due debts.

Article 212The right of pledge shall be established after the pledgee has transferred the pledge.

Article 213A pledgee shall be entitled to obtain the derivatives of the pledge, unless it is otherwise stipulated in the contract.The "derivatives" as prescribed in the preceding paragraph shall be used for paying the expenses for the collection of the derivatives in the first place.

Article 214In case a pledgee, within the duration of the right of pledge, illegally uses or disposes of the pledge without consent of the pledger, and thus causes damages to the pledger, he/it shall be liable for compensations.

Article 215A pledgee shall be liable for properly keeping the pledge; and in case the pledge is destroyed or lost due to improper keeping, the pledgee shall be liable for compensations.In case any act of the pledgee may make the pledge damaged or lost, the pledger may require the pledgee to submit the pledge to a competent authority or require to the payment of debts in advance and take back the pledge.

Article 216In case any cause not attributable to the fault of the pledgee may result in the destruction of the pledge or an evident decrease of the value of the pledge, and which is sufficient to damage the rights of the pledgee, the pledgee shall be entitled to request the pledger to provide corresponding security. In case the pledger refuses to do so, the pledgee may auction or sell off the pledge, and may, by concluding an agreement with the pledger, seek preferred payments for the obligee's rights in advance with the money incurred from the auction or sell-off of the pledge, or submit the said money to a competent authority.

Article 217In case a pledgee transfers the pledge within the duration of the right of pledge without consent of the pledger, and thus causes the destroy or loss of the pledge, he shall be liable for making compensations to the pledger.

Article 218A pledgee may waive the right of pledge. In case an obligor establishes the right of pledge by own properties, and the pledgee waives the right of pledge, other security providers will be exempted from the security liability within the scope for which the pledgee has lost the right to seek preferred payments, unless any of other security providers promises to provide the security all the same.

Article 219In case the obligor has paid off the debts or the pledger has fulfilled the obligee's rights as secured in advance, the pledgee shall return the pledge.In case an obligor fails to pay off its due debts or any circumstance for realizing the right of pledge as stipulated by the parties concerned occurs, the pledgee may, by concluding an agreement with the pledger, convert the pledge into money or seek preferred payments from the money incurred from the auction or sell-off of the pledge.The pledge shall be converted into money or be sold off by referring to its market price.

Article 220A pledger may require the pledgee to timely exercise the right of pledge upon expiration of the time limit for paying debts; in case the pledgee fails to do so, the pledger may request the people's court to auction or sell off the pledge.In case a pledger requires the pledgee to timely exercise the right of pledge, but the pledgee is lazy to exercise such right and thus causes the damages, the pledgee shall be liable for compensations.

Article 221After the pledge is converted into cash, auctioned or sold off, the value exceeding the obligee's rights shall belong to the mortgagor, and the gap shall be paid off by the obligor.

Article 222The pledger and the pledgee may establish the right of pledge of maximum amount through negotiations.The right of pledge of maximum amount shall be governed by the relevant provisions prescribed in this Section, and also be governed by the provisions on the right to mortgage at maximum amount prescribed in Section 1 of Chapter 16 of this Law by analogy.

Section 1 Pledge of Rights

Article 223The following rights which an obligor or third party has the right to dispose of may be pledged:(1) Money orders, checks, and cashier's checks;(2) Securities and deposit receipts;(3) Warehouse receipts and bills of lading;(4) Transferable fund units and stock rights;(5) Exclusive trademark rights, patent rights, copyrights or other property rights in intellectual property that can be transferred;(6) Account receivables; and(7) Other property rights that can be pledged according to any law or administrative regulation.

Article 224As for the pledge of a money order, check, cashier's check, securities, deposit receipt, warehouse receipt or bill of lading, the parties concerned shall conclude a written contract. The right of pledge shall be established after the title certificate of the pledge has been transferred to the pledgee. If there is no title certificate, the right of pledge shall be established after the relevant department has registered the pledge.

Article 225If the date of redemption or delivery of the money order, check, cashier's check, securities, deposit receipt, warehouse receipt or bill of lading before the deadline of principal obligee's rights, the pledgee may make redemption or pick up the goods, and may, by concluding an agreement with the pledger, seek preferred payments in advance with the money redeemed or the goods picked up, or submit the said money or goods to a competent authority for keeping.

Article 226As for the pledge of fund units or stock rights, the parties concerned shall conclude a written contract. As for the pledge of fund units or the stock rights registered in the securities depository and clearing institution, the right of pledge shall be established after the securities depository and clearing institution has registered the pledge. As for the pledge of other stock rights, the right of pledge shall be established after the administrative department for industry and commerce has registered the pledge.After the fund units or stock rights have been pledged, they shall not be transferred, unless it is otherwise agreed to by the pledger and the pledgee upon negotiations. The pledger shall fulfill the obligee's rights to the pledgee in advance with the money incurred from the transfer of fund units or stock rights, or submit the aforesaid money to a competent authority for keeping.

Article 227In the case of the pledge of registered trademark rights, patent rights, copyrights or other property rights in the intellectual property, the parties concerned shall conclude a written contract, and the right of pledge shall be established when the relevant competent authority has registered the pledge.After the property rights in the intellectual property have been pledged, the pledger shall not transfer the pledge or permit anyone else to use it, unless it is otherwise agreed to between the pledger and the pledgee after negotiations. The pledger shall use the money incurred from transferring the pledged intellectual property or permitting anyone else to use it to fulfill the obligee's rights in advance, or submit the aforesaid money to a competent authority for keeping.

Article 228As for the pledge of receivables, the parties concerned shall conclude a written contract, and the right of pledge shall be established when the relevant credit rating institution has registered the pledge.After the receivables have been pledged, the pledger shall not transfer the pledge, unless it is otherwise agreed on by the pledger and the pledgee upon negotiations. The pledger shall use the money incurred form the transfer of accounts receivable to fulfill the obligee's rights in advance, or submit the aforesaid money to a competent authority.

Article 229The pledge of rights shall be governed by the provisions on the pledge of movable properties prescribed in Section 1 of this Chapter in addition to the provisions prescribed in this Section.

**Chapter XVIII Lien**

Article 230In case an obligor (debtor) fails to pay its due debts, the obligee (creditor) may take the lien of the obligor's movable properties he has lawfully possessed, and be entitled to seek preferred payments from these movable properties.The 'obligee' prescribed in the preceding Paragraph shall be the lienor (lien holder), and the 'movable properties' as

occupied shall be the property under lien.

Article 231The movable properties taken as lien by the obligee shall fall into a same legal relationship with the obligee's rights, except for the lien between the enterprises.

Article 232No lien may be taken if any law prohibits to do so or the parties concerned stipulate not to do so.

Article 233In case a property under lien is a divisible object, the value of the property under lien shall be equal to the amount of debts.

Article 234A lienor shall be obliged to properly keep the property under lien, and shall be liable for compensations if the property under lien is damaged or lost due to improper keeping.

Article 235A lienor shall be entitled to obtain the fruits of the property under lien.The 'fruits' prescribed in the preceding paragraph shall be used for paying off the expenses for the collection of the fruits in the first place.

Article 236A lienor shall stipulate the term for fulfilling the obligee's rights with the obligor after the property is taken as lien; and in case there is no such stipulation or such stipulations are unclear, the lienor shall give two months or more to the obligor for him (it) to fulfill the obligee's rights, except for fresh goods, perishable goods or those movable properties that are not easy to be kept. In case the obligor fails to fulfill the obligee's rights within the time limit, the lienor may, by concluding an agreement with the obligor, convert the property under lien into money, or seek preferred payments from the money incurred from the auction or sell-off the property under lien.The property under lien shall be converted into money or sold off by referring to its market price.

Article 237An obligor may request the lienor to exercise the lien upon expiration of the time limit for fulfilling the obligee's rights; and in case the lienor fails to do so, the obligor may request the people's court to auction or sell off the property under lien.

Article 238After the property under lien is converted into money, auctioned or sold off, the value exceeding the obligee's rights shall belong to the obligor, and the gap shall be paid off by the obligor.

Article 239In case the right to mortgage or the right of pledge has been established on a movable property, and this movable property is taken as lien again, the lienor shall be entitled to seek preferred payments.

Article 240In case a lienor losses the possession of the property under lien or accepts other security separately provided by the obligor, the lien shall perish.

**Part Five Possession**

**Chapter XIX Possession**

Article 241With respect to the possession occurred on the basis of a contractual relationship, the use, proceedings and default liability of the relevant real property or movable property shall be governed by the stipulations in the contract; and in case there is no such stipulation in the contract or the stipulations are unclear, the relevant legal provisions shall be applied.

Article 242In case a possessor uses the real property or movable property under his (its) possession, and causes this real property or movable property to be damaged, a malicious possessor shall be liable for compensations.

Article 243In case a real property or movable property is possessed by a possessor, the holder may request the return of original object and its fruits, but shall pay necessary expenses to the bone fide possessor for the maintenance of this real property or movable property.

Article 244In case a real property or movable property under possession is damaged or lost, and the holder of this real property or movable property requests for compensations, the possessor shall return the insurance money, damages or indemnities obtained from the said destruction or loss to the holder; and in case the impairment to the holder has not been sufficiently made up, a malicious possessor shall be liable for compensations.

Article 245In case a real property or movable property under possession is encroached on, the possessor shall be entitled to demand the return of the original object (property); with respect to any act that may impair the possession, the possessor shall be entitled to require the elimination of impairment or danger; and in case any impairment is caused due to encroachment or interference, the possessor shall be entitled to ask for damages.The claim of a possessor for returning the original object shall be exercised within one year as of the date of encroachment, otherwise, such claim shall perish.

**Supplementary Provisions**

Article 246Before any law or administrative regulation prescribes the scope, organ and measures for uniform registration of real properties, a local regulation may prescribe relevant matters according to the relevant provisions in this Law.

Article 247This Law shall come into effect as of October 1, 2007.


Show More ⌄

**RELATED STORIES**

Measures for the Administration of the Customer Asset Management Business of Securities Companies



**SERVICES**

**CONTACT THE PREMIER**

Property Law of the People's Republic of China

Copyright© www.gov.cn | About us | Contact us

Registration Number: 05070218

All rights reserved. The content (including but not limited to text, photo, multimedia information, etc) published in this site belongs to www.gov.cn.

Without written authorization from www.gov.cn, such content shall not be republished or used in any form.