# YANG
# EXHIBIT 32

**MORNINGSIDE**
*A Questel Company*

morningtrans.com

# TRANSLATION CERTIFICATION

Date: 2026/07/08

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- '(2016) Min 02 Min Zhong No. 3857.pdf'

Samuel Wu, Managing Director of this company, attests to the following:
"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Signature of **Samuel Wu**, Managing Director

Questel Confidential: Limited External Use

299 South Main Street, Suite 1300
Salt Lake City, UT 84111

# Civil Judgment of Second Instance Concerning Disputes over Trademark Ownership and Trademark Infringement Parties between Guo and Xiamen Youjue Investment Consulting Co., Ltd., Fujian Longge Intellectual Property Affairs Co., Ltd., Gansu Zhicheng Trademark Agency Co., Ltd., Sanquan Food Co., Ltd.

**Court of Trial:** Xiamen Intermediate People's Court, Fujian Province

**Case No.:** (2016) Min 02 Min Zhong No. 3857

**Judgment Date:** 12/26/2016

**Cause of Action:** Civil Case / Intellectual Property and Competition Disputes / Disputes over Ownership and Infringement of Intellectual Property Rights / Disputes over Ownership and Infringement of Trademark Rights / Disputes over Trademark Ownership
Civil Case / Tort Liability Disputes / General Tort Disputes

---------------------------------------------------------------------------------------------------------------------------

Appellant (Original Plaintiff): Guo, male, born November 18, 1958, Han ethnicity, residing in Ganzhou District, Zhangye City, Gansu Province.

Authorized Litigation Representative: Haiying Zhang, Attorney at Fujian Lanhai Law Firm.

Authorized Litigation Representative: Yue Niu, Attorney at Gansu Jinshu Law Firm.

Appellant (Original Defendant): Xiamen Youjue Investment Consulting Co., Ltd., Registered Address: Room 509, No. 59 Lianqian West Road, Siming District, Xiamen City, Fujian Province (Yihong Mansion).

Legal Representative: Junjie Yan, General Manager.

Authorized Litigation Representative: Qinghua Chen, Attorney at Fujian Tianheng United Law Firm.

Authorized Litigation Representative: Wenxiang Zhang, Attorney at Fujian Tianheng United Law Firm.

Third Parties to the Original Trial: Fujian Longge Intellectual Property Affairs Co., Ltd., Registered Address: Units C3-B & D2A, 5th Floor, No. 458 Xianyue Road, Siming District, Xiamen City, Fujian Province.

Legal Representative: Lin Lin, General Manager.

Third Parties to the Original Trial: Gansu Zhicheng Trademark Agency Co., Ltd., Registered Address: No. 131-139 Zhongshan Road, Chengguan District, Lanzhou City, Gansu Province (Haihong Mansion).

Legal Representative: He Huang, Manager.

Third Parties to the Original Trial: Sanquan Food Co., Ltd., Registered Address: Middle Changxing Road, Comprehensive Investment Zone, Zhengzhou City, Henan Province.

Legal Representative: Nan Chen, Chairman.

Authorized Litigation Representative: Dongzheng Jia, Staff Member of the Company.

Guo (the Appellant) filed an appeal against Xiamen Youjue Investment Consulting Co., Ltd. (hereinafter referred to as Youjue Company, also an appellant), Fujian Longge Intellectual Property Affairs Co., Ltd. (hereinafter referred to as Longge Company), Gansu Zhicheng Trademark Agency Co., Ltd. (hereinafter referred to as Zhicheng Company), and the third party Sanquan Food Co., Ltd. (hereinafter referred to as Sanquan Company) over a dispute concerning trademark ownership and infringement, refusing to accept Civil Judgment (2016) Min 0203 Min Chu No. 1150 rendered by Siming District People's Court of Xiamen City, and filed an appeal with this Court. This Court accepted the case on September 27, 2016, and formed a collegial panel to conduct the trial in accordance with the law. Guo and his authorized litigation representatives Haiying Zhang and Yue Niu, Qinghua Chen (authorized representative of Youjue Company), and Dongzheng Jia (authorized representative of Sanquan Company appeared in court for the hearing. Longge Company and Zhicheng Company, as third parties in the original trial, received summons from this Court but failed to appear without justifiable reasons. This case has now concluded its hearing.



Appeal Claims of Guo: 1. Vacate Civil Judgment (2016) Min 0203 Min Chu No. 1150; 2. Revise the judgment to confirm that the trademark No. 4168891 reading "ZHUANGYUAN" belongs to Guo, and order Youjue Company to complete trademark transfer registration formalities with Guo in accordance with the law. Factual and Legal Grounds: 1. As the owner of the disputed trademark, Guo never expressed any intention to transfer the trademark nor took any actual transfer action. No trademark transfer contractual relationship exists between Guo and Youjue Company, and the ownership of the disputed trademark shall belong to Guo from the very beginning. 2. The judgment of the first instance misascertained key facts: (1) The first trial failed to clarify where Youjue Company obtained the disputed trademark, who forged Guo's signature, whether Youjue Company paid corresponding consideration, and whether genuine transactions took place between the two parties. (2) The first trial did not ascertain what role Longge Company played in the process of transferring the registered trademark to Youjue Company. (3) Youjue Company did not raise the argument that the trademark had been transferred to Sanquan Company during the original trial. After Guo informed the court of Sanquan Company's use of the trademark during the retrial, the court added Sanquan Company as a third party, yet it remains unclear when Sanquan Company purchased the trademark from Youjue Company. Youjue Company had no right to transfer the trademark prior to the court judgment. Sanquan Company purchased the trademark while Guo and Youjue Company were litigating over its ownership, which proves Sanquan Company colluded with Youjue Company, and Sanquan Company cannot claim bona fide acquisition. 3. The first instance judgment erroneously applied the law. The Trademark Transfer Contract signed by Sanquan Company and Youjue constitutes an unauthorized disposition by Youjue that infringes Guo's trademark ownership, and the bona fide acquisition rules shall not apply to this case. Applying the bona fide acquisition provisions stipulated in the Property Law of the People's Republic of China to trademark ownership disputes within the scope of intellectual property law constitutes an error in legal application. Youjue Company shall unconditionally cooperate with Guo to complete trademark transfer registration. Any consideration paid by Sanquan Company and losses sustained by Sanquan shall be separately claimed against Youjue Company by Sanquan Company. 4. The first instance judgment contains logical flaws. The judgment only ordered Youjue Company to compensate Guo RMB 30,000. If the judgment takes effect, Youjue Company will retain an illegal profit of RMB 235,000 as a party without the right of disposition.

Defense of Youjue Company: 1. The first instance judgment correctly ruled that Sanquan Company obtained ownership of the disputed trademark, as Youjue Company filed the trademark transfer application far earlier than the date Guo first initiated litigation. 2. Even if the notarized certificate is fake, Guo failed to submit evidence proving the signatures and seals on the Trademark Transfer Contract and Application for Transfer of Registered Trademark were not his own, nor did he apply for judicial authentication, so he shall bear the adverse consequence of insufficient evidence. The first instance judgment erred in finding unauthorized disposition by a counterfeiter merely based on the invalid notarized certificate and Guo's unilateral statements. 3. The first trial found Guo orally entrusted Zhicheng Company to file the "ZHUANGYUAN" trademark application on July 14, 2004, yet the signature and seal on the Trademark Agency Power of Attorney submitted to the Trademark Office were not his own. During the first second-instance hearing, Guo confirmed in court that the signatures and seals on the Trademark Transfer Contract and Transfer Application were identical to those on the 2004 agency document, which sufficiently proves Guo entrusted the same person to complete both trademark registration and transfer formalities. 4. Guo has never offered a reasonable explanation as to why the original trademark registration certificate issued by the Trademark Office was in the hands of the alleged counterfeiter. 5. The evidence submitted by Youjue Company forms a complete evidentiary chain proving it paid RMB 30,000 as transfer consideration and acquired the trademark in good faith. 6. The person handling the trademark transfer formalities held Guo's original ID card, original trademark registration certificate and original notarized document; even the notary public could not verify their authenticity, so Youjue Company had no capacity to identify the forgery. Youjue Company submitted all documents required by the Trademark Office and bears no fault. 7. If a third party forged Guo's documents, the counterfeiter shall bear tort compensation liability. In summary, Guo's appeal claims lack factual and legal grounds and shall be dismissed.

Appeal Claims of Youjue Company: 1. Vacate the judgment of the first instance and revise it to dismiss all litigation claims filed by Guo in the original trial; 2. Order all litigation costs of the first and second instances to be borne by Guo. Factual and Legal Grounds: 1. Youjue Company acquired the trademark in good faith and has fully paid the transfer consideration: Youjue Company acted in good faith when purchasing the trademark. The party conducting the transfer held Guo's original ID card, original trademark certificate and original notarized Statement, and Youjue Company had no knowledge that the notarized document was forged. (2) The trademark was transferred at a reasonable price with full payment completed. The contract stipulated a transfer fee of merely RMB 30,000, so the parties completed the spot transaction. Youjue confirmed receipt of all documents guaranteeing successful

transfer and paid RMB 30,000 in cash on site. Xiaoquan Zheng, the handler, withdrew the money via his personal account and his wife Wei Jiang's bank account. The withdrawal amount, time and payment terms agreed in the contract form a complete evidentiary chain confirming full payment of RMB 30,000 consideration. The transferor would not risk criminal liability to assign the trademark without receiving payment; if Youjue had failed to pay, the transferor could have refused to proceed with the trademark transfer in accordance with the contract. 2. Appellee Guo submitted no evidence proving the signatures and seals on the Trademark Transfer Contract and Application for Transfer of Registered Trademark were forged by a third party. Appellant Youjue completed the transfer formalities relying on the Trademark Transfer Contract signed by Guo, notarized Statement and Application for Transfer of Registered Trademark. Only the notarized Statement was revoked; no evidence proves the signatures and seals on the Trademark Transfer Contract and Application for Transfer of Registered Trademark do not belong to Guo. 3. Either the Appellee Guo personally signed and sealed the Trademark Transfer Contract and Application for Transfer of Registered Trademark, or he authorized another person to execute such documents on his behalf. After trademark registration approval, the State Trademark Office issues the original Trademark Registration Certificate to the trademark owner per statutory procedures. Per notarization rules, Guo, as the applicant for the Statement notarization, was required to present the original Trademark Registration Certificate to the notary public. During the transaction between the two parties, the original certificate of the disputed trademark was handed over to the Appellant by the person impersonating "Guo" for trademark transfer formalities. If the transferor had no authorization from Guo, he could not have possessed the original Trademark Registration Certificate. During the prior first instance hearing, Guo confirmed in court that the signature and private seal on the 2004 Trademark Agency Power of Attorney for the disputed trademark were not his own. During the prior second instance hearing, he further acknowledged that the signatures and private seals on the Trademark Transfer Contract and Application for Transfer of Registered Trademark matched those on the 2004 agency document, proving Guo entrusted the same individual to handle both trademark registration and transfer procedures. 4. Even if Guo neither signed the transfer documents nor authorized a third party to sign on his behalf, Youjue Company, the Appellant, had reasonable grounds to believe the transferor held valid agency authority when acquiring the trademark. This constitutes apparent authority, rendering the trademark transfer valid. 5. When acquiring the disputed trademark, Youjue Company inspected the transferor's original ID card (retaining a fax copy), the original Trademark Registration Certificate and original notarized Statement, and submitted all required transfer documents to the national Trademark Office. Youjue Company bore no transactional fault and shall not compensate Guo's losses. If the signatures and seals were forged by a third party, the forger shall bear all compensation liability. Moreover, Guo provided no evidence to prove the existence or amount of his alleged losses.

Defense of Appellee Guo: 1. No valid payment receipts or evidence prove Youjue Company paid reasonable consideration for the trademark. 2. Youjue Company's disposal of the trademark under a false identity constitutes intentional tort against Guo's property, rather than mere unauthorized disposition. 3. Youjue Company did not act in good faith during the transfer. It must have known the notarized certificate was forged, as such notarized statements are mandatory legal documents for trademark transfers. The mastermind behind the forgery is self-evident now that the certificate has been confirmed fake. 4. Per Youjue Company's own statement, the legal representative's wife flew all the way to Gansu to deliver cash payment, while the trademark agency was located in Xiamen — this arrangement contradicts normal commercial practice. 5. Zhicheng Company detained the original Trademark Registration Certificate, which enabled Youjue Company to conduct the illegal transfer later.

Submissions of Original Trial Third Party Sanquan Company: 1. Sanquan Company signed the Trademark Transfer Agreement with Youjue Company on April 28, 2012, over four years after Xiamen Tianxing Textile Co., Ltd. (hereinafter referred to as Tianxing Company) obtained the trademark. Guo never raised any objection to Sanquan Company during this period. Sanquan Company had no knowledge of the third party's forgery of Guo's identity and signature to transfer the trademark, nor was it under a reasonable duty to discover such fraud. 2. The Trademark Transfer Agreement between Sanquan and Youjue reflects genuine mutual intent, violates no mandatory statutory provisions, and contains no grounds for invalidity or revocation. Sanquan paid the full transfer fee of RMB 265,000 as agreed and completed all statutory trademark transfer procedures. As a bona fide transferee, its legitimate rights and interests shall be protected by law. 3. Sanquan Company has actually used the "ZHUANGYUAN" trademark. As the registered owner and actual user, its interests deserve legal protection. Since 2012, Sanquan has printed the "ZHUANGYUAN" trademark on dumpling packaging and invested substantial funds in advertising and

Civil Judgment of Second Instance Concerning Disputes over Trademark Ownership and Trademark Infringement Parties between Guo and Xiamen Youjue Investment Consulting Co., Ltd., Fujian Longge Intellectual Property Affairs Co., Ltd., Gansu Zhicheng Trademark Agency Co., Ltd., Sanquan Food Co., Ltd.

brand promotion for its "ZHUANGYUAN" dumpling line. "ZHUANGYUAN" dumplings produced by Sanquan have gained high market recognition and reputation among consumers. Ordering the "ZHUANGYUAN" trademark to be returned to Guo would cause massive economic losses to Sanquan and confuse consumer brand recognition. 4. The order of trademark transactions shall be maintained, and Sanquan Company's legitimate rights and interests as a bona fide trademark transferee shall be protected by law. If all subsequent trademark transactions are invalidated merely due to defects in the initial transfer, the interests of bona fide subsequent transferees cannot receive effective legal protection. Permanent uncertainty over trademark ownership will contradict the core legal objectives of predictability, foreseeability and stability of property rights. 5. The bona fide acquisition doctrine and relevant legal principles under the Property Law of the People's Republic of China apply to this case. Discrepancies often arise between nominal recorded title and actual ownership during the circulation and transfer of property rights. Bona fide acquisition serves as an effective legal remedy to resolve disputes arising from unauthorized disposition. The bona fide acquisition system imposes no restrictions on the type of property subject matter, which may include both tangible and intangible property rights. Applying the bona fide acquisition doctrine to trademark rights not only protects the interests of bona fide third parties, but also safeguards market transaction order and transaction security for trademark right circulation, and objectively compels original trademark owners to exercise reasonable supervision over their proprietary rights. 6. Guo's claims to confirm ownership of trademark No. 4168891 "ZHUANGYUAN" and order Youjue Company to complete transfer registration lack factual and legal basis. Sanquan Company executed the Trademark Transfer Agreement with Youjue Company on April 28, 2012, over four years after the initial trademark assignment in early 2008 involving Guo's registered trademark. Guo never raised any objection against Sanquan Company throughout this period, and his administrative lawsuit filed against the Trademark Office was dismissed due to expired statute of limitations. This fully demonstrates Guo failed to properly manage his registered trademark and breached his reasonable duty of care, bearing inherent fault himself. Sanquan Company purchased the disputed trademark directly from Youjue Company rather than from Guo. No contractual or other legal right-and-obligation relationship exists between Sanquan Company and Guo, so Guo has no legal standing to assert any claims against Sanquan Company. Any conduct of a third party forging Guo's identity information and imitating his signature to transfer his registered trademark constitutes a breach of contract or civil tort. The contracting parties or tortfeasors shall bear corresponding liability for breach of contract or tort compensation in accordance with law; where such conduct constitutes a criminal offense, relevant perpetrators shall also be subject to criminal liability pursued by state judicial organs. In summary, Sanquan Company's interests as a bona fide trademark transferee deserve legal protection. Guo's request to confirm ownership of trademark No. 4168891 "ZHUANGYUAN" and order Youjue Company to complete trademark transfer registration formalities lacks factual and legal supporting grounds.

Longge Company and Zhicheng Company, third parties to the original trial, neither appeared in court nor submitted written defense statements.

Original Trial Claims Filed by Guo: 1. Confirm that trademark No. 4168891 "ZHUANGYUAN" is owned by Plaintiff Guo, and order Defendant Youjue Investment Consulting Co., Ltd. to cooperate with Guo to complete trademark transfer registration formalities in accordance with law; 2. Order Defendant Youjue Company to compensate Plaintiff Guo RMB 30,000 for economic losses caused by trademark infringement (calculated by reference to the transfer fee stipulated in the Trademark Transfer Contract); 3. Order all litigation costs of this case to be borne by Defendant Youjue Company

Facts Ascertained by the First Instance Court:

In 2004, Guo's daughter obtained the provincial college entrance examination top scorer (ZHUANGYUAN). On July 14, 2004, Guo orally entrusted Zhicheng Company to file an application for registration of the trademark "ZHUANGYUAN". On September 10, 2004, the Trademark Office of the State Administration for Industry and Commerce issued a Notification of Acceptance of Registration Application, notifying applicant Guo that it had accepted the trademark registration application for "ZHUANGYUAN".

On January 21, 2007, upon approval by the Trademark Office of the State Administration for Industry and Commerce, Guo obtained the registered trademark No. 4168891 "ZHUANGYUAN", designated for use on Class 30 goods including pies, flatbreads, dumplings, steamed buns, flour products, dried noodles and fried dough sticks, with a valid term from January 21, 2007 to January 20, 2017.

On January 16, 2008, Ganzhou District Notary Public Office of Zhangye City, Gansu Province issued Notarial Certificate of Statement No. (2008) Zhang Gan Gong Nei Zi No. 15, which records: On January 16, 2008, Guo appeared before a notary public at Ganzhou District Notary Public Office of Zhangye City, Gansu Province, signed the Statement and affixed his right index fingerprint in the notary's presence. The notarized Statement contains the

following content: "I voluntarily transfer the Trademark Registration Certificate No. 4168891 issued by the Trademark Office of the State Administration for Industry and Commerce of the People's Republic of China, together with the trademark graphic "ZHUANGYUAN", to Xiamen Tianxing Textile Co., Ltd. for consideration." The Statement bears a signature purported to be "Guo" and a fingerprint, dated January 16, 2008.

On January 18, 2008, a person purporting to be "Guo" executed a Trademark Transfer Contract with Tianxing Company. The contract stipulated that the person "Guo" would assign the registered trademark No. 4168891 "ZHUANGYUAN" to Tianxing Company for a total transfer fee of RMB 30,000. Tianxing Company was required to pay the full transfer fee in a lump sum to "Guo" upon receiving all documents signed by "Guo" for trademark transfer formalities together with the original Trademark Registration Certificate. The contract specifies its attachments include the original Trademark Registration Certificate and the Notarial Certificate of Statement (Notarial Certificate No. (2008) Zhang Gan Gong Nei Zi No. 15). The transferor section of the contract bears a signature and personal seal purported to be "Guo". Subsequently, a three-party Application for Transfer of Registered Trademark was executed with "Guo" as transferor, Tianxing Company as transferee and Longge Company as the trademark agency, with a signature and personal seal purported to be "Guo" affixed in the transferor section. The materials submitted to the Trademark Office of the State Administration for Industry and Commerce to complete the trademark transfer included Notarial Certificate of Statement No. (2008) Zhang Gan Gong Nei Zi No. 15 and its attached Statement, the Application for Transfer of Registered Trademark, and a Trademark Agency Power of Attorney bearing Guo's signature and private seal.

Official trademark status records show the following changes for the disputed trademark: January 24, 2008: Pending Transfer Review; October 7, 2008: Transfer Completed; June 1, 2011: Pending Review for Cancellation Due to Three Consecutive Years of Non-Use; May 9, 2012: Pending Transfer Review; February 19, 2013: Review of Cancellation Due to Three Consecutive Years of Non-Use Completed.

On March 10, 2011, Guo submitted an Application for Revocation of Notarial Certificate No. (2008) Zhang Gan Gong Nei Zi No. 15 to Ganzhou District Notary Public Office of Zhangye City, Gansu Province, alleging an unknown third party had impersonated his identity, forged his signature and identity card to fraudulently obtain Notarial Certificate of Statement No. (2008) Zhang Gan Gong Nei Zi No. 15, and requesting the notary office to revoke the said notarial certificate. On August 4, 2011, Ganzhou District Notary Public Office of Zhangye City, Gansu Province issued Decision on Revoking Notarial Certificate of Statement No. (2008) Zhang Gan Gong Nei Zi No. 15, No. (2011) Zhang Gan Zheng Che Zi No. 1, which finds as follows: The resident identity card and handwritten signature submitted by the genuine Guo are inconsistent with the identity card and signature provided by the person purporting to be "Guo" who attended the notarization of the Statement on January 16, 2008. The notarial certificate was fraudulently obtained by a third party submitting false evidentiary materials. Based on the above findings, the notary office decided to revoke Notarial Certificate of Statement No. (2008) Zhang Gan Gong Nei Zi No. 15, which shall be deemed null and void ab initio.

On February 25, 2013, Beijing Higher People's Court issued Administrative Ruling No. (2013) Gao Xing Zhong Zi No. 166 in the administrative litigation case wherein Guo requested the court to order the Trademark Office of the State Administration for Industry and Commerce to take specific administrative action within a prescribed time limit on his Application for Revoking the Approved Registration of Trademark Transfer No. 4168891. The Ruling confirms the following facts: Guo is the original owner of the disputed trademark. On October 6, 2008, after receiving the application to transfer the disputed trademark from Guo to Tianxing Company, the Trademark Office issued an official announcement approving the trademark transfer. On September 9, 2011, Guo submitted an Application for Revoking the Approved Registration of Trademark Transfer No. 4168891 to the Trademark Office, with the following requests: 1. Order the Trademark Office to revoke the trademark transfer registration approval for registered trademark No. 4168891 issued on October 7, 2008; 2. Restore the trademark's legal status prior to the transfer and issue a corresponding public announcement. Based on the above ascertained facts, the Ruling holds that although Guo requested the Trademark Office to perform relevant administrative handling duties, his application essentially constituted an administrative lawsuit challenging the approved trademark transfer. Pursuant to Paragraph 1 of Article 41 of the Judicial Interpretation on Several Issues Concerning the Implementation of the Administrative Procedure Law of the People's Republic of China, the litigation had exceeded the statutory statute of limitations for filing an administrative lawsuit, meaning Guo's lawsuit failed to meet statutory filing prerequisites. The court ultimately ruled to uphold the first-instance Ruling No. (2012) Yi Zhong Xing Chu Zi No. 3058 rendered by Beijing No. 1 Intermediate People's Court and dismiss Guo's administrative lawsuit.

In April 2013, Guo filed a civil lawsuit with Chengguan District People's Court of Lanzhou City, Gansu Province, naming Zhicheng Company as defendant and Tianxing Company of Xiamen, Fujian as third party; the case was withdrawn in October 2013.

On May 27, 2014, Xiamen Tianxing Textile Co., Ltd. completed a name change approval with Xiamen Administration for Industry and Commerce and was renamed Xiamen Youjue Investment Consulting Co., Ltd.

Additional ascertained facts: On April 30, 2012, Tianxing Company executed a Trademark Transfer Agreement with Zhengzhou Sanquan Foods Co., Ltd., agreeing to assign trademark No. 4168891 "ZHUANGYUAN" and trademark No. 8246355 "ZHUANGYUAN" to Zhengzhou Sanquan Foods Co., Ltd. for a total transfer fee of RMB 265,000. Zhengzhou Sanquan Food Co., Ltd. paid the full RMB 265,000 transfer fee as agreed on May 8, 2012. On May 9, 2012, Zhengzhou Sanquan Food Co., Ltd. filed a trademark transfer application for trademark No. 4168891 with the Trademark Office of the State Administration for Industry and Commerce. The Trademark Office issued a Notification of Acceptance of Transfer Application on May 23, 2012, and formally approved the transfer registration of trademark No. 4168891 on August 14, 2015. As early as September 2012, Zhengzhou Sanquan Foods Co., Ltd. executed Television Advertisement Broadcast Contracts with multiple advertising agencies to broadcast advertisements for "Sanquan ZHUANGYUAN Northeast Dumplings" on media platforms including CCTV-1, Hunan Satellite TV and Anhui Satellite TV. On April 18, 2013, Zhengzhou Sanquan Foods Co., Ltd. completed a corporate name change and was renamed Sanquan Foods Co., Ltd.

Core Disputed Issues Identified by the Court of First Instance: 1. Statute of limitations; 2. Whether Youjue Company's acquisition of the disputed trademark constitutes bona fide acquisition; 3. Whether Sanquan Company's acquisition of the disputed trademark constitutes bona fide acquisition.

Disputed Issue 1: The court of first instance held that the fundamental cause of action in this case is a trademark ownership dispute, and claims to confirm trademark ownership are not subject to the two-year statute of limitations. Accordingly, the court rejected Youjue Company's defense argument that Guo's lawsuit was filed beyond the statute of limitations.

Disputed Issue 2: The court of first instance held that Article 106 of the Property Law of the People's Republic of China explicitly establishes the bona fide acquisition system. Trademark rights fall under intellectual property rights and do not constitute real property rights, yet trademark registration and transfer are subject to examination and registration by the national trademark authority. In light of the public trust power of trademark registration records, the principles and provisions governing bona fide acquisition shall apply to trademark circulation to maintain market stability and transaction security. Per Decision on Revoking Notarial Certificate of Statement No. (2008) Zhang Gan Gong Nei Zi No. 15, No. (2011) Zhang Gan Zheng Che Zi No. 1 issued by Ganzhou District Notary Public Office of Zhangye City, Gansu Province, the identity card and signature used for the Statement notarization were forged by a third party who submitted false materials to fraudulently obtain the notarial certificate, and the Statement was not personally signed by Guo. Therefore, Guo never manifested any subjective intent to transfer the disputed trademark. The transfer of the disputed trademark was an unauthorized disposition performed by a third party impersonating Guo. Whether a transferee can lawfully obtain trademark ownership hinges on whether the transferee satisfies all constituent elements of bona fide acquisition. Youjue Company claimed the person executing the trademark transfer formalities was either Guo himself or an agent duly authorized by Guo. However, during the original trial, Youjue Company consistently failed to submit a copy of the transferor's identity card or payment vouchers for the trademark transfer fee. During the original trial hearing, Youjue Company could not confirm whether the contracting party it dealt with was the Guo appearing in court. It was not until this trial that Youjue Company claimed the purported "Guo" faxed a copy of his identity card to it, and alleged that Xiaoquan Zheng flew to Lanzhou to complete trademark transfer formalities with the impersonator and paid RMB 30,000 cash to "Guo", submitting a copy of the purported "Guo" identity card, Xiaoquan Zheng's flight records, and ATM withdrawal slips belonging to Xiaoquan Zheng and Wei Jiang. The court of first instance held that the aforesaid evidence still failed to sufficiently prove Youjue Company fully verified the identity of the signing party at the time of trademark transfer. The ATM withdrawal slips of Xiaoquan Zheng and Wei Jiang lack sufficient valid causal connection with the disputed trademark transfer, and cannot prove Youjue Company paid reasonable consideration for the trademark transfer. Accordingly, the court ruled Youjue Company failed to satisfy the requirements for bona fide acquisition of the disputed trademark.

Disputed Issue 3: The court of first instance held that no evidence on record proves Sanquan Company had knowledge of the facts that a third party impersonated Guo to conduct unauthorized disposition of the trademark and that Youjue Company was not a bona fide transferee. When Youjue Company held the original Trademark Registration Certificate and Certificate of Approved Trademark Transfer, Sanquan Company executed the trademark transfer agreement with Youjue Company as the recorded registered trademark owner, paid a transfer fee of RMB 265,000, and completed all statutory trademark transfer registration procedures. Sanquan Company's acquisition of the disputed trademark satisfies all constituent elements of bona fide acquisition. As an enterprise engaged in food production and sales, Sanquan Company has also actually applied the disputed trademark to dumpling products it manufactures and sells. Legal ownership of the disputed trademark shall vest in Sanquan Company.

Case 7:24-cv-00232-DC    Document 156-11    Filed 07/08/26    Page 9 of 20

Civil Judgment of Second Instance Concerning Disputes over Trademark Ownership and Trademark Infringement Parties between Guo and Xiamen Youjue Investment Consulting Co., Ltd., Fujian Longge Intellectual Property Affairs Co., Ltd., Gansu Zhicheng Trademark Agency Co., Ltd., Sanquan Food Co., Ltd.

In conclusion, Sanquan Company has lawfully acquired the disputed trademark through bona fide acquisition, and its legitimate rights and interests shall be protected by law. Guo's claim to confirm full ownership of the disputed trademark lacks legal basis and is dismissed by the court of first instance. Youjue Company failed to acquire the trademark in good faith and is not the true legal owner of the trademark, yet it transferred the trademark to a third party for profit. Guo's claim requesting Youjue Company to compensate him for economic losses of RMB 30,000 complies with statutory provisions and is upheld by the court of first instance. Based on the above findings, pursuant to Article 106 of the Property Law of the People's Republic of China and Paragraph 1 of Article 64 of the Civil Procedure Law of the People's Republic of China, the court of first instance rendered the following judgment: 1. Defendant Xiamen Youjue Investment Consulting Co., Ltd. shall compensate Plaintiff Guo for economic losses in the amount of RMB 30,000 within ten days from the effective date of this judgment; 2. All other litigation claims filed by Plaintiff Guo are dismissed. Case acceptance fee of RMB 550 for the first instance shall be fully borne by Defendant Xiamen Youjue Investment Consulting Co., Ltd.

Evidence Submitted by Appellant Guo During the Second Instance Proceedings: 1. Trademark Transfer Contract; 2. Notification of Correction to Transfer Application. The recorded trademark transfer date stated on the above Trademark Transfer Contract is materially inconsistent with the date recorded on the Trademark Transfer Agreement submitted by Sanquan Company during the first instance. In addition, the above Trademark Transfer Contract contains no clauses regarding Sanquan Company's payment of RMB 265,000 consideration to Youjue Company. The Appellant has reasonable grounds to suspect the Trademark Transfer Agreement submitted by Sanquan Company during the first instance is a forged document. If Sanquan Company cannot provide valid proof of consideration payment, it cannot claim bona fide acquisition, and Sanquan Company shall bear corresponding legal liabilities for submitting forged evidence.

Cross-Examination Opinions of Appellee Youjue Company on Guo's Evidence: Youjue Company raises no objection to the authenticity of the submitted evidence. The discrepancy in execution dates between the Trademark Transfer Contract and Trademark Transfer Agreement constitutes a common industry practice, analogous to the discrepancy between private housing transaction contracts and filing contracts submitted to real estate administrative bureaus in real estate transactions.

Cross-Examination Opinions of Third Party Sanquan Company on Guo's Evidence: Sanquan Company raises no objection to the authenticity, legality and relevance of the evidence. This document is a standard official form issued by the Trademark Office, supplementary executed when completing trademark transfer formalities, and all seals and signatures affixed to the Trademark Transfer Contract are genuine. The agreement executed between Sanquan Company and Tianxing Company adopts a non-standard version not issued by the Trademark Office. Sanquan Company also submitted bank transfer receipts and other payment records during the first instance to prove full payment of the RMB 265,000 trademark transfer fee.

Appellant Youjue Company submitted no new evidence during the second instance.

Evidence Submitted by Third Party Sanquan Company During the Second Instance: 1. Audit Report; 2. Three-Year Market Operation Data for the Trademark "ZHUANGYUAN". The aforesaid evidence is intended to prove Sanquan Company invested substantial funds in and has continuously made actual commercial use of the disputed trademark.

Appellant Guo raises no objection to the authenticity and legality of the evidence, but objects to its intended probative purpose. Sanquan Company seeks to prove the commercial importance of the "ZHUANGYUAN" trademark to its business. Assuming Sanquan Company acquired two trademarks for a total consideration of RMB 265,000 on April 28, 2012, the amount paid for the disputed trademark alone was obviously far below its actual market value, meaning Sanquan Company cannot rely on the bona fide acquisition doctrine to validate its trademark ownership.

Appellant Youjue Company raises no objection to the evidence submitted by Sanquan Company.

Third parties Longge Company and Zhicheng Company submitted no evidence nor written cross-examination opinions during the second instance.

The facts ascertained in the first-instance judgment are confirmed as true and accurate.

Additional ascertained facts:

1. On January 18, 2008, when the person purporting to be "Guo" executed the Trademark Transfer Contract with Tianxing Company, Xiaoquan Zheng signed the contract on behalf of Tianxing Company.

2. On January 17, 2008, Xiaoquan Zheng withdrew RMB 20,000 via ATM (10 separate withdrawals of RMB 2,000 each). On the same day, Xiaoquan Zheng transferred RMB 10,000 via ATM to his wife Wei Jiang, who then withdrew the full RMB 10,000 via ATM (5 separate withdrawals of RMB 2,000 each).

3. On January 18, 2008, Xiaoquan Zheng took a flight from Xiamen to Lanzhou.



Case 7:24-cv-00232-DC    Document 156-11    Filed 07/08/26    Page 10 of 20

Civil Judgment of Second Instance Concerning Disputes over Trademark Ownership and Trademark Infringement Parties between Guo and Xiamen Youjue Investment Consulting Co., Ltd., Fujian Longge Intellectual Property Affairs Co., Ltd., Gansu Zhicheng Trademark Agency Co., Ltd., Sanquan Food Co., Ltd.

The above facts are supported by the Trademark Transfer Contract submitted by Guo, bank account transaction records, marriage certificate and airline flight records submitted by Youjue Company, other evidence submitted by both parties during the first instance, and relevant oral statements made during court hearings.

This court holds that, Article 106 of the Property Law of the People's Republic of China establishes the bona fide acquisition system, which provides that where a person without the right to dispose transfers real estate or movable property to a transferee, the original owner has the right to recover the property. Except as otherwise prescribed by law, the transferee obtains ownership of the real estate or movable property if all of the following conditions are satisfied: 1. The transferee acted in good faith at the time of accepting the transfer of the real estate or movable property; 2. The transfer was effected at a reasonable price; 3. Where registration is required by law for the real estate or movable property, registration has been completed; where registration is not required, the property has been delivered to the transferee. Where a transferee obtains ownership of real estate or movable property through bona fide acquisition, the original owner has the right to claim compensation for losses from the person without the right to dispose. Trademark rights constitute intellectual property rights with inherent property value and may be lawfully transferred. Trademark registration and transfer are subject to examination and registration by the Trademark Office of the State Administration for Industry and Commerce. In light of the public trust force of trademark registration records, the legal principles and provisions governing bona fide acquisition shall apply to the circulation of trademark rights to maintain market stability and transaction security.

The disputed trademark was filed and registered by Guo, who holds original ownership rights therein. Per Decision on Revoking Notarial Certificate of Statement No. (2008) Zhang Gan Gong Nei Zi No. 15, No. (2011) Zhang Gan Zheng Che Zi No. 1 issued by Ganzhou District Notary Public Office of Zhangye City, Gansu Province, the identity card and signature used for the Statement notarization were forged by a third party who submitted false materials to fraudulently obtain the notarial certificate, and the Statement was not personally signed by Guo. Therefore, Guo never manifested any subjective intent to transfer the disputed trademark. The 2008 transfer of the disputed trademark constituted an unauthorized disposition performed by a third party impersonating Guo. The core issue of this case is: whether the evidence submitted by Youjue Company sufficiently proves it actually paid the RMB 30,000 trademark transfer fee and whether its acquisition of the disputed trademark satisfies all constituent elements of bona fide acquisition.

To prove full payment of the trademark transfer fee, Youjue Company submitted bank account transaction records, marriage certificate, airline flight records, original Trademark Registration Certificate, Certificate of Approved Trademark Transfer and other supporting evidence. The evidence submitted by Youjue Company confirms the following facts: 1. Xiaoquan Zheng, the handler of Tianxing Company, and his wife Wei Jiang withdrew a total of RMB 30,000 in cash on January 17, 2008. 2. On January 18, 2008, Xiaoquan Zheng took a flight from Xiamen to Lanzhou. 3. Youjue Company obtained possession of the original Trademark Registration Certificate and completed all statutory trademark transfer registration formalities. In addition, per the Trademark Transfer Contract submitted by Guo, the person purporting to be "Guo" executed the contract with Tianxing Company on January 18, 2008 for a total transfer fee of RMB 30,000. The contract explicitly stipulates: "Upon execution of this contract, Party B shall pay the full transfer fee in a lump sum to Party A immediately upon receiving all documents signed by Party A required for trademark transfer formalities together with the original Trademark Registration Certificate delivered by Party A. " This Court holds that the cash withdrawal date, Xiaoquan Zheng's business travel date to Lanzhou, the execution date of the notarized Statement consenting to trademark transfer issued by the impersonator "Guo", and the execution date of the disputed Trademark Transfer Contract mutually corroborate one another. The total cash withdrawal amount exactly matches the trademark transfer fee stipulated in the Trademark Transfer Contract. Youjue Company actually obtained possession of the original Trademark Registration Certificate and completed all statutory trademark transfer registration formalities. Combined with the payment clause agreed under the Trademark Transfer Contract, the above evidence forms a complete and consistent evidentiary chain sufficiently proving Youjue Company fully paid the RMB 30,000 trademark transfer fee.

At the time of the transaction, the transferor held the original Trademark Registration Certificate, the notarized Statement issued by the person purporting to be "Guo" consenting to the trademark transfer, and all other materials required for trademark transfer formalities. Under such circumstances, Youjue Company executed the Trademark Transfer Contract with the transferor, paid the full RMB 30,000 trademark transfer fee, and completed all statutory trademark transfer registration procedures. Youjue Company exercised reasonable duty of care during the trademark acquisition process, paid reasonable consideration, and completed statutory trademark transfer registration formalities. Its acquisition of the disputed trademark fully satisfies all constituent elements of bona fide acquisition. After lawfully acquiring ownership of the disputed registered trademark, Youjue Company subsequently assigned the trademark to Sanquan Company, the third party to the original trial. Appellant Guo's claims requesting the court to confirm trademark No. 4168891 "ZHUANGYUAN" belongs to him and order Youjue Company to cooperate with trademark transfer registration formalities lack sufficient factual and legal supporting grounds, and this Court rejects such claims. Given that the evidence submitted by Guo fails to prove Youjue Company had actual knowledge of the third party's unauthorized disposition impersonating Guo or bore gross negligence in connection with such

Civil Judgment of Second Instance Concerning Disputes over Trademark Ownership and Trademark Infringement Parties between Guo and Xiamen Youjue Investment Consulting Co., Ltd., Fujian Longge Intellectual Property Affairs Co., Ltd., Gansu Zhicheng Trademark Agency Co., Ltd., Sanquan Food Co., Ltd.

fraudulent conduct, this Court also rejects Guo's claim requesting Youjue Company to compensate him for economic losses of RMB 30,000. In conclusion, all appeal claims filed by Appellant Guo are untenable and shall be dismissed. All appeal claims filed by Appellant Youjue Company are well-founded and shall be upheld. The first-instance judgment ascertained basic facts correctly, but erroneously ruled that Youjue Company failed to acquire the trademark in good faith. This Court hereby makes corresponding corrections in accordance with law. Pursuant to Article 106 of the Property Law of the People's Republic of China, Paragraph 1 of Article 64, Article 144, Item (2) of Paragraph 1 of Article 170, and Article 174 of the Civil Procedure Law of the People's Republic of China, this Court renders the following judgment:

1. Vacate Civil Judgment No. (2016) Min 0203 Min Chu No. 1150 rendered by Siming District People's Court of Xiamen City;

2. Dismiss all litigation claims filed by Appellant Guo during the first instance.

The first-instance case acceptance fee of RMB 550 and the second-instance case acceptance fee of RMB 550 shall both be fully borne by Appellant Guo.

This judgment is final.

Presiding Judge: Aifang Xie

Judge: Jing Chen

Judge: Lulu Chen

December 26, 2016

Clerk: Mengying Shang



Scan the QR code for convenient mobile reading

# 郭某与厦门优觉投资咨询有限公司、福建省龙格知识产权事务有限公司、甘肃至诚商标代理有限公司、三全食品股份有限公司商标权权属、侵权纠纷二审民事判决书

审　理　法　院:福建省厦门市中级人民法院

案　　　　　号:(2016)闽 02 民终 3857 号

裁　判　日　期:2016.12.26

案　　　　　由:民事/知识产权与竞争纠纷/知识产权权属、侵权纠纷/商标权权属、侵权纠纷/商标权权属纠纷
民事/侵权责任纠纷/侵权责任纠纷

---

上诉人（原审原告）：郭某，男，1958 年 11 月 18 日出生，汉族，住甘肃省张掖市甘州区。

委托诉讼代理人：张海鹰，福建兰海律师事务所律师。

委托诉讼代理人：牛月，甘肃锦舒律师事务所律师。

上诉人（原审被告）：厦门优觉投资咨询有限公司，住所地福建省厦门市思明区莲前西路 59 号 509 室（毅宏大厦）。

法定代表人：闫俊杰，总经理。

委托诉讼代理人：陈庆华，福建天衡联合律师事务所律师。

委托诉讼代理人：张文翔，福建天衡联合律师事务所律师。

原审第三人：福建省龙格知识产权事务有限公司，住所地福建省厦门市思明区仙岳路 458 号五层 C3-B、D2A 单元。

法定代表人：林琳，总经理。

原审第三人：甘肃至诚商标代理有限公司，住所地甘肃省兰州市城关区中山路 131-139 号（海鸿大厦）。

法定代表人：黄河，经理。

原审第三人：三全食品股份有限公司，住所地河南省郑州市综合投资区长兴路中段。

法定代表人：陈南，董事长。

委托诉讼代理人：贾冬郑，公司职员。

上诉人郭某因与上诉人厦门优觉投资咨询有限公司（以下简称"优觉公司"）、福建省龙格知识产权事务有限公司（以下简称"龙格公司"）、甘肃至诚商标代理有限公司（以下简称"至诚公司"）、原审第三人三全食品股份有限公司（以下简称"三全公司"）商标权权属、侵权纠纷一案，不服厦门市思明区人民法院（2016）闽 0203 民初 1150 号民事判决，向本院提出上诉。本院于 2016 年 9 月 27 日立案后，依法组成合议庭，进行了审理。上诉人郭某及委托的诉讼代理人张海鹰、牛月，上诉人优觉公司委托诉讼代理人陈庆华、原审第三人三全公司委托诉讼代理人贾冬郑到庭参加诉讼。原审第三人龙格公司、至诚公司经本院传票传唤无正当理由拒不到庭参加诉讼。本案现已审理终结。

郭某与厦门优觉投资咨询有限公司、福建省龙格知识产权事务有限公司、甘肃至诚商标代理有限公司、三全食品股份有限公司商标权权属、侵权纠纷二审民事判决书

郭某上诉请求，1、撤销（2016）闽 0203 民初 1150 号民事判决书；2、改判确认第 4168891 号" 状元 ZHUANGYUAN"商标所有权归上诉人郭某所有，被上诉人优觉公司依法配合郭某办理商标过户登记手续。事实和理由：一、本案中郭某作为涉案商标的所有权人，既没有转让自己商标的意思表示，也没有实际转让的行为，上诉人和优觉公司之间不存在商标转让合同关系，涉案商标权自始应当归郭某所有。二、一审判决认定事实不清。1、一审对优觉公司从何处受让涉案商标权、究竟是谁冒用了郭某的名义、优觉公司是否支付了相应的对价、双方是否发生真实交易等事实认定不清。2、一审对龙格公司在优觉公司受让涉案注册商标的过程中究竟起到了什么作用认定不清。3、优觉公司在本案原审时，并没有提出该商标已经转让给三全公司的意见。本案重审过程中，上诉人告知法院商标由三全公司使用后，法院通知三全公司参加诉讼。但三全公司究竟何时从优觉公司购买该商标事实不清。优觉公司在法院判决确定前，无权转让上诉人的商标。三全公司在上诉人与优觉公司就涉案商标权归属问题诉讼期间购买该注册商标，三全公司明显是与优觉公司串通的，不属于善意取得。三、一审判决适用法律错误。三全公司与优觉公司签订的《商标转让合同》，属于优觉公司无权处分行为，侵犯了郭某的商标所有权，不能适用善意取得制度。将《 物权法》规定的善意取得制度适用于知识产权法范畴的商标权属纠纷，属于适用法律错误。优觉公司应当无条件配合郭某办理商标过户登记手续。对于三全公司支付的对价和遭受的损失，应当由三全公司向优觉公司另行主张。四、一审判决存在逻辑谬误。一审判决仅判令优觉公司赔偿郭某 30,000 元，如该判决生效，则优觉公司作为无权处分人非法获利 235,000 元。

被上诉人优觉公司辩称，一、一审判决认定三全公司取得涉案商标权是正确的，优觉公司转让商标给三全公司的申请时间远远早于郭某第一次提起诉讼的时间。二、本案即便公证书是假的，但上诉人郭某没有证据证明《商标转让合同》、《转让申请/注册商标申请书》上的签名和印章不是其本人的，又没有向法院申请鉴定，因此应承担举证不能的后果。一审判决依据公证书是假的、郭某单方的陈述就认定系有人假冒郭某之名对涉案商标进行了无权处分，是错误的。三、一审判决认定 2004 年 7 月 14 日郭某口头委托至诚公司申请" 状元"商标，即提交给商标局的《商标代理委托书》上的签名和印章不是其本人的，而郭某在第一次二审庭审时当庭确认《商标转让合同》、《转让申请/注册商标申请书》）上的签名和印章和 2004 年提交给商标局的《商标代理委托书》上的签名和印章是一致的，这足以证明郭某是委托同一个人代为签署和办理商标注册申请和转让申请。四、上诉人郭某自始至终均无法合理解释为什么商标局给他核发的商标证原件会在其所谓的假冒人手里。五、答辩人提供的证据足以形成证据链证明答辩人已实际支付了转让对价 3 万元，系善意取得。六、与答辩人办理商标转让手续的人持有郭某身份证原件、商标注册证原件、公证书原件，连公证处都没法核验出真伪，答辩人又有什么能力核验出真伪呢？答辩人已按商标局的要求提供的全部的商标转让手续，不存在任何过错。七、即便是他人假冒郭某，理应由假冒者承担侵权赔偿责任。综上，郭某的上诉请求没有事实和法律依据，应当予以驳回。

优觉公司上诉请求，1、撤销原审判决，改判驳回被上诉人郭某原审诉讼请求；2、本案一、二审诉讼费用全部由被上诉人郭某负担。事实和理由：一、优觉公司已经实际支付了转让对价，系善意取得。优觉公司受让商标是善意的，当时转让签章行为人持有郭某身份证原件、涉案商标注册证原件及公证《声明书》原件，上诉人对公证《声明书》是否伪造根本不知情。2、涉案商标以合理价格转让，且已实际支付。合同原定的转让费 3 万元金额很小，因此，双方即时交易，上诉人在交易当时确定收到了能够确保商

标转让成功的全部资料，因此当场支付了 3 万元现金。经办人郑晓荃通过其本人及妻子姜薇的账户取现 3 万元，并非巧合，取款的金额、时间、《商标转让合同》约定的支付方式形成完整的证据链，足以证明上诉人实际支付了对价 3 万元。如果商标转让人在没有获利的情况下，不可能冒着触犯刑法的风险将涉案商标转让给上诉人。如果上诉人优觉公司没有支付商标转让费用，按合同约定，商标转让行为人完全可以拒绝转让该商标。二、被上诉人没有证据证明系他人在《商标转让合同》和《转让申请/注册商标申请书》假冒其签章。上诉人依据郭某签署的《商标转让合同》、经公证的《声明书》、《转让申请/注册商标申请书》办理涉案商标的转让手续。现仅公证的《声明书》被撤销，没有证据证明《商标转让合同》和《转让申请、注册商标申请书》上的签字和印章不是郭某本人的签字和印章。三、本案如果不是被上诉人在《商标转让合同》和《转让申请/注册商标申请书》上签章，则是郭某授权他人代为签章。商标申请经核准后，国家商标局按程序将商标注册证交由商标权人持有。且《声明书》公证时，按照公证程序原则，公证申请人郭某需向公证员出示商标注册证原件。本案涉案商标注册证原件在双方交易时由"郭某"交由上诉人用于办理商标转让手续，如转让行为人不是郭某授权的他人，则转让行为人不可能持有本案涉案商标注册证原件。郭某在本案此前一审庭审时当庭确认在 2004 年申请本案涉案商标时，在《商标代理委托书》上的签名和私章不是其本人签章，在本案此前二审庭审时，郭某又当庭确认《商标转让合同》和《转让申请/注册商标申请书》上签名和私章与 2004 年申请涉案商标时在《商标代理委托书》上的签名和私章是同一个人签章。可证明被上诉人郭某是授权同一个人办理的商标申请和转让手续。四、即使本案不是被上诉人郭某签章，也不是郭某授权他人签章，但在涉案商标转让时，上诉人优觉公司有理由相信转让行为人有代理权，该代理行为构成表见代理，涉案商标转让有效。五、上诉人优觉公司在受让涉案商标时，已审查转让行为人的身份证原件（并留有身份证传真件）、涉案商标注册证原件、公证《声明书》原件，并向国家商标局提交了商标转让所有文件，并没有任何过错，无需赔偿郭某的损失，如果确系他人假冒郭某的签章，理应由假冒者承担赔偿责任，并且郭某也无任何依据证明其损失及损失的金额。

被上诉人郭某辩称，1、优觉公司受让涉案商标支付合理对价没有依据，没有相应收条。2、本案中优觉公司冒名处置了郭某的财产，并非无权处分。3、优觉公司转让商标时，并非善意。优觉公司对于伪造的公证书应当是知情的，公证书是商标转让是必要的法律文件，公证书现在明确是伪造的，谁主导这件事不言自明。4、公司的款项支付按照优觉公司的陈述是公司法人代表的妻子坐飞机去甘肃缴纳，而代理公司就在厦门，这与一般交易常识不符。5、商标证原件是被至诚公司扣留，所以后来商标才被优觉公司非法转让。

原审第三人三全公司述称，一、三全公司与优觉公司签订《商标转让协议》的日期是 2012 年 4 月 28 日，距厦门天兴纺织有限公司（以下简称"天兴公司"）受让涉案商标已有四年多时间，郭某从未向三全公司提出异议。三全公司对"他人"伪造郭某身份信息、仿冒郭某签名，转让其注册商标的情况不知情，且也不属于三全公司应当知情的范畴。二、三全公司与优觉公司签订的《商标转让协议书》是双方真实的意思表示，既不违反法律强制性规定，也不存在其他导致合同无效或可撤销的情形。三全公司按照协议约定支付了商标转让价款 265,000 元，转让行为亦符合商标转让程序。作为善意商标受让人，其合法权益应当受到法律的保护。三、三全公司实际使用了"状元"商标，三全公司作为商标登记权利人、实际使用人的利益应当受到法律保护。2012 年至今，三全公司一直对"水饺"商品包装上使用"状元"商标，并对

"状元"水饺品牌推广投入了大量广告宣传费用，三全公司生产的"状元"水饺已经在消费者心目中国产生了非常高的知名度和美誉度，如将"状元"商标返还原注册人，将给三全公司带来巨额损失，且将使消费者产生选择认知错误。四、商标交易秩序应当得到维护，三全公司作为善意商标受让人，其合法权益应当受到法律保护。如果由于第一次商标转让存在无效或者可撤销的情况即否定此后多次交易行为，则善意受让人的利益就得不到有效保护。而商标权时刻处于不确定、不稳定的状态，将违背法律追求的可预见性、预判性、稳定性的目标。五、善意取得制度、《物权法》关于善意取得的法理和原则可以适用于本案。在财产权交易流转的过程中可能发生表征权利与实际权利不一致的情况。善意取得是解决无权处分问题的有效手段。善意取得并不限制财产权客体的具体类型，权利的客体可能是有形的，也可能是无形的。将善意取得制度适用于商标权，这不仅有利于保护善意第三人的利益，也有利于维护商标权流转的市场交易秩序和交易安全，客观上也督促原权利人对自身权利引起足够的重视。六、郭某请求判决确认第4168891 号"状元 ZHUANGYUAN"商标归其所有，并由优觉公司配合其办理登记手续的主张没有事实和法律依据。三全公司与优觉公司签订《商标转让协议》日期是 2012 年 4 月 28 日，距郭某注册商标 2008 年初次转让已有四年多的时间，期间郭某从未向三全公司提出异议，其向商标局提起行政诉讼也因超过诉讼时效而被驳回，可见郭某对其注册商标疏于管理，未尽到合理的注意义务，本身也存在过错。涉案商标三全公司不是从郭某处购买，三全公司与郭某之间既无合同关系，也无其他权利义务关系，因而郭某无权向三全公司主张任何权利。"他人"伪造郭某身份信息，仿冒郭某签名，转让其注册商标的行为，属于违约或者民事侵权行为，依法应当由合同当事人或者侵权人承担违约或者侵权赔偿责任，构成犯罪的，还可以由国家机关追究相关人员刑事责任等。综上，三全公司作为善意商标受让人的利益应当受到法律保护，郭某请求确认第 4168891 号"状元 ZHAUGNYUAN"商标归其所有，由优觉公司配合其办理商标过户登记手续的主张无事实和法律依据。

原审第三人龙格公司、至诚公司未到庭，亦未提交书面答辩意见。

郭某向一审法院起诉请求：1、确认第 4168891 号" 状元 ZHUAGNYUAN"商标所有权归原告郭某所有，判令被告优觉公司依法配合原告郭某办理商标过户登记手续；2、判令被告优觉公司因侵权赔偿原告郭某经济损失 3 万元（以商标转让合同约定的转让费为参考）；3、本案诉讼费由被告优觉公司承担。

一审法院经审理查明：

2004 年，因原告郭某的女儿获得省高考状元，2004 年 7 月 14 日，原告口头委托第三人至诚公司申请"状元"商标。2004 年 9 月 10 日，国家工商行政管理总局商标局出具《注册申请受理通知书》，通知申请人郭某该局已受理"状元 ZHUANGYUAN"商标的注册申请。

2007 年 1 月 21 日，经国家工商行政管理总局商标局核准，郭某取得第 4168891 号"状元 ZHUANGYUAN"注册商标，核定使用商品为第 30 类馅饼、大饼、饺子、馒头、面粉制品、挂面、油条，有效期限自 2007 年 1 月 21 日至 2017 年 1 月 20 日止。

2008 年 1 月 16 日，甘肃省张掖市甘州区公证处出具（2008）张甘公内字第 15 号《声明书公证书》，载明：郭某于 2008 年 1 月 16 日在甘肃省张掖市甘州区公证处，在公证员面前，在《声明书》上签字、捺指印（右手食指）。所公证的《声明书》载明声明内容为："自愿将中华人民共和国国家工商行政管理总

局商标局发给郭某的注册号为 4168891 号《商标注册证》及图案《状元》有偿转让给厦门天兴纺织有限公司所有。"《声明书》中的申明人处有"郭某"的签名及捺手印，落款时间为 2008 年 1 月 16 日。

2008 年 1 月 18 日，名为"郭某"者与天兴公司签订《商标转让合同》，双方约定"郭某"将第 4168891 号"状元 ZHUANGYUAN"注册商标转让给天兴公司，转让费用总额为 3 万元，天兴公司在收到"郭某"所签署的办理商标转让申请所需的文件及交付的商标注册证原件时，将转让费用全额一次性支付给"郭某"。合同注明附件包含商标注册证原件及商标转让声明书【（2008）张甘公内字第 15 号《公证书》】。合同转让方处为"郭某"签字及个人印章。后以"郭某"为转让方、天兴公司为受让方、龙格公司为代理组织，三方共同出具一份《转让申请/注册商标申请书》，该申请书上转让人处有"郭某"签字及个人印章。提交给国家工商行政管理总局商标局办理商标转让的材料中亦含有（2008）张甘公内字第 15 号《声明书公证书》及其所附的《声明书》、《转让申请/注册商标申请书》、《商标代理委托书》，《商标代理委托书》上有郭某签字及私章。

经查询，2008 年 1 月 24 日，涉案商标状态为"转让待审中"，2008 年 10 月 7 日状态为"转让完成"，2011 年 6 月 1 日状态为"撤销三年不使用待审中"，2012 年 5 月 9 日状态为"转让待审中"，2013 年 2 月 19 日状态为"撤销三年不使用审理完成"。

2011 年 3 月 10 日，原告郭某向甘肃省张掖市甘州区公证处提交《请求撤销（2008）张甘公内字第 15 号<公证书>的申请书》，称有人冒充其本人姓名、签字签名、伪造身份证骗取（2008）张甘公内字第 15 号《声明书公证书》，要求公证处撤销该份《声明书公证书》。2011 年 8 月 4 日，甘肃省张掖市甘州区公证处作出（2011）张甘证撤字第 1 号《关于撤销（2008）张甘公内字第 15 号<声明书公证书>的决定》，该《决定》查明：郭某本人提供的居民身份证、亲笔签名均与 2008 年 1 月 16 日来该处申请办理《声明书》公证的"郭某"提供的居民身份证、签名不符。系他人提供虚假证明材料，骗取公证书的行为。该公证处根据上述事实，决定撤销（2008）张甘公内字第 15 号《声明书公证书》，该《公证书》自始无效。

2013 年 2 月 25 日，针对郭某请求判令中华人民共和国国家工商行政管理总局商标局在一定期限内对其《撤销核准 4168891 号商标转让登记行为的申请》作出具体行政行为一案，北京市高级人民法院作出（2013）高行终字第 166 号《行政裁定书》，该《裁定书》查明：郭某为涉案商标的原所有人。2008 年 10 月 6 日，商标局在收到将涉案商标由郭某转让给天兴公司的申请后，发布核准涉案商标转让公告。2011 年 9 月 9 日，郭某向商标局提交《撤销核准 4168891 号商标转让登记行为的申请》，申请事项为：1、请求商标局撤销 2008 年 10 月 7 日作出的核准 4168891 号注册商标转让的登记行为。2、恢复转让前法律状态，并予公告。依据上述查明的事实，该《裁定书》认为，郭某虽要求商标局履行相关处理职责，但实为针对涉案商标的核准转让行为提起行政诉讼，而依据《关于执行<中华人民共和国行政诉讼法>若干问题的解释》第四十一条第一款的规定，该诉讼已经超过法定起诉期限，因此，郭某的起诉不符合法定起诉条件。并最终裁定维持一审维持北京市第一中级人民法院（2012）一中行初字第 3058 号《裁定书》，驳回原告郭某的起诉。

2013 年 4 月，郭某以至诚公司为被告、福建厦门天兴纺织有限公司为第三人向甘肃省兰州市城关区人民法院起诉，2013 年 10 月该案撤诉。

郭某与厦门优觉投资咨询有限公司、福建省龙格知识产权事务有限公司、甘肃至诚商标代理有限公司、三全食品股份有限公司商标权权属、侵权纠纷二审民事判决书

2014 年 5 月 27 日，厦门天兴纺织有限公司经厦门工商行政管理局核准，将名称变更为厦门优觉投资咨询有限公司。

另查明，2012 年 4 月 30 日天兴公司与郑州三全食品股份有限公司签订《商标转让协议书》，约定天兴公司将 4168891 号"状元＋ZHUANGYUAN"和 8246355 号"状元"商标转让给郑州三全食品股份有限公司，转让费 265，000 元。2012 年 5 月 8 日郑州三全食品股份有限公司按约支付 265，000 元。2012 年 5 月 9 日郑州三全食品股份有限公司向国家工商行政管理总局商标局申请 4168891 号商标转让。国家工商行政管理总局商标局于 2012 年 5 月 23 日作出《转让申请受理通知书》，于 2015 年 8 月 14 日核准第 4168891 号商标转让注册。郑州三全食品股份有限公司于 2012 年 9 月即与数家广告公司签订《影视广告播放合同》，在央视一套、湖南卫视、安徽卫视等媒体播放"三全状元东北水饺"广告。郑州三全食品股份有限公司于 2013 年 4 月 18 日变更企业名称为三全食品股份有限公司。

一审法院认为，本案主要有如下争议焦点：一、诉讼时效问题；二、优觉公司受让涉案商标是否构成善意取得；三、三全公司受让涉案商标是否构成善意取得。

关于争议焦点一，一审法院认为，本案基本案由是商标权权属纠纷，确认商标权归属不适用二年诉讼时效的规定，故优觉公司提出的原告起诉已超过诉讼时效的抗辩意见，一审法院不予采纳。

关于争议焦点二，一审法院认为，我国《物权法》第一百零六条明确规定了"善意取得"制度。商标权系知识产权，虽然不属于物权，但商标注册、转让均需经过国家工商行政管理总局商标局核准、登记，鉴于商标登记的公信力，为维护市场稳定和交易安全，"善意取得"制度的原则和规定应适用于商标的流转。根据甘肃省张掖市甘州区公证处作出（2011）张甘证撤字第 1 号《关于撤销（2008）张甘公内字第 15 号〈声明书公证书〉的决定》已查明，《声明书》公证提供的居民身份证、签名均系他人假冒郭某提供虚假证明材料，骗取公证书，《声明书》并非郭某本人签署，因此，郭某并未作出转让涉案商标的意思表示。涉案商标被转让系有人假以原告郭某之名对涉案商标进行了无权处分。受让人能否取得涉案商标，在于受让人是否构成善意取得。优觉公司称当时与其签署涉案商标转让手续的是郭某本人或者郭某授权的代理人，但本案原审时，优觉公司一直没有提交转让人"郭某"的身份证复印件和转让费支付凭证，原审庭审时，优觉公司亦无法确认当时与其签订合同的是否为当时到庭的郭某本人。直到本次庭审中优觉公司才提出"郭某"有传真身份证复印件给其，并称由郑晓荃飞往兰州与"郭某"办理商标转让手续并支付 3 万元现金给"郭某"，并提交"郭某"的身份证复印件和郑晓荃的飞行记录及郑晓荃、姜薇的 ATM 取款凭证。对此，一审法院认为，以上证据在内容上仍难以证明优觉公司在商标转让时对签章人的身份进行了充分核实。而郑晓荃、姜薇的 ATM 取款凭证与涉案商标转让之间缺乏充分有效的关联性，亦不能证明优觉公司就涉案商标转让支付了合理对价。故优觉公司对涉案商标不构成善意取得。

关于争议焦点三，一审法院认为，本案没有证据证明第三人三全公司对上述"有人假以郭某之名对涉案商标进行了无权处分，优觉公司并非善意取得人"的情况知情，在优觉公司持有涉案《商标注册证书》、《核准商标转让证明》的情况下，第三人三全公司与公示的商标权利人优觉公司签订涉案商标转让协议，并支付了 265,000 元的转让费用，依法办理了商标转让登记。第三人三全公司对涉案商标的取得符合善意取得的条件，且三全公司作为一家食品生产与销售的企业，也已将涉案商标实际使用在其生产销售的水饺上。涉案商标的权属依法归三全公司。

综上，鉴于第三人三全公司善意取得了涉案商标，其合法权益应予保护。郭某要求确认涉案商标所有权归其所有的诉讼请求于法无据，一审法院不予支持。优觉公司对涉案商标的取得并非善意取得，其并非涉案商标的实际权属人，却将涉案商标转让他人从中获利。郭某主张优觉公司赔偿其经济损失 3 万元的诉讼请求，符合法律规定，一审法院依法予以支持。据此，参照《中华人民共和国物权法》第一百零六条，依照《中华人民共和国民事诉讼法》第六十四条第一款之规定，判决如下：一、被告厦门优觉投资咨询有限公司应于本判决生效之日起十日内赔偿原告郭某经济损失 30,000 元；二、驳回原告郭某的其他诉讼请求。本案案件受理费 550 元，由被告厦门优觉投资咨询有限公司负担。

本案二审期间，上诉人郭某提交如下证据：1、《商标转让合同》，2、《转让申请补正通知书》。上述《商标转让合同》所显示的受让涉案商标时间，与三全公司一审提交的名称为《商标转让协议书》的记载明显不符。同时，上述《商标转让合同》没有涉及三全公司向优觉公司支付 265,000 元对价的内容。上诉人有理由相信三全公司一审提交的《商标转让协议书》系伪造，如果三全公司不能证明其支付了对价，则其不是善意取得，且其对伪造证据的行为应当承担相应的法律责任。

被上诉人优觉公司对上诉人郭某提交的证据发表如下质证意见：对证据的真实性无异议，但是时间上，《商标转让合同》与《商标转让协议书》不一致是行业惯例，这正如房产转让中当事人签订的合同和向房管局备案的合同不一致。

原审第三人三全公司对上诉人郭某提交的证据发表如下质证意见：对证据真实性、合法性、关联性无异议，这是商标局的格式文本，是办理商标转让时补充签订的，《商标转让合同》上的盖章和签章都是真实的。三全公司与天兴公司签订的不是商标局的版本。一审时三全公司还提交了银行转账回单等，证明已支付了 265,000 元商标转让费。

上诉人优觉公司二审中未提交证据。

原审第三人三全公司二审中提交二份证据：1、审计报告，2、《"状元"近三年市场数据》，上述证据证明三全公司为涉案商标投入了大量费用并实际使用了涉案商标。

上诉人郭某对三全公司提交的证据真实性、合法性无异议，证明对象有异议。三全公司试图证明"状元"商标对三全公司的重要性，假设 2012 年 4 月 28 日三全公司从优觉公司受让获得涉案商标，当时转让的是两个商标，共计 265,000 元，三全公司当时支付的对价明显低于商标价值，其对涉案商标的取得不能适用善意取得制度。

上诉人优觉公司对三全公司提交的证据无异议。

原审第三人龙格公司、至诚公司二审中未提交证据，亦未提交书面质证意见。

经审理查明，一审判决查明的事实属实。

另查明：

1、2008 年 1 月 18 日，名为"郭某"者与天兴公司签订的《商标转让合同》，合同显示代表天兴公司签字的人为郑晓荃。

2、2008 年 1 月 17 日，郑晓荃通过 ATM 机取款 20,000 元（分为 10 笔，每笔 2,000 元）。同日，郑晓荃通过 ATM 机转账 10,000 元给其妻子姜薇，姜薇通过 ATM 机取款 10,000 元（分 5 笔，每笔 2,000 元）。

3、2008 年 1 月 18 日，郑晓荃乘坐飞机从厦门飞往兰州。

上述事实有郭某提交的《商标转让合同》、优觉公司提交的银行账户交易明细、结婚证、航空公司飞行记录、双方当事人一审中所提交的其他证据以及庭审中相关陈述等为证。

本院认为，我国《物权法》第一百零六条规定了善意取得制度，是指无处分权人将不动产或者动产转让给受让人的，所有权人有权追回，除法律另有规定外，符合以下情形的，受让人取得该不动产或者动产的所有权：1、受让人受让该不动产或者动产时是善意的；2、以合理的价格转让；3、转让的不动产或者动产依照法律规定应当登记的已经登记，不需要登记的已经交付给受让人。受让人善意取得了不动产或者动产的所有权的，原所有权人有权向无处分权人请求赔偿损失。商标权系知识产权，具有财产属性，可依法转让。商标注册、转让均需经过国家工商行政管理总局商标局核准、登记，鉴于商标登记的公信力，为维护市场稳定和交易安全，善意取得制度的原则和规定应适用于商标权的流转。

涉案商标系郭某申请注册的，原所有权人为郭某。根据甘肃省张掖市甘州区公证处作出（2011）张甘证撤字第 1 号《关于撤销（2008）张甘公内字第 15 号<声明书公证书>的决定》，《声明书》公证提供的居民身份证、签名均系他人假冒郭某提供虚假证明材料，骗取公证书，《声明书》并非郭某本人签署，因此，郭某并未作出转让涉案商标的意思表示。涉案商标 2008 年被转让系有人假郭某之名对涉案商标进行了无权处分。本案的关键在于：优觉公司提交的证据是否足以证明其实际支付了 30,000 元商标转让费，其受让涉案商标是否构成善意取得。

优觉公司为证明其已实际支付涉案商标转让费，提交了银行账户交易明细、结婚证、航空公司飞行记录、《商标注册证》、《核准商标转让证明》等证据。优觉公司提交的证据证实：1、天兴公司的经办人郑晓荃本人及其妻子姜薇于 2008 年 1 月 17 日提取了现金 30,000 元。2、2008 年 1 月 18 日，郑晓荃乘坐飞机从厦门飞往兰州。3、优觉公司取得涉案商标注册证原件并依法办理商标权转让登记等手续。另，根据郭某提交的《商标转让合同》，名为"郭某"者与天兴公司签订《商标转让合同》的时间为 2008 年 1 月 18 日，商标转让费为 30,000 元，且合同约定，"双方签订合同后，乙方在收到甲方所签署的办理商标转让手续所需的文件及交付的商标注册原件的同时，将转让费全额一次性支付给甲方。"本院认为，上述现金取款日期、郑晓荃出差日期、名为"郭某"者关于同意转让涉案商标《声明书》之公证书的落款时间，与争议《商标转让合同》的签订时间可以相印证，取款金额与争议《商标转让合同》所体现的商标转让费金额一致，且优觉公司实际已取得涉案商标注册证原件并依法办理了商标权转让登记手续，结合《商标转让合同》约定的，"双方签订合同后，乙方在收到甲方所签署的办理商标转让手续所需的文件及交付的商标注册原件的同时，将转让费全额一次性支付给甲方"，本院认为，上述证据已经形成完整证据链，可以证明优觉公司已实际支付该 30,000 元商标转让费。

在转让人持有涉案《商标注册证》原件、名为"郭某"者出具同意转让涉案注册商标的《声明书》之公证书以及商标转让所需的其他材料的情况下，优觉公司与转让人签订《商标转让合同》，支付了 30,000 元的商标转让费，并依法办理了商标转让登记手续。优觉公司在上述商标的受让过程中已尽到了合理注意义务，支付了合理对价，并依法办理了商标转让登记手续，其对涉案商标的取得符合善意取得的构成条件。优觉公司依法取得涉案注册商标后，已将该商标转让给原审第三人三全公司。上诉人郭某要求判决确认第 4168891 号"状元 ZHUANGYUAN"商标归其所有、优觉公司配合办理商标过户手续依据不足，本院不予支持。鉴于郭某所提交的证据不足以证明，优觉公司对有人假郭某之名对涉案商标进行无权处分的情况是

郭某与厦门优觉投资咨询有限公司、福建省龙格知识产权事务有限公司、甘肃至诚商标代理有限公司、三全食品股份有限公司商标权权属、侵权纠纷二审民事判决书

知情或存在重大过失，其要求优觉公司赔偿其经济损失 30,000 元，本院亦不予支持。综上，上诉人郭某的上诉请求不能成立，应予驳回。上诉人优觉公司的上诉请求成立，予以支持。一审判决认定事实基本清楚，但认定优觉公司不构成善意取得有误，本院依法予以纠正。依照《中华人民共和国物权法》第一百零六条、《中华人民共和国民事诉讼法》第六十四条第一款、第一百四十四条、第一百七十条第一款第（二）项、第一百七十四条之规定，判决如下：

一、撤销厦门市思明区人民法院（2016）闽 0203 民初 1150 号民事判决；

二、驳回上诉人郭某一审全部诉讼请求。

本案一审案件受理费 550 元、二审案件受理费 550 元，均由上诉人郭某负担。

本判决为终审判决。

审判长：　谢爱芳

审判员：　陈璟

审判员：　陈璐璐

二〇一六年十二月二十六日

书记员：　商梦莹



扫一扫，手机阅读更方便