# YANG EXHIBIT 11

morningtrans.com

# TRANSLATION CERTIFICATION

Date: 2026/07/08

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- '(2015) Zhe Zhi Zhong No. 149.pdf'

Samuel Wu, Managing Director of this company, attests to the following:
"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Signature of **Samuel Wu**, Managing Director

Questel Confidential: Limited External Use

299 South Main Street, Suite 1300
Salt Lake City, UT 84111

# Civil Judgment of Second Instance in Dispute over Patent Ownership between Weifu (Hangzhou) Precision Machinery Co., Ltd. and Hangzhou Weifu Intelligent Technology Co., Ltd., Lin et al.

**Court of Trial:**    Higher People's Court of Zhejiang Province

**Case No.:**    (2015) Zhezhi Final No. 149

**Judgment Date**:    10/09/2015

**Cause of Action:**    Civil Case / Intellectual Property and Competition Dispute / Dispute over Ownership and Infringement of Intellectual Property / Dispute over Ownership and Infringement of Invention Patent / Dispute over Invention Patent Ownership

---------------------------------------------------------------------------------------------------------------------------------

Appellant (Original Defendant): Hangzhou Weifu Intelligent Technology Co., Ltd., Registered Address: Area 1A, 1st Floor, Building 2, No. 12 Binwen Road, Xixing Subdistrict, Binjiang District, Hangzhou City, Zhejiang Province.

Legal Representative: Huifen Chen, Chairman.

Appellant (Original Defendant): Lin, Male, born January 14, 1978, Han ethnicity, resident of Xihu District, Hangzhou City, Zhejiang Province.

Joint Authorized Agent (Special Power of Attorney) for the above two appellants: Zhaohui Lu, Lawyer at Zhejiang Kangcheng Law Firm.

Appellant (Original Defendant): Suzhou Furunde Precision Mould Co., Ltd., Registered Address: Building 1, No. 221 North Baojiaqiao Road, Yushan Town, Kunshan City, Jiangsu Province.

Legal Representative: Shusheng Rao, Executive Director.

Authorized Agent (Special Power of Attorney): Zhijian Ye, Lawyer at Zhejiang Tiance Law Firm.

Appellee (Original Plaintiff): Weifu (Hangzhou) Precision Machinery Co., Ltd., Registered Address: Area B, 1st Floor, Building 2, No. 12 Binwen Road, Xixing Subdistrict, Binjiang District, Hangzhou City, Zhejiang Province.

Legal Representative: Tyler James Beach, Chairman.

Authorized Agent (Special Power of Attorney): Zhao Wang, Lawyer at Beijing Fangyao Law Firm.

Authorized Agent (Special Power of Attorney): Feng Kou, Lawyer at Beijing Zhongzhou Law Firm.

Hangzhou Weifu Intelligent Technology Co., Ltd. (hereinafter referred to as Weifu Intelligent), Lin, and Suzhou Furunde Precision Mould Co., Ltd. (hereinafter referred to as Furunde) appealed to this Court against the civil judgment (2015) Zhezhi Retrial No. 1 rendered by Hangzhou Intermediate People's Court of Zhejiang Province in the patent ownership dispute case between the parties. This Court accepted the case on July 30, 2015, formed a collegial panel in accordance with the law, and held an open court hearing on September 8 of the same year. Zhaohui Lu, joint counsel for Weifu Intelligent and Lin, Zhijian Ye, counsel for Furunde, as well as Zhao Wang and Feng Kou, counsel for Weifu (Hangzhou) Precision Machinery Co., Ltd. (hereinafter referred to as Weifu Precision), appeared in court to participate in the litigation. This case has now concluded its hearing.

Facts Ascertained by the Court of First Instance: Weifu Precision was incorporated on January 10, 2008, as a wholly foreign-owned enterprise established by WeiFu International, LLC, with a registered capital of USD 559,000. Its business scope covers production of welding equipment, welding robots, automotive moulds and spare parts, sales of self-produced goods, and design services for automotive moulds, non-metallic product moulds and automatic fittings. Upon incorporation, Jimmie Lee Beach served as its legal representative, chairman and general manager; Charls Stanley Beach and Guosheng Ma served as directors. Jimmie Lee Beach and Charls Stanley Beach passed away successively on July 27, 2012 and February 23, 2013. On December 18, 2013, the shareholder of Weifu Precision resolved to appoint Tyler James Beach as director, chairman and legal representative, and



Case 7:24-cv-00232-DC    Document 156-12    Filed 07/08/26    Page 4 of 20

Civil Judgment of Second Instance in Dispute over Patent Ownership between Weifu (Hangzhou) Precision Machinery Co., Ltd. and Hangzhou Weifu Intelligent Technology Co., Ltd., Lin et al.

Jeffrey Roy Beach and Benxian Chen as directors, removing Guosheng Ma from the director position. The change was approved by Hangzhou Administration for Industry and Commerce on February 24, 2014.

Weifu Intelligent was incorporated on February 22, 2012 as a one-person limited liability company invested and registered by Guosheng Ma, with a registered capital of RMB 1,000,000. Its business scope includes technology development, technical services, technical consultation, achievement transfer, automatic control technology for robotic welding torches, R&D and retail of mechatronic intelligent products. Upon incorporation, Guosheng Ma acted as its legal representative, executive director and manager. On September 27, 2012, its legal representative was changed to Huifen Chen with approval from Hangzhou Administration for Industry and Commerce. On March 22, 2013, its registered capital was increased to RMB 3,000,000, and its shareholders were adjusted to Shusheng Ma (10%) and Guosheng Ma (90%). After Weifu Intelligent's establishment, Guosheng Ma handed its special contract seal and bank accounts over to Weifu Precision for management. The operating premises on the 1st Floor, Building 2, No. 12 Binwen Road, Binjiang District, Hangzhou shared by both companies were leased under Weifu Intelligent's name.

Xueyang Zhang signed a labor contract with Weifu Precision on January 4, 2012 to serve as R&D Manager at Weifu Precision. The Hangzhou social insurance certificate shows: Xueyang Zhang's wages and social insurance were paid by Weifu Precision from January 2012 to April 2013; social insurance was paid by Weifu Intelligent from May to August 2013; wages and social insurance resumed payment by Weifu Precision from September to December 2013. Minghua Li entered into a labor contract with Weifu Precision on November 28, 2011 as Manufacturing Director at Weifu Precision. Minghua Li's social insurance was fully covered by Weifu Precision from January 2012 to December 2013. Guogang Huang signed a labor contract with Weifu Precision on June 1, 2008 as Production Manager at Weifu Precision, Guogang Huang's social insurance was fully covered by Weifu Precision from January 2012 to December 2013.

In September 2012, Weifu Precision launched a technical R&D project for welding torch mechanical devices, with Xueyang Zhang, Guogang Huang, Minghua Li and other employees participating in and completing the R&D work. On January 25, 2013, Weifu Intelligent signed a Utility Model Patent Application Entrustment Agreement with Hang Bikong Intellectual Property Agency Co., Ltd. (hereinafter referred to as Bikong), entrusting Bikong to file a utility model patent application titled "A Mechanical Device for Resistance Spot Welding". During the first-instance hearing, Weifu Precision admitted that Xueyang Zhang coordinated with Bikong on patent affairs and its finance staff Li Chen affixed Weifu Intelligent's special contract seal on the agreement, yet argued all such acts were controlled and arranged by Guosheng Ma.

On February 5, 2013, Weifu Intelligent filed the utility model patent application with the National Intellectual Property Administration, naming Xueyang Zhang as the inventor. The patent was granted and publicly announced on October 23 the same year, with Patent No. ZL20132006XXXX.8. Claim 1 of the patent states: A mechanical device for resistance spot welding, characterized by comprising a welding gun body, an integrated servo connected to the welding gun body, and a transformer connected to the welding gun body; the welding gun body, integrated servo and transformer form an onboard integrated structure.

On January 20, 2014, the patentee was changed to Lin. Lin testified at the first instance that Guosheng Ma owed him RMB 120,000, so Guosheng Ma transferred three patents (including the one in dispute) plus RMB 30,000 cash to settle the debt.

On July 11, 2014, the patent right was transferred to Furunde Company. Furunde remitted RMB 30,000 and RMB 150,000 to Lin on May 4 and July 23 the same year respectively. Furunde was founded on June 20, 2006 with registered capital RMB 1,000,000. Its business scope covers design, production and sales of precision moulds and stamping parts, as well as steel sales.

Between September and October 2014, employees of Weifu Intelligent sent emails (with mailbox suffix @weifu-china.com) to Wuhan Yuanchuan Electromechanical Equipment Co., Ltd., Liuzhou Wuling Automotive Industry Co., Ltd. and other long-term clients of Weifu Precision, attaching a "Statement Demanding Termination of Purchasing Infringing Products from Weifu Precision". The statement claimed Furunde had legally obtained valid

ownership of the disputed patent, that Weifu Precision had no license to use the disputed patent, and Furunde would pursue legal liabilities against Weifu Precision for manufacturing infringing goods, and hope these companies stop purchasing infringing products from Weifu Precision; it also stated Furunde had licensed Weifu Intelligent to produce and sell products covered by the disputed patent.

Weifu Precision contended the disputed patent constituted a service invention completed by its employee Xueyang Zhang. Without its consent, Weifu Intelligent fraudulently filed the disputed patent under its own name, then maliciously transferred the right to Lin and subsequently to Furunde. After acquiring the disputed patent in bad faith, Furunde licensed it to Weifu Intelligent and sent cease-and-desist letters to Weifu Precision's clients demanding that they should stop purchasing products from Weifu Precision, causing significant financial loss to Weifu Precision. Accordingly, Weifu Precision filed a lawsuit with the court of first instance on March 3, 2014. Dissatisfied with Civil Judgment (2014) Zhezhi Initial No. 165 rendered by the court, it appealed to this Court. This Court issued Civil Ruling (2014) Zhezhi Final No. 238, remanding the case for retrial. The court of first instance reopened the case on January 4, 2015 upon acceptance of the retrial filing. Weifu Precision put forward the following claims: 1. Confirm that the utility model patent ZL20132006XXXX.8 titled "A Mechanical Device for Resistance Spot Welding" is a service invention of Weifu Precision; 2. Render the transfer of the aforesaid patent right from Weifu Intelligent to Lin invalid; 3. Render the transfer of the aforesaid patent right from Lin to Furunde invalid; 4. Confirm the aforesaid patent right belongs to Weifu Precision; 5. Order Weifu Intelligent, Lin and Furunde to bear all litigation costs of this case.

Defense of Weifu Intelligent in the First Instance: 1. There exists an affiliated relationship between Weifu Intelligent and Weifu Precision. Benxian Chen, former legal representative and person-in-charge of Weifu Precision, fully knew and approved that the disputed patent was developed mainly relying on Weifu Intelligent's material and technical resources and filed by Weifu Intelligent. Patent filing fees were reimbursed upon Benxian Chen's signature, and Weifu Precision raised no objections during the patent publication period, hence Weifu Intelligent is the legitimate patent owner. 2. During the period of shared office space, Weifu Intelligent covered office rent, overheads and several months' wages of Xueyang Zhang, the inventor, providing critical material and technical support for Weifu Precision's operation. It had always licensed Weifu Precision to use the disputed patent prior to the dispute. 3. Guosheng Ma was merely a nominal director of Weifu Precision and barely participated in its operation and management; the allegation that he single-handedly controlled the company when other directors were ill is untrue. 4. The disputed patent is not a service invention of Weifu Precision. Weifu Intelligent lawfully transferred the disputed patent to bona fide third party Lin, and such transfer shall be protected by law. In summary, Weifu Intelligent requested the court to fully dismiss all claims filed by Weifu Precision.

Defense of Lin in the First Instance: 1. He lawfully acquired the disputed patent from the recorded patentee Weifu Intelligent. No third party raised objections during the patent transfer publication period, and formal ownership change registration was completed, rendering the transfer legal and valid. 2. As the legitimate patent owner after transfer, he has the statutory right to reassign the disputed patent and receive corresponding consideration. Lin requested the court to dismiss all claims of Weifu Precision.

Defense of Furunde in the First Instance: 1. It lawfully purchased the disputed patent from Lin, unaware of any pending litigation concerning the patent at the time of transfer. No third party filed objections during the publication period; it paid full consideration and completed ownership registration, so the transfer is legally effective. 2. As the current patentee, the rights-protecting communications issued to Weifu Precision's clients are legitimate measures to safeguard its legal interests. Furunde requested dismissal of all claims by Weifu Precision.

The court of first instance held that the core disputed issues in this case are as follows: 1. Whether the disputed patent constitutes a service invention of Weifu Precision; 2. If it is a service invention of Weifu Precision, whether Weifu Intelligent's filing and acquisition of the patent right under its own name is legitimate; 3. If Weifu Intelligent is not the lawful patentee of the disputed patent, whether Lin may acquire the patent in good faith; 4. If Lin cannot obtain the disputed patent bona fide, whether Furunde may claim good-faith acquisition.

Case 7:24-cv-00232-DC    Document 156-12    Filed 07/08/26    Page 6 of 20

Civil Judgment of Second Instance in Dispute over Patent Ownership between Weifu (Hangzhou) Precision Machinery Co., Ltd. and Hangzhou Weifu Intelligent Technology Co., Ltd., Lin et al.

For disputed issue 1, Article 6 of the Patent Law of the People's Republic of China provides: "An invention created by an employee in execution of the tasks assigned by his unit or mainly by making use of the material and technical means of the unit shall be a service invention. The right to apply for a patent for a service invention shall belong to the unit; if the application is approved, the unit shall be the patentee. "Article 12 of the Implementing Regulations of the Patent Law of the People's Republic of China stipulates: "The service invention created in execution of the tasks assigned by the unit as mentioned in Article 6 of the Patent Law refers to: (1) an invention made in the course of performing one's regular duties; (2) an invention made in performing tasks outside one's regular duties assigned by the unit... The "unit" as mentioned in Article 6 of the Patent Law includes a temporary work unit. The "material and technical means of the unit" refer to its capital, equipment, spare parts, raw materials, and technical data not accessible to the public. "In this case, both parties recognized that the design team composed of Xueyang Zhang, Minghua Li and Guogang Huang completed the disputed patent. Pursuant to the facts ascertained by the court of first instance, all members of such team were employees of Weifu Precision. After Weifu Precision launched the research and development project for the technology of the disputed patent, they accepted work assignments from Weifu Precision and participated in and finished all research and development work related to the disputed patent. Accordingly, the disputed patent constitutes a service invention completed by Xueyang Zhang, Minghua Li and Guogang Huang within the scope of their job duties, and the right to apply for the patent shall vest in Weifu Precision. With respect to Weifu Intelligent's defense arguments that Weifu Intelligent and Weifu Precision maintained a close affiliated relationship, that Xueyang Zhang, Minghua Li and Guogang Huang simultaneously provided services to Weifu Intelligent, and that Weifu Intelligent supplied material and technical conditions for completing the disputed patent, the court held that although the rent for the office premises of both companies was paid by Weifu Intelligent, Weifu Intelligent failed to submit sufficient evidence to prove it had provided corresponding support in funds, equipment, technology and other aspects for the research and development of the disputed patent, or that the disputed patent was an invention created by Xueyang Zhang, Minghua Li and Guogang Huang to fulfill work tasks assigned by Weifu Intelligent. Accordingly, such claims lack corresponding factual basis and shall not be upheld by the court in accordance with the law.

For disputed issue 2, Weifu Precision contended that the company was under the de facto control of Guosheng Ma at that time, and any acts performed by Guosheng Ma without the consent of the company's shareholders and board of directors could not represent Weifu Precision; there was no valid basis for Weifu Intelligent to file the disputed patent in its own name. Weifu Intelligent argued that it was incorporated specifically for technical research and development. Benxian Chen, the person in charge of Weifu Precision at the material time, had known about and consented from the very beginning to file the disputed patent under Weifu Intelligent's name. Accordingly, the special contract seal of Weifu Intelligent was affixed to the entrustment agreement for the patent application of the disputed patent; such seal was kept in the custody of Weifu Precision and affixed by employees of Weifu Precision. In response, the court of first instance held that as stated above, the disputed patent was a service invention created by employees of Weifu Precision to fulfill work tasks assigned by the company, and the right to apply for the patent inherently vested in Weifu Precision. Accordingly, Weifu Intelligent could only acquire such right to apply for the patent with the explicit consent of Weifu Precision. In this case, Weifu Intelligent failed to submit sufficient evidence to prove that Weifu Precision agreed to gratuitously transfer the right to apply for the disputed patent to Weifu Intelligent. Although employees of Weifu Precision affixed Weifu Intelligent's official seal to the entrustment agreement for patent application, such act was not authorized by Weifu Precision's chairman or general manager, nor was the asset disposal arising from such act reviewed and approved by Weifu Precision's shareholders or board of directors. Moreover, Guosheng Ma had a special dual identity as a senior manager of Weifu Precision and the sole shareholder of Weifu Intelligent, so Weifu Intelligent ought to have clearly known that the act of its employee affixing the seal on the entrustment agreement could not represent Weifu Precision. Meanwhile, Weifu Intelligent submitted no evidence to prove that it had participated in the R&D of the disputed patent and made certain contributions thereto, so its assertion that Weifu Precision consented to its gratuitous acquisition of the right to apply for the disputed patent lacks rationality. Accordingly, the court held that Weifu Intelligent's filing for and acquisition of the right to the disputed patent under its own name lacked legality.

For disputed issue 3, Paragraph 1 of Article 106 of the Property Law of the People's Republic of China states: "Where a person without the right to dispose transfers a real estate or movable property to a transferee, the owner has the right to recover the property; unless otherwise prescribed by law, the transferee obtains ownership of the real estate or movable property if all of the following conditions are met: (1) The transferee was acting in good faith at the time of transfer; (2) The transfer was made at a reasonable price; (3) Where registration is required by law, the registration has been completed; where registration is not required, the property has been delivered to the

transferee." In this case, Weifu Intelligent holds no genuine rights to the disputed patent, and its act of transferring the patent right of the disputed patent to Lin constitutes unauthorized disposition. By reference to the aforesaid provisions, Lin's claim of bona fide acquisition of the patent right of the disputed patent must satisfy all three of the following conditions concurrently: 1. The transferee acted in good faith when acquiring the patent right; 2. The transfer was effected at a reasonable price; 3. Statutory registration formalities were completed. During the first-instance hearing, Lin stated that he paid total consideration of RMB 150,000 for the patent right, consisting of offsetting RMB 120,000 debt owed by Guosheng Ma plus an additional RMB 30,000 cash payment. Nevertheless, Lin submitted no documentary evidence to substantiate such statement, and the logic of settling personal debt with corporate patent rights is unreasonable. The court of first instance found that Lin failed to pay reasonable consideration for the disputed patent, hence he did not meet the prerequisites for bona fide acquisition. Accordingly, Lin cannot assert bona fide acquisition of the disputed patent.

For disputed issue 4, given that Lin had no legitimate rights to the disputed patent, Furunde also needed to satisfy the three aforesaid conditions concurrently to claim bona fide acquisition of the patent right. The court of first instance held that Furunde failed to meet the conditions for bona fide acquisition for the following reasons: As a commercial entity, Furunde owed a reasonable and prudent duty of examination with respect to the patent right to be transferred. When it took over the patent right of the disputed patent, Weifu Precision had already instituted litigation over ownership of the disputed patent; nevertheless, Furunde completed the transfer without conducting any valuation or risk assessment of the patent right. Meanwhile, Furunde's business scope covers the design, production and sales of precision molds and stamping parts as well as steel sales, and does not include the production or sale of welding guns. After acquiring the patent right, Furunde never engaged in the actual production or sales of products under the disputed patent. On the contrary, after Furunde obtained the patent right, Weifu Intelligent sent a large number of attorney letters affixed with Furunde's seal to Weifu Precision's customers. Although Weifu Intelligent and Furunde denied the aforesaid conduct, they failed to submit contradictory evidence to refute it. It can be seen from the contents of such attorney letters that Furunde licensed the patent right of the disputed patent to Weifu Intelligent. Accordingly, Furunde lacked genuine transaction intent at the time of the transfer, and knew or ought to have known that there existed a dispute over the ownership of the disputed patent. Therefore, the transfer by Furunde cannot be deemed a bona fide transaction, and Furunde is precluded from claiming bona fide acquisition of the disputed patent. Weifu Precision is entitled to own the patent right.

In summary, the court of first instance confirmed that Weifu Precision is the legitimate patentee of the disputed patent and upheld all corresponding claims filed by the company in accordance with the law. With regard to Weifu Precision's claims for confirming that the disputed patent constitutes its service invention, that the transfer of the patent right by Weifu Intelligent to Lin is void, and that the transfer of the patent right by Lin to Furunde is void, this case is a dispute over patent ownership. On the basis of confirming Weifu Precision as the patentee of the disputed patent, the court will make no further judgment or finding on the aforesaid claims. Pursuant to Article 6 of the Patent Law of the People's Republic of China, Article 12 of the Implementing Regulations of the Patent Law of the People's Republic of China, Paragraph 1 of Article 106 of the Property Law of the People's Republic of China, and Article 64 of the Civil Procedure Law of the People's Republic of China, the court rendered the judgment dated June 24, 2015 as follows: 1. Confirm that Weifu Precision is the patentee of the utility model patent titled "A Mechanical Device for Resistance Spot Welding" under Patent No. ZL20132006××××.8; 2. Dismiss other claims raised by Weifu Precision. The case acceptance fee of RMB 900 shall be borne by Weifu Intelligent, Lin and Furunde.

After the judgment was pronounced, Weifu Intelligent, Lin and Furunde all refused to accept the judgment and filed appeals with this Court.

Appeal Arguments of Weifu Intelligent: 1. It and Weifu Precision were once affiliated enterprises and had long shared office premises. Its special contract seal and other licenses, financial documents and bank accounts were uniformly kept and controlled by Weifu Precision; expenses including office rent and daily operating costs of Weifu Precision were all recorded in the account books of Weifu Intelligent; most employees (xx) of Weifu Precision concurrently provided services to both companies. Weifu Intelligent was primarily established to boost product innovation and invention. The inventor team completed the disputed patent relying on material and technical resources provided by Weifu Intelligent, which also paid salaries and bonuses to the inventors. The disputed patent shall be deemed a service invention of Weifu Intelligent. 2. Even if the disputed patent is found to be a service invention of Weifu Precision instead of Weifu Intelligent, the decision to designate Weifu Intelligent as the patent applicant was reached through negotiation with Weifu Precision, and Benxian Chen, the actual manager of Weifu Precision, as well as all inventors acknowledged such arrangement. Weifu Precision raised no objections during the patent application, publication and authorization period, nor for more than one year after the patent was granted, and actively cooperated with Weifu Intelligent to complete all relevant patent application formalities. Although Guosheng Ma, shareholder of Weifu Intelligent, previously served as a director of Weifu Precision, this does not

Civil Judgment of Second Instance in Dispute over Patent Ownership between Weifu (Hangzhou) Precision Machinery Co., Ltd. and Hangzhou Weifu Intelligent Technology Co., Ltd., Lin et al.

mean Guosheng Ma participated in the operation and management of Weifu Precision or exercised actual control over the company and its staff. The aforesaid conduct of Weifu Precision reflected its genuine intention, rather than a consent granted merely at Guosheng Ma's request. Therefore, Weifu Intelligent's application for and acquisition of the disputed patent right is legitimate and valid. 3. Weifu Intelligent's transfer of the patent right under its name to Lin in accordance with the law is legal and valid. The total consideration of RMB 150,000 paid by Lin included RMB 30,000 in cash paid to Guosheng Ma and offsetting RMB 120,000 of Guosheng Ma's debts owed to Lin, and Lin acquired the patent entirely in good faith. 4. Furunde never licensed the disputed patent to Weifu Intelligent. Weifu Intelligent neither assisted Furunde in dispatching letters to clients nor had knowledge of the patent transfer between Furunde and Lin. In summary, Weifu Intelligent requested the second-instance court to vacate Item 1 of the first-instance judgment, dismiss all claims filed by Weifu Precision, and order Weifu Precision to bear all litigation costs of the first and second instances.

Appeal Arguments of Lin: 1. He lawfully acquired the disputed patent from the recorded patentee Weifu Intelligent. No third party raised objections during the patent transfer publication period, and formal ownership change registration was completed, rendering the transfer legal and valid. 2. After acquiring the disputed patent, he, as the legitimate patentee, had the statutory right to reassign the patent and receive corresponding consideration. When he transferred the patent to Furunde, no ownership dispute over the disputed patent had yet arisen. 3. He paid a total consideration of RMB 150,000 for three patents including the disputed one, a fact confirmed by Weifu Intelligent. The reasoning of the first-instance judgment holding that he failed to pay reasonable consideration is untenable. In summary, Lin requested the second-instance court to vacate Item 1 of the first-instance judgment, dismiss all claims filed by Weifu Precision, and order Weifu Precision to bear all litigation costs of the first and second instances.

Appeal Arguments of Furunde: 1. It lawfully acquired ownership of the disputed patent from Lin, the recorded patentee. It had no knowledge of any pending ownership dispute over the patent at the time of transfer; no third party filed objections during the publication period. It paid full consideration and completed ownership change registration in accordance with the law, so the transfer is legally effective. 2. As the current patentee of the disputed patent, any rights-protecting measures it took were legitimate and lawful to safeguard its legal interests. In addition, it never licensed the disputed patent to any third party nor authorized any third party to send attorney letters to relevant clients. The facts that it acquired the disputed patent legally and in good faith are clear and sufficiently evidenced. Furunde requested the second-instance court to vacate Item 1 of the first-instance judgment, dismiss all claims filed by Weifu Precision, and order Weifu Precision to bear all litigation costs of the first and second instances.

Defense of Weifu Precision: 1. The disputed patent was developed by its employee Xueyang Zhang and other staff following work assignments issued by the company, and was completed mainly relying on the material and technical resources of Weifu Precision, hence constituting its service invention. Weifu Intelligent is merely a shell company without the material and technical conditions required for developing the disputed patent. 2. Guosheng Ma, de facto controller of Weifu Intelligent, took advantage of the period when two directors of Weifu Precision fell ill and passed away successively during his tenure as director of Weifu Precision. He arbitrarily filed patent applications for technical achievements belonging to Weifu Precision under the name of Weifu Intelligent, breaching his fiduciary duty owed to Weifu Precision and damaging the interests of Weifu Precision and its shareholders. 3. By preempting the patent application right, maliciously transferring the disputed patent right, and jointly sending warning letters to clients of Weifu Precision together with Furunde, Weifu Intelligent caused substantial economic losses to Weifu Precision. In summary, Weifu Precision requested the second-instance court to protect its legitimate rights and interests in accordance with the law, dismiss all appeals and uphold the original judgment.

Weifu Intelligent, Lin and Furunde did not submit any additional defense statements.

Weifu Intelligent submitted the following evidence to the Court during the second instance proceedings:

1. Approval and payment vouchers for the agency fee and official filing fee of the disputed patent application, intended to prove that the aforesaid fees payable by Weifu Intelligent were actually reviewed and disbursed by Benxian Chen, manager of Weifu Precision, which further demonstrates that Weifu Precision consented to filing the patent application under the name of Weifu Intelligent.

2. Director appointment letter and articles of association of Weifu Precision, intended to prove that Guosheng Ma was no longer a director of Weifu Precision at the time of the disputed patent application, and per the articles of association of Weifu Precision, the transfer of patent application rights does not require authorization from the chairman or a resolution of the board of directors of Weifu Precision.

Case 7:24-cv-00232-DC    Document 156-12    Filed 07/08/26    Page 9 of 20

Civil Judgment of Second Instance in Dispute over Patent Ownership between Weifu (Hangzhou) Precision Machinery Co., Ltd. and Hangzhou Weifu Intelligent Technology Co., Ltd., Lin et al.

Upon cross-examination, Weifu Precision contended that internal approval slips for corporate fund disbursement can be self-produced and difficult to verify. While it raised no objection to the authenticity of Benxian Chen's signature on the approval slips, it contended that Benxian Chen, Yan Xiao and other signatories were ordinary employees of Weifu Precision. The fact that staff of Weifu Precision reviewed and approved payment for patent application fees filed under Weifu Intelligent's name sufficiently proves both companies were under the de facto control of Guosheng Ma. The aforesaid approval and payment vouchers cannot serve as evidence that Weifu Precision consented to the patent application filed by Weifu Intelligent. It raised no objection to the authenticity of the second set of evidence, but argued the articles of association of Weifu Precision stipulate that directors may be reappointed upon expiry of their terms, meaning Guosheng Ma served as a director of Weifu Precision continuously from 2007 to 2014. Furthermore, although the filing or transfer of patent technology is not explicitly specified in the articles of association, such matters involve major corporate assets and shall be subject to resolutions of the shareholders' meeting.

Lin and Furunde fully recognized the validity of all aforesaid evidence.

Upon examination, this Court holds that since Weifu Precision acknowledged the authenticity of Benxian Chen's signature, the fact that Benxian Chen reviewed and approved the relevant fund disbursement shall be confirmed. However, disputes remain between the parties regarding Benxian Chen's authority and position. Whether this set of evidence proves Weifu Precision's consent to Weifu Intelligent filing the disputed patent will be elaborated further below. All other parties acknowledged the authenticity of the second set of evidence submitted by Weifu Intelligent, which shall be affirmed. Nevertheless, the evidence fails to prove Guosheng Ma only served as a shareholder of Weifu Precision for three years; directors are eligible for reappointment, and industrial and commercial change registration records show Guosheng Ma did not step down as director of Weifu Precision until 2014. Moreover, the transfer of patent application rights shall be accompanied by corresponding consideration. Regardless of whether such transfer is explicitly subject to special approval procedures under the articles of association, it shall not impair the legitimate interests of the company and its shareholders. The mere absence of explicit provisions in the articles of association cannot support a presumption that the transfer procedure for the disputed patent application right was legal and valid. This set of evidence lacks probative force to prove the alleged facts, and this Court declines to admit it as valid evidence.

No other parties submitted new evidence to this Court. The facts ascertained by this Court upon second-instance review are consistent with those confirmed in the first-instance judgment.

Based on the appeal claims and grounds of Weifu Intelligent, Lin and Furunde, as well as the defense arguments of Weifu Precision, this Court identifies the core disputed issues in the second instance as follows: 1. Whether the disputed patent constitutes a service invention of Weifu Precision; 2. If the disputed patent is a service invention of Weifu Precision, whether Weifu Intelligent lawfully acquired the patent application right; 3. Whether the defenses of bona fide acquisition raised respectively by Lin and Furunde are tenable.

For disputed issue 1

As for the identification of service inventions, Article 6 of the Patent Law of the People's Republic of China stipulates: An invention created by an employee in execution of the tasks assigned by his unit or mainly by making use of the material and technical means of the unit shall be a service invention. The right to apply for a patent for a service invention shall belong to the unit; if the application is approved, the unit shall be the patentee. Article 12 of the Implementing Regulations of the Patent Law of the People's Republic of China provides further detailed provisions: The service invention created in execution of the tasks assigned by the unit as mentioned in Article 6 of the Patent Law includes inventions made in the course of performing one's regular duties, and inventions made in performing tasks outside one's regular duties assigned by the unit. In this case: First, according to the patent certificate of the disputed patent, Xueyang Zhang is listed as the inventor. Both Weifu Precision and Weifu Intelligent confirm the disputed patent was developed by a R&D team consisting of Xueyang Zhang, Minghua Li and Guogang Huang. All three personnel signed labor contracts and confidentiality agreements with Weifu Precision and are formal employees whose primary work is technical project R&D. Second, the R&D project for the disputed patent was initiated and approved by Weifu Precision, a fact also acknowledged by Weifu Intelligent. Third, although office rent and daily operating expenses of Weifu Precision were recorded in the account books of Weifu Intelligent and the two companies shared office premises, such circumstances do not result in corporate confusion. The two remain relatively independent legal persons with separate organizational structures, operation models, financial ledgers and settlement systems. No evidence proves the R&D of the disputed patent mainly relied on material and technical resources of Weifu Intelligent, nor can Weifu Intelligent demonstrate the disputed patent was invented by the R&D team to fulfill work tasks assigned by Weifu Intelligent. Fourth, while Weifu Intelligent claims it paid salaries and bonuses to the inventors for the disputed patent, even if such payments were indeed made,

the disbursements occurred after the patent filing date and bear no substantial connection to the R&D work of the disputed patent. In conclusion, the disputed patent shall be confirmed as a service invention of Weifu Precision.

For disputed issue 2

On the premise that the disputed patent is a service invention of Weifu Precision, the core controversy turns to whether Weifu Intelligent lawfully obtained the patent application right through transfer from Weifu Precision. This Court holds that although Weifu Precision and Weifu Intelligent shared office space, they have different shareholders and vastly distinct equity structures, with separate legal rights and scope of conduct. All corporate acts shall fundamentally serve the interests of shareholders and maximize shareholders' legitimate interests within the legal framework. A gratuitous transfer of the disputed patent application right to Weifu Intelligent would inevitably harm the shareholders of Weifu Precision and conflict with the legitimate rights and interests of Weifu Precision. Weifu Intelligent failed to provide a reasonable explanation for such gratuitous transfer. In other words, there exists no clear mutual consent between the two parties regarding the transfer of the aforesaid right, nor any clear benefit arrangement or corresponding consideration underlying the transfer. A gratuitous transfer of the disputed patent application right lacks credibility and shall be examined with prudence. Disputes persist in this case over whether Guosheng Ma exercised de facto control over Weifu Precision and exploited the company as a tool for personal gain. During the period when two directors of Weifu Precision fell ill and passed away successively, creating a power vacuum for foreign shareholders, Guosheng Ma, as the sole director of Weifu Precision and absolute controlling shareholder of Weifu Intelligent, wielded substantial influence over the operation of both companies. Given partial institutional confusion between the two firms, routine internal administrative procedures such as affixing corporate seals may have adopted lax approval standards with unavoidable omissions. Benxian Chen's acts of affixing Weifu Intelligent's seal (in his custody) to application documents and reimbursing the patent filing fees cannot be deemed as confirmation on behalf of Weifu Precision that Weifu Intelligent was authorized to file the disputed patent application. In the absence of other valid evidence submitted by Weifu Intelligent proving the legal transfer of the disputed patent application right, this Court rules that Weifu Intelligent does not hold the application right to the disputed patent.

For disputed issue 3

Per the foregoing analysis, Weifu Intelligent is a disposer without the right to dispose of the disputed patent right. For Lin and Furunde to successfully rely on the defense of bona fide acquisition and obtain complete ownership of the disputed patent right, both must prove three elements: they acted in good faith at the time of transfer, the transfer was made at a reasonable price, and formal ownership change registration of the patent right was completed.

In this case, with respect to Lin's defense of bona fide acquisition, Weifu Intelligent acknowledged Guosheng Ma owed Lin RMB 120,000, and Lin offset the debt plus an additional RMB 30,000 cash as a total consideration of RMB 150,000 to reasonably acquire the disputed patent right. However, the payment method confirmed by Lin and Weifu Intelligent lacks supporting documentary evidence. The prior personal debt between individuals involves different subject parties from corporate fund transactions, and the debt relationship itself is unsupported by evidence. Therefore, it cannot be confirmed that Lin acquired the disputed patent right at a reasonable price, and his defense of bona fide acquisition fails.

With respect to Furunde's defense of bona fide acquisition, the core dispute over Furunde's bona fide acquisition defense lies in whether Furunde acted in good faith when acquiring the patent. Its subjective intent shall be judged comprehensively based on objective conduct. For example, whether there existed a joint common intent between Weifu Intelligent and Furunde, and whether Weifu Intelligent assisted Furunde in dispatching communications to clients. This court holds that, first, the official website of Weifu Intelligent is www.weifu-china.com. Notarization Certificate No. (2015) Zhehangxi Zheng Min Zi No. 7719 submitted by Weifu Precision proves that employees of Weifu Intelligent sent emails from corporate mailboxes with the suffix @weifu-china.com to Wuhan Yuanchuan Electromechanical Equipment Co., Ltd., Liuzhou Wuling Automotive Industry Co., Ltd. and other clients of Weifu Precision, attaching a Statement Demanding Termination of Purchasing Infringing Products from Weifu Precision, which stated the emails were dispatched on Furunde's commission. Although both Weifu Intelligent and Furunde denied such conduct, they submitted no contradictory evidence to disprove the authenticity of the emails, so the contents of the emails shall be affirmed. Second, Furunde acquired the disputed patent while ownership litigation over the patent was pending. It failed to sign a written transfer contract with the patentee and

Civil Judgment of Second Instance in Dispute over Patent Ownership between Weifu (Hangzhou) Precision Machinery Co., Ltd. and Hangzhou Weifu Intelligent Technology Co., Ltd., Lin et al.

completed the acquisition without conducting due diligence, demonstrating a lack of prudence. The payment vouchers submitted by Furunde do not specify the exact purpose of the disbursements. Third, after acquiring the disputed patent right, Furunde did not carry out actual production. Per the email contents, it licensed the disputed patent to Weifu Intelligent for use. It can be concluded that close joint intent and affiliation existed between Furunde and Weifu Intelligent. Comprehensively judged, Furunde's acquisition of the disputed patent from Lin also fails to satisfy all constituent elements of bona fide acquisition.

In summary, this court holds that the appeal grounds of Weifu Intelligent, Lin and Furunde lack factual and legal basis and shall not be upheld. The first-instance judgment ascertained the facts clearly and applied the law correctly, and shall be upheld in accordance with the law. Pursuant to Item (1) of Paragraph 1 of Article 170 of the Civil Procedure Law of the People's Republic of China, this Court renders the following judgment:

Dismiss all appeals and uphold the original judgment.

The second-instance litigation fee of RMB 900 shall be borne by Weifu Intelligent, Lin and Furunde.

This judgment is final.

Presiding Judge: Ping Zhou

Associate Judge: Yu Chen

Associate Judge: Wei Chen

October 9, 2015

Clerk: Lili Wang



Scan the QR code for convenient mobile reading

# 韦孚（杭州）精密机械有限公司与杭州韦孚智能科技有限公司、林某等专利权权属纠纷二审民事判决书

审　理　法　院:浙江省高级人民法院

案　　　　　号:(2015)浙知终字第 149 号

裁　判　日　期:2015.10.09

案　　　　　由:民事/知识产权与竞争纠纷/知识产权权属、侵权纠纷/发明专利权权属、侵权纠纷/发明专利权权属纠纷

上诉人（原审被告）杭州韦孚智能科技有限公司，住所地浙江省杭州市滨江区西兴街道滨文路 12 号 2 号楼 1 层 1A 区。

法定代表人陈慧芬，董事长。

上诉人（原审被告）林某，男，1978 年 1 月 14 日出生，汉族，住浙江省杭州市西湖区。

上述两上诉人之共同委托代理人（特别授权代理）卢朝辉，浙江康城律师事务所律师。

上诉人（原审被告）苏州市福润德精密模具有限公司，住所地江苏省昆山市玉山镇城北包家桥路 221 号 1 幢。

法定代表人饶淑生，执行董事。

委托代理人（特别授权代理）叶志坚，浙江天册律师事务所律师。

被上诉人（原审原告）韦孚（杭州）精密机械有限公司，住所地浙江省杭州市滨江区西兴街道滨文路 12 号 2 号楼一层 B 区。

法定代表人 TylerJamesBeach，董事长。

委托代理人（特别授权代理）王钊，北京方耀律师事务所律师。

委托代理人（特别授权代理）寇锋，北京市中洲律师事务所律师。

上诉人杭州韦孚智能科技有限公司（以下简称韦孚智能公司）、林某、苏州市福润德精密模具有限公司（以下简称福润德公司）因专利权权属纠纷一案，不服浙江省杭州市中级人民法院 （2015）浙杭知重字第 1 号民事判决，向本院提起上诉。本院于 2015 年 7 月 30 日立案受理后，依法组成合议庭，并于同年 9 月 8 日公开开庭进行了审理。上诉人韦孚智能公司、林某的共同委托代理人卢朝辉，上诉人福润德公司的委托代理人叶志坚，被上诉人韦孚（杭州）精密机械有限公司（以下简称韦孚精密公司）的委托代理人王钊、寇锋到庭参加诉讼。本案现已审理终结。

原判认定：韦孚精密公司成立于 2008 年 1 月 10 日，系 WeiFuInternational，LLC（韦孚国际有限公司）独资设立，注册资本 55.9 万美元，经营范围包括生产：焊装生产设备、焊接机器人、汽车模具及零部件等；销售自产产品；服务：汽车模具及零部件、非金属制品模具、自动化配件的设计。该公司成立之时，JimmieLeeBeach 担任公司法定代表人、董事长兼总经理，CharlsStanleyBeach、马国生担任公司董事。2012 年 7 月 27 日、2013 年 2 月 23 日，JimmieLeeBeach、CharlsStanleyBeach 先后去世。2013 年 12 月 18 日，韦孚精密公司经股东决定，TylerJamesBeach 担任公司董事、董事长、法定代表人，

JeffreyRoyBeach、陈本先担任公司董事，免去马国生的董事职务，并于 2014 年 2 月 24 日经杭州市工商行政管理局核准变更。

韦孚智能公司成立于 2012 年 2 月 22 日，系马国生投资注册的一人有限责任公司，注册资本 100 万元，经营范围包括技术开发、技术服务、技术咨询、成果转让、机器人焊接枪自动化控制技术、机电一体智能化产品；配发、零售等。该公司成立之时，马国生为公司法定代表人、执行董事兼经理。2012 年 9 月 27 日，经杭州市工商行政管理局核准，该公司法定代表人变更为陈慧芬。2013 年 3 月 22 日，该公司注册资本变更为 300 万元，股东变更为马树生、马国生，分别占该公司股份的 10%、90%。韦孚智能公司成立后，马国生将公司合同专用章和银行账户交由韦孚精密公司管理。同时，韦孚精密公司与韦孚智能公司位于浙江省杭州市滨江区滨文路 12 号 2 号楼一层的经营场地系由韦孚智能公司租赁。

2012 年 1 月 4 日，韦孚精密公司和张学洋签订一份《劳动合同书》，约定张学洋在韦孚精密公司从事研发部经理工作。杭州市社会保险参保证明显示：张学洋 2012 年 1 月至 2013 年 4 月的工资及社保费分别由韦孚精密公司发放、缴纳；2013 年 5 月至 8 月社保费由韦孚智能公司缴纳；2013 年 9 月至 12 月的工资及社保费分别由韦孚精密公司发放、缴纳。2011 年 11 月 28 日，韦孚精密公司和李明华签订一份《劳动合同书》，约定李明华在韦孚精密公司从事制造部总监工作。李明华 2012 年 1 月至 2013 年 12 月的社保费由韦孚精密公司缴纳。2008 年 6 月 1 日，韦孚精密公司和黄国刚签订一份《劳动合同书》，约定黄国刚在韦孚精密公司从事生产经理工作。黄国刚 2012 年 1 月至 2013 年 12 月的社保费由韦孚精密公司缴纳。

2012 年 9 月，韦孚精密公司开始焊枪机械装置技术研发的项目立项，张学洋、黄国刚、李明华等韦孚精密公司的员工参与并完成了项目研发。2013 年 1 月 25 日，韦孚智能公司和杭州必控知识产权代理有限公司（以下简称必控公司）签订一份《实用新型专利申请委托协议》，委托必控公司办理"一种用于电阻点焊的机械装置"实用新型专利的申请。在原审庭审中，韦孚精密公司认可张学洋负责与必控公司对接专利申请事宜，其公司财务陈丽在委托协议上加盖韦孚智能公司合同专用章的事实，但认为这均是由马国生控制和安排。

2013 年 2 月 5 日，韦孚智能公司向国家知识产权局申请了名称为"一种用于电阻点焊的机械装置"的实用新型专利，发明人为张学洋，授权公告日为同年 10 月 23 日，专利号为 ＺＬ20132006×××.8。该专利权利要求书 1 载明：一种用于电阻点焊的机械装置，其特征在于：包括焊钳本体、与所述焊钳本体连接的一体式伺服及与所述焊钳本体连接的变压器，所述焊钳本体、一体式伺服及变压器设置为机载一体式结构。

2014 年 1 月 20 日，该专利权利人变更为林某。林某在原审庭审中陈述，因马国生曾经欠其 12 万元款项，故把包括本案在内的三个专利再加 3 万元现金抵给林某。

2014 年 7 月 11 日，该专利权利人又变更为福润德公司。福润德公司于同年 5 月 4 日、7 月 23 日分两次向林某汇款 3 万元、15 万元。福润德公司成立于 2006 年 6 月 20 日，注册资本 100 万元，经营范围包括设计、生产、销售：精密模具、冲压件，销售：钢材。

2014 年 9、10 月间，韦孚智能公司的员工以电子邮件的方式（电子邮箱后缀为@weifu-china.com）分别向武汉元川机电设备有限公司、柳州五菱汽车工业有限公司等韦孚精密公司的客户发送了《关于停止向韦孚精密公司购买侵权产品的声明》，其中称福润德公司已依法成为涉案专利的合法有效权利人，福润

德公司未许可韦孚精密公司使用涉案专利，对于其生产侵权产品的行为将通过法律途径解决，并希望这些公司停止向韦孚精密公司购买侵权产品；同时称福润德公司已许可韦孚智能公司使用涉案专利，同意韦孚智能公司生产销售专利产品。

韦孚精密公司认为，涉案专利系其公司员工张学洋的职务发明，且未经其公司同意，韦孚智能公司以该公司名义申请涉案专利，并恶意转让给林某，后再转让给福润德公司。福润德公司在恶意受让涉案专利后，还继续许可给韦孚智能公司使用，并给韦孚精密公司的客户发送律师声明，要求相关客户停止购买韦孚精密公司的产品，给福润德公司造成重大损失。韦孚精密公司遂于 2014 年 3 月 3 日诉至原审法院，后因对该院作出的（2014）浙杭知初字第 165 号民事判决不服，上诉至本院。本院作出（2014）浙知终字第 238 号民事裁定，将本案发回重审。原审法院于 2015 年 1 月 4 日再次立案，韦孚精密公司请求判令：1.确认专利号为ＺＬ20132006××××.8 的"一种用于电阻点焊的机械装置"实用新型专利为韦孚精密公司的职务发明；2.确认上述专利由韦孚智能公司转让至林某的行为无效；3.确认上述专利由林某转让至福润德公司的行为无效；4.上述专利权归韦孚精密公司所有；5.本案诉讼费用由韦孚智能公司、林某、福润德公司承担。

韦孚智能公司原审答辩称：1.其公司与韦孚精密公司存有一定关联。对于涉案专利主要是利用韦孚智能公司的物质技术条件完成，并由其公司申请专利的事实和过程，韦孚精密公司原法定代表人及原负责人陈本先系明知并认可，专利申请费用亦是由陈本先签字报销，专利申请公告期间韦孚精密公司也未曾提出异议，韦孚智能公司系涉案专利的合法所有权人。2.其公司与韦孚精密公司合并办公期间，支付了办公场地租金、办公费用及涉案专利发明人张学洋的数月工资，其公司对韦孚精密公司的正常生产经营提供了重要的物质和技术支持。在双方产生纠纷前，其公司亦一直许可韦孚精密公司使用涉案专利。3.马国生基本不参与韦孚精密公司的经营管理，仅系挂名董事，并不存在韦孚精密公司所声称的马国生在该公司其他董事患病期间一人掌控公司的事实。4.涉案专利并非韦孚精密公司员工的职务发明创造，韦孚智能公司已将涉案专利合法让与善意第三人林某，该转让行为应受法律保护。综上，请求原审法院判决驳回韦孚精密公司的全部诉讼请求。

林某原审答辩称：1.其系依法从专利权人韦孚智能公司处受让涉案专利，转让公告期间未有任何第三人提出异议，并完成了权属变更登记，受让行为合法有效；2.其受让涉案专利后，作为合法所有人有权依法将之转让，并收取相应对价。综上，请求原审法院判决驳回韦孚精密公司的诉讼请求。

福润德公司原审答辩称：1.其系依法从专利权人林某处受让涉案专利，受让时并不知晓涉案专利存在的诉争情况，转让公告期间内亦未有任何第三人提出异议，其已支付相应对价，并依法完成了权属变更登记，受让行为合法有效；2.其现作为涉案专利权人，为维护自身权益需要，即使实施了韦孚精密公司指称的维权行为亦属正当合法。请求原审法院判决驳回韦孚精密公司的诉讼请求。

原审法院认为，本案的争议焦点为：一、涉案专利是否属于韦孚精密公司的职务发明创造；二、如涉案专利属于韦孚精密公司的职务发明创造，韦孚智能公司以其名义申请并获得涉案专利权是否具有合法性；三、如韦孚智能公司并非涉案专利权的合法权利人，林某就涉案专利权能否主张善意取得；四、如林某不能善意取得涉案专利权，福润德公司就涉案专利权能否主张善意取得。

对于第一个争议焦点，《中华人民共和国专利法》第六条规定："执行本单位的工作任务或者主要是利用本单位的物质技术条件所完成的发明创造为职务发明创造。职务发明创造申请专利的权利属于该单位；申请被批准后，该单位为专利权人。"《中华人民共和国专利法实施细则》第十二条规定："专利法第六条所称执行本单位的任务所完成的职务发明创造是指：（一）在本职工作中作出的发明创造；二、履行本单位交付的本职工作之外的任务所作出的发明创造；……专利法第六条所称本单位，包括临时工作单位；专利法第六条所称本单位的物质技术条件，是指本单位的资金、设备、零部件、原材料或者不对外公开的技术资料等。"在本案中，双方均认可张学洋、李明华、黄国刚组成的设计团队完成了涉案专利，根据原审法院查明的事实，该团队成员均为韦孚精密公司的员工，在韦孚精密公司就涉案专利技术的研发立项后，接受韦孚精密公司的工作安排，参与并完成了涉案专利相关的技术研发工作，因此涉案专利属于张学洋、李明华、黄国刚在其工作职责范围内所完成的职务发明创造，涉案专利申请权应归属于韦孚精密公司。对于韦孚智能公司抗辩称韦孚智能公司与韦孚精密公司存在紧密的关联关系，张学洋、李明华、黄国刚同时为韦孚智能公司提供服务，韦孚智能公司为涉案专利的完成提供了物质技术条件的主张，该院认为，虽然两公司办公场所的租金系韦孚智能公司支付，但韦孚智能公司并未提供充分的证据证明其为涉案专利的研发提供了相应的资金、设备、技术等各方面的支持，或者涉案专利属于张学洋、李明华、黄国刚为完成韦孚智能公司分配的工作任务所作出的发明创造，因此其主张缺乏相应的事实依据，该院依法不予采信。

对于第二个争议焦点，韦孚精密公司认为其公司当时由马国生实际控制，马国生在未经公司股东及董事会同意的情况下所实施的行为不能代表韦孚精密公司，韦孚智能公司以其自身名义申请专利没有依据；韦孚智能公司认为韦孚智能公司设立的目的就是进行技术研发，韦孚精密公司当时的负责人是陈本先，其自始知晓并同意以韦孚智能公司的名义申请涉案专利，故在涉案专利的申请委托协议上盖有韦孚智能公司的合同专用章，该印章系由韦孚精密公司保管，并由韦孚精密公司的员工加盖。对此原审法院认为，如前所述，涉案专利系由韦孚精密公司的员工为完成该公司的工作任务所作出的职务发明创造，专利申请权理应归属于韦孚精密公司，那么韦孚智能公司主张由其获得专利申请权，必须得到韦孚精密公司明确的同意。在本案中，韦孚智能公司并未提供充分证据证明韦孚精密公司同意将专利申请权无偿转让给韦孚智能公司，在涉案专利的申请委托协议上虽然由韦孚精密公司的员工加盖了韦孚智能公司的公章，但该行为并未得到韦孚精密公司董事长或总经理的授权，该行为所带来的资产处置后果也未经过韦孚精密公司股东或董事会的决议通过，更何况鉴于马国生的特殊身份，其同时为韦孚精密公司的高级管理人员和韦孚智能公司的唯一股东，韦孚智能公司应当明确知晓韦孚精密公司员工在申请委托协议上盖章的行为并不能代表韦孚精密公司。同时，韦孚智能公司也未提供证据证明其参与涉案专利研发并作出了一定的贡献，其主张韦孚精密公司同意其无偿获得涉案专利申请权也缺乏合理性。因此该院认为，韦孚智能公司以其名义申请并获得涉案专利权不具有合法性。

对于第三个争议焦点，《中华人民共和国物权法》第一百零六条第一款规定："无处分权人将不动产或者动产转让给受让人的，所有权人有权追回；除法律另有规定外，符合下列情形的，受让人取得该不动产或者动产的所有权：（一）受让人受让该不动产或者动产时是善意的；（二）以合理的价格转让；（三）转让的不动产或者动产依照法律规定应当登记的已经登记，不需要登记的已经交付给受让人。"在

本案中，韦孚智能公司对涉案专利并不享有真正的权利，其将涉案专利权转让给林某的行为属无权处分，参照此规定，林某主张善意取得涉案专利权需同时符合以下三个条件：1. 受让人受让专利权时是善意的；2. 以合理的价格转让；3. 依照法律应当登记的已经登记。在原审庭审中，林某虽然陈述为受让涉案专利权支付对价 15 万元，包括抵销马国生的欠款 12 万元和支付现金 3 万元，但林某未提交任何证据以证明上述事实，同时以公司的专利权偿还个人欠款的陈述亦缺乏合理性，原审法院认为林某并未为受让涉案专利权行为支付合理的对价，林某作为受让人不符合善意取得的条件。故林某就涉案专利不能主张善意取得。

对于第四个争议焦点，在林某对涉案专利不享有权利的情况下，福润德公司主张善意取得涉案专利权亦需同时符合上述三个条件，原审法院认为福润德公司并不符合善意取得的条件，理由如下：福润德公司作为商事主体，应当对受让的专利权尽到合理审慎的审查义务，在其受让涉案专利权时韦孚精密公司已经提起权属诉讼，但福润德公司在未对涉案专利权价值和风险进行评估的情况下，即受让了涉案专利权；同时，福润德公司的经营范围为精密模具、冲压件的设计、生产、销售及钢材的销售，并不涉及焊枪的生产销售，而福润德公司在受让涉案专利权后，也未实际生产、销售专利产品；相反，在福润德公司受让涉案专利权后，韦孚智能公司向韦孚精密公司的客户发送了大量盖有福润德公司印章的律师函，韦孚智能公司、福润德公司虽对此予以否认，但并未提交相反证据予以推翻，根据律师函的内容，福润德公司将涉案专利权又许可给韦孚智能公司使用，由此可见，福润德公司在受让涉案专利权时缺乏真实意图，其知道或应当知道涉案专利权权属存在争议。因此，原审法院认为福润德公司的受让行为难谓善意，不能就涉案专利主张善意取得，韦孚精密公司有权取得涉案专利权。

综上，原审法院认为，韦孚精密公司为涉案专利的权利人，对韦孚精密公司的相应诉请，该院依法予以支持。对于韦孚精密公司主张确认涉案专利为韦孚精密公司的职务发明，韦孚智能公司转让至林某的行为无效，林某转让至福润德公司的行为无效的诉讼请求，因本案为专利权权属纠纷，该院在确认韦孚精密公司为涉案专利的专利权人的基础上，不再对上述诉请进行评判和认定。依据《中华人民共和国专利法》第六条，《中华人民共和国专利法实施细则》第十二条，《中华人民共和国物权法》第一百零六条第一款，《中华人民共和国民事诉讼法》第六十四条之规定，该院于 2015 年 6 月 24 日判决：一、确认韦孚精密公司为专利号为 ＺＬ 20132006××××.8 "一种用于电阻点焊的机械装置"实用新型专利的专利权人；二、驳回韦孚精密公司的其他诉讼请求。案件受理费 900 元，由韦孚智能公司、林某、福润德公司负担。

宣判后，韦孚智能公司、林某、福润德公司均不服，向本院提出上诉。

韦孚智能公司上诉称：1. 其与韦孚精密公司曾为关联企业，两公司一直合并办公，其合同专用章等证照印章及财务、银行账户等都统一由韦孚精密公司保管控制；韦孚精密公司包括经营场所租金、日常经营办公费用等都直接在韦孚智能公司账上进行列支；韦孚精密公司的大部分员工（××）实际上均同时为两公司提供服务；韦孚智能公司成立的主要目的也是为了加强产品创新发明，发明人团队即是在韦孚智能公司提供的物质条件基础上完成了涉案专利的发明创造，韦孚智能公司亦曾向发明人支付工资及奖励，涉案专利应认定为韦孚智能公司的职务发明。2. 即使认定涉案专利系韦孚精密公司而非韦孚智能公司的职务发明，由韦孚智能公司作为专利申请人也是经与韦孚精密公司协商达成的，韦孚精密公司的实际管理人陈本先、各发明人对此均予以认可，且在专利的申请、授权公告期间及专利取得后近一年多时间均未提出任何异议，并主动积极配合和协助韦孚智能公司办理涉案专利相关申请手续；虽然韦孚智能公司的股东马国生

原曾系韦孚精密公司的董事，但并不代表马国生参与韦孚精密公司的经营管理并实际掌控该公司及员工，韦孚精密公司的前述行为应系该公司的真实意思表示，而非因马国生要求方同意将涉案专利转由韦孚智能公司申请，韦孚智能公司申请并取得涉案专利权合法有效。3.韦孚智能公司依法将其公司名下的专利权转让给林某的行为合法有效，林某所支付 15 万元对价包括向马国生支付的 3 万元现金和抵销马国生的 12 万元借款，林某完全系善意受让。4.福润德公司未曾将涉案专利许可韦孚智能公司使用，韦孚智能公司既未曾协助福润德公司向客户发函，也不清楚福润德公司与林某之间的专利转让事宜。综上，请求二审法院撤销原审判决第一项，驳回韦孚精密公司的诉请，并由该公司承担本案一、二审全部诉讼费用。

林某上诉称：1.其系依法从专利权人韦孚智能公司处受让涉案专利，转让公告期间未有任何第三人提出异议，并完成了权属变更登记，受让行为合法有效；2.其受让涉案专利后，作为合法所有人有权依法将之转让，并收取相应对价，转让给福润德公司之时，涉案专利权属争议尚未发生；3.其从韦孚智能公司受让含涉案专利在内的三项专利时，共支付价款 15 万元的事实客观存在，韦孚智能公司对此亦予以确认，原审判决认定其未支付合理对价的理由不能成立。综上，请求二审法院撤销原审判决第一项，驳回韦孚精密公司的诉请，并由该公司承担本案一、二审全部诉讼费用。

福润德公司上诉称：1.其系依法从专利权人林某处受让取得涉案专利所有权，受让时并不知晓涉案专利存在的诉争情况，转让公告期间亦未有任何第三人提出异议，其已支付相应对价，并依法完成了权属变更登记，受让行为合法有效。2.其现作为涉案专利权人，为维护自身权益需要，即使实施了相应维权行为亦属正当合法；此外，其从未将涉案专利许可任何第三人使用，也未曾授权第三人向相关客户发送律师函。其合法善意受让涉案专利的事实清楚，证据充分，请求二审法院依法撤销原审判决第一项，驳回韦孚精密公司的诉请，并由该公司承担本案一、二审全部诉讼费用。

韦孚精密公司答辩称：1.涉案专利系其公司员工张学洋等接受其公司的工作安排所研发完成，且主要利用了其公司的物质技术条件，属于其公司的职务发明创造；韦孚智能公司仅系空壳公司，并不具备研发涉案专利的物质技术条件。2.韦孚智能公司的实际控制人马国生利用担任韦孚精密公司董事期间，韦孚精密公司两位董事先后患病并去世的机会，擅自将属于韦孚精密公司的专利技术以韦孚智能公司的名义申请专利，违反了对韦孚精密公司应承担的忠实义务，损害了韦孚精密公司及其股东的利益。3.韦孚智能公司通过抢占专利申请权、恶意转让涉案专利权、与福润德公司一起向韦孚精密公司客户发送警告函等行为，给韦孚精密公司造成了重大的经济损失。综上，请求二审法院依法保护韦孚精密公司的合法权益，驳回上诉，维持原判。

韦孚智能公司、林某、福润德公司均未发表答辩意见。

二审过程中，韦孚智能公司向本院提交了如下证据：

1.涉案专利申请代理费、申请费的审批及付款凭证，拟证明应由韦孚智能公司承担的涉案专利的申请代理费、申请费实际上均由韦孚精密公司的管理人陈本先审核支出，可进一步说明韦孚精密公司认可以韦孚智能公司名义申请涉案专利。

2.董事委任书和韦孚精密公司章程，拟证明涉案专利申请时，马国先已非韦孚精密公司的董事，且根据韦孚精密公司的章程记载，专利申请权的转让无需经韦孚精密公司的董事长授权或董事会决议。

韦孚（杭州）精密机械有限公司与杭州韦孚智能科技有限公司、林某等专利权权属纠纷二审民事判决书

经质证，韦孚精密公司认为企业款项支出的内部审批单可自行制作，难以核查，对审批单上陈本先签名的真实性虽无异议，但认为在审批单上签名的陈本先、肖燕等人实系韦孚精密公司的普通员工，以韦孚智能公司名义进行的专利申请事项由韦孚精密公司员工进行所谓的申请费用的审批拨付，恰可证明该两家公司均由马国生实际控制，相关审批、支付凭证均不能证明韦孚精密公司对韦孚智能公司专利申请事项的认可。对于第2组证据的真实性无异议，但认为根据韦孚精密公司章程的记载，董事任期届满后可继续连任，即自2007年至2014年马国生均系韦孚精密公司的董事；此外，虽然专利技术的申请或转让未在公司章程中明确记载，但相关事项涉及公司重大资产问题，应由股东会决定。

林某、福润德公司则对上述证据均予以认可。

本院经审查认为，因韦孚精密公司认可陈本先签名的真实性，对陈本先签名审批款项的事实应予认可，但对陈本先的身份双方尚存在争议，该组证据能否证明韦孚精密公司对由韦孚智能公司申请涉案专利予以认可，将在下文作进一步论述。其他当事人对韦孚智能公司提交的第2组证据的真实性均予以认可，应予以确认，但并不能证明马国生仅担任三年韦孚精密公司的股东，其可连任董事，工商变更登记也显示马国生迟至2014年方才卸任韦孚精密公司董事一职；而专利申请权的让渡应存在相应的利益对价，无论是否属于公司章程明确规定需经特定审批程序的事项，均不能损及公司及股东的合理利益。不能以章程未作明确规定，即推定涉案专利申请权的让渡程序合法有效，该组证据对其待证事实缺乏证明力，本院不予认定。

其余各方当事人均未有新的证据向本院提交。本院二审查明的事实与原审判决认定的事实一致。

根据韦孚智能公司、林某、福润德公司的上诉请求和理由以及韦孚精密公司的答辩意见，本院认为各方当事人二审的争议焦点为：1. 涉案专利是否系韦孚精密公司的职务发明；2. 若涉案专利属韦孚精密公司的职务发明，韦孚智能公司是否合法享有专利申请权；3. 林某、福润德公司分别主张的善意取得抗辩能否成立。

关于争议焦点一

对于职务发明的认定问题，依据《中华人民共和国专利法》第六条之规定，执行本单位的工作任务或者主要是利用本单位的物质技术条件所完成的发明创造为职务发明创造，由该单位享有职务发明创造申请专利的权利；申请被批准后，该单位为专利权人。《中华人民共和国专利法实施细则》第十二条进一步细化规定，专利法第六条规定的执行本单位的工作任务所完成的职务发明创造，包括在本职工作中作出的发明创造、履行本单位交付的本职工作之外的任务所作出的发明创造等。在本案中，首先，根据涉案专利权利证书记载，发明人为张学洋，韦孚精密公司与韦孚智能公司均确认涉案专利系由张学洋、李明华、黄国刚组成的研发团队所完成，而该三人均明确系与韦孚精密公司签订有劳动合同和保密协议，系韦孚精密公司的员工，主要即从事项目科技研发工作。其次，涉案专利研发的项目是经由韦孚精密公司立项，韦孚智能公司对此亦予以认可。再者，虽然韦孚精密公司的办公场所租金及日常公司办公运营开支曾在韦孚智能公司账上列支，两公司存在合署办公的情况，但并不致两公司产生混同，两公司还是相对独立的法人，具有各自的组织机构和运行模式，也有各自的财务账册和结算体系，并没有证据表明涉案专利的研发是主要利用了韦孚智能公司的物质技术条件，韦孚智能公司也不能证明涉案专利系张学洋等研发团队为完成其交付的任务所作出的发明创造。第四，韦孚智能公司虽主张曾就涉案专利向发明人支付工资和奖励，但即使

该款项确曾支付，时间亦在专利申请日之后，所涉款项的指向与涉案专利研发缺乏关联性。综上，应认定涉案专利系韦孚精密公司的职务发明创造。

关于争议焦点二

在认定涉案专利属于韦孚精密公司的职务发明创造的前提下，争议则归结于专利申请权是否系韦孚智能公司从韦孚精密公司合法受让取得。对此，本院认为，虽然韦孚精密公司和韦孚智能公司存在合署办公的情况，但两公司的股东并不相同，存在迥异的股权架构，在法律上具有各自的权利和行为边界，而公司行为的考量都应以股东的利益为根本出发点，在法律框架内为股东合法利益最大化服务。涉案专利申请权若系无偿让与韦孚智能公司，势必会损及韦孚精密公司股东的利益，与韦孚精密公司的合法权益相悖，对此，韦孚智能公司未给出合理的解释，亦即涉案权利的让渡缺乏双方之间明确的合意，行为背后也缺乏明晰的利益架构及相应的利益对价，涉案专利申请权的无因让渡，难以使人信服，应予以审慎对待。虽然马国生是否存在实际掌控韦孚精密公司，并将韦孚精密公司作为个人谋利的工具，在本案中仍存有争议，××重及先后去世，且存在外方股东权利真空的情况下，当时马国生作为韦孚精密公司的唯一董事和韦孚智能公司的绝对控股股东，应对该两公司的运营均具有一定的影响力，在双方一定程度上存在机构混同的情况下，加盖公司印章等企业运行的普通内部行政手续，可能存在并不严格的审批程序，难免有所疏漏。陈本先在申请文件上加盖其所保管的韦孚智能公司印章及报销涉案专利申请费用的行为，不能据以认定为即系代表韦孚精密公司认可由韦孚智能公司申请涉案专利的行为。在韦孚智能公司未能提供其他有效证据证明涉案专利申请权系合法移转的情况下，应认定韦孚智能公司并不享有涉案专利的申请权。

关于争议焦点三

通过前述评判，韦孚智能公司系涉案专利权的无权处分人，林某、福润德公司要通过行使善意取得抗辩合法取得涉案专利权的完整权属，均必须证明其在受让涉案专利权时主观上属于善意，且以合理的价格受让，并已办妥专利权属的变更登记。

本案中，就林某主张的善意取得抗辩而言，韦孚智能公司认可马国生曾欠林某 12 万元，林某通过抵销欠款及另行付款 3 万元的方式，以总共 15 万元的对价合理受让了涉案专利权，但林某和韦孚智能公司所确认的双方之间的付款方式并无证据予以证明，之前的个人之间的欠款，与公司之间的款项往来并非相同主体之间的权利义务关系，且该欠款关系也缺乏证据予以证明，故难以认定林某从韦孚智能公司取得涉案专利权系以合理的价格受让，其善意取得抗辩不能成立。

而就福润德公司主张的善意取得抗辩而言，各方的主要争议在于福润德公司是否系善意受让，而对主观状态的评判就需要从客观行为加以分析和判定。比如韦孚智能公司是否与福润德公司存在共同的意思联络，韦孚智能公司是否存在为福润德公司向客户发送信息的问题等，可综合加以判断。本院认为，首先，韦孚智能公司的首页网址为 www.weifu-china.com，而韦孚精密公司提供的（2015）浙杭西证民字第 7719 号公证书表明，韦孚智能公司的员工通过后缀为@weifu-china.com 的邮箱，即韦孚智能公司的邮箱分别向武汉元川机电设备有限公司、柳州五菱汽车工业有限公司等韦孚精密公司的客户发送了《关于停止向韦孚精密公司购买侵权产品的声明》，表明系受福润德公司委托而发送邮件，韦孚智能公司、福润德公司对此虽均予以否认，但并无相反证据对涉案邮件的真实性予以反驳，故对邮件内容应予以确认。其次，福润德公司取得涉案专利时，正处于涉案专利权属争议的诉讼期间，该公司与专利权人未签订书面转让合同，

韦孚（杭州）精密机械有限公司与杭州韦孚智能科技有限公司、林某等专利权权属纠纷二审民事判决书

也未经核查而径行受让，有失慎重；福润德公司提交的付款凭证中亦未载明明确的付款指向。再者，其取得涉案专利权后，并未实际投入生产，根据邮件内容记载，而是又将涉案专利授权由韦孚智能公司使用，应认定福润德公司与韦孚智能公司之间存在紧密的共同意思联络，存有紧密关联。故综合判断，应认定福润德公司从林某处受让涉案专利同样不符合善意取得的构成要件。

综上，本院认为，韦孚智能公司、林某、福润德公司的上诉理由均缺乏事实和法律依据，不予支持。原审判决认定事实清楚，适用法律正确，依法应予维持。依照《中华人民共和国民事诉讼法》第一百七十条第一款第（一）项之规定，判决如下：

驳回上诉，维持原判。

二审案件受理费 900 元，由韦孚智能公司、林某、福润德公司负担。

本判决为终审判决。

审判长：周平

代理审判员：陈宇

代理审判员：陈为

二〇一五年十月九日

书记员：王莉莉

扫一扫，手机阅读更方便