# EXHIBIT 6

# Implementing Regulations of the Patent Law

# of the People's Republic of China

(Promulgated by Decree No. 306 of the State Council of the People's Republic of China on June 15, 2001, amended for the first time in accordance with the Decision of the State Council on Amending the Implementing Regulation of the Patent Law of the People's Republic of China on December 28, 2002, amended for the second time in accordance with the Decision of the State Council on Amending the Implementing Regulation of the Patent Law of the People's Republic of China on January 9, 2010, and effective as of February 1, 2010)

**Chapter I**
**General Provisions**

**Rule 1**
These Implementing Regulations are formulated in accordance with the Patent Law of the People's Republic of China (hereinafter referred to as the Patent Law).

**Rule 2**
Any formalities prescribed by the Patent Law and these Implementing Regulations shall be complied with in a written form or in any other form prescribed by the Patent Administration Department under the State Council.

**Rule 3**
Any document submitted in accordance with the provisions of the Patent Law and these Implementing Regulations shall be in Chinese; the standard scientific and technical terms shall be used if there is a prescribed one set forth by the State; where no generally accepted translation in Chinese can be found for a foreign name or scientific or technical term, the one in the original language shall be also indicated.

Where any certificate or certifying document submitted in accordance with the provisions of the Patent Law and these Implementing Regulations is in a foreign language, the Patent Administration Department under the State Council  may, when it deems necessary, request a Chinese translation of the certificate or the certifying document be submitted within a specified time limit; where the translation is not submitted within the specified time limit, the certificate or certifying document shall be deemed not to have been submitted.

**Rule 4**
Where any document is sent by mail to the Patent Administration Department under the State Council, the date of mailing indicated by the postmark on the envelope shall be deemed to be the date of filing; where the date of mailing indicated by the postmark on the envelope is illegible, the date on which the Patent Administration Department under the State Council   receives the document shall be the date of filing, except where the date of mailing is proved by the party concerned.

Any document of the Patent Administration Department under the State Council   may be served by mail, by personal delivery or by other forms. Where any party concerned appoints a patent agency, the document shall be sent to the patent agency; where no patent agency is appointed, the document shall be sent to the liaison person named in the request.

Where any document is sent by mail by the Patent Administration Department under the State Council, the 16th day from the date of mailing shall be presumed to be the date on which the party concerned receives the document.

Where any document is delivered personally in accordance with the provisions of the Patent Administration Department under the State Council, the date of delivery is the date on which the party concerned receives the document.

Where the address of any document is not clear and it cannot be sent by mail, the document may be served by making an announcement. At the expiration of one month from the date of the announcement, the document shall be deemed to be served.

**Rule 5**
The first day of any time limit prescribed in the Patent Law or these Implementing Regulations shall not be calculated as part of the time limit. Where a time limit is calculated in years or months, it shall expire on the corresponding day of the last month; if there is no corresponding day in such month, the time limit shall expire on the last day of that month; if the date of expiration of a time limit falls on a statutory holiday, it shall expire on the first working day following that holiday.

**Rule 6 (Incorporating original Rule 7)**
Where a time limit prescribed in the Patent Law or these Implementing Regulations or specified by the Patent Administration Department under the State Council   is not observed by a party concerned because of force majeure, resulting in loss of his or its rights, he or it may, within two months from the date on which the impediment is removed, at the latest within two years immediately following the expiration of that time limit, request the Patent Administration Department under the State Council    to restore his or its rights.

Apart from the situations specified in the preceding paragraph, where a time limit prescribed in the Patent Law or these Implementing Regulations or specified by the Patent Administration Department under the State Council    is not observed by a party concerned because of any other justified reason than the aforementioned one, resulting in loss of his or its rights, he or it may, within two months from the date of receipt of a notification from the Patent Administration Department under the State Council   , state the reasons and request the Patent Administration Department under the State Council    to restore his or its rights.

When a party requests for an extension of a time limit in accordance with the provisions in the paragraph one or two, he or it, shall submit a written application for right restoration, state the reasons, enclose relevant supporting documents if necessary, and go through the relevant formalities that should be done before losing the rights; as well as pay application fees for requesting for restoring his or its rights, according to the provision in paragraph two of this Rule.

Where the party concerned makes a request for an extension of a time limit specified by the Patent Administration Department under the State Council, he or it shall, before the time limit expires, state the reasons to the Patent Administration Department under the State Council     and go through the relevant formalities.

The provisions of paragraphs one and two of this Rule shall not be applicable to the time limit referred to in Articles 24, 29, 42 and 68 of the Patent Law.

**Rule 7 (Original Rule 8)**
Where an application for a patent concerning interests of national defense and requires to be kept confidential, the application for patent shall be filed with the National Defense Patent Institution (NDPI) of the State. Where any application for patent accepted by the Patent Administration Department under the State Council relates to interests of national defense and requiring to be kept confidential is, the application shall be forwarded to the National Defense Patent Institution (NDPI) of the State for examination in time, and the Patent Administration Department under the State Counsil shall issue the decision to grant a national defense patent, on condition that no reason of objection is raised after the examination by the National Defense Patent Institution.

Where the Patent Administration Department under the State Council holds that a patent application for an invention or utility model involves state security or substantial interests apart from national defense, and is required to be kept confidential, it shall make a timely decision to handle such applications as an application for confidential patent and notify the applicant accordingly. Special procedure of examination and reexamination of an application for a confidential patent, as well as invalidation declaration shall subject to the provisions provided by the Patent Administration Department under the State Council.

**Rule 8 (Newly added)**

2

An invention or utility model made in China as stipulated in Article 20 of the Patent Law refers to the invention or utility model, of which the essense of technical scheme is completed within the territory of China.

Any entity or individual intending to file a patent application in a foreign country for an invention or utility model made in China, shall make a request for a confidentiality examination conducted by the Patent Administration Department under the State Council in one of the following ways:

(1) Where a party intends to directly file a patent application in a foreign country or file an international patent application to a related foreign agency, he or it shall, make a request in advance to the Patent Administration Department under the State Council and describe in detail the technical scheme.

(2) Where a party prepares to file a patent application in a foreign country or file an international patent application to a related foreign agency after applying at the Patent Administration Department under the State Council for a patent, he or it shall, make such request before applying in a foreign country or filing the international patent application to a related foreign agency.

Where a party files an international patent application with the Patent Administration Department under the State Council, he or it is regarded as having made such request for confidentiality examination at the same time.

**Rule 9 (Newly added)**
If the Patent Administration Department under the State Council, through deleberation after receipt of the request specified in Rule 8, holds that the invention or utility model is likely to involve national security or substantial interests requiring to be kept confidential, it shall timely notify the applicant of confidentiality examination. The applicant who has not received such notification within 4 months after the date of request can file a patent application in a foreign country or file an international patent application to a related foreign agency.

Where the Patent Administration Department under the State Council sends the notice as stated in previous paragraph, it shall make in time a decision on whether such confidentiality should be kept, and notify the applicant. If the apllicant does not received any decision requiring confidentiality within 6 months upon the submitting of the request, he or it can file a patent application in a foreign country or file an international patent application to a related foreign agency.

**Rule 10**
Any invention-creation that is contrary to the laws referred to in Article 5 of the Patent Law shall not include the invention-creation merely because the exploitation of which is prohibited by the laws.

**Rule 11**
The date of filing referred to in the Patent Law, except for those referred to in Articles 28 and 42, means the priority date where priority is claimed.

The date of filing referred to in these Implementing Regulations, except as otherwise prescribed, means the date of filing prescribed in Article 28 of the Patent Law.

**Rule 12 (Original Rule 11)**
"A service invention-creation made by a person in the execution of tasks of the entity to which he belongs" referred to in Article 6 of the Patent Law means any invention-creation made:

(1) in the course of performing his own duty;

(2) in execution of any task, other than his own duty, which was entrusted to him by the entity to which he belongs;

(3) within one year after the retirement, transfer from the entity to which he originally belongs or the labor and personnel relationship being terminated, where the invention-creation relates to his own duty or the other task entrusted to him by the entity to which he previously belonged.

"The entity to which he belongs" referred to in Article 6 of the Patent Law includes the entity in which the

3

person concerned is a temporary staff member. "Material and technical means of the entity" referred to in Article 6 of the Patent Law mean the entity's money, equipment, spare parts, raw materials or technical materials which are not disclosed to the public.

**Rule 13**

"Inventor" or "creator" referred to in the Patent Law means any person who makes creative contributions to the substantive features of an invention-creation. Any person who, during the course of accomplishing the invention-creation, is responsible only for organisational work, or who offers facilities for making use of material and technical means, or who takes part in other auxiliary functions, shall not be considered as inventor or creator.

**Rule 14 (Incorporating original Rule 15)**

Except for the assignment of the patent right in accordance with Article 10 of the Patent Law, where the patent right is transferred because of any other reason, the person or persons concerned shall, accompanied by relevant certified documents or legal papers, request the Patent Administration Department under the State Council    to register a transfer of patent right.

Any license contract for exploitation of the patent which has been concluded by the patentee with an entity or individual shall, within three months from the date of entry into force of the contract, be submitted to the Patent Administration Department under the State Council    for the record.

If a patent right is pledged, the pledgor and pledgee shall go through registration procedure of the pledge at the Patent Administration Department under the State Council jointly.

**Chapter 2**
**Application for a Patent**

**Rule 15**

Anyone who applies for a patent in written form shall file with the Patent Administration Department under the State Council    application documents in duplicate.

Anyone who applies for a patent in other forms as specified by the Patent Administration Department under the State Council shall comply with the specified requirements.

Any applicant who appoints a patent agency to apply for a patent, or to attend to other patent matters at the Patent Administration Department under the State Council, shall submit at the same time a power of attorney indicating the scope of the power entrusted.

Where there are two or more applicants and no patent agency is appointed, unless otherwise stated in the request, the applicant named first in the request shall be the representative.

**Rule 16 (Original Rule 17)**

Request for application of a patent for invention, utility model or design shall clearly state the following items:

(1)  The title of invention, utility model or design;

(2)  Where the applicant is a Chinese entity or individual, the name, address, post code, organisation code or citizen ID number; where the applicant is a foreign individual, foreign enterprise or other foreign organisation, the name,    nationality or the country or district in which the applicant was registered;

(3)  Name of the inventor or designer;

(4)  Where the applicant has appointed a patent agency, the agency name, agency code, as well as the name, license number and contact telephone number of the patent attorney appointed by the patent agency;

(5)  Where the priority of an earlier application is claimed, the date and number of application of the prior application as well as the name of the competent authority with which the application was filed;

**4**

(6)  The signature or seal of the applicant or the patent agency;

(7)  A list of application documents;

(8)  A list of the documents appending to the application; and

(9)  Any other relevant items which need to be indicated.

**Rule 17 (Incorporating original Rule 18)**

The description of an application for a patent for invention or utility model shall state the title of the invention or utility model, which shall be the same as it appears in the request. The description shall include the following:

(1)  Technical field: specifying the technical field to which the technical solution for which protection is sought pertains;

(2)  Background art: indicating the background art which can be regarded as useful for the understanding, searching and examination of the invention or utility model, and when possible, citing the documents reflecting such art;

(3)  Contents of the invention: disclosing the technical problem the invention or utility model aims to settle and the technical solution adopted to resolve the problem; and stating, with reference to the prior art, the advantageous effects of the invention or utility model;

(4)  Description of figures: briefly describing each figure in the drawings, if any;

(5)  Mode of carrying out the invention or utility model: describing in detail the optimally selected mode contemplated by the applicant for carrying out the invention or utility model; where appropriate, this shall be done in terms of examples, and with reference to the drawings, if any.

The manner and order referred to in the preceding paragraph shall be followed by the applicant for a patent for invention or for utility model, and each of the parts shall be preceded by a heading, unless, because of the nature of the invention or utility model, a different manner or order would result in a better understanding and a more economical presentation.

The description of the invention or utility model shall use standard terms and be in clear wording, and shall not contain such references to the claims as: "as described in claim…¬", nor shall it contain commercial advertising.

Where an application for a patent for invention contains disclosure of one or more nucleotide and/or amino acid sequences, the description shall contain a sequence listing in compliance with the standard prescribed by the Patent Administration Department under the State Council. The sequence listing shall be submitted as a separate part of the description, and a copy of the said sequence listing in machine-readable form shall also be submitted in accordance with the provisions of the Patent Administration Department under the State Council.

The description of the utility model for which a patent is applied for shall contain drawings indicating the shape, structure or their combanition of the product for which protection is sought.

**Rule 18**

Several drawings of the invention or utility model shall be numbered and arranged in numerical order consecutively as "Figure l, Figure 2…¬"

Reference signs not mentioned in the text of the description of the invention or utility model shall not appear in the drawings. Reference signs not mentioned in the drawings shall not appear in the text of the description. Reference signs for the same composite part shall be used consistently throughout the application document.

The drawings shall not contain any other explanatory notes, except words which are indispensable.

**5**

**Rule 19**

The claims shall state the technical features of the invention or utility model.

If there are several claims, they shall be numbered consecutively in Arabic numerals.

The technical terminology used in the claims shall be consistent with that used in the description. The claims may contain chemical or mathematical formulae but no drawings. They shall not, except where absolutely necessary, contain such references to the description or drawings as: "as described in part…¬of the description", or "as illustrated in Figure…¬of the drawings".

The technical features mentioned in the claims may, in order to facilitate quicker understanding of the claim, make reference to the corresponding reference signs in the drawings of the description. Such reference signs shall follow the corresponding technical features and be placed in parentheses. They shall not be construed as limiting the claims.

**Rule 20**

The claims shall have an independent claim, and may also contain dependent claims.

The independent claim shall outline the technical solution of an invention or utility model and state the essential technical features necessary for the solution of its technical problem.

The dependent claim shall, by additional technical features, further define the claim which it refers to.

**Rule 21**

An independent claim of an invention or utility model shall contain a preamble portion and a characterising portion, and be presented in the following form:

(1)  A preamble portion: indicating the title of the claimed subject matter of the technical solution of the invention or utility model, and those technical features which are necessary for the definition of the claimed subject matter but which, in combination, are part of the most related prior art;

(2)  A characterising portion: stating, in such words as "characterised in that..." or in similar expressions, the technical features of the invention or utility model, which distinguish it from the most related prior art. Those features, in combination with the features stated in the preamble portion, serve to define the scope of protection of the invention or utility model.

Where the manner specified in the preceding paragraphs is not appropriate to be followed because of the nature of the invention or utility model, an independent claim may be presented in a different manner.

An invention or utility model shall have only one independent claim, which shall precede all the dependent claims relating to the same invention or utility model.

**Rule 22**

Any dependent claim of an invention or utility model shall contain a reference portion and a characterising portion, and be presented in the following manner:

(1)  A reference portion: indicating the serial number(s) of the claim(s) referred to, and the title of the subject matter;

(2)  A characterising portion: stating the additional technical features of the invention or utility model.

Any dependent claim shall only refer to the preceding claim or claims. Any multiple dependent claims, which refer to two or more claims, shall refer to the preceding one in the alternative only, and shall not serve as a basis for any other multiple dependent claims.

**Rule 23**

The abstract shall consist of a summary of the disclosure as contained in the application for patent for invention or utility model. The summary shall indicate the title of the invention or utility model, and the technical field to which the invention or utility model pertains, and shall be drafted in a way which allows

**6**

the clear understanding of the technical problem, the gist of the technical solution of that problem, and the principal use or uses of the invention or utility model.

The abstract may contain the chemical formula which best characterises the invention. In an application for a patent which contains drawings, the applicant shall provide a figure which best characterises the technical features of the invention or utility model. The scale and the clarity of the figure shall be as such that a reproduction with a linear reduction in size to 4cm x 6cm would still enable all details to be clearly distinguished. The whole text of the abstract shall contain not more than 300 words. No commercial advertising shall be contained in the abstract.

**Rule 24**
Where an invention for which a patent is applied for concerns a new biological material which is not available to the public and which cannot be described in such a manner as to enable the invention to be exploited by a person skilled in the art, the applicant shall, in addition to the other requirements provided for in the Patent Law and these Implementing Regulations, go through the following procedures:

(1) Depositing a sample of the biological material with a depositary institution designated by the Patent Administration Department under the State Council    before, or at the latest, on the date of filing (or the priority date where priority is claimed), and submit at the time of filing or at the latest, within four months from the filing date, a receipt of deposit and the viability proof from the depository institution; where they are not submitted within the specified time limit, the sample of the biological material shall be deemed not to have been deposited;

(2) Providing in the application document relevant information of the characteristics of the biological material;

(3) Indicating, where the application relates to the deposit of the biological material, in the request and the description the scientific name (with its Latin name) of the biological material and the title and address of the depositary institution, the date on which the sample of the biological material was deposited and the accession number of the deposit; where, at the time of filing, they are not indicated, they shall be provided within four months from the date of filing; where after the expiration of the time limit they are not provided, the sample of the biological material shall be deemed not to have been deposited.

**Rule 25**
Where the applicant for a patent for invention has deposited a sample of the biological material in accordance with the provisions of Rule 24 of the Implementing Regulations, and after the application for patent for invention is published, any entity or individual that intends to make use of the biological material to which the application relates, for the purpose of experiment, shall make a request to the Patent Administration Department under the State Council, containing the following items:

(1) The name and address of the requesting person;

(2) An undertaking not to make the biological material available to any other person;

(3) An undertaking to use the biological material for experimental purpose only before the grant of the patent right.

**Article 26 (Newly added)**
The genetic resources referred to in the Patent Law means any material taken from human, animal, plant or microorganism, containing genetically functioning units with actual or potential value; the invention-creation accomplished depending on the genetic resources means those invention-creation of which the accomplishment uses the genetic function of genetic resources.

Where the the applicant seeks to apply for patent for such invention-creation completed on genetic resources, he or it shall so state in the request, fill in prescribed forms issued by the Patent Administration Department under the State Council.

**Rule 27**
Where an applicant applies for protection of colors, drawings or photos in color shall be submitted.

**7**

The applicant shall submit the relevant drawings or photographs concerning the contents of each design product that require protection.

**Rule 28**
The concise description of the design shall include the name and function of the design product, the essential points of the design, and shall designate one drawing or photo that best indicates the essential points of the design. The brief description shall include the colors for which protection is sought or the omission of the views of the design product.

If one application is made for a design patent for several similar designs of the same product, one of them shall be designated as the basic design in the brief description.

A concise description shall not contain any commercial advertising and shall not be used to indicate the function of the product.

**Rule 29**
The Patent Administration Department under the State Council, when considers it necessary, may require the applicant for a design patent to submit samples or models of the product incorporating the design. The volume of the sample or model submitted shall not exceed 30cm x 30cm x 30cm, and its weight shall not surpass l5 kilograms. Articles that are perishable, easily damaged or dangerous shall not be submitted as samples or models.

**Rule 30 (Incorporating original Rule 31)**
The international exhibition recognised by Chinese government prescribed in article 24, subparagraph (1) of the Patent Law refers to the international exhibitions registered or recognised by the Bureau of International Exposition as prescribed by the Convention of International Exhibitions.

The academic or technological meeting referred to in Article 24, subparagraph (2) of the Patent Law means any academic or technological meeting organised by a competent department concerned under the State Council or by a national academic or technological association.

Where any invention-creation for which a patent is applied falls into the provisions of Article 24, subparagraph (l) or (2) of the Patent Law, the applicant shall, when filing the application, make a declaration and, within a time limit of two months from the date of filing, submit certifying documents issued by the entity which organised the international exhibition or academic or technological meeting, stating the fact that the invention-creation was exhibited or published, together with the date of such exhibition or publication.

Where any invention-creation for which a patent is applied falls into the provisions of Article 24, subparagraph (3) of the Patent Law, the Patent Administration Department under the State Council may, when consider it necessary, require the applicant to submit the relevant certifying documents within the specified time limit.

Where the applicant fails to make a declaration and submit certifying documents as required in paragraph 3 of this Rule, or fails to submit certifying documents within the specified time limit as required in paragraph 4 of this Rule, the provisions of Article 24 of the Patent Law shall not apply to the application.

**Rule 31 (Original Rule 32)**
Where the foreign priority is claimed in accordance with Article 30 of the Patent Law, the duplicate of the earlier application documents submitted by the applicant shall be certified by the original authority in which the application was filed. According to the agreement signed between the Patent Administration Department under the State Council and the authority accepted the earlier application, where the Patent Administration Department under the State Council obtains the duplicate of the earlier application documents by way of electronic transmission, it is deemed that the applicant has submitted the duplicate of the earlier application documents that has been certificated by the original authority. Where the domestic priority is claimed, the applicant, if has indicated the filing date and the application number of the prior application, will be deemed as having submitted a copy of the earlier application document.

Where priority is claimed, but the earlier filing date and application number as well as one or two items of information of the authority with which the earlier application was filed are omitted or mistakenly written in the request, by the Patent Administration Department under the State Council shall inform the applicant to make amendments within a certain period of time.   Failure of making amendments within that period is deemed as having not claimed priority.

Where the name or title of the applicant claiming priority differs from that recorded in the copy of the earlier application documents, the applicant shall submit document certifying the assignment of priority. Failure of such submission is deemed as having not claimed priority.

Where the applicant for a design patent claimes foreign priority and the earlier application does not contain a brief description,   if the brief description   he or it submits according to Article 28 of the Patent Law does not exceed the scope claimed by the drawing or photo of the earlier application documents, the priority is not affected.

**Rule 32**
An applicant may claim one or more priorities for an application for a patent; where multiple priorities are claimed, the priority period for the application shall be calculated from the earliest priority date.

Where an applicant claims the right of domestic priority, if the earlier application is one for a patent for invention, he or it may file an application for a patent for invention or utility model for the same subject matter; if the earlier application is one for a patent for utility model, he or it may file an application for a patent for utility model or invention for the same subject matter. However, when the later application is filed, if the subject matter of the earlier application falls into any of the following, it may not be taken as the basis for claiming domestic priority:

(1)  where the applicant has claimed foreign or domestic priority;

(2)  where it has been granted a patent right;

(3)  where it is the subject matter of a divisional application filed as prescribed.

Where the domestic priority is claimed, the earlier application shall be deemed to be withdrawn from the date on which the later application is filed.

**Rule 33**
Where an application for a patent is filed or the right of foreign priority is claimed by an applicant having no habitual residence or business office in China, the Patent Administration Department under the State Council     may, when consider it necessary, require the applicant to submit the following documents:

(1)  A certificate concerning the nationality of an individual applicant;

(2)  A document certifying the country or region where the it is registered, if the applicant is an enterprise or other organisation;

(3)  A document certifying that the country, to which the foreigner, foreign enterprise or other foreign organisation belongs, recognises that Chinese entities and individuals are, under the same conditions as those applied to its nationals, entitled to the patent right, the right of priority and other related rights in that country.

**Rule 34**
Two or more inventions or utility models belonging to a single general inventive concept which may be filed as one application in accordance with the provision of Article 3l, paragraph one of the Patent Law shall be technically inter-related and contain one or more of the same or corresponding special technical features. The expression "special technical features" shall mean those technical features that define a contribution which each of those inventions or utility models, considered as a whole, makes over the prior art.

**Rule 35 (Original Rule 36)**
Pursuant to Article 31, paragraph two of the Patent Law, filing an application for multiple similar designs

**9**

of the same product, other designs of the same product in said application shall be similar to the basic design designated in the concise description. There must not be more than 10 similar designs in one application for a design patent.

"Two or more designs belonging to the same class or sold or used in sets" referred to in Article 31, paragraph two of the Patent Law refers to products belonging to the same general class and are conventionally sold or used at the same time, and the designs of each product have the same design conception.

Where two or more designs are filed as one application, they shall be numbered consecutively and the numbers shall be marked before the titles of each drawing or photo of the product incorporating the design.

**Rule 36**
When withdrawing an application for a patent, the applicant shall submit to the Patent Administration Department under the State Council   a declaration to that effect stating the title of the invention-creation, the filing number and the date of filing.

Where a declaration to withdraw an application for a patent is submitted after the preparations for the publication of the application document has been completed by the Patent Administration Department under the State Council, the application document shall be published as scheduled. However, the declaration withdrawing the application for patent shall be published in the next issue of the Patent Gazette.

**Chapter 3**
**Examination and Approval of Patent Applications**

**Rule 37**
Where any of the following events occurs, a person who makes examination or hears a case in the procedures of preliminary examination, examination as to substance, reexamination or invalidation shall, on his own initiative or upon the request of the parties concerned or any other interested person, be excluded from excising his function:

(1)  where he is a near relative of the party concerned or the agent of the party concerned;

(2)  where he has an interest in the application for patent or the patent right;

(3)  where he has any other kinds of relations with the party concerned or with the   agent of the party concerned that may influence impartial examination and hearing.

(4)  where a member of the Patent Reexamination Board who has taken part in the examination of the same application.

**Rule 38**
Upon the receipt of an application for a patent for invention or utility model consisting of a request, a description (drawings must be included in an application for utility model) and claims, or an application for a patent for design consisting of a request, drawings or photographs showing the design and a brief description, the Patent Administration Department under the State Council   shall accord the date of filing, issue a filing number, and notify the applicant.

**Rule 39**
In any of the following circumstances, the Patent Administration Department under the State Council shall refuse to accept the application and notify the applicant accordingly:

(1)  where the application for a patent for invention or utility model does not contain a request, a description (the description of utility model does not contain drawings) or claims, or the application for a patent for design does not contain a request, drawings or photographs, or brief description;

(2)  where the application is not written in Chinese;

**10**

(3)  where the application is not in conformity with the provisions of Rule121, paragraph one of these Implementing Regulations;

(4)  where the request does not contain the name or title of the applicant, or does not contain the address of the applicant;

(5)  where the application is obviously not in conformity with the provisions of Article 18, or of Article l9, paragraph one of the Patent Law;

(6)  where the kind of protection (patent for invention, utility model or design) of the application for a patent is not clear and definite or cannot be ascertained.

**Rule 40**
Where the description states that it contains explanatory notes to the drawings but the drawings or part of them are missing, the applicant shall, within the time limit specified by the Patent Administration Department under the State Council, either furnish the drawings or make a declaration to delete the explanatory notes. If the drawings are submitted later, the date of their delivery at, or mailing to the Patent Administration Department under the State Council   shall be deemed as the date of filing the application; if the explanatory notes to the drawings are deleted, the original date of filing shall be retained.

**Rule 41 (Original Rule 13)**
If two or more applicants apply separately on the same day (the filing date, or the priority date if available) for a patent on the same invention-creation, the patents shall upon being informed by the Patent Department under the State Council, on its own initiative, negotiate with each other to ascertain the applicant.

Where an applicant files an application for a utility model patent and invention patent for the same invention-creation on the same day (the filing date), the applicant shall declare that he or it has applied for the other patent for the same invention-creation.  Without such a declaration, the Article 9, paragraph one of the Patent Law shall apply, i.e only one patent can be granted for a same invention.

The Patent Department under the State Council, when announces the grant of patent for a utility model, shall also announce that the applicant has made the declaration that a invention patent has concurrently been applied for as stated in the paragraph 2 of this Rule.

If no reason of objection was found during the examination of a patent application, the applicant shall be notified by the Patent Department under the State   Council to declare within prescribed time limit to give up the utility model patent right. Where the applicant makes such a declaration,   the Patent Department under the State Council shall make a decision to grant the applicant the   invention patent, and announce this declaration while announcing the grant of invention patent; where an applicant refuses to give up the utility model patent right, the Patent Department shall deny the application for invention patent; where the applicant does not reply within the prescribed time limit, the application for an invention patent shall be deemed withdrawn.

The utility model patent right is terminated upon the date of announcing the grant of the invention patent.

**Rule 42**
Where an application for a patent contains two or more inventions, utility models or designs, the applicant may, before the expiration of the time limit provided for in Rule 54, paragraph one of these Implementing Regulations, submit to the Patent Administration Department under the State Council     a divisional application. However, where an application for patent has been rejected, withdrawn or is deemed to have been withdrawn, no divisional application may be filed.

If the Patent Administration Department under the State Council     finds that an application for a patent is not in conformity with the provisions of Article 3l of the Patent Law or of Rule 34 or 35 of these Implementing Regulations, it shall invite the applicant to amend the application within a specified time limit; if the applicant fails to make any response after the expiration of the specified time limit, the application shall be deemed to have been withdrawn.

**11**

The divisional application may not change the kind of protection of the initial application.

**Rule 43**
A divisional application filed in accordance with Rule 42 of these Implementing Regulations shall be entitled to the filing date and, if priority is claimed, the priority date of the initial application, provided that the divisional application does not go beyond the scope of disclosure contained in the initial application.

The divisional application shall go through all the procedures in accordance with the provisions of the Patent Law and these Implementing Regulations.

The filing number and the date of filing of the initial application shall be indicated in the request for a divisional application. When the divisional application is filed, it shall be accompanied by a copy of the initial application; if the initial application enjoys priority, a copy of the priority document of the initial application shall also be submitted.

**Rule 44**
"Preliminary examination" referred to in Articles 34 and 40 of the Patent Law means the check of an application for a patent to see whether or not it contains the documents as provided for in Articles 26 or 27 of the Patent Law and other necessary documents, and whether or not those documents are in the prescribed form; such check shall also include the following:

(1)  Whether or not an application for a patent for invention obviously falls under Articles 5 or 25 of the Patent Law, or is not in conformity with the provisions of Article l8 or of Article l9, paragraph one, or Article 20, paragraph one of the Patent Law, or Rule 16, or Rule 26, paragraph two of this Implementing Rules, or is obviously not in conformity with the provisions of Article 2 paragraph two, or Article 26, paragraph five, or Article 31, paragraph one, or Article 33 of the Patent Law, or of Rule 17 to Rule 21 of these Implementing Regulations;

(2)  whether or not an application for a patent for utility model obviously falls under Article 5 or 25 of the Patent Law, or is not in conformity with the provisions of Article l8 or of Article l9, paragraph one, or Article 20, paragraph one of the Patent Law, or Rule 16 to 19, or Rule 21 to 23 of these Impelementing Rules, or is obviously not in conformity with the provisions of Article 2, paragraph 3 or Article 22, paragraph two or four, or Article 26, paragraph three or four, or of Article 31, paragraph one, or of Article 33 of the Patent Law, or of Rule 20, or of Rule 43, paragraph one of these Implementing Regulations, or is not entitled to a patent right in accordance with the provisions of Article 9 of the Patent Law;

(3)  whether or not an application for a patent for design obviously falls under Article 5, or Article 25, paragraph one, Subparagraph 6 of the Patent Law, or is not in conformity with the provisions of Article l8 or of Article l9, paragraph one of the Patent Law, or with the provisions of Rule 16, Rule 27, Rule 28 of these Implementing Rules, or is obviously not in conformity with the provisions of Article 2, paragraph four, or of Article 23, paragraph one, or Article 27, paragraph two, or Article 31, paragraph two, or Article 33 of the Patent Law, or of Rule 43, paragraph one of these Implementing Regulations, or is not entitled to a patent right in accordance with the provisions of Article 9 of the Patent Law.

(4)  whether or not the application documents comply with the provisions of Rule 2 and Rule 3, paragraph one of the Implementing Regulations.

The Patent Administration Department under the State Council   shall notify the applicant of its opinions and require the applicant to state the observations or to correct the application within the specified time limit. If the applicant fails to make any response within the specified time limit, the application shall be deemed to have been withdrawn. Where, after the applicant has made the observations or the corrections, the Patent Administration Department under the State Council   finds that the application is still not in conformity with the provisions of the preceding subparagraphs, the application shall be rejected.

**Rule 45**
Apart from the application for patent, any document relating to the patent application which is submitted to the Patent Administration Department under the State Council, shall, in any of the following circumstances, be deemed not to have been submitted:

**12**

(1)  where the document is not presented in the prescribed form or the indications therein are not in conformity with the prescriptions;

(2)  where no certifying document is submitted as prescribed.

The Patent Administration Department under the State Council shall notify the applicant of its opinion after checking that the document is deemed not to have been submitted.

**Rule 46**
Where the applicant requests an earlier publication of its or his application for a patent for invention, a statement shall be made to the Patent Administration Department under the State Council. The Patent Administration Department under the State Council   shall, after preliminary examination of the application, publish it immediately, unless it is to be rejected.

**Rule 47**
The applicant shall, when indicating in accordance with Article 27 of the Patent Law the product incorporating the design and the class to which that product belongs, refer to the classification of products for designs published by the Patent Administration Department under the State Council. Where no indication, or an incorrect indication, of the class to which the product incorporating the design belongs is made, the Patent Administration Department under the State Council   shall supply the indication or correct it.

**Rule 48**
Any person may, from the date of publication of an application for a patent for invention till the date of announcing the grant of the patent right, submit to the Patent Administration Department under the State Council   his observations, with   reasons therefor, on the application which is not in conformity with the provisions of the Patent Law.

**Rule 49**
Where the applicant for a patent for invention cannot furnish, for justified reasons, the documents concerning any search or results of any examination specified in Article 36 of the Patent Law, it or he shall make a statement to the Patent Administration Department under the State Council   and submit them when the said documents are available.

**Rule 50**
The Patent Administration Department under the State Council   shall, when proceeding on its own initiative to examine an application for a patent in accordance with Article 35, paragraph two of the Patent Law, notify the applicant accordingly.

**Rule 51**
When a request for examination as to substance is made, and that, within the time limit of three months after the receipt of the notification of the Patent Administration Department under the State Council, the application has entered into examination as to substance, the applicant for a

Within two months from the date of filing, the applicant for a patent for utility model or design may amend the application on its or his own initiative.

Where the applicant amends the application after receiving the notification of opinions of the examination as to substance of the Patent Administration Department under the State Council, he or it shall amend the defects as pointed out in the notification.

The Patent Administration Department under the State Council may, on its own initiative, correct the obvious clerical mistakes and symbol mistakes in the documents of application for a patent. Where the Patent Administration Department under the State Council corrects mistakes on its own initiative, it shall notify the applicant.

**Rule 52**
When an amendment to the description or the claims in an application for a patent for invention or utility model is made, a replacement sheet in prescribed form shall be submitted, unless the amendment

13

concerns only the alteration, insertion or deletion of a few words. Where an amendment to the drawings or photographs of an application for a patent for design is made, a replacement sheet shall be submitted as prescribed.

**Rule 53**
In accordance with the provisions of Article 38 of the Patent Law, the circumstances where an application for a patent for invention shall be rejected by the Patent Administration Department under the State Council after examination as to substance are as follows:

(1)   Where the application falls under the provisions of Article 5 or 25 of the Patent Law, or the applicant is not entitled to a patent right in accordance with the provisions of Article 9 of the Patent Law.

(2)   Where the application   does not comply with the provisions of Article 2, paragraph two, or Article 20, paragraph one,   Article 22, Article 26, paragraph three or four or five, or Article 31, paragraph one of the Patent Law ,or of Rule 20, paragraph two of these Implementing Regulations;

(3)   Where the amendment to the application does not comply with the provisions of Article 33 of the Patent Law, or the divisional application does not comply with the provisions of Rule 43, paragraph one of theImplementing Regulations.

**Rule 54**
After the Patent Administration Department under the State Council      issues the notification to grant the patent right, the applicant shall go through the procedures of registration within two months from the date of receipt of the notification. If the applicant completes the procedures of registration within the said time limit, the Patent Administration Department under the State Council      shall grant the patent right, issue the patent certificate and announce it.

If the applicant does not go through the procedures of registration within the time limit, he or it shall be deemed to have abandoned its or his right to obtain the patent right.

**Rule 55 (Newly added)**
If no reason for rejection was found after the examination of an application for a confidential patent, the Patent Department under the State Council shall issue a decision to grant the confidential patent, issue the confidential patent certificate, and register related items to the confidentiality patent.

**Rule 56 (Original Rule 55)**
After the announcement of the decision to grant a patent for utility model or for a design, the patentee or any other interested person of the said patent as decribed in Article 60 of the Patent Law may request the Patent Administration Department under the State Council      to make an evaluation report on the patent.

Where such person requests for an evaluation report on the patent, he shall submit a request, indicating the patent number of the said patent. Each request shall be limited for one patent.

Where a request for an evaluation report on a patent does not comply with relevant provisions, the Patent Department under the State Council shall inform the applicant to make corrections within prescribed time limit; if the applicant does not submit any amendment or corrections after the expiration of the due date, his request shall be deemed not having been submitted.

**Rule 57 (Original Rule 56)**
The Patent Department under the State Council shall make the evaluation report on a patent within 2 months after a request for such report is received. If more than one request was made for such an evaluation report on the same patent for utility model or design, the Patent Department under the State Council shall only issue one evaluation report on the patent. Any entity or individual is entitled to view or make copies of said evaluation report on a patent.

**Rule 58**
The Patent Administration Department under the State Council      shall correct promptly the errors in the patent announcements or Patent Offprint once they are discovered, and the corrections shall be announced.

**14**

**Chapter 4**
**Re-examination of Patent Applications and Invalidation of Patent Rights**

**Rule 59**
The Patent Reexamination Board shall consist of technical and legal experts appointed by the Patent Administration Department under the State Council. The person responsible for the Patent Administration Department under the State Council shall be the Director of the Board.

**Rule 60 (Incorporating original Rule 59)**
Where the applicant requests the Patent Reexamination Board to make a reexamination in accordance with the provisions of Article 41 of the Patent Law, it or he shall file a request for reexamination, state the reasons and, when necessary, attach the relevant supporting documents.

Where the request for reexamination does not comply with the provisions of Article 19, paragraph one or of Article 41, paragraph one of the Patent Law, the Patent Reexamination Board shall refuse to accept the request, notify the applicant in writing with the reason for refusal.

Where the request for reexamination does not comply with the prescribed form, the person making the request shall rectify it within the time limit fixed by the Patent Reexamination Board. If the requesting person fails to meet the time limit for making rectification, the request for reexamination shall be deemed not to have been filed.

**Rule 61**
The person making the request may amend its or his application at the time when it or he requests reexamination or makes responses to the notification of reexamination of the Patent Reexamination Board. However, the amendments shall be limited only to remove the defects pointed out in the decision of rejection of the application, or in the notification of reexamination.

The amendments to the application for patent shall be in duplicate.

**Rule 62**
The Patent Reexamination Board shall forward the request for reexamination which the Board has received to the examination department of the Patent Administration Department under the State Council   which has made the examination of the application concerned to make an examination. Where that examination department agrees to revoke its former decision upon the request of the person requesting reexamination, the Patent Reexamination Board shall make a decision accordingly and notify the requesting person.

**Rule 63**
Where, after reexamination, the Patent Reexamination Board finds that the request does not comply with the provisions of the Patent Law and the Implementing Regulations; it shall require the person requesting reexamination to submit his observations within a specified time limit. no response is made within that time limit,   the request for reexamination shall be deemed to have been withdrawn. Where, after the requesting person has made its observations and amendments, the Patent Reexamination Board still finds that the request does not comply with the provisions of the Patent Law and these Implementing Regulations, it shall make a decision of reexamination to maintain the earlier decision that rejected the application.

Where, after reexamination, the Patent Reexamination Board finds that the decision rejecting the application does not comply with the provisions of the Patent Law and these Implementing Regulations, or that the amended application has removed the defects as pointed out by the decision rejecting the application, it shall make a decision to revoke the earlier decision that rejected the application, and ask the original examination department to continue the examination procedure.

**Rule 64**
At any time before the Patent Reexamination Board makes its decision on the request for reexamination, the requesting person may withdraw his request for reexamination.

Where the requesting person withdraws his request for reexamination before the Patent Reexamination

**15**

Board renders its decision, the procedure of reexamination shall terminate.

**Rule 65**

Anyone requesting invalidation or part invalidation of a patent right in accordance with the Article 45 of the Patent Law shall submit a written request and necessary evidence in duplicate. The request for invalidation shall state in detail the grounds for filing the request, making reference to all the evidence as submitted, and indicate the piece of evidence on which each ground is based.

"The grounds on which the request for invalidation is based", referred to in the preceding paragraph, means that the patented invention-creation does not comply with Article 2, Article 20, paragraph one, Article 22, Article 23, or Article 26, paragraph three or four, Article 27, paragraph two or Article 33 of the Patent Law, or Rule 20, paragraph two, Rule 43, paragraph one of the Implementing Regulations; or the invention-creation falls under the provisions of Articles 5 or 25 of the Patent Law; or the applicant is not entitled to be granted the patent right in accordance with Article 9 of the Patent Law.

**Rule 66**

Where a request for invalidation does not comply with Article 19, paragraph one of the Patent Law, or Rule 65 of these Implementing Regulations, the Patent Reexamination Board shall not accept it.

Where another invalidation request is made on the same grounds and with the same evidence after the Patent Re-examination Board has rendered a decision on an invalidation request, the Patent Reexamination Board shall not accept it.

Where a request for invalidation of a design patent is based on the ground of being not consistent with Article 23, paragraph 3 of the Patent Law, but no evidence for conflicts of rights is submitted, the Patent Reexamination Board shall not accept it.

Where the request for invalidation of the patent right does not comply with the prescribed form, the requesting party shall rectify it within the time limit specified by the Patent Reexamination Board. If the rectification fails to be made within the time limit, the request for invalidation shall be deemed having not been made.

**Rule 67**

After a request for invalidation is accepted by the Patent Reexamination Board, the person making the request may add reasons or supplement evidence within one month from the date when the request for invalidation is submitted.   Additional reasons or supplementary evidence submitted after the specified time limit may be disregarded by the Patent Reexamination Board.

**Rule 68**

The Patent Reexamination Board shall send duplicates of the request for invalidation of a patent right and the relevant documents to the patentee and invite it or him to state its or his observations within a specified time limit.

The patentee and the person making request for invalidation shall, within the specified time limit, make responses to the notice concerning documents transmittion or the notice concerning the examination of an invalidation request issued by the Patent Reexamination Board. Failure to respond within the time limit shall not affect the hearing by the Patent Re-examination Board.

**Rule 69**

In the course of the examination of the invalidation request, the patentee for the invention or utility model patent may amend its or his claims, but may not broaden the original scope of patent protection.

The patentee for an invention or utility model patent may not amend its or his description or drawings. The patentee for a design patent may not amend its or his drawings, photographs or the concise description of the design.

**Rule 70**

The Patent Reexamination Board may, at the request of the parties concerned or if required by the case, decide to conduct an oral procedure for an invalidation request.

Where the Patent Reexamination Board decides to conduct such an oral procedure for an invalidation request, it shall send notices to the parties concerned, indicating the date and place of the oral hearingThe parties concerned shall respond to the notice within the specified time limit.

Where the person requesting invalidation fails to make response to the notice of the oral procedure sent by the Patent Reexamination Board within the specified time limit, and fails to attend the oral procedure, its invalidation request shall be deemed having been withdrawn. Where the patentee fails to attend the oral procedure, the Patent Reexamination Board may proceed to examine by default.

### Rule 71
In the course of the examination of a request for invalidation, the time limit specified by the Patent Reexamination Board shall not be extended.

### Rule 72 (Original Rule 71)
The person requesting invalidation may withdraw his request before the Patent Reexamination Board renders its decision.

Where the person requesting invalidation withdraws his request or the request is deemed as having been withdrawn before the Patent Re-examination Board renders its decision, the examination of the invalidation request is terminated. However, where the Patent Reexamination Board holds that a decision of invalidation or partial invalidation of a patent right can be made based on the existing investigations, the examination of invalidation shall not be terminated.

### Chapter 5
### Compulsory Licence for exploiting a patent

### Rule 73 (Newly added)
"Has not sufficiently exploited his or its patent" in Article 48, subparagraph (1) of the Patent Law refers to the patentee or the licensee exploiting the patent in a manner or on a scale that fails to meet the domestic demands for the patented product or process.

"Medicine subject to patent rights" in Article 50 of the Patent Law refers to any patented product or any product directly obtained through a patented process to resolve the public health issues in the medical field, including active ingredients for the manufacture of the product and the diagnostic apparatus required for using the product.

### Rule 74 (Original Rule 72)
Any entity requesting a compulsory license shall submit to the Patent Administration Department under the State Council    a request for compulsory license, state the reasons therefor, and attach relevant certifying documents each.

The Patent Administration Department under the State Council    shall send a copy of the request for compulsory license to the patentee, who shall make his or its observations within the time limit specified by the Patent Administration Department under the State Council. Where no response is made within the time limit, the Patent Administration Department under the State Council    will not be affected in making a decision concerning a compulsory license.

Before making a decision to reject the request for compulsory license or the grant a compulsory license, the Patent Department under the State Council shall notify the applicant or patentee about the rejection and its reason.

The Patent Department under the State Council shall make its decision of granting a compulsory license in accordance with the provisions on compulsory license for the sake of public health in treaties that China concluded or took part in, except for those reservations made by China.

### Rule 75
Where any entity or individual requests, in accordance with Article 57 of the Patent Law, the Patent Administration Department under the State Council to adjudicate on the fees for exploitation, it or he shall submit a request for adjudication and furnish documents showing that the parties concerned have not been able to conclude an agreement in respect of the amount of the exploitation fee. The Patent

Administration Department under the State Council    shall make its adjudication within three months from the date of receipt of the request and notify the parties concerned accordingly.

## Chapter 6
## The Implementation of the Patent Right and Reward and Remuneration to Inventors or Designers

### Rule 76 (Newly added)
The entity to which a patent right is granted may regulate in its legitimately enacted company rules or in the contract concluded by the entity with the inventor or the designer the way and amount in which reward and remuneration specified in Article 16 of the Patent Law are provided.

Enterprises or institutions shall grante to the inventor or the designer reward and remuneration according to relevant finance and accouting provisions of the state.

### Rule 77 (Original Rule 74)
Where the entity to which a patent right is granted fails to agree with the inventor or the designer on, or to specify in its legitimately enacted company rules the way and amount of reward and remuneration specified in Article 16 of the Patent Law be paid, the entity shall reward to the inventor or designer within 3 months from the announcement of granting the patent.   The minimum reward for one invention patent shall not be less than RMB 3000; and the minimum reward for one utility model or design patent shall not be less than RMB 1000.

Where an invention-creation is completed because an inventor's or designer's proposal was adopted by the entity to which he belongs, the entity to which a patent right is granted shall award to him a money prize on favorable terms.

### Rule 78 (Incorporating original Rule 75 and Rule 78)
Where the entity to which a patent right is granted fails to agree with the inventor or the designer, or to specify in its legally enacted company rules the way and amount of reward and remuneration specified in Article 16 of the Patent Law, the entity shall, after exploiting the patent for invention-creation within the term of the patent right, pay the inventor or designer remuneration at a percentage of not less than 2% each year from the profits generated from the exploitation of the invention or utility model patent,    or at a percentage of not less than 0.2% from the profits gained from the exploitation of the design, or pay the inventor or creator a lump sum of remuneration by reference to the above percentages;   where the entity to which a patent right is granted authorise other entity or individual to exploit its patent, it shall reward the inventor or designer at a percentage no less than 10% from the royalty fee.

## Chapter 7
## Patent Protection

### Rule 79
The administrative authority for patent affairs referred to in the Patent Law and these Implementing Regulations means the patent administrative authorities set up by the people's government of provinces, autonomous regions, or municipalities directly under the Central Government, or by the people's government of municipalities consisting of districts with both a large amount of patent administration work to attend to and and the actual capability to handle patent administration work.

### Rule 80
The Patent Administration Department under the State Council    shall provide professional guidance to the administrative authorities for patent affairs in handling patent infringement disputes, investigating and penalising patent counterfeit acts, as well as mediating patent disputes.

### Rule 81
Where any party concerned requests handling patent infringements or mediation of a patent dispute, it shall subject to the jurisdiction of the administrative authority for patent affairs where the requested party is located or where the act of infringement has taken place.

Where two or more administrative authorities for patent affairs all have jurisdiction over a patent dispute, any party concerned may file his or its request with one of them to handle or mediate the matter. Where

requests are filed with two or more administrative authorities for patent affairs, the administrative authority for patent affairs that first accepts the request shall have jurisdiction.

Where administrative authorities for patent affairs have a dispute over their jurisdictions, the administrative authority for patent affairs of their common higher level people's government shall designate the administrative authority for patent affairs to exercise the jurisdiction; if there is no such administrative authority for patent affairs of their common higher level people's government, the Patent Administration Department under the State Council    shall designate the administrative authority for patent affairs to exercise the jurisdiction.

**Rule 82**
Where, in the course of handling a patent infringement dispute, the defendant requests invalidation of the patent right and his request is accepted by the Patent Reexamination Board, he may request the administrative authority for patent affairs concerned to suspend the handling of the matter.
If the administrative authority for patent affairs considers that the reasons set forth by the defendant for the suspension are obviously untenable, it may not suspend the handling of the matter.

**Rule 83**
Where any patentee affixes a patent notice on the patented product or on the package of that product in accordance with the provisions of Article 17 of the Patent Law, he or it shall make the affixation in the manner as prescribed by the Patent Administration Department under the State Council.

Where the patent notice does not comply with the provision of the preceding paragraph, the patent administrative authority is responsible for compelling the correction.

**Rule 84 (Incorporating original Rule 84 and Rule 85)**
Any of the following constitue acts of patent passing-off referred to in Article 63 of the Patent Law:

(1)  indicating the patent notice on a non-patented product or the package thereof, continuing to indicate the patent notice on a product or package after the announcement of invalidating the patent or the expiration the patent right, or indicating the patent number of others, without authorisation, on a product or package thereof;

(2)  selling the products specified in the paragraph one of this Rule;

(3)  indicating in the product instructions or other materials, a non-patented technology or design as a patented technology or design, indicating a patent application as a patent, or using others' patent number misleading the public into perceiving the relevant technology or design as the patented technology or patented design;

(4)  counterfeiting or transforming any patent certificate, patent document or patent application document of another person;

(5)  other acts that mislead the public into perceiving the non-patented technology or design patent as a patented technology or design, or perceiving the technology or design involved as the patented technology or design of others.

  Making a patent notice on a patented product or product obtained directly by the patented process or the package thereof before the expiration of the patent right, and offering to sell or selling the product after the expiration of the patent right shall not be deemed as patent passing-off.

If the party selling the product without knowledge of the counterfeit nature of the products can prove that they are obtained from legitimate source, he or it should be ordered by the patent administrative authority to stop selling such product but exempted from penalties.

**Rule 85**
Apart from the circumstances stipulated in Articles 60 of the Patent Law , the administrative authority for patent affairs may mediate in the following types of patent disputes upon the request of the parties:

(1)  disputes over patent application rights and ownership of patent rights;

19

(2) disputes over the qualifications of inventors and designers;

(3) disputes over the reward and remuneration of the inventors and designers of service inventions;

(4) disputes concerning the inadequacy of royalties for the use of an invention after the invention patent application has been published and before the patent has been granted;

(5) other patent disputes.

Requests to the patent administrative authorities for mediation of the disputes specified in item (4) of the preceding paragraph shall be submitted after the patent right has been granted.

**Rule 86**
Any party concerned to a dispute over the ownership of the right to apply for a patent or the patent right, which is being mediated by the administrative authority for patent affairs or is sued to the people's court, may request the Patent Administration Department under the State Council    to suspend the relevant procedures.

Any party requesting the suspension of the relevant procedures in accordance with the preceding paragraph, shall submit a written request to the Patent Administration Department under the State Council, and attach a copy of the document certifying the acceptance of the relevant request from the administrative authority for patent affairs or the people's court in which the patent application number or patent number should be clearly indicated.

After the letter of mediation made by the administrative authority for patent affairs or the judgment rendered by the people's court enters into force, the parties concerned shall request the Patent Administration Department under the State Council    to resume the suspended procedure. If, within one year from the date when the request for suspension is filed, no decision is made on the dispute relating to the ownership of the right to apply for a patent or the patent right, and it is necessary to continue the suspension, the party who or that the request shall, within the said time limit, request to extend the suspension. If, at the expiration of the said time limit, no such request for extension is filed, the Patent Administration Department under the State Council shall resume the procedure on its own initiative.

**Rule 87**
Where, in hearing civil cases, the people's court has ordered the preservation of the right to apply for a patent or a patent right, the Patent Administration Department under the State Council, for the purpose of assisting the execution of the order, shall suspend the relevant procedure concerning the preserved patent application right or patent right on the day of receiving the court order and notice of assistance for enforcement with patent application number or patent number clearly indicated. Upon the expiration of the time limit for preservation, if there is no order of the people's court to continue the preservation, the Patent Administration Department under the State Council    shall resume the relevant procedure on its own initiative.

**Rule 88 (Newly added)**
Procedures the State Council's Patent Department shall suspend according to Rule 86 and Rule 87 of the Implementing Regulations are procedures concerning preliminary examination, substantive examination, re-examination, grant of patent rights, invalidation of patent rights;   procedures concerning abandonment, change, or transfer of the right to obtain the patent right or the patent right; procedures concerning,   pledge of patent rights, termination of patent rights within the in-force term of the patent,etc.

**Chapter 8**
**Patent Registration and Patent Gazette**

**Rule 89**
The Patent Administration Department under the State Council shall keep a Patent Register in which the registration of the following matters relating to patent application or patent right shall be made:

**20**

(1)   grant of the patent right;

(2)   any transfer of the right of patent application or the patent right;

(3)   any pledge and preservation of the patent right and their discharge;

(4)   any patent license contract for exploitation submitted for the record;

(5)   any invalidation of the patent right;

(6)   any cessation of the patent right;

(7)   any restoration of the patent right;

(8)   any compulsory license for exploitation of the patent;

(9)   any change in the name, nationality and address of the patentee.

**Rule 90 (Paragraph one of original Rule 89)**
The Patent Department under the State Council shall publish the Patent Gazette at regular intervals, publishing or announcing the following:

(1)   The bibliographic data contained in an invention patent applications and the Abstract of the patent specification thereof;

(2)   Any request for substantial examination of a patent application for an invention and any decision made by the patent administrative entity under the State Council to proceed on its own initiative to examine the substance of a patent application for an invention;

(3)   Any rejection, withdrawal, deemed withdrawal, deemed abandonment , restoration, and transfer of a patent application for an invention after its publication;

(4)   Any grant of the patent and the bibliographic data of the patent right;

(5)   The abstract of the specification of an invention or utility model patent, and a drawing or photo of a design patent;

(6)   Any decryption of National defense patent and confidential patent;

(7)   Any invalidation of the patent right;

(8)   Any cessation and restoration of the patent right;

(9)   Any transfer of a patent right;

(10) Any patent license contract for exploitation submitted for the record;

(11) Any pledge and preservation of the patent right and the discharge thereof;

(12) Any grant of compulsory license to exploit a patent;

(13) Any change in the name or address of the patentee;

(14) Any documents served by announcement;

(15) Any correction made by the patent administrative entity under the State Council; and

(16) Any other related matters.

**Rule 91 (Paragraph two of original Rule 89)**

21

The Patent Department under the State Council shall provide free access to the public to view the Patent Gazette, the Offprint for a patent application, and the Offprint for invention patent, utility model patent and design patent.

**Rule 92 (Newly added)**
The Patent Department under the State Council is responsible for the exchange of patent documents with the patent department or regional patent organisations in other countries or regions in accordance with the reciprocity principle.

**Chapter 9**
**Fees**

**Rule 93 (Original Rule 90)**
When any person files an application for a patent with, or has other procedures to go through at, the patent administrative entity under the State Council, (s)he or it shall pay the following fees:

(1)   filing fee, additional fee for filing application, printing fee for publishing the application, and fees for claiming priority;

(2)   substantive examination fee for an application for patent for invention, and reexamination fee;

(3)   registration fees for the grant of patent right, printing fees for the announcement of grant of patent right, and annual fee;

(4)   fees for requesting restoration of rights, and fees for requesting extension of a time limit;

(5)   fees for a change in the bibliographic data, fees for requesting an evaluation report for a patent right, fee for requesting invalidation.

The amount of the fees referred to in the preceding paragraph shall be prescribed by the price administration department under the State Counci, Ministry of Finanace in conjunction with the Patent Department under the State Council.

**Rule 94**
The fees provided for in the Patent Law and in the Implementing Regulations may be paid directly to the Patent Administration Department under the State Council   or paid by way of bank or postal remittance, or by way of any other means as prescribed by the Patent Administration Department under the State Council.

Where any fee is paid by way of bank or postal remittance, the applicant or the patentee shall indicate on the money order at least the correct filing number or the patent number and the name of the fee paid. If the requirements as prescribed in this paragraph are not complied with, the payment of the fee shall be deemed not to have been made.

Where any fee is paid directly to the Patent Department under the State Council, the date on which the fee is paid shall be the date of payment; where any fee is paid by way of postal remittance, the date of remittance indicated by the postmark shall be the date of payment; where any fee is paid by way of bank transfer, the date on which the transfer of the fee is done shall be the date of payment.

For any patent fee paid in excess of the amount as prescribed, paid repeatedly or wrongly, where the party making the payment requests a refund from the patent administrative entity under the State Council within three years from the date of payment, the Patent Department under the State Council shall refund the fee.

**Rule 95 (Original Rule 92)**
The applicant shall, within 2 months after filing the application or within 15 days after receipt of the notification of acceptance of the application from the patent administrative entity under the State Council, pay the filing fee, the printing fee for the publication of the application and the necessary additional fees for filing the application. If the fees are not paid or not paid in full within the time limit, the application shall be deemed being withdrawn.

Where the applicant claims priority, he or it shall pay the fee for claiming priority at the same time with the payment of the filing fee. If the fee is not paid or not paid in full, the claim for priority shall be deemed not having been made.

**Rule 96**
Where the party concerned makes a request for an examination as to substance or a reexamination, the relevant fee shall be paid within the time limit as prescribed respectively for such requests by the Patent Law and these Implementing Regulations. If the fee is not paid or not paid in full within the time limit, the request is deemed not having been made.

**Rule 97**
When the applicant goes through the procedures of registration, it or he shall pay a patent registration fee, printing fee for the announcement the annual fee of the year in which the patent right is granted. If such fees are not paid in full amount within the prescribed time limit, the registration of the grant of patent right shall be deemed not having been made.

**Rule 98**
The annual fee of the patent right after the year in which the patent is granted shall be paid in advance before the expiration of the preceding year. If the patentee has not paid or not fully paid the maintenance fees, the patent administrative entity under the State Council    shall notify the patentee to pay the fee or to make up the insufficiency within six months from the expiration of the time limit within which the annual fee is due to be paid, and at the same time pay a surcharge. The amount of the surcharge shall be, for each month of late payment, 5% of the whole amount of the annual fee of the year within which the annual fee is due to be paid. Where the fee and the surcharge are not paid within the time limit, the patent right shall lapse from the expiration of the time limit within which the annual fee should have been paid.

**Rule 99 (Original Rule 97)**
The fee for requesting restoration of rights shall be paid within the time limit in these Implementing Regulations. If the fee is not paid or not paid in full within the time limit, the request will be deemed not having been made.

The fee for requesting extension of a time limit shall be paid within the time limit. If the fee is not paid or not paid in full within the time limit, the request shall be deemed not having been made.

The fee for alteration of the bibliographic data, for requesting an evaluation report for a patent right, and for requesting invalidation shall be paid within one month upon filing of the request. If the fee is not paid or not paid in full within the time limit, the request shall be deemed not having been made.

**Rule 100 (Original Rule 98)**
Where any applicant or patentee has difficulties in paying the various fees prescribed in these Implementing Regulations, he may, in accordance with the prescriptions, submit a request to the patent administrative entity under the State Council for a reduction or postponement of the payment. Measures for the reduction and postponement of the payment shall be prescribed by the finance administration department, together with the Patent Department under the State Council and the price administration department under the State Council.

**Chapter 10**
**Special Provisions for International Applications**

**Rule 101**
The Patent Administration Department under the State Council shall accept international patent applications filed in accordance with the Patent Cooperation Treaty according to Article 20 of the Patent Law.

Where any international application filed according to the Patent Cooperation Treaty designating China (hereinafter referred to as the international application) starts to be processed by the Patent Department under the State Council (hereinafter referred to as entering the Chinese national phase), the requirements and procedures prescribed in this Chapter shall apply. If this Chapter is silent on any

matter, the relevant provisions in the Patent Law and in any other chapters of these Implementing Regulations shall apply.

**Rule 102**
Any international application which has been accorded an international filling date in accordance with the Patent Cooperation Treaty and which has designated China shall be deemed as an application for patent filed with the Patent Administration Department under the State Council, and the said filing date shall be deemed as the filing date referred to in Article 28 of the Patent Law.

**Rule 103 (Incorporating original Rule 101, Rule 103 and paragraph one of Rule 105)**
Any applicant for an international application entering the Chinese national phase shall, within 30 months from the priority date as referred to in Article 2 of the Patent Cooperation Treaty (referred to as "the priority date" in this chapter), go through the procedures at the Patent Department under the State Council ; if the applicant fails to go through the relevant frocedures within said time limit, he or it may, after paying a fee for a grace period, go through the procedures for entering the Chinese National Phase within 32 months from the Priority Date.

**Rule 104 (Incorporating original Rule 101, Rule 103 and paragraph one of Rule 105)**
Where the applicant goes through the procedures for entering the Chinese National Phase in accordance with Rule 103 of these Implementing Regulations, the following requirements shall be met:

(1)   submitting a written statement in Chinese, concerning entry into the Chinese National Phase, and indicating the international application number and the kind of patent right sought;

(2)   paying the filing fee as prescribed in Article 122, paragraph one of these Implementing Regulations, and, if necessary, paying the surcharge for the late entry allowance prescribed in Article 103, of these Implementing Regulations;

(3)   where the international application is filed in a foreign language, submitting the Chinese translation of the description and the claims of the initial international application;

(4)   indicating the title of the invention-creation, the name or title of the applicant, the address of the applicant and the name of the inventor in the written statement concerning entry into Chinese National Phase. Such indications shall be the same as those recorded by    the International Bureau of the World Intellectual Property Organisation (hereinafter referred to as the International Bureau); where the inventor is not indicated in the international application, the name of the inventor shall be indicated in this statement concerning entry into the Chinese national phase;

(5)   where an international application is filed in a language other than Chinese, the Chinese translation of the abstract shall be furnished; where there are drawings or the figure for the abstract, the copies shall be furnished; where there is text for the drawings, the text of the drawings shall be replaced with Chinese; where an international application is filed in Chinese, a copy of the abstract and the duplicate for the figure for in the abstract published in the international publication shall be furnished;

(6)   where the applicant has gone through the procedures for the change in the applicant before the International Bureau in the international phase, the document certifying the right of the new applicant to the international application shall be furnished;

(7)   when necessary, paying the additional fee for filing application as prescribed in Rule 106, paragraph one of these Implementing Regulations.

Where the application meets the requirements of Subparagraph 1 to 3 as prescribed in the preceding paragraphs of this Rule, the Patent Department under the State Council shall grant an application number, ascertain the date when the international application enters the Chinese National Phase (hereinafter referred to as the "entry date"), and notify the applicant.

Where an international application enters the Chinese National Phase but fails to fulfill the requirements of Subparagraph 4 to 7 in the preceding paragraphs of this Rule, the Patent Department under the State Council shall notify the applicant to make corrections within the specified time limit; where, within the time limit, no correction is made, his or its application shall be deemed being withdrawn.

**24**

**Rule 105 (Incorporating original paragraph two of Rule 100 and Rule 102)**
Where an international application has any of the following circumstance, the validity of this international application shall cease in China:

(1)  in the international phase, an international application is withdrawn or deemed withdrawn, or its designation of China is withdrawn.

(2)  the applicant fails to go through the procedures for entering the Chinese national phase within 32 months from "the priority date" prescribed in Rule 103 of these Implementing Regulations;

(3)  the applicant fails to meet the requirements within 32 months from "the priority date" as prescribed in Subparagraph 1 to 3 of Rule104 of these Implementing Regulations.

According to the preceding paragraph subparagraph (1), Rule 6 of these Implementing Regulations shall not apply to the international application of which the validity has been ceased in China; According to the preceding paragraph subparagraph (2) and (3), Rule 6 paragraph 2 shall not apply to the international application of which the validity has been ceased in China.

**Rule 106 (Original Rule 104)**
Where an international application was amended in the international phase and the applicant requests that the examination be based on the application documents which have been amended, the Chinese translation of the amended portions shall be submitted within two months from the entry date. Where the Chinese translation is not furnished within said time limit, the amendments made in the international phase shall not be taken into consideration by the Patent Department under the State Council.

**Rule 107 (Original Rule 105)**
Where any invention-creation to which the international application relates has one of the events referred to in Article 24, subparagraph (1) or (2) of the Patent Law and where statements have been made in this respect when the international application was filed, the applicant shall indicate it in the written statement concerning entry into the Chinese national phase, and furnish the relevant certificates prescribed in Rule 30, paragraph three of these Implementing Regulations within two months from the entry date; where no indication is made or no certificates are furnished within   the said time limit, 24 of the Patent Law shall not apply to the international application.

**Rule 108**
Where the applicant has provided a description concerning the deposit of biological materials in accordance with the provisions of the Patent Cooperation Treaty, the requirements provided for in Rule 24, subparagraph (3) of these Implementing Regulations shall be deemed having been satisfied. In the statement of entry into the Chinese national phase, the applicant shall indicate the documents recording the particulars of the deposit of the biological materials, and the exact location of such record in the documents.

Where particulars concerning the deposit of the biological materials are contained in the description of the international application initially filed, but there is no such indication in the statement of the entry into the Chinese national phase, the applicant shall make correction within four months from the entry date. If the correction is not made within the time limit, said biological materials shall be deemed not having been deposited.

Where the applicant submits the certificates of the deposit and the viability proof of the biological materials to the Patent Administration Department under the State Council   within four months from the entry date, the deposit of biological materials shall be deemed having been made within the time limit as provided for in Rule 24, subparagraph (1) of these Implementing Regulations.

**Rule 109 (Newly added)**
Where the completion of the creation-invention to which an international application relates depends on genetic resources, the applicant shall make an indication in the written statement concerning entry of the international application into the Chinese National Phase, fill in the table as prescribed by the Patent Department under the State Council.

25

**Rule 110 (Original Rule 107)**
Where the applicant claims one or multiple priorities in the international phase and such claims remain valid at the time when the application enters the Chinese national phase, the priority shall be deemed having been made in compliance with the provisions of Article 30 of the Patent Law.

The applicant shall pay the fee for claiming the priority within two months from the entry date; if the fee is not paid or not paid in full, the claim for priority shall be deemed not having been made.

Where the applicant has submitted a copy of the earlier application in the international phase in accordance with the provisions of the Patent Cooperation Treaty, he or it shall be exempted form submitting a copy of the earlier application to the Patent Administration Department under the State Council    at the time of going through the formalities for entering the Chinese national phase. Where the applicant has not submitted a copy of the earlier application in the international phase, the Patent Administration Department under the State Council, when considers it necessary, may notify the applicant to submit a copy of the earlier application within the specified time limit. If no copy is submitted at the expiration of the time limit, his or its claim for priority shall be deemed not having been made.

**Rule 111**
Where, before the expiration of 20 months from "the priority date", the applicant files a request with the Patent Administration Department under the State Council    for early processing and examination of his or its international application, he or it shall, in addition to going through the formalities for entering the Chinese national phase, submit a request in accordance with the provisions in Article 23, paragraph two of the Patent Cooperation Treaty. Where the international application has not been transmitted by the International Bureau to the Patent Administration Department under the State Council, the applicant shall submit a confirmed copy of the international application.

**Rule 112 (Original Rule 109)**
With regard to an international application for a utility model patent, the applicant may make amendments to the application documents on its or his own initiative within two months from the entry date. With regard to an international application for a patent for invention, Rule 51, paragraph one of these Implementing Regulations shall apply.

**Rule 113**
Where the applicant finds that there are mistakes in the Chinese translation of the description, the claims or the text matter of the drawings as filed, he or it may correct the translation in accordance with the international application as filed within the following time limits:

(6)   before the completion of technical preparations for the publication of the application for patent for invention or the announcement of patent right of the utility model by the Patent Administration Department under the State Council   ;

(7)   within three months from the date of receipt of the notification sent by the Patent Administration Department under the State Council, stating that the application for a patent for invention has entered into the substantive examination phase.

Where the applicant intends to correct the mistakes in the translation, he or it shall file a written request, furnish a replace sheet of the translation and pay the prescribed fee for the correction of the translation.

Where the applicant makes correction of the translation in accordance with the notification of the Patent Administration Department under the State Council, he or it shall, within the specified time limit, go through the formalities prescribed in paragraph two of this Rule. If the prescribed formalities are not gone through at the expiration of the time limit, the international application shall be deemed withdrawn.

**Rule 114**
With regard to any international application for a invention patent, if the Patent Administration Department under the State Council, after preliminary examination, considers it in compliance with the provisions of the Patent Law and these Implementing Regulations, it shall publish it in the Patent Gazette; where the international application is filed in a language other than Chinese, the Chinese translation of the international application shall be published.

Where the international publication of an international application for a patent for invention by the International Bureau is in Chinese, Article 13 of the Patent Law shall apply from the date of the international publication. If the international publication by the International Bureau is in a language other than Chinese, Article 13 of the Patent Law shall apply from the date of the publication of the Chinese translation by the Patent Administration Department under the State Council.

With regard to an international application, the publication referred to in Articles 21 and 22 of the Patent Law means the publication referred to in paragraph one of this Article.

### Rule 115

Where two or more inventions or utility models are contained in an international application, the applicant may, from the entry date, submit a divisional application in accordance with the provisions in Rule 42, paragraph one of these Implementing Regulations.

If at the international phase the International Searching Authority or the International Preliminary Examining Authority is of the opinion that an International Application does not conform with the requirement of unity of the Patent Cooperation Treaty and the applicant failed to pay the surcharge in accordance with regulations resulting in a certain part of the International Application not being subjected to preliminary examination by the International Searching Authority or the International Preliminary Examining Authority, and the applicant then requests that the afore-mentioned part be made the basis for examination after the application enters the national phase in China and the Patent Administration Department under the State Council is of the opinion that the judgment of the International Searching Authority or the International Preliminary Examining Authority on the unity of the invention was correct, it shall notify the applicant to pay a unity restoration fee within a prescribed time limit. If the applicant fails to pay or pay in full such fee within the prescribed time limit, that part of the International Application that was not subjected to a search or a preliminary international examination shall be deemed having been withdrawn.

### Rule 116

Where an international application in the international phase has been refused to be accorded an international filling date or has been declared to be deemed withdrawn by an international authority concerned, the applicant may, within two months from the date on which he or it receives the notification, request the International Bureau to send the copy of any document in the file of the international application to the Patent Administration Department under the State Council, and shall go through the procedures prescribed in Rule 103 of these Implementing Regulations within the said time limit at the Patent Administration Department under the State Council. After receiving the documents sent by the International Bureau, the Patent Administration Department under the State Council shall review the decision made by the international authority concerned to find whether it is correct.

### Rule 117

With regard to a patent right granted on the basis of an international application, if the scope of protection determined in accordance with the provisions of Article 59 of the Patent Law exceeds the scope of the international application in its original language because of incorrect translation, the scope of protection granted on the international application shall be limited according to the original language of the application; if the scope of protection granted on the international application is narrower than the scope of the application in its original language,   the scope of protection shall be determined according to the patent in the language when it is granted.

### Chapter 11
### Supplementary Provisions

### Rule 118

Any person may, with the consent the Patent Administration Department under the State Council, examine or copy the files of the published or gazetted patent applications and the Patent Register, and may request the Patent Administration Department under the State Council    to issue duplicates of the Patent Register.

Files of the patent applications which have been withdrawn or deemed withdrawn or which have been rejected, shall not be preserved two years after the expiration date on which the applications cease to be valid.

Where the patent right has been abandoned, wholly invalidated or terminated, the files shall not be preserved three years after the expiration date on which the patent right ceases to be valid.

**Rule 119**
Any patent application which is filed with, or any formality which is gone through at, the Patent Administration Department under the State Council    shall be signed or sealed by the applicant, the patentee, any other interested person or his or its representative. Where any patent agency is appointed, it shall be sealed by such agency.

Where a change in the name of the inventor, or in the name, nationality and address of the applicant or the patentee, or in the name and address of the patent agency and the name of patent agent is requested, a request for a change in the bibliographic data shall be made to the Patent Administration Department under the State Council, together with the relevant certifying documents.

**Rule 120**
The document concerning patent applications or patent rights mailed to the Patent Administration Department under the State Council    shall be sent as registered letters, not as parcels.

Except for any patent application filed for the first time, when any document is submitted to and any procedure is going through at the Patent Administration Department under the State Council, the filing number or the patent number, the title of the invention-creation and the name of the applicant or the patentee shall be indicated.

Only documents of the same application shall be included in only one letter.

**Rule 121**
Various kinds of application documents shall be typed or printed neatly and clearly in black ink, and may not contain alterations. The drawings shall be made with drafting instruments in black ink, with clear lines of uniform thickness, and shall not contain alterations.

Requests, descriptions, claims, drawings and abstracts shall be numbered sequentially with Arabic numerals.

The textual portion of application documents shall be written horizontally. Entries shall be made on one side of the paper only.

**Rule 122**
The Patent Administration Department under the State Council    shall formulate Guidelines for Examination pursuant to the Patent Law and these Implementing Regulations.

**Rule 123**
These Implementing Regulations shall enter into force as of July 1, 2001. The amended Implementing Regulations of the Patent Law of the PRC approved by the State Council on December 12, 1992 and promulgated by the Patent Office of the PRC on December 21, 1992 shall be repealed simultaneously.