**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

COBBLESTONE WIRELESS, LLC,

                              *Plaintiff,*

   v.

APPLE INC.,

                              *Defendan*t.

Case No. 7:24-cv-00232-DC

**JURY TRIAL DEMANDED**

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S MOTION TO STRIKE DEFENDANT**
**APPLE INC.'S UNTIMELY NOTICE OF FOREIGN LAW**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND: APPLE WITHHELD ITS ARGUMENT.......................... 1

III.  LEGAL STANDARD............................................................................................. 4

IV.   ARGUMENT ....................................................................................................... 5

    A.  Apple's Notice Is Unreasonable Under Every Rule 44.1 Factor
        Because It Comes at the Last Possible Stage, Without Excuse. ............................ 5

    B.  The Yang and Cohen Declarations Are Undisclosed Expert
        Opinions and Undisclosed Evidence That Rule 37(c)(1) Excludes......................... 7

    C.  Striking Is Warranted Because the Declarations Are Futile: Apple
        Has No Evidence of An Invention Made in the Course of
        Performing the Inventor's Specific Duties. ........................................................ 8

    D.  Apple's Chinese Confidentiality Examination Argument Fails ........................... 10

V.    CONCLUSION................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Al Maya Trading Establishment v. Global Export Marketing Co., Ltd.*,
  2014 WL 3507427 (S.D. N.Y. 2014)................................................................................ 5

*Am. Int'l Trading Corp. v. Petroleos Mexicanos*,
  835 F.2d 536 (5th Cir.1987) ............................................................................................ 6

*DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd.*,
  268 F.3d 829 (9th Cir. 2001) ........................................................................................... 4

*Epsilon-NDT Endustriyel Kontrol Sistemleri Sanayi Ve Ticaret, A.S. v. PowerRail Distribution,*
  *Inc.*, No. 3:18-CV-821, 2024 WL 1258666 (M.D. Pa. Mar. 25, 2024) ...................................... 6

*Frietsch v. Refco, Inc.*,
  56 F.3d 825 (7th Cir. 1995) ............................................................................................. 4

*Fullen v. 3M Co.*,
  No. GJH-17-207, 2019 WL 5190692 (D. Md. Oct. 15, 2019)....................................... 5

*Geiserman v. MacDonald*,
  893 F.2d 787 (5th Cir. 1990) .......................................................................................... 7

*Gutierrez v. Tractor Supply Co.*,
  No. CV H-15-778, 2018 WL 3586980 (S.D. Tex. July 26, 2018)................................... 4

*Kucel v. Walter E. Heller & Co.,*
  813 F.2d 67 (5th Cir. 1987) ............................................................................................ 4

*Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*,
  575 F.3d 491 (5th Cir. 2009) .......................................................................................... 4

*Thyssen Steel Co. v. M/V Kavo Yerakas*,
  911 F. Supp. 263 (S.D. Tex. 1996) .............................................................................. 4, 5

*Woods v. DeAngelo Marine Exhaust, Inc.*,
  692 F.3d 1272 (Fed. Cir. 2012)....................................................................................... 8

*Zoch v. Daimler*,
  No. Civ. A. 4:17-CV-578, 2017 WL 5177959 (E.D. Tex. Nov. 8, 2017) ................................. 5

**Statutes**

28 U.S.C. § 1746.................................................................................................................... 9

**Rules**

Fed. R. Civ. P. 44.1............................................................................................................. 3, 4

## I.    INTRODUCTION

Less than two days before the Pretrial Conference, Apple filed a "Notice of Foreign Law" under Rule 44.1, attaching two new declarations on Chinese law from two new experts, Pu (Alexandra) Yang and Mark Cohen, and thirty-three exhibits of Chinese statutes, regulations, ministry catalogues, Chinese court decisions, university webpages, and translations, totaling more than 1,000 pages. Dkt. 156. The declarations opine that Cobblestone "is not a legitimate patentee," that every recorded assignment of the '347 patent is "void," and that Cobblestone "lacks standing" to bring this case. Dkt. 156-1 at 2, 9; Dkt. 156-26 at 9-10.

Rule 44.1 requires reasonable notice of a party's intent to apply foreign law, and Apple's Rule 44.1 notice fails three times over. First, the notice comes after the close of fact and expert discovery, after dispositive and *Daubert* briefing, after motions *in limine*, and after the joint pretrial order. Second, Apple has no explanation for the delay: every fact its new foreign-law experts recite has been available to Apple from the outset. Third, Cobblestone faces severe, unfair, and incurable prejudice. Cobblestone cannot now depose the inventors, depose witnesses and entities in China, depose the two foreign-law experts, retain rebuttal experts, and verify the accuracy of translations of more than two dozen foreign-language exhibits in the 36 hours remaining before the pretrial conference or even before trial.

Moreover, these untimely declarations and opinions are futile. Apple's own translations of Chinese law condition university ownership on an invention made in the course of performing the inventor's specific employment duties, and Apple offers no evidence of what Professor Yin's duties were—much less that he conceived the claimed invention in the course of performing them. *See infra* § IV.C. The notice and its supporting declarations should be stricken.

## II.    FACTUAL BACKGROUND: APPLE WITHHELD ITS ARGUMENT

Since Cobblestone's September 20, 2024 Complaint, Apple knew the identity of the '347 patent's inventor and has had access to the publicly recorded assignment chain on which its new foreign-law experts rely (the 2011 application, the 2012 recorded assignments, and the 2022 assignment to Cobblestone). Dkt. 156-1 at 2. Apple identifies new standing-related factual development. Both declarations rest on the face of the patent, public assignment records, public webpages, and Chinese legal materials that have been in force for well over a decade.

Fact discovery closed on March 6, 2026; opening and rebuttal expert reports were served March 27 and April 17; and expert discovery closed on April 30. Dkt. 63. Dispositive and *Daubert* motions were filed May 7. The parties filed the joint pretrial order on June 23. Dkt. 141. The Court ordered the parties to identify all remaining pretrial disputes by July 2. Dkt. 63 at 2. At no point in that sequence did Apple disclose its factual basis for its standing defense (*see* Dkts. 73 & 131), its Chinese-law experts, the Tongji University materials its foreign-law experts now sponsor, any English translations thereto. Apple instead told the Court on June 22 that it was "still in the process of identifying and retaining a declarant" and would submit a Rule 44.1 notice "at the appropriate time." Dkt. 138 at 1 n.1. In Apple's view, the appropriate time turned out to be July 8—after fact and expert deadlines, on the eve of the pretrial conference.

Apple pled a standing defense, and Cobblestone's timely interrogatory sought all factual and legal bases for Apple's affirmative defenses. *See* Dkts. 73 & 131. Apple's interrogatory response never mentioned Tongji University, Chinese employment-invention law, Chinese export restrictions, or any alleged defect in the assignment chain. Dkt. 83-4 at 14-16. Apple raised those theories for the first time on June 1, 2026, in opposition to Cobblestone's motion for partial summary judgment on Apple's affirmative defenses, Dkt. 123, well after the close of expert discovery on April 30, 2026. Dkt. 63.

Apple's May 21, 2026 Opposition to Cobblestone's Motion for Summary Judgment disclosed, for the first time after nearly two years of litigation, the basis for its standing defense. Dkt. 97; *see* Dkt. 113. On June 11, 2026, Cobblestone filed its Motions *in Limine* No. 1, seeking to preclude Apple's standing arguments that lack evidence or Rule 44.1 notice. Dkt. 131 at 1-3. In its June 22 Opposition, Apple conceded that it had given no Rule 44.1 notice, stating that it "does intend to submit a Fed. R. Civ. P. 44.1 notice at the appropriate time," and explained it was "still in the process of identifying and retaining a declarant for this notice." Dkt. 138 at 1 n.1.

On July 8, 2026—less than two days before the final pretrial conference set for July 10, 2026, and with jury selection set for August 3, 2026, (*id.*)—Apple filed its notice, with the Yang and Cohen declarations and more than two dozen exhibits. Dkt. 156; Dkt. 156-1 to 156-26. Ms. Yang, a Chinese litigator paid by Apple, opines that the '347 patent was a "service invention" owned by Tongji University as a matter of Chinese law, that assignments in the recorded chain were an "unauthorized disposition" *void ab initio*, and that the 2012 assignment violated Chinese technology-export restrictions. Dkt. 156-1 at 2-9. Mr. Cohen, billing $875 per hour, opines that the invention qualifies as an "employment invention-creation" under the 2008 Chinese Patent Law such that Tongji University, not the named inventor, owned the patent. Dkt. 156-26 at 9-10.

The Yang declaration is not limited to propositions of foreign law. It sponsors factual material: assertions about Professor Yin's employment history at Tongji University, the contents of a Tongji University faculty webpage, and a purported certified translation of a "Compilation of Administrative Management Regulations Tongji University 2010" that Ms. Yang treats as the operative university employment policy. Dkt. 156-1 at 3-4. None of this material was produced in discovery, identified in Apple's interrogatory responses, or listed on Apple's initial disclosures or trial exhibit lists when due. *See* Dkt. 131 at 2-3.

### III.    LEGAL STANDARD

A party "who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." Fed. R. Civ. P. 44.1. While standing issues cannot be waived, choice-of-law arguments under Rule 44.1 can be waived. A party has "an obligation to call the applicability of [a foreign] law to the court's attention in time to be properly considered." *Kucel v. Walter E. Heller & Co.,* 813 F.2d 67, 74 (5th Cir. 1987); *Gutierrez v. Tractor Supply Co.*, No. CV H-15-778, 2018 WL 3586980, at *11 (S.D. Tex. July 26, 2018) (holding that if a party does not give reasonable notice of foreign law to apply, then the law of the forum (Texas) will apply).

Rule 44.1 notice requirement "is intended to 'avoid unfair surprise.'" *Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*, 575 F.3d 491, 496-97 (5th Cir. 2009) (quoting Fed. R. Civ. P. 44.1 advisory committee's note). Whether notice is reasonable turns on "[t]he stage which the case had reached at the time of the notice, the reason proffered by the party for his failure to give earlier notice, and the importance to the case as a whole of the issue of foreign law sought to be raised." *Id.* (quoting advisory committee's note). "[N]otice is sufficient if it gives the opposing party time to research the foreign rules." *Id.* (citing *Thyssen Steel Co. v. M/V Kavo Yerakas*, 911 F. Supp. 263, 266 (S.D. Tex. 1996)). "Because Rule 44.1 grants the district court discretion in determining 'reasonable' notice," the Court's application of the standard is reviewed only for abuse of discretion. *Northrop Grumman*, 575 F.3d at 496 (quoting *DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd.*, 268 F.3d 829, 846 (9th Cir. 2001)).

Separately, while courts are not encumbered by the Federal Rules of Evidence in considering sources of foreign law under Rule 44.1, when a party's submission concerning foreign law is untimely, a district court may exercise its discretion to exclude it. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (district court "was not obliged to consider" a "belatedly submitted affidavit" of German law); *Thyssen Steel*, *supra*, 911 F. Supp. at 267. In *Thyssen Steel*,

- 4 -

the court accepted a late foreign-law notice only because the case was on remand and discovery had been reopened, such that there was "no danger that a party opposing the use of foreign law will not have sufficient time to research the issue." 911 F. Supp. at 267. That is the opposite of the posture here: every deadline has passed, discovery is closed, and no time remains before the pretrial conference.

## IV.    ARGUMENT

### A.    Apple's Notice Is Unreasonable Under Every Rule 44.1 Factor Because It Comes at the Last Possible Stage, Without Excuse.

**Stage of the case.** Apple filed its notice after the Court-ordered deadlines for the close of fact discovery, the opening and rebuttal expert reports, the close of expert discovery, the dispositive-motion and *Daubert* deadline, motions *in limine* (including one directed at this precise subject), the joint pretrial order, and the July 2 deadline for the parties to certify their remaining pretrial disputes. Apple filed it less than two days before the final pretrial conference, with jury selection set for August 3, 2026. Dkt. 63 at 2. There is no later stage at which Apple could have filed, save trial itself. A notice that arrives when the opposing party no longer has "time to research the foreign rules" is not reasonable notice; it is ambush. *Thyssen Steel*, 911 F. Supp. at 266. *See e.g., Fullen v. 3M Co.*, No. GJH-17-207, 2019 WL 5190692, at *6 (D. Md. Oct. 15, 2019) (finding the delay in Rule 44.1 Motion resulted in unfair surprise and was therefore untimely); *Al Maya Trading Establishment v. Global Export Marketing Co., Ltd.*, 2014 WL 3507427, *4 (S.D. N.Y. 2014) (court deemed defendant's notice untimely because it first was raised at pretrial conference "just over two months before trial was scheduled to commence" and "over six months after" plaintiff filed complaint); *Zoch v. Daimler*, No. Civ. A. 4:17-CV-578, 2017 WL 5177959, at *2 (E.D. Tex. Nov. 8, 2017) (notice of foreign law that was given before discovery deadline was reasonable); *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 540 n. 14 (5th

Cir.1987) (citing Rule 44.1 and stating that "the applicability of a foreign country's law should be raised by reasonable notice before trial"). Cobblestone needs to depose the inventors and the previous assignees who all appear to be in China, to test the factual allegations Apple has raised for the first time in this case (*see* Dkts. 73 & 131), and analyze, with the aid of qualified experts, at least seven distinct bodies of Chinese law spanning patent, property, contract, foreign-trade, and export-control regimes—plus the Chinese-language originals and certified translations of each— in the hours remaining before the pretrial conference. That cannot be done.

Although the Fifth Circuit in *Northrop Grumman* held that an eighteen-month-delayed notice should have been accepted, it did so on distinguished facts: the opposing party raised no prejudice at all based on the delay, the opposing party there had "at least five months to respond," and the moving party had an excusable delay due to withdrawal of the noticing party's counsel. 575 F.3d at 497. The Fifth Circuit noted that it was error for the District Court to rely solely on delay, instead of prejudice and the importance of the issue, when denying the motion as untimely. *Id*. at 498. Every feature that saved the notice in *Northrop Grumman* is missing here. *See e.g., Epsilon-NDT Endustriyel Kontrol Sistemleri Sanayi Ve Ticaret, A.S. v. PowerRail Distribution, Inc*., No. 3:18-CV-821, 2024 WL 1258666, at *12 (M.D. Pa. Mar. 25, 2024) (finding a Rule 44.1 Motion untimely and inexcusable, distinguishing the facts of *Northrop Grumman*). Cobblestone has less than two days before the pretrial conference and less than a month before jury selection. Apple's same counsel that pled a standing defense, answered Cobblestone's contention interrogatory on standing, and briefed summary judgment on standing simply chose to wait.

**Reason for the delay.** Apple has none. Every fact its foreign-law experts recite—the inventor's name, his university affiliation, the recorded assignment dates, the text of Chinese statutes in force since before the '347 patent was filed—has been available since September 2024.

- 6 -

Apple's only proffered explanation is that it was "still in the process of identifying and retaining a declarant" as of June 22. Dkt. 138 at 1 n.1. But a party's failure to line up its experts until after every deadline has passed is not a reason for delay; it is the delay itself. The Fifth Circuit has rejected far better excuses. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (proffered reasons for untimely expert designation "weak, at best"; claimed last-minute need for expert testimony meritless where the need was apparent all along). Nor can Apple blame Cobblestone. Once Apple pled standing, Apple incurred obligations under Rule 44.1 and Rule 26 to respond to Cobblestone's contention interrogatory on standing and to disclose the foreign-law theories on which those defenses rest. Apple timely disclosed nothing of the sort.

**Importance of the issue.** By Apple's own account, its standing arguments are directed "to the Court, not the jury." Dkt. 138 at 1. To whatever extent Apple contends the Chinese-law issue is important, that contention cuts against Apple, not for it: the claimed importance of the material "underscores the need" for timely disclosure, *Geiserman*, 893 F.2d at 791, and importance "cannot singularly override the enforcement of local rules and scheduling orders," *id.* at 792; *accord Hamburger*, 361 F.3d at 883.

### B.     The Yang and Cohen Declarations Are Undisclosed Expert Opinions and Undisclosed Evidence That Rule 37(c)(1) Excludes.

The declarations do not stop at reciting foreign law. Both foreign-law declarants are actually retained, compensated ***experts*** offering opinions that the '347 patent was a service invention, that the named inventor "never had ownership," that each assignee acted in bad faith, that every recorded assignment is void, and that Cobblestone lacks standing. Dkt. 156-1 at 2-9; Dkt. 156-26 at 9-10. Neither was disclosed under Rule 26(a)(2). Neither served a report by the March 27 or April 17 deadlines. Neither was offered for deposition. Apple's interrogatory response on its affirmative defenses said nothing about any of this. Dkt. 131 at 2-3. Rule 44.1 permits the

Court to consider "any relevant material or source" in determining foreign law, but it is not a loophole through which a party may smuggle undisclosed retained experts and undisclosed factual evidence into the case after every disclosure deadline has passed. The Federal Circuit has affirmed exclusion in materially identical circumstances. *See Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282–83 (Fed. Cir. 2012) (affirming exclusion where party failed to timely supplement its contention-interrogatory answer with the theory and evidence it later sought to use).

The *Geiserman* factors again each favor exclusion, as discussed in the preceding section. Exclusion is the remedy Rule 37(c)(1) prescribes. There is clearly insufficient time to analyze and fairly respond to Apple's newly raised argument with trial less than a month away.

### C. Striking Is Warranted Because the Declarations Are Futile: Apple Has No Evidence of An Invention Made in the Course of Performing the Inventor's Specific Duties.

Even at face value, the declarations are futile. Apple's own translation of Article 6 of the 2008 Chinese Patent Law defines an employment invention-creation as one "accomplished in the course of performing the duties of an employee, or mainly by using the material and technical conditions of an employer." Dkt. 156-26 at 6; accord Dkt. 156-1 at 3. Apple's own translation of Section 12 of the implementing regulations defines a service invention as one made "in the course of performing his own duty" or in execution of a task specifically entrusted to the employee by the employer. Dkt. 156-26 at 7; Dkt. 156-1 at 3. To affect standing, the operative condition is that the inventor conceived the invention while ***executing*** his employment duties. That is an additional and independent requirement beyond conceiving an invention during the period of employment—the watered-down paraphrase on which Apple's experts actually rely.

Apple's declarations only speculate that the invention was conceived during the execution of his employment duties. Ms. Yang speculates that merely because Professor Yin "held an academic position at Tongji University throughout the relevant period", that the subject matter of

the '347 patent is "consistent with the research activities Prof. Yin conducted in his capacity as a university faculty member," and that his faculty webpage lists the patent among his achievements, that it was conceived during the execution of his employment duties. Dkt. 156-1 at 3-4. Mr. Cohen—reciting facts counsel gave him rather than any admissible evidence—states that the patent issued "during Mr. Yin's employment" and was "related to the research, papers, and work that the professor performed in the course of his employment." Dkt. 156-26 at 9. Employment plus topical overlap and regurgitated attorney argument, without any admissible expert opinion, is not the standard. And, importantly, Ms. Yang and Mr. Cohen's statements remain unsupported by any admissible evidence in the record.  Neither expert identifies any evidence of what Professor Yin's actual duties were—no employment agreement, no assigned research task, no funding record, no project documentation—let alone any evidence that he conceived the claimed invention in the course of performing those duties, or that he did so "mainly by using" Tongji's "money, equipment, spare parts, raw materials or technical materials which are not disclosed to the public." Dkt. 156-26 at 7. The factual gap in evidence on this factor removes any claim that the foreign-law issue is important enough to excuse notice on the eve of the pretrial conference, even crediting every page of Apple's late-served materials. Second, the gap confirms the prejudice. Testing Apple's duty-specific factual assertions would require precisely the discovery Apple's timing forecloses: depositions of the inventor, of Tongji University witnesses, and of Apple's two foreign-law experts, and document discovery into the university's employment policies, task assignments, and funding of the underlying research. A theory whose dispositive factual predicate is absent cannot justify reopening this case less than a month before trial.

Moreover, neither declaration complies with 28 U.S.C. § 1746. Ms. Yang's declaration states only that it is true and correct "to the best of my knowledge" and omits any statement that it

is made under penalty of perjury subject to US or this Court's jurisdiction. Dkt. 156-1 at 9. Mr. Cohen's declaration likewise omits any statement that it is made under US penalty of perjury. Dkt. 156-26. Ms. Yang also purports to "reserve the right to supplement" her declaration. Dkt. 156-1 at 9. Apple thus signals that more, untimely disclosures may follow. The Court should enforce Rule 44.1's reasonable-notice requirement now.

### D.    Apple's Chinese Confidentiality Examination Argument Fails

Apple's invocation of Article 20's confidentiality-examination requirement prior to exportation fares no better: under the Implementing Regulations in force when the PCT application was filed, the filing of an international application with the Chinese patent office is itself regarded as a request for confidentiality examination, and the applicant is free to proceed with foreign filing absent a confidentiality notification from the Chinese patent office within four months. Implementing Regulations of the Patent Law of the People's Republic of China (promulgated by Decree No. 306 of the St. Council, June 15, 2001, amended Jan. 9, 2010, effective Feb. 1, 2010), rules 8-9 (China), *translation available at* WIPO Lex, https://www.wipo.int/wipolex/en/text/475191. The '347 patent's PCT application was filed with the Chinese receiving office in July 2011. Eighteen months after this PCT filing, the application was internationally published by WIPO and a patent issued in the United States. The Chinese Government did not restrict it. This defeats Apple's argument that assigning the patent "exported" restricted technology.

### V.    CONCLUSION

Apple's Rule 44.1 notice after every deadline in this case had run is untimely. Apple's Notice of Foreign Law (Dkt. 156) and all supporting declarations and exhibits (Dkt. 156-1 *et seq.*) should be stricken for violating the Court's deadlines and for its futility.

- 10 -

Dated: July 9, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*

Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Benjamin T. Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
James N. Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Minna Jay
CA State Bar No. 305941
Email: mjay@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Christian W. Conkle
CA State Bar No. 306374
Email: cconkle@raklaw.com
Joshua Scheufler
TX State Bar No. 24123406
Email: jscheufler@raklaw.com
Mackenzie Paladino
NY State Bar No: 6039366
Email: mpaladino@raklaw.com
Matthew Aichele
VA State Bar No. 77821
Email: maichele@raklaw.com

- 11 -

RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
Email: ptong@raklaw.com

**Attorneys for Plaintiff**
***Cobblestone Wireless, LLC***

- 13 -

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, counsel for Cobblestone conferred with counsel for Apple regarding the relief requested in this motion on July 9, 2026. Apple stated it opposes the motion.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system on July 9, 2026.

*/s/ Reza Mirzaie*