**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **COBBLESTONE WIRELESS, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **MO:24-CV-00232-DC** |
| **v.** | § | |
| | § | |
| **APPLE INC.,** | § | |
| *Defendant.* | § | |

**ORDER MEMORIALIZING FINAL PRETRIAL CONFERENCE
AND GOVERNING TRIAL PROCEDURES**

On Friday, July 10, 2026, at 8:00 a.m., the Court conducted a final pretrial conference in the above-captioned cause. This Order memorializes the matters discussed at that hearing and also adopts part of the parties' Joint Pretrial Order (Doc. 141).

Trial is currently set for **August 3, 2026,** at **8:30 a.m.** The parties must all be present and ready in court by 8:00 a.m. that morning and each morning after for trial. Trial will begin promptly at 8:30 a.m. each day. Jury selection is set for **July 31, 2026,** at **8:45 a.m.** before **United States Magistrate Judge Griffin**. The parties must all be present and ready by 8:00 a.m. that day for a pretrial conference. Magistrate Judge Griffin has issued a separate order confirming the time of selection. Eight jurors, with no alternates, will sit.

The parties are allotted **ten hours** (including direct and cross) per side for presentation of evidence. Time may be added or deducted from that allotment as the Court deems appropriate. The parties are each allotted **thirty minutes** for opening statements and closing arguments, with the exception that, for closing, the parties may use **45 minutes** if they have time remaining from their ten hours. Again, the Court reserves the right to expand or contract that time as it deems appropriate.

By **close of business July 24, 2026**, the parties must submit additional agreements concerning trial matters, including stipulated facts, concessions/agreements regarding jury instructions, etc.

The Court has taken under advisement the pending motions, including the motions in limine. Orders on those will issue soon.

The following procedures, which are mutually agreed upon by the parties, although slightly modified by the Court, will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

### A.  Motions

All motions for judgment as a matter of law under Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing. The parties may wish to present their motions orally and then follow up with briefing. Unless the Court sets alternative deadlines, all oppositions to motions filed under Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties may seek reasonable extensions of these deadlines, subject to the Court's approval.

### B.  Juror Notebooks

The parties, at Cobblestone's expense, shall provide juror notebooks in advance of trial for distribution to each juror, which will include the following: 1) copies of the Asserted Patent with its respective exhibit stamp/numbering, 2) the Court's claim constructions, 3) a blank notepad, 4) photographs of each witness, and 5) a pen.

### C. Exhibits

The Exhibit Lists set forth the parties' exhibits for their respective cases-in-chief. The Exhibit Lists need not include materials used solely for impeachment. The parties may use impeachment materials not included on their Exhibit Lists, subject to any applicable evidentiary objection.

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. A party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number and may do so at any time after using it with a witness during direct or cross-examination.

Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.[1] Once admitted, counsel may publish exhibits to the jury without requesting to do so. The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto to the same effect as though it were on its own exhibit list, subject to all evidentiary objections. However, another party's exhibit is not admissible merely by virtue of being on an exhibit list or over an objection; a party seeking to introduce another party's exhibit must still have a witness sponsor the exhibit into evidence as described above subject to any objections.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence of the listed document or any other listed document.

---

[1] With the exception of exhibits without a pending objection, which may be shown to the jury during opening statements. This is discussed below.

The parties agree that any exhibit listed on any party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury during opening statements.

No party will remove a document from its exhibit list without agreement from the other party unless it provides the other party the opportunity to add the document to its exhibit list.

### D. Trial Exhibit Disclosures

No later than **7:00 p.m.** one (1) calendar day before their introduction (*e.g.*, Monday evening for a witness to be called on Tuesday), counsel shall (1) provide opposing counsel with an identification of trial exhibits to be used on direct examination of each witness (both live and by deposition) and (2) make any non-documentary trial exhibits to be used with the witness available for physical inspection. Any objections to the identified exhibits shall be provided no later than **8:30 p.m.** one (1) calendar day before the exhibits are to be introduced and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits at **9:00 p.m. (or at 9:30 p.m., upon request of either party)** the day the objections are provided. The parties will continue in good faith to meet and confer regarding exhibits and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes before the introduction of the exhibit. Once an exhibit is used before the jury, it does not have to be disclosed for use with other witnesses on direct examination.

The parties stipulate to the authenticity of each document that on its face appears to be generated by a party (plaintiff or defendant). The parties may, however, add additional

deposition designations to establish the foundation and authenticity of an exhibit if the admissibility of a particular document is challenged. Despite this stipulation, each party preserves its right to object to the document on any ground other than authenticity. The final exhibit lists are those attached to this Joint Pretrial Order. Those final exhibit lists shall not be supplemented without approval of all parties or leave of the Court upon a showing of good cause.

### E. Witnesses

The parties agree to disclose the witnesses in the order that they will be called. No later than **7:00 p.m.** two (2) calendar days before their anticipated introduction, counsel shall provide to opposing counsel the names and order of witnesses to be called (both live and by deposition).

For example, if a witness is expected to testify on a Monday, the witness must be identified by 7:00 p.m. on the previous Saturday. Any objections to the identified witnesses shall be provided no later than **8:30 p.m.** the day before the witness is offered to testify and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the witnesses at **9:00 p.m. (or at 9:30 p.m., upon request of either party)** the day the objections are provided.

The parties will continue in good faith to meet and confer regarding witnesses and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes before the introduction of the witness.

5

Fact witnesses are not to be allowed into the courtroom before they testify on the stand or after. The only exception is (1) the parties' client representative, who will be allowed in the courtroom even if testifying in the case, and (2) closing arguments.

## F.  Deposition Testimony

For any witnesses whose testimony the parties intend to present by deposition, the parties shall identify a list of deposition designations to be played or read to the jury by **7:00 p.m.** two (2) calendar days before the designations are to be played or read to the jury. Any objections and counter-designations shall be provided no later than **3:00 p.m.** the day before the designations are to be played or read to the jury. Any objections to counter-designations shall be provided no later than **7:00 p.m.** the day the counter-designations are provided. The parties shall meet and confer at **9:00 p.m. (or at 9:30 p.m., upon request of either party)** the day before the deposition testimony is to be shown to the jury in an attempt to resolve any objections to the deposition. The parties shall continue in good faith to meet and confer regarding the proposed deposition testimony and if objections remain unresolved, the parties shall cooperate in seeking to have the Court resolve any disputes before presenting the proposed testimony.

The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, remove any attorney objections, and provide the other party with a final version of the deposition testimony excerpts, as well as a 'clip report' identifying both sides' designations and estimating the time required to play them, by 8:30 p.m. the day before the testimony is to be played. If a party designates deposition testimony, and the other party counter-designates,

both sides' designations will be read or played together in the chronological order in which the designations occurred during the deposition.

Counter designations will be counted against the counter-designator's trial time. The time allotted by the Court for each side's presentation shall be reduced by the length of its respective designations and counter designations.

If the party intends to read the deposition testimony into the record instead of playing the video, the party shall state that in writing by **7:00 p.m.** the day before the testimony is to be introduced.

Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose.

When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.

All designated deposition testimony may be played by video or may be read live in court, subject to the procedures set forth in this Pretrial Order. The parties agree that any counter designations identified pursuant to the process in this section above, to which the other party did not object or to which the Court overruled the objection, may be included in the reading or video playing of deposition designations at the election of the counter-designating party. To the extent that the trial is subject to specific time limitations, the time available for each party's trial presentation shall count against the length of its designated and counter-designated testimony read or played. The designations and counter designations

must be presented in the order they appear in the transcript. All colloquy between counsel and objections will be eliminated as much as practicable when deposition testimony is presented at trial.

The procedures concerning deposition testimony discussed above do not apply to any previously admitted witness deposition testimony the parties intend to present during the closing arguments.

### G. Demonstrative Exhibits

"Demonstratives" are exhibits specifically created for the purpose of the trial or physical objects that are shown to the jury but are not made part of the evidentiary record. Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists. Demonstratives exchanged per the procedure below will not be used by an opposing party before being used by the disclosing party.

The parties shall exchange copies of all documentary, graphic, slide, animation, and any other form of demonstratives, such as physical devices, that they plan to use at trial during direct examination, but not for cross-examinations, by **7:00 p.m.** one (1) calendar day before their anticipated use. In other words, if a demonstrative will be used on Monday, it must be exchanged or made available by 7:00 p.m. on Sunday.

Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits before use. Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and photos or electronic images of the physical demonstratives must be disclosed at the same time along with the other demonstratives.

Any objections to the demonstrative exhibits shall be provided by **8:30 p.m.** the day before their anticipated use. The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at **9:00 p.m. (or at 9:30 p.m., upon request of either party)** the day the objections are provided. The parties will continue in good faith to meet and confer regarding the proposed demonstratives and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes before presenting the proposed testimony.

### H. Disclosures for Opening Statements

With respect to opening statements, by no later than **2:00 p.m.** on the day before the opening statements, the parties shall exchange by email (a) lists of any exhibits that the party intends to use in its opening statement, and (b) electronic copies of any Demonstratives (including any documentary, graphic, slide, animation, mock-ups to be created during opening statements with detail regarding their substance, and any other form of demonstrative) that they intend to use in their respective opening statements. Any physical Demonstratives, including any poster boards, must be made available for inspection at the same time and physical demonstratives must also be made available for inspection at the same time along with the other demonstratives.

Any objections to the opening statement disclosures must be provided by **4:00 p.m.** the day the disclosures are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to these disclosures at **6:00 p.m.** If the parties cannot resolve the objections, the unresolved issues will be raised with the Court in the morning,

before opening statements are presented to the jury. Demonstratives exchanged for opening statements will not be used by an opposing party before being used by the disclosing party.

## I. Disclosures for Closing Arguments

The parties are required to exchange any demonstratives they intend to use during closing argument no later than thirty (30) minutes before the commencement of closing arguments. Advance disclosure will facilitate the efficient resolution of any objections outside the presence of the jury and reduce the likelihood of unnecessary interruptions during closing argument. The Court believes that requiring disclosure only thirty minutes before closing—rather than the night before—appropriately accommodates the practical reality that closing demonstratives often are finalized only after the close of the evidence and minimizes any undue disclosure of counsel's closing strategy. Any demonstrative used during closing argument must be fairly based on the evidence admitted at trial and reasonable inferences drawn therefrom.

## J. Handling of Source Code and Confidential Material

The parties agree to request that the courtroom be sealed when a party's confidential information, including source code or evidence of highly sensitive business documents, testimony, or information is expected to be presented.

Pursuant to the Protective Order in this case, source code is admissible evidence which the jury may rely upon in reaching its verdict. For purposes of trial, the printed hard copy source code will be treated as a physical exhibit. Only portions of source code that are presented to the jury will be scanned to make the presented portions available to the jury in the JERS system, for use during deliberations. The specific code files or source code pages discussed at trial will be admitted into evidence to become part of the record. For the

avoidance of any doubt, any presentation of the parties' source code in electronic or paper form in open court requires that the parties request sealing of the courtroom.

## K. Jury Instructions

A draft of the jury instructions will be distributed to the parties approximately two to three weeks before trial. The draft charge is just that—a draft. The parties are strongly encouraged to submit their edits as soon as the first draft is received, and those edits (and further ones) may be submitted on a rolling basis. The Court intends to have the jury instructions and verdict finalized before the charge conference. The parties shall state any remaining objections on the record at that time.

## L. Other

The parties stipulate as to the authenticity and business records status for materials and source code produced by Qualcomm that originate from Qualcomm's internal files.

The parties must be able to directly cite, by page and line, their expert reports when responding to objections. The parties should also prepare and provide for the Court binders including these reports, with highlights as necessary.

It is so **ORDERED**.

SIGNED this 15th day of July, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE