**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **COBBLESTONE WIRELESS, LLC,** *Plaintiff,* | § § § § § § § § § § | |
| **v.** | | **MO:24-CV-00232-DC** |
| **APPLE INC.,** *Defendant.* | | |

**ORDER VACATING TRIAL SETTING, SETTING DEADLINES,
AND REQUIRING APPLE TO SHOW CAUSE**

Before the Court is Defendant Apple Inc.'s Motion to Dismiss for Lack of Subject-Matter Jurisdiction. Trial is currently set for August 3, 2026.

Apple's Motion raises questions concerning Plaintiff Cobblestone Wireless, LLC's Article III standing. Resolution of those questions may depend, at least in part, on the content and application of Chinese law and on historical facts concerning ownership and the asserted chain of title. Given the potential dispositive effect of those questions and the present state of the record, the Court concludes that trial should not proceed before the jurisdictional issues are resolved.

Accordingly, it is **ORDERED** as follows:

1. <u>Trial Setting</u>

The jury trial presently set for August 3, 2026, together with all remaining settings and deadlines tied solely to that trial date, is **VACATED**.

The Court will not set a new trial date unless and until it resolves Apple's Motion to Dismiss and determines that this action should proceed. The Court will reset the case, if necessary, by separate order.

2.   Cobblestone's Rule 44.1 Submission

Apple has raised issues concerning the content and application of Chinese law and has filed a notice under Federal Rule of Civil Procedure 44.1 (Doc. 156). Should Cobblestone wish to file its own responsive Rule 44.1 notice or other submission concerning Chinese law, it must file a notice identifying the expert or experts it has retained or intends to retain on or before August 7, 2026. On or before August 21, 2026, Cobblestone shall file its Rule 44.1 submission and accompanying expert declaration.

Any response from Apple to that submission must come within 14 days. Replies may not be filed absent leave of court.

3.   Order to Show Cause Regarding Possible Sanctions

The timing and manner in which Apple disclosed and presented its Chinese law and patent ownership theories have required the Court to vacate a trial setting approximately one week before trial. The Court is therefore considering whether sanctions or other remedial measures should be imposed against Apple, its counsel, or both under Federal Rules of Civil Procedure 16(f) and 37(c)(1), the Court's inherent authority, or any other applicable authority.

Apple and its counsel are therefore **ORDERED** to **SHOW CAUSE**, on or before August 10, 2026, why sanctions should not be imposed.

Apple must specifically address:

(a)   when Apple and its counsel first became aware, or through reasonable diligence should have become aware, of any Chinese law, service invention,

2

export control, ownership, or chain-of-title theory now advanced as bearing on Cobblestone's Article III standing;

(b)   the facts and documents available to Apple when it first became aware of these theories and how Apple came to be in possession of that information and/or documents;

(c)   why Apple did not provide an earlier Rule 44.1 notice or otherwise raise these issues sufficiently early to permit discovery and adjudication without disrupting the August 3, 2026 trial setting;

(d)   whether its standing affirmative defense contemplated these issues and, if not, why;

(e)   whether any failure to disclose or supplement was substantially justified or harmless;

(f)   whether responsibility for any delay rests with Apple, its counsel, or both; and

(g)   the nature of the sanction or other remedy, if any, that would be appropriate.

Apple's response must include a chronological account of the relevant events and must be supported by declarations or other evidence sufficient to substantiate its factual representations. The response may not exceed twenty pages, excluding attachments.

Cobblestone may file a response, not exceeding fifteen pages, on or before August 17, 2026. Cobblestone may identify the categories of prejudice, fees, expenses, or other harm allegedly caused by the timing of Apple's disclosures, though the Court does not presently require a detailed fee application.

Apple may file a reply, not exceeding seven pages, on or before August 20, 2026. No further briefing will be permitted absent leave of Court.

It is so **ORDERED**.

SIGNED this 27th day of July, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

4