# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND-ODESSA DIVISION

COBBLESTONE WIRELESS, LLC,

     *Plaintiff,*

     v.

APPLE INC.,

     *Defendant.*

Case No. 7:24-cv-00232-DC

**JURY TRIAL DEMANDED**

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE DEFENDANT APPLE INC.'S UNTIMELY
NOTICE OF FOREIGN LAW**

**TABLE OF CONTENTS**

I.    Apple's Untimely Opposition Was Late And May Be Ignored................................................ 1

II.   Apple Conflates Standing Argument Waiver With Evidence Waiver .................................. 1

III.  Apple Has No Excuse For Delay ......................................................................................... 2

IV.   Rule 44.1 Does Not Let Apple Ignore Court Orders and Other Federal Rules ...................... 4

V.    The Declarations Remain Futile and Frivolous .................................................................... 5

VI.   Conclusion ........................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*De Fernandez v. Seaboard Marine, Ltd.*,
    No. 20-CV-25176, 2022 WL 2869730 (S.D. Fla. July 21, 2022 ................................................ 4

*Frietsch v. Refco, Inc.*,
    56 F.3d 825 (7th Cir. 1995) ......................................................................................................... 2

*Geiserman v. MacDonald*,
    893 F.2d 787 (5th Cir. 1990) ...................................................................................................... 2

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................................................... 2

*Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*,
    575 F.3d 491 (5th Cir. 2009) ...................................................................................................... 3

*Thyssen Steel Co. v. M/V Kavo Yerakas*,
    911 F. Supp. 263 (S.D. Tex. 1996) ......................................................................................... 3, 4

**Statutes**

35 U.S.C. § 184 ................................................................................................................................ 5

**Other Authorities**

MPEP §§ 140, 1832 ......................................................................................................................... 5

**Rules**

37 C.F.R. §§ 5.11, 5.12(a) ............................................................................................................... 5

Fed. R. Civ. P. 16(b) ....................................................................................................................... 4

Fed. R. Civ. P. 16(f) ........................................................................................................................ 4

Fed. R. Civ. P. 26 ............................................................................................................................ 4

Fed. R. Civ. P. 26(b) ....................................................................................................................... 4

Fed. R. Civ. P. 26(e)–(f) ................................................................................................................. 4

Fed. R. Civ. P. 33 ............................................................................................................................ 4

Fed. R. Civ. P. 37(c) ....................................................................................................................... 4

Fed. R. Civ. P. 37(c)(1) ................................................................................................................... 2

Fed. R. Civ. P. 44.1 ................................................................................................................. 1, 2, 3, 4

Apple pursued foreign-law theories about Mr. Yin by December 30, 2025, well before the March 6, 2026 close of discovery. Dkt. 63; Opp. Ex. 3. Yet Apple never supplemented its interrogatory response regarding standing (Dkt. 83 Ex. J at 13–16) and filed no Rule 44.1 notice or foreign-law expert report by the March 27, 2026 expert deadline. Apple admits it waited until its opposition to Cobblestone's summary-judgment motion to disclose its standing theory—after Cobblestone could no longer serve rebuttal evidence, depose Apple's declarants, or serve rebuttal expert reports. Opp. at 10. Because Apple withheld discovery and ignored this Court's deadlines, its July 8, 2026 notice, filed two days before the pretrial conference, should be struck. After losing its standing argument on summary judgment (Dkt. 166), Apple sandbagged the Court with a Rule 12 motion re-arguing the same losing theory to delay trial. Dkt. 175. Further sanctions should be imposed, to be briefed separately per the Court's Order to Show Cause. Dkt. 176.

Apple's Opposition otherwise misses the mark by conflating waiver of standing with Apple's obligation to comply with this Court's deadlines for evidence and reports, and it never rebuts the futility arguments made at the pretrial conference. Apple's Opposition is also untimely, so it may be disregarded and the motion granted as unopposed.

## I.    Apple's Untimely Opposition Was Late And May Be Ignored

The Motion to Strike seeks to enforce the Court's deadlines for discovery and expert reports and to exclude untimely material under Rules 37(c)(1) and 44.1. Dkt. 158. Apple's seven-day deadline to respond to these discovery and case-management issues ended July 16, 2026. Because Apple missed it, "the court may grant the motion as unopposed" and/or strike Opposition pages 11–17. L.R. CV-7(d)(2).

## II.    Apple Conflates Standing Argument Waiver With Evidence Waiver

Apple focuses argument on how it "cannot waive Cobblestone's failure to establish standing," Opp. at 5–7, but Cobblestone is not arguing waiver of the standing argument. Apple

1

raised standing. Only Cobblestone provided timely discovery, including the assignment chain from the inventor as *prima facie* proof of standing to meet Cobblestone's initial burden of proof. Dkt. 83 at 2–5. Apple had no evidence otherwise, so the Court granted in part Cobblestone's summary-judgment motion on standing, holding that "the Court does not find that Apple has raised a material issue of fact as to Article III" and that Apple's non-jurisdictional standing arguments are forfeited or waived. Dkt. 166. Standing was fully decided, not waived as an argument.

Only a case-management question remains: whether Apple's late Rule 44.1 notice, late declarations, and 1,000-plus pages of late exhibits may stay in the record. They should not. Apple's cases (Opp. at 5–7) address only the ability to raise a standing argument, not keeping late evidence. Apple's cases about stipulated-facts are irrelevant because Cobblestone relied on its proven and recorded chain of title for standing, not stipulations.

None of Apple's cases permits a party to disregard discovery obligations and court deadlines for standing evidence. Apple's highest authority supports Cobblestone: by summary judgment, a plaintiff "must set forth by affidavit or other evidence specific facts" supporting standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (cleaned up). Summary judgment deadlines bind both parties, so Apple needed to present its standing evidence by then. *See id.* Otherwise, courts may strike late submissions. *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("The judge was not obliged to consider this belatedly submitted affidavit" about German law); *Geiserman v. MacDonald*, 893 F.2d 787, 790–92 (5th Cir. 1990); Fed. R. Civ. P. 37(c)(1).

## III.    Apple Has No Excuse For Delay

Apple's Opposition reveals that Apple bears sole responsibility for its delay, and that Apple withheld discovery. Cobblestone disclosed its chain of title in January 2025 and has relied on it since. Dkt. 71, Exs. A–F. Cobblestone made its *prima facie* proof of standing and had nothing more to disclose. Apple identifies no evidence in Cobblestone's possession that was not timely

produced. No standing-related fact has changed since then.[1] Cobblestone could not have further produced materials related to a Chinese-law theory that Apple had not yet revealed.

Apple was developing its foreign-law theory about Mr. Yin by December 30, 2025 and withheld it. Opp. Ex. 3. Apple never supplemented its interrogatory response during discovery. Dkt. 83 Ex. J at 13–16. Apple waited until July 8, 2026 to file its Rule 44.1 notice, after fact discovery, expert reports, and dispositive motions, to prejudice Cobblestone and to delay trial. Apple's first mention of foreign law in its May 21, 2026 summary judgment opposition gave Cobblestone no ability to respond to a still-unfiled notice. Apple must have withheld notice from December 2025 through July 8, 2026 just to unfairly prejudice Cobblestone and to delay trial.

Apple's cases are distinguishable. In *Northrop Grumman*, "Northrop had at least five months to respond or to note any discrepancies in the Republic's recitation of Venezuelan law," so there was no unfair surprise. *Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*, 575 F.3d 491, 497 (5th Cir. 2009). Cobblestone, in contrast, could not respond. Apple filed its notice after the deadlines for discovery and expert reports. In *Thyssen Steel*, the applicability of foreign law was reopened on remand after an appellate decision, and both parties agreed there was no unfair surprise, as discovery was reopened. *Thyssen Steel Co. v. M/V Kavo Yerakas*, 911 F. Supp. 263, 265–67 (S.D. Tex. 1996) (defendant "does not allege unfair surprise"); *see also id.* at 267 n.5 (plaintiff argued "applicability of Belgium law did not come into focus until after the court of appeals ruled"). In contrast, Apple knew and waited until after discovery and expert reports. *Thyssen* ultimately ruled that the party "waived the right to raise this issue on the eve of trial" and granted summary judgment against that party. *Id.* at 267; *see also* 268–69.

---

[1] Cobblestone's Motion to Strike at 2 has a typographical omission evident from the grammar: "Apple identifies no new standing-related factual development."

Even if Apple's notice was once "important," the Court has since granted in part Cobblestone's summary judgment motion on standing. Dkt. 166. Late evidence that can no longer affect a decided question is no longer important. Apple's Rule 12 motion repeats arguments that Apple already lost on summary judgment.

## IV.     Rule 44.1 Does Not Let Apple Ignore Court Orders and Other Federal Rules

Rule 44.1 does not give Apple a free pass to ignore the Court's deadlines for fact discovery and expert reports because certain issues involve foreign law. Both parties agree that Rule 44.1 notice must be "reasonable." The Court's scheduling order and the obligations of Rules 16(b), 16(f), 26, 33, and 37(c) inform what is "reasonable," even if they are not hard limits. Although Rule 26 is not a *hard limit* on Rule 44.1 submissions, consideration of Rule 26 and other deadlines still allowed. *De Fernandez v. Seaboard Marine, Ltd.*, No. 20-CV-25176, 2022 WL 2869730, at *9 (S.D. Fla. July 21, 2022); *Thyssen*, 911 F.Supp. at 267 ("At [summary judgment], the plaintiffs should have given notice of its intent to rely upon Belgium law"). *De Fernandez* also does not allow Apple to ignore the Court's scheduling order, ignore Rule 16(b), or to withhold facts and non-expert discovery under Rules 26(b), 26(e)–(f), 33, and 37(c).

Apple's declarations also exceed Rule 44.1's scope. The Rule exists to give reasonable notice of an issue of foreign law and to aid the Court in "determining foreign law." It is not intended to allow a party to present new facts, new evidence, or delay trials. Yet the Yang declaration sponsors factual allegations about Professor Yin's employment that were never disclosed in discovery. Dkt. 156-1 at 3–4; Dkt. 156-7. The Cohen declaration does the same. Dkt. 156-26 at 9. These are not determinations of what the law is in China.

Apple's concession that its declarants "are not on Apple's witness list and will not testify at trial" should weigh against Apple. Opp. at 13. Cobblestone will suffer additional prejudice by being unable to cross-examine them, so this further weighs against finding "reasonable" notice.

4

## V.    The Declarations Remain Futile and Frivolous

Apple has no evidence the invention was "accomplished in the course of performing the duties of an employee, or mainly by using the material and technical conditions of an employer." Mot. at 8 (emphasis added). Apple cites Yang Decl. § 3.1 and Cohen Decl. ¶ 25, but neither identifies the inventor's employer-assigned duties at the time of invention, only his employment in a broad field. Opp. at 14. Neither declarant opines that employment alone suffices. Apple has not identified a relevant and contemporaneous research paper.

Apple's export-control theory is frivolous. Apple concedes that Ms. Yang ignores Article 20 of Chinese Patent Law, so she should be excluded under *Daubert* or discredited for ignoring relevant laws. Opp. at 16; Dkt. 156-4 at 5. U.S. patent applications are implicit petitions for foreign filing licenses, the USPTO screens applications for national-security and export concerns, and a license issues with a filing receipt or automatically after six months. 35 U.S.C. § 184; 37 C.F.R. §§ 5.11, 5.12(a), 5.15; MPEP §§ 140, 1832. Under a parallel framework in China (Rules 8–9 in Dkt. 156-6 at 2–3, Article 20 in Dkt. 156-4 at 5), Cobblestone's patent received a foreign filing from the Chinese patent office. Mot. at 10. Ms. Yang's opinion is also frivolous because Chinese export laws do **not** ban **all** "wireless communications technology." Dkt. 56-1 at 6–8. Otherwise, the Court should immediately issue an injunction on all iPhones made in China. Instead, only subcategories ("key control points") of wireless communication technology "need to be controlled." Dkt. 156-17 at 3, 62–63. Apple has no evidence that these subcategories apply (and Ms. Yang isn't qualified to offer such technical opinions).

## VI.    Conclusion

The Court should strike Dkt. 156 in its entirety and impose any additional sanctions the Court deems proper. Otherwise, future litigants will withhold standing and foreign law discovery, opinions, and motions until the eve of trial, in order to delay trials.

Dated: July 30, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
Reza Mirzaie
Benjamin T. Wang
Brian Ledahl
Dale Chang
Neil A. Rubin
Jacob Buczko
James N. Pickens
Minna Jay
Jonathan Ma
Christian W. Conkle
Joshua Scheufler
Mackenzie Paladino
Matthew Aichele
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206

**Attorneys for Plaintiff**
***Cobblestone Wireless, LLC***

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document

was served on all counsel of record via the Court's CM/ECF system on July 30, 2026.

*/s/ Reza Mirzaie*