# Exhibit 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **COBBLESTONE WIRELESS, LLC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**APPLE INC.,**<br><br>**Defendant.** | **Civil Action No. 7:24-cv-00232-ADA**<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF COBBLESTONE WIRELESS, LLC'S INITIAL DISCLOSURES

Pursuant to the Scheduling Order and Fed. R. Civ. P. 26(a)(1), Plaintiff Cobblestone Wireless LLC ("Plaintiff") provides the following Initial Disclosures to Defendant Apple Inc. ("Defendant").

The following disclosures are made based on Plaintiff's current knowledge, information, and belief based on a reasonable and good faith inquiry. Plaintiff hereby reserves the right to subsequently supplement or amend these disclosures at any time based upon its continuing investigation and discovery.

Further, by making these disclosures, Plaintiff does not (1) represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit; (2) concede the relevance or admissibility of any of the information provided; or (3) waive its right to object to the production of any document or tangible thing disclosed herein on the bases of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection, or to seek protection under the operative protective order for any information to be provided in discovery in this case.

**1. Identification of Individuals Likely to Have Discoverable Information**

Based on the information currently available, each individual identified below is believed likely to have knowledge of relevant facts. Some of the individuals listed below may have information that consists of expert analysis or expert opinion. Identifying such persons below at this time shall not constitute a waiver of the right to call on and/or rely on such individuals as experts nor does their disclosure below constitute an agreement to commence expert discovery at this time. Cobblestone further reserves the right to identify or call additional or different individuals as witnesses if, during the course of discovery and investigation relating to this case, Cobblestone learns that such additional or different individuals have relevant knowledge.

| Name and Contact Information | Summary of Information |
| --- | --- |

| | |
|---|---|
| Jay Chung* | Knowledge of Cobblestone, including Cobblestone's claims and Defendants' defenses and any counterclaims; ownership of the Patent-in-Suit; licensing and other transactions involving the Patent-in-Suit; Cobblestone's financial information that will likely be relevant to damages issues. |
| Xuefeng Yin, Shenghai, China | Inventor of the '347 Patent; knowledge including about conception and reduction to practice of the inventions claimed in the '347 Patent. |
| Alireza Tarighat-Mehrabani, Marina Del Rey, CA | Co-inventor of the '802 Patent; knowledge including about conception and reduction to practice of the inventions claimed in the '802 Patent. |
| Rahim Bagheri *, Los Angeles, CA | Co-inventor of the '802 Patent; knowledge including about conception and reduction to practice of the inventions claimed in the '802 Patent. |
| Alireza Mehrnia, Los Angeles, CA | Co-inventor of the '802 Patent; knowledge including about conception and reduction to practice of the inventions claimed in the '802 Patent. |
| Mahmoud Darvishzadeh*, Los Altos Hills, CA | Co-inventor of the '802 Patent; knowledge including about conception and reduction to practice of the inventions claimed in the '802 Patent. |
| Defendant's employees, including those with knowledge about the value of technologies of the Asserted Patent and the role that they play in driving demand for Defendants' products. | The value of the technologies of the Asserted Patent and the role that it plays in driving demand for Defendants' products. |
| Defendant's employees, including those with knowledge about the history, design, and development of Defendants' products and the significance of the technologies of the Asserted Patent in Defendants' products. | The history, design, and development of Defendant's products, including the significance of the technologies of the Asserted Patent in Defendants' products. |
| Defendant's employees, with knowledge about the factors that affect demand for Defendants' products, such as the technologies of the Asserted Patent, and the role that those factors play in the sale and marketing of Defendants' products. | Factors that affect demand for Defendant's products and the role that those factors play in the sale and marketing of Defendants' products; the competitive market for the technologies of the Asserted Patent. |

| | |
|---|---|
| Defendant's employees knowledgeable about Defendant's marketing for Defendants' technologies relating to the Asserted Patent, including information on advertising strategy and expenditures, sales figures, other publicity for these products, internal market research, and the marketing, advertising, and retail channels for both Defendant's and competitors' products. | Defendant's marketing for Defendant's technologies relating to the Asserted Patent, including information on advertising strategy and expenditures, sales figures, other publicity for these products, internal market research, and the marketing, advertising, and retail channels for both Defendants' and competitors' products. |
| Defendant's employees knowledgeable about the United States manufacture and sales of Defendant's products. | The United States manufacture and sales of Defendants' products. |
| Defendant's third party supplier(s), and employees of such suppliers, including those with knowledge about the history, design, and development of Defendant's products and the significance of the technologies of the Asserted Patent in Defendants' products. For avoidance of doubt, this includes. | The history, design, and development of Defendants' products, including the significance of the technologies of the Asserted Patent in Defendant's products |

Additionally, Cobblestone incorporates by reference all individuals who may be identified during discovery in this matter, including in Defendants' Initial and Additional Disclosures, the parties' responses to interrogatories, and documents produced by the parties and third parties.

No current Cobblestone employee or consultant may be contacted without the prior consent of Cobblestone's counsel. People and entities listed above with asterisks (*) by their names are represented by Cobblestone's counsel for the purpose of this action, and can be contacted only through Cobblestone's counsel.

**2. Description of Documents**

Plaintiff has produced or will produce documents, electronically stored information, and tangible things in its possession, custody, or control that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Scheduling Order.

Plaintiff's investigation is ongoing, and it reserves the right to identify additional documents and to object to the production of any documents described herein on any basis permitted under the

Federal Rules of Civil Procedure and any other applicable law or privilege. Plaintiff further reserves the right to seek protection under a suitable protective order, agreed to by the parties or issued by the Court under Rule 26(c), for any information to be provided by it in discovery in this case.

**3. Computation of Damages**

Plaintiff seeks damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, as well as any enhancement ordered by the Court, together with attorneys' fees, costs, and interest as fixed by the Court. Plaintiff will provide further computation of damages in connection with appropriate expert witness disclosures.

**4. Insurance Agreements**

Plaintiff is currently unaware of indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: May 30, 2025

Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Jacob R. Buczko
CA State Bar No. 269408
Peter Tong
TX State Bar No. 24119042
Matthew D. Aichele
VA State Bar No. 77821
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email: jbuczko@raklaw.com
Email: ptong@raklaw.com
Email: maichele@raklaw.com

*Attorneys for Plaintiff Cobblestone Wireless LLC*

**CERTIFICATE OF SERVICE**

I certify that on July 15, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie