# Exhibit 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 7:24-cv-00232-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT APPLE INC.'S INITIAL DISCLOSURES**

Pursuant to the Court's Scheduling Order and Rule 26(a), Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple") provides the following Initial Disclosures ("Disclosures"). These Disclosures are based on information reasonably available to Apple at this time and at this stage of the proceedings. Apple's investigation into Plaintiff Cobblestone Wireless, LLC's ("Cobblestone") allegations is ongoing, and Apple expressly reserves the right to amend, modify, supplement, or update these Disclosures, pursuant to Rule 26(e). By making these Disclosures, Apple does not represent that it is identifying every document, item of electronically stored information, tangible thing, or witness that might be relevant to the claims and defenses asserted in this action. Rather, Apple's Disclosures represent a good-faith effort to identify information that Apple reasonably believes to be relevant to its defenses.

Further, Apple does not, by providing these Disclosures, waive any objection it may have, now or the in the future, to any discovery in this action. Apple expressly reserves any and all objections, including: (a) to the production, relevance, or admissibility of any document or tangible thing disclosed on the basis of privilege, work-product immunity, relevance, competence,

materiality, hearsay, undue burden, proportionality to the needs of the case, or any other proper ground of objection; (b) to the use of any such information, for any purpose, in whole or in part, in this action or any other action; or (c) on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to these Disclosures or their subject matter in this action or any other action.

Apple expressly reserves the right to identify or call as witnesses other individuals in addition to those identified herein, and to identify additional documents, electronically stored information, and/or tangible things, if it discovers that such individuals have or might have knowledge of matters relevant to this action or that such additional documents, electronically stored information, and/or tangible things are relevant to this action. Apple also expressly reserves the right to identify or call expert witnesses in accordance with Rule 26(a)(2), Federal Rules of Civil Procedure, and the Court's Docket Control Order.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT APPLE MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES

Based on information currently available to Apple after reasonable investigation, Apple is currently aware of the following persons likely to have discoverable information that Apple may use to support its claims or defenses in this action. Apple anticipates that other individuals may also have discoverable information and specifically reserves the right to identify additional individuals as discovery proceeds. Apple does not waive its right to object, pursuant to the applicable Local and Federal Rules, to discovery of information from any of the individuals listed below, including without limitation by deposition or otherwise, based on the attorney-client privilege, work product immunity, or both. By indicating the general subject matter of information an individual may possess, Apple does not limit its right to call that individual to testify concerning other subjects or agree that all topics within a subject matter would be relevant. Apple's

identification of an individual in these Disclosures is not a representation by Apple regarding whether such individual will appear at trial. Apple does not consent to or authorize Cobblestone or its attorneys to communicate with anyone who is identified as an Apple employee or former employee, or with individuals with privileged information; such individuals should be contacted through Apple's undersigned attorneys.

| Name and Contact Information (if known) | Connection to Case | Area(s) of Knowledge |
|---|---|---|
| Alireza Tarighat-Mehrabani<br><br>On information and belief, located in Marina Del Ray, CA. | Named inventor of '802 Patent. | Information related to the '802 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of the '802 patent and related patents and applications. |
| Rahim Bagheri<br><br>On information and belief, located in Los Angeles, CA. | Named inventor of '802 Patent. | Information related to the '802 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of the '802 patent and related patents and applications. |
| Alireza Mehrnia<br><br>On information and belief, located in Los Angeles, CA. | Named inventor of '802 Patent. | Information related to the '802 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of the '802 patent and related patents and applications. |
| Mahmoud Darvishzadeh<br><br>On information and belief, located in Los Altos Hills, CA. | Named inventor of '802 Patent. | Information related to the '802 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of the '802 patent and related patents and applications. |

| | | |
|---|---|---|
| Xuefeng Yin<br><br>On information and belief, located in Shanghai, China. | Named inventor of ’347 Patent. | Information related to the ’347 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, and scope of the inventions claimed in and prosecution of the ’347 patent and related patents and applications. |
| WiLinx Corporation<br><br>On information and belief, located at:<br>6185 Paseo Del Norte, Ste 200-A, Carlsbad, CA 92011 | Previous assignee of the ’802 Patent. | Information related to the ’802 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of the ’802 Patent and related patents and applications; valuation of the ’802 Patent; Cobblestone’s acquisition of and rights in the ’802 Patent. |
| Navend Tech Co.<br><br>On information and belief, located at:<br>6540 Lusk Blvd, Ste C259<br>San Diego, CA 92121 | Previous assignee of the ’802 Patent. | Information related to the ’802 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of the ’802 Patent and related patents and applications; valuation of the ’802 Patent; Cobblestone’s acquisition of and rights in the ’802 Patent. |

| | | |
|---|---|---|
| Empire Technology Development LLC<br><br>On information and belief, located at:<br>16625 Redmond Way, Suite M, PMB 219<br>Redmond, WA 98052 | Previous assignee of the ’347 Patent. | Information related to the ’347 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of the ’347 Patent and related patents and applications; valuation of the ’347 Patent; Cobblestone’s acquisition of and rights in the ’347 Patent. |
| Crestline Direct Finance, L.P.<br><br>On information and belief, located at:<br>201 Main Street, Suite 1900<br>Fort Worth, TX 76102 | Previous security interest holder in the ’347 Patent. | Information related to the ’347 Patent, including without limitation the subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of the ’347 Patent and related patents and applications; valuation of the ’347 Patent; Cobblestone’s acquisition of and rights in the ’347 Patent. |
| Fountainhead Law Group P.C.<br><br>On information and belief, located at:<br>900 Lafayette St, Suite 509<br>Santa Clara CA 95050 | Prosecution counsel for the ’802 patent. | Information related to the ’802 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of that patent and related patents and applications; Cobblestone’s acquisition of and rights in the ’802 Patent. |

| | | |
|---|---|---|
| Maschoff Brennan LLP<br><br>On information and belief, located at:<br>1389 Center Drive, Ste. 300<br>Park City, UT 84098 | Prosecution counsel for the ’347 patent. | Information related to the ’347 Patent, including without limitation the alleged conception, reduction to practice, development, prior art and state of the art, subject matter, scope, sale, offer to sell, use, ownership, licensing, and/or commercialization of the inventions claimed in and prosecution of that patent and related patents and applications; Cobblestone’s acquisition of and rights in the ’347 Patent. |
| Granite IP, LLC<br><br>To be contacted through Russ August & Kabat | 100% owner of Cobblestone | Information related to Cobblestone’s business activities, including without limitation Cobblestone’s communications, relationships with other parties, beneficial owner(s), controlling entit(y/ies), business plans, strategies, structure, history, finances, litigation, and licensing practices. |
| Bedrock IP, LLC<br><br>To be contacted through Russ August & Kabat | 100% owner of Granite IP, LLC | Information related to Cobblestone’s business activities, including without limitation Cobblestone’s communications, relationships with other parties, beneficial owner(s), controlling entit(y/ies), business plans, strategies, structure, history, finances, litigation, and licensing practices. |
| Jay Chung<br><br>To be contacted through Russ August & Kabat | Principal of Cobblestone Wireless | Information related to Cobblestone’s business activities, including without limitation Cobblestone’s communications, relationships with other parties, beneficial owner(s), controlling entit(y/ies), business plans, strategies, structure, history, finances, litigation, and licensing practices. |
| Qualcomm Incorporated<br><br>On information and belief, located at:<br>575 Morehouse Drive<br>San Diego, CA 92121 | Supplier of components to Apple for certain Accused Products. | The design, operation, and development of components, including chipsets, related to 5G functionality incorporated in the products accused of infringing the Asserted Patents; prior art and state of the art for the Asserted Patents. |

| | | |
|---|---|---|
| Catherine Spevak<br><br>One Apple Park Way<br>Cupertino, CA 95014<br><br>To be contacted through<br>Ropes & Gray LLP | Employee of Apple Inc. | Sales and financial information concerning the Accused Products. |
| Matthew Clements<br><br>One Apple Park Way<br>Cupertino, CA 95014<br><br>To be contacted through<br>Ropes & Gray LLP | Employee of Apple Inc. | Apple's licensing practices, including past licensing activities, and licenses. |
| James Yang<br><br>One Apple Park Way<br>Cupertino, CA 95014<br><br>To be contacted through<br>Ropes & Gray LLP | Employee of Apple Inc. | Integration of 5G chipsets in Apple's Accused Products supporting 5G functionality. |
| Prashant Vashi<br><br>One Apple Park Way<br>Cupertino, CA 95014<br><br>To be contacted through<br>Ropes & Gray LLP | Employee of Apple Inc. | Integration of 5G chipsets in Apple's Accused Products supporting 5G functionality. |

Other individuals, including individuals not specifically known to Apple, who may possess relevant and discoverable information, include: (i) individuals identified in the documents that the parties produce in discovery; (ii) individuals identified by Cobblestone in this matter, or by Cobblestone or other parties in other legal matters involving Cobblestone; (iii) inventors of prior art methods, systems, devices, or applications (including individuals listed on prior art patents or patent publications) and authors of prior part publications that render the claimed invention anticipated or obvious under 35 U.S.C. §§ 102 and/or 103; (iv) other individuals with knowledge of prior invention, public use, sale, or offer for sale of the claimed invention; (v) other individuals

with knowledge related to the infringement and/or validity of the Asserted Patents and/or the operation of the accused instrumentalities in this matter; (vi) individuals with knowledge of any Cobblestone or licensed products; (vii) individuals with knowledge of license(s) of the Asserted Patents; and (viii) experts in the field(s) pertaining to the Asserted Patents and/or the Accused Products. All of the foregoing are incorporated by reference. Apple incorporates by reference the individuals listed in Cobblestone's disclosures in this action.

To the extent Cobblestone or any other party wishes to contact any of Apple's or an affiliate's current or former employees, such contact must be through the undersigned counsel for Apple. Apple reserves its right to supplement or amend this list based on its continued investigations into this matter or as information becomes available.

## II. CATEGORIES OF DOCUMENTATION LIKELY TO HAVE RELEVANT INFORMATION

Apple identifies the following categories of non-privileged documents in its possession, custody, and/or control, which it may use in support of its claims and/or defenses in this action. This information is based on Apple's investigation to date, which is ongoing. Apple specifically reserves the right to identify additional categories and locations of documents as discovery proceeds.

1. Copies of publicly available versions of the Asserted Patents, their prosecution histories, and related information.

2. Copies of publicly available versions of documents related to the ownership and assignment of the Asserted Patents.

3. Source code and technical documentation for the Accused Functionalities within the Accused Products.

4. Sales and marketing documents for the Accused Products.

5. Documents and things relating to prior art products, programs, patents, and publications from Apple and other companies, organizations, individuals relating to the subject matter of the Asserted Patents, and general technical background information and documents describing the state of the art and general knowledge in the field related to the Asserted Patents.

6. Documents relating to noninfringement, invalidity, and/or damages issues.

7. Press releases, web pages, articles, and other publicly available information about Plaintiff, its ownership and directors, the relevant industry, market, accused features, and/or products.

8. Documents sufficient to identify Accused Products manufactured, provided, or used by or for the government of the United States of America.

9. Documents supporting defenses that Apple may raise during the duration of the case.

Apple has produced or will produce documents in its possession, custody, or control relating to these issues. Apple reserves the right to object to production of individual documents or sets of documents for any reason including, without limitation, proportionality, burden, privacy, relevance and privilege. Apple's investigation in this case is ongoing. The foregoing list is therefore based on Apple's preliminary review of the documents relating to the claims and defenses in this action and is not exhaustive. Apple reserves the right to supplement and/or amend these disclosures as discovery proceeds and in conformity with the Local Rules and Orders of this Court, and the Federal Rules of Civil Procedure.

## III. COMPUTATION OF EACH CATEGORY OF DAMAGES BY APPLE

Apple may, upon prevailing in this suit, seek an award of attorneys' fees under 35 U.S.C. § 285, the costs of this suit, and such other and further relief as the Court deems just and proper. The numerical amount of that relief is not presently available. Apple disputes liability in this matter, and consequently Plaintiff is not entitled to any damages.

Apple reserves the right to challenge any damages calculations offered by Plaintiff and to offer opposing calculations.

## IV. INDEMNITY AND INSURANCE AGREEMENTS

Apple states that it is presently unaware of any insurance business that has liability to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: July 15, 2025

Respectfully submitted,

*/s/ Kevin J. Post*

Steven J. Wingard
Texas Bar No. 00788694
Robert ("Robby") P. Earle
Texas Bar No. 24124566
Stephen L. Burbank
Texas Bar No. 24106972
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: 512.495.6300
Facsimile: 512.495.6399
Email: swingard@scottdoug.com
Email: rearle@scottdoug.com
Email: sburbank@scottdoug.com

Steven Pepe
NY Bar No. 2810430
Kevin J. Post
NY Bar No. 4382214
Alexander E. Middleton
NY Bar No. 4797114
Cassandra B. Roth
NY Bar No. 5287362
Lance W. Shapiro
NY Bar No. 5497955
Abed R. Balbaky
NY Bar No. 5844873
Brian P. Lebow
NY Bar No. 5992573
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Steven.Pepe@ropesgray.com
Kevin.Post@ropesgray.com
Alexander.Middleton@ropesgray.com
Cassandra.Roth@ropesgray.com
Lance.Shapiro@ropesgray.com
Abed.Balbaky@ropesgray.com
Brian.Lebow@ropesgray.com

James R. Batchelder
CA Bar No. 136347
Raivo H. Andrian
CA Bar No. 359257
**ROPES & GRAY LLP**
525 University Avenue, 8th Floor
Palo Alto, CA 94301-1922
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
James.Batchelder@ropesgray.com
Raivo.Andrian@ropesgray.com

*ATTORNEYS FOR DEFENDANT APPLE INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this July 15, 2025, with a copy of this document via the Court's CM/ECF System.

*/s/ Roberto Gonzalez*
Roberto Gonzalez