# Exhibit 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 7:24-cv-00232-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT APPLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM PLAINTIFF COBBLESTONE WIRELESS, LLC (NOS. 1-49)**

Pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, and subject to this Court's Local Rules, Patent Rules, and other orders governing discovery, Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, requests that Plaintiff Cobblestone Wireless, LLC ("Cobblestone") produce each document and thing in its possession, custody, or control that is responsive to the individual Requests set forth below. Apple requests that production be made at the offices of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, within thirty (30) days of service of these Requests, or at such other location as counsel for the parties may agree. These Requests are continuing in nature, and Cobblestone is requested to timely supplement its response to each and every Request whenever it learns that the response is in some material respect incomplete or incorrect in accordance with Rule 26(e), Fed. R. Civ. P.

## DEFINITIONS

1. "Complaint" means Plaintiff Cobblestone's Complaint in this Action, filed September 20, 2024, and any amendment thereto.

2. “Action” means the above-captioned proceeding.

3. “Cobblestone,” “Plaintiff,” “You,” “Your,” or “Yours” means Plaintiff Cobblestone, LLC, and any parent, subsidiary, affiliate, division, predecessor or successor company, proprietorship, or joint venture, and all past or present directors, officers, employees, agents, representatives, distributors, dealers, or other persons under their control or acting, or purporting to act, on their behalf, and specifically including, without limitation, Granite IP, LLC; Bedrock IP, LLC; and Jay Chung.

4. “Defendant” or “Apple” mean Defendant Apple Inc.

5. “Third Party” means any person or entity other than Defendant or Plaintiff.

6. “Prior Assignees” means, collectively and individually, any former assignee of the Patents-in-Suit, including, without limitation, WiLinx Corporation; Navend Tech Co.; Empire Technology Development LLC; or the named inventor(s) of each of the Patent-in-Suit.

7. “Infringement Contentions” means Plaintiff’s Preliminary Disclosure of Asserted Claims and Infringement Contentions, dated January 27, 2025, and any future amendments or supplements thereto.

8. “Invalidity Contentions” means Apple’s Preliminary Invalidity Contentions, dated March 24, 2025, and any future amendments or supplements thereto.

9. “Asserted Patents” or “Patents-in-Suit” means U.S. Patent Nos. 7,924,802 (the “’802 patent”) and U.S. Patent No. 8,891,347 (the “’347 patent”), and any other patents asserted by Plaintiff in this Action, now or in the future.

10. “Asserted Claim(s)” means the claims of the Asserted Patents that Plaintiff identified and asserted in its Infringement Contentions, and any other claims asserted by You in this Action, now or in the future.

11. "Related Patent(s)" means (1) any United States or foreign patent or patent application related in any way to the Asserted Patents by way of subject matter or claimed Priority Date, (2) any parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisional, reissue, reexamination, and foreign counterpart patents and applications, and/or (3) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (1) or (2) herein.

12. The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act, event, or document, taken singly or in combination.

13. "Priority Date" shall mean the earliest date to which a patent or patent application claims priority, whether based on an earlier-filed parent patent application, foreign or international patent application, or provisional application, or based on prior conception or reduction to practice.

14. "Related Litigation" means any past or pending legal proceeding (including federal court litigations, proceedings before the USPTO, and USITC investigations) involving one or more of the Patents-in-Suit or any Related Patents.

15. "Agreement" means, without limitation, a contract, arrangement, or understanding, formal or informal, oral or written, between two or more Persons. This includes assignments, express licenses, alleged licenses, covenants not to sue or non-assertion agreements, standstill agreements, releases, security interests, and/or settlements.

16. "Interest" means any financial or ownership right, including, without limitation, a security interest, lien, or other Agreement that conveys a right to an owner of such interest.

17. "Accused Products" refers to Defendant's products and/or services that Plaintiff specifically accuses of infringement in its Infringement Contentions and any amendments thereto.

18. "Infringe" and "infringement" means direct infringement, contributory infringement, induced infringement, literal infringement, and/or infringement under the doctrine of equivalents, unless identified with further specificity.

19. "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

20. "Document" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

21. "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

22. "Communication" means, without limitation, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, or question by any medium, whether by written, oral, or other means, including letters, memoranda, notes, telecopies, facsimiles, telex, electronic communications and electronic mail, or other transfer of documents.

23. When referring to a person, "to identify" (and cognates of this term) means to give, to the extent known, the: (i) person's full name; (ii) present or last known address; (iii) when referring to a natural person, additionally, the present or last known place of employment.

24. When referring to Documents (including electronically stored information), "to identify" (and cognates of this term) means to give, to the extent known, the: (i) type of document or information; (ii) general subject matter; (iii) date of the document or information; and (iv) author(s), addressee(s), and recipient(s).

25. When referring to events, "to identify" (and cognates of this term) means to give, to the extent known, the (i) name of the event; (ii) date of the event; (iii) place of the event; and (iv) the participant(s) and any person(s) present at, or having percipient knowledge of, the event.

26. When referring to written or oral Communications, "to identify" (and cognates of this term) means to give, to the extent known, the conversations' or Communications' date of occurrence, location of occurrence, participants, substance, and the identity of every person present when the conversation or communication occurred.

27. When referring to a factual or legal basis, "to identify" (and cognates of this term) means to state in detail each and every fact, and each and every legal proposition or interpretation, upon which a belief or contention is based, and identify all documents, persons, and events that support that belief or contention.

28. "Concern," "concerning," "evidence," "evidencing," "reflect," "reflecting," "relating to," "relate to," "relates to," "related to," "referring to," "refer to," "refers to," "referred to," "regarding," "refer or relate to," "referring or relating to," and "referred or related to" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to credit or discredit, referring to, or in any way touching upon as the context makes appropriate.

29. "Include" and "including" shall mean including without limitation.

30. "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all documents that otherwise might be construed to be outside of its scope.

31. The words "any," "all," "every," and "each" shall each mean and include the other.

32. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

33. Where appropriate, the singular form of a word also includes the plural, and vice versa, to acquire the broadest possible meaning.

34. No particular Request is meant to limit the scope of any other Request, or any term defined, and no such interpretation should be given.

35. Defendant's use of terms, phrases, and definitions is for convenience and shall not be construed as any admission.

## INSTRUCTIONS

For purposes of these Requests, the following instructions apply:

1. These Requests shall apply to all documents currently in Your possession, custody or control, or coming into Your possession, custody, or control. "Documents within Your control" shall apply to documents or things in the possession, custody or control of a third party over which You have control or who has agreed to cooperate or provide assistance relating to the subject matter of this Action or the Patents-in-Suit.

2. If a document is withheld or redacted on the ground of attorney-client privilege, attorney work product immunity, or any other ground of privilege or immunity, You shall produce any non-privileged portions of documents, and provide a detailed privilege log that identifies the withheld information or documents, and describes the facts and grounds on which You rely, sufficient to legally assess Your claims of privilege. Such description shall include (1) for any withheld document, at least the date of the document, number of pages, author(s), recipient(s), ground of withholding, and general description of the document sufficient to describe its general

contents, and (2) for any withheld communication, the date of the communication, all participants, and the general content of the communication.

3. In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, You shall respond to that Request as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response.

4. In the event that You object to any Request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such Request vague and/or ambiguous.

5. These Requests are submitted for the purpose of discovery and do not waive any objections Apple may make to the introduction of evidence on subjects covered by these Requests. If, after responding, You obtain or become aware of any further information responsive to this First Set of Requests for Production, You are required to supplement the responses and provide Apple with such additional information as required under Federal Rules of Civil Procedure 26(e).

6. If any portion of a document or tangible thing is responsive to a Request the entire document or tangible thing shall be produced, redacting only privileged material, if any.

7. These Requests are continuing, and You are required to supplement Your responses and production under Federal Rules of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show that Cobblestone is the owner of all rights, title, and interest in and to the Patents-in-Suit, including all Documents relating to Cobblestone's acquisition of the Patents-in-Suit from Prior Assignees, any acquisition agreements, any security agreements, Documents describing the terms and consideration paid by Cobblestone or its affiliates as part of the acquisition, Documents describing any continuing obligations for assistance by the assignor or any named inventors, Documents exchanged during acquisition, and Documents related to due diligence or other analysis regarding the acquisition of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents relating to the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications relating to the Patents-in-Suit or Related Patents, including, but not limited to, Communications with assignors of the Patents-in-Suit or Related Patents, assignees of the Patents-in-Suit or Related Patents, named inventors of the Patents-in-Suit or Related Patents, or investors in Cobblestone.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the conception, reduction to practice, diligence in reduction to practice and/or development of the subject matter of the Patents-in-Suit or Related Patents, including, but not limited to, Documents sufficient to show the dates thereof.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents relating to the prosecution of the Patents-in-Suit or Related Patents, including all drafts of applications, affidavits, and other Documents prepared for submission to the

USPTO in connection with the prosecution of applications relating to the Patents-in-Suit or Related Patents, whether or not submitted.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to any post-grant proceeding (such as reexaminations or inter partes reviews), patent interference proceeding, patent reissue, or patent opposition or cancellation proceeding concerning the validity of the Patents-in-Suit or any Related Patents before the USPTO or any foreign patent office.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show any person's contribution to one or more claims of the Patents-in-Suit or Related Patents including, but not limited to, Documents relating to any contribution of any inventor named on the Patents-in-Suit or Related Patents to one or more claims of the Patents-in- Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, opinions, investigations, or studies relating to the validity or invalidity (including, but not limited to, utility, novelty, obviousness, enablement, written description, indefiniteness, or inequitable conduct) of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents, opinions, investigations, or studies relating to the enforceability or unenforceability of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to searches for Prior Art relating to the subject matter claimed in the Patents-in-Suit or Related Patents including, but not limited to, copies of Prior Art identified by a Third Party and copies of all Prior Art found as a result of any search for Prior Art relating to the subject matter claimed in the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents, opinions, investigations, or studies relating to objective evidence concerning secondary considerations of non-obviousness of the subject matter claimed in the Patents-in-Suit, including but not limited to, commercial success, long-felt but unsolved need, failure of others, copying, industry recognition and near simultaneous invention.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents, opinions, investigations, or studies relating to the level of knowledge, schooling, experience, expertise, or relevant technical information of a person having ordinary skill in the art of the subject matter claimed in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents relating to any contention or Communication by any third party that it does not infringe any of the claims of the Patents-in-Suit or Related Patents, or any contention or Communication by Cobblestone that any third party infringes any of the claims of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to any Document, item, product, device, system, publication, patent, methods, or event that any person or entity has asserted affects the validity, enforceability, or scope of any claim of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show when Apple first became aware of any of the Patents-in-Suit, including but not limited to Documents relating to Communications between Cobblestone or any Prior Assignee and Apple before the filing of this Action on September 20, 2024, and Documents or Communications (if any) to support that Cobblestone or any Prior Assignee complied with the notice requirements of 35 U.S.C. § 287.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating to any opinion(s), investigation(s), or stud(ies) relating to the similarity or dissimilarity between the claims of the Patents-in-Suit or Related Patents and the Accused Products.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to Cobblestone's allegations that Apple infringes the Patents-in-Suit, whether directly (either literally or under the doctrine of equivalents) or indirectly (either by inducement or contributory infringement).

**REQUEST FOR PRODUCTION NO. 18:**

All source Documents quoted, excerpted, cited, referenced, or relied upon in preparing Cobblestone's infringement contentions, including all Documents relating to Apple and the Accused Products and any teardowns, reverse engineering studies, reports, or materials relating to the Accused Products.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show Cobblestone's pre-suit investigation of this case and decision to file this Action, including its purchase and analysis of the Accused Products.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents constituting or relating to any exclusive or non-exclusive license agreements, settlement agreements, covenants not to sue, or sale or transfer of rights involving the Patents-in-Suit or Related Patents entered into by Cobblestone or any other party (including but not limited to Prior Assignees).

**REQUEST FOR PRODUCTION NO. 21:**

All Documents constituting or relating to negotiations or Communications regarding any exclusive or non-exclusive license agreements, settlement agreements, covenants not to sue, sale

or transfer of rights for the Patents-in-Suit or Related Patents entered into by Cobblestone or any other party (including but not limited to Prior Assignees).

**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to the sale, offer for sale, public use, public knowledge or disclosure by Cobblestone, its affiliates, or Prior Assignees of the Patents-in-Suit of a product, system or method that embodies or employs any aspect or feature of any invention allegedly disclosed and/or claimed in the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the promotion, marketing, or advertising of the subject matter claimed in the Patents-in-Suit or Related Patents, or any resulting product or process, including interviews, speeches, press releases, trade releases, and web pages.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show any damages that Cobblestone contends it has suffered or is suffering as a result of Apple's alleged infringement of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show any established royalty rate for the use of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show any valuation made of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show Cobblestone's sales, royalties, revenues, and profits that are or were attributable to the Patents-in-Suit or Related Patents, or the technologies claimed in those patents.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show compliance with or policies relating to 35 U.S.C. § 287 (including its patent marking requirement) by Cobblestone, any Prior Assignee, or anyone licensed under or otherwise authorized to practice the Patents-in-Suit, with respect to any apparatus, product, device, process, method, act, or other instrumentality that practices the claimed inventions of the Patents-in-Suit, including without limitation any Prior Assignees' products.

**REQUEST FOR PRODUCTION NO. 29:**

All non-identical copies and English translations of the Patents-in-Suit and Related Patents.

**REQUEST FOR PRODUCTION NO. 30:**

All agreements, Communications, and Documents relating to any individual or entity's financial interest in the outcome of this Action, including the following individuals and entities: Granite IP, LLC; Bedrock IP, LLC; and Jay Chung.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show Cobblestone's financial performance, including its revenues, profits, and costs.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show Cobblestone's (and its affiliates') finances including balance sheets and financial filings, whether prepared for internal or external purposes, and whether audited or unaudited.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to show any actual or proposed activities by Cobblestone, its affiliates, or Prior Assignees of the Patents-in-Suit to commercialize the subject matter disclosed and/or claimed in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show Cobblestone's current or past business, marketing, product development, licensing, or enforcement strategies or plans with respect to the Patents-in-Suit or Related Patents or their subject matter.

**REQUEST FOR PRODUCTION NO. 35:**

All agreements between Cobblestone and/or its attorneys with the inventors named on the Patents-in-Suit including, but not limited to, any consulting agreements regarding the Action, Related Litigations, the Patents-in-Suit, or Related Patents.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications between Cobblestone and/or its attorneys with the inventors named on the Patents-in-Suit regarding the Action, Related Litigations, the Patents-in-Suit, or Related Patents.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents authored by Cobblestone, any Prior Assignee, or any named inventor of the Patents-in-Suit or Related Patents relating to any of the alleged inventions of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 38:**

Prior testimony given by any inventor of the Patents-in-Suit or any Cobblestone employee, agent, or representative relating to the subject matter of the Patents-in-Suit or Accused Products, including all deposition, trial, and hearing transcripts (including printed transcripts, audiotapes and videotapes), and all affidavits, declarations, or other Documents signed by any such person.

**REQUEST FOR PRODUCTION NO. 39:**

Prior testimony and expert reports of any expert retained by Cobblestone concerning the Patents-in-Suit or Related Patents or technology related to the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents served, filed, or produced as part of any Related Litigations, including Invalidity Contentions, Prior Art, Infringement Contentions, damages contentions, responsive damages contentions, written discovery requests and responses, pleadings, motions, briefs, orders, opinions, petitions, copies of Document productions, prior art, expert reports and exhibits, and declarations or affidavits.

**REQUEST FOR PRODUCTION NO. 41:**

Transcripts, recordings, and other records of any testimony (whether written or oral) of fact or expert witnesses provided as part of any Related Litigations.

**REQUEST FOR PRODUCTION NO. 42:**

Transcripts, recordings, and other records of any hearings, depositions, trials, or other proceedings in any Related Litigations.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents that Cobblestone intends to rely on in response to any defense or counterclaim asserted by any party to this Action.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Things produced to Cobblestone pursuant to a subpoena issued in this case.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents relating to, supporting, tending to support, contradicting, or tending to contradict the allegations in Cobblestone's Complaint.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents that Cobblestone expects to use as evidence or exhibits at any hearing, proceeding, deposition, or trial in this Action.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents referred to, identified in, requested to be identified in, or used in the preparation of Cobblestone's Complaint, initial disclosures, or responses to any of Apple's interrogatories or requests for admission.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to the identity and location of all persons or entities with a direct or indirect financial stake (whether actual or alleged) in this Action.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents relating to the financing and the division of recoveries from asserting the Patents-in-Suit in this Action, including without limitation funding and fee arrangements.

Dated: August 19, 2025

Respectfully submitted,

*/s/ Kevin J. Post*

Steven J. Wingard
Texas Bar No. 00788694
Robert ("Robby") P. Earle
Texas Bar No. 24124566
Stephen L. Burbank
Texas Bar No. 24106972
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: 512.495.6300
Facsimile: 512.495.6399
Email: swingard@scottdoug.com
Email: rearle@scottdoug.com
Email: sburbank@scottdoug.com

Steven Pepe
NY Bar No. 2810430
Kevin J. Post
NY Bar No. 4382214
Alexander E. Middleton
NY Bar No. 4797114
Cassandra B. Roth
NY Bar No. 5287362
Lance W. Shapiro
NY Bar No. 5497955
Abed R. Balbaky
NY Bar No. 5844873
Brian P. Lebow
NY Bar No. 5992573
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Steven.Pepe@ropesgray.com
Kevin.Post@ropesgray.com
Alexander.Middleton@ropesgray.com
Cassandra.Roth@ropesgray.com
Lance.Shapiro@ropesgray.com
Abed.Balbaky@ropesgray.com
Brian.Lebow@ropesgray.com

James R. Batchelder
CA Bar No. 136347
Raivo H. Andrian
CA Bar No. 359257
**ROPES & GRAY LLP**
525 University Avenue, 8th Floor
Palo Alto, CA 94301-1922
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
James.Batchelder@ropesgray.com
Raivo.Andrian@ropesgray.com

*ATTORNEYS FOR DEFENDANT APPLE INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this August 19, 2025, with a copy of this document by email.

*/s/ Kevin J. Post*
Kevin J. Post