# Exhibit 13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 7:24-cv-00232-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF COBBLESTONE WIRELESS, LLC (NOS. 1-16)**

Pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, and subject to this Court's Local Rules, Patent Rules, and other orders governing discovery, Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, requests that Plaintiff Cobblestone Wireless, LLC ("Cobblestone") respond to the following interrogatories separately and fully, in writing, under oath, and in accordance with the following instructions and definitions, within 30 days from the date of service thereof, and afterward supplement such responses as may become necessary and as required by Rule 26(e), Fed. R. Civ. P.

**DEFINITIONS**

1. "Complaint" means Plaintiff Cobblestone's Complaint in this Action, filed September 20, 2024, and any amendment thereto.

2. "Action" means the above-captioned proceeding.

3. "Cobblestone," "Plaintiff," "You," "Your," or "Yours" means Plaintiff Cobblestone, LLC, and any parent, subsidiary, affiliate, division, predecessor or successor company, proprietorship, or joint venture, and all past or present directors, officers, employees,

agents, representatives, distributors, dealers, or other persons under their control or acting, or purporting to act, on their behalf, and specifically including, without limitation, Granite IP, LLC; Bedrock IP, LLC; and Jay Chung.

4. “Defendant” or “Apple” mean Defendant Apple Inc.

5. “Third Party” means any person or entity other than Defendant or Plaintiff.

6. “Prior Assignees” means, collectively and individually, any former assignee of the Patents-in-Suit, including, without limitation, WiLinx Corporation; Navend Tech Co.; Empire Technology Development LLC; or the named inventor(s) of each of the Patent-in-Suit.

7. “Infringement Contentions” means Plaintiff’s Preliminary Disclosure of Asserted Claims and Infringement Contentions, dated January 27, 2025, and any future amendments or supplements thereto.

8. “Invalidity Contentions” means Apple’s Preliminary Invalidity Contentions, dated March 24, 2025, and any future amendments or supplements thereto.

9. “Asserted Patents” or “Patents-in-Suit” means U.S. Patent Nos. 7,924,802 (the “’802 patent”) and U.S. Patent No. 8,891,347 (the “’347 patent”), and any other patents asserted by Plaintiff in this Action, now or in the future.

10. “Asserted Claim(s)” means the claims of the Asserted Patents that Plaintiff identified and asserted in its Infringement Contentions, and any other claims asserted by You in this Action, now or in the future.

11. “Related Patent(s)” means (1) any United States or foreign patent or patent application related in any way to the Asserted Patents by way of subject matter or claimed Priority Date, (2) any parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisional, reissue, reexamination, and foreign counterpart patents and applications, and/or

(3) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (1) or (2) herein.

12. The term "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act, event, or document, taken singly or in combination.

13. "Priority Date" shall mean the earliest date to which a patent or patent application claims priority, whether based on an earlier-filed parent patent application, foreign or international patent application, or provisional application, or based on prior conception or reduction to practice.

14. "Related Litigation" means any past or pending legal proceeding (including federal court litigations, proceedings before the USPTO, and USITC investigations) involving one or more of the Patents-in-Suit or any Related Patents.

15. "Agreement" means, without limitation, a contract, arrangement, or understanding, formal or informal, oral or written, between two or more Persons. This includes assignments, express licenses, alleged licenses, covenants not to sue or non-assertion agreements, standstill agreements, releases, security interests, and/or settlements.

16. "Interest" means any financial or ownership right, including, without limitation, a security interest, lien, or other Agreement that conveys a right to an owner of such interest.

17. "Accused Products" refers to Defendant's products and/or services that Plaintiff specifically accuses of infringement in its Infringement Contentions and any amendments thereto.

18. "Infringe" and "infringement" means direct infringement, contributory infringement, induced infringement, literal infringement, and/or infringement under the doctrine of equivalents, unless identified with further specificity.

19. "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

20. "Document" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

21. "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

22. "Communication" means, without limitation, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, or question by any medium, whether by written, oral, or other means, including letters, memoranda, notes, telecopies, facsimiles, telex, electronic communications and electronic mail, or other transfer of documents.

23. When referring to a person, "to identify" (and cognates of this term) means to give, to the extent known, the: (i) person's full name; (ii) present or last known address; (iii) when referring to a natural person, additionally, the present or last known place of employment.

24. When referring to Documents (including electronically stored information), "to identify" (and cognates of this term) means to give, to the extent known, the: (i) type of document or information; (ii) general subject matter; (iii) date of the document or information; and (iv) author(s), addressee(s), and recipient(s).

25. When referring to events, "to identify" (and cognates of this term) means to give, to the extent known, the (i) name of the event; (ii) date of the event; (iii) place of the event; and (iv) the participant(s) and any person(s) present at, or having percipient knowledge of, the event.

26. When referring to written or oral Communications, “to identify” (and cognates of this term) means to give, to the extent known, the conversations’ or Communications’ date of occurrence, location of occurrence, participants, substance, and the identity of every person present when the conversation or communication occurred.

27. When referring to a factual or legal basis, “to identify” (and cognates of this term) means to state in detail each and every fact, and each and every legal proposition or interpretation, upon which a belief or contention is based, and identify all documents, persons, and events that support that belief or contention.

28. “Concern,” “concerning,” “evidence,” “evidencing,” “reflect,” “reflecting,” “relating to,” “relate to,” “relates to,” “related to,” “referring to,” “refer to,” “refers to,” “referred to,” “regarding,” “refer or relate to,” “referring or relating to,” and “referred or related to” mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to credit or discredit, referring to, or in any way touching upon as the context makes appropriate.

29. “Include” and “including” shall mean including without limitation.

30. “And” and “or” shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all documents that otherwise might be construed to be outside of its scope.

31. The words “any,” “all,” “every,” and “each” shall each mean and include the other.

32. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

33. Where appropriate, the singular form of a word also includes the plural, and vice versa, to acquire the broadest possible meaning.

34. No particular Interrogatory is meant to limit the scope of any other Interrogatory, or any term defined, and no such interpretation should be given.

35. Defendant's use of terms, phrases, and definitions is for convenience and shall not be construed as any admission.

## INSTRUCTIONS

For purposes of these Interrogatories, the following instructions apply:

1. You are obligated to respond to these Interrogatories to the full extent required by the Federal Rules of Civil Procedure.

2. Each Interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for Plaintiff's objections shall be stated in detail. If any objection pertains to only a portion of an Interrogatory or to a word, phrase, or clause contained in it, Plaintiff shall state its objection to that portion only and respond to the remainder of the Interrogatory, using best good efforts to do so. Plaintiff's answers hereto are to be signed and verified by the person making them, and objections signed by the attorney making them.

3. If, in answering any Interrogatory, you encounter any ambiguity concerning either the Interrogatory or the definition or instruction relevant to the inquiry contained within the Interrogatory, set forth the matter deemed ambiguous, and the construction selected for use in answering the Interrogatory.

4. If You refuse to respond to any Interrogatory on the ground of attorney-client privilege, attorney work product immunity, or any other ground of privilege or immunity, You shall describe the basis of the claim fully and in detail so that counsel may make an informed

judgment about whether to move to compel the answer. Such description shall include (1) for any withheld document, at least the date of the document, number of pages, author(s), recipient(s), ground of withholding, and general description of the document sufficient to describe its general contents, and (2) for any withheld communication, the date of the communication, all participants, and the general content of the communication.

5. If You elect to avail Yourself of the procedure authorized by Rule 33(d), Federal Rules of Civil Procedure, for answering Interrogatories, You shall specify the production numbers of the documents from which the answer may be derived or ascertained.

6. These Interrogatories are continuing in nature and responses must be supplemented in accordance with Rule 26(e), Federal Rules of Civil Procedure. To the extent that You learn at any time that a response to any of these Interrogatories is in any respect incomplete or incorrect, You shall promptly serve amended responses that are complete and correct.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Separately, on a claim-by-claim basis for each Asserted Claim, identify the priority date to which You contend the Asserted Claim is entitled, identify with particularity the priority document supporting that date, and describe separately for each limitation of that Asserted Claim, by column, line and/or figure number of each earlier application, all supporting facts and circumstances, including without limitation all written description and enablement support for that limitation in the priority document, as required by 35 U.S.C. § 112, all Documents and things relevant to Your response to this Interrogatory as to that claim limitation, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for that claim limitation, and the substance of such knowledge.

**INTERROGATORY NO. 2:**

Separately, on a claim-by-claim basis for each Asserted Claim, describe in detail the development of the alleged invention of that claim, including the specific date on which You contend the alleged invention occurred, the identity of the alleged inventor(s) of that claim and all facts, acts, circumstances, and corroborating evidence concerning the alleged invention of the subject matter of that claim, including without limitation, the specific events of conception, actual reduction to practice, constructive reduction to practice, diligence leading to reduction to practice, and lack of abandonment, suppression, and concealment, an identification of the dates on which these events occurred, any Persons with knowledge of each event, all evidence and written description support that You intend to rely upon to support the conception, diligence leading to reduction to practice, and/or reduction to practice of that claim, all Documents and Things relevant to Your response to this Interrogatory as to that claim, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for that claim, and the substance of such knowledge.

**INTERROGATORY NO. 3:**

Separately, on a claim-by-claim basis for each Asserted Claim identify the first public disclosure, demonstration, use, sale, gift, and offer for sale (collectively, “disclosure”) of the alleged invention, in whole or part, by an inventor or any other Person, and for each disclosure of each Asserted Claim, describe in detail when, where, by whom, to whom, and under what terms the alleged invention, in whole or in part, was disclosed, including on a claim-by-claim basis, an identification of all Documents and things related to each such disclosure of that Asserted Claim, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for each disclosure of that Asserted Claim, and the substance of such knowledge.

**INTERROGATORY NO. 4:**

Separately for each product made, used, sold, offered for sale, or imported or licensed by anyone, including, without limitation, You, a Prior Assignee, or a Third Party, that practices any claim of the Patents-in-Suit, identify the product in detail, including: the product's name, model number, trade name, or trademark, the dates the product was first made, sold, and offered for sale, the number of units sold, when they were sold, the unit price, any licensing fees paid or received for that product, and provide a detailed description of the specific claims of each Patent-in-Suit practiced by the product, including, without limitation, on a limitation-by-limitation basis where each element of each claim is allegedly found within each such product, and a detailed description of whether and how that product was marked pursuant to 35 U.S.C. § 287, including any efforts by You or a Prior Assignee to compel a licensee to mark that product, the dates when such product was marked and all periods when the product was not marked, all Documents and Things relevant to Your response to this Interrogatory as to that product, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for that product, and the substance of such knowledge.

**INTERROGATORY NO. 5:**

Identify each Agreement relating to acquiring or conferring any Interest in Cobblestone and/or acquiring or conferring any rights to any Patent-in-Suit by any Third Party, including, without limitation Granite IP, LLC; Bedrock IP, LLC; and Jay Chung, and for each such Agreement, identify and describe in detail all related facts and circumstances, including, without limitation: dates on which negotiations began and ended, all Persons involved with negotiations or the decision to negotiate, all Documents exchanged during negotiations, all proposed financial terms (whether accepted or not), all final financial terms, any terms or bases on which such proposed or final terms were calculated, any other consideration or value to be paid or given in the

Agreement, any payments made or received, any royalty or royalty rate offered, and the terms or basis on which such proposed royalty or royalty rate was calculated, all Documents, Things, and Agreements relevant to Your response to this Interrogatory as to that Agreement or attempt, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for each Agreement or attempt, and the substance of such knowledge.

**INTERROGATORY NO. 6:**

Separately on a claim-by-claim basis for each Asserted Claim, identify whether or not You contend each such Asserted Claim is a standard-essential claim and whether or not each such Asserted Claim is required to be licensed on Fair, Reasonable, and Non-Discriminatory (FRAND) terms. Your response should (1) identify the Asserted Claims which You contend are standard essential; (2) identify the standard for which each such Asserted Claim is standard essential; (3) explain in detail why each such Asserted Claim is standard essential; and (4) Your FRAND obligations for each such Asserted Claim.

**INTERROGATORY NO. 7:**

Separately for each Patent-in-Suit and each claim for relief (including injunctive relief, enhanced damages, monetary damages, or any other relief) against Apple, state the complete factual and legal bases for that claim for relief, including, without limitation: (a) an identification of each damages theory that You contend should be used in the damages calculation (e.g., reasonable royalty, lost profits, etc.); (b) the specific inputs that You contend should be used under each such theory in the damages calculation (e.g., for each Accused Product, the royalty rate on net sales, and the alleged royalty base, including whether You contend that the entire market value rule applies); (c) the incremental value You contend each Patent-in-Suit contributes to each Accused Product; (d) each Agreement that You contend is comparable to a license that Cobblestone and Apple would have agreed to in a hypothetical negotiation in this case, including

all factual bases therefor; (e) the date(s) on which You contend damages should begin and the factual bases supporting such dates; (f) the amount of damages attributable to each Accused Product; and (g) an identification of all Documents and things on which such calculations are based, all Documents and things relevant to Your response to this Interrogatory as to that claim for relief, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for that claim for relief, and the substance of such knowledge.

**INTERROGATORY NO. 8:**

Separately for each Patent-in-Suit and Related Patent, identify each analysis of the Patent-in-Suit or Related Patent that you are aware of, including, without limitation, each validity or invalidity analysis (if any), each enforceability or unenforceability analysis (if any), each infringement or non-infringement analysis (if any, including, without limitation any tear down of any product, regardless of whether accused or not), and each analysis or statement related to patent value (or lack thereof) that You are aware of, and for each such analysis, identify and describe in detail the substance of the analysis and the circumstances under which the analysis was performed, all Documents and Things relevant to Your response to this Interrogatory as to that analysis, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for that analysis, and the substance of such knowledge.

**INTERROGATORY NO. 9:**

Separately for each Accused Product and each limitation of each Asserted Claim, identify all Documents and other evidence that You intend to rely upon to support Your contention that the Accused Product infringes (whether directly or indirectly) or has infringed that Asserted Claim, including pinpoint citations, by production number to all technical documents, including tear downs, and by file, page, and line number to all computer code (including source code) that allegedly supports Your contentions, and the three (3) most knowledgeable persons regarding the

subject matter underlying Your response to this Interrogatory as to that limitation for that Accused Product, and the substance of such knowledge.

**INTERROGATORY NO. 10:**

Separately for each Asserted Claim and each Accused Product, state the complete factual and legal basis for any contention that Apple indirectly infringes under 35 U.S.C. §§ 271(b)-(c) by knowingly and intentionally inducing or contributing to direct infringement of that Asserted Claim by that Accused Product, including an identification of each activity You contend supports indirect infringement, all facts and circumstances relating to how You contend Apple first became aware of each Patent-in-Suit, the date of the alleged awareness, the individuals who gained the awareness, and for each activity, each Person performing each such activity, each Person with knowledge of and each Document relating to that activity, and a detailed description of why the Accused Product is not a staple article or commodity of commerce suitable for substantial non-infringing use, all Documents and Things relevant to Your response to this Interrogatory as to that alleged indirect infringement of the Asserted Claim by the Accused Product, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for the Asserted Claim by the Accused Product, and the substance of such knowledge.

**INTERROGATORY NO. 11:**

Separately for each alleged secondary consideration of non-obviousness that you intend to rely upon (including any assertion that the subject matter of that claim: (a) satisfied a long-felt need, solved problems the industry failed to solve; (b) was the subject of skepticism expressed in the industry; (c) has been a commercial success; (d) has had its significance recognized by the industry; (e) has been copied by others; and/or (f) has achieved unexpected results) for each Asserted Claim, explain in detail all facts and circumstances that support or otherwise relate to that secondary consideration of non-obviousness for that Asserted Claim, including any alleged nexus

between the secondary consideration and the Asserted Claim, all Documents and Things relevant to Your response to this Interrogatory as to that secondary consideration for that claim, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for that secondary consideration for that claim, and the substance of such knowledge.

**INTERROGATORY NO. 12:**

Separately for each invalidity ground set forth in Apple's Invalidity Contentions that you contend does not render a claim of a Patent-in-Suit invalid, describe in detail, on a limitation-by-limitation basis for that invalidity ground for each Patent-in-Suit, all factual and legal bases supporting Your contention, including, without limitation, the limitation that you contend is not met and the full factual and legal basis supporting that contention for that limitation, all Documents and Things relevant to Your response to this Interrogatory as to that invalidity ground for that claim limitation of that Patent-in-Suit, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory as to that invalidity ground for that claim limitation of that Patent-in-Suit, and the substance of such knowledge.

**INTERROGATORY NO. 13:**

Identify each instance in which You or a Prior Assignee has given notice of infringement of a Patent-in-Suit to another Person (including to Apple), asserted that any Person (including Apple) practices any claim element or committed any infringing act of any Patent-in-Suit, or discussed a Patent-in-Suit with another Person (including Apple), and for each such instance describe in detail, without limitation, the details of each instance, including the content of each Communication related to the instance, each patent identified in the Communication related to the instance, each product identified in the Communication related to the instance, each allegedly infringing act identified in the Communication related to the instance, each response received in

response to each Communication related to the instance, all Documents and Things relevant to Your response to this Interrogatory as to that awareness, notice or response, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for that awareness or notice, and the substance of such knowledge.

**INTERROGATORY NO. 14:**

Separately for each Accused Product and each limitation of each Asserted Claim, provide a detailed description of all facts and circumstances relating to Your pre-suit investigation of Your claims in this Action, including but not limited to an identification of the date(s) on which You or any attorney or agent acting on Your behalf first learned or became aware of each such Accused Product; the date(s) on which You or any attorney or agent acting on Your behalf first formed a belief that each such Accused Product allegedly infringed; investigations, reverse engineering, analyses, tests, or studies done on any of such Accused Products by You or on Your behalf related to purported infringement of any claim of the Asserted Patents; each Person with knowledge of the foregoing and an identification of all Documents or privilege log entries relating to such awareness, testing, or belief; and the reasons why You did not commence a suit alleging patent infringement between the date You became so aware and the filing of the Complaint in this Action.

**INTERROGATORY NO. 15:**

Describe in detail Your corporate structure, management, investors, ownership, membership, and affiliated entities, including, without limitation parents, subsidiaries, divisions, and entities acting in joint venture; and the names, positions, titles, duties, responsibilities, and reporting relationships of Your directors, officers, agents, representatives, employees, and other personnel who have or have had responsibility for or duties relating to each Patent-in-Suit or Related Patent.

**INTERROGATORY NO. 16:**

Separately for each Interest affecting or relating in any way to title to a Patent-in-Suit or Related Patent, regardless of whether the Interest has been recorded with the U.S. Patent and Trademark Office (USPTO), including, without limitation, the security Interests recorded with the USPTO at reel 048373 and frame 0217 and reel 061265 and frame 0146, identify and describe in detail the Interest, including without limitation each of the parties with an Interest, the nature of the Interest, all consideration exchanged as part of the Interest, all collateral held as part of the Interest, the details of all loans or debts incurred as part of the Interest, the complete details regarding any release of the Interest, all Documents and things relevant to Your response to this Interrogatory as to that Interest, and the three (3) most knowledgeable persons regarding the subject matter underlying Your response to this Interrogatory for that Interest, and the substance of such knowledge.

Dated: August 19, 2025

Respectfully submitted,

*/s/ Kevin J. Post*

Steven J. Wingard
Texas Bar No. 00788694
Robert ("Robby") P. Earle
Texas Bar No. 24124566
Stephen L. Burbank
Texas Bar No. 24106972
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: 512.495.6300
Facsimile: 512.495.6399
Email: swingard@scottdoug.com
Email: rearle@scottdoug.com
Email: sburbank@scottdoug.com

Steven Pepe
NY Bar No. 2810430
Kevin J. Post
NY Bar No. 4382214
Alexander E. Middleton
NY Bar No. 4797114
Cassandra B. Roth
NY Bar No. 5287362
Lance W. Shapiro
NY Bar No. 5497955
Abed R. Balbaky
NY Bar No. 5844873
Brian P. Lebow
NY Bar No. 5992573
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Steven.Pepe@ropesgray.com
Kevin.Post@ropesgray.com
Alexander.Middleton@ropesgray.com
Cassandra.Roth@ropesgray.com
Lance.Shapiro@ropesgray.com
Abed.Balbaky@ropesgray.com
Brian.Lebow@ropesgray.com

James R. Batchelder
CA Bar No. 136347
Raivo H. Andrian
CA Bar No. 359257
**ROPES & GRAY LLP**
525 University Avenue, 8th Floor
Palo Alto, CA 94301-1922
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
James.Batchelder@ropesgray.com
Raivo.Andrian@ropesgray.com

*ATTORNEYS FOR DEFENDANT APPLE INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this August 19, 2025, with a copy of this document by email.

*/s/ Kevin J. Post*

Kevin J. Post