# Exhibit 16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **COBBLESTONE WIRELESS, LLC,**<br>**Plaintiff,**<br>v.<br>**APPLE INC.,**<br>**Defendant.** | **Civil Action No. 7:24-cv-00232-ADA**<br>**JURY TRIAL DEMANDED** |

**APPLE INC.'S OBJECTIONS AND RESPONSES TO COBBLESTONE WIRELESS, LLC'S SECOND SET OF INTERROGATORIES (NOS. 17-24)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's Standing Order Governing Proceedings (OGP) Version 1 (Austin)—Patent Cases entered on March 5, 2025 (and any supplements or amendments thereto), Defendant Apple Inc. ("Apple" or "Defendant") hereby provides its Objections and Responses to Plaintiff Cobblestone Wireless, LLC's ("Cobblestone" or "Plaintiff") Second Set of Interrogatories to Defendant Apple Inc. (Nos. 17-24), served January 7, 2026.

Apple responds to Plaintiff's Interrogatories under Apple's reasonable interpretation of each Interrogatory. Should Plaintiff subsequently assert an interpretation of any Interrogatory that differs from Apple's understanding, Apple reserves the right to supplement its objections and/or responses, if appropriate. The responses herein are given without prejudice to Apple's right to supplement these responses and produce evidence of any subsequently discovered facts or documents, or facts or documents that Apple may later develop. In the event that information or documents responsive to any of Plaintiff's Interrogatories are later identified or brought to Apple's attention, Apple reserves the right to amend and supplement the following responses to the extent

permitted and required by Rule 26(e), Federal Rules of Civil Procedure. Apple's responses to Plaintiff's Interrogatories are made without prejudice to Apple's right to introduce any and all documents and other evidence of any kind, including evidence from any third party, in the proceedings in this action.

Nothing in these objections and responses shall be deemed an admission by Apple regarding the existence of any information, or the relevance, authenticity, materiality, or admissibility of any information, for any purpose. Apple expressly reserves the right to object to the use of these responses, the subject matter contained herein, or the documents produced in connection herewith during any subsequent proceeding, including during trial of this or any other action.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Apple objects to Plaintiff's definitions of "document" as overbroad, unduly burdensome, and not proportionate to the needs of this case, including to the extent it purports to require Apple to search for email or other electronically stored information (ESI) related to email. The OGP sets forth a specific procedure that has not taken place here for seeking such discovery. Apple further objects to "document" as overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent it is inconsistent with the Federal Rules of Civil Procedure, the OGP, or any order of the court, and because it purports to require Apple to search for multiple types of information and materials that would contain information that is more readily obtainable from other sources and/or would require an undue burden to search for that is not proportionate to the needs of this case. Apple further objects to Plaintiff's definition of "document" to the extent it purports to require Apple to produce documents not normally retained in the ordinary course of business.

2. Apple objects to Plaintiff's definitions of "correspondence" and "communication" as overbroad, unduly burdensome, and not proportionate to the needs of this case, including to the extent it purports to require Apple to search for email or other electronically stored information (ESI) related to email. The OGP sets forth a specific procedure that has not taken place here for seeking such discovery. Apple further objects to "correspondence" and "communication" as overbroad, unduly burdensome, and not proportionate to the needs of this case to the extent they are inconsistent with the Federal Rules of Civil Procedure, the OGP, or any order of the court, and because they purport to require Apple to search for multiple types of information and materials that would contain information that is more readily obtainable from other sources and/or would require an undue burden to search for that is not proportionate to the needs of this case. Apple further objects to Plaintiff's definition of "correspondence" and "communication" to the extent they purport to require Apple to produce documents not normally retained in the ordinary course of business.

3. Apple objects to Plaintiff's definition of "relate," "relates to," "related to," "relating to," and "concerning" as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case, including to the extent that the definitions are circular and further to the extent they purport to encompass information not relevant to the claims and defenses in this case.

4. Apple objects to Plaintiff's definition of "evidence" as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case, including to the extent that it purports to encompass information that exceeds permissible discovery under Rule 34(a), Federal Rules of Civil Procedure, or that is not relevant to the claims and defenses in this case.

5. Apple objects to Plaintiff's definitions of "Plaintiff" and "Cobblestone" as overly broad, vague, ambiguous, unreasonably burdensome, and not proportional to the needs of the case, including to the extent such persons are unknowable to Apple. Apple construes each Interrogatory containing these terms as seeking information concerning Cobblestone Wireless, LLC, to the extent such information exists.

6. Apple objects to Plaintiff's definitions of "Defendant," "you," "your," and "Apple" as seeking information not within Apple's possession, custody, or control to the extent they include any entity other than Apple Inc. and persons not employed by Apple Inc. Apple construes each Interrogatory containing these terms as seeking information in the possession, custody, or control of Apple Inc.

7. Apple objects to Plaintiff's definitions of "person" or "persons" to the extent they exceed permissible discovery under Rule 34(a), Federal Rules of Civil Procedure.

8. Apple objects to Plaintiff's definition of "'347 Accused Products" as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case. Apple construes each Interrogatory containing these terms as seeking information solely as to the products enumerated in Plaintiff's Complaint and/or Preliminary Infringement Contentions, served January 27, 2025, and any amendments thereto (hereinafter, "Preliminary Infringement Contentions"), to the extent such products exist.

9. Apple objects to Plaintiff's definition of "'802 Accused Products" as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case. Apple construes each Interrogatory containing these terms as seeking information solely as to the products enumerated in Plaintiff's Complaint and/or Preliminary Infringement Contentions, to the extent such products exist.

10. Apple objects to Plaintiff's definition of "Accused Products" as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case. Apple construes each Interrogatory containing these terms as seeking information solely as to the products enumerated in Plaintiff's Complaint and/or Preliminary Infringement Contentions, to the extent such products exist.

11. Apple objects to Plaintiff's definition of "Relevant Component" as overbroad, unduly burdensome, vague, and ambiguous. Apple will construe "Relevant Component" as those that specifically concern an Accused Functionality in an Accused Product as identified in Plaintiff's Complaint and/or Preliminary Infringement Contentions, to the extent the identified component relates to Accused Products that exist and have been made, used, sold, offered for sale, or imported within six years prior to the filing date of Cobblestone's Complaint.

12. Apple objects to the use of the undefined terms "5G NR communications," "3GPP carrier aggregation," and "3GPP dual connectivity (e.g., EN-DC or NR-DC)." Apple interprets these terms as referring to the functionality identified in Plaintiff's Complaint and/or Preliminary Infringement Contentions, to the extent such functionality exists and is reasonably understood by Apple.

13. Apple objects to the term "Asserted Claims" to the extent it relies on the term "operative infringement contentions (inclusive of any subsequent amendments or supplements thereto)." Apple interprets this statement to refer to Cobblestone's Preliminary Infringement Contentions and any supplements thereto.

14. Apple objects to Plaintiff's definitions of "identify" with respect to persons and documents as unreasonably burdensome and not proportional to the needs of the case. Apple further objects to Plaintiff's definitions as exceeding permissible discovery under the Federal

Rules of Civil Procedure and the Standing Order Governing Proceedings (OGP) Version 1 (Austin)—Patent Cases.

15. Apple objects to Plaintiff's definition of "Prior art" to the extent it is inconsistent with the Patent Laws of the United States.

16. Apple objects to Plaintiff's definitions of "foreign patent," "foreign patent application," "related application," and "related patent" as overbroad, unduly burdensome, and not proportional to the needs of this case. Apple will limit its responses to the Asserted Patents.

17. Apple objects to Plaintiff's definition of "products" as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks unreleased and/or unannounced products.

18. Apple objects to Plaintiff's Instruction No. 1 to the extent it seeks to impose a burden on Apple beyond those required by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable order, rule, or regulation. Apple will comply with any order requiring it to serve a privilege log and by the date required by a rule, regulation, or order, or other agreement of the parties.

19. Apple objects to Instruction Nos. 3-7 as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent they seek to impose a burden on Apple that exceeds the requirements of the Federal Rules of Civil Procedure or any other rule or order. Apple will respond in a manner that conforms with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable order, rule, or regulation.

20. Apple objects to the Instructions that accompany the Interrogatories to the extent they purport to specify the manner or format in which Apple must respond to the Interrogatories. Apple will respond in a manner that conforms with the Federal Rules of Civil Procedure, the

Standing Order Governing Proceedings (OGP) Version 1 (Austin)—Patent Cases, and any other applicable order, rule, or regulation.

21. Apple objects to the Instructions to the extent that they purport to require Apple to search for email or other electronically stored information (ESI) related to email. The OGP sets forth a specific procedure that has not taken place here for seeking such discovery.

22. Apple objects to the Instructions to the extent that they seek information that is not relevant to the claims and defenses in this case.

23. Apple objects to the Instructions as unreasonably burdensome, and not proportional to the needs of the case to the extent they purport to require Apple to serve a privilege log with these Objections and Responses. Apple will consider a mutual exchange of privilege logs at the appropriate time.

24. Apple objects to the Instructions to the extent they purport to require Apple to produce documents that are not within Apple's possession, custody, or control, or to prepare and/or create documents and/or things that do not exist.

25. Apple objects to the Instructions to the extent that they place discovery obligations on Apple that exceed those required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable order, rule, or regulation. If Apple withholds a document or thing on the grounds that the document or thing is protected from discovery, whether by privilege, work product, or some other doctrine, Apple will make the claim and describe each document or thing not produced or disclosed, and will do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Any inadvertent production of such materials does not constitute a waiver.

## GENERAL OBJECTIONS

Apple incorporates the following General Objections into its specific objections and responses to each of Cobblestone's Interrogatories, whether or not each such General Objection is expressly referred to therein. A response to an Interrogatory shall not work as a waiver of any applicable General Objection or specific objection to an Interrogatory. Accordingly, the following apply to each Interrogatory set forth in the Interrogatories and shall have the same force and effect as if set forth in full in each of Apple's Specific Responses below:

1. Apple objects to each Interrogatory to the extent it seeks to impose upon Apple obligations and demands greater or more extensive than required by law, including but not limited to the Federal Rules of Civil Procedure, the Local Rules, and any other applicable order, rule, or regulation.

2. Apple objects to each Interrogatory to the extent it seeks information, documents, or things protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the Federal Rules of Civil Procedure (including but not limited to Rule 26(b)(3)), the Federal Rules of Evidence, and/or any other applicable privilege, immunity, or protection. The inadvertent identification or production of any such information, documents, or things is not a waiver of any privilege, immunity, or protection.

3. Apple objects to each Interrogatory to the extent it seeks information, documents, or things that are already in Plaintiff's possession, custody, or control; are a matter of public record; are otherwise equally available to Plaintiff; may be derived or ascertained from records in Plaintiff's possession, custody, or control; or where the burden of deriving or ascertaining such information would be substantially the same for either party.

4. Apple objects to the Interrogatories to the extent they exceed the permissible number of Interrogatories permitted under the Court's Standing Order Governing Proceedings

(OGP) Version 1 (Austin)—Patent Cases, including all parts and subparts. By responding to any Interrogatory and its subparts, Apple does not waive the right to limit to 30 the number of Interrogatories and discrete subparts to which it provides answers.

5. Apple objects to each Interrogatory to the extent it calls for Apple to search for and provide information and documents and/or things that are not within Apple's possession, custody or control, or to prepare and/or create documents and/or things that do not exist.

6. Apple objects to each Interrogatory to the extent it improperly and prematurely seeks discovery of materials outside of the scope of fact discovery. Apple will disclose such information within the timeframe set by the Court. Apple's responses are given without prejudice to Apple's right to make or amend pleadings, provide contentions in accordance with the Court's schedule, or to procure, rely on, and introduce expert witness testimony, and such expert's right to rely on any documents or information deemed appropriate by that expert in formulating the expert's opinion, whether or not identified in these responses.

7. Apple objects to each Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidential contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

8. Apple objects to each Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of this litigation to the extent it seeks information, the production of documents, and/or things that are not related to the accused functionality.

9. The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in Plaintiff's Second Set of Interrogatories to Defendant Apple Inc. Apple's responses in no way constitute admissions or acknowledgements by Apple as to the

relevance, materiality, or admissibility of any of the information contained therein, and Apple expressly reserves its rights to object as such.

10. Apple further objects to each Interrogatory to the extent it purports to require the premature disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the Federal Rules of Civil Procedure, the Local Rules, or any other rule or regulation.

## **SPECIFIC RESPONSES AND OBJECTIONS**

Apple incorporates by reference the Objections to Definitions and Instructions and General Objections set forth above, into the Specific Responses set forth below. Apple may repeat an objection, but the failure to repeat any of the foregoing objections does not waive any such objection to the Interrogatory.

### **INTERROGATORY NO. 17**

For each Accused Product and each product You identified in response to Interrogatory Nos. 1-2, identify whose source code, whether Apple's or a supplier, you contend is relevant to the accused functionality and your basis for such.

### **RESPONSE TO INTERROGATORY NO. 17**

Apple incorporates by reference the above-stated Objections to Instructions and Definitions and General Objections as if fully set forth herein. Apple objects to this Interrogatory as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case, including to the extent it requests information not related to the accused functionality in the Accused Products. Apple further objects to the extent this Interrogatory seeks privileged communications or work product. Apple further objects to this Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain

confidentiality. Apple further objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for discovery not reasonably calculated to lead to the discovery of documents supporting either party's claims or defenses. Apple further objects to this Interrogatory to the extent the requested information is publicly available or in the possession or control of Plaintiff. Apple further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case including because it seeks "your basis for such."

Subject to and without waiving the foregoing objections, Apple responds as follows:

Apple incorporates by reference its objections and responses to Cobblestone's Interrogatory Nos. 1 and 2 and Attachments A and B to Apple's Responses and Objections to Cobblestone's First Set of Interrogatories (including all supplements or amendments).

Apple's baseband source code is relevant to the following products identified in Attachment A (rev. 1/30/2026): iPhone Air (Product #4), iPad Pro 11-inch (M5, cellular) (Product #26), iPad Pro 13-inch (M5, cellular) (Product #27). Qualcomm source code is relevant to all other products identified in Attachment A based on the Qualcomm Build IDs in Attachment B.

Discovery is ongoing, and Apple has not yet completed its investigation of the facts relating to this Interrogatory. Apple expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 18**

> Describe your efforts, if any, to develop any functionality of the Accused Products accused of infringement that were previously provided by third parties including your motivation to do so.

**RESPONSE TO INTERROGATORY NO. 18**

Apple incorporates by reference the above-stated Objections to Instructions and Definitions and General Objections as if fully set forth herein. Apple objects to this Interrogatory

as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case, including to the extent it requests information not related to the accused functionality in the Accused Products. Apple further objects to the extent this Interrogatory seeks privileged communications or work product. Apple further objects to this Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. Apple further objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for discovery not reasonably calculated to lead to the discovery of documents supporting either party's claims or defenses. Apple further objects to this Interrogatory to the extent the requested information is publicly available or in the possession or control of Plaintiff. Apple further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case including because it seeks information regarding efforts to develop functionality "that [was] previously provided by third parties including your motivation to do so."

Subject to and without waiving the foregoing objections, Apple responds as follows:

Apple agrees to meet and confer regarding the scope of this interrogatory.

Discovery is ongoing, and Apple has not yet completed its investigation of the facts relating to this Interrogatory. Apple expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 19**

> Explain in detail all factual and legal bases for the affirmative defenses set forth in your Answer, including by idenfying all documents supporting your contentions and identifying all persons with knowledge of any facts relied on by your in making such contentions.

**RESPONSE TO INTERROGATORY NO. 19**

Apple incorporates by reference the above-stated Objections to Instructions and Definitions and General Objections as if fully set forth herein. Apple further objects to the extent this Interrogatory seeks privileged communications or work product. Apple further objects to this Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. Apple further objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for discovery not reasonably calculated to lead to the discovery of documents supporting either party's claims or defenses. Apple further objects to this Interrogatory to the extent the requested information is publicly available or in the possession or control of Plaintiff. Apple further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case including to the extent it seeks "all factual and legal bases," "idenfying all documents supporting your contentions," and "identifying all persons with knowledge of any facts relied on by your in making such contentions." Apple further objects to each Interrogatory to the extent it purports to require the premature disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the Federal Rules of Civil Procedure, the Local Rules, or any other rule or regulation.

Subject to and without waiving the foregoing objections, Apple responds as follows:

**Non-infringement:** Apple's products do not infringe the Asserted Patents for the reasons explained in Apple's forthcoming expert report on non-infringement.

**Invalidity:** Cobblestone's Asserted Patents are invalid for the reasons explained in Apple's forthcoming expert report on invalidity. Apple incorporates by reference its preliminary Invalidity Contentions (served March 24, 2023) and its supplemental Invalidity Contentions (served September 5, 2025) and any supplements thereto. Apple incorporates by reference all filings in *inter partes* review and *ex parte* reexaminations, including, without limitation, IPR2025-01496 (*Apple Inc. v. Cobblestone Wireless LLC*); IPR2025-01497 (*Apple Inc. v. Cobblestone Wireless LLC*); IPR2024-01336 (*Qualcomm Inc. v. Cobblestone Wireless LLC*); IPR2024-00319 (*Samsung Electronics America Inc. v. Cobblestone Wireless LLC*); IPR2024-00136 (*T-Mobile USA Inc. v. Cobblestone Wireless LLC*); IPR2024-00946 (*Cellco Partnership d/b/a Verizon Wireless v. Cobblestone Wireless LLC*); IPR2024-00707 (*Hewlett Packard Enterprise Co. v. Cobblestone Wireless LLC*); IPR2024-00606 (*Samsung Electronics America Inc. v. Cobblestone Wireless LLC*), and the filings in any other previous or subsequently filed IPR concerning the asserted patents.

**Notice/Limitation on Damages:** Apple incorporates by reference its objections and responses to Cobblestone's Interrogatory No. 5. As detailed in response to Cobblestone's Interrogatory No. 5, Apple did not receive actual notice of infringement of the Asserted Patents prior to the filing date of Cobblestone's Complaint. Likewise, Cobblestone has not complied with the marking statute and has not mandated that its licensees mark infringing products. Apple incorporates by reference its forthcoming notice pursuant to *Arctic Cat*.

Discovery is ongoing, and Apple has not yet completed its investigation of the facts relating to this Interrogatory. Apple expressly reserves the right to supplement and/or amend its response

to this Interrogatory at an appropriate time and as its investigation continues in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 20**

> Identify and describe Your license agreements pertaining to 3GPP 4G and/or 5G cellular technology, including but not limited to Your 2022 license agreement with Ericsson (https://www.ericsson.com/en/press-releases/2022/12/ericsson-and-apple-sign-global-patent-license-agreement); Your 2023 license agreement with Nokia (https://www.nokia.com/newsroom/nokia-and-apple-sign-long-term-patent-license-agreement/); Your 2022 license agreement with Interdigital (https://www.lightreading.com/5g/interdigital-inks-seven-year-938m-patent-deal-with-apple) as well as any predecessor and successor agreements to these or other cellular technology patent license. Your description should include negotiations, sought royalty rates, exchange of claim charts (if any), balancing payment calculations (if any), offered rates, accepted rates, alleged SEP patent counts, etc..

**RESPONSE TO INTERROGATORY NO. 20**

Apple incorporates by reference the above-stated Objections to Instructions and Definitions and General Objections as if fully set forth herein. Apple objects to this Interrogatory as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case, including to the extent it requests information not related to the accused functionality in the Accused Products. Apple further objects to the extent this Interrogatory seeks privileged communications or work product. Apple further objects to this Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. Apple further objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for discovery not reasonably calculated to lead to the discovery of documents supporting either party’s claims or defenses. Apple further objects to this Interrogatory to the extent the requested information is publicly available or in the possession or control of Plaintiff. Apple further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome,

and not proportional to the needs of this case including because it seeks "Your license agreements pertaining to 3GPP 4G and/or 5G cellular technology," "Your 2022 license agreement with Ericsson," "Your 2023 license agreement with Nokia," "Your 2022 license agreement with Interdigital," "any predecessor and successor agreements to these or other cellular technology patent license," "negotiations," "sought royalty rates," "exchange of claim charts (if any)," "balancing payment calculations (if any)," "offered rates," "accepted rates," "alleged SEP patent counts," "etc." In view of these objections, Cobblestone's Interrogatory is disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, Apple responds as follows:

Apple incorporates by reference its objections and responses to Cobblestone's Interrogatory No. 9. The Ericsson, Nokia, and InterDigital licenses are not comparable and therefore not relevant, including because they are licenses to large portfolios of standard-essential patents that are not comparable with any hypothetical license with Cobblestone regarding its patents, which Cobblestone has not contended are standard-essential patents. *See, e.g.*, *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363 (Fed. Cir. 2025). Indeed, Cobblestone has refused to substantively respond to whether its patents are standard-essential or non-standard-essential patents. *See* Cobblestone's Resp. to Interrog. No. 6.

Discovery is ongoing, and Apple has not yet completed its investigation of the facts relating to this Interrogatory. Apple expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 21**

> Describe in detail all product requirement documents, market studies, consumer surveys or other reports or analyses prepared by you, prepared on your behalf, or known by you

> identifying customer or industry preferences concerning the Accused Products and Relevant Components. Your answer should include the Bates numbers of all such documents, and all persons that possess related knowledge about these documents, studies, surveys or other reports or analyses.

**RESPONSE TO INTERROGATORY NO. 21**

Apple incorporates by reference the above-stated Objections to Instructions and Definitions and General Objections as if fully set forth herein. Apple objects to this Interrogatory as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case. Apple further objects to the extent this Interrogatory seeks privileged communications or work product. Apple further objects to this Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. Apple further objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for discovery not reasonably calculated to lead to the discovery of documents supporting either party's claims or defenses. Apple further objects to this Interrogatory to the extent the requested information is publicly available or in the possession or control of Plaintiff. Apple further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case including because it seeks "all product requirement documents, market studies, consumer surveys or other reports or analyses" and "customer or industry preferences."

Subject to and without waiving the foregoing objections, Apple responds as follows:

Apple incorporates by reference its objections and responses to Cobblestone's Interrogatory No. 6. Apple identifies Jeremy Hendricks as an Apple employee knowledgeable about marketing of the Accused Products.

Discovery is ongoing, and Apple has not yet completed its investigation of the facts relating to this Interrogatory. Apple expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 22**

> Identify all documents and things in Your possession relating to the use or testing of an Apple iPhone product for 5G communications or relating to a 5G base station vendor (e.g., Ericsson, Nokia), including any material relating to capabilities for CSI feedback, SRS, or other codebook or reciprocity beamforming procedures.

**RESPONSE TO INTERROGATORY NO. 22**

Apple incorporates by reference the above-stated Objections to Instructions and Definitions and General Objections as if fully set forth herein. Apple objects to this Interrogatory as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case, including to the extent it requests information not related to the accused functionality in the Accused Products. Apple further objects to the extent this Interrogatory seeks privileged communications or work product. Apple further objects to this Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. Apple further objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for discovery not reasonably calculated to lead to the discovery of documents supporting either party's claims or defenses. Apple further objects to this Interrogatory to the extent the requested information is publicly available or in the possession or control of Plaintiff. Apple further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks information about "use or testing"

and "material relating to capabilities for CSI feedback, SRS, or other codebook or reciprocity beamforming procedures." Apple further objects to this Interrogatory as vague and ambiguous to the extent it refers to "5G communications or relating to a 5G base station vendor (e.g., Ericsson, Nokia)" without defining such terms.

Subject to and without waiving the foregoing objections, Apple responds as follows:

Apple incorporates by reference its objections and responses to Cobblestone's Interrogatory No. 16.

Discovery is ongoing, and Apple has not yet completed its investigation of the facts relating to this Interrogatory. Apple expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 23**

> Identify all documents and things in Your possession relating to 5G NR communications involving to a 5G base station vendor (e.g., Ericsson, Nokia), including any material relating to codebook beam forming, reciprocity beam forming, carrier aggregation, and dual connectivity.

**RESPONSE TO INTERROGATORY NO. 23**

Apple incorporates by reference the above-stated Objections to Instructions and Definitions and General Objections as if fully set forth herein. Apple objects to this Interrogatory as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of the case, including to the extent it requests information not related to the accused functionality in the Accused Products. Apple further objects to the extent this Interrogatory seeks privileged communications or work product. Apple further objects to this Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidentiality

obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. Apple further objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for discovery not reasonably calculated to lead to the discovery of documents supporting either party's claims or defenses. Apple further objects to this Interrogatory to the extent the requested information is publicly available or in the possession or control of Plaintiff. Apple further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "all documents and things in Your possession relating to 5G NR communications involving to a 5G base station vendor" and "any material relating to codebook beam forming, reciprocity beam forming, carrier aggregation, and dual connectivity." Apple further objects to this Interrogatory as vague and ambiguous to the extent it refers to "5G NR communications" without defining such terms.

Subject to and without waiving the foregoing objections, Apple responds as follows:

Apple agrees to meet and confer regarding the scope of this interrogatory.

Discovery is ongoing, and Apple has not yet completed its investigation of the facts relating to this Interrogatory. Apple expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 24**

> Identify and describe all Qualcomm release documentation or other Qualcomm documentation in Your possession or that Qualcomm makes available to You relating to the accused products, relevant components, or 5G NR features.

**RESPONSE TO INTERROGATORY NO. 24**

Apple incorporates by reference the above-stated Objections to Instructions and Definitions and General Objections as if fully set forth herein. Apple objects to this Interrogatory as overly broad, vague, indefinite, unreasonably burdensome, and not proportional to the needs of

the case, including to the extent it requests information not related to the accused functionality in the Accused Products. Apple further objects to the extent this Interrogatory seeks privileged communications or work product. Apple further objects to this Interrogatory to the extent it seeks information, the production of documents, and/or things that Apple is under an obligation not to disclose, including information or documents that would require Apple to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. Apple further objects to this Interrogatory as overly broad and unduly burdensome to the extent it calls for discovery not reasonably calculated to lead to the discovery of documents supporting either party's claims or defenses. Apple further objects to this Interrogatory to the extent the requested information is publicly available or in the possession or control of Plaintiff. Apple further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "all Qualcomm release documentation or other Qualcomm documentation" and "relating to the accused products, relevant components, or 5G NR features." Apple further objects to this Interrogatory as vague and ambiguous to the extent it refers to "5G NR features" without defining such terms.

Subject to and without waiving the foregoing objections, Apple responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the following documents may include relevant information responsive to this Interrogatory: APL-COBLESTN_00302022—APL-COBLESTN_00303872, APL-COBLESTN_00332656—APL-COBLESTN_00338451, APL-COBLESTN_00338470—APL-COBLESTN_00338490, APL-COBLESTN_00338684—APL-COBLESTN_00338690.

Discovery is ongoing, and Apple has not yet completed its investigation of the facts relating to this Interrogatory. Apple expressly reserves the right to supplement and/or amend its response

to this Interrogatory at an appropriate time and as its investigation continues in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

DATED: February 6, 2026

Respectfully submitted,

*/s/ Kevin J. Post*

Steven J. Wingard
Texas Bar No. 00788694
swingard@scottdoug.com
Stephen L. Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com
Robert ("Robby") P. Earle
Texas Bar No. 24124566
rearle@scottdoug.com
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Steven Pepe
(NY Bar No. 2810430)
Kevin J. Post
(NY Bar No. 4382214)
Alexander E. Middleton
(NY Bar No. 4797114)
Lance W. Shapiro
(NY Bar No. 5397955)
Brian P. Lebow
(NY Bar No. 5992573)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
spepe@sheppardmullin.com
kpost@sheppardmullin.com
amiddleton@sheppardmullin.com
lshapiro@sheppardmullin.com
blebow@sheppardmullin.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on February 6, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing by email.

*/s/ Kevin J. Post*