# YUAN MA
# EXHIBT 12B

# TRANSLATION CERTIFICATION

Date: 2026/08/21

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- Exhibit 8_Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China.pdf

Wu You, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Wu You

Signature of Wu You, Managing Director

# Interpretation of the Supreme People's Court on the Application of the *Civil Procedure Law of the People's Republic of China* (2022 Revision)

**Issuing Authority:** Supreme People's Court

**Release Date:** April 1, 2022

**Effective Date:** April 10, 2022

**Timeliness:** Currently Effective

---

**Table of Contents**

I. Jurisdiction
II. Withdrawal
III. Litigation Participants
IV. Evidence
V. Time Periods and Service
VI. Mediation
VII. Preservation and Advance Execution
VIII. Coercive Measures Against Obstruction of Civil Litigation
IX. Litigation Costs
X. Ordinary Procedure of First Instance
XI. Summary Procedure
XII. Small Claims Litigation in Summary Procedure
XIII. Public Interest Litigation
XIV. Third-Party Revocation Lawsuits
XV. Execution Objection Lawsuits
XVI. Second Instance Procedure
XVII. Special Procedure
XVIII. Trial Supervision Procedure
XIX. Urging Procedure
XX. Public Summons Procedure
XXI. Execution Procedure
XXII. Special Provisions for Procedures of Civil Litigation Involving Foreign Elements
**XXIII. Supplementary Provisions**

BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
<5>

**Interpretation of the Supreme People's Court on the Application of the *Civil Procedure Law of the People's Republic of China* (2022 Revision)**

(Adopted at the 1636th meeting of the Adjudication Committee of the Supreme People's Court on December 18, 2014; amended for the first time in accordance with the *Decision of the Supreme People's Court to Amend 19 Judicial Interpretations on Civil Procedure Including the Provisions by the Supreme People's Court on Several Issues Concerning the Civil Mediation Work of the People's Courts* adopted at the 1823rd meeting of the Adjudication Committee of the Supreme People's Court on December 23, 2020; amended for the second time in accordance with the *Decision of the Supreme People's Court to Amend the Interpretation by the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China* adopted at the 1866th meeting of the Adjudication Committee of the Supreme People's Court on March 22, 2022, which came into effect on April 10, 2022)

On August 31, 2012, the 28th Session of the Standing Committee of the Eleventh National People's Congress deliberated and adopted the *Decision on Amending the Civil Procedure Law of the People's Republic of China*. In accordance with the amended Civil Procedure Law and in light of the actual civil trial and execution work of the people's courts, this Interpretation is formulated.

**I. Jurisdiction**

**Article 1** Major foreign-related cases stipulated in Item 1, Article 19 of the Civil Procedure Law include cases with a large amount in dispute regarding the object of action, cases with complex circumstances, or cases with major impact such as a large number of parties on one side.

**Article 2** Patent dispute cases shall be under the jurisdiction of intellectual property courts, intermediate people's courts determined by the Supreme People's Court, and grass-roots people's courts.

Maritime and maritime commercial cases shall be under the jurisdiction of maritime courts.

**Article 3** The domicile of a citizen refers to the place of the citizen's household registration, and the domicile of a legal person or other organization refers to the place of the principal administrative office of the legal person or other organization.

If the principal administrative office of a legal person or other organization cannot be determined, the place of registration or incorporation of the legal person or other organization shall be its domicile.

**Article 4** The habitual residence of a citizen refers to the place where the citizen has lived continuously for more than one year since leaving his or her domicile up to the time of instituting the lawsuit, except for the place where the citizen is hospitalized for medical treatment.

**Article 5** Lawsuits filed against an individual partnership or a partnership-type joint venture without an administrative office shall be under the jurisdiction of the people's court in the place of registration of the defendant. If there is no registration and several defendants are not in the same jurisdictional area, the people's courts in the places of domicile of the defendants shall all have jurisdiction.

**Article 6** If a defendant's household registration has been canceled, jurisdiction shall be determined in accordance with the provisions of Article 23 of the Civil Procedure Law; if the household registrations of both the plaintiff and the defendant have been canceled, the case shall be under the jurisdiction of the people's court in the defendant's place of residence.

**Article 7** If a party's household registration has been moved out but not yet registered elsewhere, and the party has a habitual residence, the case shall be under the jurisdiction of the people's court of that place; if the party has no habitual residence, it shall be under the jurisdiction of the people's court in the place of his or her original household registration.

**Article 8** If both parties are imprisoned or subjected to mandatory educational measures, the case shall be under the jurisdiction of the people's court in the original domicile of the defendant. If the defendant has been imprisoned or subjected to mandatory educational measures for more than one year, the case shall be under the jurisdiction of the people's court in the place where the defendant is imprisoned or subjected to mandatory educational measures.

**Article 9** For cases claiming alimony, support, or child support where several defendants are domiciled in different jurisdictional areas, the people's court in the plaintiff's domicile may have jurisdiction.

**Article 10** Cases challenging the designation of guardianship or the alteration of guardianship relations may be under the jurisdiction of the people's court in the domicile of the ward.

**Article 11** Civil cases in which both parties are military personnel or military units shall be under the jurisdiction of military courts.

BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL

**Article 83** In litigation, the guardian of a person without civil capacity or a person with limited civil capacity is his or her statutory agent. If no guardian has been determined in advance, persons qualified for guardianship may determine one through consultation; if consultation fails, the people's court shall appoint one of them as the statutory agent in the litigation. If a party has no guardian as prescribed in Articles 27 and 28 of the Civil Code, the relevant organizations prescribed in Article 32 of the Civil Code may be appointed to serve as the statutory agent in the litigation.

**Article 84** Persons without civil capacity, persons with limited civil capacity, and others who cannot serve as an agent ad litem according to law shall not be entrusted by the parties to act as an agent ad litem.

**Article 85** In accordance with Item 2, Paragraph 2, Article 61 of the Civil Procedure Law, relatives who have husband-wife relations, direct blood relations, collateral blood relations within three generations, close affinal relations with the party, and other relatives who have maintenance or support relations, may serve as an agent ad litem in the name of the party's close relatives.

**Article 86** In accordance with Item 2, Paragraph 2, Article 61 of the Civil Procedure Law, employees who have a lawful labor and personnel relationship with the party may serve as an agent ad litem in the name of the party's staff member.

**Article 87** In accordance with Item 3, Paragraph 2, Article 61 of the Civil Procedure Law, citizens recommended by relevant social organizations to serve as an agent ad litem shall meet the following conditions:

(1) The social organization belongs to a non-profit legal person organization lawfully registered and established or exempted from registration and establishment according to law;

(2) The represented person is a member of the social organization, or the domicile of one of the parties is located within the activity area of the social organization;

(3) The agency matter falls within the business scope specified in the articles of association of the social organization;

(4) The recommended citizen is the person in charge of the social organization or a staff member having a lawful labor and personnel relationship with the social organization.

Patent agents recommended by the All-China Patent Attorneys Association may serve as an agent ad litem in patent dispute cases.

**Article 88** In addition to submitting a power of attorney in accordance with the provisions of Article 62 of the Civil Procedure Law, an agent ad litem shall also submit relevant materials to the people's court in accordance with the following provisions:

(1) Lawyers shall submit a lawyer's practice certificate and certification materials from the law firm;

(2) Grass-roots legal service workers shall submit a legal service worker's practice certificate, an introduction letter issued by the grass-roots legal service office, and certification materials showing that one of the parties is located within its jurisdiction;

(3) Close relatives of the party shall submit identity documents and certification materials showing their close relationship with the principal;

(4) Staff members of the party shall submit identity documents and certification materials showing a lawful labor and personnel relationship with the party;

(5) Citizens recommended by the community or unit to which the party belongs shall submit identity documents, recommendation materials, and certification materials proving that the party belongs to that community or unit;

(6) Citizens recommended by relevant social organizations shall submit identity documents and certification materials proving they meet the conditions specified in Article 87 of this Interpretation.

**Article 89** The power of attorney submitted by a party to the people's court shall be delivered to the people's court before the trial opens. If the power of attorney only states "full authorization" without specific authorization, the agent ad litem has no right to acknowledge, waive, or alter litigation requests, to reach a settlement, to file a counterclaim, or to file an appeal on behalf of the principal.

For cases tried according to the summary procedure where both parties appear in court at the same time and the trial commences directly, an agent ad litem may be entrusted orally on the spot, which shall be recorded in the transcript by the people's court.

### IV. Evidence

**Article 90** A party shall provide evidence to prove the facts on which its litigation requests are based or the facts on which it refutes the opponent's litigation requests, unless otherwise provided by law.

If, before rendering a judgment, a party fails to provide evidence or the evidence is insufficient to prove its factual claims, the party bearing the burden of proof shall bear the adverse consequences.

**Article 91** The people's court shall determine the bearing of the burden of proof in accordance with the following principles, unless otherwise provided by law:

(1) The party claiming the existence of a legal relationship shall bear the burden of proof for the basic facts giving rise to that legal relationship;

BEIJING SPIRIT TRANSLATION CO.

(2) The party claiming the alteration or extinction of a legal relationship or the infringement of a right shall bear the burden of proof for the basic facts concerning the alteration or extinction of the legal relationship or the infringement of the right.

**Article 92** If a party expressly admits in a court hearing or in written materials such as a statement of claim, a statement of defense, or a statement of agency to facts unfavorable to itself, the other party need not provide evidence to prove them.

For facts involving identity relationships, national interests, social public interests, etc., which should be investigated by the people's court ex officio, the provisions on admission in the preceding paragraph shall not apply.

If admitted facts are inconsistent with ascertained facts, the people's court shall not confirm them.

**Article 93** The parties do not need to provide evidence to prove the following facts:

(1) Laws of nature, theorems, and rules;

(2) Facts known to all;

(3) Facts presumed in accordance with legal provisions;

(4) Another fact presumed from known facts and rules of everyday experience;

(5) Facts confirmed by legally effective judgments of a people's court;

(6) Facts confirmed by effective awards of an arbitration institution;

(7) Facts proved by valid notarial documents.

The facts prescribed in Items 2 to 4 of the preceding paragraph are exceptions if a party has contrary evidence sufficient to rebut them; the facts prescribed in Items 5 to 7 are exceptions if a party has contrary evidence sufficient to overturn them.

**Article 94** The evidence that a party and its agent ad litem cannot collect on their own due to objective reasons as stipulated in Paragraph 2, Article 67 of the Civil Procedure Law includes:

(1) Evidence preserved by relevant state departments, which the party and its agent ad litem have no right to consult and retrieve;

(2) Evidence involving state secrets, commercial secrets, or personal privacy;

(3) Other evidence that the party and its agent ad litem cannot collect on their own due to objective reasons.

For evidence that a party and its agent ad litem cannot collect on their own due to objective reasons, they may submit a written application to the people's court for investigation and collection before the expiration of the evidence provision period.

**Article 95** If the evidence applied to be investigated and collected by a party is unrelated to the facts to be proved, of no significance to proving the facts, or otherwise unnecessary to investigate and collect, the people's court shall not approve it.

**Article 96** The evidence deemed necessary by a people's court for trying a case as stipulated in Paragraph 2, Article 67 of the Civil Procedure Law includes:

(1) Evidence involving matters that may harm national interests or social public interests;

(2) Evidence involving identity relationships;

(3) Evidence involving lawsuits stipulated in Article 58 of the Civil Procedure Law;

(4) Cases where there is a possibility of malicious collusion by the parties to harm the lawful rights and interests of others;

BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL

# 最高人民法院关于适用《中华人民共和国民事诉讼法》的解释（2022修正）

**发 文 机 关:**最高人民法院

**发 布 日 期:**2022.04.01

**生 效 日 期:**2022.04.10

**时 效 性:**现行有效

## 目 录

一、管辖
二、回避
三、诉讼参加人
四、证据
五、期间和送达
六、调解
七、保全和先予执行
八、对妨害民事诉讼的强制措施
九、诉讼费用
十、第一审普通程序
十一、简易程序
十二、简易程序中的小额诉讼
十三、公益诉讼
十四、第三人撤销之诉
十五、执行异议之诉
十六、第二审程序
十七、特别程序
十八、审判监督程序
十九、督促程序
二十、公示催告程序
二十一、执行程序
二十二、涉外民事诉讼程序的特别规定
**二十三、附则**

**最高人民法院关于适用《中华人民共和国民事诉讼法》的解释（2022 修正）**

（2014 年 12 月 18 日最高人民法院审判委员会第 1636 次会议通过；根据 2020 年 12 月 23 日最高人民法院审判委员会第 1823 次会议通过的《最高人民法院关于修改〈最高人民法院关于人民法院民事调解工作若干问题的规定〉等十九件民事诉讼类司法解释的决定》第一次修正；根据 2022 年 3 月 22 日最高人民法院审判委员会第 1866 次会议通过的《最高人民法院关于修改〈最高人民法院关于适用《中华人民共和国民事诉讼法》的解释〉的决定》第二次修正，该修正自 2022 年 4 月 10 日起施行）

2012 年 8 月 31 日，第十一届全国人民代表大会常务委员会第二十八次会议审议通过了《关于修改〈中华人民共和国民事诉讼法〉的决定》。根据修改后的民事诉讼法，结合人民法院民事审判和执行工作实际，制定本解释。

**一、管辖**

**第一条**　民事诉讼法第十九条第一项规定的重大涉外案件，包括争议标的额大的案件、案情复杂的案件，或者一方当事人人数众多等具有重大影响的案件。

**第二条**　专利纠纷案件由知识产权法院、最高人民法院确定的中级人民法院和基层人民法院管辖。

海事、海商案件由海事法院管辖。

**第三条**　公民的住所地是指公民的户籍所在地，法人或者其他组织的住所地是指法人或者其他组织的主要办事机构所在地。

法人或者其他组织的主要办事机构所在地不能确定的，法人或者其他组织的注册地或者登记地为住所地。

**第四条**　公民的经常居住地是指公民离开住所地至起诉时已连续居住一年以上的地方，但公民住院就医的地方除外。

**第五条**　对没有办事机构的个人合伙、合伙型联营体提起的诉讼，由被告注册登记地人民法院管辖。没有注册登记，几个被告又不在同一辖区的，被告住所地的人民法院都有管辖权。

**第六条**　被告被注销户籍的，依照民事诉讼法第二十三条规定确定管辖；原告、被告均被注销户籍的，由被告居住地人民法院管辖。

**第七条**　当事人的户籍迁出后尚未落户，有经常居住地的，由该地人民法院管辖；没有经常居住地的，由其原户籍所在地人民法院管辖。

**第八条**　双方当事人都被监禁或者被采取强制性教育措施的，由被告原住所地人民法院管辖。被告被监禁或者被采取强制性教育措施一年以上的，由被告被监禁地或者被采取强制性教育措施地人民法院管辖。

**第九条**　追索赡养费、扶养费、抚养费案件的几个被告住所地不在同一辖区的，可以由原告住所地人民法院管辖。

**第十条**　不服指定监护或者变更监护关系的案件，可以由被监护人住所地人民法院管辖。

**第十一条**　双方当事人均为军人或者军队单位的民事案件由军事法院管辖。

**第八十三条** 在诉讼中，无民事行为能力人、限制民事行为能力人的监护人是他的法定代理人。事先没有确定监护人的，可以由有监护资格的人协商确定；协商不成的，由人民法院在他们之中指定诉讼中的法定代理人。当事人没有民法典第二十七条、第二十八条规定的监护人的，可以指定民法典第三十二条规定的有关组织担任诉讼中的法定代理人。

**第八十四条** 无民事行为能力人、限制民事行为能力人以及其他依法不能作为诉讼代理人的，当事人不得委托其作为诉讼代理人。

**第八十五条** 根据民事诉讼法第六十一条第二款第二项规定，与当事人有夫妻、直系血亲、三代以内旁系血亲、近姻亲关系以及其他有抚养、赡养关系的亲属，可以当事人近亲属的名义作为诉讼代理人。

**第八十六条** 根据民事诉讼法第六十一条第二款第二项规定，与当事人有合法劳动人事关系的职工，可以当事人工作人员的名义作为诉讼代理人。

**第八十七条** 根据民事诉讼法第六十一条第二款第三项规定，有关社会团体推荐公民担任诉讼代理人的，应当符合下列条件：

（一）社会团体属于依法登记设立或者依法免予登记设立的非营利性法人组织；

（二）被代理人属于该社会团体的成员，或者当事人一方住所地位于该社会团体的活动地域；

（三）代理事务属于该社会团体章程载明的业务范围；

（四）被推荐的公民是该社会团体的负责人或者与该社会团体有合法劳动人事关系的工作人员。

专利代理人经中华全国专利代理人协会推荐，可以在专利纠纷案件中担任诉讼代理人。

**第八十八条** 诉讼代理人除根据民事诉讼法第六十二条规定提交授权委托书外，还应当按照下列规定向人民法院提交相关材料：

（一）律师应当提交律师执业证、律师事务所证明材料；

（二）基层法律服务工作者应当提交法律服务工作者执业证、基层法律服务所出具的介绍信以及当事人一方位于本辖区内的证明材料；

（三）当事人的近亲属应当提交身份证件和与委托人有近亲属关系的证明材料；

（四）当事人的工作人员应当提交身份证件和与当事人有合法劳动人事关系的证明材料；

（五）当事人所在社区、单位推荐的公民应当提交身份证件、推荐材料和当事人属于该社区、单位的证明材料；

（六）有关社会团体推荐的公民应当提交身份证件和符合本解释第八十七条规定条件的证明材料。

**第八十九条** 当事人向人民法院提交的授权委托书，应当在开庭审理前送交人民法院。授权委托书仅写“全权代理”而无具体授权的，诉讼代理人无权代为承认、放弃、变更诉讼请求，进行和解，提出反诉或者提起上诉。

适用简易程序审理的案件，双方当事人同时到庭并径行开庭审理的，可以当场口头委托诉讼代理人，由人民法院记入笔录。

## 四、证据

**第九十条** 当事人对自己提出的诉讼请求所依据的事实或者反驳对方诉讼请求所依据的事实，应当提供证据加以证明，但法律另有规定的除外。

在作出判决前，当事人未能提供证据或者证据不足以证明其事实主张的，由负有举证证明责任的当事人承担不利的后果。

**第九十一条** 人民法院应当依照下列原则确定举证证明责任的承担，但法律另有规定的除外：

(一)主张法律关系存在的当事人，应当对产生该法律关系的基本事实承担举证证明责任；

(二)主张法律关系变更、消灭或者权利受到妨害的当事人，应当对该法律关系变更、消灭或者权利受到妨害的基本事实承担举证证明责任。

**第九十二条** 一方当事人在法庭审理中，或者在起诉状、答辩状、代理词等书面材料中，对于己不利的事实明确表示承认的，另一方当事人无需举证证明。

对于涉及身份关系、国家利益、社会公共利益等应当由人民法院依职权调查的事实，不适用前款自认的规定。

自认的事实与查明的事实不符的，人民法院不予确认。

**第九十三条** 下列事实，当事人无须举证证明：

(一)自然规律以及定理、定律；

(二)众所周知的事实；

(三)根据法律规定推定的事实；

(四)根据已知的事实和日常生活经验法则推定出的另一事实；

(五)已为人民法院发生法律效力的裁判所确认的事实；

(六)已为仲裁机构生效裁决所确认的事实；

(七)已为有效公证文书所证明的事实。

前款第二项至第四项规定的事实，当事人有相反证据足以反驳的除外；第五项至第七项规定的事实，当事人有相反证据足以推翻的除外。

**第九十四条** 民事诉讼法第六十七条第二款规定的当事人及其诉讼代理人因客观原因不能自行收集的证据包括：

(一)证据由国家有关部门保存，当事人及其诉讼代理人无权查阅调取的；

(二)涉及国家秘密、商业秘密或者个人隐私的；

(三)当事人及其诉讼代理人因客观原因不能自行收集的其他证据。

当事人及其诉讼代理人因客观原因不能自行收集的证据，可以在举证期限届满前书面申请人民法院调查收集。

**第九十五条** 当事人申请调查收集的证据，与待证事实无关联、对证明待证事实无意义或者其他无调查收集必要的，人民法院不予准许。

**第九十六条** 民事诉讼法第六十七条第二款规定的人民法院认为审理案件需要的证据包括：

(一)涉及可能损害国家利益、社会公共利益的；

(二)涉及身份关系的；

(三)涉及民事诉讼法第五十八条规定诉讼的；

(四)当事人有恶意串通损害他人合法权益可能的；