# Yang Supplemental Ex. 2

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

Date: 2026/09/03

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- Supp. Ex. 2

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Samuel Wu

Signature of **Samuel Wu**, Managing Director



299 South Main Street, Suite 1300
Salt Lake City, UT 84111

| | |
|---|---|
| **Court** | The Supreme People's Court |
| **Case No.** | (2021) Supreme People's Court Civil Application for Retrial No. 273 |
| **Date of Judgment** | March 16, 2021 |
| **Cause of Action** | Civil/Contract, Quasi-contract/Contract Dispute/Loan Contract Dispute/Private Lending Dispute |

Petitioner for Retrial (Third Party in the First Instance, Appellant in the Second Instance): Wang XXX, male, Han ethnicity, born on February 8, 1968, residing in Yuancheng District, Heyuan City, Guangdong Province.

Authorized Litigation Representative: Jie Lixia, Attorney at Law of Beijing Hengdu (Shenzhen) Law Firm.

Respondent (Plaintiff in the First Instance, Appellee in the Second Instance): Zeng XXX, male, Han ethnicity, born on September 25, 1986, residing in Lianping County, Guangdong Province.

Respondent (Defendant in the First Instance, Appellee in the Second Instance): Lanping Sifang Mining Co., Ltd., with its domicile at Lanping Bai and Pumi Autonomous County, Nujiang Lisu Autonomous Prefecture, Yunnan Province.

Legal Representative: Zeng Guanquan, Executive Director of the Company.

Petitioner for Retrial Wang XXX, in connection with a dispute over private lending between himself and the respondents Zeng XXX and Lanping Sifang Mining Co., Ltd. (hereinafter referred to as "Sifang Company"), was dissatisfied with the Civil Judgment of this Court (2020) Supreme People's Court Civil Final No. 22 and applied to this Court for retrial. This Court duly formed a collegiate bench to review this case, and the review has now been concluded.

Wang XXX, in his application for retrial, asserted that the original judgment contained errors in its determination of facts and application of law, and, pursuant to Item 2 and Item 6 of Article 200 of the Civil Procedure Law of the People's Republic of China, applied for retrial, requesting that a retrial be conducted in accordance with the law. The reasons are as follows: (I) There is no evidence to establish the fact alleged by Zeng XXX that a lending relationship existed between Zeng XXX and Sifang Company, and the relevant loan contract submitted contains material defects; therefore, the evidence on record is insufficient to establish that a lending relationship between Zeng XXX and Sifang Company was formed. There was no circumstance whatsoever in this case in which Zeng XXX and Sifang Company entered into a Loan Contract. The funds transferred by Zeng XXX to Sifang Company were, in fact, additional investment funds contributed by Zeng Guanquan to Sifang Company. (II) With the assistance of Zeng XXX's agent, Zeng XXX, Zeng Guanquan, and Zeng Yongbiao maliciously colluded to fabricate a false Loan Contract and fabricate high amounts of interest, in an attempt to use legitimate civil litigation procedures to infringe upon the rights and interests of Sifang Company and those of Wang XXX as a third-party minority shareholder of the Company, with the purpose of forcing Wang XXX to bear the debt against his will, thereby enabling them to assume full control over Sifang Company and enjoy all of the mining revenues. This case clearly constitutes a case of false litigation and fully falls within the relevant provisions of the Guiding Opinions of the Supreme People's Court on Preventing and Sanctioning False Litigation. (III) The Yuexiu District People's Court of Guangzhou City, Guangdong Province determined that the place of execution of the Loan Contract at issue in this case was Nujiang, Yunnan Province. Such determination is clearly erroneous as a finding of fact, and there is no evidence to establish it.

This Court, upon examination, holds that, based on the facts of the case and the provisions of law, the grounds asserted by Wang XXX in his application for retrial are without merit, for the following reasons:

Regarding whether the loan at issue was genuine and lawful. From the perspective of the standard of proof, the standard of proof in civil litigation is "high probability," that is, based on ordinary perceptions, determining which of two contradictory facts to be proved is more likely to be true. In this case, with respect to whether the lending relationship was genuine, including the authenticity of the Loan Contract, based on the existing evidence, all parties confirmed that Zeng XXX remitted RMB 17.64 million to Sifang Company and indicated in the transfer remarks that the nature of the transfer was "loan." Accordingly, Zeng XXX and Sifang Company subsequently entered into the Loan Contract, and Sifang Company raised no objection to the fact of the loan. According to the facts ascertained in the original trial, all of the RMB 17.64 million in loans occurred during the period when Wang XXX was serving in Sifang Company. At that time, Wang XXX served as the general manager of Sifang Company and was in charge of the Company's daily operations;

he was also responsible for approving financial expenditures, and his mobile phone number was linked to Sifang Company's account, enabling him to keep abreast of the Company's changes in funds at any time. This indicates that Wang XXX was aware of the Company's operating condition of having no source of income and was also aware that the Company's financing came from Zeng XXX. In addition, during the original trial proceedings, Wang XXX also admitted the fact that Sifang Company had borrowed money from Zeng XXX but had already repaid it. Clearly, in this case, the probative value of the evidence submitted by Zeng XXX was manifestly greater than that of the evidence submitted by Wang XXX, and the facts to be proved may therefore be established. Accordingly, the original judgment's determination that a valid legal relationship under a Loan Contract was established between Zeng XXX and Sifang Company was not unsupported by evidence, and there was no improper application of law. With respect to Wang XXX's contention that the funds at issue constituted the personal investment funds of shareholder Zeng Guanquan, Wang XXX failed to provide sufficient evidence to establish that Zeng Guanquan, in his individual capacity, had an obligation to make an investment in Sifang Company. Moreover, Wang XXX, as one of the shareholders, did not provide any financing to Sifang Company. Therefore, based on the existing evidence, the foregoing ground asserted by Wang XXX in his application for retrial cannot be established.

Regarding the place of execution of the Loan Contract at issue. Upon examination, according to the Civil Ruling No. 1 of the Yuexiu District People's Court of Guangzhou City, Guangdong Province (2018) Yue 0104 Min Chu No. 2394, it is stated as follows: "On August 23, 2017, Zeng XXX and Sifang Company entered into the Loan Contract numbered 2017 Jie Zi 08001. The Loan Contract at issue states that the place of execution of the contract was Hongyin Street, Yuexiu District, Guangzhou City, and the plaintiff and defendant agreed that the court with jurisdiction over disputes would be the court at the place of execution of the contract. During the trial of this case, this Court questioned all parties to the case, and Sifang Company stated that the actual place of execution of the contract at issue was Nujiang Lisu Autonomous Prefecture, Yunnan Province, while Zeng XXX also confirmed that the contract at issue was not executed in Yuexiu District, Guangzhou City. The plaintiff and defendant falsely agreed that the place of execution of the contract at issue was Yuexiu District, Guangzhou City in order to circumvent territorial jurisdiction." Therefore, the place of execution of the Loan Contract at issue, namely Nujiang Lisu Autonomous Prefecture, Yunnan Province, has been confirmed by an effective judicial decision, and Wang XXX has not submitted any evidence to the contrary sufficient to overturn such determination. Accordingly, there was no impropriety in the original judgment's confirmation thereof on this basis.

In conclusion, Wang XXX's application for retrial does not fall within the circumstances under Items 2 and 6 of Article 200 of the Civil Procedure Law of the People's Republic of China under which a retrial shall be conducted. In accordance with the first paragraph of Article 204 of the Civil Procedure Law of the People's Republic of China and the second paragraph of Article 395 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China, it is hereby ruled as follows:

Wang XXX's application for retrial is dismissed.

Presiding Judge: Wang Tao
Judge: Zhang Nengbao
Judge: Wang Yunfei

March 16, 2021
Judge's Assistant: Xu Dongdong
Court Clerk: Zhen Jiaming

Scan the QR code for a more convenient mobile reading experience

# 王某、曾某民间借贷纠纷再审审查与审判监督民事裁定书

**审 理 法 院:**最高人民法院

**案 号:**(2021)最高法民申 273 号

**裁 判 日 期:**2021.03.16

**案 由:**民事/合同、准合同纠纷/合同纠纷/借款合同纠纷/民间借贷纠纷

再审申请人（一审第三人、二审上诉人）：王某，男，汉族，1968 年 2 月 8 日出生，住广东省河源市源城区。

委托诉讼代理人：揭立霞，北京恒都（深圳）律师事务所律师。

被申请人（一审原告、二审被上诉人）：曾某，男，汉族，1986 年 9 月 25 日出生，住广东省连平县。

被申请人（一审被告、二审被上诉人）：兰坪四方矿业有限公司，住所地云南省怒江傈僳族自治州兰坪白族普米族自治县。

法定代表人：曾贯泉，该公司执行董事。

再审申请人王某因与被申请人曾某、兰坪四方矿业有限公司（以下简称四方公司）民间借贷纠纷一案，不服本院 （2020）最高法民终 22 号民事判决，向本院申请再审。本院依法组成合议庭对本案进行了审查，现已审查终结。

王某申请再审称，原判决认定事实和适用法律错误，依据《 中华人民共和国民事诉讼法》 第二百条第二项、第六项申请再审，请求依法再审。理由如下：（一）曾某主张其与四方公司之间存在借款关系的事实没有证据证明，出具的相关借款合同存在重大瑕疵，因此在案证据不能证明曾某与四方公司之间的借款关系成立。本案根本就不存在曾某与四方公司签订《借款合同》的情况，曾某向四方公司的转款，实际上是曾贯泉向四方公司追加的投资款。（二）在曾某代理人的协助下，曾某、曾贯泉、曾勇标三人恶意串通伪造虚假的借款合同、虚构高额利息，试图借用合法的民事诉讼程序侵害四方公司以及作为公司小股东第三人王某的权益，其目的是迫使王某强行背负债务，从而实现由其全部掌管四方公司、享有全部矿山收益。本案明显属于虚假诉讼，完全符合《 最高人民法院关于防范和制裁虚假诉讼的指导意见》的相关规定。（三）广东省广州市越秀区人民法院认定案涉《借款合同》的签订地为云南省怒江，该认定明显属于事实认定错误，且没有证据证明。

本院经审查认为，根据案件事实及法律规定，王某的申请再审事由不能成立，理由如下：

关于案涉借款是否真实、合法的问题。从证明标准角度而言，民事诉讼的证明标准为“高度盖然性”，即以一般观念为准，两种相悖的待证事实何者可能性更高。本案中，关于借款关系是否真实包括《借款合同》的真实性，根据现有证据来看，各方均确认曾某向四方公司汇款 1764 万元并备注转账性质为“借款”。为此，曾某与四方公司补签了《借款合同》，四方公司对借款事实并无异议。根据原审查明，1764 万元借款均发生在王某在四方公司任职期间，王某当时担任了四方公司的总经理主持公司的日常

工作,还负责审批财务开支,其手机号绑定了四方公司账户亦可随时掌握公司的资金变动。由此说明,王某了解公司无收入来源的经营状况,对公司融资来源于曾某亦知情，加之在原庭审时王某也承认四方公司曾向曾某借过款但已归还的事实。显然，本案中，曾某所举证据的证明力明显大于王某所举证据的证明力，且可以认定待证事实，因此，原判决认定曾某与四方公司之间成立有效的借款合同法律关系，并不缺乏证据证明，适用法律亦无不当。关于王某主张案涉款项系股东曾贯泉的个人投资款,未提供充分证据证明曾贯泉个人具有向四方公司投资的义务,加之作为股东之一的王某亦未向四方公司提供任何融资。因此,基于现有证据，王某的上述再审申请理由不能成立。

关于案涉《借款合同》的签订地。经查，根据广东省广州市越秀区人民法院(2018)粤 0104 民初 2394 号之一民事裁定书载明：“2017 年 8 月 23 日,曾某与四方公司签订编号为 2017 借字 08001 号《借款合同》,案涉《借款合同》载明的合同签订地为广州市越秀区洪荫街,原告与被告约定争议解决的管辖法院为合同签订地法院。在本案审理过程中,本院庭询各方当事人,四方公司陈述案涉合同签订地实际上为云南省怒江傈僳族自治州,曾某亦确认案涉合同未在广州市越秀区签署。原被告双方为规避地域管辖,虚假约定案涉合同的签订地为广州市越秀区。”因此，案涉《借款合同》签订地为云南省怒江傈僳族自治州由生效的裁判文书予以确认，王某亦未提交相反证据足以推翻，原判决据此予以确认，并无不当。

综上，王某的再审申请不符合《中华人民共和国民事诉讼法》第二百条第二项、第六项应当再审的情形。依照《中华人民共和国民事诉讼法》第二百零四条第一款，《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第三百九十五条第二款之规定，裁定如下：

驳回王某的再审申请。

审判长：王涛

审判员：张能宝

审判员：王云飞

二〇二一年三月十六日

法官助理：许冬冬

书记员：甄嘉铭

扫一扫，手机阅读更方便