# Yang Supplemental Ex. 3

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

Date: 2026/09/03

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- Supp. Ex. 3

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Samuel Wu

Signature of **Samuel Wu**, Managing Director



299 South Main Street, Suite 1300
Salt Lake City, UT 84111

# Interpretation of the Supreme People's Court on the Application of the *Civil Procedure Law* of the People's Republic of China (2022 Amendment)

Issuing Authority: Supreme People's Court
Date of Issuance: 2022.04.01
Effective Date: 2022.04.10
Timeliness: Currently Effective

## Table of Contents

I. Jurisdiction

II. Recusal

III. Participants in Proceedings

IV. Evidence

V. Time Periods and Service

VI. Mediation

VII. Preservation and Advance Execution

VIII. Compulsory Measures against Obstruction of Civil Proceedings

IX. Litigation Costs

X. Ordinary Procedure of First Instance

XI. Summary Procedure

XII. Small Claims Litigation in Summary Procedure

XIII. Public Interest Litigation

XIV. Third-Party Revocation Lawsuits

XV. Lawsuits of Objection to Execution

XVI. Procedure of Second Instance

XVII. Special Procedure

XVIII. Procedure for Trial Supervision

XIX. Procedure for Hastening Debt Recovery

XX. Procedure for Publicizing Public Notice for Assertion of Claims

XXI. Execution Procedure

XXII. Special Provisions for Civil Procedures Involving Foreign Elements

XXIII. Supplementary Provisions

# Interpretation of the Supreme People's Court on the Application of the *Civil Procedure Law* of the People's Republic of China (2022 Amendment)

(Adopted at the 1636th meeting of the Judicial Committee of the Supreme People's Court on December 18, 2014; amended for the first time in accordance with the *Decision of the Supreme People's Court on Amending Nineteen Judicial Interpretations and Regulatory Documents on Civil Procedures including the Provisions of the Supreme People's Court on Several Issues concerning Civil Mediation Work of the People's Courts* adopted at the 1823rd meeting of the Judicial Committee of the Supreme People's Court on December 23, 2020; amended for the second time in accordance with the *Decision of the Supreme People's Court on Amending the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China* adopted at the 1866th meeting of the Judicial Committee of the Supreme People's Court on March 22, 2022, which shall come into force on April 10, 2022)

On August 31, 2012, the 28th Session of the Standing Committee of the 11th National People's Congress deliberated and adopted the *Decision on Amending the Civil Procedure Law of the People's Republic of China*. In accordance with the amended *Civil Procedure Law* and in light of the actual civil trial and execution work of the people's courts, this Interpretation is formulated.

## I. Jurisdiction

**Article 1** Major foreign-related cases stipulated in Item 1 of Article 19 of the *Civil Procedure Law* include cases with a large amount in dispute, cases with complex circumstances, or cases with a large number of parties on one side, which have a major impact.

**Article 2** Patent dispute cases shall be under the jurisdiction of intellectual property courts, intermediate people's courts and primary people's courts determined by the Supreme People's Court.

Maritime and maritime trade cases shall be under the jurisdiction of maritime courts.

**Article 3** The domicile of a citizen refers to the place where the citizen's household registration is located, and the domicile of a legal person or other organization refers to the place where the principal office of the legal person or other organization is located.

If the location of the principal office of a legal person or other organization cannot be determined, the place of registration or the place of registration of the legal person or other organization shall be its domicile.

**Article 4** The habitual residence of a citizen refers to the place where the citizen has continuously resided for more than one year from the time he leaves his domicile to the time of prosecution, except for the place where the citizen is hospitalized for medical treatment.

**Article 5** A lawsuit brought against an individual partnership or a partnership-type joint venture without an office shall be under the jurisdiction of the people's court at the place where the defendant is registered. If there is no registration and several defendants are not in the same jurisdiction, the people's courts at the places where the defendants are domiciled shall have jurisdiction.

**Article 6** Where the defendant's household registration has been cancelled, jurisdiction shall be determined in accordance with the provisions of Article 23 of the *Civil Procedure Law*; where the household

registrations of both the plaintiff and the defendant have been cancelled, the people's court at the place where the defendant resides shall have jurisdiction.

**Article 7** Where a party's household registration has been moved out but has not yet been settled, and he has a habitual residence, the people's court at the place where he has a habitual residence shall have jurisdiction; where he has no habitual residence, the people's court at the place where his original household registration is located shall have jurisdiction.

**Article 8** Where both parties are imprisoned or subjected to compulsory educational measures, the people's court at the place where the defendant's original domicile is located shall have jurisdiction. Where the defendant has been imprisoned or subjected to compulsory educational measures for more than one year, the people's court at the place where the defendant is imprisoned or subjected to compulsory educational measures shall have jurisdiction.

**Article 9** Where the domiciles of several defendants in a case claiming alimony, support or maintenance are not in the same jurisdiction, the people's court at the place where the plaintiff is domiciled may have jurisdiction.

**Article 10** Cases of refusing to designate a guardian or changing guardianship relations may be under the jurisdiction of the people's court at the place where the ward is domiciled.

**Article 11** Civil cases in which both parties are military personnel or military units shall be under the jurisdiction of military courts.

**Article 12** For a case in which one spouse has left his or her domicile for more than one year and the other spouse files a lawsuit for divorce, the people's court at the domicile of the plaintiff may have jurisdiction.

For a case in which both spouses have left their domiciles for more than one year and one spouse files a lawsuit for divorce, the people's court at the habitual residence of the defendant shall have jurisdiction; if there is no habitual residence, the people's court at the residence of the defendant at the time of the lawsuit shall have jurisdiction.

**Article 13** For overseas Chinese who married in China and settled abroad, if the court of the country of residence refuses to accept a divorce lawsuit on the ground that the court of the place where the marriage was concluded has jurisdiction, and the parties file a divorce lawsuit with a people's court, the people's court at the place where the marriage was concluded or the last residence of one party in China shall have jurisdiction.

**Article 14** For overseas Chinese who married abroad and settled abroad, if the court of the country of residence refuses to accept a divorce lawsuit on the ground that the court of the country of nationality has jurisdiction, and the parties file a divorce lawsuit with a people's court, the people's court at the original domicile of one party or the last residence in China shall have jurisdiction.

**Article 15** Where one Chinese citizen resides abroad and the other resides in China, regardless of which party files a divorce lawsuit with a people's court, the people's court at the domicile of the party in China shall have jurisdiction. If the party abroad files a lawsuit with the court of the country of residence, and the party in China files a lawsuit with a people's court, the people's court accepting the lawsuit shall have jurisdiction.

**Article 16** Where both Chinese citizens are abroad but have not settled down, and one party files a divorce lawsuit with a people's court, the people's court at the original domicile of the plaintiff or the defendant shall have jurisdiction.

**Article 17** Where Chinese citizens who have divorced and both settled abroad file a lawsuit solely for the division of property in China, the people's court at the location of the main property shall have jurisdiction.

**Article 18** Where a contract stipulates the place of performance, the stipulated place of performance shall be the place of performance of the contract.

Where there is no stipulation on the place of performance of a contract or the stipulation is unclear, and the subject matter of the dispute is the payment of currency, the location of the party receiving the currency shall be the place of performance of the contract; for the delivery of real estate, the location of the real estate shall be the place of performance of the contract; for other subject matters, the location of the party performing the obligation shall be the place of performance of the contract. For contracts settled immediately, the place of the transaction shall be the place of performance of the contract.

Where a contract has not been actually performed, and the domiciles of both parties are not at the stipulated place of performance, the people's court at the domicile of the defendant shall have jurisdiction.

**Article 19** For property lease contracts and financial lease contracts, the place where the leased property is used shall be the place of performance of the contract. Where the contract stipulates the place of performance, such stipulation shall prevail.

**Article 20** For a sales contract concluded through an information network, where the subject matter is delivered through the information network, the domicile of the buyer shall be the place of performance of the contract; where the subject matter is delivered through other means, the place of receipt shall be the place of performance of the contract. Where the contract stipulates the place of performance, such stipulation shall prevail.

**Article 21** A lawsuit arising from a property insurance contract dispute, if the insured subject matter is a means of transport or goods in transit, may be under the jurisdiction of the people's court at the place of registration of the means of transport, the destination of transport, or the place where the insured accident occurred.

A lawsuit arising from a personal insurance contract dispute may be under the jurisdiction of the people's court at the domicile of the insured.

**Article 22** Lawsuits arising from disputes over the register of shareholders, requests for changes in company registration, shareholders' right to know, company resolutions, company mergers, company divisions, company capital reduction, company capital increase, etc., shall be determined in accordance with the provisions of Article 27 of the *Civil Procedure Law*.

**Article 23** Where a creditor applies for a payment order, the provisions of Article 22 of the *Civil Procedure Law* shall apply, and the primary people's court at the domicile of the debtor shall have jurisdiction.

**Article 24** The place of tortious act stipulated in Article 29 of the *Civil Procedure Law* includes the place where the tortious act is committed and the place where the consequences of the tort occur.

**Article 25** The place where an information network tortious act is committed includes the location of computer and other information equipment where the alleged tortious act is committed, and the place where the consequences of the tort occur includes the domicile of the infringed party.

**Article 26** A lawsuit brought on property or personal damage caused by unqualified product or service quality shall be under the jurisdiction of the people's court in the place where the product is manufactured, the product is sold, the service is provided, the tort is committed, or the defendant is domiciled.

**Article 27** A lawsuit brought on losses caused to the respondent or an interested party because the party fails to file a lawsuit or apply for arbitration within the statutory period after applying for pre-litigation preservation shall be under the jurisdiction of the people's court adopting the preservation measures.

A lawsuit brought on losses caused to the respondent or an interested party because the party files a lawsuit or applies for arbitration within the statutory period after applying for pre-litigation preservation shall be under the jurisdiction of the people's court accepting the lawsuit or the people's court adopting the preservation measures.

**Article 28** The real estate disputes stipulated in Item 1 of Article 34 of the *Civil Procedure Law* refer to real right disputes caused by the confirmation of rights, division, and adjacent relations of real estate.

Disputes over rural land contractual management contracts, housing lease contracts, construction project contracts, and policy-based housing sales contracts shall be determined in accordance with real estate disputes.

If the real estate has been registered, the location recorded in the real estate register shall be the location of the real estate; if the real estate has not been registered, the actual location of the real estate shall be the location of the real estate.

**Article 29** The written agreement stipulated in Article 35 of the *Civil Procedure Law* includes the agreement jurisdiction clause in the written contract or the agreement on the choice of jurisdiction reached in written form before the lawsuit.

**Article 30** According to the jurisdiction agreement, if the court of jurisdiction can be determined at the time of filing the lawsuit, the agreement shall be followed; if it cannot be determined, the jurisdiction shall be determined in accordance with the relevant provisions of the *Civil Procedure Law*.

If the jurisdiction agreement stipulates that the people's courts in two or more places that have an actual connection with the dispute have jurisdiction, the plaintiff may file a lawsuit with one of the people's courts.

**Article 31** If an operator concludes a jurisdiction agreement with a consumer using standard clauses and fails to draw the consumer's attention in a reasonable manner, and the consumer claims that the jurisdiction agreement is invalid, the people's court shall support it.

**Article 32** If the jurisdiction agreement stipulates that the people's court in the place where one party is domiciled has jurisdiction, and the domicile of the party changes after the agreement is signed, the people's court in the place where the party is domiciled at the time of signing the jurisdiction agreement shall have jurisdiction, unless the parties agree otherwise.

**Article 33** If a contract is transferred, the jurisdiction agreement of the contract shall be valid for the assignee of the contract, unless the assignee does not know that there is a jurisdiction agreement at the time

of transfer, or there is another agreement on the transfer agreement and the original contract counterparty agrees.

**Article 34** If the parties have a property dispute due to cohabitation or after the dissolution of marriage or adoption relationship, and agree on jurisdiction, the provisions of Article 35 of the *Civil Procedure Law* may apply to determine jurisdiction.

**Article 35** If a party fails to file a statement of defense after the expiration of the defense period, and the people's court finds that the case does not fall under the jurisdiction of this court before the first-instance hearing, it shall rule to transfer it to a people's court with jurisdiction.

**Article 36** For a lawsuit in which two or more people's courts have jurisdiction, the people's court that files the case first shall not transfer the case to another people's court with jurisdiction. If a people's court finds that another people's court with jurisdiction has already filed the case before filing the case, it shall not file the case repeatedly; if it finds that another people's court with jurisdiction has already filed the case after filing the case, it shall rule to transfer the case to the people's court that filed the case first.

**Article 37** After a case is accepted, the jurisdiction of the accepting people's court shall not be affected by changes in the domicile or habitual residence of the parties.

**Article 38** After a people's court with jurisdiction accepts a case, it shall not transfer the case to a people's court with jurisdiction after the change on the grounds of changes in administrative divisions. For appeal cases after judgment and cases tried in accordance with the trial supervision procedure, the higher people's court of the original trial people's court shall conduct the trial; for cases in which the higher people's court orders a retrial or remands for a retrial, the original trial people's court shall retry or retry.

**Article 39** Where a people's court determines that it has jurisdiction after examining an objection to jurisdiction, the jurisdiction shall not be changed because a party files a counterclaim, adds or modifies claims, etc., except where the provisions on hierarchical jurisdiction or exclusive jurisdiction are violated.

For cases remanded for retrial or retried in accordance with the procedure of first instance, if a party raises an objection to jurisdiction, the people's court shall not examine it.

**Article 40** In accordance with the provisions of Paragraph 2 of Article 38 of the *Civil Procedure Law*, when two people's courts having a jurisdictional dispute fail to reach an agreement through consultation and report to their common superior people's court for designation of jurisdiction, if both parties are primary people's courts in the same prefecture or municipality, the intermediate people's court of that prefecture or municipality shall designate jurisdiction in a timely manner; if both parties are people's courts in the same province, autonomous region, or municipality directly under the Central Government, the higher people's court of that province, autonomous region, or municipality directly under the Central Government shall designate jurisdiction in a timely manner; if both parties are people's courts across provinces, autonomous regions, or municipalities directly under the Central Government, and the higher people's courts fail to reach an agreement through consultation, the Supreme People's Court shall designate jurisdiction in a timely manner.

Reporting to a superior people's court for designation of jurisdiction in accordance with the provisions of the preceding paragraph shall be conducted level by level.

**Article 41** Where a people's court designates jurisdiction in accordance with the provisions of Paragraph 2 of Article 38 of the *Civil Procedure Law*, it shall make a ruling.

For cases reported to a superior people's court for designation of jurisdiction, the lower people's court shall suspend the trial. If the lower people's court has made a judgment or ruling on the case before the ruling on designating jurisdiction is made, the superior people's court shall, while ruling to designate jurisdiction, revoke the judgment or ruling of the lower people's court.

**Article 42** For the following civil cases of first instance, a people's court may, in accordance with the provisions of Paragraph 1 of Article 39 of the *Civil Procedure Law*, hand them over to a lower people's court for trial before the court session opens:

(1) Litigation cases involving the debtor in bankruptcy proceedings;

(2) Cases where the number of parties is large and it is inconvenient for litigation;

(3) Other types of cases determined by the Supreme People's Court.

Before a people's court hands over a case to a lower people's court for trial, it shall report to its superior people's court for approval. After the superior people's court approves, the people's court shall rule to hand over the case to the lower people's court for trial.

**II. Withdrawal**

**Article 43** Where a judicial officer falls under any of the following circumstances, he/she shall withdraw voluntarily, and the parties have the right to apply for his/she withdrawal:

(1) Being a party to the case or a close relative of a party;

(2) He/she or his/her close relative has an interest in the case;

(3) Having served as a witness, expert witness, defender, ad litem representative, or translator in the case;

(4) Being a close relative of the ad litem representative in the case;

(5) He/she or his/her close relative holds shares or equity of a non-listed company party to the case;

(6) Having other interests with a party to the case or an ad litem representative that may affect a fair trial.

**Article 44** Where a judicial officer falls under any of the following circumstances, the parties have the right to apply for his/her withdrawal:

(1) Accepting banquets from a party to the case and his/her entrusted person, or participating in activities paid for by them;

(2) Extorting or accepting property or other benefits from a party to the case and his/her entrusted person;

(3) Meeting with a party to the case or an ad litem representative in violation of regulations;

(4) Recommending or introducing an ad litem representative for a party to the case, or introducing a lawyer or other personnel to represent the case;

(5) Borrowing money or materials from a party to the case and his/her entrusted person;

(6) Having other improper conduct that may affect a fair trial.

**Article 45** Adjudicators who have participated in the adjudication of this case in one adjudication procedure shall not participate in the adjudication of this case in other procedures.

For cases remanded for retrial, after the court of first instance makes a judgment and enters the procedure of second instance, the adjudicators in the original procedure of second instance shall not be subject to the restriction of the preceding paragraph.

**Article 46** Where an adjudicator has circumstances under which he/she should withdraw but fails to withdraw voluntarily, and the parties do not apply for his/her withdrawal, the president of the court or the adjudication committee shall decide on his/her withdrawal.

**Article 47** The people's court shall inform the parties in accordance with the law that they have the right to apply for the withdrawal of members of the collegial panel, sole adjudicators, clerks, and other personnel.

**Article 48** The adjudicators referred to in Article 47 of the *Civil Procedure Law* include the president, vice presidents, members of the adjudication committee, chief judges, deputy chief judges, adjudicators, and people's assessors of the people's court participating in the trial of this case.

**Article 49** The relevant provisions on the withdrawal of adjudicators shall apply to clerks and enforcement officers.

**III. Participants in Proceedings**

**Article 50** The legal representative of a legal person shall be subject to registration in accordance with the law, unless otherwise provided by law. For a legal person that is not required to be registered in accordance with the law, its principal person in charge shall be the legal representative; if there is no principal person in charge, the deputy person in charge presiding over the work shall be the legal representative.

Where the legal representative has been changed but the registration has not been completed, and the changed legal representative requests to represent the legal person in the proceedings, the people's court may permit it.

Other organizations shall be represented by their principal persons in charge.

**Article 51** Where the legal representative of a legal person is changed during the proceedings, the new legal representative shall continue the proceedings and submit a new identity certificate of the legal representative to the people's court. The litigation acts performed by the original legal representative shall be valid.

The provisions of the preceding paragraph shall apply to proceedings participated in by other organizations.

**Article 52** Other organizations stipulated in Article 51 of the *Civil Procedure Law* refer to organizations that are legally established, have a certain organizational structure and property, but do not have the status of a legal person, including:

(1) Sole proprietorship enterprises registered and obtaining business licenses in accordance with the law;

(2) Partnership enterprises registered and obtaining business licenses in accordance with the law;

(3) Sino-foreign cooperative joint ventures and foreign-funded enterprises registered and obtaining business licenses in China in accordance with the law;

(4) Branches and representative offices of social organizations established in accordance with the law;

(5) Branches of legal persons established and obtaining business licenses in accordance with the law;

(6) Branches of commercial banks, policy banks, and non-bank financial institutions established and obtaining business licenses in accordance with the law;

(7) Township and village enterprises and sub-district enterprises registered and obtaining business licenses in accordance with the law;

(8) Other organizations that meet the conditions stipulated in this article.

**Article 53** For a branch of a legal person established not in accordance with the law, or a branch established in accordance with the law but without obtaining a business license, the legal person establishing the branch shall be the party.

**Article 54** Where a party engages in civil activities in the form of affiliation, and the party requests the affiliating party and the affiliated party to bear civil liability in accordance with the law, the affiliating party and the affiliated party shall be joint litigants.

**Article 55** Where a party dies during the litigation and it is necessary to wait for the heir to indicate whether to participate in the litigation, a ruling shall be made to suspend the litigation. The people's court shall promptly notify the heir to participate in the litigation as a party, and the litigation acts already performed by the deceased shall be effective for the heir who assumes the litigation.

**Article 56** Where an employee of a legal person or other organization causes damage to another person in the execution of work tasks, the legal person or other organization shall be the party.

**Article 57** Where a party providing labor causes damage to another person due to the labor, and the victim institutes an action, the party receiving the labor shall be the defendant.

**Article 58** Where a dispatched worker causes damage to another person in the execution of work tasks during the labor dispatch period, the employing unit receiving the labor dispatch shall be the party. Where a party claims that the labor dispatch unit shall bear liability, the labor dispatch unit shall be a joint defendant.

**Article 59** In litigation, the operator registered on the business license of an individual industrial and commercial household shall be the party. Where there is a trade name, the trade name registered on the business license shall be the party, but the basic information of the operator shall be indicated at the same time.

Where the operator registered on the business license is inconsistent with the actual operator, the registered operator and the actual operator shall be joint litigants.

**Article 60** In litigation, all partners of an individual partnership that has not registered and obtained a business license in accordance with the law shall be joint litigants. Where an individual partnership has a trade name approved and registered in accordance with the law, the registered trade name shall be indicated in the legal document. All partners may elect a representative; the elected representative shall be issued a letter of election by all partners.

**Article 61** After a dispute between parties is mediated by a people's mediation committee or other mediation organization established in accordance with the law and an agreement is reached, if one party fails to perform the mediation agreement and the other party institutes an action in a people's court, the other party shall be the defendant.

**Article 62** Under any of the following circumstances, the actor shall be the party:

(1) A legal person or other organization that should be registered but is not registered, and the actor engages in civil activities in the name of the legal person or other organization;

(2) The actor has no agency power, exceeds the agency power, or engages in civil activities in the name of the principal after the agency power is terminated, except where the counterpart has reason to believe that the actor has agency power;

(3) After a legal person or other organization is terminated in accordance with the law, the actor still engages in civil activities in its name.

**Article 63** Where an enterprise legal person merges, for disputes arising from civil activities prior to the merger, the merged enterprise shall be the party; where an enterprise legal person divides, for disputes arising from civil activities prior to the division, the divided enterprises shall be joint litigants.

**Article 64** Where an enterprise legal person is dissolved, prior to liquidation and deregistration in accordance with the law, the enterprise legal person shall be the party; where it is deregistered without liquidation in accordance with the law, the shareholders, promoters, or investors of the enterprise legal person shall be the parties.

**Article 65** Where a business introduction letter, a special contract seal, or a blank contract or bank account affixed with a seal is lent, the lending unit and the borrower shall be joint litigants.

**Article 66** In an action arising from a guarantee contract dispute, where the creditor claims rights against the guarantor and the guaranteed person together, the people's court shall list the guarantor and the guaranteed person as joint defendants. Where the guarantee contract stipulates a general guarantee, and the creditor only sues the guarantor, the people's court shall notify the guaranteed person to participate in the litigation as a joint defendant; where the creditor only sues the guaranteed person, the guaranteed person may be listed as the defendant alone.

**Article 67** Where a person without civil capacity or a person with limited civil capacity causes damage to another person, the person without civil capacity or the person with limited civil capacity and his/her guardian shall be joint defendants.

**Article 68** In a civil dispute between a residents' committee, a villagers' committee, or a villagers' group and another person, the residents' committee, the villagers' committee, or the villagers' group with independent property shall be the party.

**Article 69** Where a lawsuit is filed against acts infringing upon the remains, ashes, name, portrait, reputation, honor, privacy, etc. of a deceased person, the close relatives of the deceased person shall be the parties.

**Article 70** In a lawsuit over inheritance, where some heirs file a lawsuit, the people's court shall notify the other heirs to participate in the lawsuit as joint plaintiffs; where the notified heirs are unwilling to

participate in the lawsuit and do not expressly waive their substantive rights, the people's court shall still list them as joint plaintiffs.

**Article 71** Where a plaintiff sues the principal and the agent, requesting them to bear joint and several liability, the principal and the agent shall be joint defendants.

Where a plaintiff sues the agent and the counterpart, requesting them to bear joint and several liability, the agent and the counterpart shall be joint defendants.

**Article 72** Where joint property rights are infringed upon by others, and some co-owners file a lawsuit, the other co-owners shall be joint litigants.

**Article 73** Where a party who must participate in a joint lawsuit fails to participate in the lawsuit, the people's court shall notify him to participate in accordance with the provisions of Article 135 of the *Civil Procedure Law*; the parties may also apply to the people's court for addition. The people's court shall examine the application filed by the parties, and if the application is untenable, it shall rule to reject it; if the application is tenable, it shall notify the added party to participate in the lawsuit in writing.

**Article 74** When a people's court adds a joint litigant, it shall notify the other parties. Where the party to be added has expressly waived his substantive rights, he may not be added; where he is neither willing to participate in the lawsuit nor waives his substantive rights, he shall still be added as a joint plaintiff, and his failure to participate in the lawsuit shall not affect the trial of the case and the rendering of a judgment in accordance with the law by the people's court.

**Article 75** The large number of persons stipulated in Articles 56, 57 and 206 of the *Civil Procedure Law* generally refers to ten or more persons.

**Article 76** In accordance with the provisions of Article 56 of the *Civil Procedure Law*, where the number of persons on one side of the parties is large and determined at the time of filing the lawsuit, the representatives may be jointly elected by all the parties, or the representatives may be elected by some of the parties themselves; the parties who fail to elect representatives may participate in the lawsuit themselves in a necessary joint lawsuit, and may file a separate lawsuit in an ordinary joint lawsuit.

**Article 77** In accordance with the provisions of Article 57 of the *Civil Procedure Law*, where the number of persons on one side of the parties is large and uncertain at the time of filing the lawsuit, the representatives shall be elected by the parties. Where the parties fail to elect representatives, the people's court may propose candidates and negotiate with the parties; where the negotiation fails, the people's court may also designate representatives from among the parties who have filed the lawsuit.

**Article 78** The number of representatives stipulated in Articles 56 and 57 of the *Civil Procedure Law* shall be two to five, and each representative may entrust one to two persons as agents ad litem.

**Article 79** For cases accepted in accordance with the provisions of Article 57 of the *Civil Procedure Law*, the people's court may issue a public notice to notify the right holders to register with the people's court. The public notice period shall be determined according to the specific circumstances of the case, but shall not be less than thirty days.

**Article 80** A right holder who registers with a people's court in accordance with the provisions of Article 57 of the *Civil Procedure Law* shall prove his legal relationship with the opposing party and the damage suffered. If he fails to prove it, he shall not be registered, and the right holder may file a separate lawsuit. The

judgment of the people's court shall be executed within the scope of registration. Where an unregistered right holder files a lawsuit, and the people's court determines that his claim is tenable, it shall rule to apply the judgment or ruling already made by the people's court.

**Article 81** In accordance with the provisions of Article 59 of the *Civil Procedure Law*, a third party with independent claims has the right to file a lawsuit with the people's court with facts and reasons, and become a party; a third party without independent claims may apply to participate in the lawsuit or be notified by the people's court to participate in the lawsuit.

Where a third party who fails to participate in the lawsuit in the first instance procedure applies to participate in the second instance procedure, the people's court may permit it.

**Article 82** In a first instance lawsuit, a third party without independent claims has no right to raise an objection to jurisdiction, has no right to waive or change claims or apply for withdrawal of the lawsuit, and has the right to appeal if he is judged to bear civil liability.

**Article 83** In litigation, the guardian of a person with no civil capacity or limited civil capacity is his statutory agent. If no guardian has been determined in advance, the persons qualified to be guardians may determine one through consultation; if consultation fails, the people's court shall designate a statutory agent in the litigation from among them. If a party has no guardian as stipulated in Article 27 and Article 28 of the *Civil Code*, the relevant organization stipulated in Article 32 of the *Civil Code* may be designated to act as the statutory agent in the litigation.

**Article 84** Persons with no civil capacity, persons with limited civil capacity, and other persons who cannot act as ad litem agents according to law shall not be entrusted by the parties to act as ad litem agents.

**Article 85** According to the provisions of Item 2, Paragraph 2, Article 61 of the *Civil Procedure Law*, relatives who have a husband-wife relationship, direct blood relationship, collateral blood relationship within three generations, close affinity relationship, and other relatives who have a relationship of fostering or supporting with the party concerned may act as ad litem agents in the name of the party's close relatives.

**Article 86** According to the provisions of Item 2, Paragraph 2, Article 61 of the *Civil Procedure Law*, employees who have a legal labor and personnel relationship with the party concerned may act as ad litem agents in the name of the party's staff members.

**Article 87** According to the provisions of Item 3, Paragraph 2, Article 61 of the *Civil Procedure Law*, citizens recommended by relevant social organizations to act as ad litem agents shall meet the following conditions:

(1) The social organization belongs to a non-profit legal person organization established by registration according to law or exempted from registration according to law;

(2) The principal is a member of the social organization, or the domicile of one of the parties is located in the activity area of the social organization;

(3) The agency affairs fall within the business scope specified in the articles of association of the social organization;

(4) The recommended citizen is the person in charge of the social organization or a staff member who has a legal labor and personnel relationship with the social organization.

Patent agents recommended by the All-China Patent Attorneys Association may act as ad litem agents in patent dispute cases.

**Article 88** In addition to submitting a power of attorney in accordance with the provisions of Article 62 of the *Civil Procedure Law*, an ad litem agent shall also submit relevant materials to the people's court in accordance with the following provisions:

(1) Lawyers shall submit their lawyer's practice certificate and the certification materials of their law firm;

(2) Grassroots legal service workers shall submit their grassroots legal service worker's practice certificate, the letter of introduction issued by the grassroots legal service office, and the certification materials that one of the parties is located within the jurisdiction;

(3) Close relatives of the party concerned shall submit their identity documents and certification materials showing that they have a close relative relationship with the principal;

(4) Staff members of the party concerned shall submit their identity documents and certification materials showing that they have a legal labor and personnel relationship with the party concerned;

(5) Citizens recommended by the community or unit where the party concerned is located shall submit their identity documents, recommendation materials, and certification materials showing that the party concerned belongs to the community or unit;

(6) Citizens recommended by relevant social organizations shall submit their identity documents and certification materials meeting the conditions stipulated in Article 87 of this Interpretation.

**Article 89** The power of attorney submitted by a party to the people's court shall be handed over to the people's court before the trial begins. If the power of attorney only states "full agency" without specific authorization, the ad litem agent has no right to admit, waive, or modify the litigation claims on behalf of the principal, conduct settlement, file a counterclaim, or file an appeal.

For cases tried by summary procedure, if both parties appear in court at the same time and proceed directly to trial, they may orally entrust an ad litem agent on the spot, which shall be recorded in the transcript by the people's court.

**IV. Evidence**

**Article 90** A party shall provide evidence to prove the facts on which its litigation claims are based or the facts on which it refutes the other party's litigation claims, unless otherwise provided by law.

Before a judgment is made, if a party fails to provide evidence or the evidence is insufficient to prove its factual claims, the party bearing the burden of proof shall bear the adverse consequences.

**Article 91** The people's court shall determine the burden of proof in accordance with the following principles, unless otherwise provided by law:

(1) The party claiming the existence of a legal relationship shall bear the burden of proof for the basic facts generating the legal relationship;

(2) The party claiming the modification, extinguishment, or infringement of a legal relationship shall bear the burden of proof for the basic facts of the modification, extinguishment, or infringement of the legal relationship.

**Article 92** If a party expressly admits an unfavorable fact during a court hearing or in written materials such as a complaint, statement of defense, or agency statement, the other party is not required to provide evidence to prove it.

The provisions of the preceding paragraph on admission shall not apply to facts involving personal relationships, national interests, social public interests, etc., which should be investigated by the people's court ex officio.

If the admitted facts are inconsistent with the ascertained facts, the people's court shall not confirm them.

**Article 93** A party is not required to provide evidence to prove the following facts:

(1) Laws of nature, theorems, and laws;

(2) Well-known facts;

(3) Facts presumed according to legal provisions;

(4) Another fact presumed from known facts and daily life experience rules;

(5) Facts confirmed by a legally effective judgment of a people's court;

(6) Facts confirmed by an effective arbitral award of an arbitration institution;

(7) Facts proved by a valid notarial document.

For the facts specified in Items 2 to 4 of the preceding paragraph, unless a party has contrary evidence sufficient to rebut them; for the facts specified in Items 5 to 7, unless a party has contrary evidence sufficient to overturn them.

**Article 94** The evidence that a party and its ad litem representative cannot collect on their own due to objective reasons as stipulated in Paragraph 2 of Article 67 of the *Civil Procedure Law* includes:

(1) Evidence kept by relevant state departments, which the party and its ad litem representative have no right to consult or obtain;

(2) Evidence involving state secrets, trade secrets, or personal privacy;

(3) Other evidence that the party and its ad litem representative cannot collect on their own due to objective reasons.

If a party and its ad litem representative cannot collect evidence on their own due to objective reasons, they may apply in writing to the people's court for investigation and collection before the expiration of the time limit for producing evidence.

**Article 95** If the evidence that a party applies to investigate and collect is irrelevant to the facts to be proved, has no significance in proving the facts to be proved, or is otherwise unnecessary to investigate and collect, the people's court shall not approve the application.

**Article 96** The evidence deemed necessary by the people's court for trying a case as stipulated in Paragraph 2 of Article 67 of the *Civil Procedure Law* includes:

(1) Evidence involving possible damage to national interests or social public interests;

(2) Evidence involving personal relationships;

(3) Evidence involving lawsuits stipulated in Article 58 of the *Civil Procedure Law*;

(4) Evidence involving possible malicious collusion by the parties to damage the legitimate rights and interests of others;

(5) Involving procedural matters such as adding parties ex officio, suspension of litigation, termination of litigation, and recusal.

Except as provided in the preceding paragraph, the people's court shall investigate and collect evidence upon the application of the parties.

**Article 97** The investigation and collection of evidence by the people's court shall be conducted jointly by two or more persons. The investigation materials shall be signed, fingerprinted, or sealed by the investigator, the person investigated, and the recorder.

**Article 98** Where a party applies for evidence preservation in accordance with the provisions of Paragraph 1 of Article 84 of the *Civil Procedure Law*, it may be submitted in writing before the expiration of the time limit for adducing evidence.

Where evidence preservation may cause losses to others, the people's court shall order the applicant to provide corresponding security.

**Article 99** The people's court shall determine the time limit for the parties to adduce evidence during the preparation stage before the trial. The time limit for adducing evidence may be negotiated by the parties and approved by the people's court.

The time limit for adducing evidence determined by the people's court shall not be less than fifteen days for cases of ordinary procedure of first instance, and shall not be less than ten days for cases of second instance where the parties provide new evidence.

After the expiration of the time limit for adducing evidence, where a party applies to provide rebuttal evidence or to correct defects in the source, form, etc. of the evidence already provided, the people's court may determine the time limit for adducing evidence again at its discretion, and such time limit shall not be subject to the restrictions provided in the preceding paragraph.

**Article 100** Where a party applies for an extension of the time limit for adducing evidence, it shall submit a written application to the people's court before the expiration of the time limit for adducing evidence.

Where the application is established, the people's court shall approve it, appropriately extend the time limit for adducing evidence, and notify the other parties. The extended time limit for adducing evidence shall apply to the other parties.

Where the application is not established, the people's court shall not approve it and shall notify the applicant.

**Article 101** Where a party provides evidence overdue, the people's court shall order it to explain the reasons, and may require it to provide corresponding evidence when necessary.

Where a party provides evidence overdue due to objective reasons, or the opposing party does not raise an objection to the overdue provision of evidence, it shall be deemed as not overdue.

**Article 102** Where a party provides evidence overdue due to intention or gross negligence, the people's court shall not adopt it. However, if the evidence is related to the basic facts of the case, the people's court shall adopt it, and shall reprimand and fine the party in accordance with the provisions of Article 68 and Paragraph 1 of Article 118 of the *Civil Procedure Law*.

Where a party provides evidence overdue not due to intention or gross negligence, the people's court shall adopt it and reprimand the party.

Where one party requests the other party to compensate for the necessary expenses such as transportation, accommodation, meals, lost wages, and witness appearance fees increased due to the overdue provision of evidence, the people's court may support it.

**Article 103** Evidence shall be presented in court and cross-examined by the parties. Evidence that has not been cross-examined by the parties shall not be used as the basis for determining the facts of the case.

Evidence recognized by the parties during the preparation stage before the trial shall be deemed as cross-examined evidence after being explained by the judicial personnel in the trial.

Evidence involving state secrets, commercial secrets, personal privacy, or evidence that should be kept confidential as provided by law shall not be cross-examined in public.

**Article 104** The people's court shall organize the parties to cross-examine the authenticity, legality, and relevance of the evidence to the facts to be proved, and to explain and debate whether the evidence has probative force and the size of the probative force.

Evidence that can reflect the true situation of the case, is relevant to the facts to be proved, and whose source and form comply with the provisions of the law shall be used as the basis for determining the facts of the case.

**Article 105** The people's court shall, in accordance with statutory procedures, comprehensively and objectively examine and verify evidence, apply logical reasoning and rules of daily life experience in accordance with the law, judge whether evidence has probative force and the magnitude of probative force, and publicly state the reasons and results of the judgment.

**Article 106** Evidence formed or obtained by methods that seriously infringe upon the lawful rights and interests of others, violate prohibitive provisions of the law, or seriously violate public order and good morals shall not be used as the basis for determining the facts of a case.

**Article 107** In litigation, facts recognized by a party as a compromise in order to reach a mediation agreement or settlement agreement shall not be used as an unfavorable basis against them in subsequent litigation, unless otherwise provided by law or agreed upon by all parties.

**Article 108** For evidence provided by a party bearing the burden of proof, if the people's court, after examination and in combination with relevant facts, is convinced that there is a high probability of the existence of the fact to be proved, it shall determine that the fact exists.

For evidence provided by the opposing party to rebut the facts claimed by the party bearing the burden of proof, if the people's court, after examination and in combination with relevant facts, considers that the truth or falsity of the fact to be proved is unclear, it shall determine that the fact does not exist.

Where the law has other provisions on the standard of proof to be met for the facts to be proved, such provisions shall prevail.

**Article 109** For proof of facts involving fraud, coercion, or malicious collusion, as well as proof of facts involving oral wills or gifts, if the people's court is convinced that the possibility of the existence of the fact to be proved can eliminate reasonable doubt, it shall determine that the fact exists.

**Article 110** If the people's court deems it necessary, it may require the party to appear in court in person to be questioned on facts related to the case. Before questioning the party, they may be required to sign a letter of guarantee.

The letter of guarantee shall state that the party will state the facts truthfully and is willing to accept punishment if there are false statements. The party shall sign or affix their seal to the letter of guarantee.

If a party bearing the burden of proof refuses to appear in court, refuses to accept questioning, or refuses to sign a letter of guarantee, and the facts to be proved lack other evidence to prove them, the people's court shall not recognize the facts claimed by them.

**Article 111** The genuine difficulty in submitting original documentary evidence as stipulated in Article 73 of the *Civil Procedure Law* includes the following circumstances:

(1) The original documentary evidence is lost, destroyed, or damaged;

(2) The original is under the control of the opposing party, who refuses to submit it after being legally notified to do so;

(3) The original is under the control of another person who has the right not to submit it;

(4) The original is inconvenient to submit due to its length or volume;

(5) The party bearing the burden of proof is unable to obtain the original documentary evidence by applying to the people's court for investigation and collection or by other means.

In the circumstances specified in the preceding paragraph, the people's court shall, in combination with other evidence and the specific circumstances of the case, examine and judge whether reproductions of documentary evidence can be used as the basis for determining the facts of the case.

**Article 112** If documentary evidence is under the control of the opposing party, the party bearing the burden of proof may apply in writing to the people's court before the expiration of the time limit for adducing evidence to order the opposing party to submit it.

If the application is established, the people's court shall order the opposing party to submit it, and the expenses incurred in submitting the documentary evidence shall be borne by the applicant. If the opposing party refuses to submit it without justifiable reasons, the people's court may determine that the contents of the documentary evidence claimed by the applicant are true.

**Article 113** If a party holding documentary evidence destroys relevant documentary evidence or commits other acts rendering the documentary evidence unusable with the purpose of hindering the opposing party's use, the people's court may impose a fine or detention on them in accordance with the provisions of Article 114 of the *Civil Procedure Law*.

**Article 114** The matters recorded in the documents produced by state organs or other organizations with social management functions according to law within the scope of their functions and powers shall be

presumed to be true, unless there is contrary evidence sufficient to overturn them. When necessary, the people's court may require the organ or organization that produced the document to explain the authenticity of the document.

**Article 115** The evidentiary materials submitted by a unit to the people's court shall be signed or sealed by the person in charge of the unit and the person who produced the evidentiary materials, and affixed with the seal of the unit. The people's court may investigate and verify the evidentiary materials issued by the unit with the unit and the person who produced the evidentiary materials. When necessary, the person who produced the evidentiary materials may be required to appear in court to testify.

If the unit and the person who produced the evidentiary materials refuse the investigation and verification of the people's court, or the person who produced the evidentiary materials refuses to appear in court to testify without justifiable reasons, the evidentiary materials shall not be used as the basis for determining the facts of the case.

**Article 116** Audiovisual materials include audio recordings and video recordings.

Electronic data refers to information formed or stored in electronic media through e-mail, electronic data interchange, online chat records, blogs, microblogs, mobile phone text messages, electronic signatures, domain names, etc.

The provisions on electronic data shall apply to audio recordings and video recordings stored in electronic media.

**Article 117** If a party applies for a witness to appear in court to testify, it shall be submitted before the expiration of the time limit for producing evidence.

Under the circumstances specified in Paragraph 1 of Article 96 of this Interpretation, the people's court may notify witnesses to appear in court to testify ex officio.

Without the notification of the people's court, witnesses shall not appear in court to testify, unless both parties agree and the people's court permits.

**Article 118** The necessary expenses for transportation, accommodation, and meals incurred by witnesses specified in Article 77 of the *Civil Procedure Law* due to fulfilling their obligation to appear in court to testify shall be calculated in accordance with the travel expenses and subsidy standards for staff of state organs and institutions; the loss of working time shall be calculated in accordance with the average daily wage standard of national employees in the previous year.

If the people's court permits the application for a witness to appear in court to testify, it shall notify the applicant to pay the expenses for the witness to appear in court to testify in advance.

**Article 119** Before a witness appears in court to testify, the people's court shall inform him of his obligation to testify truthfully and the legal consequences of perjury, and order him to sign a letter of guarantee, except for persons without civil capacity and persons with limited civil capacity.

The provisions of this Interpretation on the signing of a letter of guarantee by a party shall apply to the signing of a letter of guarantee by a witness.

**Article 120** If a witness refuses to sign a letter of guarantee, he shall not testify and shall bear the relevant expenses himself.

**Article 121** If a party applies for an appraisal, it may be submitted before the expiration of the time limit for producing evidence. If the matter applied for appraisal is irrelevant to the facts to be proved, or is meaningless to proving the facts to be proved, the people's court shall not permit it.

If the people's court permits the party's application for appraisal, it shall organize both parties to negotiate and determine an appraiser with corresponding qualifications. If the parties fail to reach an agreement through negotiation, the people's court shall designate one.

If the conditions for investigating and collecting evidence ex officio are met, the people's court shall entrust an appraisal ex officio, and after soliciting the opinions of the parties, designate an appraiser with corresponding qualifications.

**Article 122** A party may, in accordance with the provisions of Article 82 of the *Civil Procedure Law*, apply for one to two persons with specialized knowledge to appear in court before the expiration of the time limit for producing evidence to cross-examine the appraisal opinions on behalf of the party, or to put forward opinions on professional issues involved in the facts of the case.

The opinions put forward by persons with specialized knowledge in court on professional issues shall be deemed as the statements of the parties.

If the people's court permits the party's application, the relevant expenses shall be borne by the party making the application.

**Article 123** The people's court may question the persons with specialized knowledge appearing in court. With the permission of the court, the parties may question the persons with specialized knowledge appearing in court, and the persons with specialized knowledge applied for by the respective parties may confront each other on relevant issues in the case.

Persons with specialized knowledge shall not participate in court trial activities other than professional issues.

**Article 124** Where the people's court deems it necessary, it may conduct an inquest on physical evidence or the scene upon the application of a party or ex officio. The privacy and dignity of others shall be protected during the inquest.

The people's court may require the appraiser to participate in the inquest. When necessary, the appraiser may be required to conduct an appraisal during the inquest.

**V. Time Periods and Service**

**Article 125** In accordance with the provisions of Paragraph 2 of Article 85 of the *Civil Procedure Law*, the time period calculated by hours in civil proceedings shall commence from the next hour; the time period calculated by days, months, and years shall commence from the next day.

**Article 126** The time limit for filing a case stipulated in Article 126 of the *Civil Procedure Law* shall, where the plaintiff is notified to make corrections due to defects in the content of the complaint, commence from the day following the submission of the corrected complaint to the people's court. For cases transferred by a higher people's court to a lower people's court for filing, the time limit shall commence from the day following the receipt of the complaint by the recipient people's court.

**Article 127** The six months stipulated in Paragraph 3 of Article 59, Article 212, and Articles 372, 382, 399, 420, and 421 of this Interpretation, and the one year stipulated in Article 230 of the *Civil Procedure Law*, are invariable time periods, and the provisions on the suspension, interruption, and extension of the limitation of action shall not apply.

**Article 128** For retrial cases tried in accordance with the procedure of first instance or the procedure of second instance, the trial time limit stipulated in Article 152 and Article 183 of the *Civil Procedure Law* shall apply. The trial time limit shall commence from the day following the filing of the retrial case.

**Article 129** For cases applying for retrial, the people's court shall complete the examination within three months from the date of acceptance, but the period of public notice, the period of settlement between the parties, etc., shall not be included in the examination period. If an extension is required under special circumstances, it shall be approved by the president of the court.

**Article 130** When serving litigation documents on a legal person or other organization, the legal representative of the legal person, the principal person in charge of the organization, or the person responsible for receiving documents in the office, mailroom, duty room, etc., shall sign or affix a seal for receipt. If they refuse to sign or affix a seal, service by leaving the documents shall apply.

The representatives of relevant grassroots organizations and the units where they are located as stipulated in Article 89 of the *Civil Procedure Law* may be the staff members of the residents' committee or villagers' committee at the domicile of the person to be served, as well as the staff members of the unit where the person to be served is located.

**Article 131** Where the people's court directly serves litigation documents, it may notify the parties to collect them at the people's court. If a party arrives at the people's court but refuses to sign the receipt of service, it shall be deemed as served. The judicial personnel and court clerks shall note the circumstances of service on the receipt of service and sign it.

The people's court may directly serve litigation documents on a party outside the party's domicile. If the party refuses to sign the receipt of service, recording the service process by means of photography, video recording, etc., shall be deemed as served. The judicial personnel and court clerks shall note the circumstances of service on the receipt of service and sign it.

**Article 132** Where the person to be served has an agent ad litem, the people's court may serve the documents on the person to be served or on their agent ad litem. Where the person to be served designates their agent ad litem as the recipient, if the agent ad litem refuses to accept service, service by leaving the documents shall apply.

**Article 133** The mediation statement shall be directly served on the party themselves, and service by leaving the documents shall not apply. If the party themselves cannot sign for receipt due to reasons, it may be signed for receipt by a recipient designated by them.

**Article 134** In accordance with the provisions of Article 91 of the *Civil Procedure Law*, where another people's court is entrusted to serve documents on its behalf, the entrusting court shall issue a letter of entrustment, accompanied by the litigation documents to be served and the receipt of service. The date on which the person to be served signs the receipt of service shall be the date of service.

For entrusted service, the entrusted people's court shall serve the documents on its behalf within ten days from the date of receiving the letter of entrustment and relevant litigation documents.

**Article 135** Electronic service may be carried out by using specific systems capable of instant receipt, such as fax, email, and mobile communication, as the service medium.

The date of arrival at the specific system of the person to be served as stipulated in paragraph 2 of Article 90 of the *Civil Procedure Law* shall be the date when the corresponding system of the people's court shows successful transmission. However, if the date when the person to be served proves that it arrived at their specific system is inconsistent with the date when the corresponding system of the people's court shows successful transmission, the date when the person to be served proves that it arrived at their specific system shall prevail.

**Article 136** Where the person to be served agrees to electronic service, it shall be confirmed in the confirmation letter of service address.

**Article 137** Where a party fails to change the service address in writing when filing an appeal, applying for a retrial, or applying for enforcement, the service address confirmed in the first-instance procedure may serve as the service address for the second-instance procedure, trial supervision procedure, and enforcement procedure.

**Article 138** Service by public notice may be carried out by posting a public notice on the bulletin board of the court and at the domicile of the person to be served, or by publishing a public notice in newspapers, information networks, and other media. The date of the public notice shall be the date of the last posting or publication. If there are special requirements for the method of service by public notice, it shall be carried out in accordance with the requirements. Upon expiration of the public notice period, it shall be deemed as served.

Where a people's court posts a public notice at the domicile of the person to be served, it shall record the posting process by taking photographs, video recording, or other means.

**Article 139** A public notice for service shall state the reasons for service by public notice; a public notice for service of a copy of a statement of claim or a petition for appeal shall state the main points of the claim or appeal, the time limit for the person to be served to file a statement of defense, and the legal consequences of failing to file a statement of defense within the time limit; a public notice for service of a summons shall state the time and place for appearance in court and the legal consequences of failing to appear in court within the time limit; a public notice for service of a judgment or ruling shall state the main contents of the judgment or ruling, the parties' right to appeal, the time limit for appeal, and the people's court of appeal.

**Article 140** Service by public notice shall not apply to cases to which summary procedures apply.

**Article 141** Where a party refuses to sign for receipt of a judgment or ruling when a people's court pronounces judgment on a scheduled date, it shall be deemed as served, and it shall be recorded in the transcript of the pronouncement of judgment.

## VI. Mediation

**Article 142** After accepting a civil case, a people's court may, upon examination, directly conduct mediation if it considers that the legal relationship is clear and the facts are clear, and with the consent of both parties.

**Article 143** Cases to which special procedures, procedures for urging compliance, and procedures for publicizing public notice for assertion of claims apply, cases concerning the confirmation of marriage and other identity relationships, and other cases that cannot be mediated according to the nature of the cases shall not be mediated.

**Article 144** Where a people's court, in trying a civil case, discovers that the parties have maliciously colluded to infringe upon the lawful rights and interests of others through settlement or mediation, it shall handle the case in accordance with the provisions of Article 115 of the *Civil Procedure Law*.

**Article 145** A people's court shall conduct mediation in trying civil cases in accordance with the principles of voluntariness and legality. Where one or both parties insist on not being willing to mediate, a judgment shall be rendered in a timely manner.

A people's court shall conduct mediation in trying divorce cases, but shall not delay a decision if mediation fails.

**Article 146** The mediation process of a people's court in trying civil cases shall not be open to the public, except where the parties agree to make it open to the public.

The contents of a mediation agreement shall not be open to the public, except where the people's court considers it truly necessary to make it open to the public in order to protect national interests, public interests of society, and the lawful rights and interests of others.

Personnel presiding over and participating in mediation shall keep confidential state secrets, commercial secrets, personal privacy, and other information unsuitable for public disclosure learned during the mediation process and the mediation process, except for the protection of national interests, public interests of society, and the lawful rights and interests of others.

**Article 147** When a people's court mediates a case, if a party is unable to appear in court, his or her entrusted agent may participate in the mediation upon special authorization, and the mediation agreement reached may be signed by the entrusted agent.

Where a party to a divorce case is indeed unable to appear in court to participate in mediation due to special circumstances, he or she shall issue a written opinion, except where he or she is unable to express his or her will.

**Article 148** After the parties reach an agreement through settlement on their own or mediation, if they request the people's court to prepare a judgment based on the settlement agreement or mediation agreement, the people's court shall not grant permission.

In a divorce case involving a person without civil capacity, the litigation shall be conducted by his or her legal representative. If the legal representative reaches an agreement with the other party and requests the issuance of a judgment, a judgment may be prepared based on the content of the agreement.

**Article 149** Where a mediation statement requires the signatures and receipts of the parties to become legally effective, the date on which the last party to receive the mediation statement signs and receives it shall be the effective date of the mediation statement.

**Article 150** When a people's court mediates a civil case, if a third party without independent claims is required to bear liability, his or her consent shall be obtained. If the third party repents before the mediation statement is served, the people's court shall make a judgment in a timely manner.

**Article 151** According to the provisions of Item 4, Paragraph 1, Article 101 of the *Civil Procedure Law*, where the parties agree that the mediation agreement shall become legally effective immediately upon their signatures or seals, after the people's court examines and confirms it, it shall be recorded in the transcript or the mediation agreement shall be attached to the file, and it shall become legally effective immediately upon the signatures or seals of the parties, adjudicators, and court clerks.

Under the circumstances specified in the preceding paragraph, if a party requests the preparation of a mediation statement, the people's court may prepare a mediation statement and serve it on the party after examination and confirmation. A party's refusal to accept the mediation statement shall not affect the validity of the mediation agreement.

### VII. Preservation and Advance Execution

**Article 152** When a people's court adopts pre-litigation preservation or litigation preservation measures in accordance with the provisions of Article 103 and Article 104 of the *Civil Procedure Law*, and orders the interested party or the party to provide a guarantee, it shall notify them in writing.

An interested party applying for pre-litigation preservation shall provide a guarantee. For an application for pre-litigation property preservation, a guarantee equivalent to the requested preservation amount shall be provided; under special circumstances, the people's court may handle it at its discretion. For an application for pre-litigation conduct preservation, the amount of the guarantee shall be determined by the people's court based on the specific circumstances of the case.

During the litigation, if a people's court adopts preservation measures upon application or ex officio, it shall determine whether the party should provide a guarantee and the amount of the guarantee based on the specific circumstances of the case.

**Article 153** When a people's court adopts preservation measures for seasonal commodities, fresh, perishable items, and other items not suitable for long-term storage, it may order the parties to dispose of them in a timely manner, and the people's court shall preserve the proceeds; when necessary, the people's court may sell them and preserve the proceeds.

**Article 154** When a people's court adopts measures to seal up, distrain, or freeze property in property preservation, it shall properly keep the sealed up, distrained, or frozen property. If it is not suitable for the people's court to keep it, the people's court may designate the person against whom the preservation is applied to be responsible for keeping it; if it is not suitable for the person against whom the preservation is applied to keep it, it may entrust another person or the applicant for preservation to keep it.

Sealed up, distrained, or frozen encumbered property possessed by the encumbrancer shall generally be kept by the encumbrancer; if kept by the people's court, the pledge right or lien shall not be extinguished due to the adoption of preservation measures.

**Article 155** For property designated by a people's court to be kept by the person against whom the preservation is applied, if continued use will not have a significant impact on the value of the property, the person against whom the preservation is applied may be allowed to continue using it; for property kept by the people's court or entrusted to another person, the applicant for preservation, the people's court, and other keepers shall not use it.

**Article 156** The methods and measures for property preservation adopted by the people's court shall be handled in accordance with the relevant provisions of the execution procedure.

**Article 157** The people's court may adopt property preservation measures on mortgaged property, pledged property, and retained property, but this shall not affect the priority of compensation of the mortgagee, pledgee, and lienholder.

**Article 158** The people's court may adopt property preservation measures on the income that the debtor is entitled to receive upon maturity, restrict its withdrawal, and notify the relevant unit to assist in execution.

**Article 159** Where the debtor's property cannot satisfy the preservation request, but the debtor has a mature creditor's right against another person, the people's court may, upon the application of the creditor, rule that the other person shall not pay off the debt to the debtor in this case. If the other person requests to pay off, the people's court shall deposit the property or price.

**Article 160** Where a party files a lawsuit with another people's court with jurisdiction other than the one that adopted the pre-litigation preservation measures, the people's court that adopted the pre-litigation preservation measures shall transfer the preservation procedures to the people's court accepting the case. The ruling on pre-litigation preservation shall be deemed as a ruling made by the people's court accepting the transfer.

**Article 161** For a case where a party appeals against a first-instance judgment, before the second-instance people's court receives the reported case, if the party commits acts such as transferring, concealing, selling, or destroying property, and preservation measures must be adopted, the first-instance people's court shall adopt them upon the application of the party or ex officio. The preservation ruling of the first-instance people's court shall be reported to the second-instance people's court in a timely manner.

**Article 162** Where the second-instance people's court rules to continue the preservation or adopt new preservation measures for the preservation measures adopted by the first-instance people's court, it may implement them itself or entrust the first-instance people's court to implement them.

Where the retrial people's court rules to continue the preservation or adopt new preservation measures for the original preservation measures, it may implement them itself or entrust the original trial people's court or the execution court to implement them.

**Article 163** After a legal document takes effect and before entering the execution procedure, if the creditor fails to apply for preservation due to emergencies such as the other party transferring property, which may result in the effective legal document being unable to be executed or difficult to execute, the creditor may apply to the execution court for preservation measures. If the creditor fails to apply for execution within five days after the expiration of the performance period specified in the legal document, the people's court shall lift the preservation.

**Article 164** For the guarantee property provided by the preservation applicant or another person, the people's court shall handle the procedures for sealing up, seizing, freezing, etc. in accordance with the law.

**Article 165** After the people's court rules to adopt preservation measures, except where the people's court that made the preservation ruling lifts it itself or its higher people's court decides to lift it, no unit shall lift the preservation measures during the preservation period.

**Article 166** After ruling to adopt preservation measures, the people's court shall make a ruling to lift the preservation under any of the following circumstances:

(1) The preservation is erroneous;

(2) The applicant withdraws the preservation application;

(3) The applicant's lawsuit or litigation request is dismissed by an effective judgment;

(4) Other circumstances where the people's court considers that the preservation should be lifted.

To lift the preservation measures implemented by registration, a notice of assistance in execution shall be issued to the registration authority.

**Article 167** Where the person subject to property preservation provides other guarantee property of equal value that is conducive to execution, the people's court may rule to change the object of preservation to the guarantee property provided by the person subject to preservation.

**Article 168** Where the preservation ruling is not revoked or lifted by the people's court in accordance with the law, after entering the execution procedure, it shall automatically be converted into sealing up, seizing, and freezing measures in execution, and the period shall be calculated continuously. The execution court does not need to remake a ruling, except where the period of sealing up, seizing, and freezing expires.

**Article 169** The advance execution stipulated in the *Civil Procedure Law* shall be adopted by the people's court after accepting the case and before making the final judgment. Advance execution shall be limited to the scope of the parties' claims and limited to the urgent needs of the parties' lives and production and operations.

**Article 170** The urgent circumstances stipulated in Item 3 of Article 109 of the *Civil Procedure Law* include:

(1) Need to immediately stop infringement or eliminate obstruction;

(2) Need to immediately stop a certain act;

(3) Claiming insurance compensation urgently needed to resume production and operations;

(4) Need to immediately return social insurance funds or social assistance funds;

(5) Failure to immediately return the funds will seriously affect the life and production and operations of the right holder.

**Article 171** If a party is dissatisfied with a ruling on preservation or advance execution, it may apply for reconsideration to the people's court that made the ruling within five days from the date of receiving the ruling. The people's court shall conduct a review within ten days after receiving the application for reconsideration. If the ruling is correct, the party's application shall be rejected; if the ruling is improper, the original ruling shall be altered or revoked.

**Article 172** If an interested party is dissatisfied with a ruling on preservation or advance execution and applies for reconsideration, the people's court that made the ruling shall handle it in accordance with the provisions of Article 111 of the *Civil Procedure Law*.

**Article 173** After the people's court executes in advance, if the applicant should return the benefits obtained due to the advance execution according to a legally effective judgment, the provisions of Article 240 of the *Civil Procedure Law* shall apply.

**VIII. Compulsory Measures against Obstruction of Civil Proceedings**

**Article 174** The defendant who must appear in court as stipulated in Article 112 of the *Civil Procedure Law* refers to a defendant who has the obligation of alimony, support, or maintenance and whose failure to appear in court makes it impossible to ascertain the facts of the case.

If the people's court summons a plaintiff whose appearance in court is necessary to ascertain the basic facts of the case twice by summons, and the plaintiff refuses to appear in court without justifiable reasons, the plaintiff may be summoned by warrant.

**Article 175** A warrant of summons must be used for summons by warrant, and it shall be directly served on the person summoned by warrant; before the summons by warrant, the consequences of refusing to appear in court shall be explained to the person summoned by warrant, and if the person still refuses to appear in court after criticism and education, the person may be summoned by warrant to appear in court.

**Article 176** If a participant in the proceedings or any other person commits any of the following acts, the people's court may handle it in accordance with the provisions of Article 113 of the *Civil Procedure Law*:

(1) Audio recording, video recording, or photographing without permission;

(2) Broadcasting trial activities live through mobile communications or other means without permission;

(3) Other acts that disrupt court order and obstruct trial activities.

In the circumstances stipulated in the preceding paragraph, the people's court may temporarily seize the equipment used by the participant in the proceedings or other person for audio recording, video recording, photographing, or broadcasting trial activities, and order them to delete the relevant content; if they refuse to delete it, the people's court may take necessary measures to forcibly delete it.

**Article 177** Reprimand or ordering to leave the courtroom shall be decided by the collegial panel or the sole judge. The content of the reprimand and the illegal facts of the person ordered to leave the courtroom shall be recorded in the court record.

**Article 178** If a people's court takes detention measures in accordance with the provisions of Articles 113 to 117 of the *Civil Procedure Law*, it shall be approved by the president of the court, and a detention decision shall be made, and the judicial police shall hand over the detainee to the local public security organ for custody.

**Article 179** If the detainee is not in the jurisdiction of the court, the people's court that made the detention decision shall dispatch personnel to the people's court where the detainee is located, and request the court to assist in execution, and the entrusted people's court shall promptly dispatch personnel to assist in execution. If the detainee applies for reconsideration or admits and corrects his or her mistakes during the detention period and needs to be released from detention in advance, the entrusted people's court shall forward it to the entrusting people's court or make a proposal, which shall be examined and decided by the entrusting people's court.

**Article 180** After a people's court adopts detention measures against a detainee, it shall notify his or her family members within 24 hours; if it is indeed impossible to notify them on time or they cannot be notified, it shall be recorded in the file.

**Article 181** In emergency situations such as making a disturbance, storming a court, or resisting the execution of official duties by violence, threat, or other methods, where detention measures must be taken

immediately, the approval formalities may be completed retroactively by reporting to the president immediately after detention. If the president considers the detention improper, the detention shall be lifted.

**Article 182** If a detainee admits his or her mistakes and repents during the period of detention, he or she may be ordered to write a statement of repentance and be released from detention in advance. To release a person from detention in advance, it shall be reported to the president for approval, and a decision on early release from detention shall be made and handed over to the public security organ responsible for custody for execution.

**Article 183** The fines and detentions stipulated in Articles 113 to 116 of the *Civil Procedure Law* may be applied independently or concurrently.

**Article 184** Fines and detentions shall not be applied consecutively for the same act of obstructing civil proceedings. If a new act of obstructing civil proceedings occurs, the people's court may impose a new fine or detention.

**Article 185** If a person who is fined or detained is dissatisfied with the fine or detention decision and applies for reconsideration, he or she shall submit it within three days from the date of receiving the decision. The higher-level people's court shall make a decision within five days after receiving the application for reconsideration, and notify the lower-level people's court and the parties of the reconsideration result.

**Article 186** If a higher-level people's court considers that the compulsory measures are improper during reconsideration, it shall make a decision to revoke or change the detention or fine decision made by the lower-level people's court. In urgent situations, a decision may be issued within three days after oral notification.

**Article 187** The acts of hindering judicial personnel from performing their duties by violence, threat, or other methods as stipulated in Item 5, Paragraph 1, Article 114 of the *Civil Procedure Law* include:

(1) Making a disturbance or lingering in a people's court, and refusing to listen to the dissuasion of judicial personnel;

(2) Intentionally destroying or snatching legal documents or sealed marks of a people's court;

(3) Making a disturbance or storming the scene of execution of official duties, or besieging or detaining personnel executing or assisting in the execution of official duties;

(4) Destroying, snatching, or detaining case materials, vehicles for executing official duties, other equipment for executing official duties, clothing of personnel executing official duties, and certificates for executing official duties;

(5) Hindering judicial personnel from inquiring, investigating, sealing up, freezing, transferring, auctioning, or selling property by violence, threat, or other methods;

(6) Other acts of hindering judicial personnel from performing their duties by violence, threat, or other methods.

**Article 188** The acts of refusing to perform legally effective judgments or rulings of a people's court as stipulated in Item 6, Paragraph 1, Article 114 of the *Civil Procedure Law* include:

(1) After a legal document takes legal effect, concealing, transferring, selling, or destroying property, or transferring property without compensation, trading property at an obviously unreasonable price, abandoning

undue claims, or providing guarantees for others without compensation, resulting in the people's court being unable to execute it;

(2) Concealing, transferring, or destroying property provided as a guarantee to a people's court, or disposing of it without the permission of the people's court;

(3) Violating an order restricting high consumption issued by a people's court to consume;

(4) Having the ability to perform but refusing to perform the obligations determined by a legally effective legal document in accordance with the execution notice of a people's court;

(5) An individual who has the obligation to assist in execution refuses to assist in execution after receiving a notice of assistance in execution from a people's court.

**Article 189** Where a participant in the proceedings or any other person commits any of the following acts, the people's court may deal with it in accordance with the provisions of Article 114 of the *Civil Procedure Law*:

(1) Impersonating another person to institute an action or participate in an action;

(2) A witness makes false testimony after signing a letter of guarantee, which hinders the trial of the case by the people's court;

(3) Forging, concealing, destroying or refusing to hand over important evidence concerning the person subjected to execution's ability to perform, which hinders the people's court from ascertaining the financial status of the person subjected to execution;

(4) Unlawfully unfreezing property that has been frozen by the people's court;

(5) After receiving a notice of assistance in execution from the people's court, tipping off the party concerned and assisting them in transferring or concealing property.

**Article 190** The lawful rights and interests of others as stipulated in Article 115 of the *Civil Procedure Law* include the lawful rights and interests of persons outside the case, national interests, and social public interests.

Where a third party institutes an action for revocation in accordance with the provisions of paragraph 3 of Article 59 of the *Civil Procedure Law*, and upon examination, the original parties maliciously colluded to conduct false litigation, it shall be dealt with in accordance with the provisions of Article 115 of the *Civil Procedure Law*.

**Article 191** Where a unit commits an act stipulated in Article 115 or Article 116 of the *Civil Procedure Law*, the people's court shall impose a fine on the unit, and may impose a fine or detention on its principal person in charge or directly responsible personnel; if a crime is constituted, criminal responsibility shall be investigated in accordance with the law.

**Article 192** Where a relevant unit, after receiving a notice of assistance in execution from the people's court, commits any of the following acts, the people's court may deal with it in accordance with the provisions of Article 117 of the *Civil Procedure Law*:

(1) Allowing the person subjected to execution to consume at a high level;

(2) Allowing the person subjected to execution to exit the country;

(3) Refusing to stop handling procedures for the transfer of relevant property right certificates, registration of changes in property rights, planning approval, etc.;

(4) Delaying the handling on the grounds that internal instructions, internal approval, or internal regulations are required.

**Article 193** When a people's court adopts fine measures against an individual or a unit, it shall determine the corresponding fine amount within the limits stipulated in paragraph 1 of Article 118 of the *Civil Procedure Law*, based on factors such as the nature, circumstances, and consequences of the act hindering civil proceedings, the local level of economic development, and the amount of the subject matter of the action.

**IX. Litigation Costs**

**Article 194** For cases tried in accordance with Article 57 of the *Civil Procedure Law*, the case acceptance fee shall not be paid in advance, and after the case is concluded, it shall be paid by the losing party in accordance with the amount of the subject matter of the action.

**Article 195** Where a payment order becomes invalid and is transferred to litigation procedures, the creditor shall make up the case acceptance fee in accordance with the Measures for the Payment of Litigation Costs.

Where a payment order is revoked and the creditor institutes another action, the litigation costs shall be paid in accordance with the Measures for the Payment of Litigation Costs.

**Article 196** Where a people's court alters the original judgment, ruling, or mediation result, it shall deal with the burden of the original trial litigation costs together in the judgment document.

**Article 197** Where the subject matter of the action is securities, the amount of the subject matter of the action shall be calculated in accordance with the securities trading rules and based on the closing price on the last trading day before the party institutes the action, the market price on that day, or the amount stated therein.

**Article 198** Where the subject matter of a lawsuit is a specific object such as a house, land, forest, vehicle, vessel, or cultural relic, or intellectual property rights, and its value is difficult to determine at the time of filing the lawsuit, the people's court shall explain to the plaintiff the litigation risks of claiming an excessively high or low value, and determine the amount of the subject matter of the lawsuit based on the value claimed by the plaintiff.

**Article 199** Where a case tried under the summary procedure is converted to the ordinary procedure, the plaintiff shall pay the case acceptance fee within seven days from the date of receiving the notice of payment of litigation costs from the people's court.

If the plaintiff fails to pay the fee in full within the time limit without justifiable reasons, it shall be treated as a withdrawal of the lawsuit, and half of the litigation costs already collected shall be refunded.

**Article 200** For civil litigation cases involving the debtor in bankruptcy proceedings, litigation costs shall be paid in accordance with the standards for property cases, except for labor dispute cases.

**Article 201** Where there are both property claims and non-property claims, litigation costs shall be paid in accordance with the standards for property claims.

Where there are multiple property claims, the litigation costs shall be calculated and paid in a consolidated manner; where there are multiple non-property claims in a lawsuit, the litigation costs shall be paid as one case.

**Article 202** Where the plaintiff, defendant, and third party appeal separately, they shall prepay the case acceptance fee for the second instance separately in accordance with their respective appeal claims.

Where multiple persons on the same side appeal jointly, they shall prepay one case acceptance fee for the second instance; where they appeal separately, they shall prepay the case acceptance fee for the second instance separately in accordance with their respective appeal claims.

**Article 203** Where parties bearing joint and several liability lose a lawsuit, they shall jointly bear the litigation costs.

**Article 204** In cases of realizing security interests, where the people's court rules to auction or sell off the collateral, the application fee shall be borne by the debtor or guarantor; where the people's court rules to dismiss the application, the application fee shall be borne by the applicant.

If the applicant files a separate lawsuit, the application fee already paid may be deducted from the case acceptance fee.

**Article 205** After a ruling to auction or sell off the collateral is made, if the people's court enforces it compulsorily, the enforcement application fee shall be collected based on the enforcement amount.

**Article 206** Where a people's court decides to halve the case acceptance fee, it can only be halved once.

**Article 207** After a judgment takes effect, the litigation costs prepaid by the winning party but not to be borne by it shall be refunded by the people's court, and paid to the people's court by the losing party, except where the winning party voluntarily bears them or agrees that the losing party pays them directly to it.

If a party refuses to pay the litigation costs, the people's court may enforce it compulsorily.

## X. Ordinary Procedure of First Instance

**Article 208** When a people's court receives a civil complaint submitted by a party, if it meets the provisions of Article 122 of the *Civil Procedure Law* and does not fall under the circumstances specified in Article 127, it shall register and file the case; if it cannot be determined on the spot whether it meets the conditions for filing a lawsuit, it shall receive the complaint materials and issue a written voucher indicating the date of receipt.

If necessary relevant materials need to be supplemented, the people's court shall inform the party in a timely manner. After the relevant materials are supplemented, a decision on whether to file the case shall be made within seven days.

If it is found after filing the case that it does not meet the conditions for filing a lawsuit or falls under the circumstances specified in Article 127 of the *Civil Procedure Law*, a ruling shall be made to dismiss the lawsuit.

**Article 209** If the information provided by the plaintiff, such as the defendant's name or title and domicile, is specific and clear enough to distinguish the defendant from others, it can be recognized as having a definite defendant.

If the defendant's information written in the statement of claim is insufficient to identify a specific defendant, the people's court may inform the plaintiff to make corrections. If a specific defendant still cannot be identified after the plaintiff makes corrections, the people's court shall rule not to accept the case.

**Article 210** If the plaintiff uses abusive language and personal attacks in the statement of claim, the people's court shall inform the plaintiff to file the lawsuit after making modifications.

**Article 211** For a case over which the court has no jurisdiction, the plaintiff shall be informed to file a lawsuit with a people's court that has jurisdiction; if the plaintiff insists on filing the lawsuit, a ruling shall be made not to accept it; if it is discovered after the case is filed that the court has no jurisdiction, the case shall be transferred to a people's court that has jurisdiction.

**Article 212** For a case where a ruling has been made not to accept or to dismiss the lawsuit, if the plaintiff files the lawsuit again, meets the conditions for filing a lawsuit, and does not fall under the circumstances stipulated in Article 127 of the *Civil Procedure Law*, the people's court shall accept it.

**Article 213** If the plaintiff fails to prepay the case acceptance fee that should be prepaid, the people's court shall notify the plaintiff to prepay it. If the plaintiff still fails to prepay it after being notified, or if the plaintiff applies for a reduction, postponement, or exemption but is not approved and still fails to prepay it, a ruling shall be made to treat it as a withdrawal of the lawsuit.

**Article 214** After the plaintiff withdraws the lawsuit or the people's court treats it as a withdrawal of the lawsuit, if the plaintiff files the lawsuit again with the same claim, the people's court shall accept it.

For a divorce case where the plaintiff withdraws the lawsuit or it is treated as a withdrawal of the lawsuit, if the plaintiff files the lawsuit again within six months without new circumstances or new reasons, it shall not be accepted in accordance with the provisions of Item 7 of Article 127 of the *Civil Procedure Law*.

**Article 215** In accordance with the provisions of Item 2 of Article 127 of the *Civil Procedure Law*, if the parties have concluded an arbitration clause in a written contract, or have reached a written arbitration agreement after a dispute arises, and one party files a lawsuit with a people's court, the people's court shall inform the plaintiff to apply for arbitration to an arbitration institution. If the plaintiff insists on filing the lawsuit, a ruling shall be made not to accept it, except where the arbitration clause or arbitration agreement is unestablished, invalid, lapsed, or its content is unclear and cannot be executed.

**Article 216** Before the first hearing of a people's court, if the defendant raises an objection to the acceptance of a civil case on the grounds of a written arbitration agreement, the people's court shall conduct a review.

If, after review, it meets one of the following circumstances, the people's court shall rule to dismiss the lawsuit:

(1) An arbitration institution or a people's court has already confirmed the validity of the arbitration agreement;

(2) The party did not raise an objection to the validity of the arbitration agreement before the first hearing of the arbitral tribunal;

(3) The arbitration agreement complies with the provisions of Article 16 of the Arbitration Law and does not have the circumstances stipulated in Article 17 of the Arbitration Law.

**Article 217** In a case where one spouse is missing and the other spouse files a lawsuit with a people's court only seeking a divorce without applying to declare the missing person missing or dead, the people's court shall accept it and serve the litigation documents on the missing person by public notice.

**Article 218** In cases of alimony, support, and maintenance, after the judgment takes legal effect, if one party files a lawsuit again requesting an increase or decrease in expenses due to new circumstances or new reasons, the people's court shall accept it as a new case.

**Article 219** If a party files a lawsuit after the limitation of action period has expired, the people's court shall accept it. If the opposing party raises a defense of limitation of action after acceptance, and the people's court finds the defense established after trial, it shall rule to dismiss the plaintiff's claim.

**Article 220** The trade secrets stipulated in Articles 71, 137, and 159 of the *Civil Procedure Law* refer to technical secrets, commercial intelligence, and information such as production processes, formulas, trade contacts, and purchasing channels that the parties are unwilling to disclose.

**Article 221** For disputes arising from the same facts, if the parties separately file lawsuits with the same people's court, the people's court may consolidate the trial.

**Article 222** If the plaintiff directly lists a third party in the statement of claim, it shall be deemed as an application by the plaintiff to the people's court to add the third party to participate in the litigation. Whether to notify the third party to participate in the litigation shall be decided by the people's court after review.

**Article 223** Where a party raises an objection to jurisdiction during the period for submitting a statement of defense, and also defends against the contents of the statement of claim, the people's court shall examine the objection to jurisdiction in accordance with the provisions of Paragraph 1 of Article 130 of the *Civil Procedure Law*.

Where a party fails to raise an objection to jurisdiction, but defends, states, or files a counterclaim regarding the substantive contents of the case, it may be deemed as a defense to the claim as stipulated in Paragraph 2 of Article 130 of the *Civil Procedure Law*.

**Article 224** In accordance with the provisions of Item 4 of Article 136 of the *Civil Procedure Law*, the people's court may, after the expiration of the defense period, make preparations before the trial by organizing the exchange of evidence, convening pre-trial meetings, etc.

**Article 225** Depending on the specific circumstances of the case, a pre-trial meeting may include the following contents:

(1) Clarifying the plaintiff's claims and the defendant's defense opinions;

(2) Examining and handling the parties' applications for adding or modifying claims and filing counterclaims, as well as claims related to the case filed by a third party;

(3) Deciding to investigate and collect evidence, entrusting appraisals, requiring parties to provide evidence, conducting inspections, and preserving evidence based on the parties' applications;

(4) Organizing the exchange of evidence;

(5) Summarizing the focus of the dispute;

(6) Conducting mediation.

**Article 226** The people's court shall summarize the focus of the dispute based on the parties' claims, defense opinions, and the exchange of evidence, and solicit the parties' opinions on the summarized focus of the dispute.

**Article 227** When a people's court tries a case applying the ordinary procedure, it shall summon the parties with a subpoena three days before the court session. Agents ad litem, witnesses, appraisers, inspectors, and translators shall be notified to appear in court with a notice. If a party or other litigation participant is out of town, necessary travel time shall be reserved.

**Article 228** The court trial shall focus on the facts, evidence, and application of law disputed by the parties.

**Article 229** Where a party raises a different opinion during the court trial regarding the facts and evidence recognized during the pre-trial preparation stage, the people's court shall order it to explain the reasons. When necessary, it may order it to provide corresponding evidence. The people's court shall conduct an examination in combination with the party's litigation ability, evidence, and the specific circumstances of the case. If the reasons are established, they may be included in the focus of the dispute for trial.

**Article 230** Based on the specific circumstances of the case and with the consent of the parties, the people's court may merge the court investigation and court debate.

**Article 231** Where a party presents new evidence in court, the people's court shall handle it in accordance with the provisions of Paragraph 2 of Article 68 of the *Civil Procedure Law* and the relevant provisions of this Interpretation.

**Article 232** After a case is accepted and before the end of the court debate, if the plaintiff adds claims, the defendant files a counterclaim, or a third party files claims related to the case, which can be tried together, the people's court shall try them together.

**Article 233** The parties to a counterclaim shall be limited to the parties to the principal claim.

Where the claims of the counterclaim and the principal claim are based on the same legal relationship, there is a causal relationship between the claims, or the claims of the counterclaim and the principal claim are based on the same facts, the people's court shall try them together.

Where the counterclaim should be under the exclusive jurisdiction of another people's court, or is unrelated to the subject matter of the principal claim and the facts and reasons on which the claim is based, a ruling shall be made not to accept it, and the party shall be informed to file a separate lawsuit.

**Article 234** In a divorce lawsuit involving a person without capacity for civil conduct, the legal representative of the party shall appear in court; if the legal representative is unable to appear in court, the people's court shall make a judgment in accordance with the law on the basis of ascertaining the facts.

**Article 235** If the legal representative of a party without capacity for civil conduct refuses to appear in court without justifiable reasons after being summoned by a subpoena, if the party belongs to the plaintiff, it shall be treated as a withdrawal of the lawsuit in accordance with the provisions of Article 146 of the *Civil Procedure Law*; if the party belongs to the defendant, a default judgment shall be made in accordance with the provisions of Article 147 of the *Civil Procedure Law*. When necessary, the people's court may summon him to court by warrant.

**Article 236** If a third party with independent claims refuses to appear in court without justifiable reasons after being summoned by a subpoena from the people's court, or leaves the court halfway without the permission of the court, it shall be treated as a withdrawal of the lawsuit in accordance with the provisions of Article 146 of the *Civil Procedure Law*.

**Article 237** After a third party with independent claims participates in the litigation, if the plaintiff applies to withdraw the lawsuit, after the people's court approves the plaintiff's withdrawal of the lawsuit, the third party with independent claims shall act as a separate plaintiff, and the original plaintiff and defendant shall act as separate defendants, and the litigation shall continue.

**Article 238** For cases where a party applies to withdraw a lawsuit or can be treated as a withdrawal of a lawsuit in accordance with the law, if the party has an act that violates the law and needs to be dealt with in accordance with the law, the people's court may not approve the withdrawal of the lawsuit or not treat it as a withdrawal of the lawsuit.

If the plaintiff applies to withdraw the lawsuit after the conclusion of the court debate, and the defendant disagrees, the people's court may not approve it.

**Article 239** If the people's court approves the plaintiff's withdrawal of the lawsuit, it shall continue to hear the counterclaim; if the defendant applies to withdraw the counterclaim, the people's court shall approve it.

**Article 240** If a third party without independent claims refuses to appear in court without justifiable reasons after being summoned by a subpoena from the people's court, or leaves the court halfway without the permission of the court, it shall not affect the trial of the case.

**Article 241** If the defendant refuses to appear in court without justifiable reasons after being summoned by a subpoena, or leaves the court halfway without the permission of the court, the people's court shall hold a hearing on schedule or continue the hearing, and after examining the litigation claims of the parties present in court, the defense reasons of both parties, and the evidence and other litigation materials that have been submitted, it may make a default judgment in accordance with the law.

**Article 242** After a first-instance judgment is pronounced, if the original people's court finds that the judgment is erroneous, and the party files an appeal within the appeal period, the original people's court may put forward an opinion that the original judgment is erroneous, report it to the second-instance people's court, and the second-instance people's court shall conduct a trial in accordance with the second-instance procedure; if the party does not appeal, it shall be handled in accordance with the trial supervision procedure.

**Article 243** The trial period stipulated in Article 152 of the *Civil Procedure Law* refers to the period from the date of filing the case to the date of pronouncing the judgment or serving the mediation statement, but the announcement period, appraisal period, settlement period between both parties, the period for examining the jurisdictional objection raised by the party, and the period for handling the jurisdictional dispute between people's courts shall not be calculated therein.

**Article 244** If an appealable judgment or ruling cannot be served on both parties at the same time, the appeal period shall be calculated from the date when they respectively receive the judgment or ruling.

**Article 245** The slip of the pen stipulated in Item 7, Paragraph 1, Article 157 of the *Civil Procedure Law* refers to miswriting, miscalculation, omission of litigation costs, miscalculation, and other slips of the pen in legal documents.

**Article 246** When the cause for suspending the litigation is eliminated and the litigation procedure is resumed, it is not necessary to revoke the original ruling, and the ruling to suspend the litigation shall lose its effect from the time when the people's court notifies or approves both parties to continue the litigation.

**Article 247** If a party files a lawsuit again during the litigation process or after the judgment takes effect for a matter that has already been filed, and it meets the following conditions at the same time, it constitutes a repeated lawsuit:

(1) The parties to the subsequent lawsuit and the previous lawsuit are the same;

(2) The subject matter of the subsequent lawsuit and the previous lawsuit are the same;

(3) The claims of the subsequent lawsuit are identical to those of the previous lawsuit, or the claims of the subsequent lawsuit essentially negate the judgment results of the previous lawsuit.

Where a party repeatedly files a lawsuit, a ruling shall be made not to accept it; if it has already been accepted, a ruling shall be made to dismiss the lawsuit, except as otherwise provided by laws or judicial interpretations.

**Article 248** After a judgment takes legal effect, if new facts occur and a party files a lawsuit again, the people's court shall accept it in accordance with the law.

**Article 249** During a lawsuit, the transfer of civil rights and obligations in dispute shall not affect the parties' qualifications as subjects of the lawsuit and their litigation status. The legally effective judgments and rulings made by the people's court shall be binding on the transferee.

If the transferee applies to participate in the lawsuit as a third party without independent claims, the people's court may permit it. If the transferee applies to replace the party to undertake the lawsuit, the people's court may decide whether to permit it based on the specific circumstances of the case; if it is not permitted, the transferee may be added as a third party without independent claims.

**Article 250** Where the people's court permits the transferee to replace the party to undertake the lawsuit in accordance with the provisions of Article 249 of this Interpretation, a ruling shall be made to change the party.

After the party is changed, the litigation proceedings shall continue with the transferee as the party, and the original party shall withdraw from the lawsuit. The litigation acts already completed by the original party shall be binding on the transferee.

**Article 251** For cases remanded for retrial after the revocation of the first-instance judgment by a second-instance ruling, if a party applies to change or add claims or files a counterclaim, or a third party files claims related to the case, it shall be handled in accordance with the provisions of Article 143 of the *Civil Procedure Law*.

**Article 252** For cases remanded for retrial after the revocation of the original judgment or ruling by a retrial ruling, if a party applies to change or add claims or files a counterclaim, and one of the following circumstances is met, the people's court shall permit it:

(1) The original trial failed to legally summon and made a default judgment, affecting the party's exercise of litigation rights;

(2) Adding new parties to the lawsuit;

(3) The subject matter of the lawsuit is lost or changes occur, making the original claims impossible to realize;

(4) The party applies to change or add claims or files a counterclaim, which cannot be resolved through another lawsuit.

**Article 253** For cases pronounced in court, except where the parties request the judgment documents to be sent by mail, the people's court shall inform the parties or their agents ad litem of the time and place to collect the judgment documents and the legal consequences of failing to collect them on time. The above circumstances shall be recorded in the transcript.

**Article 254** Applications by citizens, legal persons, or other organizations to consult legally effective judgments or rulings shall be submitted to the people's court that made the effective judgment. The application shall be submitted in writing and provide the specific case number or the names or titles of the parties.

**Article 255** Applications to consult judgments or rulings shall be handled by the people's court according to the following circumstances respectively:

(1) If the judgment or ruling has been made public to society through information networks, the applicant shall be guided to consult it themselves;

(2) If the judgment or ruling has not been made public to society through information networks, and the application meets the requirements, convenient consultation services shall be provided in a timely manner;

(3) If the judgment or ruling has not yet taken legal effect, or has lost legal effect, consultation shall not be provided and the applicant shall be informed;

(4) If the legally effective judgment or ruling was not made by this court, the applicant shall be informed to apply for consultation to the people's court that made the effective judgment;

(5) If the content requested for consultation involves state secrets, commercial secrets, or personal privacy, it shall not be permitted and the applicant shall be informed.

## XI. Summary Procedure

**Article 256** The clear facts in simple civil cases stipulated in Article 160 of the *Civil Procedure Law* mean that the parties' statements on the disputed facts are basically the same, and they can provide corresponding evidence, and the facts can be ascertained without the people's court investigating and collecting evidence; clear rights and obligations mean that it can be clearly distinguished who is the bearer of responsibility and who is the enjoyer of rights; minor disputes mean that the parties have no principled differences on the right and wrong of the case, the assumption of responsibility, and the subject matter of the lawsuit.

**Article 257** The summary procedure shall not apply to the following cases:

(1) The whereabouts of the defendant are unknown at the time of prosecution;

(2) Remanded for retrial;

(3) There are a large number of parties on one side;

(4) The trial supervision procedure applies;

(5) Involving national interests or social public interests;

(6) A third party files a lawsuit requesting to change or revoke an effective judgment, ruling, or mediation statement;

(7) Other cases where the summary procedure is not suitable.

**Article 258** For cases tried under the summary procedure, if the trial period expires and there are special circumstances requiring an extension, the trial period may be extended with the approval of the president of the court. The cumulative trial period after extension shall not exceed four months.

If the people's court finds that the case is not suitable for the summary procedure and needs to be converted to the ordinary procedure for trial, it shall make a ruling before the expiration of the trial period and notify both parties in writing of the trial personnel and related matters.

If a case is converted to the ordinary procedure for trial, the trial period shall be calculated from the date the people's court files the case.

**Article 259** Both parties may apply to the people's court regarding the method of holding a court session, and the people's court shall decide whether to approve it. With the consent of both parties, the court session may be held by means of audio-visual transmission technology.

**Article 260** Cases that have already been tried under the ordinary procedure shall not be converted to the summary procedure for trial after the court session is held.

**Article 261** For cases tried under the summary procedure, the people's court may summon both parties, notify witnesses, and serve litigation documents by convenient means such as oral messages, telephone calls, text messages, faxes, and emails in accordance with the provisions of Article 90 and Article 162 of the *Civil Procedure Law*.

If the notice of court session served by convenient means is not confirmed by the parties or there is no other evidence to prove that the parties have received it, the people's court shall not make a default judgment.

For cases tried under the summary procedure, a judge shall try the case alone, and a clerk shall serve as the recorder.

**Article 262** Judgments, rulings, and mediation statements produced by a people's tribunal must be stamped with the seal of the primary people's court, and the seal of the people's tribunal shall not be used instead of the seal of the primary people's court.

**Article 263** For cases tried under the summary procedure, the case file shall contain the following materials:

(1) Statement of claim or oral prosecution record;

(2) Statement of defense or oral defense record;

(3) Identity certification materials of the parties;

(4) Power of attorney for entrusting others to act as agents ad litem or oral entrustment record;

(5) Evidence;

(6) Record of questioning the parties;

(7) Trial (including mediation) transcripts;

(8) Judgments, rulings, mediation statements, or mediation agreements;

(9) Service and pronouncement transcripts;

(10) Execution status;

(11) Litigation fee receipts;

(12) Written notices regarding the application of relevant procedures for cases tried in accordance with the provisions of Article 165 of the *Civil Procedure Law*.

**Article 264** Where both parties agree to apply summary procedures in accordance with the provisions of Paragraph 2 of Article 160 of the *Civil Procedure Law*, they shall propose it before the trial. If proposed orally, it shall be recorded in the transcript and signed or sealed by both parties for confirmation.

For cases specified in Article 257 of this Interpretation, if the parties agree to apply summary procedures, the people's court shall not permit it.

**Article 265** Where a plaintiff files a lawsuit orally, the people's court shall accurately record the basic information of the parties, such as name, gender, work unit, domicile, and contact information, as well as the litigation claims, facts, and reasons in the transcript, which shall be signed or sealed by the plaintiff after verification. A receipt shall be issued for the evidentiary materials submitted by the parties.

**Article 266** The time limit for producing evidence in cases applying summary procedures shall be determined by the people's court, or it may be agreed upon by the parties and approved by the people's court, but it shall not exceed fifteen days. If the defendant requests a written defense, the people's court may reasonably determine the defense period on the basis of obtaining their consent.

The people's court shall inform both parties of the time limit for producing evidence and the trial date, and explain to the parties the legal consequences of overdue evidence production and refusal to appear in court, and both parties shall sign or seal the transcript and the receipt of service of the summons.

If both parties indicate that they do not need a time limit for producing evidence or a defense period, the people's court may immediately open a court session for trial or determine a trial date.

**Article 267** For cases applying summary procedures, pre-trial preparations may be conducted in a simplified manner.

**Article 268** For parties who do not have an entrusted lawyer or grassroots legal service worker to represent them in litigation, the people's court may provide necessary explanations or clarifications on relevant contents such as recusal, admission, and burden of proof during the trial process, and appropriately prompt the parties to correctly exercise their litigation rights and perform their litigation obligations during the trial process.

**Article 269** Where a party raises an objection to the application of summary procedures to a case, the people's court shall examine it. If the objection is established, it shall rule to convert it to ordinary procedures; if the objection is not established, it shall rule to reject it. If the ruling is made orally, it shall be recorded in the transcript.

If converted to ordinary procedures, the people's court shall notify both parties in writing of the judicial personnel and relevant matters.

Before converting to ordinary procedures, the facts already confirmed by both parties may not be subject to further evidence production and cross-examination.

**Article 270** For cases applying summary procedures, if one of the following circumstances occurs, the people's court may appropriately simplify the part on the determination of facts or the reasons for judgment when making judgments, rulings, or mediation statements:

(1) The parties have reached a mediation agreement and need to make a civil mediation statement;

(2) One party explicitly states that it recognizes all or part of the other party's litigation claims;

(3) For cases involving trade secrets or personal privacy, one party requests to simplify the relevant contents in the judgment document, and the people's court deems it justified;

(4) Both parties agree to simplify.

**XII. Small Claims Litigation in Summary Procedures**

**Article 271** When a people's court hears a small claims case, the provisions of Article 165 of the *Civil Procedure Law* shall apply, and the first instance shall be final.

**Article 272** The average annual wage of employees in the previous year in the province, autonomous region, or municipality directly under the Central Government as stipulated in Article 165 of the *Civil Procedure Law* refers to the average annual wage of employees in the previous year in the province, autonomous region, or municipality directly under the Central Government that has been published. Before the average annual wage of employees in the previous year is published, the most recently published average annual wage of employees shall prevail.

**Article 273** Maritime courts may apply the small claims procedure to hear maritime and maritime commercial cases. The amount of the subject matter of the case shall be calculated based on the average annual wage of employees in the previous year in the province, autonomous region, or municipality directly under the Central Government where the maritime court actually accepting the case or its dispatched tribunal is located.

**Article 274** When a people's court accepts a small claims case, it shall inform the parties of the trial organization, the finality of the first instance, the trial period, the standards for paying litigation costs, and other relevant matters for such cases.

**Article 275** The time limit for producing evidence in a small claims case shall be determined by the people's court, or it may be agreed upon by the parties through consultation and approved by the people's court, but it generally shall not exceed seven days.

If the defendant requests to submit a written statement of defense, the people's court may reasonably determine the period for defense on the basis of obtaining their consent, but the maximum period shall not exceed fifteen days.

If the parties indicate after appearing in court that they do not need a time limit for producing evidence and a period for defense, the people's court may immediately open a court session for trial.

**Article 276** If a party raises an objection to jurisdiction over a small claims case, the people's court shall make a ruling. The ruling shall take effect immediately upon being made.

**Article 277** If, after accepting a small claims case, a people's court finds that the lawsuit does not meet the conditions for instituting an action as stipulated in Article 122 of the *Civil Procedure Law*, it shall rule to dismiss the lawsuit. The ruling shall take effect immediately upon being made.

**Article 278** If a case no longer meets the conditions for a small claims case because a party applies to increase or change the litigation claims, files a counterclaim, or adds parties, etc., the other provisions of the summary procedure shall apply to the trial.

For cases stipulated in the preceding paragraph that should be tried under the ordinary procedure, a ruling shall be made to convert them to the ordinary procedure.

Before the trial under the other provisions of the summary procedure or the ordinary procedure, the facts already confirmed by both parties may not be subject to further evidence production or cross-examination.

**Article 279** If a party objects to the trial of a case as a small claims case, the objection shall be raised before the court session opens. If, after examination by the people's court, the objection is established, the case shall be tried under the other provisions of the summary procedure or ruled to be converted to the ordinary procedure; if the objection is not established, it shall be ruled to be dismissed. If the ruling is made orally, it shall be recorded in the transcript.

**Article 280** The judgment documents for small claims cases may be simplified, mainly recording the basic information of the parties, the litigation claims, the main text of the judgment, and other contents.

**Article 281** For matters not stipulated in this Interpretation regarding the trial of small claims cases by people's courts, the other provisions of the summary procedure shall apply.

**XIII. Public Interest Litigation**

**Article 282** If organs and relevant organizations stipulated by laws such as the Environmental Protection Law and the Law on the Protection of Consumer Rights and Interests file a public interest lawsuit in accordance with the provisions of Article 58 of the *Civil Procedure Law* against acts that pollute the environment, infringe upon the legitimate rights and interests of numerous consumers, and otherwise harm the social public interest, the people's court shall accept the lawsuit if it meets the following conditions:

(1) There is a definite defendant;

(2) There are specific litigation claims;

(3) There is preliminary evidence that the social public interests have been damaged;

(4) It falls within the scope of civil lawsuits accepted by the people's courts and under the jurisdiction of the people's court receiving the lawsuit.

**Article 283** Public interest litigation cases shall be under the jurisdiction of the intermediate people's court at the place where the tortious act is committed or where the defendant is domiciled, unless otherwise provided for by laws or judicial interpretations.

Public interest litigation instituted due to pollution of the marine environment shall be under the jurisdiction of the maritime court at the place where the pollution occurs, where the damage results occur, or where preventive measures against pollution are taken.

Where public interest litigation is instituted with two or more people's courts separately for the same tortious act, the people's court that first places the case on file shall have jurisdiction; and if necessary, their common higher people's court shall designate jurisdiction.

**Article 284** After accepting a public interest litigation case, the people's court shall inform the relevant competent administrative department in writing within ten days.

**Article 285** After the people's court accepts a public interest litigation case, other organs and relevant organizations that may institute a lawsuit in accordance with the law may apply to the people's court to participate in the litigation before the court session opens. If the people's court permits them to participate in the litigation, they shall be listed as joint plaintiffs.

**Article 286** The acceptance of a public interest litigation case by a people's court shall not affect the institution of a lawsuit by the victim of the same tortious act in accordance with the provisions of Article 122 of the *Civil Procedure Law*.

**Article 287** For public interest litigation cases, the parties may reach a settlement, and the people's court may conduct mediation.

After the parties reach a settlement or mediation agreement, the people's court shall make a public announcement of the settlement or mediation agreement. The public announcement period shall not be less than 30 days.

Upon the expiration of the public announcement period, if the people's court finds upon examination that the settlement or mediation agreement does not violate the social public interests, it shall issue a mediation statement; if the settlement or mediation agreement violates the social public interests, it shall not issue a mediation statement, but shall continue to try the case and render a judgment in accordance with the law.

**Article 288** If the plaintiff in a public interest litigation case applies to withdraw the lawsuit after the conclusion of the court debate, the people's court shall not permit it.

**Article 289** After the judgment or ruling of a public interest litigation case becomes legally effective, if other organs and relevant organizations that have the qualification as plaintiffs in accordance with the law institute another public interest litigation for the same tortious act, the people's court shall rule not to accept it, unless otherwise provided for by laws or judicial interpretations.

**XIV. Lawsuit for Revocation by a Third Party**

**Article 290** Where a third party institutes a lawsuit for revocation against a legally effective judgment, ruling, or mediation statement, it shall, within six months from the date when it knows or should have known that its civil rights and interests have been damaged, file it with the people's court that made the effective judgment, ruling, or mediation statement, and shall provide evidentiary materials for the existence of the following circumstances:

(1) It failed to participate in the litigation due to reasons not attributable to itself;

(2) All or part of the contents of the legally effective judgment, ruling, or mediation statement are erroneous;

(3) The erroneous contents of the legally effective judgment, ruling, or mediation statement damage its civil rights and interests.

**Article 291** The people's court shall, within five days from the date of receiving the statement of claim and evidentiary materials, serve them on the opposing party, and the opposing party may submit written opinions within ten days from the date of receiving the statement of claim.

The people's court shall examine the statement of claim and evidentiary materials submitted by the third party as well as the written opinions of the opposing party. If necessary, it may question both parties.

Upon examination, if the conditions for instituting a lawsuit are met, the people's court shall place the case on file within 30 days from the date of receiving the statement of claim. If the conditions for instituting a lawsuit are not met, it shall rule not to accept it within 30 days from the date of receiving the statement of claim.

**Article 292** For a lawsuit for revocation by a third party, the people's court shall form a collegial panel to hold a court session for trial.

**Article 293** The failure to participate in the litigation due to reasons not attributable to oneself as stipulated in paragraph 3 of Article 59 of the *Civil Procedure Law* refers to the situation where one is not listed as a party to the effective judgment, ruling, or mediation statement, and is without fault or obvious fault. This includes:

(1) Not participating because of not knowing about the litigation;

(2) Applying to participate but not being approved;

(3) Knowing about the litigation, but unable to participate due to objective reasons;

(4) Not participating in the litigation due to other reasons not attributable to oneself.

**Article 294** The partial or entire content of the judgment, ruling, or mediation statement as stipulated in paragraph 3 of Article 59 of the *Civil Procedure Law* refers to the main text of the judgment or ruling, and the result of handling the civil rights and obligations of the parties in the mediation statement.

**Article 295** The people's court shall not accept a third party's lawsuit for revocation filed under any of the following circumstances:

(1) Cases handled by applying special procedures, summary procedures for urging debt recovery, public notice procedures, bankruptcy procedures, and other non-contentious procedures;

(2) Content involving personal relationships in judgments, rulings, or mediation statements such as marriage invalidity, annulment, or dissolution of marital relations;

(3) Effective judgments on representative litigation cases against unregistered right holders as stipulated in Article 57 of the *Civil Procedure Law*;

(4) Effective judgments on public interest litigation cases against victims of acts damaging social public interests as stipulated in Article 58 of the *Civil Procedure Law*.

**Article 296** When a third party files a lawsuit for revocation, the people's court shall list the third party as the plaintiff, and the parties to the effective judgment, ruling, or mediation statement as the defendants. However, a third party without independent claims who does not bear liability in the effective judgment, ruling, or mediation statement shall be listed as a third party.

**Article 297** After accepting a third party's lawsuit for revocation, if the plaintiff provides corresponding guarantees and requests a suspension of execution, the people's court may approve it.

**Article 298** After hearing a third party's request to revoke or partially revoke the content of a legally effective judgment, ruling, or mediation statement, the people's court shall handle it separately according to the following circumstances:

(1) If the request is established and its claim confirming its civil rights is fully or partially established, the erroneous part of the content of the original judgment, ruling, or mediation statement shall be changed;

(2) If the request is established, but its claim confirming its full or partial civil rights is not established, or if it has not filed a claim confirming its civil rights, the erroneous part of the content of the original judgment, ruling, or mediation statement shall be revoked;

(3) If the request is not established, the litigation request shall be dismissed.

If a party is dissatisfied with the judgment made according to the preceding paragraph, they may appeal.

The unchanged or unrevoked part of the content of the original judgment, ruling, or mediation statement shall continue to be effective.

**Article 299** During the trial of a third party's lawsuit for revocation, if the people's court decides to retry the effective judgment, ruling, or mediation statement, the people's court accepting the third party's lawsuit for revocation shall rule to merge the third party's litigation request into the retrial procedure. However, if there is evidence proving that the original parties maliciously colluded to harm the legitimate rights and interests of the third party, the people's court shall first try the third party's lawsuit for revocation and rule to suspend the retrial litigation.

**Article 300** If a third party's litigation request is merged into the retrial procedure for trial, it shall be handled separately according to the following circumstances:

(1) If tried according to the first-instance procedure, the people's court shall try the third party's litigation request together, and the judgment made may be appealed;

(2) If tried according to the second-instance procedure, the people's court may mediate; if mediation fails, it shall rule to revoke the original judgment, ruling, or mediation statement, and remand it to the first-instance court for retrial, and the third party shall be listed clearly during the retrial.

**Article 301** Where a third party files a lawsuit for revocation, and the execution of the effective judgment, ruling, or mediation statement is not suspended, the execution court shall examine the execution objection raised by the third party in accordance with the provisions of Article 234 of the *Civil Procedure Law*. If the third party is dissatisfied with the ruling rejecting the execution objection and applies for a retrial of the original judgment, ruling, or mediation statement, the people's court shall not accept it.

If a person not involved in the case is dissatisfied with the ruling of the people's court rejecting his execution objection, and believes that the content of the original judgment, ruling, or mediation statement is erroneous and damages his lawful rights and interests, he shall apply for a retrial in accordance with the provisions of Article 234 of the *Civil Procedure Law*. If he files a third-party revocation lawsuit, the people's court shall not accept it.

**XV. Lawsuit of Execution Objection**

**Article 302** According to the provisions of Article 234 of the *Civil Procedure Law*, if a person not involved in the case or a party is dissatisfied with the ruling on the execution objection and files a lawsuit of execution objection with the people's court within 15 days from the date of service of the ruling, it shall be under the jurisdiction of the execution court.

**Article 303** When a person not involved in the case files a lawsuit of execution objection, in addition to complying with the provisions of Article 122 of the *Civil Procedure Law*, the following conditions shall also be met:

(1) The execution objection application of the person not involved in the case has been rejected by the people's court by a ruling;

(2) There is a clear claim to exclude the execution of the execution subject matter, and the claim has nothing to do with the original judgment or ruling;

(3) It is filed within 15 days from the date of service of the ruling on the execution objection.

The people's court shall decide whether to file the case within 15 days from the date of receiving the statement of claim.

**Article 304** When an applicant for execution files a lawsuit of execution objection, in addition to complying with the provisions of Article 122 of the *Civil Procedure Law*, the following conditions shall also be met:

(1) According to the execution objection application of the person not involved in the case, the people's court has ruled to suspend the execution;

(2) There is a clear claim for continued execution of the execution subject matter, and the claim has nothing to do with the original judgment or ruling;

(3) It is filed within 15 days from the date of service of the ruling on the execution objection.

The people's court shall decide whether to file the case within 15 days from the date of receiving the statement of claim.

**Article 305** When a person not involved in the case files a lawsuit of execution objection, the applicant for execution shall be the defendant. If the person subjected to execution opposes the objection of the person not involved in the case, the person subjected to execution shall be a co-defendant; if the person subjected to execution does not oppose the objection of the person not involved in the case, the person subjected to execution may be listed as a third party.

**Article 306** When an applicant for execution files a lawsuit of execution objection, the person not involved in the case shall be the defendant. If the person subjected to execution opposes the claim of the applicant for execution, the person not involved in the case and the person subjected to execution shall be co-

defendants; if the person subjected to execution does not oppose the claim of the applicant for execution, the person subjected to execution may be listed as a third party.

**Article 307** If the applicant for execution fails to file a lawsuit of execution objection against the ruling suspending execution, and the person subjected to execution files a lawsuit of execution objection, the people's court shall inform him to file a separate lawsuit.

**Article 308** The ordinary procedure shall apply to the trial of execution objection cases by the people's court.

**Article 309** When a person not involved in the case or an applicant for execution files a lawsuit of execution objection, the person not involved in the case shall bear the burden of proof that he enjoys civil rights and interests sufficient to exclude compulsory execution of the execution subject matter.

**Article 310** The lawsuit of execution objection filed by a person not involved in the case shall be handled separately by the people's court after trial according to the following circumstances:

(1) If the person not involved in the case enjoys civil rights and interests sufficient to exclude compulsory execution of the execution subject matter, it shall be judged that the execution of the execution subject matter shall not be carried out;

(2) If the person not involved in the case does not enjoy civil rights and interests sufficient to exclude compulsory execution of the execution subject matter, the claim shall be rejected by a judgment.

If the person not involved in the case simultaneously files a claim to confirm his rights, the people's court may make a judgment together in the judgment.

**Article 311** The lawsuit of execution objection filed by the applicant for execution shall be handled separately by the people's court after trial according to the following circumstances:

(1) If the person not involved in the case does not enjoy civil rights and interests sufficient to exclude compulsory execution of the execution subject matter, it shall be judged to permit the execution of the execution subject matter;

(2) If the person outside the case has civil rights and interests in the subject matter of execution sufficient to preclude compulsory execution, the judgment shall dismiss the claim.

**Article 312** In a lawsuit of objection to execution filed by a person outside the case, if the people's court rules that the execution of the subject matter of execution shall not be carried out, the ruling on the objection to execution shall become invalid.

In a lawsuit of objection to execution filed by the applicant for execution, if the people's court rules to permit the execution of the subject matter of execution, the ruling on the objection to execution shall become invalid, and the executing court may resume execution upon the application of the applicant for execution or ex officio.

**Article 313** During the trial of a lawsuit of objection to execution filed by a person outside the case, the people's court shall not dispose of the subject matter of execution. If the applicant for execution requests the people's court to continue the execution and provides corresponding guarantee, the people's court may permit it.

If the person subject to execution and a person outside the case maliciously collude to hinder execution through objection to execution or lawsuit of objection to execution, the people's court shall handle it in accordance with the provisions of Article 116 of the *Civil Procedure Law*. If the applicant for execution suffers damages as a result, he may file a lawsuit requesting compensation from the person subject to execution and the person outside the case.

**Article 314** After the people's court rules to suspend the execution of the subject matter of execution, if the applicant for execution fails to file a lawsuit of objection to execution within the period prescribed by law, the people's court shall lift the execution measures taken against the subject matter of execution within seven days from the expiration of the period for filing a lawsuit.

## XVI. Procedure of Second Instance

**Article 315** If both parties and a third party file an appeal, they shall all be listed as appellants. The people's court may determine the litigation status of the parties in the procedure of second instance ex officio.

**Article 316** The opposing party provided for in Articles 173 and 174 of the *Civil Procedure Law* includes the appellee and other parties in the original trial.

**Article 317** If one or some of the necessary joint litigants file an appeal, it shall be handled separately according to the following circumstances:

(1) If the appeal only objects to the sharing of rights and obligations between the appellant and the opposing party, and does not involve the interests of other joint litigants, the opposing party shall be the appellee, and the same party who did not appeal shall be listed according to their litigation status in the original trial;

(2) If the appeal only objects to the sharing of rights and obligations among the joint litigants, and does not involve the interests of the opposing party, the same party who did not appeal shall be the appellee, and the opposing party shall be listed according to their litigation status in the original trial;

(3) If the appeal objects to the sharing of rights and obligations between both parties and among the joint litigants, other parties who did not file an appeal shall all be appellees.

**Article 318** When pronouncing a judgment in the first instance or serving a judgment or ruling, if a party orally expresses an appeal, the people's court shall inform him that he must submit a petition of appeal within the statutory period for appeal. If a petition of appeal is not submitted within the statutory period for appeal, it shall be deemed that no appeal has been filed. Although a petition of appeal has been submitted, if the appeal fee is not paid within the specified period, it shall be handled as an automatic withdrawal of the appeal.

**Article 319** The statutory agent of a person without civil capacity or a person with limited civil capacity may file an appeal on behalf of the party.

**Article 320** If a party to an appeal case dies or terminates, the people's court shall notify his successor of rights and obligations to participate in the litigation in accordance with the law.

If it is necessary to terminate the litigation, the provisions of Article 154 of the *Civil Procedure Law* shall apply.

**Article 321** The people's court of second instance shall conduct a trial centering on the appeal claims of the parties.

If a party does not make a request, it shall not be tried, except where the judgment of first instance violates prohibitive provisions of law, or damages national interests, public interests of society, or the lawful rights and interests of others.

**Article 322** For appeal cases tried in court, the people's court of second instance may make pre-trial preparations in accordance with the provisions of Item 4 of Article 136 of the *Civil Procedure Law*.

**Article 323** The following circumstances may be determined as serious violations of statutory procedures as stipulated in Item 4, Paragraph 1, Article 177 of the *Civil Procedure Law*:

(1) The composition of the trial organization is unlawful;

(2) The judicial personnel who should have withdrawn failed to withdraw;

(3) A person without capacity for litigation acts participates in the litigation without a statutory agent;

(4) Unlawfully depriving a party of the right to debate.

**Article 324** Where the original people's court fails to try or render a judgment on a claim already raised by a party in the first-instance procedure, the second-instance people's court may conduct mediation based on the principle of voluntariness of the parties; if mediation fails, it shall remand the case for retrial.

**Article 325** Where a party who must participate in the litigation or a third party with independent claims fails to participate in the litigation in the first-instance procedure, the second-instance people's court may conduct mediation based on the principle of voluntariness of the parties; if mediation fails, it shall remand the case for retrial.

**Article 326** In the second-instance procedure, where the original plaintiff adds an independent claim or the original defendant files a counterclaim, the second-instance people's court may conduct mediation on the newly added claim or counterclaim based on the principle of voluntariness of the parties; if mediation fails, it shall inform the parties to file a separate lawsuit.

If both parties agree to have the case tried together by the second-instance people's court, the second-instance people's court may render a consolidated judgment.

**Article 327** For a case where the first-instance judgment does not grant a divorce, if, after an appeal, the second-instance people's court considers that a divorce should be granted, it may conduct mediation on issues such as child support and property together based on the principle of voluntariness of the parties; if mediation fails, it shall remand the case for retrial.

If both parties agree to have the case tried together by the second-instance people's court, the second-instance people's court may render a consolidated judgment.

**Article 328** Where a people's court tries a case in accordance with the second-instance procedure and considers that the people's court should not have accepted the case according to law, the second-instance people's court may directly rule to revoke the original judgment and dismiss the lawsuit.

**Article 329** Where a people's court tries a case in accordance with the second-instance procedure and considers that the first-instance people's court's acceptance of the case violates the provisions on exclusive

jurisdiction, it shall rule to revoke the original judgment and transfer the case to a people's court with jurisdiction.

**Article 330** Where the second-instance people's court ascertains that the ruling of non-acceptance made by the first-instance people's court is erroneous, it shall, while revoking the original ruling, order the first-instance people's court to file and accept the case; where it ascertains that the ruling of dismissing the lawsuit made by the first-instance people's court is erroneous, it shall, while revoking the original ruling, order the first-instance people's court to try the case.

**Article 331** The second-instance people's court may not hold a hearing for the following appeal cases in accordance with the provisions of Article 176 of the *Civil Procedure Law*:

(1) Appeals against rulings of non-acceptance, objection to jurisdiction, and dismissal of lawsuit;

(2) The appeal claims raised by the parties are obviously untenable;

(3) The original judgment or ruling ascertains the facts clearly, but applies the law erroneously;

(4) The original judgment seriously violates statutory procedures and needs to be remanded for retrial.

**Article 332** Where the original judgment or ruling ascertains the facts or applies the law with flaws, but the result of the judgment is correct, the second-instance people's court may uphold it in accordance with the provisions of Item 1, Paragraph 1, Article 177 of the *Civil Procedure Law* after correcting the flaws in the judgment or ruling.

**Article 333** The basic facts stipulated in Item 3, Paragraph 1, Article 177 of the *Civil Procedure Law* refer to the facts that have a substantive impact on the result of the original judgment or ruling, such as determining the subject qualification of the parties, the nature of the case, and civil rights and obligations.

**Article 334** In the second instance procedure, where a legal person or other organization acting as a party is divided, the people's court may directly list the divided legal persons or other organizations as joint litigants; where they are merged, the merged legal person or other organization shall be listed as a party.

**Article 335** In the second instance procedure, where a party applies to withdraw an appeal, and the people's court, upon examination, considers that the judgment of first instance is indeed erroneous, or the parties maliciously collude to harm national interests, public interests, or the lawful rights and interests of others, it shall not be permitted.

**Article 336** In the second instance procedure, where the original plaintiff applies to withdraw the lawsuit, with the consent of other parties, and without harming national interests, public interests, or the lawful rights and interests of others, the people's court may permit it. If the withdrawal of the lawsuit is permitted, a ruling shall be made to revoke the judgment of first instance.

Where the original plaintiff withdraws the lawsuit in the second instance procedure and then files the lawsuit again, the people's court shall not accept it.

**Article 337** Where the parties reach a settlement agreement in the second instance procedure, the people's court may, upon the request of the parties, examine the settlement agreement reached by both parties and prepare a mediation statement to be served on the parties; where an application for withdrawal of the lawsuit is made due to the settlement, and upon examination it meets the conditions for withdrawal of the lawsuit, the people's court shall permit it.

**Article 338** The people's court of second instance may pronounce judgment itself, or it may entrust the original people's court or the people's court at the place where the parties are located to pronounce judgment on its behalf.

**Article 339** The people's court shall make a final ruling within thirty days from the date of filing the case for second instance when hearing an appeal case against a ruling. Where an extension of the time limit for trial is required under special circumstances, it shall be approved by the president of the court.

**Article 340** The litigation acts performed by a party in the first instance procedure shall still be binding on the party in the second instance procedure.

Where a party overturns the litigation acts performed in the first instance procedure, the people's court shall order the party to explain the reasons. If the reasons are untenable, they shall not be supported.

**XVII. Special Procedures**

**Article 341** In cases of declaring a person missing or declaring a person dead, the people's court may, upon the request of the applicant, clear up the property of the person whose whereabouts are unknown, and designate a property administrator during the trial period. After the expiration of the public notice period, if the people's court decides to declare the person missing, it shall simultaneously designate a property administrator for the missing person in accordance with Article 42 of the *Civil Code*.

**Article 342** After the property administrator of a missing person is designated by the people's court, if the administrator applies for a change of administration, the trial shall be conducted by reference to the relevant provisions of the special procedures of the *Civil Procedure Law*. If the reasons for the application are established, a ruling shall be made to revoke the applicant's status as an administrator, and another property administrator shall be designated at the same time; if the reasons for the application are not established, a ruling shall be made to reject the application.

Where other interested parties of the missing person apply for a change of administration, the people's court shall inform them to file a lawsuit with the originally designated administrator as the defendant, and the trial shall be conducted in accordance with ordinary procedures.

**Article 343** After the people's court decides to declare a citizen missing, if an interested party applies to the people's court to declare the missing person dead, and four years have elapsed since the date of disappearance, the people's court shall accept it. The judgment declaring the person missing is proof of the citizen's disappearance, and a public notice shall still be issued in accordance with Article 192 of the *Civil Procedure Law* during the trial.

**Article 344** Where multiple interested parties who meet the legal provisions apply for a declaration of disappearance or a declaration of death, they shall be listed as joint applicants.

**Article 345** The public notice for searching for a person whose whereabouts are unknown shall contain the following contents:

(1) The respondent shall report his/her specific address and contact information to the accepting court within the specified period. Otherwise, the respondent will be declared missing or declared dead;

(2) Anyone who knows the survival status of the respondent shall report the information known to him/her to the accepting court during the public notice period.

**Article 346** After a people's court accepts a case of declaring a person missing or dead, if the applicant withdraws the application before a judgment is made, the people's court shall rule to terminate the case, unless other interested parties who meet the legal requirements join the procedure and request to continue the trial.

**Article 347** During a lawsuit, if an interested party of a party or a relevant organization claims that the party is unable to recognize or fully recognize his/her own behavior, and requests to declare the party as a person with no civil capacity or limited civil capacity, the interested party or relevant organization shall apply to the people's court. The people's court accepting the case shall file and try the case in accordance with special procedures, and the original lawsuit shall be suspended.

**Article 348** In a case of determining property as ownerless, if someone claims the property during the public notice period, the people's court shall rule to terminate the special procedure, inform the applicant to file a separate lawsuit, and apply the ordinary procedure for trial.

**Article 349** If a designated guardian is dissatisfied with the designation by a residents' committee, villagers' committee, or civil affairs department, he/she shall raise an objection to the people's court within 30 days from the date of receiving the notice. After trial, if the designation is deemed not improper, the objection shall be rejected by a ruling; if the designation is improper, the judgment shall revoke the designation and designate a guardian separately. The judgment shall be served on the objector, the original designating unit, and the designated guardian.

If a relevant party directly applies to the people's court for the designation of a guardian in accordance with the provisions of Paragraph 1 of Article 31 of the *Civil Code*, the special procedure shall apply to try the case and designate a guardian by judgment. The judgment shall be served on the applicant and the designated guardian.

**Article 350** In a case of applying for the determination of a citizen as a person with no civil capacity or limited civil capacity, if the person against whom the application is filed has no close relatives, the people's court may designate an individual or organization that has been approved by the residents' committee, villagers' committee, or civil affairs department at the domicile of the person against whom the application is filed and is willing to act as an agent.

If there is no agent as stipulated in the preceding paragraph, the residents' committee, villagers' committee, or civil affairs department at the domicile of the person against whom the application is filed shall act as the agent.

The agent may be one person, or two persons in the same sequence.

**Article 351** To apply for judicial confirmation of a mediation agreement, both parties shall apply in person or by an agent who meets the provisions of Article 61 of the *Civil Procedure Law* in accordance with the provisions of Article 201 of the *Civil Procedure Law*.

**Article 352** For mediation conducted by mediation organizations on their own, if two or more mediation organizations participate, the people's courts at the locations of the mediation organizations that meet the provisions of Article 201 of the *Civil Procedure Law* shall have jurisdiction.

Both parties may jointly apply to one of the people's courts with jurisdiction as stipulated in Article 201 of the *Civil Procedure Law*; if both parties jointly apply to two or more people's courts with jurisdiction, the people's court that files the case first shall have jurisdiction.

**Article 353** When a party applies for judicial confirmation of a mediation agreement, it may be in written or oral form. If a party applies orally, the people's court shall record it in the transcript, and the party shall sign, fingerprint, or seal it.

**Article 354** When a party applies for judicial confirmation of a mediation agreement, it shall submit to the people's court the mediation agreement, the certificate of the mediation organization presiding over the mediation, and materials such as property rights certificates related to the mediation agreement, and provide basic information such as the identity, domicile, and contact information of both parties.

If a party fails to submit the above materials, the people's court may require the party to supplement them within a time limit.

**Article 355** When a party applies for judicial confirmation of a mediation agreement, if one of the following circumstances occurs, the people's court shall rule not to accept it:

(1) It does not fall within the scope of acceptance by the people's court;

(2) It does not fall under the jurisdiction of the people's court receiving the application;

(3) Applying for confirmation of the invalidity, validity, or dissolution of identity relationships such as marriage, parent-child, and adoption;

(4) Involving the application of other special procedures, public notice procedures, and bankruptcy procedures;

(5) The content of the mediation agreement involves the confirmation of property rights and intellectual property rights.

If the people's court finds any of the aforementioned circumstances for non-acceptance after accepting the application, it shall rule to reject the party's application.

**Article 356** When reviewing relevant circumstances, the people's court shall notify both parties to be present together to verify the case.

If, upon review, the people's court considers that the statements of the parties or the evidentiary materials provided are insufficient, incomplete, or questionable, it may require the parties to supplement their statements or supplementary evidentiary materials within a specified time limit. When necessary, the people's court may verify the relevant circumstances with the mediation organization.

**Article 357** If a party withdraws the application before the ruling confirming the mediation agreement is made, the people's court may rule to approve it.

If a party fails to supplement statements or supplementary evidentiary materials within the time limit without justifiable reasons, or refuses to accept inquiries, the people's court may treat it as a withdrawal of the application.

**Article 358** If, upon review, the mediation agreement falls under any of the following circumstances, the people's court shall rule to reject the application:

(1) Violating mandatory provisions of laws;

(2) Harming national interests, public interests of society, or the lawful rights and interests of others;

(3) Violating public order and good morals;

(4) Violating the principle of voluntariness;

(5) The content is unclear;

(6) Other circumstances where judicial confirmation cannot be conducted.

**Article 359** The security interest holder stipulated in Article 203 of the *Civil Procedure Law* includes the mortgagee, pledgee, and lienholder; other persons who have the right to request the realization of the security interest include the mortgagor, pledgor, debtor whose property is subject to a lien, or owner, etc.

**Article 360** Cases involving the realization of pledge rights over rights evidenced by instruments such as bills, warehouse receipts, and bills of lading may be under the jurisdiction of the people's court at the domicile of the holder of the right certificate; cases involving pledge rights over rights without right certificates shall be under the jurisdiction of the people's court at the place of pledge registration.

**Article 361** If a case involving the realization of a security interest falls under the jurisdiction of a specialized people's court such as a maritime court, it shall be under the jurisdiction of the specialized people's court.

**Article 362** If there are multiple collateral properties for the same claim and they are located in different places, and the applicant applies to the people's courts with jurisdiction respectively to realize the security interest, the people's courts shall accept them in accordance with the law.

**Article 363** In accordance with the provisions of Article 392 of the *Civil Code*, if the secured claim has both property security and personal security, and the parties have an agreement on the order of realizing the security interest, the people's court shall rule not to accept the application for realizing the security interest that violates such agreement; if there is no agreement or the agreement is unclear, the people's court shall accept it.

**Article 364** Where multiple security interests are established on the same property, the fact that the security interest registered first has not been realized does not affect the application by a subsequent security interest holder to the people's court to realize the security interest.

**Article 365** To apply for the realization of a security interest, the following materials shall be submitted:

(1) Application form. The application form shall state the basic information such as the names or titles and contact methods of the applicant and the respondent, as well as the specific requests, facts, and reasons;

(2) Materials proving the existence of the security interest, including the principal contract, security contract, mortgage registration certificate or other right certificates, right certificates for pledge of rights, or pledge registration certificates, etc.;

(3) Materials proving that the conditions for realizing the security interest have been met;

(4) Explanation of the current status of the collateral property;

(5) Other materials that the people's court considers necessary to be submitted.

**Article 366** After accepting an application, the people's court shall, within five days, serve a copy of the application, a notice of the right to raise objections, and other documents on the respondent.

If the respondent has any objection, it shall raise it with the people's court within five days after receiving the notice from the people's court, state the reasons at the same time, and provide corresponding evidentiary materials.

**Article 367** A case concerning the realization of security interests may be examined by a single judge. If the subject matter of the secured property exceeds the jurisdiction of the primary people's court, a collegial panel shall be formed for examination.

**Article 368** When examining a case concerning the realization of security interests, the people's court may question the applicant, the respondent, and interested parties, and may investigate relevant facts ex officio when necessary.

**Article 369** The people's court shall examine the validity, term, and performance of the principal contract, whether the security interest is validly established, the scope of the secured property, the scope of the secured claim, whether the secured claim has expired, and other conditions for the realization of the security interest, as well as whether the lawful rights and interests of others are harmed.

If the respondent or an interested party raises an objection, the people's court shall examine it together.

**Article 370** After examination, the people's court shall handle the matter according to the following circumstances respectively:

(1) If the parties have no substantive dispute over the realization of the security interest and the conditions for realizing the security interest are met, a ruling shall be made to permit the auction or sale of the secured property;

(2) If the parties have a partial substantive dispute over the realization of the security interest, a ruling may be made to permit the auction or sale of the secured property with respect to the undisputed part;

(3) If the parties have a substantive dispute over the realization of the security interest, a ruling shall be made to dismiss the application, and the applicant shall be informed to file a lawsuit with the people's court.

**Article 371** After the people's court accepts an application, if the applicant files an application for preservation of the secured property, it may be handled in accordance with the provisions of the *Civil Procedure Law* on litigation preservation.

**Article 372** If a party or an interested party considers that a judgment or ruling made under the special procedure is erroneous, it may raise an objection with the people's court that made the judgment or ruling. After examination by the people's court, if the objection is established or partially established, a new judgment or ruling shall be made to revoke or alter the original judgment or ruling; if the objection is not established, a ruling shall be made to dismiss it.

If a party has an objection to a ruling made by a people's court confirming a mediation agreement or permitting the realization of a security interest, it shall raise it within 15 days from the date of receiving the ruling; if an interested party has an objection, it shall raise it within six months from the date when it knows or should have known that its civil rights and interests have been infringed.

## XVIII. Trial Supervision Procedure

**Article 373** When a party dies or terminates, its successor to rights and obligations may apply for a retrial in accordance with the provisions of Articles 206 and 208 of the *Civil Procedure Law*.

After a judgment or mediation statement takes effect, if a party transfers the claim confirmed by the judgment or mediation statement, and the assignee of the claim refuses to accept the judgment or mediation statement and applies for a retrial, the people's court shall not accept it.

**Article 374** The party with a large number of persons as stipulated in Article 206 of the *Civil Procedure Law* includes citizens, legal persons, and other organizations.

A case in which both parties are citizens as stipulated in Article 206 of the *Civil Procedure Law* refers to a case in which both the plaintiff and the defendant are citizens.

**Article 375** When a party applies for a retrial, it shall submit the following materials:

(1) A retrial application, and copies submitted according to the number of respondents and other original parties;

(2) If the retrial applicant is a natural person, he/she shall submit his/her identity certificate; if the retrial applicant is a legal person or other organization, it shall submit its business license, organization code certificate, and identity certificate of its legal representative or principal person in charge. If another person is entrusted to apply on his/her behalf, a power of attorney and the identity certificate of the agent shall be submitted;

(3) The original judgment, ruling, or mediation statement;

(4) The main evidence and other materials reflecting the basic facts of the case.

The materials specified in Items 2, 3, and 4 of the preceding paragraph may be copies verified to be identical to the originals.

**Article 376 The retrial application shall state the following matters:**

(1) Basic information of the retrial applicant, the respondent, and other parties in the original trial;

(2) The name of the original people's court and the case number of the original judgment or ruling;

(3) Specific retrial requests;

(4) The statutory circumstances for applying for retrial and the specific facts and reasons.

The retrial application shall specify the people's court to which the retrial is applied, and shall be signed, fingerprinted, or sealed by the retrial applicant.

**Article 377** In a case where there are many parties on one side or both parties are citizens, if the parties separately apply for retrial to the original people's court and the people's court at the next higher level and fail to reach an agreement through negotiation, the original people's court shall accept the application.

**Article 378** A party shall not apply for retrial in a case tried under non-litigation procedures such as special procedures, summary procedures for urging debt recovery, public notice procedures, and bankruptcy procedures.

**Article** 379 If a party believes that a legally effective ruling of non-acceptance or dismissal of a lawsuit is erroneous, he/she may apply for retrial.

**Article 380** If a party applies for retrial regarding the division of property in a divorce case, if it involves property that has already been divided in the judgment, the people's court shall conduct a review in accordance with the provisions of Article 207 of the *Civil Procedure Law*. If the conditions for retrial are met, a ruling for retrial shall be made; if it involves joint property of husband and wife that has not been dealt with in the judgment, the party shall be informed to file a separate lawsuit.

**Article 381** If a party applies for retrial under any of the following circumstances, the people's court shall not accept it:

(1) Applying again after the retrial application has been rejected;

(2) Applying against a retrial judgment or ruling;

(3) Applying again after the people's procuratorate has made a decision not to submit a retrial procuratorial recommendation or protest against the party's application.

Under the circumstances specified in Items 1 and 2 of the preceding paragraph, the people's court shall inform the party that he/she may apply to the people's procuratorate for a retrial procuratorial recommendation or protest, except for judgments or rulings made after retrial due to a retrial procuratorial recommendation or protest submitted by the people's procuratorate.

**Article 382** If a party applies for retrial against a legally effective mediation statement, it shall be submitted within six months after the mediation statement becomes legally effective.

**Article 383** The people's court shall, within five days from the date of receiving the retrial application and other materials that meet the conditions, send a notice of acceptance to the retrial applicant, and send a copy of the notice of response, the retrial application, and other materials to the respondent and other parties in the original trial.

**Article 384** After accepting a retrial application case, the people's court shall conduct a review of the retrial grounds claimed by the party in accordance with the provisions of Articles 207, 208, and 211 of the *Civil Procedure Law*.

**Article 385** If the new evidence provided by the retrial applicant can prove that the original judgment or ruling is erroneous in determining the basic facts or the result of the judgment, it shall be determined as the circumstance specified in Item 1 of Article 207 of the *Civil Procedure Law*.

For evidence that meets the provisions of the preceding paragraph, the people's court shall order the retrial applicant to explain the reasons for providing the evidence after the time limit; if the applicant refuses to explain the reasons or the reasons are untenable, it shall be handled in accordance with the provisions of Paragraph 2 of Article 68 of the *Civil Procedure Law* and Article 102 of this Interpretation.

**Article 386** If the new evidence submitted by the retrial applicant falls under any of the following circumstances, the reasons for providing the evidence after the time limit may be deemed tenable:

(1) It already existed before the conclusion of the trial in the original instance, but was discovered after the conclusion of the trial due to objective reasons;

(2) It was discovered before the conclusion of the trial in the original instance, but could not be obtained due to objective reasons or could not be provided within the prescribed time limit; or

(3) It was formed after the conclusion of the trial in the original instance, and a separate lawsuit cannot be filed based on it.

If the evidence submitted by the retrial applicant has been provided in the original trial, and the original people's court failed to organize cross-examination and did not use it as the basis for the judgment, the reasons for providing the evidence after the time limit shall be deemed tenable, except where the original people's court did not adopt it in accordance with the provisions of Article 68 of the *Civil Procedure Law*.

**Article 387** Where a party refuses to express cross-examination opinions or fails to express cross-examination opinions during cross-examination on the main evidence for determining the facts of the original judgment or ruling, it does not fall under the circumstance of uncross-examined evidence as stipulated in Item 4 of Article 207 of the *Civil Procedure Law*.

**Article 388** Under any of the following circumstances that leads to an erroneous judgment or ruling, it shall be determined that there is a definite error in the application of law in the original judgment or ruling as stipulated in Item 6 of Article 207 of the *Civil Procedure Law*:

(1) The applied law is obviously inconsistent with the nature of the case;

(2) The determination of civil liability obviously violates the agreement of the parties or the provisions of the law;

(3) Applying laws that have become invalid or have not yet been implemented;

(4) Violating the provisions on the retroactive effect of laws;

(5) Violating the rules for the application of laws; or

(6) Obviously violating the original intent of legislation.

**Article 389** If any of the following circumstances occurs during the original trial process, it shall be determined as depriving the parties of their right to debate as stipulated in Item 9 of Article 207 of the *Civil Procedure Law*:

(1) Not allowing the parties to express their debate opinions;

(2) Failing to hold a court session when a court session should have been held;

(3) Violating legal provisions by failing to serve a copy of the statement of claim or a copy of the petition for appeal, resulting in the parties being unable to exercise their right to debate; or

(4) Other circumstances that illegally deprive the parties of their right to debate.

**Article 390** The litigation claims stipulated in Item 11 of Article 207 of the *Civil Procedure Law* include the litigation claims of the first instance and the appeal claims of the second instance, except where the parties fail to appeal against the omissions or excesses of the litigation claims in the judgment or ruling of the first instance.

**Article 391** The legal documents stipulated in Item 12 of Article 207 of the *Civil Procedure Law* include:

(1) Legally effective judgments, rulings, and mediation statements;

(2) Legally effective arbitral awards; and

(3) Notarized documents of creditor's rights with compulsory execution force.

**Article 392** The acts of embezzlement, bribery, malpractices for personal gain, and perverting the law in rendering judgments by judicial personnel when trying the case as stipulated in Item 13 of Article 207 of the *Civil Procedure Law* refer to acts that have been confirmed by legally effective criminal legal documents or disciplinary decisions.

**Article 393** If the grounds for retrial claimed by a party are established and meet the conditions for applying for retrial stipulated in the *Civil Procedure Law* and this Interpretation, the people's court shall rule for a retrial.

Where the grounds for retrial claimed by a party are untenable, or the party applies for retrial beyond the statutory time limit for applying for retrial, or beyond the statutory scope of retrial, which does not meet the conditions for applying for retrial stipulated in the *Civil Procedure Law* and this Interpretation, the people's court shall rule to dismiss the application for retrial.

**Article 394** Where a people's court decides to retry a legally effective judgment, ruling, or mediation statement in accordance with the law, and execution needs to be suspended in accordance with the provisions of Article 213 of the *Civil Procedure Law*, it shall simultaneously state the suspension of execution of the original judgment, ruling, or mediation statement in the retrial ruling; in urgent circumstances, it may orally notify the people's court responsible for execution of the ruling to suspend execution, and issue a ruling within ten days after the notification.

**Article 395** The people's court shall decide whether to interrogate the parties based on the needs of examining the case. Where new evidence may overturn the original judgment or ruling, the people's court shall interrogate the parties.

**Article 396** During the examination of an application for retrial, where the respondent and other parties to the original trial file an application for retrial in accordance with the law, the people's court shall list them as applicants for retrial, examine their grounds for retrial together, and recalculate the examination period. Upon examination, where the grounds for retrial claimed by one of the applicants for retrial are tenable, a ruling for retrial shall be made. Where the grounds for retrial claimed by all applicants for retrial are untenable, the applications for retrial shall be dismissed together.

**Article 397** During the examination of an application for retrial, where the applicant for retrial applies to the people's court to entrust an appraisal or inquest, the people's court shall not grant permission.

**Article 398** During the examination of an application for retrial, where the applicant for retrial withdraws the application for retrial, whether to grant permission shall be ruled by the people's court.

Where the applicant for retrial is summoned by subpoena and refuses to accept interrogation without justifiable reasons, it may be handled as a withdrawal of the application for retrial.

**Article 399** After the people's court grants permission to withdraw the application for retrial or handles it as a withdrawal of the application for retrial, if the applicant for retrial applies for retrial again, it shall not be accepted, except for the circumstances stipulated in Items 1, 3, 12, and 13 of Article 207 of the *Civil Procedure Law*, which are filed within six months from the date of knowing or should have known.

**Article 400** During the examination of an application for retrial, under any of the following circumstances, a ruling shall be made to terminate the examination:

(1) The applicant for retrial dies or terminates, and there is no successor to rights and obligations, or the successor to rights and obligations declares to waive the application for retrial;

(2) In an action for payment, the respondent bearing the obligation of payment dies or terminates, there is no property available for execution, and there is no person who should bear the obligation;

(3) The parties have reached a settlement agreement and have completed performance, except where the parties declare in the settlement agreement that they do not waive the right to apply for retrial;

(4) Another person applies for retrial in the name of the party without authorization;

(5) The original trial court or the people's court at the next higher level has already ruled for retrial;

(6) The circumstances stipulated in Paragraph 1 of Article 381 of this Interpretation exist.

**Article 401** When a people's court tries a retrial case, it shall form a collegial panel to hold a court session, but it shall be tried in accordance with the procedure of second instance, except under special circumstances or where both parties have fully expressed their opinions through other means and agree in writing not to hold a court session.

Where the conditions for a default judgment are met, a default judgment may be made.

**Article 402** When a people's court holds a court session to try a retrial case, it shall proceed separately according to the following circumstances:

(1) Where the retrial is applied for by a party, the applicant for retrial shall first state the retrial request and reasons, and then the respondent shall reply, and other parties to the original trial shall express their opinions;

(2) Where the retrial is due to a protest, the protesting organ shall first read out the protest document, then the party applying for the protest shall state, and then the respondent shall reply, and other parties to the original trial shall express their opinions;

(3) Where the people's court retries a case ex officio and there is an appellant, the appellant shall first state the retrial claims and reasons, and then the appellee shall reply, and other parties to the original trial shall express their opinions;

(4) Where the people's court retries a case ex officio and there is no appellant, the original plaintiff or the original appellant shall first state, and then other parties to the original trial shall express their opinions.

For the circumstances specified in Items 1 to 3 of the preceding paragraph, the people's court shall require the parties to clarify their retrial claims.

**Article 403** The people's court shall try a retrial case around the retrial claims. If a party's retrial claims exceed the original litigation claims, they shall not be tried; if the conditions for a separate lawsuit are met, the party shall be informed that a separate lawsuit may be filed.

If the retrial claims raised by the respondent and other parties to the original trial before the end of the court debate meet the provisions of Article 212 of the *Civil Procedure Law*, the people's court shall try them together.

If, upon retrial, the people's court finds that a legally effective judgment or ruling harms national interests, public interests, or the lawful rights and interests of others, it shall try the case together.

**Article 404** During the retrial, if one of the following circumstances occurs, a ruling may be made to terminate the retrial procedure:

(1) The retrial applicant withdraws the retrial application during the retrial period, and the people's court approves it;

(2) The retrial applicant, after being summoned by a subpoena, refuses to appear in court without justifiable reasons, or leaves the court halfway without the permission of the court, and the case is handled as a withdrawal of the retrial application;

(3) The people's procuratorate withdraws the protest;

(4) The circumstances specified in Items 1 to 4 of Article 400 of this Interpretation occur.

For a case retried upon a protest filed by a people's procuratorate, if the party applying for the protest falls under the circumstances specified in the preceding paragraph, and it does not harm national interests, public interests, or the lawful rights and interests of others, the people's court shall rule to terminate the retrial procedure.

After the termination of the retrial procedure, the original effective judgment whose execution was suspended by the ruling of the people's court shall automatically resume execution.

**Article 405** If, upon retrial, the people's court considers that the original judgment or ruling has ascertained the facts clearly and applied the law correctly, it shall uphold it; if the original judgment or ruling has flaws in ascertaining the facts or applying the law, but the result of the judgment is correct, it shall uphold it after correcting the flaws in the retrial judgment or ruling.

If the original judgment or ruling has errors in ascertaining the facts or applying the law, resulting in an erroneous judgment result, it shall be amended, revoked, or altered in accordance with the law.

**Article 406** For a case retried in accordance with the procedure of second instance, if the people's court, upon trial, considers that it does not meet the conditions for filing a lawsuit specified in the *Civil Procedure Law* or falls under the circumstances of inadmissibility specified in Article 127 of the *Civil Procedure Law*, it shall rule to revoke the judgments of first and second instance and dismiss the lawsuit.

**Article 407** After the people's court rules to retry a mediation statement, it shall be handled separately according to the following circumstances:

(1) If the reason raised by the party that the mediation violates the principle of voluntariness is untenable, and the content of the mediation statement does not violate the mandatory provisions of the law, a ruling shall be made to dismiss the retrial application;

(2) If the reason claimed by the people's procuratorate in its protest or retrial prosecutorial recommendation that it harms national interests or public interests is untenable, a ruling shall be made to terminate the retrial procedure.

Under the circumstances specified in the preceding paragraph, if the mediation statement whose execution was suspended by the ruling of the people's court needs to continue to be executed, its execution shall automatically resume.

**Article 408** If the plaintiff of first instance applies to withdraw the lawsuit during the retrial procedure, and other parties agree, and it does not harm national interests, public interests, or the lawful rights and

interests of others, the people's court may approve it. If a ruling is made to approve the withdrawal of the lawsuit, the original judgment shall be revoked at the same time.

If the plaintiff of first instance files a lawsuit again after withdrawing the lawsuit during the retrial procedure, the people's court shall not accept it.

**Article 409** Where a party submits new evidence resulting in a retrial judgment, and the respondent or other parties request compensation for necessary expenses such as transportation, accommodation, meals, and lost wages increased due to the fault of the retrial applicant or the party applying for prosecutorial supervision in failing to adduce evidence in a timely manner during the original trial proceedings, the people's court shall support such request.

**Article 410** Where some parties appear in court and reach a mediation agreement, and other parties fail to express their opinions in writing, the people's court shall state this fact in the judgment; if the content of the mediation agreement does not violate the provisions of laws and does not harm the lawful rights and interests of other parties, it may be confirmed in the main text of the judgment.

**Article 411** Where a people's procuratorate files a protest in accordance with the law against a legally effective judgment, ruling, or mediation statement that harms national interests or public interests, or decides to propose a retrial prosecutorial recommendation after discussion by the prosecutorial committee of the people's procuratorate, the people's court shall accept it.

**Article 412** Where a people's procuratorate files a protest in accordance with the law against a legally effective judgment or a ruling of non-acceptance or dismissal of a lawsuit, the people's court shall accept it, except for judgments and rulings to which special procedures, summary procedures for urging performance, procedures for publicizing public notice for assertion of claims, bankruptcy procedures, and procedures for dissolving marital relations apply, and which are not subject to trial supervision procedures.

**Article 413** Where a people's procuratorate files a protest or a retrial prosecutorial recommendation against a retrial judgment or ruling with obvious errors in accordance with the provisions of Item 3, Paragraph 1, Article 216 of the *Civil Procedure Law*, the people's court shall accept it.

**Article 414** Where a local people's procuratorate at any level proposes a retrial prosecutorial recommendation to a people's court at the same level against an effective judgment or ruling upon the application of a party, it shall be accepted if the following conditions are met:

(1) The retrial prosecutorial recommendation letter, the application of the party to the original trial, and relevant evidentiary materials have been submitted;

(2) The object of the recommended retrial is a judgment or ruling that can be retried in accordance with the *Civil Procedure Law* and the provisions of this Interpretation;

(3) The retrial prosecutorial recommendation letter specifies that the judgment or ruling falls under the circumstances stipulated in Paragraph 2, Article 215 of the *Civil Procedure Law*;

(4) It meets the circumstances stipulated in Item 1 or Item 2, Paragraph 1, Article 216 of the *Civil Procedure Law*;

(5) The retrial prosecutorial recommendation has been decided upon after discussion by the prosecutorial committee of the people's procuratorate.

If the provisions of the preceding paragraph are not met, the people's court may suggest that the people's procuratorate make corrections or withdraw it; if it is not corrected or withdrawn, the people's procuratorate shall be notified in writing of the non-acceptance.

**Article 415** Where a people's procuratorate files a protest against an effective judgment or ruling upon the application of a party, and the following conditions are met, the people's court shall rule on a retrial within thirty days:

(1) The protest letter, the application of the party to the original trial, and relevant evidentiary materials have been submitted;

(2) The object of the protest is a judgment or ruling that can be retried in accordance with the *Civil Procedure Law* and the provisions of this Interpretation;

(3) The protest letter specifies that the judgment or ruling falls under the circumstances stipulated in Paragraph 2, Article 215 of the *Civil Procedure Law*;

(4) It meets the circumstances stipulated in Item 1 or Item 2, Paragraph 1, Article 216 of the *Civil Procedure Law*.

If the provisions of the preceding paragraph are not met, the people's court may suggest that the people's procuratorate make corrections or withdraw it; if it is not corrected or withdrawn, the people's court may rule not to accept it.

**Article 416** After a party's application for retrial is dismissed by a ruling of a higher people's court, if a people's procuratorate files a protest against the original judgment, ruling, or mediation statement, and the grounds for protest meet one of the circumstances stipulated in Items 1 to 5, Paragraph 1, Article 207 of the *Civil Procedure Law*, the people's court accepting the protest may hand it over to a lower people's court for retrial.

**Article 417** After receiving a procuratorial recommendation for retrial, a people's court shall form a collegial panel to conduct a review within three months. If it finds that the original judgment, ruling, or mediation statement is indeed erroneous and requires a retrial, it shall rule to retry the case in accordance with Article 205 of the *Civil Procedure Law* and notify the parties; if, after review, it decides not to retry the case, it shall reply to the people's procuratorate in writing.

**Article 418** The trial by a people's court of a case ruled for retrial due to a protest or procuratorial recommendation for retrial by a people's procuratorate shall not be affected by the ruling previously made to reject the party's application for retrial.

**Article 419** When a people's court holds a court session to try a protested case, it shall notify the people's procuratorate, the parties, and other litigation participants three days before the court session. The people's procuratorate at the same level or the people's procuratorate that filed the protest shall send personnel to appear in court.

The circumstances investigated and verified by the people's procuratorate from the parties or persons outside the case in performing its legal supervision duties shall be submitted to the court and explained, and cross-examined by both parties.

**Article 420** A party who must participate in joint litigation but failed to participate in the litigation due to reasons not attributable to himself/herself or his/her ad litem representative may apply for a retrial within

six months from the date when he/she knows or should have known, in accordance with Item 8 of Article 207 of the *Civil Procedure Law*, except for the circumstances stipulated in Article 421 of this Interpretation.

Where a people's court rules to retry a case upon the application of a party as stipulated in the preceding paragraph, if the case is retried in accordance with the procedure of first instance, it shall add the party as a party and make a new judgment or ruling; if the case is retried in accordance with the procedure of second instance, and an agreement cannot be reached through mediation, it shall revoke the original judgment or ruling, remand the case for retrial, and add the party as a party during the retrial.

**Article 421** In accordance with Article 234 of the *Civil Procedure Law*, if a person outside the case is dissatisfied with the ruling rejecting his/her execution objection and believes that the erroneous content of the original judgment, ruling, or mediation statement damages his/her civil rights and interests, he/she may apply for a retrial to the people's court that made the original judgment, ruling, or mediation statement within six months from the date of service of the ruling on the execution objection.

**Article 422** In accordance with Article 234 of the *Civil Procedure Law*, after a people's court rules to retry a case, if the person outside the case is a necessary joint litigant, it shall be handled in accordance with paragraph 2 of Article 420 of this Interpretation.

If the person outside the case is not a necessary joint litigant, the people's court shall only try the content of the original judgment, ruling, or mediation statement that damages his/her civil rights and interests. After trial, if the retrial request is established, the original judgment, ruling, or mediation statement shall be revoked or altered; if the retrial request is not established, the original judgment, ruling, or mediation statement shall be upheld.

**Article 423** The provisions of Article 338 of this Interpretation shall apply to the trial supervision procedure.

**Article 424** For a judgment or ruling in a small claims litigation case, if a party applies for a retrial to the original trial people's court based on the reasons stipulated in Article 207 of the *Civil Procedure Law*, the people's court shall accept it. If the reasons for applying for retrial are established, it shall rule to retry the case and form a collegial panel to conduct the trial. The parties shall not appeal against the retrial judgment or ruling made.

If a party applies for a retrial to the original trial people's court on the grounds that the case should not be tried as a small claims litigation case, the people's court shall accept it. If the reason is established, it shall rule to retry the case and form a collegial panel to conduct the trial. The parties may appeal against the retrial judgment or ruling made.

## XIX. Procedure for Hastening Debt Recovery

**Article 425** Where two or more people's courts have jurisdiction, the creditor may apply to one of the primary people's courts for a payment order.

If a creditor applies to two or more primary people's courts with jurisdiction for a payment order, the people's court that first files the case shall have jurisdiction.

**Article 426** After receiving a creditor's application for a payment order, if a people's court considers that the application does not meet the requirements, it may notify the creditor to make corrections within a

time limit. The people's court shall notify the creditor whether it accepts the application within five days from the date of receiving the correction materials.

**Article 427** Where a creditor applies for a payment order and the following conditions are met, the primary people's court shall accept the application and notify the creditor within five days after receiving the application for a payment order:

(1) Requesting the payment of money or negotiable securities such as bills of exchange, promissory notes, checks, stocks, bonds, treasury bonds, and transferable certificates of deposit;

(2) The money or negotiable securities requested to be paid have matured and the amount is determined, and the facts and evidence on which the request is based are stated;

(3) The creditor has no obligation of counter-performance;

(4) The debtor is within the territory of China and its whereabouts are not unknown;

(5) The payment order can be served on the debtor;

(6) The people's court receiving the application has jurisdiction;

(7) The creditor has not applied to the people's court for pre-litigation preservation.

If the provisions of the preceding paragraph are not met, the people's court shall notify the creditor of its non-acceptance within five days after receiving the application for a payment order.

The primary people's court's acceptance of cases applying for a payment order is not subject to the limit on the amount of the creditor's rights.

**Article 428** After the people's court accepts the application, it shall be reviewed by a judge. Upon review, if any of the following circumstances exists, a ruling shall be made to reject the application:

(1) The applicant does not have the qualifications of a party;

(2) The documentary evidence for the payment of money or negotiable securities does not stipulate overdue payment interest or liquidated damages or compensation, and the creditor insists on requesting the payment of interest or liquidated damages or compensation;

(3) The money or negotiable securities requested to be paid are illegal gains;

(4) The money or negotiable securities requested to be paid have not matured or the amount is uncertain.

After the people's court accepts the application for a payment order, if it finds that the acceptance conditions stipulated in this Interpretation are not met, it shall make a ruling to reject the application within fifteen days from the date of acceptance.

**Article 429** Where a payment order is served on the debtor in person and the debtor refuses to accept it, the people's court may leave it at the place of service.

**Article 430** Under any of the following circumstances, the people's court shall rule to terminate the summary procedure, and the payment order that has been issued shall automatically become invalid:

(1) After the people's court accepts the application for a payment order, the creditor files a lawsuit regarding the same creditor-debtor relationship;

(2) The people's court is unable to serve the payment order on the debtor within thirty days from the date of issuance;

(3) Before the debtor receives the payment order, the creditor withdraws the application.

**Article 431** After receiving the payment order, if the debtor fails to raise a written objection within the statutory period and files a lawsuit with another people's court, the validity of the payment order shall not be affected.

If the debtor raises an objection beyond the statutory period, it shall be deemed that no objection has been raised.

**Article 432** Where a creditor makes multiple payment requests to the debtor in the same application for a payment order based on the same creditor-debtor relationship, and the debtor raises an objection to only one or several of the requests, the validity of the other requests shall not be affected.

**Article 433** Where a creditor makes a payment request to multiple debtors for a divisible debt based on the same creditor-debtor relationship, and one or several of the debtors raise an objection, the validity of the other requests shall not be affected.

**Article 434** A payment order issued to the principal debtor of a secured debt is not binding on the guarantor.

If the creditor files a lawsuit solely regarding the guarantee relationship, the payment order shall automatically become invalid from the date the people's court accepts the case.

**Article 435** After formal examination, if the written objection raised by the debtor falls under any of the following circumstances, the objection shall be determined to be established, a ruling shall be made to terminate the summary procedure, and the payment order shall become invalid automatically:

(1) The circumstances under which the application shall not be accepted as stipulated in this Interpretation;

(2) The circumstances under which the application shall be rejected by a ruling as stipulated in this Interpretation;

(3) The circumstances under which the summary procedure shall be terminated by a ruling as stipulated in this Interpretation;

(4) The people's court has reasonable doubts as to whether the conditions for issuing a payment order are met.

**Article 436** Where the debtor has no objection to the debt itself, but only raises objections such as lack of solvency, extension of the debt repayment period, or change of the debt repayment method, the validity of the payment order shall not be affected.

If the people's court considers the objection to be untenable after examination, it shall reject it by a ruling.

The debtor's oral objection is invalid.

**Article 437** Before the people's court makes a ruling to terminate the summary procedure or reject the objection, if the debtor requests to withdraw the objection, it shall be permitted by a ruling.

If the debtor repents of withdrawing the objection, the people's court shall not support it.

**Article 438** After the payment order becomes invalid, if the party applying for the payment order does not agree to file a lawsuit, it shall submit it to the people's court accepting the application within seven days from the date of receiving the ruling terminating the summary procedure.

If the party applying for the payment order does not agree to file a lawsuit, it shall not affect its filing a lawsuit with other people's courts with jurisdiction.

**Article 439** After the payment order becomes invalid, if the party applying for the payment order fails to indicate to the people's court accepting the application that it does not agree to file a lawsuit within seven days from the date of receiving the ruling terminating the summary procedure, it shall be deemed to have filed a lawsuit with the people's court accepting the application.

The time when the creditor submits the application for a payment order is the time when it files a lawsuit with the people's court.

**Article 440** The period for the creditor to apply to the people's court for execution of the payment order shall be governed by the provisions of Article 246 of the Civil Procedure Law.

**Article 441** If the president of the people's court finds that there is indeed an error in a legally effective payment order issued by the court and considers that it needs to be revoked, he/she shall submit it to the judicial committee of the court for discussion and decision, and then make a ruling to revoke the payment order and reject the creditor's application.

## XX. Procedure for Public Summons for Exhortation

**Article 442** The holder of a negotiable instrument as stipulated in Article 225 of the Civil Procedure Law refers to the last holder of the negotiable instrument before it is stolen, lost, or destroyed.

**Article 443** After receiving an application for public summons for exhortation, the people's court shall immediately examine it and decide whether to accept it. If it considers that the conditions for acceptance are met after examination, it shall notify the acceptance and simultaneously notify the payer to stop payment; if it considers that the conditions for acceptance are not met, it shall reject the application by a ruling within seven days.

**Article 444** Where an application for public summons for exhortation is filed due to the loss of a negotiable instrument, the people's court shall decide whether to accept it based on evidence such as the stub of the negotiable instrument, a copy of the lost negotiable instrument, a certificate issued by the drawer regarding the issuance of the negotiable instrument, a certificate of the applicant's lawful acquisition of the negotiable instrument, a notice of loss reporting and stop payment from the bank, and a certificate of reporting the case to the police.

**Article 445** The public notice of acceptance issued by the people's court in accordance with the provisions of Article 226 of the Civil Procedure Law shall specify the following contents:

(1) The name or title of the applicant for public summons for exhortation;

(2) The type, number, face amount, drawer, endorser, holder, payment term, and other matters of the negotiable instrument, as well as the type, number, scope of rights, obligee, obligor, date of exercise of rights, and other matters of other certificates of rights for which public summons may be applied for;

(3) The period for declaring rights;

(4) The legal consequences of transferring negotiable instruments and other certificates of rights during the public summons period, and of interested parties failing to declare their rights.

**Article 446** The public summons shall be published in relevant newspapers or other media, and shall be posted on the bulletin board of the people's court on the same day. If there is a stock exchange in the place where the people's court is located, it shall also be published on the stock exchange on the same day.

**Article 447** The public summons period shall not be less than 60 days, and the expiration date of the public summons period shall not be earlier than 15 days after the payment date of the negotiable instrument.

**Article 448** If an interested party declares rights after the expiration of the declaration period but before the judgment is made, it shall be handled in accordance with the provisions of paragraphs 2 and 3 of Article 228 of the *Civil Procedure Law*.

**Article 449** When an interested party declares rights, the people's court shall notify them to present the negotiable instrument to the court, and notify the applicant for public summons to inspect the negotiable instrument within a designated period. If the negotiable instrument applied for public summons by the applicant is inconsistent with the negotiable instrument presented by the interested party, a ruling shall be made to reject the declaration of the interested party.

**Article 450** If no one declares rights during the period for declaring rights, or if the declaration is rejected, the applicant shall apply for a judgment within one month from the date of expiration of the public summons period. If an application for judgment is not filed within the time limit, the public summons procedure shall be terminated.

If a ruling is made to terminate the public summons procedure, the applicant and the payer shall be notified.

**Article 451** From the date of the public announcement of the judgment, the applicant for public summons has the right to request payment from the payer based on the judgment.

If the payer refuses to pay, and the applicant files a lawsuit with the people's court, which meets the conditions for filing a lawsuit stipulated in Article 122 of the *Civil Procedure Law*, the people's court shall accept it.

**Article 452** Cases tried under the public summons procedure may be tried by a single judge; if a judgment is made declaring the negotiable instrument invalid, a collegial panel shall be formed for trial.

**Article 453** If the applicant for public summons withdraws the application, it shall be filed before the public summons; if the application is withdrawn during the public summons period, the people's court may directly make a ruling to terminate the public summons procedure.

**Article 454** The people's court's notification to the payer to stop payment in accordance with the provisions of Article 227 of the *Civil Procedure Law* shall comply with the relevant provisions on property preservation. If the payer refuses to stop payment after receiving the notice to stop payment, in addition to taking compulsory measures in accordance with the provisions of Articles 114 and 117 of the *Civil Procedure Law*, the payer shall still bear the obligation to pay after the judgment.

**Article 455** After the people's court terminates the public summons procedure in accordance with the provisions of Article 228 of the *Civil Procedure Law*, if the applicant for public summons or the declarant files a lawsuit with the people's court, and it is caused by a dispute over the rights of the negotiable instrument, it shall be under the jurisdiction of the people's court in the place of payment of the negotiable instrument or the place of domicile of the defendant; if it is caused by a dispute over non-negotiable instrument rights, it shall be under the jurisdiction of the people's court in the place of domicile of the defendant.

**Article 456** The ruling to terminate the public summons procedure made in accordance with the provisions of Article 228 of the *Civil Procedure Law* shall be signed by the judge and the court clerk, and affixed with the seal of the people's court.

**Article 457** If an interested party files a lawsuit with the people's court in accordance with the provisions of Article 230 of the *Civil Procedure Law*, the people's court may try it under the ordinary procedure applicable to disputes over negotiable instruments.

**Article 458** The legitimate reasons stipulated in Article 230 of the *Civil Procedure Law* include:

(1) The interested party is unable to know the facts of the public announcement due to unexpected events or force majeure;

(2) The interested party is unable to know the fact of public notice because his or her personal freedom is restricted, or although he or she knows the fact of public notice, he or she is unable to declare his or her rights by himself or herself or by entrusting others to do so on his or her behalf;

(3) It does not fall under the circumstances where an application for public notice for assertion of claims is prescribed by law;

(4) No public notice is made or public notice is not made in the statutory manner;

(5) Other objective reasons that cause the interested party to fail to declare his or her rights to the people's court before the judgment is made.

**Article 459** According to the provisions of Article 230 of the Civil Procedure Law, where an interested party requests the people's court to revoke a judgment of nullification, the applicant shall be listed as the defendant.

Where an interested party only files a lawsuit to confirm that he or she is a lawful holder, the people's court shall state in the judgment document that after the judgment confirming the interested party as the right holder of the negotiable instrument is made, the judgment of nullification shall be revoked immediately.

## XXI. Execution Procedures

**Article 460** A legally effective ruling on the realization of security interests, a ruling confirming a mediation agreement, or a payment order shall be executed by the people's court that made the ruling or payment order or by the people's court at the same level in the place where the property of the person subjected to execution is located.

A judgment determining that property is ownerless shall be executed by the people's court that made the judgment by turning the ownerless property over to the State or the collective.

**Article 461** An effective legal document applied for execution by a party to a people's court shall meet the following conditions:

(1) The subjects of rights and obligations are clear;

(2) The content of payment is clear.

Where a legal document determines the continued performance of a contract, the specific content of the continued performance shall be clear.

**Article 462** According to the provisions of Article 234 of the Civil Procedure Law, an objection raised by an outsider to the subject matter of execution shall be raised before the conclusion of the execution procedure for the subject matter of execution.

**Article 463** An objection raised by an outsider to the subject matter of execution shall, after examination, be handled respectively according to the following circumstances:

(1) Where the outsider does not have rights and interests sufficient to exclude compulsory execution of the subject matter of execution, a ruling shall be made to reject his or her objection;

(2) Where the outsider has rights and interests sufficient to exclude compulsory execution of the subject matter of execution, a ruling shall be made to suspend execution.

Within 15 days from the date when the ruling rejecting the outsider's objection to execution is served on the outsider, the people's court shall not dispose of the subject matter of execution.

**Article 464** Where an applicant for execution and a person subjected to execution reach a settlement agreement and then request suspension of execution or withdraw the application for execution, the people's court may rule to suspend execution or conclude execution.

**Article 465** Where one party fails to perform or fails to fully perform a settlement agreement voluntarily reached by both parties during execution, and the other party applies for execution of the original effective legal document, the people's court shall resume execution, but the part of the settlement agreement that has been performed shall be deducted. Where the settlement agreement has been fully performed, the people's court shall not resume execution.

**Article 466** Where an application is made to resume execution of an original effective legal document, the provisions of Article 246 of the Civil Procedure Law on the period for applying for execution shall apply. Where the period for applying for execution is interrupted due to the conclusion of a settlement agreement during execution, the period shall be recalculated from the last day of the performance period stipulated in the settlement agreement.

**Article 467** Where a people's court decides to suspend execution in accordance with the provisions of Article 238 of the Civil Procedure Law, if the guarantee is for a limited period, the period of suspension of execution shall be consistent with the guarantee period, but the maximum period shall not exceed one year. Where the person subjected to execution or the guarantor transfers, conceals, sells, or damages the guaranteed property during the period of suspension of execution, the people's court may resume compulsory execution.

**Article 468** Where an execution guarantee is provided to a people's court in accordance with Article 238 of the *Civil Procedure Law*, property guarantee may be provided by the person subject to execution or another person, or a guarantee may be provided by another person. The guarantor shall have the ability to perform on behalf of the person subject to execution or bear liability for compensation on behalf of the person subject to execution.

Where another person provides an execution guarantee, a letter of guarantee shall be issued to the executing court, and a copy of the letter of guarantee shall be served on the applicant for execution. Where the person subject to execution or another person provides a property guarantee, the relevant procedures shall be handled by reference to the relevant provisions of the *Civil Code*.

**Article 469** Where the person subject to execution still fails to perform his/her obligations upon the expiration of the period for suspension of execution decided by the people's court, the people's court may directly execute the guaranteed property, or rule to execute the property of the execution guarantor, provided that the property of the execution guarantor is limited to the part of the property for which the guarantor should perform his/her obligations.

**Article 470** In accordance with Article 239 of the *Civil Procedure Law*, where a legal person or other organization acting as the person subject to execution is divided or merged during execution, the people's court may rule to change the legal person or other organization after the change as the person subject to execution; where it is deregistered, if there is a successor to its rights and obligations in accordance with the provisions of relevant substantive laws, it may rule that the successor to its rights and obligations is the person subject to execution.

**Article 471** Where other organizations are unable to perform the obligations determined by legal documents during execution, the people's court may rule to execute the property of the legal person or citizen who bears obligations for such other organizations in accordance with the law.

**Article 472** During execution, where the name of a legal person or other organization acting as the person subject to execution is changed, the people's court may rule to change the legal person or other organization after the change as the person subject to execution.

**Article 473** Where a citizen acting as the person subject to execution dies, and his/her heir to the estate has not waived the inheritance, the people's court may rule to change the person subject to execution, and the heir shall repay the debts within the scope of the estate. Where the heir waives the inheritance, the people's court may directly execute the estate of the person subject to execution.

**Article 474** After the execution of other legal documents executed by the people's court as prescribed by law is completed, if the legal documents are revoked by the relevant authorities or organizations in accordance with the law, the provisions of Article 240 of the *Civil Procedure Law* shall apply upon the application of the parties.

**Article 475** Where a part of the matters ruled by an arbitral institution falls under the circumstances prescribed in paragraphs 2 and 3 of Article 244 of the *Civil Procedure Law*, the people's court shall rule not to execute such part.

Where the part that should not be executed is inseparable from other parts, the people's court shall rule not to execute the arbitral award.

**Article 476** After the people's court rules not to execute an arbitral award in accordance with paragraphs 2 and 3 of Article 244 of the *Civil Procedure Law*, if a party raises an execution objection or applies for reconsideration against the ruling, the people's court shall not accept it. The parties may apply for arbitration again regarding the civil dispute by reaching a written arbitration agreement, or may file a lawsuit with a people's court.

**Article 477** During execution, where the person subject to execution transfers the property rights sealed up, seized, or frozen by the people's court or divides them to an outsider through arbitration procedures, it shall not affect the progress of the execution procedures of the people's court.

If the outsider is dissatisfied, he/she may raise an objection in accordance with Article 234 of the *Civil Procedure Law*.

**Article 478** Under any of the following circumstances, it may be determined that there is an error in the notarized document of claim as prescribed in paragraph 2 of Article 245 of the *Civil Procedure Law*:

(1) The notarized document of claim is a document of claim that cannot be endowed with compulsory execution effect;

(2) One party subject to execution fails to appear at the scene for notarization in person or entrust an agent to do so, which seriously violates the notarization procedures prescribed by law;

(3) The content of the notarized document of claim is inconsistent with the facts or violates the mandatory provisions of laws;

(4) The notarized document of claim fails to state that the person subject to execution agrees to accept compulsory execution when he/she fails to perform or fails to fully perform his/her obligations.

If the people's court determines that the execution of the notarized document of creditor's rights violates the public interest of society, it shall rule not to execute it.

After the notarized document of creditor's rights is ruled not to be executed, the parties and interested parties to the notarized matter may file a lawsuit regarding the dispute over creditor's rights.

**Article 479** Where a party requests not to execute an arbitral award or a notarized document of creditor's rights, it shall submit the request to the executing court before the conclusion of the execution.

**Article 480** The people's court shall issue a notice of execution within ten days after receiving the application for execution or the transferred execution document.

In addition to ordering the person subject to execution to perform the obligations determined by the legal document, the notice of execution shall also notify them to bear the interest for delayed performance or the delayed performance fee stipulated in Article 260 of the *Civil Procedure Law*.

**Article 481** Where the applicant for execution applies to the people's court for compulsory execution after the limitation period for applying for execution has expired, the people's court shall accept it. If the person subject to execution raises an objection to the limitation period for applying for execution, and the people's court finds the objection established upon examination, it shall rule not to execute.

After the person subject to execution has performed all or part of their obligations, if they request the reversal of execution on the grounds that they did not know the limitation period for applying for execution had expired, the people's court shall not support it.

**Article 482** Where the person subject to execution, the legal representative, the person in charge, or the actual controller of the person subject to execution who must accept investigation and inquiry refuses to appear without justifiable reasons after being summoned according to law, the people's court may summon them by warrant to appear.

The people's court shall conduct investigation and inquiry of the person summoned by warrant in a timely manner, and the time for investigation and inquiry shall not exceed eight hours; if the situation is complicated and detention measures may be taken according to law, the time for investigation and inquiry shall not exceed twenty-four hours.

When the people's court takes measures to summon by warrant outside its jurisdiction, it may summon the person to the local people's court, and the local people's court shall provide assistance.

**Article 483** The people's court has the right to inquire about the identity information and property information of the person subject to execution, and the units and individuals holding the relevant information must handle it in accordance with the notice of assistance in execution.

**Article 484** The property subject to execution shall not be disposed of by the people's court without being sealed, seized, or frozen. For property that can be directly deducted, such as bank deposits, the deduction ruling of the people's court shall simultaneously have the legal effect of freezing.

**Article 485** The period for the people's court to freeze the bank deposits of the person subject to execution shall not exceed one year, the period for sealing or seizing movable property shall not exceed two years, and the period for sealing immovable property or freezing other property rights shall not exceed three years.

If the applicant for execution applies for an extension of the period, the people's court shall handle the procedures for continuing the sealing, seizure, or freezing before the expiration of the sealing, seizure, or freezing period, and the extension period shall not exceed the period stipulated in the preceding paragraph.

The people's court may also handle the procedures for continuing the sealing, seizure, or freezing ex officio.

**Article 486** In accordance with the provisions of Article 254 of the *Civil Procedure Law*, where the property of the person subject to execution needs to be auctioned during execution, the people's court may organize the auction itself, or it may hand it over to an auction institution with corresponding qualifications for auction.

Where it is handed over to an auction institution for auction, the people's court shall supervise the auction activities.

**Article 487** Where on-site inspection or survey is required for auction evaluation, the people's court shall order the person subject to execution and the person obligated to assist to cooperate. If the person subject to execution or the person obligated to assist refuses to cooperate, the people's court may conduct it compulsorily.

**Article 488** Where the property of the person subject to execution needs to be sold off during execution, the people's court may hand it over to relevant units for sale, or the people's court may sell it directly.

The people's court or its staff shall not purchase the property being sold off.

**Article 489** With the consent of the enforcement applicant and the person subject to enforcement, and without prejudicing the lawful rights and interests of other creditors and the public interest, the people's court may, without auction or sale, directly evaluate the property of the person subject to enforcement to offset the

debts of the enforcement applicant. For the remaining debts, the person subject to enforcement shall continue to pay them off.

**Article 490** Where the property of the person subject to enforcement cannot be auctioned or sold, with the consent of the enforcement applicant, and without prejudicing the lawful rights and interests of other creditors and the public interest, the people's court may evaluate the property and deliver it to the enforcement applicant to offset the debts, or deliver it to the enforcement applicant for management; if the enforcement applicant refuses to accept or manage it, it shall be returned to the person subject to enforcement.

**Article 491** Where an auction is concluded or a ruling is made to offset debts with property in accordance with legal procedures, the ownership of the subject matter shall be transferred when the ruling on the conclusion of the auction or the ruling on offsetting debts is served on the buyer or the creditor accepting the property offsetting debts.

**Article 492** Where the subject matter of enforcement is a specific thing, the original thing shall be enforced. Where the original thing has indeed been damaged or lost, with the consent of both parties, compensation may be made at a discounted price.

Where both parties cannot reach an agreement on the discounted compensation, the people's court shall terminate the enforcement procedure. The enforcement applicant may file a separate lawsuit.

**Article 493** Where another person holds the property or certificates specified to be delivered in a legal document, and refuses to hand them over after the people's court issues a notice of assistance in enforcement in accordance with the provisions of paragraphs 2 and 3 of Article 256 of the *Civil Procedure Law*, compulsory enforcement may be carried out, and penalties may be imposed in accordance with the provisions of Articles 117 and 118 of the *Civil Procedure Law*.

Where the property or certificates held by another person are damaged or lost during the period, it shall be handled with reference to the provisions of Article 492 of this Interpretation.

Where another person claims to legally hold the property or certificates, he may raise an objection to enforcement in accordance with the provisions of Article 234 of the *Civil Procedure Law*.

**Article 494** During enforcement, where the person subject to enforcement conceals property, accounting books and other materials, the people's court may, in addition to handling it in accordance with the provisions of item 6 of paragraph 1 of Article 114 of the *Civil Procedure Law*, also order the person subject to enforcement to hand over the concealed property, accounting books and other materials. Where the person subject to enforcement refuses to hand them over, the people's court may take search measures.

**Article 495** Search personnel shall dress in accordance with regulations and present search warrants and work IDs.

**Article 496** When the people's court conducts a search, unrelated personnel are prohibited from entering the search scene; where the object of the search is a citizen, the person subject to enforcement or his adult family members and personnel dispatched by grassroots organizations shall be notified to be present; where the object of the search is a legal person or other organization, its legal representative or principal person in charge shall be notified to be present. Refusal to be present shall not affect the search.

The search of a woman's body shall be conducted by female enforcement personnel.

**Article 497** Where property that should be sealed up or seized according to law is found during a search, it shall be handled in accordance with the provisions of paragraph 2 of Article 252 and Article 254 of the *Civil Procedure Law*.

**Article 498** A search record shall be made for a search, and signed, fingerprinted or sealed by the search personnel, the person searched and other persons present. Refusal to sign, fingerprint or seal shall be recorded in the search record.

**Article 499** Where the people's court enforces the due creditor's rights of the person subject to enforcement against another person, it may make a ruling to freeze the creditor's rights and notify the other person to perform to the enforcement applicant.

Where the other person raises an objection to the due creditor's rights, and the enforcement applicant requests compulsory enforcement of the objected part, the people's court shall not support it. Where an interested party raises an objection to the due creditor's rights, the people's court shall handle it in accordance with the provisions of Article 234 of the *Civil Procedure Law*.

Where the other person denies the due creditor's rights determined by an effective legal document, the people's court shall not support it.

**Article 500** Where the people's court needs to handle the transfer procedures for property right certificates such as real estate certificates, land certificates, forestry right certificates, patent certificates, trademark certificates, and vehicle and vessel licenses during enforcement, it may handle them in accordance with the provisions of Article 258 of the *Civil Procedure Law*.

**Article 501** Where the person subject to execution fails to perform the behavioral obligations determined by an effective legal document, and such obligations can be completed by others, the people's court may select a substitute performer; where laws or administrative regulations impose qualification restrictions on the performance of such behavioral obligations, the selection shall be made from among those with the qualifications. When necessary, the substitute performer may be determined by means of bidding.

The applicant for execution may recommend a substitute performer from among those who meet the conditions, or may apply to perform the obligations on their own behalf. Whether to permit this shall be decided by the people's court.

**Article 502** The amount of the substitute performance fee shall be determined by the people's court based on the specific circumstances of the case, and shall be paid in advance by the person subject to execution within a specified period. If the person subject to execution fails to pay in advance, the people's court may enforce the payment of such fee.

After the substitute performance is completed, the person subject to execution may consult and copy the fee list and main vouchers.

**Article 503** Where the person subject to execution fails to perform the acts specified in a legal document, and such acts can only be completed by the person subject to execution, the people's court may handle the matter in accordance with the provisions of Item 6, Paragraph 1, Article 114 of the *Civil Procedure Law*.

Where the person subject to execution still fails to perform within the performance period determined by the people's court, the people's court may handle the matter again in accordance with the provisions of Item 6, Paragraph 1, Article 114 of the *Civil Procedure Law*.

**Article 504** Where the person subject to execution delays performance, the interest for the period of delayed performance or the delayed performance fee shall be calculated from the date of expiration of the performance period specified in the judgment, ruling, or other legal document.

**Article 505** Where the person subject to execution fails to perform non-monetary payment obligations within the period specified in the judgment, ruling, or other legal document, regardless of whether it has caused losses to the applicant for execution, a delayed performance fee shall be paid. If losses have already been caused, the applicant for execution shall be compensated double the losses already suffered; if no losses have been caused, the delayed performance fee may be determined by the people's court based on the specific circumstances of the case.

**Article 506** Where the person subject to execution is a citizen or other organization, and after the commencement of the execution procedure, other creditors of the person subject to execution who have obtained an execution basis discover that the property of the person subject to execution cannot pay off all debts, they may apply to the people's court to participate in the distribution.

Creditors who have priority rights or security interests in the property sealed, seized, or frozen by the people's court may directly apply to participate in the distribution and claim priority in receiving repayment.

**Article 507** To apply to participate in the distribution, the applicant shall submit an application. The application shall state the facts and reasons for participating in the distribution and the inability of the person subject to execution to pay off all debts, and shall be accompanied by an execution basis.

The application to participate in the distribution shall be submitted after the commencement of the execution procedure and before the conclusion of the execution of the property of the person subject to execution.

**Article 508** In the execution of participating in the distribution, after deducting the execution fees from the proceeds of the execution and paying off the creditors who should have priority in receiving repayment, for ordinary creditors, in principle, they shall receive repayment in proportion to the amount of their claims applying to participate in the distribution. The remaining debts after repayment shall continue to be paid off by the person subject to execution. If a creditor discovers that the person subject to execution has other property, they may request the people's court to execute it at any time.

**Article 509** Where multiple creditors apply to participate in the distribution of the executed property, the executing court shall prepare a property distribution plan and serve it on all creditors and the person subject to execution. If a creditor or the person subject to execution has objections to the distribution plan, they shall submit a written objection to the executing court within fifteen days from the date of receiving the distribution plan.

**Article 510** Where a creditor or the person subject to execution submits a written objection to the distribution plan, the executing court shall notify the creditors and the person subject to execution who have not submitted objections.

Where the creditors and the person subject to execution who have not submitted objections fail to submit opposing opinions within fifteen days from the date of receiving the notice, the executing court shall

distribute the property after reviewing and revising the distribution plan in accordance with the objector's opinions; where opposing opinions are submitted, the executing court shall notify the objector. The objector may, within fifteen days from the date of receiving the notice, file a lawsuit with the executing court against the objecting creditor and the person subject to execution as defendants; if the objector fails to file a lawsuit within the time limit, the executing court shall distribute according to the original distribution plan.

If distribution is carried out during the litigation period, the executing court shall deposit the funds corresponding to the disputed creditor's rights amount.

**Article 511** During execution, if the enterprise legal person acting as the person subject to execution meets the circumstances stipulated in Paragraph 1, Article 2 of the Enterprise Bankruptcy Law, the executing court shall, with the consent of one of the applicants for execution or the person subject to execution, rule to suspend the execution against the person subject to execution and transfer the relevant materials of the execution case to the people's court at the domicile of the person subject to execution.

**Article 512** The people's court at the domicile of the person subject to execution shall, within thirty days from the date of receiving the relevant materials of the execution case, notify the executing court of the ruling on whether to accept the bankruptcy case. If it is not accepted, the relevant case materials shall be returned to the executing court.

**Article 513** If the people's court at the domicile of the person subject to execution rules to accept the bankruptcy case, the executing court shall lift the preservation measures on the property of the person subject to execution. If the people's court at the domicile of the person subject to execution rules to declare the person subject to execution bankrupt, the executing court shall rule to terminate the execution against the person subject to execution.

If the people's court at the domicile of the person subject to execution does not accept the bankruptcy case, the executing court shall resume execution.

**Article 514** If the parties do not agree to transfer the bankruptcy or the people's court at the domicile of the person subject to execution does not accept the bankruptcy case, the executing court shall execute the property obtained from the realization, and after deducting the execution expenses and paying off the creditor's rights with priority of compensation, for ordinary creditor's rights, pay them off in the order of sealing up, distraining, and freezing the property in property preservation and execution.

**Article 515** The creditor's request for the people's court to continue execution in accordance with the provisions of Article 261 of the *Civil Procedure Law* is not subject to the limitation of the time limit for applying for execution stipulated in Article 246 of the *Civil Procedure Law*.

**Article 516** If the person subject to execution fails to perform the obligations determined by the legal document, the people's court may, in addition to punishing the person subject to execution, include him in the list of untrustworthy persons subject to execution according to the circumstances, and notify his unit, credit reporting agencies, and other relevant institutions of the information that the person subject to execution fails to perform or fails to fully perform his obligations.

**Article 517** If no executable property is found after property investigation, the execution procedure may be ruled to be terminated this time after the applicant for execution signs for confirmation or the collegial panel formed by the executing court reviews and verifies it and it is approved by the president of the court.

After the execution is terminated in accordance with the preceding paragraph, if the applicant for execution finds that the person subject to execution has executable property, he may apply for execution again. Applying for execution again is not subject to the limitation of the time limit for applying for execution.

**Article 518** After the execution is terminated due to the withdrawal of the application, if the party applies for execution again within the time limit for applying for execution stipulated in Article 246 of the *Civil Procedure Law*, the people's court shall accept it.

**Article 519** Within six months after the conclusion of the execution, if the person subject to execution or other persons commit acts that hinder the executed subject matter, the people's court may eliminate the hindrance ex officio, and may punish them in accordance with the provisions of Article 114 of the *Civil Procedure Law*. If the hindering act causes losses to the executing creditor or other persons, the victim may file a separate lawsuit.

## XXII. Special Provisions on Foreign-related Civil Litigation Procedures

**Article 520** Under any of the following circumstances, the people's court may determine it as a foreign-related civil case:

(1) One or both parties are foreigners, stateless persons, foreign enterprises or organizations;

(2) The habitual residence of one or both parties is outside the territory of the People's Republic of China;

(3) The subject matter is outside the territory of the People's Republic of China;

(4) The legal facts that produce, change or eliminate the civil relationship occur outside the territory of the People's Republic of China;

(5) Other circumstances that may be determined as foreign-related civil cases.

**Article 521** Foreigners participating in litigation shall submit passports and other documents to the people's court to prove their identity.

The identity certification documents submitted to the people's court by a foreign enterprise or organization participating in litigation shall be notarized by a notary organ in the country where it is located, and authenticated by the embassy or consulate of the People's Republic of China in that country, or the certification procedures stipulated in the relevant treaties concluded between the People's Republic of China and the country where it is located shall be performed.

A person representing a foreign enterprise or organization in litigation shall submit to the people's court proof that he has the right to participate in the litigation as a representative. Such proof shall be notarized by a notary organ in the country where it is located, and authenticated by the embassy or consulate of the People's Republic of China in that country, or the certification procedures stipulated in the relevant treaties concluded between the People's Republic of China and the country where it is located shall be performed.

The "country where it is located" referred to in this article refers to the country where the foreign enterprise or organization is registered for establishment, or it may be a third country where it has completed business registration procedures.

**Article 522** Where notarization and authentication procedures are required in accordance with Article 271 of the *Civil Procedure Law* and Article 521 of this Interpretation, and the country where the foreign party is located has not established diplomatic relations with the People's Republic of China, it may be notarized by a notary organ of that country, authenticated by the embassy or consulate of a third country that has diplomatic relations with the People's Republic of China in that country, and then authenticated by the embassy or consulate of the People's Republic of China in that third country.

**Article 523** Where a foreigner, or a representative of a foreign enterprise or organization signs a power of attorney under the witness of a judge of a people's court to entrust an agent to conduct civil litigation, the people's court shall recognize it.

**Article 524** Where a foreigner, or a representative of a foreign enterprise or organization signs a power of attorney within the territory of the People's Republic of China to entrust an agent to conduct civil litigation, and it is notarized by a notary organ of the People's Republic of China, the people's court shall recognize it.

**Article 525** Where the written materials submitted by a party to the people's court are in a foreign language, a Chinese translation shall be submitted to the people's court at the same time.

Where a party objects to the Chinese translation, the parties shall jointly entrust a translation agency to provide the translation text; where the parties cannot reach an agreement on the choice of the translation agency, it shall be determined by the people's court.

**Article 526** A foreign party in a foreign-related civil litigation may entrust a Chinese citizen as an agent ad litem, or may entrust a lawyer of his own country to act as an agent ad litem in a non-lawyer capacity; an official of a foreign embassy or consulate in China, entrusted by a citizen of his own country, may act as an agent ad litem in his personal capacity, but shall not enjoy diplomatic or consular privileges and immunities in the litigation.

**Article 527** In a foreign-related civil litigation, where a foreign embassy or consulate in China authorizes its officials, under the circumstance that a citizen of its own country as a party is not within the territory of the People's Republic of China, they may, in the capacity of diplomatic representatives, hire a lawyer of the People's Republic of China or a citizen of the People's Republic of China to act as an agent in the civil litigation on behalf of the citizen of their own country in the People's Republic of China.

**Article 528** In a foreign-related civil litigation, where the two parties reach an agreement through mediation, a mediation statement shall be produced. Where a party requests the issuance of a judgment, a judgment may be produced based on the content of the agreement and served on the parties.

**Article 529** The parties to a dispute over a foreign-related contract or other property rights and interests may choose by written agreement the jurisdiction of a foreign court in a place that has an actual connection with the dispute, such as the place of domicile of the defendant, the place of performance of the contract, the place of signing of the contract, the place of domicile of the plaintiff, the location of the subject matter, or the place of the tortious act.

According to the provisions of Articles 34 and 273 of the *Civil Procedure Law*, for cases under the exclusive jurisdiction of the courts of the People's Republic of China, the parties shall not choose the jurisdiction of a foreign court by agreement, except where they choose arbitration by agreement.

**Article 530** Where a foreign-related civil case meets the following circumstances at the same time, the people's court may rule to dismiss the plaintiff's lawsuit and inform him to file a lawsuit in a more convenient foreign court:

(1) The defendant requests that the case be under the jurisdiction of a more convenient foreign court, or raises an objection to jurisdiction;

(2) There is no agreement between the parties to choose the jurisdiction of a court of the People's Republic of China;

(3) The case does not fall under the exclusive jurisdiction of the courts of the People's Republic of China;

(4) The case does not involve the interests of the State, citizens, legal persons, or other organizations of the People's Republic of China;

(5) The main facts of the dispute in the case did not occur within the territory of the People's Republic of China, and the laws of the People's Republic of China do not apply to the case, and the people's court faces significant difficulties in determining the facts and applying the law in hearing the case;

(6) The foreign court has jurisdiction over the case, and it is more convenient for the foreign court to hear the case.

**Article 531** For a case over which both the courts of the People's Republic of China and foreign courts have jurisdiction, if one party institutes an action in a foreign court and the other party institutes an action in a court of the People's Republic of China, the people's court may accept the case. After the judgment is rendered, if the foreign court applies for or the party requests the people's court to recognize and enforce the judgment or ruling made by the foreign court on the case, it shall not be permitted; except as otherwise provided by international treaties concluded or acceded to by both parties.

If a judgment or ruling of a foreign court has been recognized by a people's court, and a party institutes an action in a people's court over the same dispute, the people's court shall not accept it.

**Article 532** For a party who has no domicile within the territory of the People's Republic of China, if litigation documents are served by public notice and the party fails to respond upon the expiration of the public notice period, after the people's court renders a default judgment, the judgment document shall still be served by public notice in accordance with the provisions of Item 8 of Article 274 of the *Civil Procedure Law*. If the party does not appeal within the 30-day appeal period after the expiration of three months from the date of service of the judgment document by public notice, the first-instance judgment shall become legally effective.

**Article 533** If the representative or principal person in charge of a foreigner or a foreign enterprise or organization is within the territory of the People's Republic of China, the people's court may serve the documents on the natural person or the representative or principal person in charge of the foreign enterprise or organization.

The principal persons in charge of foreign enterprises and organizations include the directors, supervisors, and senior management personnel of the enterprises and organizations.

**Article 534** If the country where the person to be served is located permits service by mail, the people's court may serve the documents by mail.

When serving by mail, a receipt of service shall be attached. If the person to be served fails to sign the receipt of service but signs the postal return receipt, it shall be deemed as served, and the date of signing the receipt shall be the date of service.

If, upon the expiration of three months from the date of mailing, the proof of service has not been received, and it is insufficient to determine that it has been served based on various circumstances, it shall be deemed that service by mail cannot be used.

**Article 535** If a people's court adopts the method of public notice to serve litigation documents on a party during the first instance, it may directly adopt the method of public notice to serve litigation documents on the party during the second instance, except where the people's court can adopt other methods of service other than public notice.

**Article 536** For an appeal against a judgment or ruling of a first-instance people's court, the time limit prescribed in Article 171 of the *Civil Procedure Law* shall apply to a party who has a domicile within the territory of the People's Republic of China; the time limit prescribed in Article 276 of the *Civil Procedure Law* shall apply to a party who has no domicile within the territory of the People's Republic of China. If the appeal period for the parties has expired and no appeal has been filed, the first-instance judgment or ruling of the people's court shall become legally effective.

**Article 537** The period during which a people's court reviews an application for retrial filed by a party to a foreign-related civil case shall not be subject to the restriction prescribed in Article 211 of the *Civil Procedure Law*.

**Article 538** An applicant applying to a people's court for the enforcement of an award made by a foreign-related arbitration institution of the People's Republic of China shall submit a written application and attach the original arbitral award. If the applicant is a foreign party, its application shall be submitted in Chinese.

**Article 539** Where a people's court compulsorily enforces an arbitral award made by a foreign-related arbitration institution, and the person subject to enforcement raises a defense on the grounds of the circumstances prescribed in Paragraph 1 of Article 281 of the *Civil Procedure Law*, the people's court shall examine the defense of the person subject to enforcement, and rule to enforce or not to enforce the award based on the examination results.

**Article 540** In accordance with the provisions of Article 279 of the *Civil Procedure Law*, where a foreign-related arbitration institution of the People's Republic of China submits a party's application for preservation to a people's court for a ruling, the people's court may conduct an examination and rule on whether to carry out preservation. If it rules to carry out preservation, it shall order the applicant to provide security; if the applicant fails to provide security, it shall rule to dismiss the application.

Where a party applies for evidence preservation, and the people's court considers upon examination that it is unnecessary to provide security, the applicant may not provide security.

**Article 541** Where an applicant applies to a people's court for recognition and enforcement of a legally effective judgment or ruling made by a foreign court, it shall submit an application, accompanied by the original or a certified true copy of the legally effective judgment or ruling made by the foreign court, as well as a Chinese translation thereof. Where the judgment or ruling of the foreign court is a default judgment or ruling, the applicant shall simultaneously submit certification documents proving that the foreign court has lawfully summoned the party, unless the judgment or ruling has already clearly stated this.

Where an international treaty concluded or acceded to by the People's Republic of China has provisions on the submitted documents, such provisions shall be handled in accordance with the provisions.

**Article 542** Where a party applies to an intermediate people's court of the People's Republic of China with jurisdiction for recognition and enforcement of a legally effective judgment or ruling made by a foreign

court, if the country where the court is located has neither concluded nor jointly acceded to an international treaty with the People's Republic of China, nor has a reciprocal relationship, the application shall be ruled to be dismissed, except where the party applies to a people's court for recognition of a legally effective divorce judgment made by a foreign court.

Where an application for recognition and enforcement is ruled to be dismissed, the party may file a lawsuit with a people's court.

**Article 543** Where a party applies to a people's court for recognition and enforcement of an arbitral award made by an ad hoc arbitral tribunal outside the territory of the People's Republic of China, the people's court shall handle it in accordance with the provisions of Article 290 of the *Civil Procedure Law*.

**Article 544** Where a legally effective judgment or ruling made by a foreign court or a foreign arbitral award needs to be enforced by a people's court of the People's Republic of China, the party shall first apply to the people's court for recognition. After the people's court examines and rules to recognize it, it shall be enforced in accordance with the provisions of Part III of the *Civil Procedure Law*.

Where a party only applies for recognition without simultaneously applying for enforcement, the people's court shall only examine and make a ruling on the application for recognition.

**Article 545** The period for a party to apply for recognition and enforcement of a legally effective judgment or ruling made by a foreign court or a foreign arbitral award shall be governed by the provisions of Article 246 of the *Civil Procedure Law*.

Where a party only applies for recognition without simultaneously applying for enforcement, the period for applying for enforcement shall be recalculated from the date when the ruling made by the people's court on the application for recognition takes effect.

**Article 546** For cases of recognition and enforcement of legally effective judgments or rulings made by foreign courts or foreign arbitral awards, the people's court shall form a collegial panel for examination.

The people's court shall serve the application on the respondent. The respondent may state its opinions.

The ruling made by the people's court upon examination shall take legal effect immediately upon service.

**Article 547** Where a court of a country that has neither concluded a judicial assistance treaty with the People's Republic of China nor has a reciprocal relationship directly requests a people's court to provide judicial assistance without going through diplomatic channels, the people's court shall return it and explain the reasons.

**Article 548** Where a party uses a judgment or ruling of a court of the People's Republic of China outside the territory of the People's Republic of China and requests the court of the People's Republic of China to certify its legal effect, or a foreign court requests a court of the People's Republic of China to certify the legal effect of a judgment or ruling, the court of the People's Republic of China that made the judgment or ruling may issue a certificate in the name of this court.

**Article 549** The special provisions on foreign-related civil procedure procedures may be applied mutatis mutandis to civil procedure cases involving the Hong Kong Special Administrative Region, the Macao Special Administrative Region, and the Taiwan region tried by the people's courts.

**Article 550** After the promulgation and implementation of this Interpretation, the *Opinions on Several Issues Concerning the Application of the Civil Procedure Law of the People's Republic of China* issued by the Supreme People's Court on July 14, 1992 shall be repealed simultaneously; judicial interpretations issued by the Supreme People's Court prior to this Interpretation that are inconsistent with this Interpretation shall no longer apply.

Scan to read more conveniently on mobile

# 最高人民法院关于适用《中华人民共和国民事诉讼法》的解释（2022修正）

**发 文 机 关:**最高人民法院

**发 布 日 期:**2022.04.01

**生 效 日 期:**2022.04.10

**时 效 性:**现行有效

## 目 录

一、管辖
二、回避
三、诉讼参加人
四、证据
五、期间和送达
六、调解
七、保全和先予执行
八、对妨害民事诉讼的强制措施
九、诉讼费用
十、第一审普通程序
十一、简易程序
十二、简易程序中的小额诉讼
十三、公益诉讼
十四、第三人撤销之诉
十五、执行异议之诉
十六、第二审程序
十七、特别程序
十八、审判监督程序
十九、督促程序
二十、公示催告程序
二十一、执行程序
二十二、涉外民事诉讼程序的特别规定
**二十三、附则**

**最高人民法院关于适用《中华人民共和国民事诉讼法》的解释（2022 修正）**

（2014 年 12 月 18 日最高人民法院审判委员会第 1636 次会议通过；根据 2020 年 12 月 23 日最高人民法院审判委员会第 1823 次会议通过的《最高人民法院关于修改〈最高人民法院关于人民法院民事调解工作若干问题的规定〉等十九件民事诉讼类司法解释的决定》第一次修正；根据 2022 年 3 月 22 日最高人民法院审判委员会第 1866 次会议通过的《最高人民法院关于修改〈最高人民法院关于适用《中华人民共和国民事诉讼法》的解释〉的决定》第二次修正，该修正自 2022 年 4 月 10 日起施行）

2012 年 8 月 31 日，第十一届全国人民代表大会常务委员会第二十八次会议审议通过了《关于修改〈中华人民共和国民事诉讼法〉的决定》。根据修改后的民事诉讼法，结合人民法院民事审判和执行工作实际，制定本解释。

**一、管辖**

**第一条**　民事诉讼法第十九条第一项规定的重大涉外案件，包括争议标的额大的案件、案情复杂的案件，或者一方当事人人数众多等具有重大影响的案件。

**第二条**　专利纠纷案件由知识产权法院、最高人民法院确定的中级人民法院和基层人民法院管辖。

海事、海商案件由海事法院管辖。

**第三条**　公民的住所地是指公民的户籍所在地，法人或者其他组织的住所地是指法人或者其他组织的主要办事机构所在地。

法人或者其他组织的主要办事机构所在地不能确定的，法人或者其他组织的注册地或者登记地为住所地。

**第四条**　公民的经常居住地是指公民离开住所地至起诉时已连续居住一年以上的地方，但公民住院就医的地方除外。

**第五条**　对没有办事机构的个人合伙、合伙型联营体提起的诉讼，由被告注册登记地人民法院管辖。没有注册登记，几个被告又不在同一辖区的，被告住所地的人民法院都有管辖权。

**第六条**　被告被注销户籍的，依照民事诉讼法第二十三条规定确定管辖；原告、被告均被注销户籍的，由被告居住地人民法院管辖。

**第七条**　当事人的户籍迁出后尚未落户，有经常居住地的，由该地人民法院管辖；没有经常居住地的，由其原户籍所在地人民法院管辖。

**第八条**　双方当事人都被监禁或者被采取强制性教育措施的，由被告原住所地人民法院管辖。被告被监禁或者被采取强制性教育措施一年以上的，由被告被监禁地或者被采取强制性教育措施地人民法院管辖。

**第九条**　追索赡养费、扶养费、抚养费案件的几个被告住所地不在同一辖区的，可以由原告住所地人民法院管辖。

**第十条**　不服指定监护或者变更监护关系的案件，可以由被监护人住所地人民法院管辖。

**第十一条**　双方当事人均为军人或者军队单位的民事案件由军事法院管辖。

**第十二条** 夫妻一方离开住所地超过一年，另一方起诉离婚的案件，可以由原告住所地人民法院管辖。

夫妻双方离开住所地超过一年，一方起诉离婚的案件，由被告经常居住地人民法院管辖；没有经常居住地的，由原告起诉时被告居住地人民法院管辖。

**第十三条** 在国内结婚并定居国外的华侨，如定居国法院以离婚诉讼须由婚姻缔结地法院管辖为由不予受理，当事人向人民法院提出离婚诉讼的，由婚姻缔结地或者一方在国内的最后居住地人民法院管辖。

**第十四条** 在国外结婚并定居国外的华侨，如定居国法院以离婚诉讼须由国籍所属国法院管辖为由不予受理，当事人向人民法院提出离婚诉讼的，由一方原住所地或者在国内的最后居住地人民法院管辖。

**第十五条** 中国公民一方居住在国外，一方居住在国内，不论哪一方向人民法院提起离婚诉讼，国内一方住所地人民法院都有权管辖。国外一方在居住国法院起诉，国内一方向人民法院起诉的，受诉人民法院有权管辖。

**第十六条** 中国公民双方在国外但未定居，一方向人民法院起诉离婚的，应由原告或者被告原住所地人民法院管辖。

**第十七条** 已经离婚的中国公民，双方均定居国外，仅就国内财产分割提起诉讼的，由主要财产所在地人民法院管辖。

**第十八条** 合同约定履行地点的，以约定的履行地点为合同履行地。

合同对履行地点没有约定或者约定不明确，争议标的为给付货币的，接收货币一方所在地为合同履行地；交付不动产的，不动产所在地为合同履行地；其他标的，履行义务一方所在地为合同履行地。即时结清的合同，交易行为地为合同履行地。

合同没有实际履行，当事人双方住所地都不在合同约定的履行地的，由被告住所地人民法院管辖。

**第十九条** 财产租赁合同、融资租赁合同以租赁物使用地为合同履行地。合同对履行地有约定的，从其约定。

**第二十条** 以信息网络方式订立的买卖合同，通过信息网络交付标的的，以买受人住所地为合同履行地；通过其他方式交付标的的，收货地为合同履行地。合同对履行地有约定的，从其约定。

**第二十一条** 因财产保险合同纠纷提起的诉讼，如果保险标的物是运输工具或者运输中的货物，可以由运输工具登记注册地、运输目的地、保险事故发生地人民法院管辖。

因人身保险合同纠纷提起的诉讼，可以由被保险人住所地人民法院管辖。

**第二十二条** 因股东名册记载、请求变更公司登记、股东知情权、公司决议、公司合并、公司分立、公司减资、公司增资等纠纷提起的诉讼，依照民事诉讼法第二十七条规定确定管辖。

**第二十三条** 债权人申请支付令，适用民事诉讼法第二十二条规定，由债务人住所地基层人民法院管辖。

**第二十四条** 民事诉讼法第二十九条规定的侵权行为地，包括侵权行为实施地、侵权结果发生地。

**第二十五条** 信息网络侵权行为实施地包括实施被诉侵权行为的计算机等信息设备所在地，侵权结果发生地包括被侵权人住所地。

**第二十六条** 因产品、服务质量不合格造成他人财产、人身损害提起的诉讼，产品制造地、产品销售地、服务提供地、侵权行为地和被告住所地人民法院都有管辖权。

**第二十七条** 当事人申请诉前保全后没有在法定期间起诉或者申请仲裁，给被申请人、利害关系人造成损失引起的诉讼，由采取保全措施的人民法院管辖。

当事人申请诉前保全后在法定期间内起诉或者申请仲裁，被申请人、利害关系人因保全受到损失提起的诉讼，由受理起诉的人民法院或者采取保全措施的人民法院管辖。

**第二十八条** 民事诉讼法第三十四条第一项规定的不动产纠纷是指因不动产的权利确认、分割、相邻关系等引起的物权纠纷。

农村土地承包经营合同纠纷、房屋租赁合同纠纷、建设工程施工合同纠纷、政策性房屋买卖合同纠纷，按照不动产纠纷确定管辖。

不动产已登记的，以不动产登记簿记载的所在地为不动产所在地；不动产未登记的，以不动产实际所在地为不动产所在地。

**第二十九条** 民事诉讼法第三十五条规定的书面协议，包括书面合同中的协议管辖条款或者诉讼前以书面形式达成的选择管辖的协议。

**第三十条** 根据管辖协议，起诉时能够确定管辖法院的，从其约定；不能确定的，依照民事诉讼法的相关规定确定管辖。

管辖协议约定两个以上与争议有实际联系的地点的人民法院管辖，原告可以向其中一个人民法院起诉。

**第三十一条** 经营者使用格式条款与消费者订立管辖协议，未采取合理方式提请消费者注意，消费者主张管辖协议无效的，人民法院应予支持。

**第三十二条** 管辖协议约定由一方当事人住所地人民法院管辖，协议签订后当事人住所地变更的，由签订管辖协议时的住所地人民法院管辖，但当事人另有约定的除外。

**第三十三条** 合同转让的，合同的管辖协议对合同受让人有效，但转让时受让人不知道有管辖协议，或者转让协议另有约定且原合同相对人同意的除外。

**第三十四条** 当事人因同居或者在解除婚姻、收养关系后发生财产争议，约定管辖的，可以适用民事诉讼法第三十五条规定确定管辖。

**第三十五条** 当事人在答辩期间届满后未应诉答辩，人民法院在一审开庭前，发现案件不属于本院管辖的，应当裁定移送有管辖权的人民法院。

**第三十六条** 两个以上人民法院都有管辖权的诉讼，先立案的人民法院不得将案件移送给另一个有管辖权的人民法院。人民法院在立案前发现其他有管辖权的人民法院已先立案的，不得重复立案；立案后发现其他有管辖权的人民法院已先立案的，裁定将案件移送给先立案的人民法院。

**第三十七条** 案件受理后，受诉人民法院的管辖权不受当事人住所地、经常居住地变更的影响。

**第三十八条** 有管辖权的人民法院受理案件后，不得以行政区域变更为由，将案件移送给变更后有管辖权的人民法院。判决后的上诉案件和依审判监督程序提审的案件，由原审人民法院的上级人民法院进行审判；上级人民法院指令再审、发回重审的案件，由原审人民法院再审或者重审。

**第三十九条** 人民法院对管辖异议审查后确定有管辖权的，不因当事人提起反诉、增加或者变更诉讼请求等改变管辖，但违反级别管辖、专属管辖规定的除外。

人民法院发回重审或者按第一审程序再审的案件，当事人提出管辖异议的，人民法院不予审查。

**第四十条** 依照民事诉讼法第三十八条第二款规定，发生管辖权争议的两个人民法院因协商不成报请它们的共同上级人民法院指定管辖时，双方为同属一个地、市辖区的基层人民法院的，由该地、市的中级人民法院及时指定管辖；同属一个省、自治区、直辖市的两个人民法院的，由该省、自治区、直辖市的高级人民法院及时指定管辖；双方为跨省、自治区、直辖市的人民法院，高级人民法院协商不成的，由最高人民法院及时指定管辖。

依照前款规定报请上级人民法院指定管辖时，应当逐级进行。

**第四十一条** 人民法院依照民事诉讼法第三十八条第二款规定指定管辖的，应当作出裁定。

对报请上级人民法院指定管辖的案件，下级人民法院应当中止审理。指定管辖裁定作出前，下级人民法院对案件作出判决、裁定的，上级人民法院应当在裁定指定管辖的同时，一并撤销下级人民法院的判决、裁定。

**第四十二条** 下列第一审民事案件，人民法院依照民事诉讼法第三十九条第一款规定，可以在开庭前交下级人民法院审理：

(一)破产程序中有关债务人的诉讼案件；

(二)当事人人数众多且不方便诉讼的案件；

(三)最高人民法院确定的其他类型案件。

人民法院交下级人民法院审理前，应当报请其上级人民法院批准。上级人民法院批准后，人民法院应当裁定将案件交下级人民法院审理。

## 二、回避

**第四十三条** 审判人员有下列情形之一的，应当自行回避，当事人有权申请其回避：

(一)是本案当事人或者当事人近亲属的；

(二)本人或者其近亲属与本案有利害关系的；

(三)担任过本案的证人、鉴定人、辩护人、诉讼代理人、翻译人员的；

(四)是本案诉讼代理人近亲属的；

(五)本人或者其近亲属持有本案非上市公司当事人的股份或者股权的；

(六)与本案当事人或者诉讼代理人有其他利害关系，可能影响公正审理的。

**第四十四条** 审判人员有下列情形之一的，当事人有权申请其回避：

(一)接受本案当事人及其受托人宴请，或者参加由其支付费用的活动的；

(二)索取、接受本案当事人及其受托人财物或者其他利益的；

(三)违反规定会见本案当事人、诉讼代理人的；

(四)为本案当事人推荐、介绍诉讼代理人，或者为律师、其他人员介绍代理本案的；

(五)向本案当事人及其受托人借用款物的；

(六)有其他不正当行为，可能影响公正审理的。

**第四十五条** 在一个审判程序中参与过本案审判工作的审判人员，不得再参与该案其他程序的审判。

发回重审的案件，在一审法院作出裁判后又进入第二审程序的，原第二审程序中审判人员不受前款规定的限制。

**第四十六条** 审判人员有应当回避的情形，没有自行回避，当事人也没有申请其回避的，由院长或者审判委员会决定其回避。

**第四十七条** 人民法院应当依法告知当事人对合议庭组成人员、独任审判员和书记员等人员有申请回避的权利。

**第四十八条** 民事诉讼法第四十七条所称的审判人员，包括参与本案审理的人民法院院长、副院长、审判委员会委员、庭长、副庭长、审判员和人民陪审员。

**第四十九条** 书记员和执行员适用审判人员回避的有关规定。

## 三、诉讼参加人

**第五十条** 法人的法定代表人以依法登记的为准，但法律另有规定的除外。依法不需要办理登记的法人，以其正职负责人为法定代表人；没有正职负责人的，以其主持工作的副职负责人为法定代表人。

法定代表人已经变更，但未完成登记，变更后的法定代表人要求代表法人参加诉讼的，人民法院可以准许。

其他组织，以其主要负责人为代表人。

**第五十一条** 在诉讼中，法人的法定代表人变更的，由新的法定代表人继续进行诉讼，并应向人民法院提交新的法定代表人身份证明书。原法定代表人进行的诉讼行为有效。

前款规定，适用于其他组织参加的诉讼。

**第五十二条** 民事诉讼法第五十一条规定的其他组织是指合法成立、有一定的组织机构和财产，但又不具备法人资格的组织，包括：

(一)依法登记领取营业执照的个人独资企业；

(二)依法登记领取营业执照的合伙企业；

(三)依法登记领取我国营业执照的中外合作经营企业、外资企业；

(四)依法成立的社会团体的分支机构、代表机构；

(五)依法设立并领取营业执照的法人的分支机构；

(六)依法设立并领取营业执照的商业银行、政策性银行和非银行金融机构的分支机构；

(七)经依法登记领取营业执照的乡镇企业、街道企业；

(八)其他符合本条规定条件的组织。

**第五十三条** 法人非依法设立的分支机构，或者虽依法设立，但没有领取营业执照的分支机构，以设立该分支机构的法人为当事人。

**第五十四条** 以挂靠形式从事民事活动，当事人请求由挂靠人和被挂靠人依法承担民事责任的，该挂靠人和被挂靠人为共同诉讼人。

**第五十五条** 在诉讼中，一方当事人死亡，需要等待继承人表明是否参加诉讼的，裁定中止诉讼。人民法院应当及时通知继承人作为当事人承担诉讼，被继承人已经进行的诉讼行为对承担诉讼的继承人有效。

**第五十六条** 法人或者其他组织的工作人员执行工作任务造成他人损害的，该法人或者其他组织为当事人。

**第五十七条** 提供劳务一方因劳务造成他人损害，受害人提起诉讼的，以接受劳务一方为被告。

**第五十八条** 在劳务派遣期间，被派遣的工作人员因执行工作任务造成他人损害的，以接受劳务派遣的用工单位为当事人。当事人主张劳务派遣单位承担责任的，该劳务派遣单位为共同被告。

**第五十九条** 在诉讼中，个体工商户以营业执照上登记的经营者为当事人。有字号的，以营业执照上登记的字号为当事人，但应同时注明该字号经营者的基本信息。

营业执照上登记的经营者与实际经营者不一致的，以登记的经营者和实际经营者为共同诉讼人。

**第六十条** 在诉讼中，未依法登记领取营业执照的个人合伙的全体合伙人为共同诉讼人。个人合伙有依法核准登记的字号的，应在法律文书中注明登记的字号。全体合伙人可以推选代表人；被推选的代表人，应由全体合伙人出具推选书。

**第六十一条** 当事人之间的纠纷经人民调解委员会或者其他依法设立的调解组织调解达成协议后，一方当事人不履行调解协议，另一方当事人向人民法院提起诉讼的，应以对方当事人为被告。

**第六十二条** 下列情形，以行为人为当事人：

(一)法人或者其他组织应登记而未登记，行为人即以该法人或者其他组织名义进行民事活动的；

(二)行为人没有代理权、超越代理权或者代理权终止后以被代理人名义进行民事活动的，但相对人有理由相信行为人有代理权的除外；

(三)法人或者其他组织依法终止后，行为人仍以其名义进行民事活动的。

**第六十三条** 企业法人合并的，因合并前的民事活动发生的纠纷，以合并后的企业为当事人；企业法人分立的，因分立前的民事活动发生的纠纷，以分立后的企业为共同诉讼人。

**第六十四条** 企业法人解散的，依法清算并注销前，以该企业法人为当事人；未依法清算即被注销的，以该企业法人的股东、发起人或者出资人为当事人。

**第六十五条** 借用业务介绍信、合同专用章、盖章的空白合同书或者银行账户的，出借单位和借用人为共同诉讼人。

**第六十六条** 因保证合同纠纷提起的诉讼，债权人向保证人和被保证人一并主张权利的，人民法院应当将保证人和被保证人列为共同被告。保证合同约定为一般保证，债权人仅起诉保证人的，人民法院应当通知被保证人作为共同被告参加诉讼；债权人仅起诉被保证人的，可以只列被保证人为被告。

**第六十七条** 无民事行为能力人、限制民事行为能力人造成他人损害的，无民事行为能力人、限制民事行为能力人和其监护人为共同被告。

**第六十八条** 居民委员会、村民委员会或者村民小组与他人发生民事纠纷的，居民委员会、村民委员会或者有独立财产的村民小组为当事人。

**第六十九条** 对侵害死者遗体、遗骨以及姓名、肖像、名誉、荣誉、隐私等行为提起诉讼的，死者的近亲属为当事人。

**第七十条** 在继承遗产的诉讼中，部分继承人起诉的，人民法院应通知其他继承人作为共同原告参加诉讼；被通知的继承人不愿意参加诉讼又未明确表示放弃实体权利的，人民法院仍应将其列为共同原告。

**第七十一条** 原告起诉被代理人和代理人，要求承担连带责任的，被代理人和代理人为共同被告。

原告起诉代理人和相对人，要求承担连带责任的，代理人和相对人为共同被告。

**第七十二条** 共有财产权受到他人侵害，部分共有权人起诉的，其他共有权人为共同诉讼人。

**第七十三条** 必须共同进行诉讼的当事人没有参加诉讼的，人民法院应当依照民事诉讼法第一百三十五条的规定，通知其参加；当事人也可以向人民法院申请追加。人民法院对当事人提出的申请，应当进行审查，申请理由不成立的，裁定驳回；申请理由成立的，书面通知被追加的当事人参加诉讼。

**第七十四条** 人民法院追加共同诉讼的当事人时，应当通知其他当事人。应当追加的原告，已明确表示放弃实体权利的，可不予追加；既不愿意参加诉讼，又不放弃实体权利的，仍应追加为共同原告，其不参加诉讼，不影响人民法院对案件的审理和依法作出判决。

**第七十五条** 民事诉讼法第五十六条、第五十七条和第二百零六条规定的人数众多，一般指十人以上。

**第七十六条** 依照民事诉讼法第五十六条规定，当事人一方人数众多在起诉时确定的，可以由全体当事人推选共同的代表人，也可以由部分当事人推选自己的代表人；推选不出代表人的当事人，在必要的共同诉讼中可以自己参加诉讼，在普通的共同诉讼中可以另行起诉。

**第七十七条** 根据民事诉讼法第五十七条规定，当事人一方人数众多在起诉时不确定的，由当事人推选代表人。当事人推选不出的，可以由人民法院提出人选与当事人协商；协商不成的，也可以由人民法院在起诉的当事人中指定代表人。

**第七十八条** 民事诉讼法第五十六条和第五十七条规定的代表人为二至五人，每位代表人可以委托一至二人作为诉讼代理人。

**第七十九条** 依照民事诉讼法第五十七条规定受理的案件，人民法院可以发出公告，通知权利人向人民法院登记。公告期间根据案件的具体情况确定，但不得少于三十日。

**第八十条** 根据民事诉讼法第五十七条规定向人民法院登记的权利人，应当证明其与对方当事人的法律关系和所受到的损害。证明不了的，不予登记，权利人可以另行起诉。人民法院的裁判在登记的范围内执行。未参加登记的权利人提起诉讼，人民法院认定其请求成立的，裁定适用人民法院已作出的判决、裁定。

**第八十一条** 根据民事诉讼法第五十九条的规定，有独立请求权的第三人有权向人民法院提出诉讼请求和事实、理由，成为当事人；无独立请求权的第三人，可以申请或者由人民法院通知参加诉讼。

第一审程序中未参加诉讼的第三人，申请参加第二审程序的，人民法院可以准许。

**第八十二条** 在一审诉讼中，无独立请求权的第三人无权提出管辖异议，无权放弃、变更诉讼请求或者申请撤诉，被判决承担民事责任的，有权提起上诉。

**第八十三条** 在诉讼中，无民事行为能力人、限制民事行为能力人的监护人是他的法定代理人。事先没有确定监护人的，可以由有监护资格的人协商确定；协商不成的，由人民法院在他们之中指定诉讼中的法定代理人。当事人没有民法典第二十七条、第二十八条规定的监护人的，可以指定民法典第三十二条规定的有关组织担任诉讼中的法定代理人。

**第八十四条** 无民事行为能力人、限制民事行为能力人以及其他依法不能作为诉讼代理人的，当事人不得委托其作为诉讼代理人。

**第八十五条** 根据民事诉讼法第六十一条第二款第二项规定，与当事人有夫妻、直系血亲、三代以内旁系血亲、近姻亲关系以及其他有抚养、赡养关系的亲属，可以当事人近亲属的名义作为诉讼代理人。

**第八十六条** 根据民事诉讼法第六十一条第二款第二项规定，与当事人有合法劳动人事关系的职工，可以当事人工作人员的名义作为诉讼代理人。

**第八十七条** 根据民事诉讼法第六十一条第二款第三项规定，有关社会团体推荐公民担任诉讼代理人的，应当符合下列条件：

(一)社会团体属于依法登记设立或者依法免予登记设立的非营利性法人组织；

(二)被代理人属于该社会团体的成员，或者当事人一方住所地位于该社会团体的活动地域；

(三)代理事务属于该社会团体章程载明的业务范围；

(四)被推荐的公民是该社会团体的负责人或者与该社会团体有合法劳动人事关系的工作人员。

专利代理人经中华全国专利代理人协会推荐，可以在专利纠纷案件中担任诉讼代理人。

**第八十八条** 诉讼代理人除根据民事诉讼法第六十二条规定提交授权委托书外，还应当按照下列规定向人民法院提交相关材料：

(一)律师应当提交律师执业证、律师事务所证明材料；

(二)基层法律服务工作者应当提交法律服务工作者执业证、基层法律服务所出具的介绍信以及当事人一方位于本辖区内的证明材料；

(三)当事人的近亲属应当提交身份证件和与委托人有近亲属关系的证明材料；

(四)当事人的工作人员应当提交身份证件和与当事人有合法劳动人事关系的证明材料；

(五)当事人所在社区、单位推荐的公民应当提交身份证件、推荐材料和当事人属于该社区、单位的证明材料；

(六)有关社会团体推荐的公民应当提交身份证件和符合本解释第八十七条规定条件的证明材料。

**第八十九条** 当事人向人民法院提交的授权委托书，应当在开庭审理前送交人民法院。授权委托书仅写“全权代理”而无具体授权的，诉讼代理人无权代为承认、放弃、变更诉讼请求，进行和解，提出反诉或者提起上诉。

适用简易程序审理的案件，双方当事人同时到庭并径行开庭审理的，可以当场口头委托诉讼代理人，由人民法院记入笔录。

## 四、证据

**第九十条** 当事人对自己提出的诉讼请求所依据的事实或者反驳对方诉讼请求所依据的事实，应当提供证据加以证明，但法律另有规定的除外。

在作出判决前，当事人未能提供证据或者证据不足以证明其事实主张的，由负有举证证明责任的当事人承担不利的后果。

**第九十一条** 人民法院应当依照下列原则确定举证证明责任的承担，但法律另有规定的除外：

（一）主张法律关系存在的当事人，应当对产生该法律关系的基本事实承担举证证明责任；

（二）主张法律关系变更、消灭或者权利受到妨害的当事人，应当对该法律关系变更、消灭或者权利受到妨害的基本事实承担举证证明责任。

**第九十二条** 一方当事人在法庭审理中，或者在起诉状、答辩状、代理词等书面材料中，对于己不利的事实明确表示承认的，另一方当事人无需举证证明。

对于涉及身份关系、国家利益、社会公共利益等应当由人民法院依职权调查的事实，不适用前款自认的规定。

自认的事实与查明的事实不符的，人民法院不予确认。

**第九十三条** 下列事实，当事人无须举证证明：

（一）自然规律以及定理、定律；

（二）众所周知的事实；

（三）根据法律规定推定的事实；

（四）根据已知的事实和日常生活经验法则推定出的另一事实；

（五）已为人民法院发生法律效力的裁判所确认的事实；

（六）已为仲裁机构生效裁决所确认的事实；

（七）已为有效公证文书所证明的事实。

前款第二项至第四项规定的事实，当事人有相反证据足以反驳的除外；第五项至第七项规定的事实，当事人有相反证据足以推翻的除外。

**第九十四条** 民事诉讼法第六十七条第二款规定的当事人及其诉讼代理人因客观原因不能自行收集的证据包括：

（一）证据由国家有关部门保存，当事人及其诉讼代理人无权查阅调取的；

（二）涉及国家秘密、商业秘密或者个人隐私的；

（三）当事人及其诉讼代理人因客观原因不能自行收集的其他证据。

当事人及其诉讼代理人因客观原因不能自行收集的证据，可以在举证期限届满前书面申请人民法院调查收集。

**第九十五条** 当事人申请调查收集的证据，与待证事实无关联、对证明待证事实无意义或者其他无调查收集必要的，人民法院不予准许。

**第九十六条** 民事诉讼法第六十七条第二款规定的人民法院认为审理案件需要的证据包括：

（一）涉及可能损害国家利益、社会公共利益的；

（二）涉及身份关系的；

（三）涉及民事诉讼法第五十八条规定诉讼的；

（四）当事人有恶意串通损害他人合法权益可能的；

(五)涉及依职权追加当事人、中止诉讼、终结诉讼、回避等程序性事项的。

除前款规定外，人民法院调查收集证据，应当依照当事人的申请进行。

**第九十七条** 人民法院调查收集证据，应当由两人以上共同进行。调查材料要由调查人、被调查人、记录人签名、捺印或者盖章。

**第九十八条** 当事人根据民事诉讼法第八十四条第一款规定申请证据保全的，可以在举证期限届满前书面提出。

证据保全可能对他人造成损失的，人民法院应当责令申请人提供相应的担保。

**第九十九条** 人民法院应当在审理前的准备阶段确定当事人的举证期限。举证期限可以由当事人协商，并经人民法院准许。

人民法院确定举证期限，第一审普通程序案件不得少于十五日，当事人提供新的证据的第二审案件不得少于十日。

举证期限届满后，当事人对已经提供的证据，申请提供反驳证据或者对证据来源、形式等方面的瑕疵进行补正的，人民法院可以酌情再次确定举证期限，该期限不受前款规定的限制。

**第一百条** 当事人申请延长举证期限的，应当在举证期限届满前向人民法院提出书面申请。

申请理由成立的，人民法院应当准许，适当延长举证期限，并通知其他当事人。延长的举证期限适用于其他当事人。

申请理由不成立的，人民法院不予准许，并通知申请人。

**第一百零一条** 当事人逾期提供证据的，人民法院应当责令其说明理由，必要时可以要求其提供相应的证据。

当事人因客观原因逾期提供证据，或者对方当事人对逾期提供证据未提出异议的，视为未逾期。

**第一百零二条** 当事人因故意或者重大过失逾期提供的证据，人民法院不予采纳。但该证据与案件基本事实有关的，人民法院应当采纳，并依照民事诉讼法第六十八条、第一百一十八条第一款的规定予以训诫、罚款。

当事人非因故意或者重大过失逾期提供的证据，人民法院应当采纳，并对当事人予以训诫。

当事人一方要求另一方赔偿因逾期提供证据致使其增加的交通、住宿、就餐、误工、证人出庭作证等必要费用的，人民法院可予支持。

**第一百零三条** 证据应当在法庭上出示，由当事人互相质证。未经当事人质证的证据，不得作为认定案件事实的根据。

当事人在审理前的准备阶段认可的证据，经审判人员在庭审中说明后，视为质证过的证据。

涉及国家秘密、商业秘密、个人隐私或者法律规定应当保密的证据，不得公开质证。

**第一百零四条** 人民法院应当组织当事人围绕证据的真实性、合法性以及与待证事实的关联性进行质证，并针对证据有无证明力和证明力大小进行说明和辩论。

能够反映案件真实情况、与待证事实相关联、来源和形式符合法律规定的证据，应当作为认定案件事实的根据。

**第一百零五条** 人民法院应当按照法定程序，全面、客观地审核证据，依照法律规定，运用逻辑推理和日常生活经验法则，对证据有无证明力和证明力大小进行判断，并公开判断的理由和结果。

**第一百零六条** 对以严重侵害他人合法权益、违反法律禁止性规定或者严重违背公序良俗的方法形成或者获取的证据，不得作为认定案件事实的根据。

**第一百零七条** 在诉讼中，当事人为达成调解协议或者和解协议作出妥协而认可的事实，不得在后续的诉讼中作为对其不利的根据，但法律另有规定或者当事人均同意的除外。

**第一百零八条** 对负有举证证明责任的当事人提供的证据，人民法院经审查并结合相关事实，确信待证事实的存在具有高度可能性的，应当认定该事实存在。

对一方当事人为反驳负有举证证明责任的当事人所主张事实而提供的证据，人民法院经审查并结合相关事实，认为待证事实真伪不明的，应当认定该事实不存在。

法律对于待证事实所应达到的证明标准另有规定的，从其规定。

**第一百零九条** 当事人对欺诈、胁迫、恶意串通事实的证明，以及对口头遗嘱或者赠与事实的证明，人民法院确信该待证事实存在的可能性能够排除合理怀疑的，应当认定该事实存在。

**第一百一十条** 人民法院认为有必要的，可以要求当事人本人到庭，就案件有关事实接受询问。在询问当事人之前，可以要求其签署保证书。

保证书应当载明据实陈述、如有虚假陈述愿意接受处罚等内容。当事人应当在保证书上签名或者捺印。

负有举证证明责任的当事人拒绝到庭、拒绝接受询问或者拒绝签署保证书，待证事实又欠缺其他证据证明的，人民法院对其主张的事实不予认定。

**第一百一十一条** 民事诉讼法第七十三条规定的提交书证原件确有困难，包括下列情形：

（一）书证原件遗失、灭失或者毁损的；

（二）原件在对方当事人控制之下，经合法通知提交而拒不提交的；

（三）原件在他人控制之下，而其有权不提交的；

（四）原件因篇幅或者体积过大而不便提交的；

（五）承担举证证明责任的当事人通过申请人民法院调查收集或者其他方式无法获得书证原件的。

前款规定情形，人民法院应当结合其他证据和案件具体情况，审查判断书证复制品等能否作为认定案件事实的根据。

**第一百一十二条** 书证在对方当事人控制之下的，承担举证证明责任的当事人可以在举证期限届满前书面申请人民法院责令对方当事人提交。

申请理由成立的，人民法院应当责令对方当事人提交，因提交书证所产生的费用，由申请人负担。对方当事人无正当理由拒不提交的，人民法院可以认定申请人所主张的书证内容为真实。

**第一百一十三条** 持有书证的当事人以妨碍对方当事人使用为目的，毁灭有关书证或者实施其他致使书证不能使用行为的，人民法院可以依照民事诉讼法第一百一十四条规定，对其处以罚款、拘留。

**第一百一十四条**　国家机关或者其他依法具有社会管理职能的组织，在其职权范围内制作的文书所记载的事项推定为真实，但有相反证据足以推翻的除外。必要时，人民法院可以要求制作文书的机关或者组织对文书的真实性予以说明。

**第一百一十五条**　单位向人民法院提出的证明材料，应当由单位负责人及制作证明材料的人员签名或者盖章，并加盖单位印章。人民法院就单位出具的证明材料，可以向单位及制作证明材料的人员进行调查核实。必要时，可以要求制作证明材料的人员出庭作证。

单位及制作证明材料的人员拒绝人民法院调查核实，或者制作证明材料的人员无正当理由拒绝出庭作证的，该证明材料不得作为认定案件事实的根据。

**第一百一十六条**　视听资料包括录音资料和影像资料。

电子数据是指通过电子邮件、电子数据交换、网上聊天记录、博客、微博客、手机短信、电子签名、域名等形成或者存储在电子介质中的信息。

存储在电子介质中的录音资料和影像资料，适用电子数据的规定。

**第一百一十七条**　当事人申请证人出庭作证的，应当在举证期限届满前提出。

符合本解释第九十六条第一款规定情形的，人民法院可以依职权通知证人出庭作证。

未经人民法院通知，证人不得出庭作证，但双方当事人同意并经人民法院准许的除外。

**第一百一十八条**　民事诉讼法第七十七条规定的证人因履行出庭作证义务而支出的交通、住宿、就餐等必要费用，按照机关事业单位工作人员差旅费用和补贴标准计算；误工损失按照国家上年度职工日平均工资标准计算。

人民法院准许证人出庭作证申请的，应当通知申请人预缴证人出庭作证费用。

**第一百一十九条**　人民法院在证人出庭作证前应当告知其如实作证的义务以及作伪证的法律后果，并责令其签署保证书，但无民事行为能力人和限制民事行为能力人除外。

证人签署保证书适用本解释关于当事人签署保证书的规定。

**第一百二十条**　证人拒绝签署保证书的，不得作证，并自行承担相关费用。

**第一百二十一条**　当事人申请鉴定，可以在举证期限届满前提出。申请鉴定的事项与待证事实无关联，或者对证明待证事实无意义的，人民法院不予准许。

人民法院准许当事人鉴定申请的，应当组织双方当事人协商确定具备相应资格的鉴定人。当事人协商不成的，由人民法院指定。

符合依职权调查收集证据条件的，人民法院应当依职权委托鉴定，在询问当事人的意见后，指定具备相应资格的鉴定人。

**第一百二十二条**　当事人可以依照民事诉讼法第八十二条的规定，在举证期限届满前申请一至二名具有专门知识的人出庭，代表当事人对鉴定意见进行质证，或者对案件事实所涉及的专业问题提出意见。

具有专门知识的人在法庭上就专业问题提出的意见，视为当事人的陈述。

人民法院准许当事人申请的，相关费用由提出申请的当事人负担。

**第一百二十三条**　人民法院可以对出庭的具有专门知识的人进行询问。经法庭准许，当事人可以对出庭的具有专门知识的人进行询问，当事人各自申请的具有专门知识的人可以就案件中的有关问题进行对质。

具有专门知识的人不得参与专业问题之外的法庭审理活动。

**第一百二十四条**　人民法院认为有必要的，可以根据当事人的申请或者依职权对物证或者现场进行勘验。勘验时应当保护他人的隐私和尊严。

人民法院可以要求鉴定人参与勘验。必要时，可以要求鉴定人在勘验中进行鉴定。

**五、期间和送达**

**第一百二十五条**　依照民事诉讼法第八十五条第二款规定，民事诉讼中以时起算的期间从次时起算；以日、月、年计算的期间从次日起算。

**第一百二十六条**　民事诉讼法第一百二十六条规定的立案期限，因起诉状内容欠缺通知原告补正的，从补正后交人民法院的次日起算。由上级人民法院转交下级人民法院立案的案件，从受诉人民法院收到起诉状的次日起算。

**第一百二十七条**　民事诉讼法第五十九条第三款、第二百一十二条以及本解释第三百七十二条、第三百八十二条、第三百九十九条、第四百二十条、第四百二十一条规定的六个月，民事诉讼法第二百三十条规定的一年，为不变期间，不适用诉讼时效中止、中断、延长的规定。

**第一百二十八条**　再审案件按照第一审程序或者第二审程序审理的，适用民事诉讼法第一百五十二条、第一百八十三条规定的审限。审限自再审立案的次日起算。

**第一百二十九条**　对申请再审案件，人民法院应当自受理之日起三个月内审查完毕，但公告期间、当事人和解期间等不计入审查期限。有特殊情况需要延长的，由本院院长批准。

**第一百三十条**　向法人或者其他组织送达诉讼文书，应当由法人的法定代表人、该组织的主要负责人或者办公室、收发室、值班室等负责收件的人签收或者盖章，拒绝签收或者盖章的，适用留置送达。

民事诉讼法第八十九条规定的有关基层组织和所在单位的代表，可以是受送达人住所地的居民委员会、村民委员会的工作人员以及受送达人所在单位的工作人员。

**第一百三十一条**　人民法院直接送达诉讼文书的，可以通知当事人到人民法院领取。当事人到达人民法院，拒绝签署送达回证的，视为送达。审判人员、书记员应当在送达回证上注明送达情况并签名。

人民法院可以在当事人住所地以外向当事人直接送达诉讼文书。当事人拒绝签署送达回证的，采用拍照、录像等方式记录送达过程即视为送达。审判人员、书记员应当在送达回证上注明送达情况并签名。

**第一百三十二条**　受送达人有诉讼代理人的，人民法院既可以向受送达人送达，也可以向其诉讼代理人送达。受送达人指定诉讼代理人为代收人的，向诉讼代理人送达时，适用留置送达。

**第一百三十三条**　调解书应当直接送达当事人本人，不适用留置送达。当事人本人因故不能签收的，可由其指定的代收人签收。

**第一百三十四条**　依照民事诉讼法第九十一条规定，委托其他人民法院代为送达的，委托法院应当出具委托函，并附需要送达的诉讼文书和送达回证，以受送达人在送达回证上签收的日期为送达日期。

委托送达的，受委托人民法院应当自收到委托函及相关诉讼文书之日起十日内代为送达。

**第一百三十五条** 电子送达可以采用传真、电子邮件、移动通信等即时收悉的特定系统作为送达媒介。

民事诉讼法第九十条第二款规定的到达受送达人特定系统的日期，为人民法院对应系统显示发送成功的日期，但受送达人证明到达其特定系统的日期与人民法院对应系统显示发送成功的日期不一致的，以受送达人证明到达其特定系统的日期为准。

**第一百三十六条** 受送达人同意采用电子方式送达的，应当在送达地址确认书中予以确认。

**第一百三十七条** 当事人在提起上诉、申请再审、申请执行时未书面变更送达地址的，其在第一审程序中确认的送达地址可以作为第二审程序、审判监督程序、执行程序的送达地址。

**第一百三十八条** 公告送达可以在法院的公告栏和受送达人住所地张贴公告，也可以在报纸、信息网络等媒体上刊登公告，发出公告日期以最后张贴或者刊登的日期为准。对公告送达方式有特殊要求的，应当按要求的方式进行。公告期满，即视为送达。

人民法院在受送达人住所地张贴公告的，应当采取拍照、录像等方式记录张贴过程。

**第一百三十九条** 公告送达应当说明公告送达的原因；公告送达起诉状或者上诉状副本的，应当说明起诉或者上诉要点，受送达人答辩期限及逾期不答辩的法律后果；公告送达传票，应当说明出庭的时间和地点及逾期不出庭的法律后果；公告送达判决书、裁定书的，应当说明裁判主要内容，当事人有权上诉的，还应当说明上诉权利、上诉期限和上诉的人民法院。

**第一百四十条** 适用简易程序的案件，不适用公告送达。

**第一百四十一条** 人民法院在定期宣判时，当事人拒不签收判决书、裁定书的，应视为送达，并在宣判笔录中记明。

## 六、调解

**第一百四十二条** 人民法院受理案件后，经审查，认为法律关系明确、事实清楚，在征得当事人双方同意后，可以径行调解。

**第一百四十三条** 适用特别程序、督促程序、公示催告程序的案件，婚姻等身份关系确认案件以及其他根据案件性质不能进行调解的案件，不得调解。

**第一百四十四条** 人民法院审理民事案件，发现当事人之间恶意串通，企图通过和解、调解方式侵害他人合法权益的，应当依照民事诉讼法第一百一十五条的规定处理。

**第一百四十五条** 人民法院审理民事案件，应当根据自愿、合法的原则进行调解。当事人一方或者双方坚持不愿调解的，应当及时裁判。

人民法院审理离婚案件，应当进行调解，但不应久调不决。

**第一百四十六条** 人民法院审理民事案件，调解过程不公开，但当事人同意公开的除外。

调解协议内容不公开，但为保护国家利益、社会公共利益、他人合法权益，人民法院认为确有必要公开的除外。

主持调解以及参与调解的人员，对调解过程以及调解过程中获悉的国家秘密、商业秘密、个人隐私和其他不宜公开的信息，应当保守秘密，但为保护国家利益、社会公共利益、他人合法权益的除外。

**第一百四十七条** 人民法院调解案件时，当事人不能出庭的，经其特别授权，可由其委托代理人参加调解，达成的调解协议，可由委托代理人签名。

离婚案件当事人确因特殊情况无法出庭参加调解的，除本人不能表达意志的以外，应当出具书面意见。

**第一百四十八条** 当事人自行和解或者调解达成协议后，请求人民法院按照和解协议或者调解协议的内容制作判决书的，人民法院不予准许。

无民事行为能力人的离婚案件，由其法定代理人进行诉讼。法定代理人与对方达成协议要求发给判决书的，可根据协议内容制作判决书。

**第一百四十九条** 调解书需经当事人签收后才发生法律效力的，应当以最后收到调解书的当事人签收的日期为调解书生效日期。

**第一百五十条** 人民法院调解民事案件，需由无独立请求权的第三人承担责任的，应当经其同意。该第三人在调解书送达前反悔的，人民法院应当及时裁判。

**第一百五十一条** 根据民事诉讼法第一百零一条第一款第四项规定，当事人各方同意在调解协议上签名或者盖章后即发生法律效力的，经人民法院审查确认后，应当记入笔录或者将调解协议附卷，并由当事人、审判人员、书记员签名或者盖章后即具有法律效力。

前款规定情形，当事人请求制作调解书的，人民法院审查确认后可以制作调解书送交当事人。当事人拒收调解书的，不影响调解协议的效力。

## 七、保全和先予执行

**第一百五十二条** 人民法院依照民事诉讼法第一百零三条、第一百零四条规定，在采取诉前保全、诉讼保全措施时，责令利害关系人或者当事人提供担保的，应当书面通知。

利害关系人申请诉前保全的，应当提供担保。申请诉前财产保全的，应当提供相当于请求保全数额的担保；情况特殊的，人民法院可以酌情处理。申请诉前行为保全的，担保的数额由人民法院根据案件的具体情况决定。

在诉讼中，人民法院依申请或者依职权采取保全措施的，应当根据案件的具体情况，决定当事人是否应当提供担保以及担保的数额。

**第一百五十三条** 人民法院对季节性商品、鲜活、易腐烂变质以及其他不宜长期保存的物品采取保全措施时，可以责令当事人及时处理，由人民法院保存价款；必要时，人民法院可予以变卖，保存价款。

**第一百五十四条** 人民法院在财产保全中采取查封、扣押、冻结财产措施时，应当妥善保管被查封、扣押、冻结的财产。不宜由人民法院保管的，人民法院可以指定被保全人负责保管；不宜由被保全人保管的，可以委托他人或者申请保全人保管。

查封、扣押、冻结担保物权人占有的担保财产，一般由担保物权人保管；由人民法院保管的，质权、留置权不因采取保全措施而消灭。

**第一百五十五条** 由人民法院指定被保全人保管的财产，如果继续使用对该财产的价值无重大影响，可以允许被保全人继续使用；由人民法院保管或者委托他人、申请保全人保管的财产，人民法院和其他保管人不得使用。

**第一百五十六条** 人民法院采取财产保全的方法和措施，依照执行程序相关规定办理。

**第一百五十七条** 人民法院对抵押物、质押物、留置物可以采取财产保全措施，但不影响抵押权人、质权人、留置权人的优先受偿权。

**第一百五十八条** 人民法院对债务人到期应得的收益，可以采取财产保全措施，限制其支取，通知有关单位协助执行。

**第一百五十九条** 债务人的财产不能满足保全请求，但对他人有到期债权的，人民法院可以依债权人的申请裁定该他人不得对本案债务人清偿。该他人要求偿付的，由人民法院提存财物或者价款。

**第一百六十条** 当事人向采取诉前保全措施以外的其他有管辖权的人民法院起诉的，采取诉前保全措施的人民法院应当将保全手续移送受理案件的人民法院。诉前保全的裁定视为受移送人民法院作出的裁定。

**第一百六十一条** 对当事人不服一审判决提起上诉的案件，在第二审人民法院接到报送的案件之前，当事人有转移、隐匿、出卖或者毁损财产等行为，必须采取保全措施的，由第一审人民法院依当事人申请或者依职权采取。第一审人民法院的保全裁定，应当及时报送第二审人民法院。

**第一百六十二条** 第二审人民法院裁定对第一审人民法院采取的保全措施予以续保或者采取新的保全措施的，可以自行实施，也可以委托第一审人民法院实施。

再审人民法院裁定对原保全措施予以续保或者采取新的保全措施的，可以自行实施，也可以委托原审人民法院或者执行法院实施。

**第一百六十三条** 法律文书生效后，进入执行程序前，债权人因对方当事人转移财产等紧急情况，不申请保全将可能导致生效法律文书不能执行或者难以执行的，可以向执行法院申请采取保全措施。债权人在法律文书指定的履行期间届满后五日内不申请执行的，人民法院应当解除保全。

**第一百六十四条** 对申请保全人或者他人提供的担保财产，人民法院应当依法办理查封、扣押、冻结等手续。

**第一百六十五条** 人民法院裁定采取保全措施后，除作出保全裁定的人民法院自行解除或者其上级人民法院决定解除外，在保全期限内，任何单位不得解除保全措施。

**第一百六十六条** 裁定采取保全措施后，有下列情形之一的，人民法院应当作出解除保全裁定：

(一) 保全错误的；

(二) 申请人撤回保全申请的；

(三) 申请人的起诉或者诉讼请求被生效裁判驳回的；

(四) 人民法院认为应当解除保全的其他情形。

解除以登记方式实施的保全措施的，应当向登记机关发出协助执行通知书。

**第一百六十七条** 财产保全的被保全人提供其他等值担保财产且有利于执行的，人民法院可以裁定变更保全标的物为被保全人提供的担保财产。

**第一百六十八条** 保全裁定未经人民法院依法撤销或者解除，进入执行程序后，自动转为执行中的查封、扣押、冻结措施，期限连续计算，执行法院无需重新制作裁定书，但查封、扣押、冻结期限届满的除外。

**第一百六十九条** 民事诉讼法规定的先予执行，人民法院应当在受理案件后终审判决作出前采取。先予执行应当限于当事人诉讼请求的范围，并以当事人的生活、生产经营的急需为限。

**第一百七十条** 民事诉讼法第一百零九条第三项规定的情况紧急，包括：

（一）需要立即停止侵害、排除妨碍的；

（二）需要立即制止某项行为的；

（三）追索恢复生产、经营急需的保险理赔费的；

（四）需要立即返还社会保险金、社会救助资金的；

（五）不立即返还款项，将严重影响权利人生活和生产经营的。

**第一百七十一条** 当事人对保全或者先予执行裁定不服的，可以自收到裁定书之日起五日内向作出裁定的人民法院申请复议。人民法院应当在收到复议申请后十日内审查。裁定正确的，驳回当事人的申请；裁定不当的，变更或者撤销原裁定。

**第一百七十二条** 利害关系人对保全或者先予执行的裁定不服申请复议的，由作出裁定的人民法院依照民事诉讼法第一百一十一条规定处理。

**第一百七十三条** 人民法院先予执行后，根据发生法律效力的判决，申请人应当返还因先予执行所取得的利益的，适用民事诉讼法第二百四十条的规定。

## 八、对妨害民事诉讼的强制措施

**第一百七十四条** 民事诉讼法第一百一十二条规定的必须到庭的被告，是指负有赡养、抚育、扶养义务和不到庭就无法查清案情的被告。

人民法院对必须到庭才能查清案件基本事实的原告，经两次传票传唤，无正当理由拒不到庭的，可以拘传。

**第一百七十五条** 拘传必须用拘传票，并直接送达被拘传人；在拘传前，应当向被拘传人说明拒不到庭的后果，经批评教育仍拒不到庭的，可以拘传其到庭。

**第一百七十六条** 诉讼参与人或者其他人有下列行为之一的，人民法院可以适用民事诉讼法第一百一十三条规定处理：

(一)未经准许进行录音、录像、摄影的；

(二)未经准许以移动通信等方式现场传播审判活动的；

(三)其他扰乱法庭秩序，妨害审判活动进行的。

有前款规定情形的，人民法院可以暂扣诉讼参与人或者其他人进行录音、录像、摄影、传播审判活动的器材，并责令其删除有关内容；拒不删除的，人民法院可以采取必要手段强制删除。

**第一百七十七条** 训诫、责令退出法庭由合议庭或者独任审判员决定。训诫的内容、被责令退出法庭者的违法事实应当记入庭审笔录。

**第一百七十八条** 人民法院依照民事诉讼法第一百一十三条至第一百一十七条的规定采取拘留措施的，应经院长批准，作出拘留决定书，由司法警察将被拘留人送交当地公安机关看管。

**第一百七十九条** 被拘留人不在本辖区的，作出拘留决定的人民法院应当派员到被拘留人所在地的人民法院，请该院协助执行，受委托的人民法院应当及时派员协助执行。被拘留人申请复议或者在拘留期间

承认并改正错误，需要提前解除拘留的，受委托人民法院应当向委托人民法院转达或者提出建议，由委托人民法院审查决定。

**第一百八十条** 人民法院对被拘留人采取拘留措施后，应当在二十四小时内通知其家属；确实无法按时通知或者通知不到的，应当记录在案。

**第一百八十一条** 因哄闹、冲击法庭，用暴力、威胁等方法抗拒执行公务等紧急情况，必须立即采取拘留措施的，可在拘留后，立即报告院长补办批准手续。院长认为拘留不当的，应当解除拘留。

**第一百八十二条** 被拘留人在拘留期间认错悔改的，可以责令其具结悔过，提前解除拘留。提前解除拘留，应报经院长批准，并作出提前解除拘留决定书，交负责看管的公安机关执行。

**第一百八十三条** 民事诉讼法第一百一十三条至第一百一十六条规定的罚款、拘留可以单独适用，也可以合并适用。

**第一百八十四条** 对同一妨害民事诉讼行为的罚款、拘留不得连续适用。发生新的妨害民事诉讼行为的，人民法院可以重新予以罚款、拘留。

**第一百八十五条** 被罚款、拘留的人不服罚款、拘留决定申请复议的，应当自收到决定书之日起三日内提出。上级人民法院应当在收到复议申请后五日内作出决定，并将复议结果通知下级人民法院和当事人。

**第一百八十六条** 上级人民法院复议时认为强制措施不当的，应当制作决定书，撤销或者变更下级人民法院作出的拘留、罚款决定。情况紧急的，可以在口头通知后三日内发出决定书。

**第一百八十七条** 民事诉讼法第一百一十四条第一款第五项规定的以暴力、威胁或者其他方法阻碍司法工作人员执行职务的行为，包括：

(一)在人民法院哄闹、滞留，不听从司法工作人员劝阻的；

(二)故意毁损、抢夺人民法院法律文书、查封标志的；

(三)哄闹、冲击执行公务现场，围困、扣押执行或者协助执行公务人员的；

(四)毁损、抢夺、扣留案件材料、执行公务车辆、其他执行公务器械、执行公务人员服装和执行公务证件的；

(五)以暴力、威胁或者其他方法阻碍司法工作人员查询、查封、扣押、冻结、划拨、拍卖、变卖财产的；

(六)以暴力、威胁或者其他方法阻碍司法工作人员执行职务的其他行为。

**第一百八十八条** 民事诉讼法第一百一十四条第一款第六项规定的拒不履行人民法院已经发生法律效力的判决、裁定的行为，包括：

(一)在法律文书发生法律效力后隐藏、转移、变卖、毁损财产或者无偿转让财产、以明显不合理的价格交易财产、放弃到期债权、无偿为他人提供担保等，致使人民法院无法执行的；

(二)隐藏、转移、毁损或者未经人民法院允许处分已向人民法院提供担保的财产的；

(三)违反人民法院限制高消费令进行消费的；

(四)有履行能力而拒不按照人民法院执行通知履行生效法律文书确定的义务的；

(五)有义务协助执行的个人接到人民法院协助执行通知书后，拒不协助执行的。

**第一百八十九条** 诉讼参与人或者其他人有下列行为之一的，人民法院可以适用民事诉讼法第一百一十四条的规定处理：

（一）冒充他人提起诉讼或者参加诉讼的；

（二）证人签署保证书后作虚假证言，妨碍人民法院审理案件的；

（三）伪造、隐藏、毁灭或者拒绝交出有关被执行人履行能力的重要证据，妨碍人民法院查明被执行人财产状况的；

（四）擅自解冻已被人民法院冻结的财产的；

（五）接到人民法院协助执行通知书后，给当事人通风报信，协助其转移、隐匿财产的。

**第一百九十条** 民事诉讼法第一百一十五条规定的他人合法权益，包括案外人的合法权益、国家利益、社会公共利益。

第三人根据民事诉讼法第五十九条第三款规定提起撤销之诉，经审查，原案当事人之间恶意串通进行虚假诉讼的，适用民事诉讼法第一百一十五条规定处理。

**第一百九十一条** 单位有民事诉讼法第一百一十五条或者第一百一十六条规定行为的，人民法院应当对该单位进行罚款，并可以对其主要负责人或者直接责任人员予以罚款、拘留；构成犯罪的，依法追究刑事责任。

**第一百九十二条** 有关单位接到人民法院协助执行通知书后，有下列行为之一的，人民法院可以适用民事诉讼法第一百一十七条规定处理：

（一）允许被执行人高消费的；

（二）允许被执行人出境的；

（三）拒不停止办理有关财产权证照转移手续、权属变更登记、规划审批等手续的；

（四）以需要内部请示、内部审批，有内部规定等为由拖延办理的。

**第一百九十三条** 人民法院对个人或者单位采取罚款措施时，应当根据其实施妨害民事诉讼行为的性质、情节、后果，当地的经济发展水平，以及诉讼标的额等因素，在民事诉讼法第一百一十八条第一款规定的限额内确定相应的罚款金额。

**九、诉讼费用**

**第一百九十四条** 依照民事诉讼法第五十七条审理的案件不预交案件受理费，结案后按照诉讼标的额由败诉方交纳。

**第一百九十五条** 支付令失效后转入诉讼程序的，债权人应当按照《诉讼费用交纳办法》补交案件受理费。

支付令被撤销后，债权人另行起诉的，按照《诉讼费用交纳办法》交纳诉讼费用。

**第一百九十六条** 人民法院改变原判决、裁定、调解结果的，应当在裁判文书中对原审诉讼费用的负担一并作出处理。

**第一百九十七条** 诉讼标的物是证券的，按照证券交易规则并根据当事人起诉之日前最后一个交易日的收盘价、当日的市场价或者其载明的金额计算诉讼标的金额。

**第一百九十八条** 诉讼标的物是房屋、土地、林木、车辆、船舶、文物等特定物或者知识产权，起诉时价值难以确定的，人民法院应当向原告释明主张过高或者过低的诉讼风险，以原告主张的价值确定诉讼标的金额。

**第一百九十九条** 适用简易程序审理的案件转为普通程序的，原告自接到人民法院交纳诉讼费用通知之日起七日内补交案件受理费。

原告无正当理由未按期足额补交的，按撤诉处理，已经收取的诉讼费用退还一半。

**第二百条** 破产程序中有关债务人的民事诉讼案件，按照财产案件标准交纳诉讼费，但劳动争议案件除外。

**第二百零一条** 既有财产性诉讼请求，又有非财产性诉讼请求的，按照财产性诉讼请求的标准交纳诉讼费。

有多个财产性诉讼请求的，合并计算交纳诉讼费；诉讼请求中有多个非财产性诉讼请求的，按一件交纳诉讼费。

**第二百零二条** 原告、被告、第三人分别上诉的，按照上诉请求分别预交二审案件受理费。

同一方多人共同上诉的，只预交一份二审案件受理费；分别上诉的，按照上诉请求分别预交二审案件受理费。

**第二百零三条** 承担连带责任的当事人败诉的，应当共同负担诉讼费用。

**第二百零四条** 实现担保物权案件，人民法院裁定拍卖、变卖担保财产的，申请费由债务人、担保人负担；人民法院裁定驳回申请的，申请费由申请人负担。

申请人另行起诉的，其已经交纳的申请费可以从案件受理费中扣除。

**第二百零五条** 拍卖、变卖担保财产的裁定作出后，人民法院强制执行的，按照执行金额收取执行申请费。

**第二百零六条** 人民法院决定减半收取案件受理费的，只能减半一次。

**第二百零七条** 判决生效后，胜诉方预交但不应负担的诉讼费用，人民法院应当退还，由败诉方向人民法院交纳，但胜诉方自愿承担或者同意败诉方直接向其支付的除外。

当事人拒不交纳诉讼费用的，人民法院可以强制执行。

## 十、第一审普通程序

**第二百零八条** 人民法院接到当事人提交的民事起诉状时，对符合民事诉讼法第一百二十二条的规定，且不属于第一百二十七条规定情形的，应当登记立案；对当场不能判定是否符合起诉条件的，应当接收起诉材料，并出具注明收到日期的书面凭证。

需要补充必要相关材料的，人民法院应当及时告知当事人。在补齐相关材料后，应当在七日内决定是否立案。

立案后发现不符合起诉条件或者属于民事诉讼法第一百二十七条规定情形的，裁定驳回起诉。

**第二百零九条** 原告提供被告的姓名或者名称、住所等信息具体明确，足以使被告与他人相区别的，可以认定为有明确的被告。

起诉状列写被告信息不足以认定明确的被告的，人民法院可以告知原告补正。原告补正后仍不能确定明确的被告的，人民法院裁定不予受理。

**第二百一十条** 原告在起诉状中有谩骂和人身攻击之辞的，人民法院应当告知其修改后提起诉讼。

**第二百一十一条** 对本院没有管辖权的案件，告知原告向有管辖权的人民法院起诉；原告坚持起诉的，裁定不予受理；立案后发现本院没有管辖权的，应当将案件移送有管辖权的人民法院。

**第二百一十二条** 裁定不予受理、驳回起诉的案件，原告再次起诉，符合起诉条件且不属于民事诉讼法第一百二十七条规定情形的，人民法院应予受理。

**第二百一十三条** 原告应当预交而未预交案件受理费，人民法院应当通知其预交，通知后仍不预交或者申请减、缓、免未获批准而仍不预交的，裁定按撤诉处理。

**第二百一十四条** 原告撤诉或者人民法院按撤诉处理后，原告以同一诉讼请求再次起诉的，人民法院应予受理。

原告撤诉或者按撤诉处理的离婚案件，没有新情况、新理由，六个月内又起诉的，比照民事诉讼法第一百二十七条第七项的规定不予受理。

**第二百一十五条** 依照民事诉讼法第一百二十七条第二项的规定，当事人在书面合同中订有仲裁条款，或者在发生纠纷后达成书面仲裁协议，一方向人民法院起诉的，人民法院应当告知原告向仲裁机构申请仲裁，其坚持起诉的，裁定不予受理，但仲裁条款或者仲裁协议不成立、无效、失效、内容不明确无法执行的除外。

**第二百一十六条** 在人民法院首次开庭前，被告以有书面仲裁协议为由对受理民事案件提出异议的，人民法院应当进行审查。

经审查符合下列情形之一的，人民法院应当裁定驳回起诉：

(一)仲裁机构或者人民法院已经确认仲裁协议有效的；

(二)当事人没有在仲裁庭首次开庭前对仲裁协议的效力提出异议的；

(三)仲裁协议符合仲裁法第十六条规定且不具有仲裁法第十七条规定情形的。

**第二百一十七条** 夫妻一方下落不明，另一方诉至人民法院，只要求离婚，不申请宣告下落不明人失踪或者死亡的案件，人民法院应当受理，对下落不明人公告送达诉讼文书。

**第二百一十八条** 赡养费、扶养费、抚养费案件，裁判发生法律效力后，因新情况、新理由，一方当事人再行起诉要求增加或者减少费用的，人民法院应作为新案受理。

**第二百一十九条** 当事人超过诉讼时效期间起诉的，人民法院应予受理。受理后对方当事人提出诉讼时效抗辩，人民法院经审理认为抗辩事由成立的，判决驳回原告的诉讼请求。

**第二百二十条** 民事诉讼法第七十一条、第一百三十七条、第一百五十九条规定的商业秘密，是指生产工艺、配方、贸易联系、购销渠道等当事人不愿公开的技术秘密、商业情报及信息。

**第二百二十一条** 基于同一事实发生的纠纷，当事人分别向同一人民法院起诉的，人民法院可以合并审理。

**第二百二十二条** 原告在起诉状中直接列写第三人的，视为其申请人民法院追加该第三人参加诉讼。是否通知第三人参加诉讼，由人民法院审查决定。

**第二百二十三条** 当事人在提交答辩状期间提出管辖异议，又针对起诉状的内容进行答辩的，人民法院应当依照民事诉讼法第一百三十条第一款的规定，对管辖异议进行审查。

当事人未提出管辖异议，就案件实体内容进行答辩、陈述或者反诉的，可以认定为民事诉讼法第一百三十条第二款规定的应诉答辩。

**第二百二十四条** 依照民事诉讼法第一百三十六条第四项规定，人民法院可以在答辩期届满后，通过组织证据交换、召集庭前会议等方式，作好审理前的准备。

**第二百二十五条** 根据案件具体情况，庭前会议可以包括下列内容：

（一）明确原告的诉讼请求和被告的答辩意见；

（二）审查处理当事人增加、变更诉讼请求的申请和提出的反诉，以及第三人提出的与本案有关的诉讼请求；

（三）根据当事人的申请决定调查收集证据，委托鉴定，要求当事人提供证据，进行勘验，进行证据保全；

（四）组织交换证据；

（五）归纳争议焦点；

（六）进行调解。

**第二百二十六条** 人民法院应当根据当事人的诉讼请求、答辩意见以及证据交换的情况，归纳争议焦点，并就归纳的争议焦点征求当事人的意见。

**第二百二十七条** 人民法院适用普通程序审理案件，应当在开庭三日前用传票传唤当事人。对诉讼代理人、证人、鉴定人、勘验人、翻译人员应当用通知书通知其到庭。当事人或者其他诉讼参与人在外地的，应当留有必要的在途时间。

**第二百二十八条** 法庭审理应当围绕当事人争议的事实、证据和法律适用等焦点问题进行。

**第二百二十九条** 当事人在庭审中对其在审理前的准备阶段认可的事实和证据提出不同意见的，人民法院应当责令其说明理由。必要时，可以责令其提供相应证据。人民法院应当结合当事人的诉讼能力、证据和案件的具体情况进行审查。理由成立的，可以列入争议焦点进行审理。

**第二百三十条** 人民法院根据案件具体情况并征得当事人同意，可以将法庭调查和法庭辩论合并进行。

**第二百三十一条** 当事人在法庭上提出新的证据的，人民法院应当依照民事诉讼法第六十八条第二款规定和本解释相关规定处理。

**第二百三十二条** 在案件受理后，法庭辩论结束前，原告增加诉讼请求，被告提出反诉，第三人提出与本案有关的诉讼请求，可以合并审理的，人民法院应当合并审理。

**第二百三十三条** 反诉的当事人应当限于本诉的当事人的范围。

反诉与本诉的诉讼请求基于相同法律关系、诉讼请求之间具有因果关系，或者反诉与本诉的诉讼请求基于相同事实的，人民法院应当合并审理。

反诉应由其他人民法院专属管辖，或者与本诉的诉讼标的及诉讼请求所依据的事实、理由无关联的，裁定不予受理，告知另行起诉。

**第二百三十四条** 无民事行为能力人的离婚诉讼，当事人的法定代理人应当到庭；法定代理人不能到庭的，人民法院应当在查清事实的基础上，依法作出判决。

**第二百三十五条** 无民事行为能力的当事人的法定代理人，经传票传唤无正当理由拒不到庭，属于原告方的，比照民事诉讼法第一百四十六条的规定，按撤诉处理；属于被告方的，比照民事诉讼法第一百四十七条的规定，缺席判决。必要时，人民法院可以拘传其到庭。

**第二百三十六条** 有独立请求权的第三人经人民法院传票传唤，无正当理由拒不到庭的，或者未经法庭许可中途退庭的，比照民事诉讼法第一百四十六条的规定，按撤诉处理。

**第二百三十七条** 有独立请求权的第三人参加诉讼后，原告申请撤诉，人民法院在准许原告撤诉后，有独立请求权的第三人作为另案原告，原案原告、被告作为另案被告，诉讼继续进行。

**第二百三十八条** 当事人申请撤诉或者依法可以按撤诉处理的案件，如果当事人有违反法律的行为需要依法处理的，人民法院可以不准许撤诉或者不按撤诉处理。

法庭辩论终结后原告申请撤诉，被告不同意的，人民法院可以不予准许。

**第二百三十九条** 人民法院准许本诉原告撤诉的，应当对反诉继续审理；被告申请撤回反诉的，人民法院应予准许。

**第二百四十条** 无独立请求权的第三人经人民法院传票传唤，无正当理由拒不到庭，或者未经法庭许可中途退庭的，不影响案件的审理。

**第二百四十一条** 被告经传票传唤无正当理由拒不到庭，或者未经法庭许可中途退庭的，人民法院应当按期开庭或者继续开庭审理，对到庭的当事人诉讼请求、双方的诉辩理由以及已经提交的证据及其他诉讼材料进行审理后，可以依法缺席判决。

**第二百四十二条** 一审宣判后，原审人民法院发现判决有错误，当事人在上诉期内提出上诉的，原审人民法院可以提出原判决有错误的意见，报送第二审人民法院，由第二审人民法院按照第二审程序进行审理；当事人不上诉的，按照审判监督程序处理。

**第二百四十三条** 民事诉讼法第一百五十二条规定的审限，是指从立案之日起至裁判宣告、调解书送达之日止的期间，但公告期间、鉴定期间、双方当事人和解期间、审理当事人提出的管辖异议以及处理人民法院之间的管辖争议期间不应计算在内。

**第二百四十四条** 可以上诉的判决书、裁定书不能同时送达双方当事人的，上诉期从各自收到判决书、裁定书之日计算。

**第二百四十五条** 民事诉讼法第一百五十七条第一款第七项规定的笔误是指法律文书误写、误算，诉讼费用漏写、误算和其他笔误。

**第二百四十六条** 裁定中止诉讼的原因消除，恢复诉讼程序时，不必撤销原裁定，从人民法院通知或者准许当事人双方继续进行诉讼时起，中止诉讼的裁定即失去效力。

**第二百四十七条** 当事人就已经提起诉讼的事项在诉讼过程中或者裁判生效后再次起诉，同时符合下列条件的，构成重复起诉：

（一）后诉与前诉的当事人相同；

（二）后诉与前诉的诉讼标的相同；

(三)后诉与前诉的诉讼请求相同，或者后诉的诉讼请求实质上否定前诉裁判结果。

当事人重复起诉的，裁定不予受理；已经受理的，裁定驳回起诉，但法律、司法解释另有规定的除外。

**第二百四十八条** 裁判发生法律效力后，发生新的事实，当事人再次提起诉讼的，人民法院应当依法受理。

**第二百四十九条** 在诉讼中，争议的民事权利义务转移的，不影响当事人的诉讼主体资格和诉讼地位。人民法院作出的发生法律效力的判决、裁定对受让人具有拘束力。

受让人申请以无独立请求权的第三人身份参加诉讼的，人民法院可予准许。受让人申请替代当事人承担诉讼的，人民法院可以根据案件的具体情况决定是否准许；不予准许的，可以追加其为无独立请求权的第三人。

**第二百五十条** 依照本解释第二百四十九条规定，人民法院准许受让人替代当事人承担诉讼的，裁定变更当事人。

变更当事人后，诉讼程序以受让人为当事人继续进行，原当事人应当退出诉讼。原当事人已经完成的诉讼行为对受让人具有拘束力。

**第二百五十一条** 二审裁定撤销一审判决发回重审的案件，当事人申请变更、增加诉讼请求或者提出反诉，第三人提出与本案有关的诉讼请求的，依照民事诉讼法第一百四十三条规定处理。

**第二百五十二条** 再审裁定撤销原判决、裁定发回重审的案件，当事人申请变更、增加诉讼请求或者提出反诉，符合下列情形之一的，人民法院应当准许：

(一)原审未合法传唤缺席判决，影响当事人行使诉讼权利的；

(二)追加新的诉讼当事人的；

(三)诉讼标的物灭失或者发生变化致使原诉讼请求无法实现的；

(四)当事人申请变更、增加的诉讼请求或者提出的反诉，无法通过另诉解决的。

**第二百五十三条** 当庭宣判的案件，除当事人当庭要求邮寄发送裁判文书的外，人民法院应当告知当事人或者诉讼代理人领取裁判文书的时间和地点以及逾期不领取的法律后果。上述情况，应当记入笔录。

**第二百五十四条** 公民、法人或者其他组织申请查阅发生法律效力的判决书、裁定书的，应当向作出该生效裁判的人民法院提出。申请应当以书面形式提出，并提供具体的案号或者当事人姓名、名称。

**第二百五十五条** 对于查阅判决书、裁定书的申请，人民法院根据下列情形分别处理：

(一)判决书、裁定书已经通过信息网络向社会公开的，应当引导申请人自行查阅；

(二)判决书、裁定书未通过信息网络向社会公开，且申请符合要求的，应当及时提供便捷的查阅服务；

(三)判决书、裁定书尚未发生法律效力，或者已失去法律效力的，不提供查阅并告知申请人；

(四)发生法律效力的判决书、裁定书不是本院作出的，应当告知申请人向作出生效裁判的人民法院申请查阅；

(五)申请查阅的内容涉及国家秘密、商业秘密、个人隐私的，不予准许并告知申请人。

## 十一、简易程序

**第二百五十六条** 民事诉讼法第一百六十条规定的简单民事案件中的事实清楚，是指当事人对争议的事实陈述基本一致，并能提供相应的证据，无须人民法院调查收集证据即可查明事实；权利义务关系明确是指能明确区分谁是责任的承担者，谁是权利的享有者；争议不大是指当事人对案件的是非、责任承担以及诉讼标的争执无原则分歧。

**第二百五十七条** 下列案件，不适用简易程序：

(一)起诉时被告下落不明的；

(二)发回重审的；

(三)当事人一方人数众多的；

(四)适用审判监督程序的；

(五)涉及国家利益、社会公共利益的；

(六)第三人起诉请求改变或者撤销生效判决、裁定、调解书的；

(七)其他不宜适用简易程序的案件。

**第二百五十八条** 适用简易程序审理的案件，审理期限到期后，有特殊情况需要延长的，经本院院长批准，可以延长审理期限。延长后的审理期限累计不得超过四个月。

人民法院发现案件不宜适用简易程序，需要转为普通程序审理的，应当在审理期限届满前作出裁定并将审判人员及相关事项书面通知双方当事人。

案件转为普通程序审理的，审理期限自人民法院立案之日计算。

**第二百五十九条** 当事人双方可就开庭方式向人民法院提出申请，由人民法院决定是否准许。经当事人双方同意，可以采用视听传输技术等方式开庭。

**第二百六十条** 已经按照普通程序审理的案件，在开庭后不得转为简易程序审理。

**第二百六十一条** 适用简易程序审理案件，人民法院可以依照民事诉讼法第九十条、第一百六十二条的规定采取捎口信、电话、短信、传真、电子邮件等简便方式传唤双方当事人、通知证人和送达诉讼文书。

以简便方式送达的开庭通知，未经当事人确认或者没有其他证据证明当事人已经收到的，人民法院不得缺席判决。

适用简易程序审理案件，由审判员独任审判，书记员担任记录。

**第二百六十二条** 人民法庭制作的判决书、裁定书、调解书，必须加盖基层人民法院印章，不得用人民法庭的印章代替基层人民法院的印章。

**第二百六十三条** 适用简易程序审理案件，卷宗中应当具备以下材料：

(一)起诉状或者口头起诉笔录；

(二)答辩状或者口头答辩笔录；

(三)当事人身份证明材料；

(四)委托他人代理诉讼的授权委托书或者口头委托笔录；

(五)证据；

(六)询问当事人笔录；

(七)审理(包括调解)笔录;

(八)判决书、裁定书、调解书或者调解协议;

(九)送达和宣判笔录;

(十)执行情况;

(十一)诉讼费收据;

(十二)适用民事诉讼法第一百六十五条规定审理的，有关程序适用的书面告知。

**第二百六十四条**　当事人双方根据民事诉讼法第一百六十条第二款规定约定适用简易程序的，应当在开庭前提出。口头提出的，记入笔录，由双方当事人签名或者捺印确认。

本解释第二百五十七条规定的案件，当事人约定适用简易程序的，人民法院不予准许。

**第二百六十五条**　原告口头起诉的，人民法院应当将当事人的姓名、性别、工作单位、住所、联系方式等基本信息，诉讼请求，事实及理由等准确记入笔录，由原告核对无误后签名或者捺印。对当事人提交的证据材料，应当出具收据。

**第二百六十六条**　适用简易程序案件的举证期限由人民法院确定，也可以由当事人协商一致并经人民法院准许，但不得超过十五日。被告要求书面答辩的，人民法院可在征得其同意的基础上，合理确定答辩期间。

人民法院应当将举证期限和开庭日期告知双方当事人，并向当事人说明逾期举证以及拒不到庭的法律后果，由双方当事人在笔录和开庭传票的送达回证上签名或者捺印。

当事人双方均表示不需要举证期限、答辩期间的，人民法院可以立即开庭审理或者确定开庭日期。

**第二百六十七条**　适用简易程序审理案件，可以简便方式进行审理前的准备。

**第二百六十八条**　对没有委托律师、基层法律服务工作者代理诉讼的当事人，人民法院在庭审过程中可以对回避、自认、举证证明责任等相关内容向其作必要的解释或者说明，并在庭审过程中适当提示当事人正确行使诉讼权利、履行诉讼义务。

**第二百六十九条**　当事人就案件适用简易程序提出异议，人民法院经审查，异议成立的，裁定转为普通程序；异议不成立的，裁定驳回。裁定以口头方式作出的，应当记入笔录。

转为普通程序的，人民法院应当将审判人员及相关事项以书面形式通知双方当事人。

转为普通程序前，双方当事人已确认的事实，可以不再进行举证、质证。

**第二百七十条**　适用简易程序审理的案件，有下列情形之一的，人民法院在制作判决书、裁定书、调解书时，对认定事实或者裁判理由部分可以适当简化：

(一)当事人达成调解协议并需要制作民事调解书的;

(二)一方当事人明确表示承认对方全部或者部分诉讼请求的;

(三)涉及商业秘密、个人隐私的案件，当事人一方要求简化裁判文书中的相关内容，人民法院认为理由正当的;

(四)当事人双方同意简化的。

## 十二、简易程序中的小额诉讼

**第二百七十一条** 人民法院审理小额诉讼案件，适用民事诉讼法第一百六十五条的规定，实行一审终审。

**第二百七十二条** 民事诉讼法第一百六十五条规定的各省、自治区、直辖市上年度就业人员年平均工资，是指已经公布的各省、自治区、直辖市上一年度就业人员年平均工资。在上一年度就业人员年平均工资公布前，以已经公布的最近年度就业人员年平均工资为准。

**第二百七十三条** 海事法院可以适用小额诉讼的程序审理海事、海商案件。案件标的额应当以实际受理案件的海事法院或者其派出法庭所在的省、自治区、直辖市上年度就业人员年平均工资为基数计算。

**第二百七十四条** 人民法院受理小额诉讼案件，应当向当事人告知该类案件的审判组织、一审终审、审理期限、诉讼费用交纳标准等相关事项。

**第二百七十五条** 小额诉讼案件的举证期限由人民法院确定，也可以由当事人协商一致并经人民法院准许，但一般不超过七日。

被告要求书面答辩的，人民法院可以在征得其同意的基础上合理确定答辩期间，但最长不得超过十五日。

当事人到庭后表示不需要举证期限和答辩期间的，人民法院可立即开庭审理。

**第二百七十六条** 当事人对小额诉讼案件提出管辖异议的，人民法院应当作出裁定。裁定一经作出即生效。

**第二百七十七条** 人民法院受理小额诉讼案件后，发现起诉不符合民事诉讼法第一百二十二条规定的起诉条件的，裁定驳回起诉。裁定一经作出即生效。

**第二百七十八条** 因当事人申请增加或者变更诉讼请求、提出反诉、追加当事人等，致使案件不符合小额诉讼案件条件的，应当适用简易程序的其他规定审理。

前款规定案件，应当适用普通程序审理的，裁定转为普通程序。

适用简易程序的其他规定或者普通程序审理前，双方当事人已确认的事实，可以不再进行举证、质证。

**第二百七十九条** 当事人对按照小额诉讼案件审理有异议的，应当在开庭前提出。人民法院经审查，异议成立的，适用简易程序的其他规定审理或者裁定转为普通程序；异议不成立的，裁定驳回。裁定以口头方式作出的，应当记入笔录。

**第二百八十条** 小额诉讼案件的裁判文书可以简化，主要记载当事人基本信息、诉讼请求、裁判主文等内容。

**第二百八十一条** 人民法院审理小额诉讼案件，本解释没有规定的，适用简易程序的其他规定。

## 十三、公益诉讼

**第二百八十二条** 环境保护法、消费者权益保护法等法律规定的机关和有关组织对污染环境、侵害众多消费者合法权益等损害社会公共利益的行为，根据民事诉讼法第五十八条规定提起公益诉讼，符合下列条件的，人民法院应当受理：

(一)有明确的被告；

(二)有具体的诉讼请求；

(三)有社会公共利益受到损害的初步证据;

(四)属于人民法院受理民事诉讼的范围和受诉人民法院管辖。

**第二百八十三条**　公益诉讼案件由侵权行为地或者被告住所地中级人民法院管辖，但法律、司法解释另有规定的除外。

因污染海洋环境提起的公益诉讼，由污染发生地、损害结果地或者采取预防污染措施地海事法院管辖。

对同一侵权行为分别向两个以上人民法院提起公益诉讼的，由最先立案的人民法院管辖，必要时由它们的共同上级人民法院指定管辖。

**第二百八十四条**　人民法院受理公益诉讼案件后，应当在十日内书面告知相关行政主管部门。

**第二百八十五条**　人民法院受理公益诉讼案件后，依法可以提起诉讼的其他机关和有关组织，可以在开庭前向人民法院申请参加诉讼。人民法院准许参加诉讼的，列为共同原告。

**第二百八十六条**　人民法院受理公益诉讼案件，不影响同一侵权行为的受害人根据民事诉讼法第一百二十二条规定提起诉讼。

**第二百八十七条**　对公益诉讼案件，当事人可以和解，人民法院可以调解。

当事人达成和解或者调解协议后，人民法院应当将和解或者调解协议进行公告。公告期间不得少于三十日。

公告期满后，人民法院经审查，和解或者调解协议不违反社会公共利益的，应当出具调解书；和解或者调解协议违反社会公共利益的，不予出具调解书，继续对案件进行审理并依法作出裁判。

**第二百八十八条**　公益诉讼案件的原告在法庭辩论终结后申请撤诉的，人民法院不予准许。

**第二百八十九条**　公益诉讼案件的裁判发生法律效力后，其他依法具有原告资格的机关和有关组织就同一侵权行为另行提起公益诉讼的，人民法院裁定不予受理，但法律、司法解释另有规定的除外。

## 十四、第三人撤销之诉

**第二百九十条**　第三人对已经发生法律效力的判决、裁定、调解书提起撤销之诉的，应当自知道或者应当知道其民事权益受到损害之日起六个月内，向作出生效判决、裁定、调解书的人民法院提出，并应当提供存在下列情形的证据材料：

(一)因不能归责于本人的事由未参加诉讼;

(二)发生法律效力的判决、裁定、调解书的全部或者部分内容错误;

(三)发生法律效力的判决、裁定、调解书内容错误损害其民事权益。

**第二百九十一条**　人民法院应当在收到起诉状和证据材料之日起五日内送交对方当事人，对方当事人可以自收到起诉状之日起十日内提出书面意见。

人民法院应当对第三人提交的起诉状、证据材料以及对方当事人的书面意见进行审查。必要时，可以询问双方当事人。

经审查，符合起诉条件的，人民法院应当在收到起诉状之日起三十日内立案。不符合起诉条件的，应当在收到起诉状之日起三十日内裁定不予受理。

**第二百九十二条**　人民法院对第三人撤销之诉案件，应当组成合议庭开庭审理。

**第二百九十三条**　民事诉讼法第五十九条第三款规定的因不能归责于本人的事由未参加诉讼，是指没有被列为生效判决、裁定、调解书当事人，且无过错或者无明显过错的情形。包括：

(一)不知道诉讼而未参加的；

(二)申请参加未获准许的；

(三)知道诉讼，但因客观原因无法参加的；

(四)因其他不能归责于本人的事由未参加诉讼的。

**第二百九十四条**　民事诉讼法第五十九条第三款规定的判决、裁定、调解书的部分或者全部内容，是指判决、裁定的主文，调解书中处理当事人民事权利义务的结果。

**第二百九十五条**　对下列情形提起第三人撤销之诉的，人民法院不予受理：

(一)适用特别程序、督促程序、公示催告程序、破产程序等非讼程序处理的案件；

(二)婚姻无效、撤销或者解除婚姻关系等判决、裁定、调解书中涉及身份关系的内容；

(三)民事诉讼法第五十七条规定的未参加登记的权利人对代表人诉讼案件的生效裁判；

(四)民事诉讼法第五十八条规定的损害社会公共利益行为的受害人对公益诉讼案件的生效裁判。

**第二百九十六条**　第三人提起撤销之诉，人民法院应当将该第三人列为原告，生效判决、裁定、调解书的当事人列为被告，但生效判决、裁定、调解书中没有承担责任的无独立请求权的第三人列为第三人。

**第二百九十七条**　受理第三人撤销之诉案件后，原告提供相应担保，请求中止执行的，人民法院可以准许。

**第二百九十八条**　对第三人撤销或者部分撤销发生法律效力的判决、裁定、调解书内容的请求，人民法院经审理，按下列情形分别处理：

(一)请求成立且确认其民事权利的主张全部或部分成立的，改变原判决、裁定、调解书内容的错误部分；

(二)请求成立，但确认其全部或部分民事权利的主张不成立，或者未提出确认其民事权利请求的，撤销原判决、裁定、调解书内容的错误部分；

(三)请求不成立的，驳回诉讼请求。

对前款规定裁判不服的，当事人可以上诉。

原判决、裁定、调解书的内容未改变或者未撤销的部分继续有效。

**第二百九十九条**　第三人撤销之诉案件审理期间，人民法院对生效判决、裁定、调解书裁定再审的，受理第三人撤销之诉的人民法院应当裁定将第三人的诉讼请求并入再审程序。但有证据证明原审当事人之间恶意串通损害第三人合法权益的，人民法院应当先行审理第三人撤销之诉案件，裁定中止再审诉讼。

**第三百条**　第三人诉讼请求并入再审程序审理的，按照下列情形分别处理：

(一)按照第一审程序审理的，人民法院应当对第三人的诉讼请求一并审理，所作的判决可以上诉；

(二)按照第二审程序审理的，人民法院可以调解，调解达不成协议的，应当裁定撤销原判决、裁定、调解书，发回一审法院重审，重审时应当列明第三人。

**第三百零一条** 第三人提起撤销之诉后，未中止生效判决、裁定、调解书执行的，执行法院对第三人依照民事诉讼法第二百三十四条规定提出的执行异议，应予审查。第三人不服驳回执行异议裁定，申请对原判决、裁定、调解书再审的，人民法院不予受理。

案外人对人民法院驳回其执行异议裁定不服，认为原判决、裁定、调解书内容错误损害其合法权益的，应当根据民事诉讼法第二百三十四条规定申请再审，提起第三人撤销之诉的，人民法院不予受理。

**十五、执行异议之诉**

**第三百零二条** 根据民事诉讼法第二百三十四条规定，案外人、当事人对执行异议裁定不服，自裁定送达之日起十五日内向人民法院提起执行异议之诉的，由执行法院管辖。

**第三百零三条** 案外人提起执行异议之诉，除符合民事诉讼法第一百二十二条规定外，还应当具备下列条件：

（一）案外人的执行异议申请已经被人民法院裁定驳回；

（二）有明确的排除对执行标的执行的诉讼请求，且诉讼请求与原判决、裁定无关；

（三）自执行异议裁定送达之日起十五日内提起。

人民法院应当在收到起诉状之日起十五日内决定是否立案。

**第三百零四条** 申请执行人提起执行异议之诉，除符合民事诉讼法第一百二十二条规定外，还应当具备下列条件：

（一）依案外人执行异议申请，人民法院裁定中止执行；

（二）有明确的对执行标的继续执行的诉讼请求，且诉讼请求与原判决、裁定无关；

（三）自执行异议裁定送达之日起十五日内提起。

人民法院应当在收到起诉状之日起十五日内决定是否立案。

**第三百零五条** 案外人提起执行异议之诉的，以申请执行人为被告。被执行人反对案外人异议的，被执行人为共同被告；被执行人不反对案外人异议的，可以列被执行人为第三人。

**第三百零六条** 申请执行人提起执行异议之诉的，以案外人为被告。被执行人反对申请执行人主张的，以案外人和被执行人为共同被告；被执行人不反对申请执行人主张的，可以列被执行人为第三人。

**第三百零七条** 申请执行人对中止执行裁定未提起执行异议之诉，被执行人提起执行异议之诉的，人民法院告知其另行起诉。

**第三百零八条** 人民法院审理执行异议之诉案件，适用普通程序。

**第三百零九条** 案外人或者申请执行人提起执行异议之诉的，案外人应当就其对执行标的享有足以排除强制执行的民事权益承担举证证明责任。

**第三百一十条** 对案外人提起的执行异议之诉，人民法院经审理，按照下列情形分别处理：

（一）案外人就执行标的享有足以排除强制执行的民事权益的，判决不得执行该执行标的；

（二）案外人就执行标的不享有足以排除强制执行的民事权益的，判决驳回诉讼请求。

案外人同时提出确认其权利的诉讼请求的，人民法院可以在判决中一并作出裁判。

**第三百一十一条** 对申请执行人提起的执行异议之诉，人民法院经审理，按照下列情形分别处理：

（一）案外人就执行标的不享有足以排除强制执行的民事权益的，判决准许执行该执行标的；

（二）案外人就执行标的享有足以排除强制执行的民事权益的，判决驳回诉讼请求。

**第三百一十二条** 对案外人执行异议之诉，人民法院判决不得对执行标的执行的，执行异议裁定失效。

对申请执行人执行异议之诉，人民法院判决准许对该执行标的执行的，执行异议裁定失效，执行法院可以根据申请执行人的申请或者依职权恢复执行。

**第三百一十三条** 案外人执行异议之诉审理期间，人民法院不得对执行标的进行处分。申请执行人请求人民法院继续执行并提供相应担保的，人民法院可以准许。

被执行人与案外人恶意串通，通过执行异议、执行异议之诉妨害执行的，人民法院应当依照民事诉讼法第一百一十六条规定处理。申请执行人因此受到损害的，可以提起诉讼要求被执行人、案外人赔偿。

**第三百一十四条** 人民法院对执行标的裁定中止执行后，申请执行人在法律规定的期间内未提起执行异议之诉的，人民法院应当自起诉期限届满之日起七日内解除对该执行标的采取的执行措施。

## 十六、第二审程序

**第三百一十五条** 双方当事人和第三人都提起上诉的，均列为上诉人。人民法院可以依职权确定第二审程序中当事人的诉讼地位。

**第三百一十六条** 民事诉讼法第一百七十三条、第一百七十四条规定的对方当事人包括被上诉人和原审其他当事人。

**第三百一十七条** 必要共同诉讼人的一人或者部分人提起上诉的，按下列情形分别处理：

（一）上诉仅对与对方当事人之间权利义务分担有意见，不涉及其他共同诉讼人利益的，对方当事人为被上诉人，未上诉的同一方当事人依原审诉讼地位列明；

（二）上诉仅对共同诉讼人之间权利义务分担有意见，不涉及对方当事人利益的，未上诉的同一方当事人为被上诉人，对方当事人依原审诉讼地位列明；

（三）上诉对双方当事人之间以及共同诉讼人之间权利义务承担有意见的，未提起上诉的其他当事人均为被上诉人。

**第三百一十八条** 一审宣判时或者判决书、裁定书送达时，当事人口头表示上诉的，人民法院应告知其必须在法定上诉期间内递交上诉状。未在法定上诉期间内递交上诉状的，视为未提起上诉。虽递交上诉状，但未在指定的期限内交纳上诉费的，按自动撤回上诉处理。

**第三百一十九条** 无民事行为能力人、限制民事行为能力人的法定代理人，可以代理当事人提起上诉。

**第三百二十条** 上诉案件的当事人死亡或者终止的，人民法院依法通知其权利义务承继者参加诉讼。

需要终结诉讼的，适用民事诉讼法第一百五十四条规定。

**第三百二十一条** 第二审人民法院应当围绕当事人的上诉请求进行审理。

当事人没有提出请求的，不予审理，但一审判决违反法律禁止性规定，或者损害国家利益、社会公共利益、他人合法权益的除外。

**第三百二十二条** 开庭审理的上诉案件，第二审人民法院可以依照民事诉讼法第一百三十六条第四项规定进行审理前的准备。

**第三百二十三条** 下列情形，可以认定为民事诉讼法第一百七十七条第一款第四项规定的严重违反法定程序：

(一)审判组织的组成不合法的；

(二)应当回避的审判人员未回避的；

(三)无诉讼行为能力人未经法定代理人代为诉讼的；

(四)违法剥夺当事人辩论权利的。

**第三百二十四条** 对当事人在第一审程序中已经提出的诉讼请求，原审人民法院未作审理、判决的，第二审人民法院可以根据当事人自愿的原则进行调解；调解不成的，发回重审。

**第三百二十五条** 必须参加诉讼的当事人或者有独立请求权的第三人，在第一审程序中未参加诉讼，第二审人民法院可以根据当事人自愿的原则予以调解；调解不成的，发回重审。

**第三百二十六条** 在第二审程序中，原审原告增加独立的诉讼请求或者原审被告提出反诉的，第二审人民法院可以根据当事人自愿的原则就新增加的诉讼请求或者反诉进行调解；调解不成的，告知当事人另行起诉。

双方当事人同意由第二审人民法院一并审理的，第二审人民法院可以一并裁判。

**第三百二十七条** 一审判决不准离婚的案件，上诉后，第二审人民法院认为应当判决离婚的，可以根据当事人自愿的原则，与子女抚养、财产问题一并调解；调解不成的，发回重审。

双方当事人同意由第二审人民法院一并审理的，第二审人民法院可以一并裁判。

**第三百二十八条** 人民法院依照第二审程序审理案件，认为依法不应由人民法院受理的，可以由第二审人民法院直接裁定撤销原裁判，驳回起诉。

**第三百二十九条** 人民法院依照第二审程序审理案件，认为第一审人民法院受理案件违反专属管辖规定的，应当裁定撤销原裁判并移送有管辖权的人民法院。

**第三百三十条** 第二审人民法院查明第一审人民法院作出的不予受理裁定有错误的，应当在撤销原裁定的同时，指令第一审人民法院立案受理；查明第一审人民法院作出的驳回起诉裁定有错误的，应当在撤销原裁定的同时，指令第一审人民法院审理。

**第三百三十一条** 第二审人民法院对下列上诉案件，依照民事诉讼法第一百七十六条规定可以不开庭审理：

(一)不服不予受理、管辖权异议和驳回起诉裁定的；

(二)当事人提出的上诉请求明显不能成立的；

(三)原判决、裁定认定事实清楚，但适用法律错误的；

(四)原判决严重违反法定程序，需要发回重审的。

**第三百三十二条** 原判决、裁定认定事实或者适用法律虽有瑕疵，但裁判结果正确的，第二审人民法院可以在判决、裁定中纠正瑕疵后，依照民事诉讼法第一百七十七条第一款第一项规定予以维持。

**第三百三十三条** 民事诉讼法第一百七十七条第一款第三项规定的基本事实，是指用以确定当事人主体资格、案件性质、民事权利义务等对原判决、裁定的结果有实质性影响的事实。

**第三百三十四条** 在第二审程序中，作为当事人的法人或者其他组织分立的，人民法院可以直接将分立后的法人或者其他组织列为共同诉讼人；合并的，将合并后的法人或者其他组织列为当事人。

**第三百三十五条** 在第二审程序中，当事人申请撤回上诉，人民法院经审查认为一审判决确有错误，或者当事人之间恶意串通损害国家利益、社会公共利益、他人合法权益的，不应准许。

**第三百三十六条** 在第二审程序中，原审原告申请撤回起诉，经其他当事人同意，且不损害国家利益、社会公共利益、他人合法权益的，人民法院可以准许。准许撤诉的，应当一并裁定撤销一审裁判。

原审原告在第二审程序中撤回起诉后重复起诉的，人民法院不予受理。

**第三百三十七条** 当事人在第二审程序中达成和解协议的，人民法院可以根据当事人的请求，对双方达成的和解协议进行审查并制作调解书送达当事人；因和解而申请撤诉，经审查符合撤诉条件的，人民法院应予准许。

**第三百三十八条** 第二审人民法院宣告判决可以自行宣判，也可以委托原审人民法院或者当事人所在地人民法院代行宣判。

**第三百三十九条** 人民法院审理对裁定的上诉案件，应当在第二审立案之日起三十日内作出终审裁定。有特殊情况需要延长审限的，由本院院长批准。

**第三百四十条** 当事人在第一审程序中实施的诉讼行为，在第二审程序中对该当事人仍具有拘束力。

当事人推翻其在第一审程序中实施的诉讼行为时，人民法院应当责令其说明理由。理由不成立的，不予支持。

## 十七、特别程序

**第三百四十一条** 宣告失踪或者宣告死亡案件，人民法院可以根据申请人的请求，清理下落不明人的财产，并指定案件审理期间的财产管理人。公告期满后，人民法院判决宣告失踪的，应当同时依照民法典第四十二条的规定指定失踪人的财产代管人。

**第三百四十二条** 失踪人的财产代管人经人民法院指定后，代管人申请变更代管的，比照民事诉讼法特别程序的有关规定进行审理。申请理由成立的，裁定撤销申请人的代管人身份，同时另行指定财产代管人；申请理由不成立的，裁定驳回申请。

失踪人的其他利害关系人申请变更代管的，人民法院应当告知其以原指定的代管人为被告起诉，并按普通程序进行审理。

**第三百四十三条** 人民法院判决宣告公民失踪后，利害关系人向人民法院申请宣告失踪人死亡，自失踪之日起满四年的，人民法院应当受理，宣告失踪的判决即是该公民失踪的证明，审理中仍应依照民事诉讼法第一百九十二条规定进行公告。

**第三百四十四条** 符合法律规定的多个利害关系人提出宣告失踪、宣告死亡申请的，列为共同申请人。

**第三百四十五条** 寻找下落不明人的公告应当记载下列内容：

(一)被申请人应当在规定期间内向受理法院申报其具体地址及其联系方式。否则，被申请人将被宣告失踪、宣告死亡；

(二)凡知悉被申请人生存现状的人，应当在公告期间内将其所知道情况向受理法院报告。

**第三百四十六条** 人民法院受理宣告失踪、宣告死亡案件后，作出判决前，申请人撤回申请的，人民法院应当裁定终结案件，但其他符合法律规定的利害关系人加入程序要求继续审理的除外。

**第三百四十七条** 在诉讼中，当事人的利害关系人或者有关组织提出该当事人不能辨认或者不能完全辨认自己的行为，要求宣告该当事人无民事行为能力或者限制民事行为能力的，应由利害关系人或者有关组织向人民法院提出申请，由受诉人民法院按照特别程序立案审理，原诉讼中止。

**第三百四十八条** 认定财产无主案件，公告期间有人对财产提出请求的，人民法院应当裁定终结特别程序，告知申请人另行起诉，适用普通程序审理。

**第三百四十九条** 被指定的监护人不服居民委员会、村民委员会或者民政部门指定，应当自接到通知之日起三十日内向人民法院提出异议。经审理，认为指定并无不当的，裁定驳回异议；指定不当的，判决撤销指定，同时另行指定监护人。判决书应当送达异议人、原指定单位及判决指定的监护人。

有关当事人依照民法典第三十一条第一款规定直接向人民法院申请指定监护人的，适用特别程序审理，判决指定监护人。判决书应当送达申请人、判决指定的监护人。

**第三百五十条** 申请认定公民无民事行为能力或者限制民事行为能力的案件，被申请人没有近亲属的，人民法院可以指定经被申请人住所地的居民委员会、村民委员会或者民政部门同意，且愿意担任代理人的个人或者组织为代理人。

没有前款规定的代理人的，由被申请人住所地的居民委员会、村民委员会或者民政部门担任代理人。

代理人可以是一人，也可以是同一顺序中的两人。

**第三百五十一条** 申请司法确认调解协议的，双方当事人应当本人或者由符合民事诉讼法第六十一条规定的代理人依照民事诉讼法第二百零一条的规定提出申请。

**第三百五十二条** 调解组织自行开展的调解，有两个以上调解组织参与的，符合民事诉讼法第二百零一条规定的各调解组织所在地人民法院均有管辖权。

双方当事人可以共同向符合民事诉讼法第二百零一条规定的其中一个有管辖权的人民法院提出申请；双方当事人共同向两个以上有管辖权的人民法院提出申请的，由最先立案的人民法院管辖。

**第三百五十三条** 当事人申请司法确认调解协议，可以采用书面形式或者口头形式。当事人口头申请的，人民法院应当记入笔录，并由当事人签名、捺印或者盖章。

**第三百五十四条** 当事人申请司法确认调解协议，应当向人民法院提交调解协议、调解组织主持调解的证明，以及与调解协议相关的财产权利证明等材料，并提供双方当事人的身份、住所、联系方式等基本信息。

当事人未提交上述材料的，人民法院应当要求当事人限期补交。

**第三百五十五条** 当事人申请司法确认调解协议，有下列情形之一的，人民法院裁定不予受理：

(一) 不属于人民法院受理范围的；

(二) 不属于收到申请的人民法院管辖的；

(三) 申请确认婚姻关系、亲子关系、收养关系等身份关系无效、有效或者解除的；

(四) 涉及适用其他特别程序、公示催告程序、破产程序审理的；

(五) 调解协议内容涉及物权、知识产权确权的。

人民法院受理申请后，发现有上述不予受理情形的，应当裁定驳回当事人的申请。

**第三百五十六条** 人民法院审查相关情况时，应当通知双方当事人共同到场对案件进行核实。

人民法院经审查，认为当事人的陈述或者提供的证明材料不充分、不完备或者有疑义的，可以要求当事人限期补充陈述或者补充证明材料。必要时，人民法院可以向调解组织核实有关情况。

**第三百五十七条** 确认调解协议的裁定作出前，当事人撤回申请的，人民法院可以裁定准许。

当事人无正当理由未在限期内补充陈述、补充证明材料或者拒不接受询问的，人民法院可以按撤回申请处理。

**第三百五十八条** 经审查，调解协议有下列情形之一的，人民法院应当裁定驳回申请：

(一)违反法律强制性规定的；

(二)损害国家利益、社会公共利益、他人合法权益的；

(三)违背公序良俗的；

(四)违反自愿原则的；

(五)内容不明确的；

(六)其他不能进行司法确认的情形。

**第三百五十九条** 民事诉讼法第二百零三条规定的担保物权人，包括抵押权人、质权人、留置权人；其他有权请求实现担保物权的人，包括抵押人、出质人、财产被留置的债务人或者所有权人等。

**第三百六十条** 实现票据、仓单、提单等有权利凭证的权利质权案件，可以由权利凭证持有人住所地人民法院管辖；无权利凭证的权利质权，由出质登记地人民法院管辖。

**第三百六十一条** 实现担保物权案件属于海事法院等专门人民法院管辖的，由专门人民法院管辖。

**第三百六十二条** 同一债权的担保物有多个且所在地不同，申请人分别向有管辖权的人民法院申请实现担保物权的，人民法院应当依法受理。

**第三百六十三条** 依照民法典第三百九十二条的规定，被担保的债权既有物的担保又有人的担保，当事人对实现担保物权的顺序有约定，实现担保物权的申请违反该约定的，人民法院裁定不予受理；没有约定或者约定不明的，人民法院应当受理。

**第三百六十四条** 同一财产上设立多个担保物权，登记在先的担保物权尚未实现的，不影响后顺位的担保物权人向人民法院申请实现担保物权。

**第三百六十五条** 申请实现担保物权，应当提交下列材料：

(一)申请书。申请书应当记明申请人、被申请人的姓名或者名称、联系方式等基本信息，具体的请求和事实、理由；

(二)证明担保物权存在的材料，包括主合同、担保合同、抵押登记证明或者他项权利证书，权利质权的权利凭证或者质权出质登记证明等；

(三)证明实现担保物权条件成就的材料；

(四)担保财产现状的说明；

(五)人民法院认为需要提交的其他材料。

**第三百六十六条** 人民法院受理申请后，应当在五日内向被申请人送达申请书副本、异议权利告知书等文书。

被申请人有异议的，应当在收到人民法院通知后的五日内向人民法院提出，同时说明理由并提供相应的证据材料。

**第三百六十七条** 实现担保物权案件可以由审判员一人独任审查。担保财产标的额超过基层人民法院管辖范围的，应当组成合议庭进行审查。

**第三百六十八条** 人民法院审查实现担保物权案件，可以询问申请人、被申请人、利害关系人，必要时可以依职权调查相关事实。

**第三百六十九条** 人民法院应当就主合同的效力、期限、履行情况，担保物权是否有效设立、担保财产的范围、被担保的债权范围、被担保的债权是否已届清偿期等担保物权实现的条件，以及是否损害他人合法权益等内容进行审查。

被申请人或者利害关系人提出异议的，人民法院应当一并审查。

**第三百七十条** 人民法院审查后，按下列情形分别处理：

(一)当事人对实现担保物权无实质性争议且实现担保物权条件成就的，裁定准许拍卖、变卖担保财产；

(二)当事人对实现担保物权有部分实质性争议的，可以就无争议部分裁定准许拍卖、变卖担保财产；

(三)当事人对实现担保物权有实质性争议的，裁定驳回申请，并告知申请人向人民法院提起诉讼。

**第三百七十一条** 人民法院受理申请后，申请人对担保财产提出保全申请的，可以按照民事诉讼法关于诉讼保全的规定办理。

**第三百七十二条** 适用特别程序作出的判决、裁定，当事人、利害关系人认为有错误的，可以向作出该判决、裁定的人民法院提出异议。人民法院经审查，异议成立或者部分成立的，作出新的判决、裁定撤销或者改变原判决、裁定；异议不成立的，裁定驳回。

对人民法院作出的确认调解协议、准许实现担保物权的裁定，当事人有异议的，应当自收到裁定之日起十五日内提出；利害关系人有异议的，自知道或者应当知道其民事权益受到侵害之日起六个月内提出。

## 十八、审判监督程序

**第三百七十三条** 当事人死亡或者终止的，其权利义务承继者可以根据民事诉讼法第二百零六条、第二百零八条的规定申请再审。

判决、调解书生效后，当事人将判决、调解书确认的债权转让，债权受让人对该判决、调解书不服申请再审的，人民法院不予受理。

**第三百七十四条** 民事诉讼法第二百零六条规定的人数众多的一方当事人，包括公民、法人和其他组织。

民事诉讼法第二百零六条规定的当事人双方为公民的案件，是指原告和被告均为公民的案件。

**第三百七十五条** 当事人申请再审，应当提交下列材料：

(一)再审申请书，并按照被申请人和原审其他当事人的人数提交副本；

（二）再审申请人是自然人的，应当提交身份证明；再审申请人是法人或者其他组织的，应当提交营业执照、组织机构代码证书、法定代表人或者主要负责人身份证明书。委托他人代为申请的，应当提交授权委托书和代理人身份证明；

（三）原审判决书、裁定书、调解书；

（四）反映案件基本事实的主要证据及其他材料。

前款第二项、第三项、第四项规定的材料可以是与原件核对无异的复印件。

**第三百七十六条**　再审申请书应当记明下列事项：

（一）再审申请人与被申请人及原审其他当事人的基本信息；

（二）原审人民法院的名称，原审裁判文书案号；

（三）具体的再审请求；

（四）申请再审的法定情形及具体事实、理由。

再审申请书应当明确申请再审的人民法院，并由再审申请人签名、捺印或者盖章。

**第三百七十七条**　当事人一方人数众多或者当事人双方为公民的案件，当事人分别向原审人民法院和上一级人民法院申请再审且不能协商一致的，由原审人民法院受理。

**第三百七十八条**　适用特别程序、督促程序、公示催告程序、破产程序等非讼程序审理的案件，当事人不得申请再审。

**第三百七十九条**　当事人认为发生法律效力的不予受理、驳回起诉的裁定错误的，可以申请再审。

**第三百八十条**　当事人就离婚案件中的财产分割问题申请再审，如涉及判决中已分割的财产，人民法院应当依照民事诉讼法第二百零七条的规定进行审查，符合再审条件的，应当裁定再审；如涉及判决中未作处理的夫妻共同财产，应当告知当事人另行起诉。

**第三百八十一条**　当事人申请再审，有下列情形之一的，人民法院不予受理：

（一）再审申请被驳回后再次提出申请的；

（二）对再审判决、裁定提出申请的；

（三）在人民检察院对当事人的申请作出不予提出再审检察建议或者抗诉决定后又提出申请的。

前款第一项、第二项规定情形，人民法院应当告知当事人可以向人民检察院申请再审检察建议或者抗诉，但因人民检察院提出再审检察建议或者抗诉而再审作出的判决、裁定除外。

**第三百八十二条**　当事人对已经发生法律效力的调解书申请再审，应当在调解书发生法律效力后六个月内提出。

**第三百八十三条**　人民法院应当自收到符合条件的再审申请书等材料之日起五日内向再审申请人发送受理通知书，并向被申请人及原审其他当事人发送应诉通知书、再审申请书副本等材料。

**第三百八十四条**　人民法院受理申请再审案件后，应当依照民事诉讼法第二百零七条、第二百零八条、第二百一十一条等规定，对当事人主张的再审事由进行审查。

**第三百八十五条**　再审申请人提供的新的证据，能够证明原判决、裁定认定基本事实或者裁判结果错误的，应当认定为民事诉讼法第二百零七条第一项规定的情形。

对于符合前款规定的证据，人民法院应当责令再审申请人说明其逾期提供该证据的理由；拒不说明理由或者理由不成立的，依照民事诉讼法第六十八条第二款和本解释第一百零二条的规定处理。

**第三百八十六条** 再审申请人证明其提交的新的证据符合下列情形之一的，可以认定逾期提供证据的理由成立：

(一)在原审庭审结束前已经存在，因客观原因于庭审结束后才发现的；

(二)在原审庭审结束前已经发现，但因客观原因无法取得或者在规定的期限内不能提供的；

(三)在原审庭审结束后形成，无法据此另行提起诉讼的。

再审申请人提交的证据在原审中已经提供，原审人民法院未组织质证且未作为裁判根据的，视为逾期提供证据的理由成立，但原审人民法院依照民事诉讼法第六十八条规定不予采纳的除外。

**第三百八十七条** 当事人对原判决、裁定认定事实的主要证据在原审中拒绝发表质证意见或者质证中未对证据发表质证意见的，不属于民事诉讼法第二百零七条第四项规定的未经质证的情形。

**第三百八十八条** 有下列情形之一，导致判决、裁定结果错误的，应当认定为民事诉讼法第二百零七条第六项规定的原判决、裁定适用法律确有错误：

(一)适用的法律与案件性质明显不符的；

(二)确定民事责任明显违背当事人约定或者法律规定的；

(三)适用已经失效或者尚未施行的法律的；

(四)违反法律溯及力规定的；

(五)违反法律适用规则的；

(六)明显违背立法原意的。

**第三百八十九条** 原审开庭过程中有下列情形之一的，应当认定为民事诉讼法第二百零七条第九项规定的剥夺当事人辩论权利：

（一）不允许当事人发表辩论意见的；

（二）应当开庭审理而未开庭审理的；

（三）违反法律规定送达起诉状副本或者上诉状副本，致使当事人无法行使辩论权利的；

（四）违法剥夺当事人辩论权利的其他情形。

**第三百九十条** 民事诉讼法第二百零七条第十一项规定的诉讼请求，包括一审诉讼请求、二审上诉请求，但当事人未对一审判决、裁定遗漏或者超出诉讼请求提起上诉的除外。

**第三百九十一条** 民事诉讼法第二百零七条第十二项规定的法律文书包括：

(一)发生法律效力的判决书、裁定书、调解书；

(二)发生法律效力的仲裁裁决书；

(三)具有强制执行效力的公证债权文书。

**第三百九十二条** 民事诉讼法第二百零七条第十三项规定的审判人员审理该案件时有贪污受贿、徇私舞弊、枉法裁判行为，是指已经由生效刑事法律文书或者纪律处分决定所确认的行为。

**第三百九十三条** 当事人主张的再审事由成立，且符合民事诉讼法和本解释规定的申请再审条件的，人民法院应当裁定再审。

当事人主张的再审事由不成立，或者当事人申请再审超过法定申请再审期限、超出法定再审事由范围等不符合民事诉讼法和本解释规定的申请再审条件的，人民法院应当裁定驳回再审申请。

**第三百九十四条** 人民法院对已经发生法律效力的判决、裁定、调解书依法决定再审，依照民事诉讼法第二百一十三条规定，需要中止执行的，应当在再审裁定中同时写明中止原判决、裁定、调解书的执行；情况紧急的，可以将中止执行裁定口头通知负责执行的人民法院，并在通知后十日内发出裁定书。

**第三百九十五条** 人民法院根据审查案件的需要决定是否询问当事人。新的证据可能推翻原判决、裁定的，人民法院应当询问当事人。

**第三百九十六条** 审查再审申请期间，被申请人及原审其他当事人依法提出再审申请的，人民法院应当将其列为再审申请人，对其再审事由一并审查，审查期限重新计算。经审查，其中一方再审申请人主张的再审事由成立的，应当裁定再审。各方再审申请人主张的再审事由均不成立的，一并裁定驳回再审申请。

**第三百九十七条** 审查再审申请期间，再审申请人申请人民法院委托鉴定、勘验的，人民法院不予准许。

**第三百九十八条** 审查再审申请期间，再审申请人撤回再审申请的，是否准许，由人民法院裁定。

再审申请人经传票传唤，无正当理由拒不接受询问的，可以按撤回再审申请处理。

**第三百九十九条** 人民法院准许撤回再审申请或者按撤回再审申请处理后，再审申请人再次申请再审的，不予受理，但有民事诉讼法第二百零七条第一项、第三项、第十二项、第十三项规定情形，自知道或者应当知道之日起六个月内提出的除外。

**第四百条** 再审申请审查期间，有下列情形之一的，裁定终结审查：

(一) 再审申请人死亡或者终止，无权利义务承继者或者权利义务承继者声明放弃再审申请的；

(二) 在给付之诉中，负有给付义务的被申请人死亡或者终止，无可供执行的财产，也没有应当承担义务的人的；

(三) 当事人达成和解协议且已履行完毕的，但当事人在和解协议中声明不放弃申请再审权利的除外；

(四) 他人未经授权以当事人名义申请再审的；

(五) 原审或者上一级人民法院已经裁定再审的；

(六) 有本解释第三百八十一条第一款规定情形的。

**第四百零一条** 人民法院审理再审案件应当组成合议庭开庭审理，但按照第二审程序审理，有特殊情况或者双方当事人已经通过其他方式充分表达意见，且书面同意不开庭审理的除外。

符合缺席判决条件的，可以缺席判决。

**第四百零二条** 人民法院开庭审理再审案件，应当按照下列情形分别进行：

(一) 因当事人申请再审的，先由再审申请人陈述再审请求及理由，后由被申请人答辩、其他原审当事人发表意见；

(二) 因抗诉再审的，先由抗诉机关宣读抗诉书，再由申请抗诉的当事人陈述，后由被申请人答辩、其他原审当事人发表意见；

（三）人民法院依职权再审，有申诉人的，先由申诉人陈述再审请求及理由，后由被申诉人答辩、其他原审当事人发表意见；

（四）人民法院依职权再审，没有申诉人的，先由原审原告或者原审上诉人陈述，后由原审其他当事人发表意见。

对前款第一项至第三项规定的情形，人民法院应当要求当事人明确其再审请求。

**第四百零三条** 人民法院审理再审案件应当围绕再审请求进行。当事人的再审请求超出原审诉讼请求的，不予审理；符合另案诉讼条件的，告知当事人可以另行起诉。

被申请人及原审其他当事人在庭审辩论结束前提出的再审请求，符合民事诉讼法第二百一十二条规定的，人民法院应当一并审理。

人民法院经再审，发现已经发生法律效力的判决、裁定损害国家利益、社会公共利益、他人合法权益的，应当一并审理。

**第四百零四条** 再审审理期间，有下列情形之一的，可以裁定终结再审程序：

（一）再审申请人在再审期间撤回再审请求，人民法院准许的；

（二）再审申请人经传票传唤，无正当理由拒不到庭的，或者未经法庭许可中途退庭，按撤回再审请求处理的；

（三）人民检察院撤回抗诉的；

（四）有本解释第四百条第一项至第四项规定情形的。

因人民检察院提出抗诉裁定再审的案件，申请抗诉的当事人有前款规定的情形，且不损害国家利益、社会公共利益或者他人合法权益的，人民法院应当裁定终结再审程序。

再审程序终结后，人民法院裁定中止执行的原生效判决自动恢复执行。

**第四百零五条** 人民法院经再审审理认为，原判决、裁定认定事实清楚、适用法律正确的，应予维持；原判决、裁定认定事实、适用法律虽有瑕疵，但裁判结果正确的，应当在再审判决、裁定中纠正瑕疵后予以维持。

原判决、裁定认定事实、适用法律错误，导致裁判结果错误的，应当依法改判、撤销或者变更。

**第四百零六条** 按照第二审程序再审的案件，人民法院经审理认为不符合民事诉讼法规定的起诉条件或者符合民事诉讼法第一百二十七条规定不予受理情形的，应当裁定撤销一、二审判决，驳回起诉。

**第四百零七条** 人民法院对调解书裁定再审后，按照下列情形分别处理：

（一）当事人提出的调解违反自愿原则的事由不成立，且调解书的内容不违反法律强制性规定的，裁定驳回再审申请；

（二）人民检察院抗诉或者再审检察建议所主张的损害国家利益、社会公共利益的理由不成立的，裁定终结再审程序。

前款规定情形，人民法院裁定中止执行的调解书需要继续执行的，自动恢复执行。

**第四百零八条** 一审原告在再审审理程序中申请撤回起诉，经其他当事人同意，且不损害国家利益、社会公共利益、他人合法权益的，人民法院可以准许。裁定准许撤诉的，应当一并撤销原判决。

一审原告在再审审理程序中撤回起诉后重复起诉的，人民法院不予受理。

**第四百零九条** 当事人提交新的证据致使再审改判，因再审申请人或者申请检察监督当事人的过错未能在原审程序中及时举证，被申请人等当事人请求补偿其增加的交通、住宿、就餐、误工等必要费用的，人民法院应予支持。

**第四百一十条** 部分当事人到庭并达成调解协议，其他当事人未作出书面表示的，人民法院应当在判决中对该事实作出表述；调解协议内容不违反法律规定，且不损害其他当事人合法权益的，可以在判决主文中予以确认。

**第四百一十一条** 人民检察院依法对损害国家利益、社会公共利益的发生法律效力的判决、裁定、调解书提出抗诉，或者经人民检察院检察委员会讨论决定提出再审检察建议的，人民法院应予受理。

**第四百一十二条** 人民检察院对已经发生法律效力的判决以及不予受理、驳回起诉的裁定依法提出抗诉的，人民法院应予受理，但适用特别程序、督促程序、公示催告程序、破产程序以及解除婚姻关系的判决、裁定等不适用审判监督程序的判决、裁定除外。

**第四百一十三条** 人民检察院依照民事诉讼法第二百一十六条第一款第三项规定对有明显错误的再审判决、裁定提出抗诉或者再审检察建议的，人民法院应予受理。

**第四百一十四条** 地方各级人民检察院依当事人的申请对生效判决、裁定向同级人民法院提出再审检察建议，符合下列条件的，应予受理：

(一)再审检察建议书和原审当事人申请书及相关证据材料已经提交；

(二)建议再审的对象为依照民事诉讼法和本解释规定可以进行再审的判决、裁定；

(三)再审检察建议书列明该判决、裁定有民事诉讼法第二百一十五条第二款规定情形；

(四)符合民事诉讼法第二百一十六条第一款第一项、第二项规定情形；

(五)再审检察建议经该人民检察院检察委员会讨论决定。

不符合前款规定的，人民法院可以建议人民检察院予以补正或者撤回；不予补正或者撤回的，应当函告人民检察院不予受理。

**第四百一十五条** 人民检察院依当事人的申请对生效判决、裁定提出抗诉，符合下列条件的，人民法院应当在三十日内裁定再审：

(一)抗诉书和原审当事人申请书及相关证据材料已经提交；

(二)抗诉对象为依照民事诉讼法和本解释规定可以进行再审的判决、裁定；

(三)抗诉书列明该判决、裁定有民事诉讼法第二百一十五条第一款规定情形；

(四)符合民事诉讼法第二百一十六条第一款第一项、第二项规定情形。

不符合前款规定的，人民法院可以建议人民检察院予以补正或者撤回；不予补正或者撤回的，人民法院可以裁定不予受理。

**第四百一十六条** 当事人的再审申请被上级人民法院裁定驳回后，人民检察院对原判决、裁定、调解书提出抗诉，抗诉事由符合民事诉讼法第二百零七条第一项至第五项规定情形之一的，受理抗诉的人民法院可以交由下一级人民法院再审。

**第四百一十七条** 人民法院收到再审检察建议后，应当组成合议庭，在三个月内进行审查，发现原判决、裁定、调解书确有错误，需要再审的，依照民事诉讼法第二百零五条规定裁定再审，并通知当事人；经审查，决定不予再审的，应当书面回复人民检察院。

**第四百一十八条** 人民法院审理因人民检察院抗诉或者检察建议裁定再审的案件，不受此前已经作出的驳回当事人再审申请裁定的影响。

**第四百一十九条** 人民法院开庭审理抗诉案件，应当在开庭三日前通知人民检察院、当事人和其他诉讼参与人。同级人民检察院或者提出抗诉的人民检察院应当派员出庭。

人民检察院因履行法律监督职责向当事人或者案外人调查核实的情况，应当向法庭提交并予以说明，由双方当事人进行质证。

**第四百二十条** 必须共同进行诉讼的当事人因不能归责于本人或者其诉讼代理人的事由未参加诉讼的，可以根据民事诉讼法第二百零七条第八项规定，自知道或者应当知道之日起六个月内申请再审，但符合本解释第四百二十一条规定情形的除外。

人民法院因前款规定的当事人申请而裁定再审，按照第一审程序再审的，应当追加其为当事人，作出新的判决、裁定；按照第二审程序再审，经调解不能达成协议的，应当撤销原判决、裁定，发回重审，重审时应追加其为当事人。

**第四百二十一条** 根据民事诉讼法第二百三十四条规定，案外人对驳回其执行异议的裁定不服，认为原判决、裁定、调解书内容错误损害其民事权益的，可以自执行异议裁定送达之日起六个月内，向作出原判决、裁定、调解书的人民法院申请再审。

**第四百二十二条** 根据民事诉讼法第二百三十四条规定，人民法院裁定再审后，案外人属于必要的共同诉讼当事人的，依照本解释第四百二十条第二款规定处理。

案外人不是必要的共同诉讼当事人的，人民法院仅审理原判决、裁定、调解书对其民事权益造成损害的内容。经审理，再审请求成立的，撤销或者改变原判决、裁定、调解书；再审请求不成立的，维持原判决、裁定、调解书。

**第四百二十三条** 本解释第三百三十八条规定适用于审判监督程序。

**第四百二十四条** 对小额诉讼案件的判决、裁定，当事人以民事诉讼法第二百零七条规定的事由向原审人民法院申请再审的，人民法院应当受理。申请再审事由成立的，应当裁定再审，组成合议庭进行审理。作出的再审判决、裁定，当事人不得上诉。

当事人以不应按小额诉讼案件审理为由向原审人民法院申请再审的，人民法院应当受理。理由成立的，应当裁定再审，组成合议庭审理。作出的再审判决、裁定，当事人可以上诉。

## 十九、督促程序

**第四百二十五条** 两个以上人民法院都有管辖权的，债权人可以向其中一个基层人民法院申请支付令。

债权人向两个以上有管辖权的基层人民法院申请支付令的，由最先立案的人民法院管辖。

**第四百二十六条** 人民法院收到债权人的支付令申请书后，认为申请书不符合要求的，可以通知债权人限期补正。人民法院应当自收到补正材料之日起五日内通知债权人是否受理。

**第四百二十七条** 债权人申请支付令，符合下列条件的，基层人民法院应当受理，并在收到支付令申请书后五日内通知债权人：

(一)请求给付金钱或者汇票、本票、支票、股票、债券、国库券、可转让的存款单等有价证券；

(二)请求给付的金钱或者有价证券已到期且数额确定，并写明了请求所根据的事实、证据；

(三)债权人没有对待给付义务；

(四)债务人在我国境内且未下落不明；

(五)支付令能够送达债务人；

(六)收到申请书的人民法院有管辖权；

(七)债权人未向人民法院申请诉前保全。

不符合前款规定的，人民法院应当在收到支付令申请书后五日内通知债权人不予受理。

基层人民法院受理申请支付令案件，不受债权金额的限制。

**第四百二十八条** 人民法院受理申请后，由审判员一人进行审查。经审查，有下列情形之一的，裁定驳回申请：

(一)申请人不具备当事人资格的；

(二)给付金钱或者有价证券的证明文件没有约定逾期给付利息或者违约金、赔偿金，债权人坚持要求给付利息或者违约金、赔偿金的；

(三)要求给付的金钱或者有价证券属于违法所得的；

(四)要求给付的金钱或者有价证券尚未到期或者数额不确定的。

人民法院受理支付令申请后，发现不符合本解释规定的受理条件的，应当在受理之日起十五日内裁定驳回申请。

**第四百二十九条** 向债务人本人送达支付令，债务人拒绝接收的，人民法院可以留置送达。

**第四百三十条** 有下列情形之一的，人民法院应当裁定终结督促程序，已发出支付令的，支付令自行失效：

(一)人民法院受理支付令申请后，债权人就同一债权债务关系又提起诉讼的；

(二)人民法院发出支付令之日起三十日内无法送达债务人的；

(三)债务人收到支付令前，债权人撤回申请的。

**第四百三十一条** 债务人在收到支付令后，未在法定期间提出书面异议，而向其他人民法院起诉的，不影响支付令的效力。

债务人超过法定期间提出异议的，视为未提出异议。

**第四百三十二条** 债权人基于同一债权债务关系，在同一支付令申请中向债务人提出多项支付请求，债务人仅就其中一项或者几项请求提出异议的，不影响其他各项请求的效力。

**第四百三十三条** 债权人基于同一债权债务关系，就可分之债向多个债务人提出支付请求，多个债务人中的一人或者几人提出异议的，不影响其他请求的效力。

**第四百三十四条** 对设有担保的债务的主债务人发出的支付令，对担保人没有拘束力。

债权人就担保关系单独提起诉讼的，支付令自人民法院受理案件之日起失效。

**第四百三十五条** 经形式审查，债务人提出的书面异议有下列情形之一的，应当认定异议成立，裁定终结督促程序，支付令自行失效：

(一) 本解释规定的不予受理申请情形的；

(二) 本解释规定的裁定驳回申请情形的；

(三) 本解释规定的应当裁定终结督促程序情形的；

(四) 人民法院对是否符合发出支付令条件产生合理怀疑的。

**第四百三十六条** 债务人对债务本身没有异议，只是提出缺乏清偿能力、延缓债务清偿期限、变更债务清偿方式等异议的，不影响支付令的效力。

人民法院经审查认为异议不成立的，裁定驳回。

债务人的口头异议无效。

**第四百三十七条** 人民法院作出终结督促程序或者驳回异议裁定前，债务人请求撤回异议的，应当裁定准许。

债务人对撤回异议反悔的，人民法院不予支持。

**第四百三十八条** 支付令失效后，申请支付令的一方当事人不同意提起诉讼的，应当自收到终结督促程序裁定之日起七日内向受理申请的人民法院提出。

申请支付令的一方当事人不同意提起诉讼的，不影响其向其他有管辖权的人民法院提起诉讼。

**第四百三十九条** 支付令失效后，申请支付令的一方当事人自收到终结督促程序裁定之日起七日内未向受理申请的人民法院表明不同意提起诉讼的，视为向受理申请的人民法院起诉。

债权人提出支付令申请的时间，即为向人民法院起诉的时间。

**第四百四十条** 债权人向人民法院申请执行支付令的期间，适用民事诉讼法第二百四十六条的规定。

**第四百四十一条** 人民法院院长发现本院已经发生法律效力的支付令确有错误，认为需要撤销的，应当提交本院审判委员会讨论决定后，裁定撤销支付令，驳回债权人的申请。

## 二十、公示催告程序

**第四百四十二条** 民事诉讼法第二百二十五条规定的票据持有人，是指票据被盗、遗失或者灭失前的最后持有人。

**第四百四十三条** 人民法院收到公示催告的申请后，应当立即审查，并决定是否受理。经审查认为符合受理条件的，通知予以受理，并同时通知支付人停止支付；认为不符合受理条件的，七日内裁定驳回申请。

**第四百四十四条** 因票据丧失，申请公示催告的，人民法院应结合票据存根、丧失票据的复印件、出票人关于签发票据的证明、申请人合法取得票据的证明、银行挂失止付通知书、报案证明等证据，决定是否受理。

**第四百四十五条** 人民法院依照民事诉讼法第二百二十六条规定发出的受理申请的公告，应当写明下列内容：

(一) 公示催告申请人的姓名或者名称；

(二)票据的种类、号码、票面金额、出票人、背书人、持票人、付款期限等事项以及其他可以申请公示催告的权利凭证的种类、号码、权利范围、权利人、义务人、行权日期等事项；

(三)申报权利的期间；

(四)在公示催告期间转让票据等权利凭证，利害关系人不申报的法律后果。

**第四百四十六条** 公告应当在有关报纸或者其他媒体上刊登，并于同日公布于人民法院公告栏内。人民法院所在地有证券交易所的，还应当同日在该交易所公布。

**第四百四十七条** 公告期间不得少于六十日，且公示催告期间届满日不得早于票据付款日后十五日。

**第四百四十八条** 在申报期届满后、判决作出之前，利害关系人申报权利的，应当适用民事诉讼法第二百二十八条第二款、第三款规定处理。

**第四百四十九条** 利害关系人申报权利，人民法院应当通知其向法院出示票据，并通知公示催告申请人在指定的期间查看该票据。公示催告申请人申请公示催告的票据与利害关系人出示的票据不一致的，应当裁定驳回利害关系人的申报。

**第四百五十条** 在申报权利的期间无人申报权利，或者申报被驳回的，申请人应当自公示催告期间届满之日起一个月内申请作出判决。逾期不申请判决的，终结公示催告程序。

裁定终结公示催告程序的，应当通知申请人和支付人。

**第四百五十一条** 判决公告之日起，公示催告申请人有权依据判决向付款人请求付款。

付款人拒绝付款，申请人向人民法院起诉，符合民事诉讼法第一百二十二条规定的起诉条件的，人民法院应予受理。

**第四百五十二条** 适用公示催告程序审理案件，可由审判员一人独任审理；判决宣告票据无效的，应当组成合议庭审理。

**第四百五十三条** 公示催告申请人撤回申请，应在公示催告前提出；公示催告期间申请撤回的，人民法院可以径行裁定终结公示催告程序。

**第四百五十四条** 人民法院依照民事诉讼法第二百二十七条规定通知支付人停止支付，应当符合有关财产保全的规定。支付人收到停止支付通知后拒不止付的，除可依照民事诉讼法第一百一十四条、第一百一十七条规定采取强制措施外，在判决后，支付人仍应承担付款义务。

**第四百五十五条** 人民法院依照民事诉讼法第二百二十八条规定终结公示催告程序后，公示催告申请人或者申报人向人民法院提起诉讼，因票据权利纠纷提起的，由票据支付地或者被告住所地人民法院管辖；因非票据权利纠纷提起的，由被告住所地人民法院管辖。

**第四百五十六条** 依照民事诉讼法第二百二十八条规定制作的终结公示催告程序的裁定书，由审判员、书记员署名，加盖人民法院印章。

**第四百五十七条** 依照民事诉讼法第二百三十条的规定，利害关系人向人民法院起诉的，人民法院可按票据纠纷适用普通程序审理。

**第四百五十八条** 民事诉讼法第二百三十条规定的正当理由，包括：

(一)因发生意外事件或者不可抗力致使利害关系人无法知道公告事实的；

（二）利害关系人因被限制人身自由而无法知道公告事实，或者虽然知道公告事实，但无法自己或者委托他人代为申报权利的；

（三）不属于法定申请公示催告情形的；

（四）未予公告或者未按法定方式公告的；

（五）其他导致利害关系人在判决作出前未能向人民法院申报权利的客观事由。

**第四百五十九条** 根据民事诉讼法第二百三十条的规定，利害关系人请求人民法院撤销除权判决的，应当将申请人列为被告。

利害关系人仅诉请确认其为合法持票人的，人民法院应当在裁判文书中写明，确认利害关系人为票据权利人的判决作出后，除权判决即被撤销。

**二十一、执行程序**

**第四百六十条** 发生法律效力的实现担保物权裁定、确认调解协议裁定、支付令，由作出裁定、支付令的人民法院或者与其同级的被执行财产所在地的人民法院执行。

认定财产无主的判决，由作出判决的人民法院将无主财产收归国家或者集体所有。

**第四百六十一条** 当事人申请人民法院执行的生效法律文书应当具备下列条件：

（一）权利义务主体明确；

（二）给付内容明确。

法律文书确定继续履行合同的，应当明确继续履行的具体内容。

**第四百六十二条** 根据民事诉讼法第二百三十四条规定，案外人对执行标的提出异议的，应当在该执行标的执行程序终结前提出。

**第四百六十三条** 案外人对执行标的提出的异议，经审查，按照下列情形分别处理：

（一）案外人对执行标的不享有足以排除强制执行的权益的，裁定驳回其异议；

（二）案外人对执行标的享有足以排除强制执行的权益的，裁定中止执行。

驳回案外人执行异议裁定送达案外人之日起十五日内，人民法院不得对执行标的进行处分。

**第四百六十四条** 申请执行人与被执行人达成和解协议后请求中止执行或者撤回执行申请的，人民法院可以裁定中止执行或者终结执行。

**第四百六十五条** 一方当事人不履行或者不完全履行在执行中双方自愿达成的和解协议，对方当事人申请执行原生效法律文书的，人民法院应当恢复执行，但和解协议已履行的部分应当扣除。和解协议已经履行完毕的，人民法院不予恢复执行。

**第四百六十六条** 申请恢复执行原生效法律文书，适用民事诉讼法第二百四十六条申请执行期间的规定。申请执行期间因达成执行中的和解协议而中断，其期间自和解协议约定履行期限的最后一日起重新计算。

**第四百六十七条** 人民法院依照民事诉讼法第二百三十八条规定决定暂缓执行的，如果担保是有期限的，暂缓执行的期限应当与担保期限一致，但最长不得超过一年。被执行人或者担保人对担保的财产在暂缓执行期间有转移、隐藏、变卖、毁损等行为的，人民法院可以恢复强制执行。

**第四百六十八条** 根据民事诉讼法第二百三十八条规定向人民法院提供执行担保的，可以由被执行人或者他人提供财产担保，也可以由他人提供保证。担保人应当具有代为履行或者代为承担赔偿责任的能力。

他人提供执行保证的，应当向执行法院出具保证书，并将保证书副本送交申请执行人。被执行人或者他人提供财产担保的，应当参照民法典的有关规定办理相应手续。

**第四百六十九条** 被执行人在人民法院决定暂缓执行的期限届满后仍不履行义务的，人民法院可以直接执行担保财产，或者裁定执行担保人的财产，但执行担保人的财产以担保人应当履行义务部分的财产为限。

**第四百七十条** 依照民事诉讼法第二百三十九条规定，执行中作为被执行人的法人或者其他组织分立、合并的，人民法院可以裁定变更后的法人或者其他组织为被执行人；被注销的，如果依照有关实体法的规定有权利义务承受人的，可以裁定该权利义务承受人为被执行人。

**第四百七十一条** 其他组织在执行中不能履行法律文书确定的义务的，人民法院可以裁定执行对该其他组织依法承担义务的法人或者公民个人的财产。

**第四百七十二条** 在执行中，作为被执行人的法人或者其他组织名称变更的，人民法院可以裁定变更后的法人或者其他组织为被执行人。

**第四百七十三条** 作为被执行人的公民死亡，其遗产继承人没有放弃继承的，人民法院可以裁定变更被执行人，由该继承人在遗产的范围内偿还债务。继承人放弃继承的，人民法院可以直接执行被执行人的遗产。

**第四百七十四条** 法律规定由人民法院执行的其他法律文书执行完毕后，该法律文书被有关机关或者组织依法撤销的，经当事人申请，适用民事诉讼法第二百四十条规定。

**第四百七十五条** 仲裁机构裁决的事项，部分有民事诉讼法第二百四十四条第二款、第三款规定情形的，人民法院应当裁定对该部分不予执行。

应当不予执行部分与其他部分不可分的，人民法院应当裁定不予执行仲裁裁决。

**第四百七十六条** 依照民事诉讼法第二百四十四条第二款、第三款规定，人民法院裁定不予执行仲裁裁决后，当事人对该裁定提出执行异议或者复议的，人民法院不予受理。当事人可以就该民事纠纷重新达成书面仲裁协议申请仲裁，也可以向人民法院起诉。

**第四百七十七条** 在执行中，被执行人通过仲裁程序将人民法院查封、扣押、冻结的财产确权或者分割给案外人的，不影响人民法院执行程序的进行。

案外人不服的，可以根据民事诉讼法第二百三十四条规定提出异议。

**第四百七十八条** 有下列情形之一的，可以认定为民事诉讼法第二百四十五条第二款规定的公证债权文书确有错误：

(一) 公证债权文书属于不得赋予强制执行效力的债权文书的；

(二) 被执行人一方未亲自或者未委托代理人到场公证等严重违反法律规定的公证程序的；

(三) 公证债权文书的内容与事实不符或者违反法律强制性规定的；

(四) 公证债权文书未载明被执行人不履行义务或者不完全履行义务时同意接受强制执行的。

人民法院认定执行该公证债权文书违背社会公共利益的，裁定不予执行。

公证债权文书被裁定不予执行后，当事人、公证事项的利害关系人可以就债权争议提起诉讼。

**第四百七十九条** 当事人请求不予执行仲裁裁决或者公证债权文书的，应当在执行终结前向执行法院提出。

**第四百八十条** 人民法院应当在收到申请执行书或者移交执行书后十日内发出执行通知。

执行通知中除应责令被执行人履行法律文书确定的义务外，还应通知其承担民事诉讼法第二百六十条规定的迟延履行利息或者迟延履行金。

**第四百八十一条** 申请执行人超过申请执行时效期间向人民法院申请强制执行的，人民法院应予受理。被执行人对申请执行时效期间提出异议，人民法院经审查异议成立的，裁定不予执行。

被执行人履行全部或者部分义务后，又以不知道申请执行时效期间届满为由请求执行回转的，人民法院不予支持。

**第四百八十二条** 对必须接受调查询问的被执行人、被执行人的法定代表人、负责人或者实际控制人，经依法传唤无正当理由拒不到场的，人民法院可以拘传其到场。

人民法院应当及时对被拘传人进行调查询问，调查询问的时间不得超过八小时；情况复杂，依法可能采取拘留措施的，调查询问的时间不得超过二十四小时。

人民法院在本辖区以外采取拘传措施时，可以将被拘传人拘传到当地人民法院，当地人民法院应予协助。

**第四百八十三条** 人民法院有权查询被执行人的身份信息与财产信息，掌握相关信息的单位和个人必须按照协助执行通知书办理。

**第四百八十四条** 对被执行的财产，人民法院非经查封、扣押、冻结不得处分。对银行存款等各类可以直接扣划的财产，人民法院的扣划裁定同时具有冻结的法律效力。

**第四百八十五条** 人民法院冻结被执行人的银行存款的期限不得超过一年，查封、扣押动产的期限不得超过两年，查封不动产、冻结其他财产权的期限不得超过三年。

申请执行人申请延长期限的，人民法院应当在查封、扣押、冻结期限届满前办理续行查封、扣押、冻结手续，续行期限不得超过前款规定的期限。

人民法院也可以依职权办理续行查封、扣押、冻结手续。

**第四百八十六条** 依照民事诉讼法第二百五十四条规定，人民法院在执行中需要拍卖被执行人财产的，可以由人民法院自行组织拍卖，也可以交由具备相应资质的拍卖机构拍卖。

交拍卖机构拍卖的，人民法院应当对拍卖活动进行监督。

**第四百八十七条** 拍卖评估需要对现场进行检查、勘验的，人民法院应当责令被执行人、协助义务人予以配合。被执行人、协助义务人不予配合的，人民法院可以强制进行。

**第四百八十八条** 人民法院在执行中需要变卖被执行人财产的，可以交有关单位变卖，也可以由人民法院直接变卖。

对变卖的财产，人民法院或者其工作人员不得买受。

**第四百八十九条** 经申请执行人和被执行人同意，且不损害其他债权人合法权益和社会公共利益的，人民法院可以不经拍卖、变卖，直接将被执行人的财产作价交申请执行人抵偿债务。对剩余债务，被执行人应当继续清偿。

**第四百九十条** 被执行人的财产无法拍卖或者变卖的，经申请执行人同意，且不损害其他债权人合法权益和社会公共利益的，人民法院可以将该项财产作价后交付申请执行人抵偿债务，或者交付申请执行人管理；申请执行人拒绝接收或者管理的，退回被执行人。

**第四百九十一条** 拍卖成交或者依法定程序裁定以物抵债的，标的物所有权自拍卖成交裁定或者抵债裁定送达买受人或者接受抵债物的债权人时转移。

**第四百九十二条** 执行标的物为特定物的，应当执行原物。原物确已毁损或者灭失的，经双方当事人同意，可以折价赔偿。

双方当事人对折价赔偿不能协商一致的，人民法院应当终结执行程序。申请执行人可以另行起诉。

**第四百九十三条** 他人持有法律文书指定交付的财物或者票证，人民法院依照民事诉讼法第二百五十六条第二款、第三款规定发出协助执行通知后，拒不转交的，可以强制执行，并可依照民事诉讼法第一百一十七条、第一百一十八条规定处理。

他人持有期间财物或者票证毁损、灭失的，参照本解释第四百九十二条规定处理。

他人主张合法持有财物或者票证的，可以根据民事诉讼法第二百三十四条规定提出执行异议。

**第四百九十四条** 在执行中，被执行人隐匿财产、会计账簿等资料的，人民法院除可依照民事诉讼法第一百一十四条第一款第六项规定对其处理外，还应责令被执行人交出隐匿的财产、会计账簿等资料。被执行人拒不交出的，人民法院可以采取搜查措施。

**第四百九十五条** 搜查人员应当按规定着装并出示搜查令和工作证件。

**第四百九十六条** 人民法院搜查时禁止无关人员进入搜查现场；搜查对象是公民的，应当通知被执行人或者他的成年家属以及基层组织派员到场；搜查对象是法人或者其他组织的，应当通知法定代表人或者主要负责人到场。拒不到场的，不影响搜查。

搜查妇女身体，应当由女执行人员进行。

**第四百九十七条** 搜查中发现应当依法采取查封、扣押措施的财产，依照民事诉讼法第二百五十二条第二款和第二百五十四条规定办理。

**第四百九十八条** 搜查应当制作搜查笔录，由搜查人员、被搜查人及其他在场人签名、捺印或者盖章。拒绝签名、捺印或者盖章的，应当记入搜查笔录。

**第四百九十九条** 人民法院执行被执行人对他人的到期债权，可以作出冻结债权的裁定，并通知该他人向申请执行人履行。

该他人对到期债权有异议，申请执行人请求对异议部分强制执行的，人民法院不予支持。利害关系人对到期债权有异议的，人民法院应当按照民事诉讼法第二百三十四条规定处理。

对生效法律文书确定的到期债权，该他人予以否认的，人民法院不予支持。

**第五百条** 人民法院在执行中需要办理房产证、土地证、林权证、专利证书、商标证书、车船执照等有关财产权证照转移手续的，可以依照民事诉讼法第二百五十八条规定办理。

**第五百零一条** 被执行人不履行生效法律文书确定的行为义务，该义务可由他人完成的，人民法院可以选定代履行人；法律、行政法规对履行该行为义务有资格限制的，应当从有资格的人中选定。必要时，可以通过招标的方式确定代履行人。

申请执行人可以在符合条件的人中推荐代履行人，也可以申请自己代为履行，是否准许，由人民法院决定。

**第五百零二条** 代履行费用的数额由人民法院根据案件具体情况确定，并由被执行人在指定期限内预先支付。被执行人未预付的，人民法院可以对该费用强制执行。

代履行结束后，被执行人可以查阅、复制费用清单以及主要凭证。

**第五百零三条** 被执行人不履行法律文书指定的行为，且该项行为只能由被执行人完成的，人民法院可以依照民事诉讼法第一百一十四条第一款第六项规定处理。

被执行人在人民法院确定的履行期间内仍不履行的，人民法院可以依照民事诉讼法第一百一十四条第一款第六项规定再次处理。

**第五百零四条** 被执行人迟延履行的，迟延履行期间的利息或者迟延履行金自判决、裁定和其他法律文书指定的履行期间届满之日起计算。

**第五百零五条** 被执行人未按判决、裁定和其他法律文书指定的期间履行非金钱给付义务的，无论是否已给申请执行人造成损失，都应当支付迟延履行金。已经造成损失的，双倍补偿申请执行人已经受到的损失；没有造成损失的，迟延履行金可以由人民法院根据具体案件情况决定。

**第五百零六条** 被执行人为公民或者其他组织，在执行程序开始后，被执行人的其他已经取得执行依据的债权人发现被执行人的财产不能清偿所有债权的，可以向人民法院申请参与分配。

对人民法院查封、扣押、冻结的财产有优先权、担保物权的债权人，可以直接申请参与分配，主张优先受偿权。

**第五百零七条** 申请参与分配，申请人应当提交申请书。申请书应当写明参与分配和被执行人不能清偿所有债权的事实、理由，并附有执行依据。

参与分配申请应当在执行程序开始后，被执行人的财产执行终结前提出。

**第五百零八条** 参与分配执行中，执行所得价款扣除执行费用，并清偿应当优先受偿的债权后，对于普通债权，原则上按照其占全部申请参与分配债权数额的比例受偿。清偿后的剩余债务，被执行人应当继续清偿。债权人发现被执行人有其他财产的，可以随时请求人民法院执行。

**第五百零九条** 多个债权人对执行财产申请参与分配的，执行法院应当制作财产分配方案，并送达各债权人和被执行人。债权人或者被执行人对分配方案有异议的，应当自收到分配方案之日起十五日内向执行法院提出书面异议。

**第五百一十条** 债权人或者被执行人对分配方案提出书面异议的，执行法院应当通知未提出异议的债权人、被执行人。

未提出异议的债权人、被执行人自收到通知之日起十五日内未提出反对意见的，执行法院依异议人的意见对分配方案审查修正后进行分配；提出反对意见的，应当通知异议人。异议人可以自收到通知之日起

十五日内，以提出反对意见的债权人、被执行人为被告，向执行法院提起诉讼；异议人逾期未提起诉讼的，执行法院按照原分配方案进行分配。

诉讼期间进行分配的，执行法院应当提存与争议债权数额相应的款项。

**第五百一十一条** 在执行中，作为被执行人的企业法人符合企业破产法第二条第一款规定情形的，执行法院经申请执行人之一或者被执行人同意，应当裁定中止对该被执行人的执行，将执行案件相关材料移送被执行人住所地人民法院。

**第五百一十二条** 被执行人住所地人民法院应当自收到执行案件相关材料之日起三十日内，将是否受理破产案件的裁定告知执行法院。不予受理的，应当将相关案件材料退回执行法院。

**第五百一十三条** 被执行人住所地人民法院裁定受理破产案件的，执行法院应当解除对被执行人财产的保全措施。被执行人住所地人民法院裁定宣告被执行人破产的，执行法院应当裁定终结对该被执行人的执行。

被执行人住所地人民法院不受理破产案件的，执行法院应当恢复执行。

**第五百一十四条** 当事人不同意移送破产或者被执行人住所地人民法院不受理破产案件的，执行法院就执行变价所得财产，在扣除执行费用及清偿优先受偿的债权后，对于普通债权，按照财产保全和执行中查封、扣押、冻结财产的先后顺序清偿。

**第五百一十五条** 债权人根据民事诉讼法第二百六十一条规定请求人民法院继续执行的，不受民事诉讼法第二百四十六条规定申请执行时效期间的限制。

**第五百一十六条** 被执行人不履行法律文书确定的义务的，人民法院除对被执行人予以处罚外，还可以根据情节将其纳入失信被执行人名单，将被执行人不履行或者不完全履行义务的信息向其所在单位、征信机构以及其他相关机构通报。

**第五百一十七条** 经过财产调查未发现可供执行的财产，在申请执行人签字确认或者执行法院组成合议庭审查核实并经院长批准后，可以裁定终结本次执行程序。

依照前款规定终结执行后，申请执行人发现被执行人有可供执行财产的，可以再次申请执行。再次申请不受申请执行时效期间的限制。

**第五百一十八条** 因撤销申请而终结执行后，当事人在民事诉讼法第二百四十六条规定的申请执行时效期间内再次申请执行的，人民法院应当受理。

**第五百一十九条** 在执行终结六个月内，被执行人或者其他人对已执行的标的有妨害行为的，人民法院可以依申请排除妨害，并可以依照民事诉讼法第一百一十四条规定进行处罚。因妨害行为给执行债权人或者其他人造成损失的，受害人可以另行起诉。

## 二十二、涉外民事诉讼程序的特别规定

**第五百二十条** 有下列情形之一，人民法院可以认定为涉外民事案件：

(一)当事人一方或者双方是外国人、无国籍人、外国企业或者组织的；

(二)当事人一方或者双方的经常居所地在中华人民共和国领域外的；

(三)标的物在中华人民共和国领域外的；

(四)产生、变更或者消灭民事关系的法律事实发生在中华人民共和国领域外的；

（五）可以认定为涉外民事案件的其他情形。

**第五百二十一条** 外国人参加诉讼，应当向人民法院提交护照等用以证明自己身份的证件。

外国企业或者组织参加诉讼，向人民法院提交的身份证明文件，应当经所在国公证机关公证，并经中华人民共和国驻该国使领馆认证，或者履行中华人民共和国与该所在国订立的有关条约中规定的证明手续。

代表外国企业或者组织参加诉讼的人，应当向人民法院提交其有权作为代表人参加诉讼的证明，该证明应当经所在国公证机关公证，并经中华人民共和国驻该国使领馆认证，或者履行中华人民共和国与该所在国订立的有关条约中规定的证明手续。

本条所称的“所在国”，是指外国企业或者组织的设立登记地国，也可以是办理了营业登记手续的第三国。

**第五百二十二条** 依照民事诉讼法第二百七十一条以及本解释第五百二十一条规定，需要办理公证、认证手续，而外国当事人所在国与中华人民共和国没有建立外交关系的，可以经该国公证机关公证，经与中华人民共和国有外交关系的第三国驻该国使领馆认证，再转由中华人民共和国驻该第三国使领馆认证。

**第五百二十三条** 外国人、外国企业或者组织的代表人在人民法院法官的见证下签署授权委托书，委托代理人进行民事诉讼的，人民法院应予认可。

**第五百二十四条** 外国人、外国企业或者组织的代表人在中华人民共和国境内签署授权委托书，委托代理人进行民事诉讼，经中华人民共和国公证机构公证的，人民法院应予认可。

**第五百二十五条** 当事人向人民法院提交的书面材料是外文的，应当同时向人民法院提交中文翻译件。

当事人对中文翻译件有异议的，应当共同委托翻译机构提供翻译文本；当事人对翻译机构的选择不能达成一致的，由人民法院确定。

**第五百二十六条** 涉外民事诉讼中的外籍当事人，可以委托本国人为诉讼代理人，也可以委托本国律师以非律师身份担任诉讼代理人；外国驻华使领馆官员，受本国公民的委托，可以以个人名义担任诉讼代理人，但在诉讼中不享有外交或者领事特权和豁免。

**第五百二十七条** 涉外民事诉讼中，外国驻华使领馆授权其本馆官员，在作为当事人的本国国民不在中华人民共和国领域内的情况下，可以以外交代表身份为其本国国民在中华人民共和国聘请中华人民共和国律师或者中华人民共和国公民代理民事诉讼。

**第五百二十八条** 涉外民事诉讼中，经调解双方达成协议，应当制发调解书。当事人要求发给判决书的，可以依协议的内容制作判决书送达当事人。

**第五百二十九条** 涉外合同或者其他财产权益纠纷的当事人，可以书面协议选择被告住所地、合同履行地、合同签订地、原告住所地、标的物所在地、侵权行为地等与争议有实际联系地点的外国法院管辖。

根据民事诉讼法第三十四条和第二百七十三条规定，属于中华人民共和国法院专属管辖的案件，当事人不得协议选择外国法院管辖，但协议选择仲裁的除外。

**第五百三十条** 涉外民事案件同时符合下列情形的，人民法院可以裁定驳回原告的起诉，告知其向更方便的外国法院提起诉讼：

(一)被告提出案件应由更方便外国法院管辖的请求，或者提出管辖异议；

(二)当事人之间不存在选择中华人民共和国法院管辖的协议；

(三)案件不属于中华人民共和国法院专属管辖；

(四)案件不涉及中华人民共和国国家、公民、法人或者其他组织的利益；

(五)案件争议的主要事实不是发生在中华人民共和国境内，且案件不适用中华人民共和国法律，人民法院审理案件在认定事实和适用法律方面存在重大困难；

(六)外国法院对案件享有管辖权，且审理该案件更加方便。

**第五百三十一条**　中华人民共和国法院和外国法院都有管辖权的案件，一方当事人向外国法院起诉，而另一方当事人向中华人民共和国法院起诉的，人民法院可予受理。判决后，外国法院申请或者当事人请求人民法院承认和执行外国法院对本案作出的判决、裁定的，不予准许；但双方共同缔结或者参加的国际条约另有规定的除外。

外国法院判决、裁定已经被人民法院承认，当事人就同一争议向人民法院起诉的，人民法院不予受理。

**第五百三十二条**　对在中华人民共和国领域内没有住所的当事人，经用公告方式送达诉讼文书，公告期满不应诉，人民法院缺席判决后，仍应当将裁判文书依照民事诉讼法第二百七十四条第八项规定公告送达。自公告送达裁判文书满三个月之日起，经过三十日的上诉期当事人没有上诉的，一审判决即发生法律效力。

**第五百三十三条**　外国人或者外国企业、组织的代表人、主要负责人在中华人民共和国领域内的，人民法院可以向该自然人或者外国企业、组织的代表人、主要负责人送达。

外国企业、组织的主要负责人包括该企业、组织的董事、监事、高级管理人员等。

**第五百三十四条**　受送达人所在国允许邮寄送达的，人民法院可以邮寄送达。

邮寄送达时应当附有送达回证。受送达人未在送达回证上签收但在邮件回执上签收的，视为送达，签收日期为送达日期。

自邮寄之日起满三个月，如果未收到送达的证明文件，且根据各种情况不足以认定已经送达的，视为不能用邮寄方式送达。

**第五百三十五条**　人民法院一审时采取公告方式向当事人送达诉讼文书的，二审时可径行采取公告方式向其送达诉讼文书，但人民法院能够采取公告方式之外的其他方式送达的除外。

**第五百三十六条**　不服第一审人民法院判决、裁定的上诉期，对在中华人民共和国领域内有住所的当事人，适用民事诉讼法第一百七十一条规定的期限；对在中华人民共和国领域内没有住所的当事人，适用民事诉讼法第二百七十六条规定的期限。当事人的上诉期均已届满没有上诉的，第一审人民法院的判决、裁定即发生法律效力。

**第五百三十七条**　人民法院对涉外民事案件的当事人申请再审进行审查的期间，不受民事诉讼法第二百一十一条规定的限制。

**第五百三十八条**　申请人向人民法院申请执行中华人民共和国涉外仲裁机构的裁决，应当提出书面申请，并附裁决书正本。如申请人为外国当事人，其申请书应当用中文文本提出。

**第五百三十九条** 人民法院强制执行涉外仲裁机构的仲裁裁决时，被执行人以有民事诉讼法第二百八十一条第一款规定的情形为由提出抗辩的，人民法院应当对被执行人的抗辩进行审查，并根据审查结果裁定执行或者不予执行。

**第五百四十条** 依照民事诉讼法第二百七十九条规定，中华人民共和国涉外仲裁机构将当事人的保全申请提交人民法院裁定的，人民法院可以进行审查，裁定是否进行保全。裁定保全的，应当责令申请人提供担保，申请人不提供担保的，裁定驳回申请。

当事人申请证据保全，人民法院经审查认为无需提供担保的，申请人可以不提供担保。

**第五百四十一条** 申请人向人民法院申请承认和执行外国法院作出的发生法律效力的判决、裁定，应当提交申请书，并附外国法院作出的发生法律效力的判决、裁定正本或者经证明无误的副本以及中文译本。外国法院判决、裁定为缺席判决、裁定的，申请人应当同时提交该外国法院已经合法传唤的证明文件，但判决、裁定已经对此予以明确说明的除外。

中华人民共和国缔结或者参加的国际条约对提交文件有规定的，按照规定办理。

**第五百四十二条** 当事人向中华人民共和国有管辖权的中级人民法院申请承认和执行外国法院作出的发生法律效力的判决、裁定的，如果该法院所在国与中华人民共和国没有缔结或者共同参加国际条约，也没有互惠关系的，裁定驳回申请，但当事人向人民法院申请承认外国法院作出的发生法律效力的离婚判决的除外。

承认和执行申请被裁定驳回的，当事人可以向人民法院起诉。

**第五百四十三条** 对临时仲裁庭在中华人民共和国领域外作出的仲裁裁决，一方当事人向人民法院申请承认和执行的，人民法院应当依照民事诉讼法第二百九十条规定处理。

**第五百四十四条** 对外国法院作出的发生法律效力的判决、裁定或者外国仲裁裁决，需要中华人民共和国法院执行的，当事人应当先向人民法院申请承认。人民法院经审查，裁定承认后，再根据民事诉讼法第三编的规定予以执行。

当事人仅申请承认而未同时申请执行的，人民法院仅对应否承认进行审查并作出裁定。

**第五百四十五条** 当事人申请承认和执行外国法院作出的发生法律效力的判决、裁定或者外国仲裁裁决的期间，适用民事诉讼法第二百四十六条的规定。

当事人仅申请承认而未同时申请执行的，申请执行的期间自人民法院对承认申请作出的裁定生效之日起重新计算。

**第五百四十六条** 承认和执行外国法院作出的发生法律效力的判决、裁定或者外国仲裁裁决的案件，人民法院应当组成合议庭进行审查。

人民法院应当将申请书送达被申请人。被申请人可以陈述意见。

人民法院经审查作出的裁定，一经送达即发生法律效力。

**第五百四十七条** 与中华人民共和国没有司法协助条约又无互惠关系的国家的法院，未通过外交途径，直接请求人民法院提供司法协助的，人民法院应予退回，并说明理由。

**第五百四十八条** 当事人在中华人民共和国领域外使用中华人民共和国法院的判决书、裁定书，要求中华人民共和国法院证明其法律效力的，或者外国法院要求中华人民共和国法院证明判决书、裁定书的法律效力的，作出判决、裁定的中华人民共和国法院，可以本法院的名义出具证明。

**第五百四十九条** 人民法院审理涉及香港、澳门特别行政区和台湾地区的民事诉讼案件，可以参照适用涉外民事诉讼程序的特别规定。

**二十三、附则**

**第五百五十条** 本解释公布施行后，最高人民法院于 1992 年 7 月 14 日发布的《关于适用〈中华人民共和国民事诉讼法〉若干问题的意见》同时废止；最高人民法院以前发布的司法解释与本解释不一致的，不再适用。

扫一扫，手机阅读更方便