# Yang Supplemental Ex. 7

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

**Date: 2026/09/03**

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- Supp. Ex. 7

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Samuel Wu

Signature of **Samuel Wu**, Managing Director

Questel Confidential: Limited External Use

Contemporary Law Review Volume 5 of 2017

# On the Burden of Producing and Proving Evidence Concerning Negative Facts
## — Focusing on Article 91 of the Interpretation of the Civil Procedure Law

Chen Xiangui*

**Abstract:** Negative facts are facts frequently alleged by parties in litigation, but they cannot be directly equated with negative elements of fact. Given the difficulty of proving negative facts, the allocation of the burden of producing and proving evidence concerning such facts will ordinarily determine the outcome of litigation. Under the rules established by Article 91 of the new Interpretation of the Civil Procedure Law, allocating the burden of proving negative facts is evidently overly stringent for the party bearing the burden of proof and, particularly in litigation characterized by an imbalance in access to evidence, may result in substantive inequality. Accordingly, it is particularly necessary to mitigate this problem through such means as reversal of the burden of proof, shifting of the burden of proof, prima facie proof, reduction of the degree of proof required, strengthening the opposing party's duty of specification, and the duty to elucidate the facts of the case.

**Keywords:** negative facts; negative elements of fact; burden of producing and proving evidence; mitigation of the burden of proof

### Introduction

For a long time, research on the burden of proof in the field of civil procedure law in China has basically focused on positive facts, while discussion of the issue of proving negative facts has been neglected. This is related to the influence of the principle under Roman law that "a person who asserts a positive fact bears the burden of producing evidence concerning that fact; a person who denies a fact (i.e., asserts a negative fact) does not bear the burden of producing evidence concerning that fact" [1]. However, this concept that "negative facts need not (or cannot) be proved by evidence" is not widely accepted in modern civil law scholarship, particularly under the position or framework of the classification of legal elements, where, when such a negative fact constitutes one of the requisite facts for the creation, modification, or extinguishment of a legal relationship, the burden of producing evidence should naturally be borne by the plaintiff or defendant who asserts such negative fact. In judicial practice, although parties are generally required to bear the burden of producing evidence concerning their assertion that "a certain fact exists," under certain circumstances, parties who "deny the existence of a fact" are likewise required to produce evidence and prove it. Generally speaking, negative facts either do not exist or do not exist in an apparent manner and, compared with positive (existence) facts, are more difficult to prove. As the saying goes, "where the burden of producing evidence lies, there lies the risk of losing the case"; accordingly, how to properly allocate the burden of producing evidence concerning negative facts between the opposing parties naturally becomes an important issue in the law of evidence that cannot be overlooked.

With respect to the allocation of the burden of producing and proving evidence, Article 91 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China, promulgated and implemented in February 2015 (hereinafter referred to as the "Interpretation of the Civil Procedure Law"), provides: "The people's court shall determine, in accordance with the following principles, which party bears the burden of producing and proving evidence, except as otherwise provided by law: (1) A party asserting the existence of a legal relationship shall bear the burden of producing and proving evidence concerning the basic facts giving rise to such legal relationship; (2) A party asserting the modification or extinguishment of a legal relationship, or impairment of rights, shall bear the burden of producing and proving evidence concerning the basic facts constituting such modification or extinguishment of the legal relationship, or impairment of rights."

---

* Lecturer, School of Law, Huaqiao University; Research Fellow, Research Center for Local Rule of Law, Huaqiao University; Doctor of Law. This article is a phased achievement of the Youth Scholars Growth Program in Philosophy and Social Sciences of Huaqiao University (16SKGC-QT06), funded by the Fundamental Research Funds for the Central Universities.
[1] See Luo Yongjia: On the Burden of Proof in Civil Litigation, Commercial Press Co., Ltd., 1995 edition, p. 72.



© 1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

This provision is clearly based on Rosenberg's theory of the classification of legal elements in determining the allocation of the burden of proof. [2] Allocating the burden of producing and proving evidence in this manner is appropriate and feasible under ordinary circumstances, and, compared with the theory of the field of danger, the theory of probability, or the theory of increased risk, it is more consistent with the requirement of legal certainty.

However, in particular cases, especially in litigation characterized by an imbalance in access to evidence, this formal allocation standard does not adequately take into account the relevant substantive factors affecting the allocation of the burden of producing and proving evidence (such as the difficulty of producing evidence), and may even consequently result in injustice in individual cases. With respect to negative facts, because they generally have not occurred, facts concerning non-occurrence are often difficult to prove. For example, "the debtor's failure to exercise its due claim" is a requisite fact for a creditor to exercise the right of subrogation, whereas "the publisher or producer of a reproduction, without obtaining the lawful authorization of the copyright owner, publishes or produces the copyright owner's work" is a requisite fact constituting the unlawfulness of the conduct. In accordance with Article 91 of the Interpretation of the Civil Procedure Law, the creditor asserting the right of subrogation should therefore bear the burden of producing evidence that the debtor has failed to assert its claim against the sub-debtor, while the copyright owner asserting compensation for infringement should also provide evidence proving that the publisher or producer did not obtain lawful authorization. However, because the foregoing facts are, by their nature, negative facts, it is in fact difficult for the creditor exercising the right of subrogation or the copyright owner bearing the burden of producing evidence to discharge the corresponding burden of producing evidence, and this is so regardless of whether indirect proof or presumptive proof is employed, making it difficult to establish the requisite conviction in the mind of the judge. In this regard, discussion in Chinese legal scholarship remains scarce or relatively cursory. In view of this, this article primarily draws upon the relevant legislation, practice, and scholarship of civil law countries and regions, cautiously making reference to, supplementing, and analyzing such materials in conjunction with the provisions of current law and relevant judicial interpretations, and attempts to propose corresponding solutions.

## I. Definition of Negative Facts

Facts in litigation have traditionally been divided into positive facts and negative facts. In essence, positive facts and negative facts constitute a pair of relationships that are mutually polar or mutually opposite.[3] As for what constitutes a negative fact, this is in fact neither a clear nor a self-evident question. On the contrary, there has long been considerable controversy over this issue in the field of legal scholarship. Some scholars maintain that the "negative" in negative facts does not refer to the fact itself, but rather to the negative evaluation resulting from subjecting the fact to an evaluative activity. [4] For example, the fact that a certain man has reached the age of 18 may, under the General Principles of the Civil Law, be evaluated as establishing capacity for civil conduct and thus constitute a positive fact; whereas under the Marriage Law, he would lack the capacity to enter into marriage, and the same fact would therefore constitute a negative fact. Some scholars maintain that a negative fact is a fact that negates or does not exist. [5] For example, A submits a witness to prove the fact that A did not appear at a certain place on a certain date. Other scholars have also included within the scope of negative facts facts that do not conform to a particular legal value judgment, such as a person's lack of imputability with respect to the occurrence of a certain event (e.g., absence of fault). [6] These formulations define negative facts from different perspectives and may not necessarily be sufficiently comprehensive.

What is particularly confusing is whether negative facts can be equated with negative elements of fact? Or, are the facts corresponding to negative elements under substantive-law provisions themselves negative facts? This is an important issue that scholars may overlook or conflate in relevant discussions. Of course, this also involves the issue of distinguishing the elements of legal norms into negative elements and positive elements. In this regard, not only are there different views in theory, but it is also far from easy in practice. First, from a logical perspective, if logical negative judgment is used as the criterion, then "A is not B" constitutes a negative judgment, whereas if it is expressed as "A is not B," it may constitute a positive judgment; similarly, "A lacks the capacity to make payment" is a negative judgment, whereas "A does not have the capacity to make payment" may constitute a positive judgment. Second, from the perspective of the wording used in legal norms, if

---

[2] Article 91 adopts a new concept, namely, the "burden of producing and proving evidence." The introduction of this concept does not alter the nature or attributes of the system of the burden of proof, but rather attempts to unify the two types of burdens borne by the parties. This is because when referring to the allocation of the burden of producing and proving evidence, what is ordinarily allocated is the burden in the sense of the outcome of the allocation, rather than the burden of producing evidence; the burden of producing evidence often cannot be allocated in advance. Accordingly, this article does not make a particular distinction between the two. See Li Hao: "Several Evidentiary Issues in the Interpretation of the Civil Procedure Law," in Xu Shaobo (ed.): Preachers of the Rule of Law: Lectures at Huayuan by Renowned Legal Scholars, China Democracy and Legal System Publishing House, 2015 edition, pp. 105–106, 112.

[3] Some scholars maintain that negative facts and positive facts are not mutually conflicting but mutually unified. Negative facts exist in dependence upon positive facts, and positive facts constitute the premise and condition for the existence of negative facts; only after positive facts have been established can negative facts be established. See Li Xiufen: "Characteristics of Negative Facts from the Perspective of Proof in Litigation," Legal Forum, No. 4, 2006, p. 92.

[4] See Jiang Shiming: Burden of Proof and Degree of Proof, New Sharing Publishing Co., Ltd., 2008 edition, p. 9.

[5] See Yang Jian and Dou Yumei: "On the Proof of Negative Elements of Fact," Application of Law, No. 7, 2007, p. 55.

[6] See supra note [4], Jiang Shiming, p. 10.



© 1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

the elements of a legal norm described in negative terms are regarded as negative elements, then expressions such as "lack of capacity to make payment," "lack of capacity to enter into a contract," "lack of capacity to perform juristic acts," "lack of solvency," and "lack of conditions" would all constitute negative elements; if the terms are adverbs or expressions used in a non-evaluative sense, such as exclusion, negligence, bad faith, fault, and absence of fault, it is difficult to determine whether they constitute negative elements or positive elements. [7]

In conjunction with Rosenberg's "theory of the classification of legal elements," the elements of legal norms should naturally be divided into elements giving rise to rights, elements precluding rights, elements extinguishing rights, and elements restricting rights (which, pursuant to Article 91 of the Interpretation of the Civil Procedure Law, may be expressed as elements giving rise to rights, elements modifying rights, elements extinguishing rights, and elements impeding rights). From a narrow perspective, elements precluding rights (such as lack of capacity for civil conduct), elements impeding rights (such as performance or discharge of an obligation), and elements restricting rights (such as the contractual obligation not yet having fallen due for performance and the exercise of the defense of prior performance) actually produce a negative effect on elements giving rise to rights and may therefore be regarded as negative elements. However, if negative elements are understood in a broad sense, elements giving rise to rights may also appear in the form of negative judgments or negative elements, such as the "absence of a legal basis" in unjust enrichment, "impossibility of performance" or "incomplete performance" in non-performance of an obligation, omissions in tort, and the "exceptions in provisos" in legal norms; meanwhile, positive judgments may also exist in provisions precluding rights, provisions extinguishing rights, and provisions restricting rights (such as the facts asserted by a debtor in claiming set-off), and these may therefore be regarded as positive elements.

In sum, due to such factors as the limitations of language and written expression, limitations in legislative technique, the needs of the purposes underlying legal provisions, and specific legislative purposes or value premises, negative elements are extensively employed in substantive law and are not limited to provisions precluding rights. Therefore, strictly speaking, the facts corresponding to negative elements are not necessarily negative facts, and thus, in litigation, they should be interpreted and determined according to the substantive-law provisions involved in the particular case. If negative facts are defined as the non-existence of a certain fact or a fact having an opposite factual evaluation, the facts to be proved may exist in either negative elements or positive elements, and the facts in negative elements do not necessarily all constitute negative facts. In particular, the rebuttal evidence submitted by the opposing party that does not bear the burden of producing evidence often concerns "opposite facts"; if such facts are also included within the scope of negative facts, the scope of negative facts would appear to have no clear boundaries. Based on this, the negative facts referred to in this article mean that the subject matter to be produced and proved by the party legally bearing the burden of producing and proving evidence (the object of principal evidence), regardless of whether its nature falls within the elements giving rise to rights, elements modifying rights, elements extinguishing rights, or elements impeding rights as provided in Article 91 of the Interpretation of the Civil Procedure Law, constitutes a negative fact if it involves the non-existence of a certain fact or the non-existence of a certain legal evaluation result. Furthermore, among negative elements, facts concerning natural facts or natural processes (such as a child born out of wedlock), subjective reactions or internal processes (such as not knowing or not desiring), the conduct of an actor (such as an omission, non-performance of a contract, or failure to perform a contract properly), the non-existence of a legal relationship (such as the absence of a legal basis for unjust enrichment, the absence of a statutory or agreed obligation in negotiorum gestio, lack of capacity for civil conduct, lack of capacity to enter into a contract, and lack of authority to act as an agent), and legal value judgments (such as lack of imputability), if they constitute matters subject to principal evidence, are negative facts discussed in this article, thereby excluding the possibility that opposite facts in rebuttal evidence may constitute negative facts.

## II. Allocation of the Burden of Producing and Proving Evidence Concerning Negative Facts

In specific civil litigation, the facts asserted by the parties often involve negative facts such as "the non-existence of a certain fact." How such "non-existent facts" should be proved has long been a difficult problem that has troubled legal scholarship, to the extent that some scholars have considered requiring a party asserting a negative fact to bear the burden of producing evidence to be "entirely unreasonable" [8]. This article maintains that, although negative facts are generally very difficult to prove through direct evidence, they are not absolutely incapable of proof and, in fact, may quite possibly be proved through indirect proof and other means. Professor Yao Ruiguang, a scholar in Taiwan, maintains that "negative facts may be proved by indirect evidence or circumstantial evidence and are not absolutely incapable of being proved; for example, where an act of making an advertising statement can be completed only with certain equipment, if the advertiser can prove that the actor does not possess such equipment or equipment available for use, it may be said that the advertiser has proved the negative fact that the actor cannot complete the act." [9] Therefore, in a specific case, if a negative fact constitutes a requisite fact and thus becomes a fact to be proved,

---

[7] See supra note [4], Jiang Shiming, p. 4.
[8] See Li Hao: "Reversal of the Burden of Proof: Doctrinal Analysis and Problem Studies", Law and Social Development, No. 4, 2003, p. 89.
[9] Yao Ruiguang: Treatise on Civil Procedure Law, Great China Book Co., 2000 edition, p. 378.



© 1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

the party asserting the negative fact shall nevertheless bear the burden of producing evidence concerning such fact. [10]

(I) General Rule: Article 91 of the Interpretation of the Civil Procedure Law

Article 91 of the Interpretation of the Civil Procedure Law establishes the rule for the allocation of the burden of producing and proving evidence, namely, that the party asserting the existence of a right shall bear the burden of producing evidence concerning the norm giving rise to the right; the opposing party denying the existence of the right shall bear the burden of producing and proving evidence concerning the norms modifying the right, extinguishing the right, and impeding the right. The jurisprudential basis for this allocation rule, namely, the "theory of the classification of legal elements," distinguishes legal norms of different natures according to the structure of statutory provisions. With respect to negative elements, the manner in which they are provided for in statutory provisions, when negative facts are involved, directly affects the allocation of the burden of producing and proving evidence concerning such negative facts.

Generally speaking, the reason why a certain negative fact serves as a requisite fact under a legal norm often lies in certain value premises under substantive law. Therefore, viewed from the perspective of substantive law, there are mainly two circumstances concerning the relationship between negative facts and the rules for allocating the burden of producing and proving evidence: (1) If the legislature has presupposed that the difficulty of producing evidence concerning a negative fact should be borne by a particular party, then, regardless of whether the element is an element giving rise to a right, an element modifying a right, an element extinguishing a right, or an element impeding a right, the difficulty of producing evidence concerning such element should primarily be borne by the party bearing the burden of producing evidence, as this is consistent with the legislative intent; (2) If the legislature did not presuppose a principle for allocating the burden of producing and proving evidence when drafting the statutory provision, then whether the negative fact in that provision should be regarded as an element giving rise to a right, an element modifying a right, an element extinguishing a right, or an element impeding a right often requires resort to legal interpretation. For example, Article 34 of the Property Law of the People's Republic of China provides that a claim for the return of the original property requires the opposing party's "unauthorized possession" as an element constituting the claim; whether this element belongs to an element giving rise to a right or an element impeding a right should be appropriately interpreted in the specific case. Once a negative fact has been determined by a legal norm, the burden of producing and proving evidence may then be allocated in accordance with Article 91 of the Interpretation of the Civil Procedure Law: that is, if such negative fact constitutes a requisite fact giving rise to a right, the party asserting the existence of the right shall bear the burden of producing and proving evidence; if such negative fact constitutes a requisite fact modifying a right, extinguishing a right, or impeding a right, the party denying the existence of the right shall bear the burden of producing evidence.

(II) Special Rule: Mitigation of the Burden of Producing Evidence

In accordance with Article 91 of the Interpretation of the Civil Procedure Law, when the occurrence of a certain legal effect is premised on a certain negative fact as a requisite fact, the party asserting the occurrence of such legal effect shall bear the burden of producing evidence concerning such negative fact. In consideration of legal certainty, even if the party bearing the burden of producing evidence encounters difficulty in producing evidence concerning such negative fact, this does not necessarily result in a need to alter the allocation of the burden of producing evidence. However, in certain special (types of) cases, such an approach may be unduly harsh for the party bearing the burden of producing evidence and may even result in substantive injustice. [11] In view of this, if a party encounters difficulty in producing evidence concerning a negative fact it has asserted, and such difficulty was not intentionally contemplated by the legislature (legislative presupposition), and there is likewise no legitimate reason for the adjudicator to subject the party bearing the burden of producing evidence to unduly harsh treatment, it is indeed necessary, based on such principles as equality of arms, proximity to evidence, good faith, and the duty to cooperate, to consider mitigating the burden through measures for mitigation of the burden of producing evidence. [12]

The wording "except as otherwise provided by law" in Articles 90 and 91 of the Interpretation of the Civil Procedure Law in fact leaves room for the possible application of mitigation of the burden of producing evidence. In the view of this article, the methods for mitigating the burden of producing evidence generally include reversal of the burden of producing evidence, transfer of the burden of producing evidence, prima facie proof, lowering the standard of proof, and strengthening the opposing party's duty of specification and duty to elucidate the facts of the case.

1. Reversal of the Burden of Producing Evidence

Reversal of the burden of producing evidence refers to a situation in which, after the burden of producing evidence has been allocated between the parties in accordance with the theory of the classification of legal elements, the party that, according to such allocation, would originally bear the burden of producing evidence concerning the existence of a certain legal requisite fact is instead required to bear the burden of producing evidence concerning the non-existence of that fact. [13] Reversal of the burden of producing evidence generally occurs in tort litigation. By reversing the burden of producing evidence concerning "fault" and "causation," that is, the risk of losing with respect to the principal facts, it serves to realize the legislative function or purpose undertaken by tort law of compensating victims for their losses and restraining tortious conduct.

As for the necessity of reversing the burden of producing evidence concerning negative requisite facts,

[10] See supra note 〔1〕, Luo Yongjia, p. 73.

[11] See Qiu Lian'gong: Lectures on Civil Procedure Law (III), compiled by Xu Shihuan, 2003 edition of lecture notes, p. 212.

[12] See supra note [4], Jiang Shiming, p. 24.

[13] See supra note [8], Li Hao, p. 87.



© 1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

on the one hand, it stems from the inadequate consideration, under the theory of the classification of legal elements, of substantive factors affecting the allocation of the burden of producing evidence, which necessitates introducing "the relative difficulty of producing evidence" as a substantive consideration and changing the allocation result under the theory of the classification of legal elements through reversal of the burden of producing evidence; on the other hand, it lies in promoting the realization of the spirit of substantive law and fairness and justice. In fact, the current substantive laws and relevant judicial interpretations have also recognized certain circumstances in which the burden of producing evidence concerning negative facts is reversed. For example, Article 126 of the General Principles of the Civil Law provides that, where a building or other structure, or an object placed or suspended on a building, collapses, falls off, or drops and thereby causes damage to another person, its owner or manager, if seeking exemption from liability, shall bear the burden of producing evidence of his or her "absence of fault." Article 61, paragraph 1, of the Patent Law provides that, where a patent infringement dispute involves an invention patent concerning a manufacturing process for a new product, the entity or individual manufacturing the same product shall provide evidence that "the manufacturing process of its product is different from the patented process." Article 53 of the Copyright Law provides that, where the publisher or producer of a reproduction cannot prove that its publication or production was lawfully authorized, and where the distributor of the reproduction, or the lessor of a reproduction of a cinematographic work or a work created by a process similar to cinematography, computer software, or an audio or video recording, "cannot prove that the reproduction it distributes or leases has a lawful source," it shall bear legal liability. In addition, pursuant to the Provisions of the Supreme People's Court on Several Issues Concerning the Application of the Contract Law of the People's Republic of China (I), when a dispute arises as to whether the debtor's "failure to exercise a due claim" constitutes the requisite fact for exercising the right of revocation, the burden of producing evidence is not borne by the creditor asserting such fact, but rather by the sub-debtor denying such fact, who shall bear the burden of producing evidence that the debtor did not fail to exercise its due claim.

However, the types and scope of the "negative facts" for which the current laws and relevant judicial interpretations provide for reversal of the burden of producing evidence are relatively limited, and may in the future be expanded through legislation and judicial interpretations so as to ensure the stability and predictability of the application of law. Moreover, because laws and judicial interpretations cannot possibly exhaust all circumstances in which reversal of the burden of producing evidence is necessary, and because there is indeed a need for such reversal, this is closely related to the relative proximity of the parties in a particular case to the evidence and their respective capacities to prove the facts. [14] Therefore, in theory, the issue inevitably arises as to whether reversal of the burden of producing evidence may be applied through an agreement between the parties or at the discretion of the judge, thereby reallocating the burden of producing evidence concerning negative facts (the assumption of litigation disadvantage and litigation risk). This article maintains that where the parties themselves agree to reverse the burden of producing evidence, such agreement constitutes an act whereby the parties dispose of substantive rights through the disposition of evidence and falls within the scope of the principle of party disposition; the court may determine the validity of a contract for reversal of the burden of producing evidence in accordance with the principle of party disposition and the principle of good faith in litigation, and there is no need to prohibit or unduly restrict such agreements. Of course, because reversal of the burden of producing evidence must be accomplished through value judgments and a balancing of interests, whether an appropriate determination can be made is greatly related to such factors as the judge's legal competence, social experience, practical experience, capacity for discernment, and value preferences. Therefore, while authorizing judges to exercise discretion in reversing the burden of producing evidence, appropriate controls should also be imposed on the exercise of such discretionary power. [15]

2. Transfer of the Burden of Producing Evidence

The so-called transfer of the burden of proof refers to a situation in which, pursuant to the general rules for allocating the burden of producing evidence, the burden of producing evidence concerning a fact to be proved is allocated to a particular party, but, due to an agreement between the parties, a statutory provision, or a rule developed in practice, such burden of producing evidence is transferred to the opposing party. [16] Similar to reversal of the burden of producing evidence, transfer of the burden of producing evidence likewise constitutes an adjustment to the general rules for allocating the burden of proof that may otherwise lead to improper application, and transfers part of the burden of proof from the party bearing the burden of producing evidence to the party that does not bear the burden of producing evidence. [17]

From the foregoing concept, transfer of the burden of producing evidence includes three types: agreed (consensual) transfer of the burden of producing evidence, statutory transfer of the burden of producing evidence, and transfer of the burden of producing evidence developed in practice. Agreed transfer of the burden of producing evidence is a type of procedural contract and refers to a situation in which, through a burden-of-producing-evidence agreement, the parties change the allocation under which one party should, as a matter of law, bear the burden of producing evidence concerning a particular requisite fact, and instead place such burden on the opposing party, namely, a burden-of-producing-evidence agreement. [18] Statutory transfer of the burden of producing evidence refers to a situation in which, after the allocation of the burden of producing evidence has been determined through the characterization of the legal norm and application of the general principles for allocating the burden of producing evidence, the resulting allocation may impose an unforeseeable difficulty of proof on the party bearing the burden of producing evidence; based on such legal principles as equality of arms and the principle of good faith, the allocation resulting from such determination is adjusted, at the time of legislation or through the development of practice,

[14] See Tang Weijian: "On Reversal of the Burden of Producing Evidence in Civil Litigation," Application of Law, No. 6, 2002, pp. 8–9.

[15] Professor Li Hao maintains that the judge's discretionary power may be controlled by such methods as informing the parties in advance of the circumstances in which the burden of producing evidence will be reversed, re-designating a period for producing evidence for the party that assumes the burden of producing evidence as a result of such reversal, and explaining in detail the reasons for the reversal in the judgment. See supra note [8], Li Hao, p. 92.

[16] See Jiang Shiming: Examples and Studies of Civil Evidence Law (I), Xuelin Publishing Co., Ltd., 2005 edition, p. 266.

[17] For a detailed discussion of the differences between the two, see Tang Weijian: "On Reversal of the Burden of Producing Evidence in Civil Litigation", Application of Law, No. 6, 2002, p. 6.

[18] See Jiang Shiming: Examples and Studies of Civil Evidence Law (II), Xuelin Publishing Co., Ltd., 2006 edition, p. 77.



© 1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

with respect to certain types of events, thereby transferring the burden of producing evidence to the party that originally did not bear the burden of producing evidence. [19] For example, paragraph 2 of Article 187 of the "Civil Code" of Taiwan provides: "In the circumstances referred to in the preceding paragraph, if the statutory agent has not been remiss in his or her supervision, or if the damage nevertheless could not have been avoided even with appropriate supervision, the statutory agent shall not be liable for compensation." Another example is the provisions of Articles 33 and 38 of the Tort Liability Law of the mainland region concerning the obligation to provide compensation without fault or exemption from liability. The types of transfer of the burden of producing evidence developed in practice are relatively common in German jurisprudence, which depends upon a profound understanding of the necessary distinction between transfer of the burden of producing evidence and the necessity of producing evidence. Based on the foregoing, the understanding commonly held by scholars in mainland China that "the system for transferring the burden of producing evidence refers to a transfer determined by a judge based on circumstances arising in an actual case that may result in an imbalance in the allocation of the burden of producing evidence"[20] is inevitably one-sided.

Whether the burden of producing evidence concerning negative facts may likewise be adjusted through the system for transferring the burden of producing evidence has long been the subject of considerable controversy. The mainstream view in German academic and practical circles holds that the rules for allocating the burden of producing evidence concerning negative facts are generally not automatically transferred merely because of the difficulty encountered by the person bearing the burden of producing evidence in proving such facts, but may be transferred only where the party bearing the burden of producing evidence can no longer prove the negative fact or encounters difficulty in proving it, such transfer will not cause unfairness to the opposing party, and such transfer does not conflict with the wording or purpose of the positive law. [21] Accordingly, the transfer of the burden of producing evidence concerning negative facts should at least include three requirements: (1) It is no longer possible to produce evidence concerning the negative fact, or difficulty exists in producing such evidence. Such impossibility must be objective impossibility, rather than subjective impossibility (failure to exhaust the necessary means or efforts) or impossibility subjectively caused by the party itself. As for the degree of difficulty required, how it should be assessed may vary from case to case, but at a minimum, it should be premised on the exhaustion of all necessary means or efforts. (2) The transfer of the burden of producing evidence will not cause unfairness to the opposing party; that is, after the burden of producing evidence has been transferred, it must be entirely possible for the opposing party, in turn, to produce evidence concerning the corresponding positive fact; or the difficulty in producing such evidence must have been entirely caused by the opposing party. For example, the duties to produce documents provided for in Articles 421–432 of the German Code of Civil Procedure, Article 75 of the Provisions on Evidence, Article 112 of the Interpretation of the Civil Procedure Law, and Articles 344 and 345 of the "Code of Civil Procedure" of Taiwan. (3) It does not conflict with the wording or spirit of the positive law. If substantive law has already presupposed the difficulty of producing evidence concerning a negative fact and intentionally made the occurrence of a right dependent upon such negative (requisite) fact, this means that the legislative intent is to increase the difficulty of producing evidence for the person asserting the right, thereby correspondingly reducing the burden of the party that does not bear the burden of producing evidence. In such circumstances, the burden of producing evidence concerning the negative fact may not be transferred.

In China, due to the traditional emphasis on substantive law over procedural law, as well as the long-standing separation and disconnection between substantive law and procedural law in legislation, research, and teaching, there has been insufficient recognition that provisions of substantive law may have procedural significance, particularly significance under the law of evidence, and that provisions of procedural law may have value under substantive law, and the effect of two-way linkage and intercommunication between substantive law and procedural law has therefore never been achieved. [22] With respect to substantive law, there inevitably exist problems in which provisions giving rise to rights or provisions impeding rights have not been reasonably regulated, and thus various uncertainties or difficulties may inevitably arise in the application of such provisions. In view of this, with respect to the allocation of the burden of producing evidence under substantive-law provisions, the issue should primarily be resolved through doctrinal interpretation; however, if a substantive-law provision treats a negative fact as a requisite element and there is no specific value presupposition or legislative expectation, then transferring the burden of producing evidence through doctrinal interpretation in a manner consistent with fairness and justice is of important significance.

3. Prima Facie Proof

Prima facie proof is a rule developed in Germany through judicial precedents during the era of the Imperial Court and subsequently through the judicial precedents of the Federal Court of Justice. Its basic meaning refers to a process of proof in which the court, by applying rules of experience having a high degree of probability, infers, from certain facts that have already been established, the fact to be proved that constitutes the subject matter of proof, with respect to events that repeatedly occur or processes involving typical occurrences. [23] For example, where a motor vehicle rushes onto a pedestrian lane, causing several pedestrians to be injured, according to general experience of everyday life, if there is no other special cause (such as a sudden failure of the brakes), it may be inferred that the driver was at fault. Similarly, where a doctor leaves a piece of gauze inside a woman after performing a cesarean section, the fact that the gauze was left inside the woman may support an inference that the doctor was negligent.

It is generally considered that prima facie proof is, in essence, a matter of the judge's application of rules of experience within the scope of the judge's free evaluation of evidence, and therefore falls within the category of evidence evaluation.

[19] See supra note [4], Jiang Shiming, p. 24.
[20] See Cheng Chunhua: "Allocation of the Burden of Producing Evidence, Reversal of the Burden of Producing Evidence, and Transfer of the Burden of Producing Evidence", Modern Law Science, No. 2, 2008, p. 104.
[21] See supra note [4], Jiang Shiming, p. 26.
[22] See Zhang Weiping: "Reflections on the Impoverishment of the Study of Civil Procedure Law", Tsinghua Law Review, No. 2, 2014, p. 29.
[23] See Chen Rongzong and Lin Qingmiao: Civil Procedure Law, Sanmin Book Co., Ltd., 2005 edition, p. 490.



© 1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

The application of prima facie proof must satisfy two requirements simultaneously: a typical sequence of events (where, based on experience, a particular cause may be preliminarily established as producing a particular result) and a rule of experience. It is primarily applicable to requisite facts concerning causation and imputability, and in particular serves to mitigate the burden of producing evidence where a victim or creditor encounters difficulty in producing and proving evidence that the tortfeasor or debtor is imputable. In such circumstances, the burden of producing evidence concerning causation and imputability is not transferred, but continues to be borne by the party that originally bears the burden of producing evidence. The opposing party, on the other hand, is subject to the burden of producing rebuttal evidence and succeeds in producing evidence merely by submitting evidence sufficient to place the existence of causation and imputability in a state of uncertainty in the judge's mind, without having to prove from the opposite perspective that causation and imputability do not exist. If reversal of the burden of producing evidence were implemented, however, the opposing party would be required to bear the burden of producing and proving evidence that causation does not exist and that there is no imputability. [24]

Based on this, the key to determining how prima facie proof may apply to the evidentiary activity of a tortfeasor or debtor in proving that the tortfeasor or debtor itself is not imputable lies in whether there are relevant typical factual manifestations and rules of experience. If the fact to be proved is a negative fact, and there are typical factual manifestations and rules of experience, there is no theoretical obstacle to applying prima facie proof to such negative fact. However, with respect to certain negative facts, the legislature intends to increase the difficulty of producing evidence for the party bearing the burden of producing evidence; in such circumstances, there is no possibility of applying prima facie proof.

4. Lowering the Standard of Proof

The so-called standard of proof refers to the degree that must be attained through the use of evidence to prove the facts of a case, and is therefore also referred to as the degree of proof. The degree of proof refers to the minimum threshold that the judge's state of mind must reach when, in litigation, the judge is required to regard a fact to be proved as true [25], or the minimum degree of the judge's inner conviction required to determine whether the fact in dispute exists [26]. Articles 108 and 109 of the Interpretation of the Civil Procedure Law in fact establish three levels of the standard of proof: high probability, exclusion of reasonable doubt, and uncertainty as to the truth or falsity. The first two levels concern the standard of proof for principal evidence, while the latter level concerns the standard of proof for rebuttal evidence. Accordingly, the evidence submitted by the party bearing the burden of proof should attain a relatively high degree of proof (inner conviction), whereas the rebuttal evidence submitted by the opposing party that does not bear the burden of proof need only reach a level sufficient to place the existence of the fact established by the principal evidence in a state of uncertainty as to its truth or falsity.

Then, on the premise that the burden of producing evidence remains unchanged, may lowering the standard of proof be used as a means of mitigating the burden of producing evidence concerning negative facts? This article maintains that, with respect to the standard of proof required for principal evidence (full proof), when a negative fact constitutes the fact to be proved, if adherence to a standard of proof requiring "inner conviction" or even exclusion of reasonable doubt would render the task virtually impossible for the party bearing the burden of producing evidence, thereby inevitably preventing the realization or protection of a right or legally protected interest, then, provided that this does not conflict with an express statutory provision or the spirit of the law, consideration may be given to lowering the standard of proof. It is generally considered that Article 287 of the German Code of Civil Procedure, concerning the "determination of the amount of damages," is a typical example of lowering the standard of proof. Article 109 of the Interpretation of the Civil Procedure Law of China provides that, with respect to the fact of fraud, if such fraudulent conduct is committed by way of silence, the party asserting the occurrence of the legal effect of revocation should assert and produce evidence proving such negative fact (fraud by silence), while the opposing party should state the fact that it has fulfilled its duty to provide an explanation in accordance with its obligations, and the party bearing the burden of producing evidence should rebut such statement; in such circumstances, it is not necessary to attain the standard or requirement of inner conviction.

5. Strengthening the Opposing Party's Duty of Specification

The so-called duty of specification refers to the requirement that, with respect to the requisite facts underlying a party's assertions, defenses, or disputes, the party shall, to the greatest extent possible, state or explain such facts in a detailed, specific, and particularized manner. [27] The duty of specification requires that a party's statements may not be fabricated or based on conjecture out of thin air, but should have a rational basis and evidentiary leads, and should be specific, detailed, and clear, thereby causing such statements to have the effect of particularization. [28] Article 71 of the Civil Procedure Law of China provides: "With respect to statements made by the parties, the people's court shall, in conjunction with other evidence in the case, examine and determine whether such statements may serve as a basis for determining the facts. A party's refusal to make a statement shall not affect the people's court's determination of the facts of the case on the basis of the evidence." It may be inferred from the legislative logic of this provision that a party should make active and particularized statements concerning the requisite facts it asserts; otherwise, adverse legal consequences will inevitably arise. This in fact implicitly incorporates the specific requirements of the duty of specification. Article 119 of the Civil Procedure Law expressly provides that, when filing an action, a party shall state in the complaint "specific claims and the facts and grounds" thereof;

[24] See supra note [8], Li Hao, p. 93.
[25] See supra note [11], Qiu Lian'gong, p. 190.
[26] See Huang Guochang: New Developments in the Theory of Civil Procedure, Peking University Press, 2005 edition, p. 80.
[27] See Chen Xiangui: "The Duty of Specification of the Parties," Science of Law, No. 4, 2015, p. 177.
[28] See Hu Yaqiu: "On the Chinese Approach to the Duty of Specification of the Parties in Civil Litigation," Tsinghua Law Review, No. 6, 2013, p. 35.



© 1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

in conjunction with the provisions and underlying implications of Article 90 and other relevant provisions of the Interpretation of the Civil Procedure Law, it may be said that the duty of specification has been preliminarily established in China. [29]
According to the requirements of the duty of specification, as for the party bearing the burden of producing evidence, it naturally goes without saying that such party should clearly and specifically state the grounds for its assertions. With respect to producing evidence concerning negative facts, if this does not conflict with an express provision of law or the legislative purpose, the opposing party that does not bear the burden of producing evidence may, within a certain scope, be required to make a specific statement concerning the opposite fact corresponding to such negative fact. For example, with respect to "absence of a legal basis" in non-payment-type unjust enrichment, should the opposing party that does not bear the burden of producing evidence (the debtor) instead be required to state its legal basis (such as a gift or payment of the purchase price in a sale), with the party bearing the burden of producing evidence (the creditor) then rebutting such legal basis? [30] Of course, in applying the duty of specification of the opposing party that does not bear the burden of producing evidence, particular attention should be paid to avoiding the effect of transferring the burden of producing evidence.
6. Imposing a Heavier Duty to Elucidate the Facts of the Case on the Opposing Party
The so-called duty to elucidate the facts of the case refers to the duty of a party, for purposes of clarifying the facts, to state (explain) the relevant facts favorable and unfavorable to it, as well as the duty to submit relevant evidentiary materials (documents, objects for inspection, etc.) or to tolerate inspection for purposes of clarifying the facts. [31] It is generally considered that the duty of the party that does not bear the burden of producing evidence to elucidate the facts of the case is intended to provide relief to the party that bears the burden of producing evidence but has nevertheless encountered difficulty in producing evidence, thereby realizing equality of arms in litigation. [32] With respect to producing evidence concerning negative facts, when such negative fact becomes a fact to be proved and is in a state of uncertainty as to its truth or falsity, if the party that should bear the burden of producing evidence encounters difficulty in producing evidence for reasons not attributable to itself, then, provided that this does not conflict with an express provision of law or the legislative purpose, the opposing party that does not bear the burden of producing evidence and has knowledge of the facts of the case or possesses relevant evidentiary materials may be required to perform the duty to elucidate the facts of the case, as a means of mitigating the burden of producing evidence. In accordance with Articles 15, 16, and 17 of the Provisions on Evidence, paragraph 2 of Article 64 of the Civil Procedure Law, and Article 94 of the Interpretation on the Application of the Civil Procedure Law, where difficulty in producing evidence on the part of the party bearing the burden of producing evidence is caused by an imbalance in access to evidence, the court may, upon application by a party or on its own initiative, investigate and collect evidence concerning the facts of the case; in conjunction with Articles 75 of the Provisions on Evidence and 112 and 113 of the Interpretation of the Civil Procedure Law, these provisions may likewise constitute the legal basis and foundation for the effectiveness of the parties' duty to elucidate the facts of the case.

## Conclusion

As the object or subject matter of principal evidence, negative facts are facts commonly encountered in the practice of civil litigation. Although negative facts present considerable difficulty in producing and proving evidence, they nevertheless can (and may) be proved. The rule concerning the burden of producing and proving evidence established by Article 91 of the Interpretation of the Civil Procedure Law on the basis of Rosenberg's theory of the classification of legal elements, although feasible under general circumstances, is also relatively consistent with the requirement of legal certainty. That is, if such difficulty in producing evidence is a legislative presupposition intentionally contemplated by the legislature or is consistent with a specific regulatory purpose, the allocation of the burden of proof should comply with the intent of Article 91; otherwise, based on such principles as equality of arms, proximity to evidence, the principle of good faith, the duty to cooperate, and even substantive equality or justice, it is indeed necessary to permit interpretation or judicial discretion on a case-by-case basis, and consideration may therefore be given to appropriately mitigating the application of Article 91 through measures for mitigating the burden of producing and proving evidence. Of course, the measures for mitigating the burden of producing and proving evidence enumerated in this article may still warrant further reconsideration in terms of legal theory, institutional development, or practical application. Due to limitations of space, this issue will be addressed separately in another article and will not be elaborated upon here.

Responsible Editor: Huo Haihong

[29] See supra note [27], Chen Xiangui, p. 183.
[30] See Jiang Shiming: New Treatise on the Law of Evidence, Xinxuelin Publishing Co., Ltd., 2004 edition, p. 319.
[31] See supra note [4], Jiang Shiming, p. 110.
[32] See Chen Xiangui and Lin Zhijie: "On the Duty of the Party Not Bearing the Burden of Producing Evidence to Elucidate the Facts of the Case," Journal of Henan University of Economics and Law, No. 6, 2015, pp. 102–103.



© 1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

# 论消极事实的举证证明责任
## ——以《民诉法解释》第 91 条为中心

陈贤贵*

内容提要：消极事实是当事人在诉讼中经常主张的事实，但并不能直接视同为消极要件事实。基于消极事实的证明难度，其举证责任的分配通常就决定了诉讼的胜负结果。根据新《民诉法解释》第 91 条确立的规则来分配消极事实的证明责任，对于负举证责任一方当事人而言显然过于严苛，尤其是在证据偏在型诉讼中，可能导致实质的不平等。为此，通过举证责任倒置、举证责任转换、表见证明、证明度降低、强化相对人的具体化义务及事案解明义务等方式加以缓和，殊为必要。

关键词：消极事实；消极要件事实；举证证明责任；举证责任减轻

## 引　言

长期以来，我国民诉法学界关于证明责任的研究，基本都是围绕着积极事实而展开，忽略了消极事实证明问题的探讨。这与深受罗马法上“主张积极事实之人，就该事实负有举证责任；否定事实（即主张消极事实）之人，就该事实不负举证责任”[1]原则之影响有关。不过，这种“消极事实无须（无法）举证”理念并不为现代大陆法系学界所广泛认同，尤其是在法律要件分类说的立场或框架之下，当此消极事实系为法律关系发生、变更或消灭之任一项要件事实时，自应由主张该消极事实的原告或被告负举证责任。而在司法实践中，尽管多数情况下要求当事人就其主张“存在某一事实”承担举证责任，仍在一定条件下情形下要求“否认事实存在”的当事人进行举证证明。一般而言，消极事实并不存在或不以显性的方式存在，相比积极（存在）事实而言，较难获得证明。正所谓“举证之所在，败诉之所在”，如何在两造对立的当事人之间妥当地分配消极事实的举证责任，自然成为证据法上不可忽视的重要议题。

关于举证证明责任的分配，2015 年 2 月颁布实施的《最高人民法院关于适用〈中华人民共和国民事诉讼法〉的解释》（以下简称《民诉法解释》）第 91 条规定 “人民法院应当依照下列原则确定举证证明责任的承担，但法律另有规定的除外：（一）主张法律关系存在的当事人，应当对产生该法律关系的基本事实承担举证证明责任；（二）主张法律关系变更、消灭或者权利受到妨害的当事人，应当对该法律关系变更、消灭或者权利受到妨害的基本事实承担举证证明责

* 华侨大学法学院讲师，华侨大学地方法治研究中心研究员，法学博士。本文系中央高校基本科研业务经费资助华侨大学哲学社会科学青年学者成长工程项目（16SKGC－QT06）的阶段性成果。

[1]参见骆永家《民事举证责任论》，商务印书馆股份有限公司 1995 年版，第 72 页。



(C)1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

任。”这一规定显然以罗森贝克的法律要件分类说为基础来确定证明责任分配。[2] 以这种方式分配举证证明责任在一般情形下是妥当、可行的，相比危险领域理论、盖然性理论或危险提升理论更契合法的安定性之要求。

然而，在特定个案尤其是在证据偏在型诉讼中，这种以形式的分配标准对于影响举证责任分配的相关实质性因素（如举证难度等）之考量并不十分周全，甚至可能因而导致个案不正义。就消极事实而言，由于其通常并未发生，而未发生的事实往往是难以证明的。例如，“债务人怠于行使到期债权”是债权人行使代位权的要件事实，而“复制品的出版者或制作者未取得著作权人的合法授权径而出版或制作著作权人的作品”则是行为违法性的要件事实，根据《民诉法解释》第91条规定，自应由主张代位权的债权人就债务人未向次债务人主张债务负举证责任，而主张侵权赔偿的著作权人也应当提供证据证明出版者或制作者未取得合法授权。但是，由于上述事实在性质上均属于消极事实，对于负有举证责任的代位债权人、著作权人来说，无论其是采用间接证明抑或推定等证明方法，实际上都很难完成相应的举证责任，足以让法官形成心证。对此，我国学界仍鲜有讨论，或较为粗疏。鉴于此，本文主要以大陆法系国家（地区）相关立法、实践及研究为基础，结合现行法及相关司法解释的规定，进行谨慎的援引、补充和分析，并尝试提出相应的解决方案。

## 一、消极事实之界定

诉讼上的事实向来存在积极事实与消极事实之分。从本质上看，积极事实与消极事实是一对互为两极或互为正反的关系。[3] 至于何为消极事实，这其实并不是清晰明了、不证自明的问题。恰恰相反，法学界对此一直存在颇多争议。有学者认为，消极事实中的“消极”所指并非事实本身，而是将事实置入评价活动得出的消极性评价。[4] 例如，某男年满18周岁的事实，依《民法通则》可以被评价为有民事行为能力，为积极事实；而依《婚姻法》则无婚姻缔结能力，即为消极事实。也有学者认为，消极事实是一种否定事实或不存在的事实。[5] 例如，甲提出证人证明其于某年某月某日未在某地出现的事实。另有学者将不符合某法律价值判断的事实也纳入消极事实的范畴，如某人对于某事件发生不具有可归责性（如无过错等）。[6] 这些表述分别从不同的面相界定消极事实，未必甚周延。

尤为令人困惑的是，消极事实能否等同于消极要件事实？抑或实体法规范中的消极要件所对应的事实是否即为消极事实？这是学者在相关研讨时可能忽略或混同的重要问题。当然，这也涉及将法律规范要件加以区分为消极要件与积极要件的问题。对此，不仅理论上存在不同见解，而且操作上也并非易事。首先，从逻辑上看，如果以逻辑上的消极判断为标准，那么“甲不是乙”为消极判断，但如果表述为“甲并非是乙”则可能是积极判断；与此相似，“甲无给付能力”为消极判断，而“甲并非有给付能力”或为积极判断。其次，从法律规范的用语方式来看，如果

---

〔2〕第91条采用“举证证明责任”这样一个新的概念。此概念的提出并未改变证明责任制度的本质及属性，而是试图将当事人所负担的两种责任统一起来。因为言及举证证明责任的分配，通常就是分配结果意义上的责任，而不是提供证据的责任，提供证据的责任往往无法事先分配。为此，本文并不特别进行区分。参见李浩《〈民诉法解释〉中的若干证据问题》，载许少波主编《法治的布道者：法学名家华园演讲录》，中国民主法制出版社2015年版，第105–106页，第112页。

〔3〕有学者认为，消极事实与积极事实不是相互冲突的，而是相互统一的。消极事实依附于积极事实而存在，积极事实是消极事实存在的前提与条件，只有确定了积极事实才能确定消极事实。参见李秀芬《从诉讼证明的角度看消极事实的特征》，《法学论坛》2006年第4期，第92页。

〔4〕参见姜世明《举证责任与证明度》，新学林出版社股份有限公司2008年版，第9页。

〔5〕参见杨剑、窦玉梅《论消极要件事实的证明》，《法律适用》2007年第7期，第55页。

〔6〕前引〔4〕，姜世明书，第10页。



(C)1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

以消极语句描述的法律规范要件为消极要件，那么诸如“无给付能力”、“无缔约能力”、“无行为能力”、“无清偿能力”、“无附条件”等均为消极要件；如果属于副词或是非评价意义上用语，如排除、疏忽、恶意、过失、无过失等，便不易确定其为消极要件或积极要件。[7]

结合罗森贝克的“法律要件分类说”，法律规范要件自应可划分为权利发生要件、权利障碍要件、权利消减要件和权利受制要件（根据《民诉法解释》第 91 条可表述为权利发生要件、权利变更要件、权利消灭要件和权利妨碍要件）。从狭义的角度观察，权利障碍要件（如无行为能力）、权利妨碍要件（如债务的履行、免除等）、权利受制要件（如合同未到履行期、行使先履行抗辩权等）对权利发生要件而言，实际上是产生了消极作用，因而或可视为消极要件。但是，如果从广义的消极要件来看，权利发生要件也可能以消极判断或消极要件的形式出现，如不当得利的“无法律上原因”，债务不履行的“给付不能”或“给付不完全”，侵权中的不作为以及法律规范中的“但书除外”等；而在权利障碍规范、权利消减规范、权利受制规范中，也可能存在积极性判断（如债务人主张抵消的事实），因而或可视为积极要件。

综上，基于语言文字的有限性、立法技术上的局限性、法律规定目的需要以及特定的立法宗旨或价值预设等因素，消极要件在实体法上具有广泛的运用，且不限于权利障碍规范型。因而，从严格意义上讲，消极要件对应的事实未必是消极事实，因而在诉讼中应当根据个案所涉实体法规范进行解释和判定。如果将消极事实定义为某一事实不存在或具有相反的事实评价，那么待证事实既可能存在于消极要件，也可能存于积极要件之中，且消极要件中的事实也未必都属于消极事实。尤其是不负举证责任相对方当事人提出的反证，常常涉及“相反事实”，如果这些事实也纳入消极事实的范畴，那么消极事实的外延便会显得漫无边界。基于此，本文所谓的消极事实，是指依法负有举证责任一方当事人所应负举证证明的对象（本证的客体），无论其性质属于《民诉法解释》第 91 条规定的权利发生要件、权利变更要件、权利消灭要件抑或权利妨碍要件，若涉及某种事实不存在或某法律上评价结果不存在，均为消极事实。进而，在消极要件中，关于自然事实或自然过程（如非婚生子女）、关于主观反应或内心过程（如不知、不欲等）、关于行为人之行为（如不作为、合同未履行或未适当履行等）、关于法律关系不存在（如不当得利无法律上原因、无因管理无法定或约定的义务、无行为能力、无缔约能力、无代理权等）、关于法律价值评价（如不可归责）等事实，如果属于本证，即为本文所讨论的消极事实，从而排除了反证中相反事实成为消极事实之可能。

## 二、消极事实的举证证明责任之分配

在具体民事诉讼中，当事人所主张的事实常常涉及“某事实不存在”等消极事实。对于这类“不存在的事实”应当如何进行证明，这是长久以来困扰学界的难题，以至有学者认为要求主张消极事实的当事人负有举证责任“完全是强人所难”[8]。本文认为，尽管消极事实通常都很难通过直接证据加以证明，但是其并不是绝对不可证明，实际上完全可能通过间接证明等方式获得证明。台湾学者姚瑞光教授认为“消极事实可用间接证据或情况证据证明之，非绝对不能举证证明者，例如广告声明之行为，必须有一定值设备始能完成者，倘若广告人能证明行为人并无该设备或可利用之设备，即可谓广告人已证明行为人不能完成其行为之消极事实。”[9] 因此，在具体案件中，如果消极事实为要件事实而成为待证事实，那么主张消极事实的当事人仍应就此负

[7] 前引〔4〕，姜世明书，第 4 页
[8] 参见李浩《举证责任倒置：学理分析与问题研究》，《法商研究》2003 年第 4 期，第 89 页。
[9] 姚瑞光《民事诉讼法论》，大中国图书公司 2000 年版，第 378 页。



(C)1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

举证责任。[10]

（一）一般规则 《民诉法解释》第 91 条

《民诉法解释》第 91 条确立举证证明责任分配规则，即主张权利存在的一方当事人应就权利发生规范负举证责任；否认权利存在的相对方当事人应就权利变更规范、权利消灭规范和权利妨碍规范负举证证明责任。这一分配规则的法理基础，即"法律要件分类说"系根据法条结构来区分不同性质的法律规范。就消极要件而言，其在法条上如何被规定，在涉及消极事实的情形时，便直接对该消极事实的举证证明责任之分配产生影响。

一般而言，某一消极事实之所以作为法律要件事实，往往具有一定的实体法上的价值预设。因此，从实体法视角观察，消极事实与举证责任分配规则之间的关联主要存在两种情形：（1）如果立法者将消极事实的举证责任困难预设于某一方当事人，那么该要件无论是权利发生要件或权利变更要件、权利消灭要件、权利妨碍要件，其举证困难应主要由负有举证责任一方当事人承担，这才符合立法本意；（2）如果立法者在法条拟订时并未预设举证证明责任分配原则，那么该法条中的消极事实究竟应当属于权利发生要件还是权利变更要件、权利消灭要件、权利妨碍要件，往往需要付诸法律解释。例如，我国《物权法》第 34 条规定的返还原物请求权以相对人为"无权占有"人为构成要件，该要件究竟是属于权利发生要件还是权利妨碍要件，应在个案中作适当的解释。在消极事实经由法律规范确定之后，即可按照《民诉法解释》第 91 条来分配举证证明责任：即如果该消极事实属于权利发生要件事实，那么就应当由主张权利存在一方当事人负举证证明责任；如果该消极事实属于权利变更、权利消灭和权利妨碍要件事实，就应由否认权利存在一方当事人负举证责任。

（二）特殊规则：举证责任减轻

根据《民诉法解释》第 91 条规定，当某一法律效果的发生以某一消极事实为要件时，主张该法律效果发生的当事人，应对该消极事实承担举证责任。基于法安定性考量，即使负有举证责任的当事人就该消极事实的举证存有困难，亦并不当然导致必须改变举证责任之分配。然而，在一些特殊（类型）个案中，这种做法对于负有举证责任的当事人而言过于苛刻，甚至可能导致实质不正义。[11] 鉴于此，若当事人主张的消极事实存在举证困难，且此种困难并非立法者有意为之（立法预设），裁判者也无正当理由支撑使该负举证责任的当事人遭受过于苛刻之对待，基于武器平等、证据接近、诚实信用、协力义务等原则，实有必要考虑适用举证责任减轻的方式加以缓和。[12]《民诉法解释》第 90 条、第 91 条中"但法律另有规定的除外"的表述，实际上也为举证责任减轻的适用预留了可能之余地。举证责任减轻的方式，本文认为大致包括：举证责任倒置、举证责任转移、表见证明、降低证明标准、相对人具体化义务及事案解明义务的强化等。

1. 举证责任倒置

举证责任的倒置，是指按照法律要件分类说在双方当事人之间分配举证责任后，对依此分配结果原本应当由一方当事人对某法律要件事实存在负举证责任，转由相对方当事人就不存在该事实负举证责任。[13] 举证责任倒置一般存在于侵权诉讼，通过倒置"过失"和"因果关系"的举证责任，即主要事实的败诉风险，来实现侵权行为法所担负的填补受害者损失和抑制侵权行为之立法功能或宗旨。

关于消极要件事实的举证责任倒置之必要性，一方面基于法律要件分类说对于影响举证责任

[10] 前引〔1〕，骆永家书，第 73 页

[11] 参见邱联恭《口述民事诉讼法讲义（三）》，许士宦整理，2003 年笔记版，第 212 页。

[12] 前引〔4〕，姜世明书，第 24 页。

[13] 前引〔8〕，李浩文，第 87 页。



(C)1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

分配的实质性因素考虑之不周全，需要引入“举证难易”这一实质性考量标准，通过实行举证责任倒置来改变法律要件分类说的分配结果；另一方面在于促进实体法精神和公平正义的实现。实际上，现行实体法及相关司法解释也已承认了部分消极事实的举证责任倒置的情形。例如，《民法通则》第 126 条规定，当建筑物或者其他设施以及建筑物上的搁置物、悬挂物发生倒塌脱落、坠落造成他人损害的，它的所有人或者管理人欲免责，应当对自己“无过错”承担举证责任。《专利法》第 61 条第 1 款规定，专利侵权纠纷涉及新产品制造方法的发明专利的，制造同样产品的单位或者个人应当提供“其产品制造方法不同于专利方法”的证明。《著作权法》第 53 条规定，复制品的出版者、制作者不能证明其出版、制作有合法授权的，复制品的发行者或者电影作品或者以类似摄制电影的方法创作的作品、计算机软件、录音录像制品的复制品的出租者“不能证明其发行、出租的复制品有合法来源的”，应当承担法律责任。另外，根据《关于适用〈中华人民共和国合同法〉若干问题的解释（一）》规定，当债务人是否“怠于行使到期债权”这一行使撤销权的要件事实发生争议时，不是由主张该事实的债权人负举证责任，而是由否认该事实的次债务人对债务人未怠于行使到期债权负举证责任。

不过，现行法及相关司法解释规定的“消极事实”举证责任倒置，其类型和范围比较有限，将来或可通过立法和司法解释的方式加以扩大，以确保法律适用的稳定性和可预测性。又因法律和司法解释不可能穷尽所有需要倒置举证责任的情形，且实有存在倒置举证责任的必要，这与个案中的双方当事人与证据距离之远近及其证明能力关系密切。[14] 因此，理论上不可避免涉及是否可以通过当事人约定或法官裁量的方式适用举证责任倒置，就消极事实的举证责任（诉讼上的不利益和诉讼风险的承担）作出重新分配的问题。本文认为，当事人自行约定举证责任倒置，是当事人通过证据处分实体权利的行为，属处分权主义的范畴，法院可以依据处分权主义、诉讼诚信原则来确定举证责任倒置契约的有效性，没有必要禁止或过多限制。当然，由于倒置举证责任需要经由价值判断与利益衡量来完成，而能否作出妥当的裁断，与法官的法律素养、社会阅历、生活经验、识别能力、价值偏好等因素有极大的关系。因此，在授权法官裁量倒置举证责任的同时，应当对自由裁量权的行使予以适当的控制。[15]

2. 举证责任转换

所谓证明责任转换，是指依据举证责任分配一般法则将某待证事实的举证责任划归某一方当事人负担，但因当事人合意、法律规定或由实务创设而将该举证责任转换为由相对方当事人负担。[16] 与举证责任倒置相似，举证责任转换同是对于可能导致适用失当的一般证明责任分配规则的调整，并将部分证明责任从负举证责任一方当事人转移至不负举证责任方当事人。[17]

从上述概念来看，举证责任转换包括为意定（合意）举证责任转换、法定举证责任转换和实务创设举证责任转换三种类型。意定举证责任转换是诉讼契约的一种，是指当事人经由举证责任契约将依法本应由某一方当事人就某一要件事实负举证责任，改置为由相对方当事人承担，即举证责任契约。[18] 法定举证责任转换，是指经由法规范定性及举证责任分配一般原则适用后，所被决定的举证责任分配结果可能对应负举证责任一方当事人造成不可期待的证明困难，基于武器平等、诚信原则等法理，而在立法时或经由实务创设，对于部分事件类型就该举证责任分配结

---

[14] 参见汤维建《论民事诉讼中的举证责任倒置》，《法律适用》2002 年第 6 期，第 8－9 页。

[15] 李浩教授认为可以从将倒置举证责任的情形事先告知当事人、为因倒置而承担举证责任的一方当事人重新指定举证期限、在判决书中详细说明倒置的理由等方法对法官的自由裁量权进行控制。参见前引〔8〕，李浩文，第 92 页。

[16] 参见姜世明《民事证据法实例研习（一）》，学林出版股份有限公司 2005 年版，第 266 页。

[17] 关于两者的区别，详见汤维建《论民事诉讼中的举证责任倒置》，《法律适用》2002 年第 6 期，第 6 页。

[18] 参见姜世明《民事证据法实例研习（二）》，学林出版股份有限公司 2006 年版，第 77 页。



(C)1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

果加以调置，而将举证责任转换为原不负举证责任一方当事人负担。[19] 如台湾地区“民法”第187 条第 2 款规定“前项情形，法定代理人如其监督并未疏懈，或纵加以相当之监督，而仍不免发生损害者，不负赔偿责任。”又如大陆地区《侵权责任法》第 33 条、第 38 条关于无过错负补偿责任或免责规定。实务创设举证责任转换的类型，德国司法上较为多见，这有赖于对举证责任转换及举证责任必要区别的深刻认识。基于以上，我国大陆地区学者通常理解的“举证责任转移制度是法官根据实际案件中出现的可能导致举证责任分配失衡的情形而裁定的转移”[20] 不免带有片面性。

关于消极事实的举证责任是否也可以通过举证责任转换制度加以调置，向来争议较大。德国学界和实务主流观点认为，消极事实举证责任分配法则基本上不因举证人的证明困难而当然被转换，而仅在应负举证责任一方当事人对于该消极事实的举证已不可能或存在困难，而转换该举证责任不会对相对方当事人产生不公平、且未与实定法的文义或宗旨相抵触时才可进行转换。[21] 据此，消极事实的举证责任转换至少应包含三个要件:（1）消极事实的举证已不可能或存在困难。这种不可能应当是客观上不可能，而非主观不可能（未尽穷极必要的手段或努力）或主观上造成的不可能。至于困难，其程度应如何把握，可能会因个案而有所不同，但至少应当以尽穷极必要的手段或努力为前提。（2）举证责任转换不会对相对方当事人产生不公平，即举证责任转换后，相对方当事人转而对于该积极事实的举证是完全可能的; 或该证明困难完全是由相对方当事人导致的。例如，《德国民事诉讼法》第 421 – 432 条、我国《证据规定》第 75 条、《民诉法解释》第 112 条以及台湾地区“民事诉法”第 344 条、第 345 条规定的文书提出义务。（3）不与实定法的文义或精神相抵触。如果实体法上已预设了消极事实的举证困难，并有意使权利发生依赖于该消极（要件）事实，那么就意味着此立法旨意在于加重权利主张者的举证难度，从而相应减轻不负举证责任一方当事人之责任。于此情形下，不得就消极事实进行举证责任转换。

在我国，基于重实体轻程序的传统，以及实体法和程序法在立法、研究和教学方面长期分离、脱节，立法上对于实体法规范可具有程序上尤其是证据法上的意义、以及程序法规范可具有实体法上价值均未有充分的认识，一直以来都无法实现实体法与程序法双向连结与互通之效果。[22] 就实体法而言，不可避免存在未就权利发生规范或权利障碍规范进行合理规制的问题，从而在适用规范时难免遭致种种不确定性或困惑。鉴于此，在实体法规范的举证责任分配上，主要应采用解释论加以解决，但如果实体法规范将消极事实作为规范要件、且不存在特定的价值预设或立法期许，那么通过解释论进行符合公平正义的举证责任分配的转换便具有重要的意义。

3. 表见证明

表见证明是德国经由帝国法院时代及联邦最高法院的司法判例发展而成的规则，其基本含义是指法院利用具有高度盖然性的经验法则，就一再重复出现的事件或典型的事象经过，从已存在的某种事实，推断作为证明对象的待证事实的证明过程。[23] 例如，汽车冲向人行车道，造成数名行人受伤的事实，就一般生活经验而言，如无其他特殊原因（如突然刹车失灵），可推断该司机存在过错的事实。又如，医生为产妇做完剖腹手术之后，将一团纱布遗留在产妇体内的事实，可以推断该医生存在过失。

一般认为，表见证明本质上是法官在自由心证范围内适用经验法则的问题，因而属于证据评价范畴。表见证明的运用，必须同时具备典型的事象经过（经验上依据初步证明可认为某特定

〔19〕同前引〔4〕，姜世明书，第 24 页。
〔20〕参见程春华《举证责任分配、举证责任倒置与举证责任转移》，《现代法学》2008 年第 2 期，第 104 页。
〔21〕同前引〔4〕，姜世明书，第 26 页。
〔22〕参见张卫平《对民事诉讼法学贫困化的思索》，《清华法学》2014 年第 2 期，第 29 页。
〔23〕参见陈荣宗、林庆苗《民事诉讼法》，三民书局股份有限公司 2005 年版，第 490 页。



(C)1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

原因将造成某种特定结果）和经验法则两个要件，主要适用于因果关系和可归责性的要件事实，尤其是被害人或债权人举证证明加害人或债务人具有可归责性面临证明困难时的举证责任减轻。于此情形，关于因果关系和可归责性的举证责任并不发生转移，而是仍由原负有举证责任一方当事人负担。相对方当事人则被课以提供反证的责任，只需提出证据使法官对因果关系和可归责性的存在处于真伪不明的状态即获得举证成功，而不必从反面证明不存在因果关系和可归责性。而如果实行举证责任倒置，则由相对方则须对不存在因果关系和无可归责性承担举证证明责任。[24]

基于此，表见证明如何适用于加害人或债务人本身对于其自身无可归责性的证明活动，关键在于是否存在相关典型的事实表征及经验法则。如果该待证事实为消极事实，而且存在典型的事实表征及经验法则，那么对于该消极事实适用表见证明并无理论上的障碍。但是，对于部分消极事实，立法者意在加重应负举证责任一方当事人的举证难度，于此情形便无适用表见证明的可能。

4. 证明标准降低

所谓证明标准，即运用证据证明案件事实所需达到的程度，因而也称证明度。证明度则是诉讼上要求对于某待证事实认为真实时，法官心证所需达到的最低下限[25]，抑或是法官认定系争事实存在与否所需的最低心证度[26]。《民诉法解释》第 108 条、第 109 条实际上确立了三个层次的证明标准：高度可能性、排除合理怀疑、真伪不明。前两个层次是关于本证的证明标准，后一层次是关于反证的证明标准。据此，负有证明责任的当事人所举的证据应当达到较高的证明度（内心确信），而不负担证明责任相对方当事人所举的反驳证据只需达到使本证证明的事实存在真伪不明的状态即可。

那么，在举证责任不变的前提下，是否可以将证明标准降低作为消极事实举证责任减轻的方式？本文认为，对于本证（完全证明）的证明标准要求，在消极事实作为待证事实时，如果坚持此种需达到“内心确信”甚至排除合理怀疑的证明标准，对负有举证责任一方当事人来说几乎是不可能完成的任务，从而势必造成权利或权益无法实现或救济，那么在未抵触法明文规定或法精神之下，可以考虑降低证明标准。一般认为，《德国民事诉讼法》第 287 条关于“损害赔偿额的确定”之规定是证明标准降低的典型。而我国《民诉法解释》第 109 条规定欺诈的事实，如果该欺诈事实是以沉默的方式为之，那么主张撤销法律效果发生的一方当事人应主张并举证证明该消极事实（以沉默为欺诈），而相对方当事人应对其已尽到符合义务的说明这一事实进行陈述，应负举证责任方当事人对此加以反驳，这种情形无须达到内心确信的标准或要求。

5. 强化相对方当事人的具体化义务

所谓具体化义务，是指当事人就其主张、抗辩或争执之要件事实应当尽可能详细、具体地、特定化地陈述或说明。[27] 具体化义务要求当事人的陈述不能凭空捏造或臆想，而应具有合乎理性的根据和证据线索，并应当具体、细致且明确，从而使该陈述产生特定化的效果。[28] 我国《民事诉讼法》第 71 条规定 “人民法院对当事人的陈述，应当结合本案的其他证据，审查确定能否作为认定事实的依据。当事人拒绝陈述的，不影响人民法院依据证据认定案件事实。”从此条文的立法逻辑可推知，当事人应当就其主张的要件事实积极、具体化地陈述，否则势必产生不利的法律后果。这实际上已然隐含了具体化义务的具体要求。《民事诉讼法》第 119 条则明确地规定当事人起诉应当于诉状中记载“具体的诉讼请求和事实、理由”，结合《民诉法解释》第

---

〔24〕前引〔8〕，李浩文，第 93 页。
〔25〕前引〔11〕，邱联恭书，第 190 页。
〔26〕参见黄国昌《民事诉讼理论之新开展》，北京大学出版社 2005 年版，第 80 页。
〔27〕参见陈贤贵《当事人的具体化义务》，《法律科学》2015 年第 4 期，第 177 页。
〔28〕参见胡亚球《论民事诉讼当事人具体化义务的中国路径》，《清华法学》2013 年第 6 期，第 35 页。



(C)1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net

90 条等规定及其内涵，可以说具体化义务在我国已初步确立。[29]

根据具体化义务的要求，对于应负举证责任一方当事人而言，其自然应当就其主张明确、具体地说明理由，自不待言。就消极事实的举证而言，如果在不抵触法明文规定或立法宗旨情形下，可以在一定范围内要求不负举证责任一方当事人对该消极事实的相反事实进行具体化陈述。例如，非清偿型不当得利中的“无法律上原因”，是否应转由不负举证责任一方当事人（债务人）提出其法律上原因（如赠与、买卖价金给付等），而由应负举证责任一方当事人（债权人）对该法律上原因进行反驳。[30] 当然，不负举证责任一方当事人的具体化义务要求的适用，应特别注意避免发生举证责任转换的效果。

6. 加重相对方当事人的事案解明义务

所谓事案解明义务，是指当事人就事实厘清负有对于相关有利及不利事实之陈述（说明）义务，以及为厘清事实而提出相关证据资料（文书、勘验物等）或忍受勘验之义务。[31] 一般认为，不负举证责任一方当事人的事案解明义务，旨在为负有举证责任却又陷入举证困难的一方当事人提供救济，以实现诉讼武器平等。[32] 就消极事实的举证而言，当该消极事实成为待证事实而处于真伪不明的状态时，若应当负举证责任一方当事人因不可归责于自身的原因而遭致举证困难，在不与法明文规定或立法宗旨相抵触的情形下，则可要求知悉案件事实抑或掌握相关证据材料的不负举证责任相对方当事人履行事案解明之义务，以作为举证责任减轻的一种方式。根据《证据规定》第 15 条、第 16 条、第 17 条，《民事诉讼法》第 64 条第 2 款以及《民诉法适用解释》第 94 条规定，因证据偏在而导致应负有举证责任一方举证困难时，法院可依当事人申请或依职权对案件事实进行调查取证；结合《证据规定》第 75 条、《民诉法解释》第 112 条、第 113 条等规定，亦可成为当事人的事案解明义务的法源及效力基础。

## 结　语

作为本证的客体或对象，消极事实是民事诉讼实践中常见的事实。尽管消极事实在举证证明上存在较大困难，但仍是可（能）加以证明的。《民诉法解释》第 91 条以罗森贝克的法律要件分类说为基础确立的举证证明责任规则，虽在一般情形下是可行的，也较契合法的安定性之要求。亦即，如果此种证明困难是立法者有意为之的立法预设或符合特定的规范目的，那在证明责任的分配上应当遵从该第 91 条之本旨；否则，基于武器平等、证据接近、诚信原则、协力义务乃至实质平等或正义的原则，实有必要允许个案解释或裁量，即可考虑通过举证责任减轻的方式对该第 91 条进行适当的缓和。当然，本文列举的举证责任减轻之方式，在学理、制度构建或实践操作上或仍有再检讨的余地。篇幅所限，容另文专门讨论，不再赘述。

责任编辑：霍海红

〔29〕前引〔27〕，陈贤贵文，第 183 页。

〔30〕参见姜世明《新证据法论》，新学林出版社股份有限公司 2004 年版，第 319 页。

〔31〕前引〔4〕，姜世明书，第 110 页。

〔32〕参见陈贤贵、林志杰《论不负举证责任一方当事人的事案解明义务》，《河南财经政法大学学报》2015 年第 6 期，第 102－103 页。



(C)1994-2022 China Academic Journal Electronic Publishing House. All rights reserved. http://www.cnki.net