# Yang Supplemental Ex. 15

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

**Date: 2026/09/03**

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- Supp. Ex. 15

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Signature of **Samuel Wu**, Managing Director



299 South Main Street, Suite 1300
Salt Lake City, UT 84111

Case 7:24-cv-00232-DC Document 214-16 Filed 09/04/26 Page 3 of 10

[Issuing Authority] Supreme People's Court
[Document No.] Judicial Interpretation [2007] No. 14
[Date of Issuance] July 23, 2007
[Effective Date] August 8, 2007
[Expiration Date]-------------
[Category] National Laws and Regulations
[Source of Document] People's Court Daily

# Provisions of the Supreme People's Court on Several Issues Concerning the Application of Law in the Trial of Cases Involving Foreign-Related Civil or Commercial Contract Disputes

(Judicial Interpretation [2007] No. 14, adopted at the 1429th Meeting of the Judicial Committee of the Supreme People's Court on June 11, 2007)

Announcement of the Supreme People's Court of the People's Republic of China

The Provisions of the Supreme People's Court on Several Issues Concerning the Application of Law in the Trial of Cases Involving Foreign-Related Civil or Commercial Contract Disputes were adopted at the 1429th Meeting of the Judicial Committee of the Supreme People's Court on June 11, 2007, and are hereby promulgated and shall come into force as of August 8, 2007.

July 23, 2007

In order to properly try cases involving foreign-related civil or commercial contract disputes and accurately apply the law, these Provisions are formulated in accordance with the relevant provisions of the General Principles of the Civil Law of the People's Republic of China, the Contract Law of the People's Republic of China, and other relevant laws and regulations.

Article 1 The law applicable to a foreign-related civil or commercial contract refers to the substantive law of the relevant country or region, excluding conflict-of-laws rules and procedural law.

Article 2 The contract disputes referred to in these Provisions include disputes concerning the conclusion of a contract, the validity of a contract, the performance of a contract, the modification and assignment of a contract, the termination of a contract, liability for breach of contract, and other disputes.

Article 3 Where the parties choose or change their choice of the law applicable to a contract dispute, they shall do so expressly.

Article 4 Where, before the conclusion of the court debate at first instance, the parties choose or change their choice of the law applicable to a contract dispute by agreement reached through consultation, the People's Court shall permit such choice or change.

Where the parties have not chosen the law applicable to the contract dispute, but all invoke the law of the same country or region and raise no objection to the application of law, they shall be deemed to have chosen the law applicable to the contract dispute.

Article 5 Where the parties have not chosen the law applicable to the contract dispute, the law of the country or region that has the closest connection with the contract shall apply.

When determining the law applicable to a contract dispute according to the principle of the closest connection, the People's Court shall, based on factors including the special nature of the contract and the fact that the obligations performed by one party most clearly embody the essential characteristics of the contract, determine the law of the country or region that has the closest connection with the contract as the applicable law of the contract.

(1) For a sales contract, the law of the place of residence of the seller at the time the contract is concluded shall apply; if the contract is negotiated and concluded at the place of residence of the buyer, or if the contract expressly provides that the seller shall perform the obligation of delivery at the place of residence of the buyer, the law of the place of residence of the buyer shall apply.

(2) For contracts for processing supplied materials, processing supplied parts, assembly supplied parts, and other contracts for contracted processing, the law of the place of residence of the processing contractor shall apply.

(3) For a contract for the supply of complete sets of equipment, the law of the place where the equipment is installed shall apply.

(4) For a contract for the sale, lease, or mortgage of immovable property, the law of the place where the immovable property is located shall apply.

(5) For a lease contract for movable property, the law of the place of residence of the lessor shall apply.

(6) For a pledge contract for movable property, the law of the place of residence of the pledgee shall apply.

(7) For a loan contract, the law of the place of residence of the lender shall apply.

(8) For an insurance contract, the law of the place of residence of the insurer shall apply.

(9) For a financial leasing contract, the law of the place of residence of the lessee shall apply.

(10) For a construction project contract, the law of the place where the construction project is located shall apply.

(11) For a warehousing or storage contract, the law of the place of residence of the warehouseman or custodian shall apply.

(12) For a guarantee contract, the law of the place of residence of the guarantor shall apply.

(13) For an entrustment contract, the law of the place of residence of the entrusted party shall apply.

(14) For contracts for the issuance, sale, and transfer of bonds, the law of the place of issuance of the bonds, the law of the place of sale of the bonds, and the law of the place of transfer of the bonds shall apply, respectively.

(15) For an auction contract, the law of the place where the auction is held shall apply.

(16) For a commission agency contract, the law of the place of residence of the commission agent shall apply.

(17) For an intermediary contract, the law of the place of residence of the intermediary shall apply.

Where any of the above-mentioned contracts has an obviously closer connection with another country or region, the law of that other country or region shall apply.

Article 6 Any conduct by the parties intended to circumvent the mandatory provisions of the laws and administrative regulations of the People’s Republic of China shall not have the effect of causing the application of foreign law, and the contract dispute shall be governed by the laws of the People's Republic of China.

Article 7 Where the application of foreign law violates the public interest of the People’s Republic of China, such foreign law shall not be applied, and the laws of the People's Republic of China shall apply.

Article 8 The following contracts performed within the territory of the People's Republic of China shall be governed by the laws of the People’s Republic of China:

(1) Contracts for Sino-foreign equity joint ventures;

(2) Contracts for Sino-foreign cooperative joint ventures;

(3) Contracts for Sino-foreign cooperative exploration and development of natural resources;

(4) Contracts for the transfer of shares or equity interests in Sino-foreign equity joint ventures, Sino-foreign cooperative joint ventures, and wholly foreign-owned enterprises;

(5) Contracts under which a foreign natural person, legal person, or other organization contracts for the operation and management of a Sino-foreign equity joint venture or Sino-foreign cooperative joint venture established within the territory of the People’s Republic of China;

(6) Contracts under which a foreign natural person, legal person, or other organization purchases equity interests held by shareholders of a non-foreign-invested enterprise within the territory of the People's Republic of China;

(7) Contracts under which a foreign natural person, legal person, or other organization subscribes for an increase in the capital of a non-foreign-invested limited liability company or joint stock company within the territory of the People's Republic of China;

(8) Contracts under which a foreign natural person, legal person, or other organization purchases the assets of a non-foreign-invested enterprise within the territory of the People's Republic of China;

(9) Other contracts for which the laws and administrative regulations of the People's Republic of China provide that the laws of the People's Republic of China shall apply.

Article 9 Where the parties choose or change their choice of foreign law as the law applicable to a contract dispute, the parties shall provide or prove the relevant content of such foreign law.

Where the People's Court determines, in accordance with the principle of the closest connection, that foreign law is the law applicable to the contract dispute, it may ascertain such foreign law on its own authority, or may require the parties to provide or prove the content of such foreign law.

Where neither the parties nor the People's Court can ascertain the content of the foreign law through appropriate means, the People's Court may apply the laws of the People's Republic of China.

Article 10 Where, after examination and cross-examination, the parties have no objection to the ascertained content of the foreign law, the People's Court shall confirm such content. Where the parties raise an objection, the People's Court shall examine and determine the matter.

Article 11 The application of law to civil or commercial contracts involving the Hong Kong Special Administrative Region or the Macao Special Administrative Region shall be governed, mutatis mutandis, by these Provisions.

Article 12 Where any provision previously issued by this Court is inconsistent with these Provisions, these Provisions shall prevail.

Note: All materials in this database are sourced from publicly available media, including the Internet and newspapers and periodicals, and this article is provided for reference only. If citation is required, the formal document shall prevail.

【发布单位】最高人民法院
【发布文号】法释〔2007〕14号
【发布日期】2007-07-23
【生效日期】2007-08-08
【失效日期】-----------
【所属类别】国家法律法规
【文件来源】人民法院报

# 最高人民法院关于审理涉外民事或商事合同纠纷案件法律适用若干问题的规定

（法释〔2007〕14号，2007年6月11日最高人民法院审判委员会第1429次会议通过）

中华人民共和国最高人民法院公告

《最高人民法院关于审理涉外民事或商事合同纠纷案件法律适用若干问题的规定》已于2007年6月11日由最高人民法院审判委员会第1429次会议通过，现予公布，自2007年8月8日起施行。

二〇〇七年七月二十三日

为正确审理涉外民事或商事合同纠纷案件，准确适用法律，根据《中华人民共和国民法通则》、《中华人民共和国合同法》等有关规定，制定本规定。

第一条　涉外民事或商事合同应适用的法律，是指有关国家或地区的实体法，不包括冲突法和程序法。

第二条　本规定所称合同争议包括合同的订立、合同的效力、合同的履行、合同的变更和转让、合同的终止以及违约责任等争议。

第三条　当事人选择或者变更选择合同争议应适用的法律，应当以明示的方式进行。

第四条　当事人在一审法庭辩论终结前通过协商一致，选择或者变更选择合同争议应适用的法律的，人民法院应予准许。

当事人未选择合同争议应适用的法律，但均援引同一国家或者地区的法律且未提出法律适用异议的，应当视为当事人已经就合同争议应适用的法律作出选择。

第五条　当事人未选择合同争议应适用的法律的，适用与合同有最密切联系的国家或者地区的法律。

人民法院根据最密切联系原则确定合同争议应适用的法律时，应根据合同的特殊性质，以及某一方当事人履行的义务最能体现合同的本质特性等因素，确定与合同有最密切联系的国家或者地区的法律作为合同的准据法。

（一）买卖合同，适用合同订立时卖方住所地法；如果合同是在买方住所地谈判并订立的，或者合同明确规定卖方须在买方住所地履行交货义务的，适用买方住所地法。

（二）来料加工、来件装配以及其他各种加工承揽合同，适用加工承揽人住所地法。

（三）成套设备供应合同，适用设备安装地法。

（四）不动产买卖、租赁或者抵押合同，适用不动产所在地法。

（五）动产租赁合同，适用出租人住所地法。

（六）动产质押合同，适用质权人住所地法。

（七）借款合同，适用贷款人住所地法。

（八）保险合同，适用保险人住所地法。

（九）融资租赁合同，适用承租人住所地法。

（十）建设工程合同，适用建设工程所在地法。

（十一）仓储、保管合同，适用仓储、保管人住所地法。

（十二）保证合同，适用保证人住所地法。

（十三）委托合同，适用受托人住所地法。

（十四）债券的发行、销售和转让合同，分别适用债券发行地法、债券销售地法和债券转让地法。

（十五）拍卖合同，适用拍卖举行地法。

（十六）行纪合同，适用行纪人住所地法。

（十七）居间合同，适用居间人住所地法。

如果上述合同明显与另一国家或者地区有更密切联系的，适用该另一国家或者地区的法律。

第六条　当事人规避中华人民共和国法律、行政法规的强制性规定的行为，不发生适用外国法律的效力，该合同争议应当适用中华人民共和国法律。

第七条　适用外国法律违反中华人民共和国社会公共利益的，该外国法律不予适用，而应当适用中华人民共和国法律。

第八条　在中华人民共和国领域内履行的下列合同，适用中华人民共和国法律：

（一）中外合资经营企业合同；

（二）中外合作经营企业合同；

（三）中外合作勘探、开发自然资源合同；

（四）中外合资经营企业、中外合作经营企业、外商独资企业股份转让合同；

（五）外国自然人、法人或者其他组织承包经营在中华人民共和国领域内设立的中外合资经营企业、中外合作经营企业的合同；

（六）外国自然人、法人或者其他组织购买中华人民共和国领域内的非外商投资企业股东的股权的合同；

（七）外国自然人、法人或者其他组织认购中华人民共和国领域内的非外商投资有限责任公司或者股份有限公司增资的合同；

（八）外国自然人、法人或者其他组织购买中华人民共和国领域内的非外商投资企业资产的合同；

（九）中华人民共和国法律、行政法规规定应适用中华人民共和国法律的其他合同。

第九条　当事人选择或者变更选择合同争议应适用的法律为外国法律时，由当事人提供或者证明该外国法律的相关内容。

人民法院根据最密切联系原则确定合同争议应适用的法律为外国法律时，可以依职权查明该外国法律，亦可以要求当事人提供或者证明该外国法律的内容。

当事人和人民法院通过适当的途径均不能查明外国法律的内容的，人民法院可以适用中华人民共和国法律。

第十条　当事人对查明的外国法律内容经质证后无异议的，人民法院应予确认。当事人有异议的，由人民法院审查认定。

第十一条　涉及香港特别行政区、澳门特别行政区的民事或商事合同的法律适用，参照本规定。

第十二条　本院以前发布的规定与本规定不一致的，以本规定为准。

说明:本库所有资料均来源于网络、报刊等公开媒体，本文仅供参考。如需引用，请以正式文件为准。