# Yang Supplemental Ex. 18

MORNINGSIDE
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

**Date: 2026/09/02**

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- SPC 403

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Signature of **Samuel Wu**, Managing Director

Questel Confidential: Limited External Use

299 South Main Street, Suite 1300
Salt Lake City, UT 84111

Chinese English Please enter a keyword

Home | Court Introduction | Top News | Trial Updates | Party and Team Building | Litigation Services | Judicial Documents | Data Analysis | Microscope Classroom | Judicial Scholarship

Current Location: Home > Judicial Documents > Highlighted Judgments

# (2021) Supreme People's Court No. 403 Final Civil Judgment on Intellectual Property Disputes

Release Date: March 15, 2024, 10:05:13 AM Source: Supreme People's Court Intellectual Property Tribunal

## Supreme People's Court of the People's Republic of China

## Civil Judgment

(2021) Supreme People's Court No. 403 Final Civil Judgment on Intellectual Property Disputes

Appellant (plaintiff in the original trial): Chuxiong Yi Autonomous Prefecture Yi Medicine Research Institute. Address: No. 327, Lucheng West Road, Chuxiong City, Yunnan Province.

Legal Representative: Jiapeng Xu, Director of the Research Institute.

Authorized Litigation Agent: Yong Lian, Attorney at Yunnan Jingyi Law Firm.

Authorized Litigation Agent: Han Wu, Attorney at Yunnan Jingyi Law Firm.

Appellee (defendant in the original trial): Benlei Yang, male, born on May 5, 1955, of Han ethnicity, with ID address in Chuxiong City, Chuxiong Yi Autonomous Prefecture, Yunnan Province (partially redacted). Authorized Litigation Agent: Bo Zhao, Attorney at Yunnan Xinyangwu Law Firm.

The appellant, Chuxiong Yi Autonomous Prefecture Yi Medicine Research Institute (hereinafter referred to as 'Yi Medicine Research Institute'), filed an appeal with this Court in a dispute over patent ownership with the appellee, Benlei Yang, dissatisfied with the civil judgment (2020) Yun 01 Civil First Instance No. 31 issued by the Kunming Intermediate People's Court, Yunnan Province, on December 3, 2020. This Court docketed the case on March 10, 2021, and formed a collegiate panel to hear the case in accordance with the law. The case has now concluded.

The Yi Medicine Research Institute appealed as follows: 1. To revoke the original trial judgment and to revise it to support the litigation request submitted by the Yi Medicine Research Institute in the first instance (during the second instance trial, the Yi Medicine Research Institute withdrew its appeal request regarding Benlei Yang returning all the disputed patent-related technical materials to the Yi Medicine Research Institute); 2. To order Benlei Yang to bear the litigation fees for both the first and second instances. Facts and Reasons: Regarding whether the invention patent No. 201710157080.5, titled 'A Medicinal Composition for Treating Insomnia, its Preparation Method, Formulation, and Application' (hereinafter referred to as the disputed patent), is an invention created within the scope of regular work duties or through the utilization of the organization's material and technical conditions, full consideration should be given to Benlei Yang's special status, as well as his ability to comprehensively allocate and utilize the organization's material and technical resources under such special status. (i) At the time of completing the disputed patent, Benlei Yang was the head of the Yi Medicine Research Institute, and the work carried out within the business scope of the organization fell under his personal job duties. (ii) Benlei Yang's clinical activities, prescriptions, or experiments conducted as a Chief Physician at his workplace are all closely related to his job responsibilities. (iii) Given Benlei Yang's comprehensive control over the organization's research and development resources, he had direct access to, acquisition of, control over, and use of the material and technical conditions required for patent development at the Yi Medicine Research Institute, including clinical data, technical information, materials, personnel, and equipment. Therefore, Benlei Yang bears the corresponding burden of proof to demonstrate that his claimed personal research and clinical data are unrelated to the organization and to explain the rationale for claiming them as personal inventions.

Benlei Yang argued: The original trial judgment ascertained the facts clearly and applied the law correctly. He requested the court to uphold the original judgment and dismiss the appeal of the Yi Medicine Research Institute. (i) The evidence submitted by the Yi Medicine Research Institute fails to prove that the development of the disputed patent was part of its organizational work tasks, as it has been unable to provide relevant project approval reports, implementation plans, technical proposals, invention processes, or technical materials related to the outcomes achieved. (ii) The Yi Medicine Research Institute lacks sufficient evidence to prove that Benlei Yang primarily utilized the organization's material and technical conditions. The evidence materials submitted by the Yi Medicine Research Institute regarding its purchase of medicinal ingredients include hundreds of different varieties. These materials do not prove that the purchased ingredients were used as experimental materials for developing the disputed patent, nor is there relevant evidence showing that Benlei Yang used the organization's medicinal materials and technical equipment during the development of the disputed patent. (iii) The inventors of the disputed patent are Benlei Yang and Shuya Yang. Before and after the patent application, the disputed patent was provided free of charge to Chuxiong Yi Autonomous Prefecture Traditional Chinese Medicine Hospital (hereinafter referred to as Chuxiong Prefecture Traditional Chinese Medicine Hospital) for promotion and application. During this promotional use, the organization invested certain funds and conducted certain experiments, which is an objective fact. However, merely promoting the application of a patent technology achievement developed by Benlei Yang does not justify categorizing his individual invention and patent achievements as service inventions belonging to the organization. (iv) The Yi Medicine Research Institute claims the disputed patent belongs to the organization. However, lack of understanding of the relevant technical data and standards during drug production under this patent poses potential risks to the health and safety of the public. (v) The Yi Medicine Research Institute has withdrawn its

lawsuit against the other inventor, Shuya Yang. Without Shuya Yang's consent, assigning the disputed patent to the Yi Medicine Research Institute would infringe upon Shuya Yang's patent rights.

The Yi Medicine Research Institute filed a lawsuit with the original trial court, and the original trial court accepted the case on June 29, 2020. The Yi Medicine Research Institute claims the following in its lawsuit: 1. Requesting that the disputed patent rights be declared as belonging to the Yi Medicine Research Institute; 2. Requesting that Benlei Yang return all the disputed patent-related technical documents, identified during the trial as technical disclosures and clinical trial records, in a single handover to the Yi Medicine Research Institute within fifteen days from the effective date of the judgment; 3. Requesting that Benlei Yang bear the case filing fees and attorney fees totaling 9,090.9 yuan. Facts and reasons: The Yi Medicine Research Institute operates under the Chuxiong Prefecture Traditional Chinese Medicine Hospital and is fully funded by governmental allocations. Since its establishment, the institute has developed numerous pharmaceutical brands and acquired several drug invention patents during its research processes. In June of the institute's founding year, the Chuxiong Prefecture Health Department issued Document No. 037 of 1999, appointing Benlei Yang as director of the Yi Medicine Research Institute in addition to his position as president of Chuxiong Prefecture Traditional Chinese Medicine Hospital. Benlei Yang was later dismissed from public employment on April 28, 2019. The disputed patent was developed during Benlei Yang's tenure as the head of the Yi Medicine Research Institute, using its facilities, equipment, and funding for pharmaceutical R&D and experiments. The invention was collectively created by the institute. Benlei Yang’s involvement in the R&D was closely tied to his professional duties at the institute, and as such, the patented invention should belong to the Yi Medicine Research Institute.

Benlei Yang’s defense in the original trial: (i) Procedurally, the Yi Medicine Research Institute has provided no evidence proving that the disputed patent rights do not belong to Benlei Yang. The institute's claim that Yang held a long-term leadership position at the unit, performed drug R&D as part of his assigned job duties, and thereby the patent invention should naturally belong to the unit, lacks any factual basis. (ii) Substantively, the disputed patent was entirely funded and developed by Benlei Yang himself, without utilizing any financial resources, facilities, or equipment of the unit. Nor was it collectively researched by the unit. (iii) Benlei Yang argues that he allowed the institute to use his patented invention for free, and the institute mischaracterized his actions as collective R&D by the unit—a claim he asserts is untenable. The institute's use of Yang’s patented invention for drug production and service provision generated benefits for the institute. This process was an act of utilization of Yang’s invention, rather than part of its creation. In conclusion, the disputed patent is the individual research outcome and intellectual property of Benlei Yang, making it neither a duty-related invention nor a work produced by the unit. The Yi Medicine Research Institute has no right to claim or demand the patent rights of Benlei Yang’s independent invention. Therefore, the institute's claims should be dismissed to safeguard Yang’s legitimate patent rights.

Findings of fact by the original court:

(i) Overview of the Yi Medicine Research Institute

The Yi Medicine Research Institute is a legal entity established by the Health and Family Planning Commission of Chuxiong Yi Autonomous Prefecture, Yunnan Province, with objectives and scope including Yi ethnic medicine research, promotion of health development, collection, collation, and development of Yi medicine knowledge and formulas, as well as cultivation and development of rare Yi medicinal plants. Its original legal representative was Benlei Yang.

On May 4, 1999, a meeting of the Chuxiong Yi Autonomous Prefecture People's Government decided to establish the Yi Medicine Research Institute as a department-level institution affiliated with Chuxiong Prefecture Traditional Chinese Medicine Hospital. Participants included Benlei Yang, the president of Chuxiong Prefecture Traditional Chinese Medicine Hospital.

On May 19, 1999, the Chuxiong Prefecture Institution Compilation Committee Office issued a reply titled 'Approval for Establishing Personnel Quota for the Yi Medicine Research Institute,' confirming its affiliation with Chuxiong Prefecture Traditional Chinese Medicine Hospital.

On November 23, 2003, the Office of Institutional Organization of Yunnan Province issued a reply to the Provincial Health Department regarding the addition of a plaque to Chuxiong Prefecture Traditional Chinese Medicine Hospital, approving the addition of the plaque for Yunnan Provincial Yi Medicine Hospital at Chuxiong Prefecture Traditional Chinese Medicine Hospital.

On January 30, 2004, the Chuxiong Prefecture Office of Institutional Organization in Yunnan Province issued a notice regarding the addition of plaques for Yunnan Provincial Yi Medicine Hospital and Yunnan Provincial Yi Medicine Research Institute at Chuxiong Prefecture Traditional Chinese Medicine Hospital. It approved the addition of the plaque for Yunnan Provincial Yi Medicine Hospital and the establishment of Yunnan Provincial Yi Medicine Research Institute. The institute was not to be independently set up, but rather its plaque would be added at Chuxiong Prefecture Traditional Chinese Medicine Hospital, the Yi Medicine Research Institute, and Yunnan Provincial Yi Medicine Hospital.

In 2018, the Chuxiong Prefecture Office of Institutional Organization in Yunnan Province issued a reply regarding the name change of Chuxiong Prefecture Traditional Chinese Medicine Hospital, approving its change to the current name.

On January 14, 2020, the First Party, Chuxiong Prefecture Traditional Chinese Medicine Hospital (Yunnan Provincial Yi Medicine Hospital), the Second Party, Yunnan Provincial Yi Medicine Research Institute, and the Third Party, Yi Medicine Research Institute, signed a cooperation agreement. The agreement clarified the following matters concerning joint development and research of Yi medicine projects: 1. Each party, according to its administrative functions and affiliation, would jointly promote local pharmaceutical industry development and provide material resources, personnel, and technical support for Yi medicine research and development; 2. Regarding patent application rights, for eleven invention patents jointly researched and developed utilizing the material resources, personnel, and technical support of each party, the Yi Medicine Research Institute would act as the patent holder and uniformly exercise patent application rights. The First Party and the Second Party could enjoy usage rights for the eleven patents within their respective institutional responsibilities; 3. Due to the eleven aforementioned patents being unilaterally applied for by Benlei Yang and Shuya Yang in their own names to the China National Intellectual Property Administration, to safeguard the lawful rights of the patent holder, all parties agreed that the Yi Medicine Research Institute, as the patent holder, would exercise its rights through litigation.

(ii) Employment Status of Benlei Yang

On June 29, 1999, the Chuxiong Yi Autonomous Prefecture Health Bureau in Yunnan Province issued a notice titled "Notification Regarding Comrade Benlei Yang Serving Concurrently as Director of Chuxiong Yi Autonomous Prefecture Yi Medicine Research Institute," approving the establishment of the Yi Medicine Research Institute and designating the Director of Chuxiong Prefecture

Traditional Chinese Medicine Hospital, Benlei Yang, to concurrently serve as Director of the Yi Medicine Research Institute.

On August 6, 2004, the People's Government of Chuxiong Yi Autonomous Prefecture issued a notice titled “Notification on the Appointment and Dismissal of Comrades Such as Shi Jianbo,” appointing Benlei Yang as Director of Yunnan Provincial Yi Medicine Hospital and Director of the Yunnan Provincial Yi Medicine Research Institute.

On March 6, 2006, the General Branch Committee of the Communist Party of China at Chuxiong Prefecture Traditional Chinese Medicine Hospital and Chuxiong Prefecture Traditional Chinese Medicine Hospital jointly issued a notice titled "Notification on Adjustments to the Hospital's Leadership Divisions," stating that Party General Branch Secretary and President Benlei Yang would be fully responsible for the hospital's Party and administrative work, including overseeing the hospital’s Party Affairs Office, Personnel Department, Financial Department, Audit Office, Pharmacy Department, Equipment Department, Reform Office, and Yi Medicine Research Institute.

On March 19, 2007, the General Branch Committee of the Communist Party of China at Chuxiong Prefecture Traditional Chinese Medicine Hospital and Chuxiong Prefecture Traditional Chinese Medicine Hospital jointly issued a notice titled "Notification on Adjustments to the Hospital's Leadership Divisions," stating that Party General Branch Secretary and President Benlei Yang would be fully responsible for the hospital's Party, administrative, and professional affairs, supervising the hospital’s Party Affairs Office, General Affairs Office, Personnel Department, Financial Department, Audit Office, Pharmacy Department, Equipment Department, Reform Office, Research Information Department, and Yi Medicine Research Institute.

On June 15, 2009, Chuxiong Prefecture Traditional Chinese Medicine Hospital issued a notice titled "Notification Regarding Adjustments to the Leadership Divisions of Chuxiong Prefecture Traditional Chinese Medicine Hospital," stating that Party Secretary and President Benlei Yang would be fully responsible for the hospital’s Party and administrative work, overseeing the hospital’s Party Affairs Office, General Affairs Office, Personnel Department, Financial Department, Pricing Audit Office, Pharmacy Department, Equipment Department, and Yi Medicine Research Institute.

On June 13, 2011, the Chuxiong Prefecture Traditional Chinese Medicine Hospital issued the 'Notice on Adjusting the Division of Responsibilities of the Party and Administrative Leadership Team of the Chuxiong Prefecture Traditional Chinese Medicine Hospital,' assigning Party Secretary and President Benlei Yang comprehensive responsibility for the hospital's operations, overseeing the Party Office, Administrative Office, Human Resources, Finance, Pricing and Audit, Pharmacy, Equipment, and the Yi Medicine Research Institute.

On October 11, 2012, the Chuxiong Prefecture Traditional Chinese Medicine Hospital issued the 'Notice on Adjusting the Division of Responsibilities of the Party and Administrative Leadership Team of the Chuxiong Prefecture Traditional Chinese Medicine Hospital,' assigning Party Secretary and President Benlei Yang comprehensive responsibility for the hospital's operations, overseeing the Party Office, Administrative Office, Human Resources, Finance, Pricing and Audit, Formulation Room, and the Yi Medicine Research Institute.

On May 29, 2013, the Communist Party Committee of the Chuxiong Prefecture Traditional Chinese Medicine Hospital issued the 'Notice on Adjusting the Division of Responsibilities of the Party and Administrative Leadership Team of the Chuxiong Prefecture Traditional Chinese Medicine Hospital,' assigning Party Secretary and President Benlei Yang comprehensive responsibility for medical and pharmaceutical work, overseeing Human Resources, Finance, Pricing and Audit, Formulation Room, and the Yi Medicine Research Institute.

On September 28, 2015, the People's Government of Chuxiong Yi Autonomous Prefecture of Yunnan Province issued a document removing Benlei Yang from his positions as President of Chuxiong Prefecture Traditional Chinese Medicine Hospital, President of Yunnan Province Yi Medicine Hospital, and Director of the Yunnan Province Yi Medicine Research Institute (concurrently).

On May 13, 2019, the Supervisory Commission of Chuxiong Yi Autonomous Prefecture, Yunnan Province, issued the 'Decision on Dismissing Benlei Yang from Public Office,' which stated that Benlei Yang served as Party Branch Secretary and President of Chuxiong Prefecture Traditional Chinese Medicine Hospital from March 1990 to March 1995 (during which he concurrently served as Director of the Yi Medicine Research Institute starting in June 1999), Party Secretary and President of Chuxiong Prefecture Traditional Chinese Medicine Hospital from March 1995 to July 2004, and Party Secretary and President of Chuxiong Prefecture Traditional Chinese Medicine Hospital, President of Yunnan Province Yi Medicine Hospital, and Director of the Yunnan Province Yi Medicine Research Institute (concurrently) from July 2004 to September 2015. After completing a five-year deferred retirement in September 2015, he worked at the Yi Medicine Research Institute. On April 25, 2019, Benlei Yang was referred to the People's Procuratorate of Chuxiong Yi Autonomous Prefecture of Yunnan Province for legal review and prosecution. On May 8 of the same year, approval for his arrest was granted (with certain content redacted).

It was further found that Benlei Yang was certified as a chief physician in December 1999 by the Yunnan Provincial Health Technology Chief and Deputy Chief Physician Evaluation Committee.

(iii) Status of the disputed patent

On March 16, 2017, Benlei Yang entrusted the Kunming United Wisdom Intellectual Property Agency to apply for the disputed patent with the China National Intellectual Property Administration. The patent was granted and announced on June 29, 2018. The inventors listed were Benlei Yang and Shuya Yang, and the patent holder was Benlei Yang. The annuity for the patent has been paid. Claim 1 of the patent pertains to a pharmaceutical composition for treating insomnia, characterized in that the pharmaceutical composition for treating insomnia comprises raw materials in the following parts by weight: 100-400 parts of Semen Ziziphi Spinosae, 100-300 parts of Semen Biotae, 50-150 parts of Rhodiolae Roseae, and 30-100 parts of bergamot, prepared through pre-treatment, extraction, and post-treatment steps. Paragraph [0020] of the description states: 'The inventors observed the effects of the medication through clinical use for eight years, conducting clinical observations on 110 patients, and achieving an overall efficacy rate of 90%.' Examples in paragraphs [0065], [0066], and [0067] of the description indicate that the pharmaceutical composition prepared using the patented invention was effective on some patients.

It was further found that the Yi Medicine Research Institute purchased Semen Ziziphi Spinosae, Semen Biotae, Rhodiolae Roseae, and bergamot before and after the filing of the disputed patent.

The court of original instance held that the issue in dispute in this case is whether the disputed patent constitutes an employment invention created by Benlei Yang during his tenure at the Yi Medicine Research Institute, and consequently, whether the Yi Medicine Research Institute is the rightful patent owner of the disputed patent.

If a party asserts rights to a disputed patent by claiming it constitutes a service invention, they must bear the burden of proof establishing that the disputed patent meets the criteria for a service invention. Specifically, the evidential burden includes proving that the disputed patent is an invention created "in the course of performing tasks assigned by the employer" or "primarily using the

employer's material and technical resources." In this case, the Yi Medicine Research Institute claims ownership of the disputed patent against Benlei Yang, asserting that the patent is a service invention created during Yang's tenure at the institute. Consequently, the Yi Medicine Research Institute must provide evidence demonstrating that the disputed patent was created by Yang "in the course of performing tasks assigned by the Yi Medicine Research Institute" or "primarily utilizing the institute’s material and technical resources."

(i) Regarding whether the disputed patent was created by Benlei Yang in the course of performing tasks assigned by the Yi Medicine Research Institute

In service inventions, "work responsibilities" refer to research, design, and development tasks. Not all results of performing work responsibilities necessarily lead to inventions. If an employer has not clearly assigned research, design, or development tasks to an employee, any invention created by the employee cannot be regarded as a service invention. The Yi Medicine Research Institute contends that the descriptions in the disputed patent’s specification, including clinical observations over the years on drug use and treatment outcomes cited in the examples, coupled with Yang’s statements in the response brief regarding formulas and medicinal practices derived from treating diseases, sufficiently establish a connection between the disputed patent and Yang's treatment and prescription activities, thereby demonstrating its relation to work duties. The trial court held that, based on the Yi Medicine Research Institute's operational scope, Yang's professional background, and his role, Yang demonstrated a certain capability for Yi medicine research and development. While the observations in the disputed patent’s specification, derived from Yang's years of clinical practice, reflect his role as a chief physician prescribing treatments, such work does not equate to research and development tasks related to the disputed patent. Thus, Yang's duties as a physician cannot be construed as involving the creation of the disputed patent. The Yi Medicine Research Institute did not provide direct evidence proving that it had assigned Yang research tasks specifically related to the development of insomnia-related drugs or conducted activities concerning such development. Simply relying on Yang’s job title and responsibilities does not automatically infer that the disputed patent was created while performing tasks assigned by the institute. Likewise, Yang's dual role as the institute’s director and his management of related operations does not suffice to conclude that his research activities in Yi medicine relate to specific tasks delegated by the institute, nor does it establish that the disputed patent was created under such assignments.

Therefore, absent evidence from the Yi Medicine Research Institute demonstrating a connection between Yang’s work at the institute and the disputed patent’s technology, or evidence of tasks assigned to Yang pertinent to the disputed patent, it is difficult to substantiate that the disputed patent was created by Yang in the course of performing his work responsibilities.

(ii) Regarding whether the disputed patent was created by Benlei Yang primarily utilizing the material and technical resources of the Yi Medicine Research Institute

The Yi Medicine Research Institute asserts that it procured materials related to the disputed patent and possessed large-scale equipment like tablet presses and capsule-making machines, claiming that the disputed patent was created using the institute’s material and technical resources. The court of first instance held that as an institute specializing in Yi medicine research, the Yi Medicine Research Institute's procurement of Chinese medicinal materials and possession of large-scale pharmaceutical equipment were necessary for its normal operations. Merely the fact that the purchased medicinal materials were identical to those recorded in the claims of the disputed patent, as well as the possession of large-scale pharmaceutical equipment, does not prove that the purchased materials or equipment were used for the R&D of the disputed patent. In other words, it cannot be established that the process of forming the insomnia medication under the disputed patent was achieved through them, as no causal relationship exists between the two.

Regarding the Yi Medicine Research Institute's argument that the pulverizing and sieving specified in Claim 7 of the disputed patent refers to pulverizing and sieving through a 200-mesh sieve, that Benlei Yang did not possess a 200-mesh sieve device, and that the medicinal composition for treating insomnia in Claim 8 could be prepared into tablets, powders, capsules, granules, and pills, such that Benlei Yang lacked the conditions for such research and development: on the one hand, according to common knowledge, the mesh aperture of a 200-mesh sieve is 75 microns, which is not a specialized tool; on the other hand, the preparation method for the medicinal composition described in the claims merely indicates that tablets, powders, capsules, granules, and pills can be obtained through steps such as mixing, soaking, filtering, decocting, filtrate collection, and drying, pulverizing and sieving the traditional Chinese medicinal materials, and the patients in the examples all took the medicinal composition. As the disputed patent concerns the medicinal composition and its preparation method, formulation, and application, the Yi Medicine Research Institute has not submitted evidence proving the degree of complexity involved in the disputed patent such that it could not have been developed under household conditions, and moreover, the promotion and clinical application of the pharmaceutical outcome formed by the preparation method of the disputed patent cannot be used to retroactively infer the research and development process of the disputed patent. Thus, it cannot be proven that Benlei Yang used the resources of the Yi Medicine Research Institute to complete the disputed patent.

In summary, due to the insufficiency of evidence in the case to prove that the disputed patent was an invention or creation completed by Benlei Yang 'in the fulfillment of work duties for the Yi Medicine Research Institute' or 'mainly utilizing the material and technical resources of the Yi Medicine Research Institute,' the Institute must bear adverse consequences on this matter.

The court of first instance, pursuant to Article 6 of the Patent Law of the People's Republic of China (2008 Revision) (hereinafter referred to as the Patent Law) and Article 64 of the Civil Procedure Law of the People's Republic of China, ruled to dismiss all claims of the Yi Medicine Research Institute. The case acceptance fee of 1,050 yuan for the first instance shall be borne by the Yi Medicine Research Institute.

In the second instance, no new evidence was submitted by the parties.

The facts identified in the first-instance trial are largely accurate and are hereby affirmed by this court.

Additionally, this court has found:

The Yunnan High People's Court issued Criminal Ruling No. 1340 [(2020) Yun Xing Zhong] on December 22, 2020. (Content omitted here)

Shuya Yang and the Chuxiong Prefecture Traditional Chinese Medicine Hospital signed a labor contract on March 17, 2014, stipulating that Shuya Yang would work in an administrative position at the hospital. The contract period was from March 1, 2014, to February 28, 2019.

This court holds that the case is a dispute over patent ownership. Since the filing date of the disputed patent was after October 1, 2009, but before June 1, 2021, the 2008 Revised Patent Law applies to this case. Based on the claims and defenses of the parties, the focus of the second-instance trial lies in whether the disputed patent constitutes a service invention and whether the Yi Medicine Research Institute should be the patent owner.

Article 6 of the Patent Law stipulates that an invention or creation completed by performing the tasks of one's unit or primarily using the material and technical resources of the unit shall be considered a service invention. The right to apply for a patent for a service invention belongs to the unit. Article 12 of the Implementing Regulations of the Patent Law of the People's Republic of China (hereinafter referred to as the 'Implementing Regulations of the Patent Law') stipulates that a service invention-creation completed in the performance of tasks assigned by one's entity, as referred to in Article 6 of the Patent Law, means: (1) an invention-creation made in the course of one's regular duties; (2) an invention-creation made while performing tasks outside one's regular duties as assigned by the entity; (3) an invention-creation made within one year of retirement, transfer from the original entity, or termination of employment or personnel relations, and which relates to the duties or tasks assigned by the original entity. The term 'entity' in Article 6 of the Patent Law includes temporary workplaces; the term 'material and technical conditions of the entity,' as referred to in Article 6 of the Patent Law, means the entity's funding, equipment, components, raw materials, or undisclosed technical information. According to the above provisions, if the invention-creation process falls under either of the two circumstances, namely, 'performing tasks assigned by the entity' or 'mainly utilizing the material and technical conditions of the entity,' it should be recognized as a service invention-creation. This court will analyze and determine whether the disputed patent constitutes a service invention-creation in light of these two circumstances:

(i) Regarding whether the disputed patent is an invention-creation completed while 'performing tasks assigned by the entity'

According to the provisions of the Implementing Regulations of the Patent Law, a service invention-creation completed by an employee while 'performing tasks assigned by the entity' refers to two specific situations: an invention-creation 'made in the course of one's regular duties' and an invention-creation 'made while performing tasks outside one's regular duties as assigned by the entity.' If the inventor of the disputed patent is not a regular employee but a principal of the entity who can mobilize all resources of the entity, it is necessary to evaluate whether the patent qualifies as a service invention-creation completed by the principal while 'performing tasks assigned by the entity,' based on the principal's daily work responsibilities, professional background, as well as the nature and core business of the entity and its relevance to the disputed patent.

In this case, the specification of the disputed patent clearly states: 'The inventor observed 110 cases of insomnia patients in clinical studies over eight years of clinical medication, achieving an overall treatment efficacy rate of 90%.' During the eight years prior to the filing date of the disputed patent application, Benlei Yang worked at the Chuxiong Prefecture Traditional Chinese Medicine Hospital and its affiliated Yi Medicine Research Institute. His clinical observation of medication use for patients was both part of his regular job responsibilities and a critical step in the development of the disputed patent's traditional Chinese medicine compound product. In addition, according to the established facts, the purpose and scope of the Yi Medicine Research Institute include conducting research on Yi medicine and collecting, organizing, and developing Yi medicinal knowledge and empirical formulas. Evidently, research and development on Yi medicine constitutes the core tasks of the Yi Medicine Research Institute. As the director of the Yi Medicine Research Institute with research capabilities, Benlei Yang's identity as a researcher cannot be negated merely because he also undertook management responsibilities. Moreover, while Yang emphasized his managerial role, existing evidence indicates his participation in research and development activities at the institute. Considering these factors, the invention-creation in the field of Yi medicine completed by Benlei Yang during his tenure at the Yi Medicine Research Institute is closely related to his regular duties. Therefore, the disputed patent should be recognized as an invention-creation made in the course of his regular duties.

(ii) Regarding whether the disputed patent is an invention-creation completed 'mainly by utilizing the material and technical conditions of the entity'

From the perspective of whether it was 'mainly by utilizing the material and technical conditions of the entity,' the disputed patent should also be recognized as a service invention for the following reasons:

To determine whether an invention-creation was "primarily completed using the material and technical resources of the entity," it is essential to analyze the type, scope, and characteristics of the resources required within the relevant technological field of the invention-creation, and accurately identify the source of those resources to assess whether it constitutes an employee invention-creation. For instance, in the field of mechanical inventions, merely utilizing an entity's material and technical resources to verify or test equipment after the invention-creation is completed typically does not constitute primarily utilizing the entity's resources. In contrast, for inventions related to traditional Chinese medicine compound products, the complex compatibility relationships and the acquisition of clinical and pharmacological data are often essential steps in the innovation process. If a patent applicant uses clinical data as the primary evidence to substantiate the technical efficacy of a compound product, it further highlights the indispensable role of clinical data in the invention-creation process. Therefore, material and technical resources utilized during the clinical data acquisition process often play a crucial role in completing such inventions. Whether clinical data essential for the invention-creation were obtained through the entity is a key factor in determining whether the invention was "primarily completed using the material and technical resources of the entity." If evidence on record demonstrates that the inventor primarily utilized the entity's material and technical resources to acquire clinical data for the compound product, and such data serves as the primary evidence in the patent application substantiating the product's technical efficacy, in the absence of contrary evidence showing reliance on other resources, the compound product invention-creation should be identified as an employee invention-creation.

Based on the facts established by this court regarding whether the disputed patent constitutes an invention-creation "primarily completed using the material and technical resources of the entity," this court holds: Firstly, according to the description of the disputed patent, the inventor obtained pharmacological data through an 8-year clinical observation of 110 insomnia patients. During the 8 years prior to the patent application date, Benlei Yang worked at Chuxiong Prefecture Traditional Chinese Medicine Hospital and its affiliated Yi Medicine Research Institute, holding the title of Chief Physician. In the absence of contrary evidence, it is reasonable to conclude that the clinical experimental data described in the disputing patent were obtained at Chuxiong Prefecture Traditional Chinese Medicine Hospital and the Yi Medicine Research Institute, utilizing the entity's material and technical resources. Secondly, to complete the clinical observation of 110 insomnia patients described in the patent, funds were inevitably required to purchase certain quantities of raw medicinal materials. The Yi Medicine Research Institute provided evidence proving that it had purchased ingredients such as Semen Ziziphi Spinosae, Semen Biotae, Rhodiola Rosea, and Citrus Medica before and after the patent application. Benlei Yang did not provide evidence showing that he had independently funded the purchase of raw medicinal materials needed for the disputed patent. Thirdly, an effective criminal ruling determined that Benlei Yang, with the intent of illegal possession, collaborated with others to transfer certain professional preparation equipment and medicinal resources belonging to the Yi Medicine Research Institute to a company he had established and was controlling. Consequently, Benlei Yang gained access to the material and technical resources required for traditional Chinese medicine research and development by illegally transferring assets that should have belonged to the institute. This led to the institute being unable to provide evidence regarding the research conducted during the time Benlei Yang

controlled its assets. Therefore, it is highly likely that Benlei Yang primarily utilized the resources of the Yi Medicine Research Institute to complete the disputed patent. Even without considering the correlation between Benlei Yang's professional duties and the invention-creation, the patent can still be identified as an employee invention-creation on the basis of "primarily utilizing the material and technical resources of the entity."

Furthermore, although the disputed patent certificate lists another inventor, Shuya Yang, it should be pointed out that the patent administrative authority, when granting a patent right, does not conduct a substantive review to determine whether the listed inventors have made substantive contributions to the invention. Moreover, Shuya Yang is neither the applicant nor the patentee of the disputed patent. Considering the familial relationship between Shuya Yang and Benlei Yang, as well as Shuya Yang's management role at Chuxiong Prefecture Traditional Chinese Medicine Hospital from 2014 to 2019, this court holds that whether Shuya Yang is an actual inventor does not affect the determination of ownership of the disputed patent. Therefore, the disputed patent shall belong to the Yi Medicine Research Institute.

This case concerns a patent ownership dispute. The Yi Medicine Research Institute's claim for attorney fees lacks both legal and contractual basis. Therefore, this Court does not support the related claims of the Yi Medicine Research Institute.

In conclusion, part of the appeal request by the Yi Medicine Research Institute is justified and should be supported. Although the facts established in the original judgment are generally accurate, there is an error in the application of law, which should be overturned. Pursuant to Article 170, Paragraph 1, Item 2 of the Civil Procedure Law of the People's Republic of China, the judgment is as follows:

I. The civil judgment (2020) Yun 01 Zhi Min Chu 31, issued by the Intermediate People's Court of Kunming City, Yunnan Province, is hereby revoked;

II. The invention patent No. 201710157080.5, titled 'A Medicinal Composition for Treating Insomnia, and Its Preparation Method, Formulation, and Application,' is hereby confirmed to belong to the Yi Medicine Research Institute of Chuxiong Yi Autonomous Prefecture;

III. Other litigation requests by the Yi Medicine Research Institute of Chuxiong Yi Autonomous Prefecture are dismissed.

The first-instance case acceptance fee of RMB 1,050 and the second-instance case acceptance fee of RMB 1,050 shall be borne by Benlei Yang.

This judgment is final.

Presiding Judge: Xiaoyang Zhang
Judge: Ning Cui
Judge: Chaoyang She
December 6, 2021
Assistant Judge: Nan Zhang
Court Clerk: Qing Liu

Supervisor: Intellectual Property Court

Official WeChat

Address: Building 3, Yard 2, Automobile Museum East Road, Fengtai District, Beijing Postal Code: 100160 Litigation Service Hotline: 12368
Email: ipc@court.gov.cn
Beijing ICP No. 05023036 Copyright Supreme People's Court of the People's Republic of China
Please use a browser IE10 or above for a better experience.

# （2021）最高法知民终403号

发布时间：2024-03-15 10:05:13 来源：最高人民法院知识产权法庭

**中华人民共和国最高人民法院**

**民事判决书**

（2021）最高法知民终403号

上诉人（原审原告）：楚雄彝族自治州彝族医药研究所。住所地：云南省楚雄市鹿城西路327号。

法定代表人：许嘉鹏，该研究所所长。

委托诉讼代理人：连勇，云南精益律师事务所律师。

委托诉讼代理人：武含，云南精益律师事务所律师。

被上诉人（原审被告）：杨本雷，男，1955年5月5日出生，汉族，身份证住址云南省楚雄彝族自治州楚雄市（此处有删节）。委托诉讼代理人：赵波，云南新洋务律师事务所律师。

上诉人楚雄彝族自治州彝族医药研究所（以下简称彝族医药研究所）因与被上诉人杨本雷专利权权属纠纷一案，不服云南省昆明市中级人民法院于2020年12月3日作出的（2020）云01知民初31号民事判决，向本院提起上诉。本院于2021年3月10日立案后，依法组成合议庭对本案进行了审理。本案现已审理终结。

彝族医药研究所上诉请求：1.撤销原审判决，改判支持彝族医药研究所原审的诉讼请求（二审审理过程中，彝族医药研究所撤回了关于杨本雷将留存的全部诉争专利技术资料交还给彝族医药研究所的上诉请求）；2.由杨本雷承担本案一审、二审案件受理费。事实与理由：对201710157080.5号“一种治疗失眠的药物组合物及其制备方法、制剂与应用”发明专利（以下简称诉争专利）是否属于本职工作中作出的发明创造以及是否属于利用单位的物质技术条件完成的发明创造，应当充分考虑杨本雷的特殊身份，以及在特殊身份情况下可以对单位的物质技术条件、研发资源全面调配使用的情况。（一）诉争专利完成时，杨本雷系彝族医药研究所的负责人，单位业务范围内开展的工作属于其个人的工作职责。（二）杨本雷在执业场所以主任医师身份开展的诊疗活动、开具的处方或进行的临床实验，均与其工作职责密切相关。（三）杨本雷在全面掌控单位的研发资源的情况下，能够直接接触、获取、控制、使用彝族医药研究所涉及到专利研发所需的临床资料、技术信息、物料、人员及设备等物质技术条件，因此，杨本雷应当承担相应的举证责任，举证说明其主张的个人研发技术、临床资料等来源与单位无关，并对属于个人发明的合理性进行解释说明。

杨本雷辩称：原审判决认定事实清楚，适用法律正确，请求维持原审判决，驳回彝族医药研究所的上诉。（一）彝族医药研究所提交的证据不能证明诉争专利的研发是该单位的工作任务，该单位始终未能提供相应的单位立项报告、实施方案、技术方案、发明创造过程以及取得成果的技术资料。（二）彝族医药研究所并无充分证据证明杨本雷主要利用了本单位的物质技术条件。彝族医药研究所提交的单位购买药材的证据材料，购买的药材品种多达几百种，并不能证明是用于诉争专利研发的实验药材，也无相关证据证明杨本雷在诉争专利的发明过程中使用了单位的药材和技术设备。（三）诉争专利的发明人是杨本雷、杨舒雅，诉争专利在申报专利权前后，已经无偿提供给楚雄彝族自治州中医医院（以下简称楚雄州中医院）推广使用，单位在推广使用过程中，投入一定的资金，进行一定的实验，是一个客观存在的事实。不能以使用推广了杨本雷发明的专利技术成果，就将其个人发明和专利成果，认定为单位的职务发明成果。（四）彝族医药研究所主张诉争专利属于单位，但在不了解相关技术资料和规范的情况下，使用该专利生产药物具有隐患，是不利于人民群众身体健康和生命安全的。（五）彝族医药研究所已经撤回对另一发明人杨舒雅的起诉，未经杨舒雅的同

意，不能将诉争专利判归彝族医药研究所所有，否则会侵害杨舒雅的专利权。

彝族医药研究所向原审法院提起诉讼，原审法院于2020年6月29日立案受理。彝族医药研究所起诉请求：1.判令诉争专利权归属于彝族医药研究所所有；2.判令杨本雷将留存的全部诉争专利技术资料，于判决生效之日起十五日内一次性交还给彝族医药研究所（彝族医药研究所当庭明确为技术交底书和临床实验资料）；3.判令杨本雷承担本案案件受理费及律师费9090.9元。事实和理由：彝族医药研究所挂靠楚雄州中医院，由财政全额拨款。建所至今，在研究过程中形成了众多的医药品牌及获得多项药品发明专利。彝族医药研究所成立当年6月，由州卫发（1999）第037号文件决定由杨本雷在担任楚雄州中医院院长的同时兼任彝族医药研究所所长，后杨本雷于2019年4月28日被开除公职。诉争专利系杨本雷在担任彝族医药研究所负责人期间，使用彝族医药研究所单位的场地、设备，利用彝族医药研究所单位经费投入药品研发、实验，由彝族医药研究所集体研发的发明创造，杨本雷参与的研发工作与其在彝族医药研究所承担的职务职责紧密相关，诉争专利应当归属于彝族医药研究所所有。

杨本雷原审辩称：（一）从程序上看，彝族医药研究所没有任何证据证明诉争专利权不属于杨本雷所有，彝族医药研究所认为杨本雷长期担任单位领导职务，药物研发属于杨本雷在职责范围内履行单位分配的具体工作任务，杨本雷自己发明专利就理所应当的是单位的发明，这种主张没有任何依据。（二）从实体上看，诉争专利完全是杨本雷自己投资研制发明的，自己申请的发明专利没有用过单位一分钱，也没有使用过单位的场地、设备，更不是由单位集体研发的。（三）杨本雷将自己的发明专利给单位免费使用，彝族医药研究所将该行为定性为单位集体研发的行为，该主张不能成立。单位用杨本雷的发明专利生产药品，为社会提供服务，为单位取得了效益，该过程是单位使用杨本雷发明专利成果的过程，并不是发明专利的创造过程。综上，诉争专利属于杨本雷自己个人发明的科研成果和知识产权，不是职务发明，更不是单位的发明。彝族医药研究所无权对杨本雷自己拥有的发明专利主张权利，提出要求，故请求驳回彝族医药研究所的诉讼请求，维护杨本雷拥有的合法发明专利权。

原审法院认定事实：

（一）彝族医药研究所情况

彝族医药研究所系云南省楚雄彝族自治州卫生和计划生育委员会成立的事业单位法人，宗旨和业务范围为开展彝族医药研究、促进卫生事业发展、彝族医药知识和彝族药单方验方收集、整理、开发，以及稀奇彝族药物开发种植和培育，原法定代表人为杨本雷。

1999年5月4日，云南省楚雄彝族自治州人民政府会议决定，同意成立彝族医药研究所为科级事业单位，挂靠楚雄州中医院。参会人员包括楚雄州中医院院长杨本雷。

1999年5月19日，云南省楚雄彝族自治州机构编制委员会办公室下发《关于核定楚雄州彝族医药研究所人员编制的批复》，批复彝族医药研究所挂靠楚雄州中医院。

2003年11月23日，云南省机构编制委员会办公室向省卫生厅下发《关于楚雄州中医医院加挂牌子的批复》，同意在楚雄州中医院加挂云南省彝医医院的牌子。

2004年1月30日，云南省楚雄州机构编制委员会办公室下发《关于在楚雄州中医医院加挂云南省彝医医院和云南省彝族医药研究所牌子的通知》，同意在楚雄州中医院加挂云南省彝医医院的牌子，成立云南省彝族医药研究所，该研究所不单独设立，在楚雄州中医院、彝族医药研究所和云南省彝医医院加挂云南省彝族医药研究所的牌子。

2018年，云南省楚雄州机构编制委员会下发《关于楚雄州中医院更名的批复》，同意将楚雄州中医院更名为现名称。

2020年1月14日，甲方楚雄州中医院（云南省彝医医院）、乙方云南省彝族医药研究所，以及丙方彝族医药研究所签订合作协议，各方就共同开展彝药研究开发项目事项明确：1.各方根据各自的行政职能及隶属关系，共同为推动地方医药产业、研究开发彝族医药履行提供物质条件、人员及技术支持；2.专利申请权的归属，利用各方物质条件、人员及技术支持共同研究开发完成的十一项发明专利，由彝族医药研究所作为专利权人，统一行使专利申请权，甲方、乙方有权在各自的单位职责范围内享有该十一项专利的使用权；3.因上述十一项专利被杨本雷、杨舒雅擅自以个人名义向国家知识产权局申请专利，为维护专利权人的合法权益，各方同意丙方彝族医药研究所作为专利权人，通过诉讼的方式行使权利。

（二）杨本雷任职情况

1999年6月29日，云南省楚雄彝族州卫生局下发《关于杨本雷同志兼任楚雄彝族自治州彝族医药研究所所长职务的通知》，同意成立彝族医药研

究所，决定楚雄州中医院院长杨本雷兼任彝族医药研究所所长职务。

2004年8月6日，云南省楚雄彝族自治州人民政府下发《关于施剑波等同志任免职务的通知》，决定杨本雷任云南省彝医医院院长、云南省彝族医药研究所所长。

2006年3月6日，中共楚雄州中医院总支委员会、楚雄州中医院下发《关于调整医院党政领导班子分工的通知》，通知医院党总支书记、院长杨本雷全面负责医院的党务、行政工作，分管医院党务、人事科、财务科、审计室、药剂科、设备科、改革办、彝族医药研究所的工作。

2007年3月19日，中共楚雄州中医院总支委员会、楚雄州中医院下发《关于调整医院党政领导班子工作分工的通知》，通知医院党总支书记、院长杨本雷全面负责医院的党务、行政、业务工作，主管医院党办、院办、人事科、财务科、审计室、药剂科、设备科、改革办、科研信息科、彝族医药研究所的工作。

2009年6月15日，楚雄州中医院下发《楚雄州中医院关于调整医院党政领导班子分工的通知》，通知医院党委书记、院长杨本雷全面负责医院党政工作，分管医院党办、院办、人事科、财务科、物价审计科、药剂科、设备科、彝族医药研究所工作。

2011年6月13日，楚雄州中医院下发《楚雄州中医院关于调整医院党政领导班子分工的通知》，通知党委书记、院长杨本雷全面负责医院工作，分管党办、院办、人事、财务、物价审计、药剂、设备、彝族医药研究所工作。

2012年10月11日，楚雄州中医院下发《楚雄州中医院关于调整医院党政领导班子分工的通知》，通知党委书记、院长杨本雷全面负责医院工作，分管党办、院办、人事、财务、物价审计、制剂室、彝族医药研究所工作。

2013年5月29日，中国共产党楚雄州中医院委员会下发《楚雄州中医院关于调整医院党政领导班子分工的通知》，通知党委书记、院长杨本雷全面负责医药工作，分管人事、财务、物价审计、制剂室、彝族医药研究所工作。

2015年9月28日，云南省楚雄彝族自治州人民政府发文免去杨本雷楚雄州中医院院长、云南省彝医医院院长、云南省彝族医药研究所所长（兼）职务。

2019年5月13日，云南省楚雄彝族自治州监察委员会下发《关于给予杨本雷开除公职处分的决定》，载明杨本雷于1990年3月至1995年3月任楚雄州中医院党总支书记、院长（期间1999年6月兼任彝族医药研究所所长），1995年3月至2004年7月任楚雄州中医院党委书记、院长，2004年7月至2015年9月任楚雄州中医院党委书记、院长、云南省彝医医院院长、云南省彝族医药研究所所长（兼），2015年9月办理延时五年退休手续后在彝族医药研究所工作。2019年4月25日，杨本雷被移送云南省楚雄彝族自治州人民检察院依法审查起诉，当年5月8日杨本雷被批准逮捕（此处有删节）。

另查明，杨本雷于1999年12月经云南省卫生技术主任医师副主任医师评定委员会评审认定其为主任医师。

（三）诉争专利情况

2017年3月16日，杨本雷委托专利代理机构昆明合众智信知识产权事务所向国家知识产权局申请诉争专利，该专利授权公告日为2018年6月29日，发明人为杨本雷、杨舒雅，专利权人为杨本雷。该专利已缴纳年费。该专利权利要求1为一种治疗失眠的药物组合物，其特征在于所述的治疗失眠的药物组合物包括原料重量份的酸枣仁100-400份、柏子仁100-300份、红景天50-150份、佛手柑30-100份，经前处理、提取和后处理步骤制备得到。说明书[0020]段记载“发明人通过8年来的临床用药进行观察，共通过110例患者进行临床观察，该药总有效率90%”。说明书[0065][0066][0067]段实施例中载明部分患者使用该发明专利制备的药物组合物治疗后有效果。

另查明，彝族医药研究所于诉争专利申请前后采购过酸枣仁、柏子仁、红景天、佛手。

原审法院认为：本案的争议问题在于诉争专利是否是杨本雷在彝族医药研究所工作期间完成的职务发明，即彝族医药研究所是否是诉争专利的专利权人。

当事人以诉争专利系职务发明为由主张专利权属的，应当就诉争专利符合职务发明要件的相关事实承担举证责任，即应就诉争专利系发明人“在执行本单位的工作任务中完成的发明创造”或者“主要利用本单位的物质技术条件完成的发明创造”承担举证责任。本案中，彝族医药研究所向杨本雷主张诉争专利权属，称诉争专利系杨本雷在彝族医药研究所工作期间的职务发明，因此彝族医药研究所应就诉争专利系杨本雷“在执行彝族医药研

究所的工作任务中完成的发明创造”或者“主要利用彝族医药研究所的物质技术条件完成的发明创造”承担举证责任。

（一）关于诉争专利是否为杨本雷在执行彝族医药研究所的工作任务中完成的发明创造

职务发明中的本职工作是指研究、设计和开发的工作，并非所有本职工作执行的结果都会产生发明创造。如果单位没有明确委派给职工研究、设计和开发的工作任务，则该职工作出的发明不能认为是职务发明创造。彝族医药研究所认为诉争专利说明书中记载通过多年临床用药观察和实施例列举的患者治疗情况，以及杨本雷在答辩状中陈述其在治疗疾病中总结出来的用药经验和有效方剂，可以证实诉争专利系杨本雷在诊疗和处方过程中形成，具有职务相关性。原审法院认为，从彝族医药研究所的业务范围以及杨本雷的任职情况、个人专业看，杨本雷具备一定的彝药研发的能力，杨本雷在诉争专利说明书中陈述的诉争专利所涉药物组合物是其多年临床用药观察结果，只能证明杨本雷的本职工作是作为主任医师在诊疗中开具处方医治病患，其在医治患者中完成的诉争发明是其在履行本职工作中产生，但作为医生的本职工作并不等同于诉争专利的研发工作。彝族医药研究所并未直接举证证明彝族医药研究所安排、开展过与诉争专利相关的失眠药物的研发工作或者布置过相关工作任务，仅凭杨本雷个人职务、工作职责并不能当然推定诉争专利系其在执行彝族医药研究所的工作任务中完成的发明创造，也不能因杨本雷兼彝族医药研究所所长的身份以及分管业务工作，就当然认为其个人进行的与彝药相关研发工作即为接受彝族医药研究所的工作任务，从而认为诉争专利属于杨本雷执行工作任务完成的。

因此，在彝族医药研究所未能提交相关证据证明杨本雷在彝族医药研究所从事的工作与诉争专利技术具有关联性，以及彝族医药研究所给杨本雷分配过与诉争专利有关任务的情况下，难以认定诉争专利系杨本雷在执行本职工作中完成的发明创造。

（二）关于诉争专利是否为杨本雷主要利用彝族医药研究所的物质技术条件完成的发明创造

彝族医药研究所认为该所采购过与诉争专利有关的药材以及该所具有压片机、胶囊剂等大型设备，诉争专利系杨本雷利用单位的物质技术条件完成的诉争专利。原审法院认为，彝族医药研究所作为专门从事彝族医药研究的单位，采购中药、具有大型制药设备是其正常业务开展需要，仅凭采购的中药与诉争专利权利要求书中记载的中药相同，以及具有大型制药设备，并不能证实采购的药材或者大型制药设备系用于诉争专利的研发，即不能证明诉争专利制备的失眠药物的形成过程，二者不能形成因果关系。

对于彝族医药研究所认为诉争专利权利要求7载明的粉碎过筛是粉碎过200目筛，杨本雷并无200目筛设备，以及权利要求8治疗失眠的药物组合物可制备成片剂、散剂、胶囊剂、颗粒剂和丸剂，杨本雷不具备研发条件的主张，一方面，根据公知常识，200目筛的筛网孔径为75微米，不属于特殊工具；另一方面，权利要求记载药物组合物的制备方法仅表明利用中药药材混匀、浸泡、过滤、水煮、滤液、干燥粉碎过筛等步骤能够得到成片剂、散剂、胶囊剂、颗粒剂和丸剂，实施例患者服用的也均为药物组合物，诉争专利为药物组合物及其制备方法、制备和应用，彝族医药研究所对此并未提交证据证实诉争专利具有何种复杂程度从而不具备家庭研发条件，并且诉争专利制备方法形成的药物成果的推广及临床应用过程不能倒推出诉争专利的研发过程。因此，不能证明杨本雷利用彝族医药研究所物质条件完成诉争专利。

综上所述，因在案证据不足以证明诉争专利系杨本雷“在执行彝族医药研究所的工作任务中完成的发明创造”或者“主要利用彝族医药研究所的物质技术条件完成的发明创造”，故彝族医药研究所对此应当承担不利的后果。

原审法院依照《中华人民共和国专利法》（2008年修正）（以下简称专利法）第六条，《中华人民共和国民事诉讼法》第六十四条之规定，判决：驳回彝族医药研究所的全部诉讼请求。一审案件受理费1050元，由彝族医药研究所负担。

二审中，当事人没有提交新证据。

原审查明的事实基本属实，本院予以确认。

本院另查明：

云南省高级人民法院于2020年12月22日作出（2020）云刑终1340号刑事裁定。（此处有删节）

杨舒雅与楚雄州中医院于2014年3月17日签订劳动合同，约定杨舒雅在楚雄州中医院管理岗位工作，合同期限自2014年3月1日至2019年2月28日。

本院认为：本案为专利权权属纠纷，因诉争专利的申请日在2009年10月1日之后、2021年6月1日前，故本案应适用2008年修正的专利法。根据当事人的诉辩主张，本案二审的争议焦点问题是诉争专利是否为职务发明创造及彝族医药研究所是否应为诉争专利的专利权人。

专利法第六条规定，执行本单位的任务或者主要是利用本单位的物质技术条件所完成的发明创造为职务发明创造。职务发明创造申请专利的权利属于该单位。《中华人民共和国专利法实施细则》（以下简称专利法实施细则）第十二条规定，专利法第六条所称执行本单位的任务所完成的职务发明创造，是指：（一）在本职工作中作出的发明创造；（二）履行本单位交付的本职工作之外的任务所作出的发明创造；（三）退休、调离原单位后或者劳动、人事关系终止后一年内作出的，与其在原单位承担的本职工作或者原单位分配的任务有关的发明创造。专利法第六条所称本单位，包括临时工作单位；专利法第六条所称本单位的物质技术条件，是指本单位的资金、设备、零部件、原材料或者不对外公开的技术资料等。根据上述规定，发明创造的形成过程属于“执行本单位的任务”或“主要是利用本单位的物质技术条件”两种情形之一的，即应认定为职务发明创造，本院分别针对该两种情形，就诉争专利是否属于职务发明创造作如下分析和认定：

（一）关于诉争专利是否为“执行本单位的任务”完成的发明创造

根据专利法实施细则的规定，单位在职人员“执行本单位的任务”所完成的职务发明创造，是指该在职人员“在本职工作中作出的发明创造”和“履行本单位交付的本职工作之外的任务所作出的发明创造”这两种较为具体的情形。如果诉争专利的发明人并非普通在职人员，而是可以调动单位所有资源的单位负责人，则诉争专利是否为该负责人“执行本单位的任务”所完成的职务发明创造，还应结合该负责人的日常工作内容、知识背景以及该单位的根本性质和主营业务等与诉争专利的关联性予以综合判断。

本案中，诉争专利说明书明确记载：“发明人通过8年来的临床用药进行观察，共通过110例失眠症患者进行临床观察，该药治疗总有效率90%”。在诉争专利申请日前的8年内，杨本雷均在楚雄州中医院及其“加挂牌子”的彝族医药研究所工作，其对患者临床用药进行观察的行为既是其履行本职工作的行为，又是完成诉争专利的中药复方产品研发的重要环节。另外，根据已查明的事实，彝族医药研究所的宗旨和业务范围包括开展彝族医药研究，彝族医药知识和彝族药单方验方收集、整理、开发。可见，研究开发彝族医药是彝族医药研究所的核心工作内容。杨本雷作为具有研发能力的研究所所长，不能因其亦承担研究所的管理职责，就否定其研究人员的身份。况且，虽然杨本雷强调其承担的是研究所的管理职责，但现有证据已经显示其参与了该研究所的研发工作。综合以上因素，杨本雷在彝族医药研究所工作期间完成的彝族医药领域的发明创造，与其本职工作具有高度关联性，诉争专利应认定为杨本雷在本职工作中作出的发明创造。

（二）关于诉争专利是否为“主要是利用本单位的物质技术条件”完成的发明创造

从是否“主要是利用本单位的物质技术条件”来看，诉争专利亦应认定为职务发明，理由如下：

对于是否“主要是利用本单位的物质技术条件”完成的发明创造，应当根据该发明创造所属技术领域的研发特点，具体分析形成该发明创造所需利用的物质技术条件的类型、范围及特点，进而对发明创造所利用的物质技术条件的来源以及是否构成职务发明创造作出准确认定。例如，对于机械领域的发明创造，在发明创造完成后仅利用单位的物质技术条件对设备进行验证、测试，通常不属于主要利用单位的物质技术条件的行为。而对于中药复方产品的发明创造，由于中药的配伍关系比较复杂，获得临床数据等药效数据通常是完成中药复方产品发明创造过程中的重要环节。如果专利申请人以临床数据作为证实中药复方产品技术效果的主要依据，更可说明临床数据在该产品发明创造过程中难以或缺的作用。因此，获得临床数据过程中利用的物质技术条件通常在完成此类发明创造的过程中起到重要作用。是否依赖于本单位而获得发明创造所需的临床数据，是判断中药复方产品的发明创造是否为“主要是利用本单位的物质技术条件”完成的发明创造的重要考量因素。如果在案证据能够证明发明人主要是利用本单位的物质技术条件获取中药复方产品的临床数据，且该临床数据是专利申请文件中证实产品技术效果的主要依据，在无相反证据证明完成发明创造主要依赖于其他物质技术条件的情况下，应认定中药复方产品的发明创造为职务发明创造。

根据本院已查明的事实，对于诉争专利是否构成“主要是利用本单位的物质技术条件”的发明创造，本院认为：其一，根据诉争专利说明书记载的内容，发明人通过8年来对110例失眠症患者的临床用药观察，获取了药效数据。在诉争专利申请日前的8年内，杨本雷均在楚雄州中医院及其“加挂牌子”的彝族医药研究所工作，并且具有主任医师的身份。在没有相反证据的情况下，可以合理认定诉争专利说明书记载的临床实验数据均是在楚雄州中医院及彝族医药研究所获得的，系利用了单位的物质技术条件。其二，要完成诉争专利说明书记载的110例失眠症患者的临床观察，必然需要支出资金购买一定数量的原料药。彝族医药研究所举证证明了其在诉争专利申请前后采购过酸枣仁、柏子仁、红景天、佛手等诉争专利的中药成分，而杨本雷未举证证明其为诉争专利的研发支出过任何资金购买原料药。其三，生效刑事裁定认定，杨本雷以非法占有为目的，伙同他人将彝族医药研

究所的部分专业制剂设备、动植物药等转移到自己操纵注册后实际控制的公司名下，其因非法转移本应属于彝族医药研究所的财产而具备了进行中医药研发的物质技术条件，导致彝族医药研究所对杨本雷控制相关财产期间内的研发内容难以举证。因此，杨本雷主要利用了彝族医药研究所的物质技术条件完成诉争专利这一事实具有高度可能性，即使不考虑杨本雷的本职工作与发明创造的关联性，也可因“主要是利用本单位的物质技术条件”而认定诉争专利是职务发明创造。

另外，诉争专利证书虽还记载有另一发明人杨舒雅，但鉴于专利行政部门在授予专利权时，并不对申请文件上记载的发明人是否为对发明创造起到实质性贡献的实际发明人进行实质性审查，且杨舒雅既非诉争专利的申请人，也并非诉争专利的专利权人，再考虑到杨舒雅与杨本雷之间的父女亲属关系，以及杨舒雅2014年至2019年期间在楚雄州中医院从事管理岗位工作的情况，本院认为，杨舒雅是否为实际发明人不影响本院对于诉争专利权属的认定。因此，诉争专利应归属于彝族医药研究所所有。

本案为专利权权属纠纷，彝族医药研究所主张律师费缺乏法律依据和合同依据，故本院对彝族医药研究所与此相关的诉讼请求不予支持。

综上所述，彝族医药研究所的上诉请求部分成立，对成立部分应予支持；原审判决认定事实基本清楚，但适用法律存在错误，应予撤销。依照《中华人民共和国民事诉讼法》第一百七十条第一款第二项之规定，判决如下：

一、撤销云南省昆明市中级人民法院（2020）云01知民初31号民事判决；

二、确认201710157080.5号“一种治疗失眠的药物组合物及其制备方法、制剂与应用”发明专利权属于楚雄彝族自治州彝族医药研究所所有；

三、驳回楚雄彝族自治州彝族医药研究所的其他诉讼请求。

一审案件受理费1050元、二审案件受理费1050元，均由杨本雷负担。

本判决为终审判决。

审判长 张晓

审判员 崔

审判员 佘朝

二〇二一年十二月六

法官助理 张

书记员 刘

责任编辑：知识产权法

官方微信

地址：北京市丰台区汽车博物馆东路2号院3号楼 邮政编码：100160 诉服电话：12368
电子邮箱：ipc@court.gov.cn
京ICP备05023036号 中华人民共和国最高人民法院 版权所有
请使用IE10以上浏览器获得更高的体验