# Cohen Supplemental Ex. 2

# Supreme People's Court Monitor

**CASE DATABASE, CASE LAW, COMMUNIST PARTY AND THE COURTS, COURT REFORM, FOREIGN-RELATED CASES**

# Supreme People's Court's new guidance on similar case search

JULY 27, 2020 | SUPREME PEOPLE'S COURT MONITOR | 6 COMMENTS




On 27 July 2020, the Supreme People's Court (SPC) issued Guiding Opinions Concerning Strengthening Search for Similar Cases to Unify the Application of Law (https://www.chinalawtranslate.com/en/case-review/) (Guiding Opinions) (关于统一法律适用加强类案检索的指导意见（试行）(http://www.court.gov.cn/fabu-xiangqing-243981.html)), effective on 31 July. It is not a judicial interpretation, rather it is guidance intended to make judicial decisions more consistent, an ongoing issue in the Chinese court system. The SPC is approving the practice of judges using principles

derived from prior cases to fill in the gaps in legislation and judicial interpretations. The Guiding Opinions codifies many of the practices of the Chinese courts and imposes some new requirements. It does not mean that China has become a common law legal system. As explained further below, although the Guiding Opinions do not address this question, comments by an SPC judge suggest that the special status of cases selected by the SPC by its operational divisions remains in place.

It also illustrates two larger points–that discrete judicial reforms aimed at more consistent judgments continue to be implemented even as the role of Party leadership and oversight continues to be stressed. It is also an illustration of how long it can take judicial reforms to be implemented. in my view, this discrete, technical reform has implications greater than the drafters of the Guiding Opinions realized, including a possible impact on Chinese legal education. It has the potential to make litigation a more predictable process for parties.

## Case Search Requirements

### What are similar cases?

Article 1 defines that–the cases that are already effective and are similar in their basic facts, disputed points, issues of law, etc. (指与待决案件在基本事实、争议焦点、法律适用问题等方面具有相似性，且已经人民法院裁判生效的案件).

### When is similar case search required? (Articles 2 and 7)

1. When a case is proposed to be submitted to a professional or specialized (presiding) judges meeting (generally all the judges in a division) or the judicial/adjudication committee for discussion;
2. Relevant judicial principles are unclear or conflicting;
3. A court president or division head requires it under his or her supervision authority;
4. Other relevant situations.

That is, similar case search is not required in all cases, only when the relevant "law" is unclear.

Similar case search should be set out in the trial report (https://supremepeoplescourtmonitor.com/2020/07/21/supreme-peoples-courts-bench-memoranda/) for the case or in a separate precedent (similar case) report (类案检索报告) and included in the case file. As noted in my earlier blogpost (https://supremepeoplescourtmonitor.com/2020/07/21/supreme-peoples-courts-bench-memoranda/), trial reports are confidential and not accessible to parties or their lawyers. Article 8 requires that the search report must include details on the platform, means of search, etc. and how the search was used.

### Who searches and how?

The judge in charge of the case ( (https://supremepeoplescourtmonitor.com/2020/07/21/supreme-peoples-courts-bench-memoranda/)承办法官) is in charge of undertaking the search and is responsible for doing it accurately and properly, using either the SPC's database or other case databases, focusing on cases from the last three years, except for guiding cases.

Judges can use methods such as keyword search, legal provision (article of the relevant law), or related case search.

## What must be searched?

These rules (in Article 4) are in line with what I have previously written:

1. SPC guiding cases;
2. SPC typical (model) cases (典型案例) and judgments or rulings of the SPC;
3. Reference cases issued by provincial-level higher people's courts  and decisions by those courts;
4. Higher-level courts in the jurisdiction in question and judgments of that court.

Except for the guiding cases, priority is given to the search of cases or cases in the past three years; if a similar case has been searched in the previous order, no search is required. Article 5 provides that judges can use methods such as keyword, legal article-linked, and case-based searches.

My understanding is that these are general principles, but the specific scope of cases that need to be searched will depend on the specifics. As I have previously written, the SPC Circuit Courts (https://supremepeoplescourtmonitor.com/2020/06/10/what-is-the-impact-of-the-spcs-circuit-courts/) have issued cases that guide the lower courts in their circuits.  The special authority of those cases remains in place. Judges reviewing issues related to the enforcement of foreign arbitral awards in China will need to look to a special set of cases (described here (https://supremepeoplescourtmonitor.com/2019/05/19/chinese-judicial-documents-1/)), for example.

I had previously written about case (https://supremepeoplescourtmonitor.com/2019/12/09/how-the-supreme-peoples-court-guides-the-lower-courts-through-cases-in-its-publications-1/)s selected by the operational divisions of the SPC providing guidance to the lower courts.  Those retain their special authority, as indicated by comments by Senior Judge Yu Tongzhi (https://supremepeoplescourtmonitor.com/2018/01/31/supreme-peoples-court-the-new-campaign-to-sweep-away-black-eliminate-evil/), an editor of Reference to Criminal Trial (the joint publication of the SPC's five criminal divisions). He noted in an article (https://mp.weixin.qq.com/s/UO1SpwtixHDuifSmiX4nhw) published on 31 July, that as far as criminal justice is concerned, without a doubt, the first choice for searching similar cases is to search the guidance cases contained in their publication, setting indices to the guidance cases for the convenience of readers.

## Are precedents binding?

Precedents are not binding, but guiding cases should be 参照 "referred to" (https://cgc.law.stanford.edu/commentaries/clc-1-201806-23-guo-feng/) (the link is to SPC Research Office Deputy Director  Judge Guo Feng's authoritative explanation) unless the case conflicts with subse-

quently issued law or judicial interpretations. Other types of cases are not binding, but for judges to consider（参考).

## How judges must respond

Article 10 imposes a new requirement on courts, if procurators, parties, their representatives (their lawyers) submit guiding cases or other cases in support of their legal position (as I had previously written (https://supremepeoplescourtmonitor.com/2017/07/17/chinas-evolving-case-law-system-in-practice/) had been the practice). For guiding cases, courts are required to state in the reasoning section of their judgments whether or not the guiding case was referred to and why.

For all other types of cases, the court can use its power of clarification/explanation and other means (释明等方式) to respond. It is understood that this is meant to give judges flexibility in responding to (non-guiding) judgments provided by parties–so the court may respond in its court's judgment or in other ways. Those other ways may include: responding to the cases submitted pre-hearing, during a hearing, after a hearing, as the court considers most appropriate. We will need to observe what is done in practice, for example, whether courts respond primarily in their judgments or orally. This will be the way that a party can monitor whether the search accurately reflects prior cases, as neither a party or its counsel has access to the trial report. Other unknowns are how this system will influence administrative proceedings such as those at the Trademark Review and Adjudication Board (https://supremepeoplescourtmonitor.com/2016/08/01/how-chinas-non-guiding-cases-guide/).

## Link to Inconsistent Decision Mechanism

Article 11 contains a link to the inconsistent decision mechanism discussed here (https://supremepeoplescourtmonitor.com/2019/11/07/supreme-peoples-court-establishes-a-mechanism-for-resolving-inconsistent-decisions/), which I described as a microcosm of themes reflecting how the SPC operates, given its high bureaucratic nature.

## Why case law reform?

As this blog has discussed, in the New Era, the role of Party leadership and oversight continues to be stressed (see this blogpost, for example (https://supremepeoplescourtmonitor.com/2020/05/04/supreme-peoples-courts-new-vision-for-the-chinese-courts/)). This discrete judicial reform is aimed at more consistent judgments. It is a critical tool that judges are already using because Chinese legislation lags behind the needs of the courts, and judicial interpretations are insufficient as well. Party policy (https://muse.jhu.edu/article/756369)would have an indirect impact on those cases, as would foreign law principles (mentioned here (https://supremepeoplescourtmonitor.com/2020/07/25/judicial-services-guarantees-to-aid-chinas-economy/)).

## "Slow-cooking" judicial reform

The issuance of these rules shows the strength of the case law system and how long it can take a single judicial reform to be implemented. As mentioned in the June, 2019 blogpost (https://supremepeoplescourtmonitor.com/2019/06/22/chinas-new-judicial-reforms-on-case-law-other-guidance/), when Professor Hu Yunteng (https://mp.weixin.qq.com/s/zgFwcmg_x0mlRJezTrCk7w) (until recently Justice Hu Yunteng (https://supremepeoplescourtmonitor.com/2019/10/04/spc-updates-its-guidance-on-judicial-adjudication-committees/), formerly a full-time member of the SPC's judicial committee, now retired) recollected the history of the case system with Chinese characteristics, he mentioned that Jiang Huiling (https://supremepeoplescourtmonitor.com/2020/07/12/comings-goings-at-the-supreme-peoples-court/), then his colleague at the China Institute for Applied Jurisprudence (now Dean of the Tongji University School of Law) had looked to jurisdictions outside of China to advocate that China establish a case law system. Professor Hu Yunteng doesn't specify whether Dean Jiang Huiling was looking to case law systems in civil or common law jurisdictions in the "West."). In his 2016 Harvard Law Review student note, Mark Jia (now clerking on the Supreme Court), cited Li Shichun of the China Law Society to the effect that it was the National People's Congress that opposed those seeking to establish a Chinese case law precedential system. That opposition has been overcome by widespread professional usage (as described in my (http://www.tsinghuachinalawreview.org/articles/0902_Finder.htm)2017 Tsinghua Law Review article). It is unusual in that the practice came first and was not a top-down reform (顶级设计).

## Concluding Comments

This discrete, technical reform is an important one for the rules relating to judicial decision-making better harmonized with judicial practice. There are a number of unknowns. One is whether it will result in judges feeling more comfortable in setting out their reasoning (https://mp.weixin.qq.com/s/P7sZR5CONo_jpEOKSkzp_w), knowing that other judges may look to it. An important question is how the practice of responding to cases will evolve–will judges tend to respond in their judgments, or as I suspect, do it orally. (As to why I think that–it is related to the desire of Chinese judges to reduce their risk under the judicial responsibility system (https://supremepeoplescourtmonitor.com/2018/02/27/why-are-chinese-judges-so-stressed/)).

In my view, this reform has the potential to make Chinese litigation a more predictable process. It is a bit of evidence of the gradual harmonization of the operations of the Chinese courts with the rest of the world, as current circumstances permit.

**CASE LAW** **CASE LAW SYSTEM**

# 6 thoughts on “Supreme People’s Court’s new guidance on similar case search”

1. Pingback: Supreme People’s Court to Issue White Paper on Judicial Review of Arbitration and Related Model Cases | Supreme People's Court Monitor
2. Pingback: China’s Evolving Case Law On ASI’s | China IPR - Intellectual Property Developments in China
3. Pingback: A Season of CNIPA Rulemaking | China IPR - Intellectual Property Developments in China
4. Pingback: Three SPC Reports Document China’s Drive to Increase its Global Role on IP Adjudication – China IPR – Intellectual Property Developments in China
5. Pingback: The 996 typical cases | Supreme People's Court Monitor
6. Pingback: China’s Civil Code to have a Contract Part Judicial Interpretation | Supreme People's Court Monitor