# Cohen Supplemental Ex. 13

Tulsa Journal of Comparative and International Law

Volume 10 | Issue 2 Article 4

Spring 3-1-2003

# Burden of Proof: Developments in Modern Chinese Evidence Rules

Mo Zhang

Paul J. Zwier

Follow this and additional works at: https://digitalcommons.law.utulsa.edu/tjcil

Part of the Law Commons

Recommended Citation
Mo Zhang, & Paul J. Zwier, *Burden of Proof: Developments in Modern Chinese Evidence Rules*, 10 Tulsa J. Comp. & Int'l L. 419 (2002).

Available at: https://digitalcommons.law.utulsa.edu/tjcil/vol10/iss2/4

This Article is brought to you for free and open access by Scholarship @ UTulsa Law. It has been accepted for inclusion in Tulsa Journal of Comparative and International Law by an authorized editor of Scholarship @ UTulsa Law. For more information, please contact megan-donald@utulsa.edu.

# BURDEN OF PROOF: DEVELOPMENTS IN MODERN CHINESE EVIDENCE RULES

*Mo Zhang*[†]
*Paul J. Zwier*[††]

One of the most interesting developments in China since its entrance into the World Trade Organization (WTO) has been the Chinese government's apparent commitment to the "rule of law." As a matter of fact, since 1999 when the Chinese Constitution was amended by the nation's legislative body, the National People's Congress, promoting the rule of law has become the constitutional mandate in the nation.[1] Although there exists significant conceptual differences between Chinese and Western scholars in what would constitute the rule of law,[2] the rule of law has been commonly understood in China to mean

---

† Associate Professor of Law, Temple University Beasley School of Law, and Director of Temple University Law Program in China.

†† Professor of Law, Emory University, School of Law. Special thanks to the University of Tennessee College of Law for providing research and travel support for the writing of this paper.

1. On March 15, 1999, Article 5 of the Constitution of the People's Republic of China was amended to add one paragraph which read: "The People's Republic of China is committed to governing the country according to law and constructing it a socialist country ruled by law." XIANFA art. 5 (1982) (amended 1999) (China Legal Publishing House 2001) (Constitution of the People's Republic of China).

2. WANG CHENGUANG, INTRODUCTION TO CHINESE LAW 13-15 (Sweet & Maxwell Asia 1997). *See also* JEROME A. COHEN, *Foreword* to THE RULE OF LAW, PERSPECTIVES FROM THE PACIFIC RIM, at xi–xiv (Mansfield Center for Pacific Affairs 2000). According to Professor Cohen, although many East Asians came to see the Rule of Law in its best sense as holding out the promise of improved government, enhanced protection of individual rights, and greater economic development and international cooperation, for others – especially those who lived under colonialism – Western-style law, like their own traditional legal systems, was seen as an instrument of control and even oppression rather than the finest achievement of civilization. Professor Cohen further indicates that "the West," of course, like "the East" in reality consists of a host of individual countries, each of which constitutes the daily struggle of perfecting its own distinctive version of the Rule of Law in its particular national context.

construction/development of the legal system to ensure that the nation is governed by law.[3]

As part of its effort to put substance behind this commitment, the Chinese government is engaged on a number of levels in judicial reform, aiming at improving the judiciary. In 2001, the Supreme People's Court of China made it the "century theme" to achieve "Impartiality and Efficiency" in the people's courts.[4] In his working report to the Annual Conference of the National People's Congress of China in March 2002, the President of the Supreme People's Court stated that the people's courts would continue the ongoing judicial reform, with impartiality and efficiency as the main theme.[5] A major part of the judicial reform rests with efforts to develop sound evidence rules as applied to both civil and criminal proceedings.

China has no unified evidence code, *per se*, and the current evidence law exists in evidence rules that are scattered in the Criminal Procedure Law, Civil Procedure Law (CPL), and Administrative Procedure Law. Adopted on July 1, 1979, the Criminal Procedure Law contains some eight articles that deal with evidence. On March 17, 1996, the Criminal Procedure Law was amended with the significant addition of the principle of "presumption of innocence" in a criminal proceeding. The presumption of innocence shifted the burden of proving the guilt of the accused on to the shoulder of the government.[6] The Administrative Procedure Law adopted on April 4, 1989 contains six articles for evidence.[7] On April 9, 1991, the Civil Procedure Law was promulgated. Of 320 articles in the Civil Procedure Law, only twelve articles are provisions of evidence.[8]

For many years, there has been strong criticism in China that courts are given little guidance in setting standards of proof and there is a clear

---

3. *See* XIN CHUNYING, CHINESE LEGAL SYSTEM AND CURRENT LEGAL REFORM 26-27 (China Legal Publishing House 1999).

4. *See* Xiang Yang, *The Supreme People's Court's Report to the Fifth Session of the Ninth National People's Congress of China* (Mar. 11, 2002), *available at* http://www.npcnews.com.cn/gb/paper278/1/class.htm.

5. *See id.*

6. Article 12 of the Criminal Procedure Law (as amended) provides that "no person shall be found guilty without being tried and decided as such by a people's court according to law." CRIMINAL PROCEDURE LAW OF THE PEOPLE'S REPUBLIC OF CHINA, art. 12 (China Legal Publishing House 1999).

7. *See* ADMINISTRATIVE PROCEDURE LAW OF THE PEOPLE'S REPUBLIC OF CHINA, Ch. 5 (China Legal Publishing House 2002).

8. CIVIL PROCEDURE LAW OF THE PEOPLE'S REPUBLIC OF CHINA, Ch. 6 (China Legal Publishing House 2002) [hereinafter CPL].

lack of detailed and readily "operable" evidence rules.[9] The concerns are that the insufficiency of evidence rules has become a great obstacle to achieving justice and fairness of the judiciary, and consequently there are increasing calls for the adoption of a separate evidence law among scholars and legislators.[10] As noted, China's entry into the WTO is posing great challenges to the Chinese judicial system in that more profound reforms are needed. In this context, the Chinese government's motives to promote the rule of law in China may not be the purest, but an understanding of due process through the requirements of proof and the presentation of evidence seems to be rising in the nation. This trend will help bring about not only economic prosperity in China, but also entrance of the country into the international mainstream of human rights protection.

Recognizing the need for more clearly defined evidence rules, the Supreme People's Court has been taking efforts to perfect the existing evidence provisions in the procedure laws through the power of judicial interpretation and administration.[11] In the meantime, the Supreme People's Court is enacting new evidence law in the area of procedure. For example, in its *Several Opinions on Application of the Procedure Law of the People's Republic of China* which was issued on July 14, 1992, the Supreme People's Court construed who has the burden of proof in different types of tort cases. The Court also listed situations in which the people's court shall be responsible for collecting evidence. On September 2, 1998, in order to implement the amended Criminal Procedure Law (1996), the Supreme People's Court issued the *Interpretations on Questions Concerning Implementation of the Criminal Procedure Law of China* (*Interpretations*). The *Interpretations* specified in particular what must be proved by evidence in criminal proceedings.[12]

---

9. Chen Guangzhong, *Foreword* to LIU SHANCHUN'S STUDY ON PROCEEDING EVIDENCE RULES (China Legal Publishing House 2000).

10. *See id.*

11. In doing so, the Chinese Supreme People's Court acts in a way that is similar to the Italian Supreme Court and other East European Supreme Courts in serving a legislative function in determining its rules of procedure and evidence. The Chinese Supreme People's Court has no Rules Enabling Act, as does the U.S., which provides the Court with this power explicitly.

12. Article 52 of the *Interpretations* provides that the facts of a case which must be proved by evidence shall include: (1) identification of the defendant; (2) whether there exists criminal conduct of the accused; (3) whether the criminal conduct as charged was performed by the defendant; (4) whether the defendant is guilty, and what is the intent and purpose of the conduct; (5) the time, location, means and outcome of the performance of the conduct as well as other circumstances; (6) the responsibility of defendant and his/her relationship with accomplice(s) in the case; (7) whether the defendant's conduct constitutes a criminal offense, and whether there are any statutory or discretional circumstances in

The most important attempt of the Supreme People's Court to help further improve judicial justice in China is the adoption of the Several Rules of Evidence Concerning Civil Litigation (Civil Evidence Rules). The Civil Evidence Rules are essentially the judicial interpretations made by the Supreme People's Court under Chinese laws.[13] Effective April 1, 2002, the Civil Evidence Rules are acclaimed as the major development of evidence law in China.[14] Although theoretically, the judicial interpretations are not the "laws" in China, they have played a significant role in shaping the legal regime and provided the courts with "urgently needed gap-fillers."[15] More importantly, in the adoption of the Civil Evidence Rules, the Supreme Court made it clear that matters of evidence are the core of civil procedure,[16] which obviously demonstrates the Court's serious view on the importance of evidence. It is expected that the Civil Evidence Rules and application of them will provide experimental experiences in helping China to ultimately adopt civil evidence law in China.[17]

It is our thesis that as China develops notions of proof and evidence principles governing civil and commercial matters, the same notions may also apply to the criminal forums in the course of its judicial reform. Such developments could help ensure application of due process in the Chinese

---

which the punishment may be heavier, lighter, or exempted. ZUIGAO RENMIN FAYUAN [SUPREME PEOPLE'S COURT], INTERPRETATIONS ON QUESTIONS CONCERNING IMPLEMENTATION OF THE CRIMINAL PROCEDURE LAW OF CHINA (China Legal Publishing House 2002).

13. Under Article 33 of the Organizational Law of the People's Court of China, Supreme People's Court shall have the power to interpret laws and regulations as to how they are going to apply in the course of judicial practice. LEGAL WORKING COMMITTEE OF THE NATIONAL PEOPLE'S CONGRESS, THE LAWS OF THE PEOPLE'S REPUBLIC OF CHINA 38-42 (Law Press 1999).

14. *See* LI GUOGUANG, UNDERSTANDING AND APPLICATION OF THE SUPREME PEOPLE'S COURT'S SEVERAL RULES OF EVIDENCE CONCERNING CIVIL LITIGATION 1-3 (China Legal Publishing House 2002).

15. *See* WANG CHENGUANG, AN INTRODUCTION TO CHINESE LEGAL SYSTEM 21 (Hong Kong Publisher 1997).

16. *See* Cao Jianming, Speech at the News Conference for the Issuance of the Supreme People's Court's Several Rules of Evidence Concerning Civil Litigation, *in* NO.1 CIVIL CHAMBER OF THE SUPREME PEOPLE'S COURT, JUDICIAL INTERPRETATION OF EVIDENCE IN CIVIL PROCEEDINGS AND RELATED RULES 18-19 (People's Court Press 2002).

17. *Id.* at 24-25. The latest development in the rules of evidence was the Supreme People's Court *Rules on Several Matters of Evidence in Administrative Litigation* [hereinafter *Administrative Evidence Rules*] on July 24, 2002. Effective on October 1, 2002, the *Administrative Evidence Rules* apply to cases where the State is a party. According to the Supreme People's Court, the adoption of the *Administrative Evidence Rules* represents another shift of the Chinese judiciary toward fundamental aspects of the rule of law and due process.

judicial system. This article will focus on the Civil Evidence Rules and discuss their implication and impact on Chinese judicial justice and propose what steps should be taken for further development of the rule of law.

In Part I, we will analyze the development of evidence in China and existing provisions of evidence in China's Civil Procedure Law. In Part II, we will directly deal with the Civil Evidence Rules. We will cover important provisions such as distribution of burden of proof, relevance, statutory evidence and discretional evaluation of evidence, witnesses, and hearsay. In Part III, we will try to look at how the Civil Evidence Rules are being applied in the Chinese courts and possible impacts. We will take recent cases in the general district court as a paradigm for describing the way that evidence requirements may shape case outcomes in civil cases. In Part IV, we will examine evidence principles being applied by untrained law judges and ask what those developments in evidence law might mean if evidence requirements in civil cases were applied with equal force in criminal proceedings.

We are not so naïve as to think that evidence law is uniformly applied even in countries with longstanding traditions of evidence law, nor that it will likely be uniformly applied in China. Still, the principles of proof as applied where the state is a party should have an important, if unintended, effect of promoting human rights in both governmental regulatory cases and in criminal matters. In Part V, we will conclude that China has taken some important first steps in developing Chinese Constitutional processes to start to ensure a rule of law. In addition, well-designed legal education and training will provide an important role in "teaching" the judges how to the think about proof and evidence. Once these evidence principles are engrained in the judiciary, prosecutors, and defense lawyers, the development of due process may be a direct outcome of the legal educational process.

## I. EVOLUTION OF CIVIL EVIDENCE RULES IN CHINA – ON PAPER AND IN PRACTICE

Evidence rules in China were not well-developed and there was barely any evidence provision until 1979 when the Criminal Procedure Law of China was adopted.[18] The lack of evidence rules was rooted in the misconception of the role of procedure law.

---

18. From 1949 to 1979, there were several attempts to adopt procedural laws. For example, in 1956, the Supreme People's Court made *A Summary on Trial Procedures of Civil Cases in the People's Court at Various Levels*. One year later, the Court completed the *Trial Procedures of Civil Cases* (Draft). In 1963, the Supreme People's Court issued the

First, before the adoption of the Criminal Procedure Law, "State Policy" was regarded as the primary source of rules governing judicial proceedings. As a result, policy took the place of law.[19] Due to the government interest oriented nature of the State policy, the application of the policy would almost always sacrifice the interest of the individual in order to maintain the supremacy of the State interest.[20] Therefore, the procedural law and evidence rules were almost ignored.

Secondly, it had been a very common phenomenon in China to give substantive law more weight than procedural law. The notion was that the substantive law would best serve the need of the State in protecting its interests against individuals while the procedures tended to protect individual interests and rights. This notion was particularly in effect whenever the government chose to interfere with judicial proceedings. Procedures were viewed as an attachment to the substance and played a secondary role in the judicial proceedings.[21]

Thirdly, judges had long been regarded as the "State workers" or the "public servants," and their function was to implement the State policy and protect the State interest.[22] Partly affected by that, the doctrine of *ex officio* (by virtue of the office) of justice had excessively dominated the judicial proceedings, both criminal and civil, and actually became an "ultra *ex officio*."[23] The *ex officio* customized the procedure to the needs of the state at the time. Under this scenario, judges were responsible for all matters in the proceeding, and parties to the litigation would not have much to do as long as the case was brought to the court.[24] Consequently, the procedures had never been the center of attention in the court trials before 1979.

---

*Opinions on Several Matters Concerning Trial Works in Civil Cases* (Revised Version). *See* TANG DEHUA, THE LEGISLATION OF CIVIL PROCEDURE LAW AND ITS APPLICATION 1-5 (China Legal Publishing House 2002).

19. *See* Pi Yi Jun, *Procedural Justice is the Supreme Norm of the Judicial Justice – Legal Sociological Analysis of Judicial Justice*, POL. SCI. & L. REV. 340-43 (2002).

20. In its 1963 *Opinions on Several Matters Concerning Trial Works in Civil Cases* (Revised Version), the Supreme People's Court made it clear that the people's courts shall carry on the policies of communist party and the State, and the courts shall subject themselves to the absolute leadership of the communist party. *See* DEHUA, *supra* note 18, at 62-64.

21. *See* Jun, *supra* note 19, at 341-42.

22. *See* DEHUA, *supra* note 18.

23. *See* HUANG SONGYOU, UNDERSTANDING AND APPLICATION OF THE JUDICIAL EXPLANATION OF EVIDENCES IN CIVIL LITIGATION 25-26 (China Legal System Publishing House 2002).

24. *See id.*

In 1979, stimulated by the move to open up to the outside world, China began to restore a legal system that was destroyed during the ten-year chaos of Cultural Revolution (1966-1976). The most concrete step in this regard was the adoption of the Criminal Law and Criminal Procedure Law.[25] It was at this time that the Civil Evidence Rules were first provided in the procedure law.[26] In the same year, attempting to improve the quality of trials in civil cases, the Supreme People's Court issued the Civil Evidence Rules Concerning Procedural System in the Trials of Civil Cases in the People's Courts (Provisional).[27] However, these procedural rules did not contain any evidence provisions.

The absence of evidence rules in the trials of civil cases ended in 1982 when the Civil Procedural Law of China (Provisional) was adopted. Effective on October 1, 1982, the Civil Procedural Law (Provisional) had a special chapter dealing with evidence, which consisted of eleven articles.[28] The Civil Procedural Law (Provisional) was later replaced by Civil Procedural Law stipulated by the National People's Congress on April 9, 1991.[29] In 1992, the Supreme People's Court issued the *Opinions on Application of the Civil Procedural Law of the People's Republic of China* (*Opinions on the CPL*).[30] The *Opinions on the CPL* explicitly state, among other things, the burden of proof of presenting evidence in specific cases.[31]

---

25. The National People's Congress adopted both Criminal Law and Criminal Procedure Law at the same time on July 1, 1979.

26. The evidence rules are provided in articles 42-49 of the CPL.

27. The Procedural Rules were issued on Feb. 2, 1979. *See* DEHUA, *supra* note 18, at 69-79.

28. Chapter 6 of the Civil Procedural Law (Provisional) was named "Evidence," and it ran from Article 55 to Article 65.

29. Charles Paglee, *Law of Civil Procedure of the People's Republic of China* (adopted by the 4th session of the 7th National People's Congress on Apr. 9, 1991), *at* http://www.qui.net/chinalaw/lawtran1.htm (English version), and *at* http://www.law.washington.edu/clnet/feature.html (Chinese version).

30. Zuigao Renmin Fayuan [Supreme People's Court], *Opinions on Application of the Civil Procedural Law of the People's Republic of China,* 31 GAZETTE OF THE SUPREME PEOPLE'S COURT 70 (1992) [hereinafter *Opinions on the CPL*].

31. According to Article 74 of the *Opinions on the CPL*, in the following tort cases, if the defendant denies a tortious fact stated by the plaintiff, the defendant shall bear the burden of proof: (1) patent infringement involving invention of production method of products; (2) personal damages caused by highly dangerous work; (3) damages caused by environmental pollution; (4) personal injury caused by collapse, dropping or falling of objects kept or hung on the construction site or other facilities; (5) personal injury caused by raised animals; or (6) other situations in which defendant shall bear burden of proof as required by law. *Id.* In the above situations, as long as plaintiff has suffered injury or damage, defendant will be held liable unless defendant can prove that the injury or damage was the plaintiff's fault or was not caused by defendant.

*A. Evolution of Relevance and the Law/Fact Distinction*

Chapter 6 of the CPL is entitled "Evidence," and consists of twelve articles. Under Chapter 6, evidence is classified to include (a) documentary evidence; (b) material evidence; (c) audio-visual material; (d) testimony of witnesses; (e) statements of the parties; (f) expert conclusions; and (g) records of inspection.[32] Though they are regarded as a major piece of the evidence regulation in civil litigation, both the CPL and the *Opinions on the CPL* offer no definition of what constitutes evidence. Does hearsay constitute evidence? Does reputation or prior bad acts of an actor constitute evidence? Only the Criminal Procedure Law gives a definition of evidence. Under Article 42 of the Criminal Procedure Law, evidence refers *to all facts that prove true circumstances of a case.*[33] This provision is widely used as an authoritative definition of evidence in civil cases, and is accepted among Chinese scholars.[34] In terms of valid civil evidence, Chinese legal scholars generally characterize evidence that would *prove true circumstances* to include three components: objectiveness, relevance, and legality.

Objectiveness, also called truthfulness or realness, means that the evidence must be real, or that it must truly and objectively exist.[35] The Chinese law requires objective truth and because the judge and fact finder are one, the search for truth also involves a weighing of the evidence and a determination of its truth. Since there is no distinction between the fact finder and rule giver, evidence can be disregarded as not true and not worthy of consideration without any explanation or recordation. To achieve objectiveness, Article 63 of the CPL requires that evidence be verified to be true before it can be taken as a basis for ascertaining a fact.[36] In addition, under Article 102 of the CPL, it would constitute a criminal offense to forge or destroy important evidence which would obstruct the trial of a case by the people's court, to use force, threats, or subornation to prevent a witness from giving testimony, or to instigate, suborn or coerce

---

32. CPL art. 63, *supra* note 8.

33. CRIMINAL PROCEDURE LAW OF THE PEOPLE'S REPUBLIC OF CHINA, *supra* note 6. Note that U.S. Federal Rule of Evidence [hereinafter FRE] 401 is much more liberal. *See* FED. R. EVID. 401. It provides that "evidence is relevant if it has any tendency to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.*

34. *See* JIANG WEI, FUNDAMENTALS OF CIVIL PROCEDURE JURISPRUDENCE 471 (People's University Press 1999). *See also* DEHUA, *supra* note 18, at 108.

35. *See* CHENG CHUNHUA, ON CIVIL EVIDENCE 14-15 (Xiamen University Press 2002). In terms of U.S. evidence, this inquiry seems to be like that of authentication of evidence under FRE 901-902 and original writings under FRE 1000-1004, but broader.

36. CPL art. 63, *supra* note 8.

others to commit perjury.[37] Therefore, the objectiveness is aimed at assuring that anything used as evidence must be real and true.[38] Under the objectiveness test, the people's courts are required to thoroughly and objectively examine the evidence and determine admissibility of the evidence.[39]

Relevance is commonly accepted in China as a key element of the evidence though the CPL and *Opinions on the CPL* are silent about it. Inspired in part by Western concepts of evidence, many Chinese scholars take the position that objectiveness, standing alone, would not be sufficient to evaluate evidence because it is essential to prove that there exists a connection between the objective facts and the case in question.[40]

In this respect, Chinese scholars have differentiated objective facts from facts of a case.[41] The facts of a case are the objective facts that are related to the case. Objective facts not related to the case would not be the facts of a case for purposes of evidence.[42] Therefore, relevance is also called provability.[43] It is believed that under the relevance requirement there must exist an "internal connection" between evidence and object of proof.[44]

Legality deals with lawfulness of evidence. There are ongoing debates over whether legality should become a requirement for evidence.[45] Proponents of legality insist that evidence is not simply fact or material, but is the fact or material collected through legally prescribed means.[46] Thus, the legality of evidence would mean to include lawfulness of (a) subject of evidence, (b) formality of evidence, and (c) methods of obtaining evidence.[47]

To illustrate, for evidence to be lawful and admissible, the evidence itself must be provided by law. In other words, the evidence must fall within categories specified in the law. In addition, the formality of evidence must meet the statutory requirement and the evidential materials that do not comply with law shall not be used as evidence. Moreover, the

---

37. *Id.*
38. *See* WEI, *supra* note 34, at 472.
39. *See* CHEN YIYUN, EVIDENCE 99-100 (People's University Press 2d ed. 2000).
40. *See* CHUNHUA, *supra* note 35, at 15-16.
41. *See* YIYUN, *supra* note 39, at 101.
42. *See id.*
43. *See id.*
44. *See* CHUNHUA, *supra* note 35, at 15.
45. *See* WEI, *supra* note 34, at 473.
46. *Id.*
47. *See* CHUNHUA, *supra* note 35, at 15.

means to collect or obtain evidence shall be legal. Illegally obtained evidence must be struck out.[48]

Opponents argue that evidence does not involve the issue of "legality" at all because the evidence itself is not legal fact, but rather is used to help prove the existence or non-existence of certain legal facts. Therefore, evidence does not entail whether a legal relationship has been created, modified or terminated.[49] It is also argued that both the CPL and the Criminal Procedure Law only provide who has the burden of producing and proving evidence, and contain no provisions that could be interpreted to refer to legality (or sufficiency) of the evidence.[50]

Therefore, in the time before the CPL, there was confusion as to the meaning of the Chinese word for "evidence." The burden of putting forward evidence was not distinguished from the burden of proof, or from the weighing of evidence necessary to make a finding of fact.

### B. *Civil Procedure Law: A Marginal Improvement*

As noted, the CPL contains only twelve articles on evidence and there are eight provisions in the *Opinions on the CPL*. It is fair to say that those articles and provisions provide the people's courts with basic rules on civil evidence in China. The problem, however, is that those rules are too general and many of them are vague. A notable example is the rule of burden of proof. Article 64 of the CPL provides that a party to an action has the duty to provide evidence in support of his allegations. However, what is not clear is whether the alleging party has a burden of persuasion to satisfy his or her burden of proof after producing evidence.[51] In addition, it is argued that Article 64 is vague on the issue about what legal consequences an alleging party would have to face if he or she failed to provide persuasive evidence.[52]

Another example of vagueness is in the provision about admission. Under Article 71 of the CPL, the people's court shall examine the statement of the parties to an action in light of other evidence in the case to determine whether the statements can be taken as a basis for ascertaining the facts.[53] On one hand, Article 71 seems to include admission in the statements, but it does not give admission an effect of

48. *See* HE JIAHONG, EVIDENCE 109 (Legal Publishing House 2000).

49. *See* YIYUN, *supra* note 39, at 107.

50. *See id.* at 108.

51. The criticism is that Article 64 fails to solve the distribution of burden of proof problem among the parties involved. In other words, this provision does not say who has a burden of proof about what. *See* WEI, *supra* note 34, at 503-504.

52. *See* CHUNHUA, *supra* note 35, at 57-58.

53. CPL, *supra* note 8.

self-proof because the court is required to examine it along with other evidence.

As a result, the court could not take the admission alone as evidence to prove the case. Realizing this problem, in its *Opinions on the CPL*, the Supreme People's Court held that no evidence would need to be produced if a party expressly admits the facts of the case and claims stated by the other party to the action.[54] Still, what seems troublesome is that the *Opinions on the CPL* fail to draw a line between an admission made in the litigation and one made outside the litigation.[55]

Other aspects of the Civil Evidence Rules have received criticism. It is generally believed that there are fundamental flaws in the Civil Evidence Rules, which are derived from the structural defects of the CPL as well as perception confined to the Chinese legal culture. The first and most striking one is the tradition of *ex officio* of the justice imbedded in the CPL. Unlike common law countries, litigation in China takes the form of an inquisitorial system under which the judge or the court plays an active role in litigation and controls the whole process of litigation. As a matter of fact, the judge's role in the people's courts was extended virtually to the process of ascertaining facts.[56] As to the matter of evidence, judges were required to be responsible for investigating and collecting the evidence that was supposed to determine the duties of the parties to an action.

For example, under Article 56 of the 1982 Civil Procedural Law (Provisional), the party to an action is responsible for producing evidence in support of his allegation, and the people's court shall in accordance with legal procedures thoroughly and objectively collect and investigate the evidence.[57] In 1984, in its *Opinions on the Matters of Implementation and Application of the Civil Procedure Law of China* (Provisional), the Supreme People's Court stressed that in collecting and investigating evidence, the people's court shall immerse itself into the masses and rely on relevant organizations to find out the time, place, cause, course and result of the disputes involved, not being limited to the evidence produced by the parties.[58] These provisions caused judges to bear the burden of

---

54. *Opinions on the CPL*, *supra* note 30, art. 75.

55. *See* CAO JIANMING, STUDY ON CIVIL EVIDENCE SYSTEM 506-508 (People's Court Press 2001).

56. *See* BI YUQIAN, EXPLANATION AND APPLICATION OF THE SUPREME PEOPLE'S COURT'S SEVERAL RULES ON EVIDENCES IN CIVIL LITIGATION 148-49 (China Democratic and Legal Publishing House 2002).

57. *See* DEHUA, *supra* note 18, at 268-269.

58. ZUIGAO RENMIN FAYUAN [SUPREME PEOPLE'S COURT], OPINIONS ON THE MATTERS OF IMPLEMENTATION AND APPLICATION OF THE CIVIL PROCEDURE LAW OF CHINA (PROVISIONAL) (1984). *See* YUQIAN, *supra* note 56, at 149.

Case 7:24-cv-00232-DC Document 214-33 Filed 09/04/26 Page 14 of 56


proof in almost every case, and parties to be relegated to the position of examining evidence obtained and presented by the court.[59] This practice was labeled as ultra *ex officio* of justice.[60]

In reaction to the outcry for relieving the burden on the court to both prosecute and adjudicate, the CPL seemed to try to depart from the approach of ultra *ex officio*. Article 64 of the CPL provides that it is the duty of a party to an action to provide evidence in support of his allegations. However, Article 64 also provides that if, for objective reasons, a party or his agent *ad litem* are unable to collect evidence by themselves or if the people's court considers the evidence necessary for the trial of the case, the people's court shall investigate and collect it.[61]

Therefore, to the extent that judges are required to play a part in investigating the evidence, the CPL still bears the traditional civil evidence model of *ex officio* investigation with determination of evidence mainly by the court with production of evidence by the parties as supplement."[62] On the one hand, the CPL makes *ex officio* investigation and determination of evidence an official function of the court and regards it as equally important as the parties' duties to produce evidence. On the other hand, the CPL does not define what would be the evidence considered necessary for the court to collect during the trial.[63]

Another flaw in the CPL concerning evidence is the approach that allows evidence to be produced at all times during the trial. Under Article 125 of the CPL, the parties may present new evidence during a court session. This provision actually equips the litigating parties with options to produce evidence to the court at anytime they wish without any limit.[64] To be more precise, any of the parties to an action may present evidence at any stage of the proceeding, trial or appeal, before the court decision is rendered. The party may also produce new evidence during the retrial.[65]

---

59. *See id.* at 150.

60. *See* WANG LIMING, RESEARCH ON LEGISLATION OF THE CHINESE CIVIL EVIDENCE AND APPLICATION 3-4 (People's Court Publishing House 2000).

61. CPL, *supra* note 8. This is a natural concern where professionals (lawyers or some officer of the court), are not charged with a duty to competently present the case. Chinese courts will inevitably have a concern about the ability of one side or the other, and the relative ability of each side to present the facts. Therefore, there is a need for lawyers to investigate and bear the burden of case presentation.

62. *See* LIMING, *supra* note 60, at 4-5.

63. *See* YUQIAN, *supra* note 56, at 151.

64. *See* JIN YOUCHENG, STUDY ON THE REFORM OF CIVIL LITIGATION SYSTEM 158-59 (China Legal System Publishing House 2001).

65. Under the CPL, there are two instances in judicial proceedings, namely trial and appeal. Normally, a proceeding will end with a decision made by an appellate court. However, a retrial may be requested through the trial supervision proceeding if the

Consequently, in many cases, the parties try to "attack" each other with evidentiary surprises by manipulating the production of evidence. It is very common that a party refuses to produce or exchange evidence before the trial, but presents the evidence to the court during the trial by surprise, or even on appeal. Even where a party has presented no evidence during the trial, he could present to the appellate court "new" evidence in his favor.[66]

The third flaw that causes much criticism is the continued existence of the doctrine of actuality (or doctrine of factuality) that underlies the evidence provisions of the CPL. As noted, objectiveness is one of the principles imbedded in the CPL, under which the people's courts are required to make thorough investigation and examination of evidence. According to Article 7 of the CPL, when adjudicating civil cases, the people's courts must base themselves on facts and take law as the criterion.[67] The question, however, is what facts the court would need to rely on in civil cases. Under the actuality doctrine, in order to ascertain the facts of the case, what the court shall seek is objective trueness.[68]

The basic notion of the actuality doctrine is that the very purpose of evidence is to find the truth of the matter in the case, and the judge's determination of facts through evidence shall be authentic to actual happenings of the case.[69] To that end, judges shall make every effort to "dig out" objective facts.[70] As a result, judges during the trial ultimately become collectors and producers of evidence, which seriously affects effectiveness of the trial and the impartiality of judges.[71] The argument against the doctrine of actuality asserts that the facts to be proved in an action are legal facts (*factum jurisdicum*) which are determined by the

---

appellate decision was in error. *See generally* Mo Zhang, *International Civil Litigation in China: A Practical Analysis of the Chinese Judicial System*, 25 B.C. INT'L & COMP. L. REV. 59, 61-62 (2002).

66. *See* XIAO JIE, *Problems in Our Civil Evidence System and the Countermeasures*, *reprinted in* HE JIAHONG, FORUM ON EVIDENCE 198-99 (China Procuratorate Publishing Housing 2002). The author is a Chief Judge at Xichang County People's Court, Hubei Province.

67. CPL, *supra* note 8. *See also* HE CHANGXING, USE OF CIVIL EVIDENCE IN THE LITIGATION 35-37 (People's Court Press 1998).

68. *See* YIYUN, *supra* note 39, at 89-90.

69. *See* CHUNHUA, *supra* note 35, at 250-51.

70. *See* YIYUN, *supra* note 39, at 90.

71. *See* SONGYOU, *supra* note 23, at 110-11.

court through credible evidence.[72] Therefore, in civil cases, the evidence and proof are matters of probability and not objective trueness.[73]

A related problem is the principle of seeking truth from facts as applied to the determination of evidence. Based on this principle, the CPL is structurally dominated by the ideology of using facts as determinants to prove everything.[74] To illustrate, under the CPL, judges shall examine and verify evidence comprehensively and objectively according to the procedures prescribed by law.[75] This provision actually reflects a conservative rhetoric that when examining the evidence, judges must rely on actual facts and shall not depend on discretionary evaluation of evidence (through inner conviction), a principle widely used as a rule of evidence in Western countries.[76]

Partly because of its vagueness, this provision requires judges to look into every aspect of the facts, and gives them boundless discretion to select evidence.[77] Consequently, the examination and determination of evidence by the court becomes mysterious, and in many cases is made in the dark.[78]

### C. *Attempts at Trial Reform in the "Rules on Trial Methods"*

In response to the problems facing the CPL concerning evidence, the Supreme People's Court implemented a number of efforts to clear up the clouds over the evidence provisions. In addition to the *Opinions on the CPL*, the Supreme Court in 1998 issued *Several Rules on the Matters Concerning Reform of Civil and Economic Trial Methods* (*Rules on Trial*

72. *See* CHUNHUA, *supra* note 35, at 202.

73. *See* LIMING, *supra* note 60, at 210.

74. *See id.* at 236.

75. CPL, *supra* note 8, art. 8.

76. Discretionary evaluation of evidence is the doctrine under which admissibility and probativeness of evidence are not provided by law beforehand, rather they are decided by the judge on the basis of his discretionary evaluation of the evidence presented to him. *See* JIE, *supra* note 66, at 209. The role of the jury in common law systems highlights the "nonrational" nature of fact finding in these systems. Juries are told to base their findings on their common sense, their view of the credibility of the witnesses, their weighing of the evidence as being more probably true than not true. Western philosophers argue that this process is inherent in making any fact determination. *See* ALVIN PLANTINGA, WARRANT: THE CURRENT DEBATE (1993) (demonstrating the granting of any belief with the status of being true, or having positive epistemic statuts, is a nonrational and faith based process as a matter of epistemology). This is true whether the fact finder is a judge or jury.

77. *See* SONGYOU, *supra* note 23, at 313.

78. *See id.*

*Methods*),[79] which is regarded as the overture to the judicial reform initiative of the people's courts.

The *Rules on Trial Methods*, with an effort to promote procedural justice, address, *inter alia*, such specific questions as (a) burden of proof of the parties and investigation and collection of evidence by the court; (b) pretrial preparation and requirements for a fair trial; (c) improvement of court trials; and (d) examination and determination of evidence.[80] In the same year, the Supreme People's Court published "A Guideline of 5-Year Reform of the People's Courts," which made it a top priority of the reform to improve evidence rules in the civil litigation.[81] As part of the reform, on December 6, 2001, the Supreme People's Court adopted the Civil Evidence Rules.[82]

It should be noted that unlike Western courts, during the course of adjudication in Chinese people's courts, there is no distinction between law and fact in terms of roles to be played between judge and jury for the finding of fact. The Chinese judicial system does not recognize a jury, though there are "judicial assessors" in many of the trials.[83] Therefore, a judge in a Chinese people's court actually has two duties: to ascertain fact and to apply law.

---

79. The Trial Methods Rules were issued on July 6, 1998 and effective on July 11, 2002. *See* ZUIGAO RENMIN FAYUAN [SUPREME PEOPLE'S COURT], SEVERAL RULES ON THE MATTERS CONCERNING REFORM OF CIVIL AND ECONOMIC TRIAL METHODS: JUDICIAL EXPLANATIONS OF RELEVANT REGULATIONS OF CIVIL EVIDENCE LAW (People's Court Publishing House 2002).

80. *See id.*

81. To implement the Five-Year Judicial Reform Guideline, in 2000, the Supreme People's Court listed twenty-two key research subjects of judicial reform, on the top of which was the research on civil evidence system. In 2001, the Supreme Court launched major reforms in five areas, one of which was the improvement of civil evidence rules. *See* Yang, *supra* note 4.

82. *See* Zuigao Renmin Fayuan [Supreme People's Court], *The Several Rules of Evidence Concerning Civil Litigation*, 75 GAZETTE OF THE SUPREME PEOPLE'S COURT OF THE PEOPLE'S REPUBLIC OF CHINA 1 (2002), *available at* http://www.law-lib.com/law/law-iew.asp?id=16829 [hereinafter *Civil Evidence Rules*].

83. Under the Organic Law of the People's Court of China (as amended 1983), a trial at a people's court shall take the form of collegial panel. In the trial of first instance, the collegial panel shall consist of either judges or judge and people's assessors. The people's assessors are selected from regular citizens who are age twenty-three or older and not deprived of political rights by law. When sitting on the bench, the people's assessors are given the same right as the judge in terms of making a decision on the case. They are members of the collegial panel, and not necessarily just the fact finder.

## II. THE CIVIL EVIDENCE RULES AND THEIR IMPLICATIONS

Standing at the threshold of the ambitious judicial reform engaged in by the Supreme People's Court of China, the Civil Evidence Rules reflect the general recognition of the importance of procedural justice by the Chinese judiciary. Adoption of the Civil Evidence Rules also, at least in part, represents the judicial adjustment in China to the mandate of the WTO system. As noted however, since the Supreme People's Court has no law-making power, the Civil Evidence Rules are defined as judicial interpretation, which is used to help implement law.[84]

The Civil Evidence Rules contain 83 articles, which are divided into six parts. The issues addressed in each part are: (a) production of evidence by the parties; (b) investigation and collection of evidence by the people's courts; (c) time limits for production of evidence and exchange of evidence; (d) cross-examination of evidence; (e) examination and determination of evidence; and (f) others.

What seems significant is that the Civil Evidence Rules are intended to minimize the role of people's courts in evidence production. To that end, the Civil Evidence Rules not only clarify the burden of proof on the parties with detailed provisions, but also define the scope and requirements for the investigation of evidence by the people's courts. Another important change is the imposition of time limits on the production of evidence, particularly new evidence.

With regard to the requirements and standard of proof, the Civil Evidence Rules depart from the doctrine of actuality by promoting an approach of "legal trueness" instead of "objective trueness."[85] In the meantime, the Civil Evidence Rules open the door to the acceptance of discretionary evaluation of evidence by judges. Additionally, the Civil Evidence Rules readdress the exclusion rule as applied to illegal evidence.

---

84. It is interesting to note that in many circumstances when making judicial interpretation, the Supreme People's Court has been trying to "push the envelope" in order to gain more legal power to judicial interpretation. In this regard, on June 23, 1997, the Supreme People's Court issued the *Several Provisions on Judicial Interpretation*, in which the Court made it clear that the judicial interpretation adopted and issued by the Supreme People's Court shall have legal effect and shall be cited in the court decision if the interpretation is used as legal ground along with relevant law. *See* DONG GAO, ON JUDICIAL INTERPRETATION 15-16, 138-39 (China University of Political Science and Law Press 1999).

85. *See* Cao Jianming, Speech at the New Conference on Issuance of the Supreme People's Court Several Rules of Evidence in Civil Litigation (December 30, 2001), *in* CHINA LEGAL DAILY, Dec. 31, 2001.

*A. Burden of Proof and Distribution of the Burden*

The Civil Evidence Rules place significant reliance on the production of evidence by the parties. Under Article 1 of the Civil Evidence Rules, when a plaintiff commences a lawsuit in the people's court or a defendant raises a counterclaim, the relevant evidence materials that meet the requirements for bringing the lawsuit shall be attached.[86] This would mean that the parties to an action are required to present evidence materials to commence the action (also called "commencement evidence") when making the claim(s). What is also implied in Article 1 is that the people's court may dismiss the action or claim if there are no evidence materials.[87] As far as the burden of proof is concerned, the Civil Evidence Rules focus further on the parties through the specific provisions that are aimed at allocating the burden of proof.

1. General Rule: Whoever Makes Allegations Bears the Burden of Proof

Article 2 of the Civil Evidence Rules provides that the party to a civil action is responsible for providing evidence to prove the facts on which his claims or rebuttal against the claims of the other party stand. This provision is generally regarded as the restatement of Article 64 of the CPL that requires parties to a civil action to produce evidence in support of their allegations.[88]

However, what is important is that the Civil Evidence Rules specifically state the consequence the party would have to face for a failure to provide evidence. According to Article 2 of the Civil Evidence Rules, if there is no evidence or the evidence is not sufficient to prove the facts of the claim, the party who has the burden of proof shall bear the adverse

---

86. *Civil Evidence Rules*, *supra* note 82. As provided in Article 108 of the CPL, standing is required to bring a civil action. In accordance with Article 108, there are four conditions that must be met to commence a lawsuit in the people's court: (a) the plaintiff must be a citizen, legal person or other organization that has direct interest in the case; (b) there must be a definite defendant; (c) there must be specific claim(s), facts, and cause(s) for the lawsuit; and (d) the lawsuit must be within the scope of civil actions adjudicated by the people's court and under the jurisdiction of the people's court with which the lawsuit is filed. The civil cases involving foreigners are governed by the "Special Provisions of Civil Procedure for Cases Involving Foreign Elements" of the CPL. *See* CPL, *supra* note 8, art. 108.

87. It is arguable whether the lack of commencement evidence would necessarily result in a dismissal of the action. Common understanding is that the parties must be given opportunity to "cure" the absence of commencement evidence. *See* GUOGUANG, *supra* note 14, at 23-24.

88. *See* SONGYOU, *supra* note 23, at 24.

Case 7:24-cv-00232-DC Document 214-33 Filed 09/04/26 Page 20 of 56



consequences.[89] Thus, under the Civil Evidence Rules, the claiming party to an action not only is responsible for providing evidence, but also shall take the risk of any failure in this regard. This would mean that a failure in producing evidence could result in a dismissal of the case or a court decision in the other party's favor.

2. Role of the People's Court

While the Civil Evidence Rules impose burdens of proof on the parties to an action, the role of the people's court is not diminished in the production of evidence. Article 3 of the Civil Evidence Rules clearly requires the people's court to inform the parties of their duty to produce evidence and any possible legal consequences that would arise from their failure to do so.[90] The purpose is to help the parties actively, completely, correctly, and honestly fulfill their evidence obligation.[91] In addition, under Article 3, a party may ask the people's court to investigate and collect evidence if for objective reasons the party could not collect the evidence himself.[92] This provision is said to serve twofold functions: to impose a duty to inform the people's court about their case and to grant rights of request to the parties.[93]

Another provision worthy of attention is Article 7. It provides that if there is no specific provision in the law or if the burden of proof could not be ascertained under the Civil Evidence Rules, or other judicial interpretation, the people's court may make a determination on the matter of the burden of proof.[94] But it is required that the determination as such be made on the basis of principles of fairness and good faith with a consideration of the party's ability to produce the evidence.[95]

3. Reversed and Specific Burden of Proof

An exception to the general principle of the burden of proof on a claiming party is the situation where the burden of proof is reversed. The issue of reversed burden of proof is stated in the *Opinions on the CPL*, though the CPL itself is silent on the issue.[96] The Civil Evidence Rules further specify the cases to which the reversed burden of proof applies as

89. *Civil Evidence Rules*, *supra* note 82.
90. *Id.*
91. *Id.*
92. *Id.*
93. *See* GUOGUANG, *supra* note 14, at 47.
94. *Civil Evidence Rules*, *supra* note 82.
95. *Id.*
96. *See Opinions on the CPL*, *supra* note 30.

stated in the *Opinions on the CPL*, and also extends its application to defective products and joint acts of tort and medical injury cases.

Article 4 of the Civil Evidence Rules provides that, except as otherwise required by law in tort litigation, the burden of proof for tort actions shall be as follows:

> In the tort action for patent infringement involving invention of production method of new products, the burden of proof is on the entity or individual of producing the same product to the effect that his production method is different from the patented one;
>
> In the tort action involving highly dangerous work causing personal injury, the injuring party has the burden of proof to the fact that the injured has not intended to cause the injury;
>
> In the action for damages caused by environment pollution, the damaging party bears the burden of proof to the effect that there exists a statutory exemption of duty for this purpose or there is no causation between his conduct and the result of damage;
>
> In the tort action for personal injury caused by collapse, dropping or falling of object kept or hanging on the construction or other facilities, the owner or manager has the burden of proof to the effect that there is no fault on his side [sic];
>
> In the tort action for personal injury caused by raised animals, the raiser or keeper has the burden of proof to the effect that the injured or a third person is at fault;
>
> In the tort action for personal injury caused by defective product, the manufacturer of the product bears the burden of proof with regard to a statutory exemption of liabilities;
>
> In the tort action for personal injury caused by jointly dangerous conduct, the joint tortfeasors have the burden of proof to the effect that there exists no causation between the tortuous conduct and the result of damage;
>
> In the tort action for medical malpractice, the medical institute has the burden of proof to the effect that no causation exists between the medical practice and the resulting damage, and there is no medical misconduct.[97]

In addition to the provisions of reversed burden of proof, the Civil Evidence Rules also specifically impose the burden of proof on the

97. *Civil Evidence Rules*, *supra* note 82.

shoulder of a particular party in certain contract cases and labor dispute cases. The imposition once again reflects the tendency of the Supreme People's Court to advance allocation of the burden in civil actions.

According to Article 5 of the Civil Evidence Rules, in contract dispute cases, with regard to the facts relating conclusion and effectiveness of the contract, the party who claims that the contractual relationship has been established and the contract is effective shall bear the burden of proof. For the matters concerning the change of contractual relation, the party who asserts alteration, dissolution, termination, or cancellation of the contract relation has the burden of proof.[98] Article 5 further provides that for disputes over whether the contract has been performed, the obligor shall take the burden of proof.[99] If the dispute involves the power of attorney (or agent right), the burden of proof is on the party who claims to have such power.[100]

The burden of proof in labor dispute cases is provided in Article 6 of the Civil Evidence Rules. Under the Article 6, if the dispute arises out of the decision made by the employer to fire, expel, or dismiss the employee, or to dissolve a labor contract, reduce work pay, or calculate working seniority, the employer shall bear the burden of proof.[101]

In recent years, labor disputes in China have increased dramatically and a large number of the disputes involve employers' refusal to pay salaries to make employment contracts.[102] The thorniest problem encountered by the people's courts in labor disputes is that in many of these cases, it is extremely difficult for an employee to prove the wrongdoing of the employer. Therefore, on April 16, 2001, the Supreme People's Court issued an "Interpretation of Several Questions Concerning Application of Law in Adjudication of Labor Dispute Cases," where the Court makes the employer responsible for producing evidence to rebut the employee's claim in certain labor dispute cases.[103] For purposes of protecting the interest of the employee from being hampered by the employer's ill practices, this provision is fully incorporated into the Civil Evidence Rules.

---

98. *Id.*

99. *Id.*

100. *Id.*

101. *Id.*

102. *See* SONGYOU, *supra* note 23, at 59.

103. Zuigao Renmin Fayuan [Supreme People's Court], *Interpretation of Several Questions Concerning Application of Law in Adjudication of Labor Dispute Cases*, 75 GAZETTE OF THE SUPREME PEOPLE'S COURT OF THE PEOPLE'S REPUBLIC OF CHINA 4 (2001).

4. Admission and Proof-Free Facts

As noted, admission is recognized in the CPL, but the recognition is limited and additional supporting evidence is required.[104] Although the *Opinions on the CPL* permit admissions to be entered directly into evidence, confusion exists as to whether the admission may only be made in the litigation.[105]

To ameliorate the problem, the Civil Evidence Rules, while permitting the self-proving effect of admissions, tries to provide substantial guidance to the people's courts as to the use of admissions to ascertain the facts without additional evidence. First of all, the Civil Evidence Rules characterize an admission to be an exception to the burden of proof. Article 8 of the Civil Evidence Rules provides that during the process of litigation, if one party expressly admits the facts stated by the other party, the other party need not provide evidence.[106]

It is important to keep in mind that China follows the civil law tradition where an admission itself is not evidence.[107] Note also that pursuant to the Civil Evidence Rules, the admission is said to require at least two conditions: (a) it must be made during the litigation; and (b) the facts admitted must be to the disadvantage of the admitting party.[108] In addition, under Article 8, the admission does not apply to the cases involving personal status such as marriage and determination of biological parents.[109] It seems to be a more expansive definition of hearsay than in Rule 810 of the U.S. Federal Rules of Evidence, in that for a party's out of court statement to not be hearsay, it needs to be both made during the litigation and offered "against" the admitting party.

Secondly, the Civil Evidence Rules allow the judge to make discretionary inferences from the admission. In Article 8, it is further provided that with regard to a party's statement, if the other party makes no admission or denial of it, and after ample explanations and inquiries by the court still fails to expressly admit or deny, the party *may* be inferred to have admitted the facts.[110]

Thirdly, the admission may be made by an agent *ad litem* (legal representative). According to Article 8 of the Civil Evidence Rules, if a

---

104. *See* JIANMING, *supra* note 55, at 506.

105. *See* YUQIAN, *supra* note 56, at 81.

106. *Civil Evidence Rules, supra* note 82.

107. *See* YUQIAN, *supra* note 56, at 68-69.

108. *See* SONGYOU, *supra* note 23, at 72.

109. *Civil Evidence Rules*, *supra* note 82.

110. *Id.* This is important because it helps the system reach finality. Where even admitted facts are not deemed true, the court is vulnerable to the states re-evaluation of whether an admitted fact is a true fact. *See infra* p. 145.

party has an agent *ad litem* participating in the litigation, the admission made by the agent *ad litem* shall be deemed as the one made by the party himself.[111] However, it does not include the admission of facts, which directly results in an admission to the claims of the claiming party, made by the agent *ad litem* without special authorization. If, however, such admission is made in the presence of the party who expresses no denial of it, the admission shall be deemed to be made by the party.[112]

Lastly, the admission may be revoked. It is permissible under Article 8 that the admitting party may revoke his admission before the court argument is complete. The revocation shall be made upon the consent of the other party or on the ground that the admission is made under duress or by substantial mistake. An effective revocation, however, does not exempt the other party's burden of proof.[113]

In addition to admissions, the Civil Evidence Rules allow certain facts for which no proof is needed.[114] In accordance with Article 9 of the Civil Evidence Rules, the exemption of burden of proof applies to what is akin to the U.S. Federal Rules of Evidence judicial notice in combination with the public record exception, which includes: (a) a publicly well-known fact; (b) a natural law or theorem; (c) a fact that could be deduced from a statutory provision; (d) a known fact or rule of daily life experience; (e) a fact determined by effective judgment of the people's court; (f) a fact affirmed by the effective arbitral award; and (g) a fact verified by a validly-notarized document. Nevertheless, there is a provision regarding all the above factual exceptions that the natural law or theorem would not stand free from the burden of proof if an opposing party has contradicting evidence strong enough to repudiate the fact.[115]

It is interesting to note that the Civil Evidence Rules contain a special provision dealing with evidence for undisputed facts. Under Article 13, if the facts are undisputed but involve the national interest, the social public interest, or the legitimate interest of another party, the people's court may order the parties to an action to provide relevant evidence.[116]

---

111. Note that China does not have compulsory lawyer representation in litigation. Rather, under Article 58 of the CPL, a lawyer, a close relative of the party, a person recommended by a social organization or the work unit of the party, or any other citizen permitted by the people's court may serve as the party's agent *ad litem*. CPL art. 58, *supra* note 8.

112. *See Civil Evidence Rules*, *supra* note 82.

113. *Id.*

114. The term "Judicial Notice" is not used in the Civil Evidence Rules though Article 9 allows a judge to directly take the facts to determine the case without proof. *See id.* art. 9.

115. *Civil Evidence Rules*, *supra* note 82.

116. *Id.*

5. Original Evidence Rule and Foreign Evidence

For documentary or real evidence to be presented to the people's courts, the Civil Evidence Rules require the original. Article 10 makes it clear that when a party submits evidence to the people's court, the evidence shall be the original document or thing.[117] In the application of the original evidence rule, Article 10 also allows two exceptions: if (a) the party is in need of keeping the original or (b) the party has difficulty in producing the original, then the party may submit a copy or duplicate of the original. However, the copy or duplicate so produced must be verified by the people's court to be authentic to the original.[118]

If the evidence is produced outside the territory of China, both authentication and verification are required. Under Article 11 of the Civil Evidence Rules, for foreign evidence to be submitted to the people's court, the evidence shall be notarized by the foreign notary public and verified by the Chinese Embassy or Consulate in the foreign country, or shall meet the verification requirements set forth in the treaty between China and the said foreign country.[119] This provision applies analogically to the evidence produced in Hong Kong, Macao, and Taiwan. Under Article 12, if the evidence is produced in a foreign language, a Chinese translation shall be attached.[120]

*B. Investigation and Collection of Evidence by Court*

While focusing on the burden of proof of the parties to an action, the Civil Evidence Rules also contain specific provisions defining the authority of the people's court in obtaining evidence. In an attempt to further weaken the court's *ex officio* involvement in evidence, the Civil Evidence Rules narrowly interpret the application of Article 64 of the CPL that makes the people's court responsible for the evidence not obtainable by the parties for an objective reason or as deemed necessary by the court.[121] Aimed at overcoming the pitfalls of the CPL in this regard, the Civil Evidence Rules confine the investigation and collection of evidence by the people's court to a certain scope and conditions.

The most notable confinement is the limit on "evidence deemed necessary by the court." According to Article 15, the evidence deemed necessary by the court for trial of the case shall only refer to (1) the evidence involving the facts that may harm national interest, social public

---

117. *Id.*
118. *Id.*
119. *Id.*
120. *Id.*
121. CPL, *supra* note 8.

interest or a third party's legitimate interest; or (2) evidence concerning procedural matters unrelated to substance of the disputes, such as *ex officio* adding a party to the action, suspending litigation, terminating litigation, or recusal.[122] Supplementing this provision, Article 16 emphasizes that other than as noted in the Article 15 provisions, investigation and collection of evidence by the people's court should be made upon the request of the parties to an action.[123]

The Civil Evidence Rules also specify the conditions under which the parties or their agent *ad litem* may request the people's court to investigate and collect evidence. Under Article 17 of the Civil Evidence Rules, such request may be made if the evidence sought involves: (a) records or files kept by the government; (b) materials concerning state secrets, business secrets or personal privacy; or (c) other materials that could not possibly be obtained by the parties for objective reasons.[124] It is further required that if a party or his agent *ad litem* wants to make an Article 17 request, it must be made no later than seven days before the time limit for the production of evidence expires.[125]

There are two related questions that the Civil Evidence Rules intend to solve in order to overcome the difficulties encountered by the people's courts concerning evidence. The first one is the preservation of evidence. Pursuant to Article 74 of the CPL, under circumstances where there is a likelihood that evidence may be destroyed or lost, or difficult to obtain later, the participants in the litigation may apply to the people's court for preservation of the evidence. The people's court may on its own initiative take preventive measures to preserve the evidence.[126] Like many other provisions in the CPL, this provision is considered hard to follow because of vagueness on its face and ambiguity on application.

Thus, Article 23 of the Civil Evidence Rules requires that if the parties apply to the people's court for preservation of evidence under Article 74 of the CPL, the application shall be made no later than seven days before expiration of the period for evidence production.[127] It also provides that when a party applies for preservation of evidence, the people's court may ask the party to provide corresponding security.[128] Article 23 further provides that if law or judicial interpretations contain

122. *Civil Evidence Rules*, *supra* note 82.
123. *Id.*
124. *Id.*
125. *Id.* art. 19.
126. CPL, *supra* note 8.
127. *Civil Evidence Rules*, *supra* note 82.
128. *Id.*

provisions of pre-litigation preservation of evidence, those provisions shall apply.[129]

When the people's court grants the party's request for preservation of evidence, the preservation may be made in different ways, depending on the circumstances. As provided in Article 24 of the Civil Evidence Rules, the methods for evidence preservation would include sealing-up, detaining, photograph-taking, audio-recording, video-recording, copying, verifying, inspecting, or preparation of records.[130] With regard to whether the relevant party or his agent *ad litem* should be present when making preservation of evidence by the people's court, Article 24 does not make it mandatory. It only provides that the people's court may ask for the presence of the party or his agent *ad litem*.[131]

The second question posing a difficulty to the people's court is its gaining of expertise for making the right decision (also called expert evidence). Under Article 63 of the CPL, the opinions or reports of experts are treated as separate and independent evidence.[132] The problem lies with the confusion as to whether the expert could be chosen by the parties or must be appointed by the people's court. According to Article 72 of the CPL, when the people's court deems it necessary to have an expert opinion or report on a specific matter, it shall refer the matter to an expert entity authorized by the law for an opinion. Absent such entity, the people's court shall appoint one to provide the expert opinion.[133] Thus, since the CPL does not exclude the parties from seeking expert opinions on evidence, it is unclear whether the obtaining of expertise shall be conducted by the people's court only or may be offered by the parties.

As a practical matter, because of its evidentiary nature, the expert becomes critical in judicial proceedings. It has been argued that since the expert conclusion is one type of evidence permitted by the CPL, it shall be within the party's burden of proof.[134] Actually, in many cases, the parties, not the people's court, initiate the expert evidence. To reflect the

---

129. Pre-litigation preservation of evidence means that before the lawsuit is filed, the people's court, upon the request of the interested party, takes preventive measures to protect the evidence involved in the disputes in order to avoid the possible loss, destruction or difficulty in obtaining it afterwards. The CPL provides no pre-litigation preservation of evidence. It was first provided in the 1999 Special Procedure Law of Maritime Litigation, and then was included in the 2001 amended Copyright Law and Trademark Law.

130. *Civil Evidence Rules*, *supra* note 82.

131. *Id.*

132. CPL, *supra* note 8.

133. *Id.*

134. *See* WANG LIMING, *Questions on Expertise Concerning Construction Payment*, *in* RESEARCH ON JUDICIAL DECISIONS 67-68 (People's Court Press 2001).

practices, the Civil Evidence Rules, while focusing on the burden of proof of the parties, try to draw a line between the role of the parties and the authority of the people's court in seeking expertise.

Several issues concerning expert witnesses are addressed in the Civil Evidence Rules. The first issue deals with application by the parties for submission of expert evidence. According to Article 25 of the Civil Evidence Rules, when the party applies for the submission of evidence, the application shall be made within the time limit for the production of evidence. If a party has the burden of proof on the matters for which the expert is needed, but within the time period allowed by the people's court and without justified reasons, fails to apply for the expert, fails to prepay the expert fees, or refuses to provide relevant materials so that the facts of the dispute could not be ascertained through expert conclusion, the party shall bear the legal consequences of failure to produce evidence.[135]

Another issue concerns selection of an entity or person to present the expert evidence. Under Article 26, when the application for submission of expert evidence is approved by the people's court, the parties on both sides shall determine by negotiation the qualified expert entity or person. If the negotiation fails, the people's court shall appoint one for the purpose of presenting evidence.[136]

The next issue also involves expert evidence. Article 27 provides that if the party challenges the conclusion of the expert entrusted by the people's court, he may make a request for re-conducting the expert testimony. The people's court shall permit the party's request if he could prove with evidence that any of the following situations exists: (a) the expertise entity or person has no relevant expertise qualification; (b) the expertise procedure is in serious violation of law; (c) the expert conclusion clearly lacks sufficient grounds; or (d) for other reasons or facts it cannot be used as evidence as determined by cross-examination.

If, however, the expert conclusions have defects and such defects could be cured by supplemental expert evidence or a new or supplemental re-examination, further expert evidence shall not be granted.[137] In Article 28, it is further provided that if the expert conclusion is made by the expert entity entrusted by one party *ex parte,* and the other party has sufficient evidence to rebut and then request for further expert evidence, the people's court shall grant the request.[138]

---

135. *Civil Evidence Rules*, *supra* note 82.

136. *Id.*

137. *Id.*

138. *Id.*

*C. Time Limit for Evidence Production and Exchange of Evidence*

What has important practical significance is that the Civil Evidence Rules for the first time sets time limits for providing evidence, which ends the practice of no time limitations on production of evidence. In this context, the Civil Evidence Rules attempt to create a time-based evidence adduction system that is premised on the notion of efficiency and fairness. To that end, the Civil Evidence Rules set forth certain requirements under which the evidence is adduced.

The first requirement is the filing of an answer. In China, there has been a long debate on whether the filing of an answer in a civil litigation is an obligation or a right of a defendant.[139] The CPL requires that a defendant shall file an answer within fifteen days after the receipt of the complaint. In the meantime, it provides that failure by the defendant to file an answer shall not affect the trial of the case by the people's court.[140]

The Civil Evidence Rules seem to make the filing of an answer mandatory. In Article 32, it is explicitly provided that the defendant shall, before the expiration of the statutory period, file a written answer to state his response to the facts and reasons on which the plaintiff's complaint and claim stand.[141]

The second requirement is the service of the burden of proof notice. Under Article 33 of the Civil Evidence Rules, the people's court shall provide the parties with notice of the burden of proof at the same time as the summons and complaint are served.[142] The notice shall specify requirements for evidence and allocation of the burden of proof, the situations under which the investigation and collection of evidence by the people's court may be requested, the allowed period for providing evidence, and the legal consequences of failure to timely provide evidence.[143]

The third requirement is a limited period for evidence production. According to Article 34 of the Civil Evidence Rules, the claiming party shall submit evidential materials to the people's court within the allowed period of time. A failure of the party to submit evidence within the time

---

139. If the filing of an answer is considered an obligation, the defendant must do it. If it is regarded as a right, however, the defendant may not exercise it without jeopardizing himself in the litigation. *See* YANG RONGXIN, CIVIL PROCEDURE LAW OF CHINA 294-95 (China University of Political Science and Law Press 1992). *See also* CHANG YI, CIVIL PROCEDURE LAW 263 (China University of Political Science and Law Press 1996).

140. CPL, *supra* note 8, art. 13.

141. *Civil Evidence Rules*, *supra* note 82.

142. Note that in China, service and service of process are regarded as a judicial function, and therefore they may only be performed by the people's court.

143. *Civil Evidence Rules*, *supra* note 82.

limit shall be deemed as an abandonment of the right to produce evidence. In addition, with regard to the late submission of evidential materials, the people's court shall not provide for cross-examination during the trial, except as otherwise agreed by the parties.[144] It is further required that a request for adding a party, modifying the claim, or filing a counterclaim shall be made before the timeline for production of evidence expires.[145]

For purposes of evidence, Article 33 of the Civil Evidence Rules permits the parties to set the time limit by consent with an approval from the people's court. If the time limit is allotted by the people's court, it shall not be less than thirty days from the second day after receipt of the summons by the party.[146] In accordance with Article 35, when the party modifies the claims, the people's court shall re-allot the time limit.[147] If, however, a party has difficulty in producing evidence during the allowed time limit, the party may within the time limit apply to the people's court for an extension. The extension may be renewed once if the difficulty still exists as to the extended period.[148]

Also important is the fact that the Civil Evidence Rules contain provisions of pre-trial exchange of evidence. Absent in the CPL, the exchange of evidence was first introduced into the pretrial proceedings by the Supreme People's Court in its *Several Rules Concerning Application of Ordinary Procedure in Trial of First Instance on Economic Dispute Cases* issued on November 16, 1993.[149] It was then restated in the Supreme People's Court's 1998 *Several Rules on the Matters Concerning Reform of Civil and Economic Trial Methods.*[150] Not surprisingly, the adoption of the pre-trial exchange of evidence is said to have its origin in the discovery system or disclosure requirements employed in the trial procedure of many Western countries.[151]

Under Article 37 of the Civil Evidence Rules, the people's court, upon request, shall have the parties exchange their evidence before the trial starts. In a case that involves multiple or complicated and difficult evidence, the exchange of evidence shall be conducted after the answer

144. *Id.*

145. *Id.*

146. *Id.*

147. *Id.*

148. *Id.* art. 36.

149. *See* Zuigao Renmin Fayuan [Supreme People's Court], *Several Rules Concerning Application of Ordinary Procedure in Trial of First Instance on Economic Dispute Cases*, 27 GAZETTE OF THE SUPREME PEOPLE'S COURT OF THE PEOPLE'S REPUBLIC OF CHINA 6 (1993).

150. *See* ZUIGAO RENMIN FAYUAN [SUPREME PEOPLE'S COURT], *supra* note 79.

151. *See* GUOGUANG, *supra* note 14, at 287-88.

period and before the trial.[152] In accordance with Article 37, the time for exchange of evidence may be determined by the parties with the people's court's approval or decided by the people's court. Normally, the date for exchange of evidence shall be the expiration day of evidence adduction. If the people's court grants the parties' request for extension of evidence adduction, the date for exchange of evidence shall also be extended accordingly.[153]

In addition, it is required that the exchange of evidence be conducted under the auspices of the judge.[154] If a party who receives exchanged evidence from the other party introduces new evidence to rebut, the people's court shall notify the parties to exchange again at a designated time. In general, however, the Civil Evidence Rules only permit exchange of evidence no more than twice, unless the people's court, in a major, difficult or significantly complicated case, deems it necessary to conduct more exchanges.[155]

Another significant progress in the Civil Evidence Rules is, of course, the rule of "new evidence." As noted, the CPL provides the new evidence so loosely that the party may introduce it at any time during the trial as well as on appeal.[156] Under the Civil Evidence Rules, the "new evidence" rule in essence contains two parts: (a) definition of new evidence and (b) introduction of time limit.

Pursuant to Article 41 of the Civil Evidence Rules, the new evidence during the trial of first instance shall refer to the evidence newly discovered after the production period expires. It also includes the evidence whereby the party has proven that he was unable to produce for objective reasons during both the evidence adduction period and extended period.[157]

On appeal, the new evidence shall mean the evidence newly discovered after the conclusion of the trial of first instance, or the evidence on which the party's application for the people's court investigation within the evidence production period during the trial of first instance was denied but on which the appellate court finds that the application should be granted.[158] In the proceeding of trial supervision, the new evidence is

---

152. *Civil Evidence Rules*, *supra* note 82.

153. *Id.*

154. *Id.* art. 39.

155. *Id.* art. 40.

156. *See* YOUCHENG, *supra* note 64.

157. *Civil Evidence Rules*, *supra* note 82.

158. *Id.*

defined as the evidence newly discovered after completion of the trial for the case.[159]

If the party wishes to introduce new evidence, the following time requirements must be met: (a) for the new evidence in the first instance trial, it shall be introduced before or during the court hearings (Article 42); (b) during appeal, the new evidence shall be presented before or during the appellate court hearings, or if no court hearing is needed on appeal, it shall be introduced during the period designated by the people's court (Article 42); or (c) in the proceeding of trial supervision, the new evidence shall be submitted when the request for trial supervision is made (Article 44).[160] Under Article 45 of the Civil Evidence Rules, when a party introduces new evidence, the people's court shall advise the other party to respond within a reasonable period of time.[161]

### D. *Cross-Examination of Evidence*

The Civil Evidence Rules make it crucial that the evidence is cross-examined by the parties in court. Article 47 explicitly requires that all evidence be presented in the court and cross-examined by the parties. Additionally, no evidence may be used to determine the facts of the case without being cross-examined. However, the evidence that is admitted by the party, recorded during the process of evidence exchange, and explained accordingly by the judge during the court hearing may be considered without cross-examination.[162] Also, as set forth in Article 48, an exception to cross-examination may also apply if the evidence involves state secrets, business secrets, individual privacy, or other evidence that shall be kept secret under the law.[163]

For purposes of cross-examination, the Civil Evidence Rules contain the provisions that reflect both the interpretations previously made and the practices readily accepted by the Supreme People's Court. Of particular significance are the provisions concerning original evidence, scope and sequence of the cross-examination, and testimonial evidence. The Civil Evidence Rules attempt to premise the cross-examination on two principles: direct trial and verbal trial.[164]

---

159. *Id.* art. 44. *See* Zhang, *supra* note 65 (for general information about trial supervision).

160. *See Civil Evidence Rules*, *supra* note 82.

161. *Id.*

162. *Id.*

163. *Id.*

164. Direct trial requires that the evidence be examined directly by the parties before the judge in order for it to be used for the trial. Verbal trial is to make sure that all parties to

When the cross-examination deals with documentary evidence, real evidence, or audiovisual materials, Article 49 provides that the party has the right to request the presentation of the original document or materials of the evidence. Such request will not be granted if a copy or duplicate of the evidence is permitted by the people's court to be presented due to real difficulty in obtaining the original, or if the original evidence no longer exists, as long as the copy or duplicate is proven to be authentic to the original.[165]

The extent to which the parties may cross-examine evidence is subject to certain limits. Under Article 50, during cross-examination, the parties to an action shall explain and argue the provability of the evidence or weight of proof with a focus on reality, relevance, and legality of the evidence in question.[166] In addition, cross-examination must be made in a certain order. In accordance with Article 51, cross-examination shall begin with the plaintiff's evidence, cross-examined by the defendant and a third party. The defendant's evidence is presented next, cross-examined by the plaintiff and any third party.[167]

If the evidence is collected by the people's court upon the request of a party, the evidence shall be deemed as presented by the requesting party. If the evidence is obtained by the people's court on its own initiative, the people's court shall make explanation to the parties while showing the evidence for their opinion during the hearing.[168]

A major part of the cross-examination is the testimonial evidence. An increasingly important consideration concerning the testimonial evidence is court witnesses. In this regard, a number of issues are specially addressed in the Civil Evidence Rules, which provide useful guidance in the use of witnesses during the court hearing.

The first issue the rules address is who may not be a witness. Under the CPL, any person who has knowledge of a case shall be under the obligation to testify in court unless the person is incapable of expressing his will properly.[169] In order to be more specific, Article 53 of the Civil Evidence Rules provides that a person without capacity or with limited capacity for civil conduct may act as witness if his age, intellect, or mental

---

an action, including interested parties, are given an opportunity to state to the court and examine the evidence through argument.

165. *Civil Evidence Rules*, *supra* note 82.

166. *Id.*

167. *Id.*

168. *Id.*

169. *See* CPL, *supra* note 8.

health conditions are compatible with the facts to be proved (*factum probandum*).[170]

The second issue concerns application for witness testimony. According to Article 54 of the Civil Evidence Rules, if the party wants a witness to testify in court, an application to the people's court for approval shall be made within ten days after expiration of the time period for evidence production. When granting the approval, the people's court shall notify the witness of the testimony before the court hearing begins, shall advise the witness of telling nothing but truth, and the legal consequences of committing perjury.[171] Interestingly, it is required that the loser of a lawsuit bear the reasonable expenses incurred to the witness for the testimony, which are paid in advance by the party bringing the witness.[172]

The third issue involves the witness testimony in court. Article 56 of the Civil Evidence Rules mandates that a witness shall appear in the court for testimony and be subject to cross-examination by the parties. The testimonial statement made by the witness during the court-managed exchange of evidence between the parties is in-court testimony.[173] However, under the CPL, if it is a "true difficulty" for a witness to appear in court, written testimony may be submitted upon the court's approval.

"True difficulty" is defined in Article 56 of the Civil Evidence Rules to include the following situations: (a) incapable to appear in court due to old age, poor health or inconvenient to move; (b) truly unable to leave work because of particularity of the work; (c) difficult to appear in the court because of far travel and inconvenient transportation; (d) impossible to appear in court due to *force majeuer* such as natural disaster; or (e) other special situations of inability to appear. In a "true difficulty" situation, Article 56 also allows submission of either written testimony or audiovisual materials or to testify through two-way audiovisual communication devices.[174]

The fourth issue concerns opinion evidence. Article 57 of the Civil Evidence Rules limits the form of witness testimony to an objectively verbal statement of the facts that the witness has personally sensed or observed except for a deaf-mute who may use other means as a foundation to his or her testimony. During the testimony, a witness shall not use speculative, presumptive or commentary languages.[175] Under Article 58,

170. *Civil Evidence Rules*, *supra* note 82.
171. *Id.*
172. *Id.*
173. *Id.*
174. *Id.*
175. *Id.*

both the judge and the parties may question the witness, but the witnesses shall be excluded from the hearing unless they are testifying. The witnesses may confront each other only if the people's court deems it necessary.[176]

The last issue deals with expertise. Article 59 requires that the person who conducts expert testimony (also called "examiner") shall appear in court to accept the questioning from the parties. If unable to appear due to a particular reason, the expert may, with the court's permission, provide a written answer to the parties' questioning.[177] Under Article 60, a party to the action or his legal representative (e.g. attorney) may, upon the court's approval, question both the witness and examiner. Nevertheless, the questioning party is prohibited from using any language or manners that would be threatening, insulting or improperly leading to the witness.[178] Additionally, Article 61 makes it permissible that the party applies to the people's court for one or two professionals who have special knowledge to appear in the court to offer explanation of special matters of the case. Those professionals may also question the testifying examiner.[179]

### E. *Evaluation and Determination of Evidence*

The question as to how the evidence would be examined and determined by the people's court seems to be a major concern of the Supreme People's Court. The Civil Evidence Rules clearly reflect the Court's desire to make experimental progress in carefully defining the role of court with regard to the admission of evidence. To that end, several rules governing determination of evidence are developed in the Civil Evidence Rules, which significantly change the basic notions of evidence found in the CPL.

#### 1. "Facts of the Case" Rule

Under Article 63 of the Civil Evidence Rules, the people's court shall base its decision on the facts of the case that the evidence would prove.[180] The provision in essence repeals the doctrine of "factuality" that requires "objective trueness."[181] In the light of Article 63, the people's court would not have to exhaust all possible resources trying to find the "objective trueness" of the case. All the court would need to do is to see if the facts

---

176. *Civil Evidence Rules*, *supra* note 82.
177. *Id.*
178. *Id.*
179. *Id.*
180. *Id.*
181. *See* YUQIAN, *supra* note 56, at 451.

in the case could be proved by credible evidence in order to achieve "legal trueness."[182]

2. Discretionary Determination of Evidence Rule

Article 64 of Civil Evidence Rules gives the judge discretion to make an independent determination on provability of the evidence after a full and objective examination of the evidence under prescribed procedures. Importantly, when making the determination, the judge is enabled to use logical reasoning and daily living experiences in addition to adherence to law and judicial ethics (conscience of the judge).[183] Another requirement is that the judge examine and evaluate all evidence of the case from such aspects as the degree of relevance between each element of evidence and the facts of the case, as well as the relationship among various elements of evidence.[184]

In the case of a single piece of evidence, Article 65 of the Civil Evidence Rules lists a number of elements that the people's court may consider in conducting its review. The elements include: (a) whether the evidence is the original, or if not, whether the copy or duplicate is authentic to the original; (b) whether the evidence is relevant to the facts of the case; (c) whether the form or resource of the evidence accords with the provision of law; (d) whether the content of the evidence is real and true; and (e) whether there exists a relation of interest or bias between the witness or person producing evidence and the parties to an action.[185]

3. Exclusion Rule

Under the Civil Evidence Rules, a judge may exclude relevant evidence for statutory reasons. In accordance with Article 67, an admission of facts of a case made by a party during the litigation as comprised for purposes of a mediation agreement or settlement shall not be used as evidence against the party.[186] In addition, pursuant to Article 68, evidence shall not be used as the basis of determining the facts of a case if the evidence is obtained through means that harm the legitimate interests of others or violate prohibitive provisions of law.[187]

Moreover, under Article 69, certain evidence, standing alone, shall not be taken as the ground for fact determination. Evidence in this

182. *See* GUOGUANG, *supra* note 14, at 405-15.
183. *Civil Evidence Rules*, *supra* note 82.
184. *Id.* art. 66.
185. *Id.*
186. *Id.*
187. *Id.*

category includes: (a) testimony made by a minor that is incompatible with the minor's age and intellectual condition; (b) testimony given by a witness who has a biased relationship with a party or the party's agent *ad litem*; (c) audiovisual materials that contain doubtfulness; (d) a copy or duplicate that could not be verified with the original; or (e) testimony of a witness who fails to appear in court for cross-examination without justified reasons.[188]

4. Self-Proving Evidence Rule

According to Article 70 of the Civil Evidence Rules, the people's court shall uphold the provability of certain evidence presented by a party that is self-proving even if the other party raises questions but there is no sufficiently contrary evidence to rebut it. Four different kinds of evidence are considered to be self-proving: (a) the original of documentary evidence, or copy, photo, counterpart, or extract that is proven to be authentic to the original; (b) the original of real evidence or duplicate, photo, or video material proved to be identical to the original; (c) audiovisual materials that could be verified by other evidence, and are obtained in lawful means and free from doubt; and (d) investigation and examination records made by the people's court, upon request of a party, on real evidence or on the scene.[189]

The self-proving evidence may apply to the court-initiated expertise. Under Article 71, the provability of the conclusion of expertise may be affirmed if it is made by expertise service entrusted by the people's court and the parties provide no opposing evidence sufficient to overturn it.[190] Equally, the court may uphold the evidence presented by a party if the other party admits it or has no sufficient evidence to the contrary. However, if a party admits the adverse evidence provided by the other party, the provability of the adverse evidence may be granted.[191]

5. Probability Rule

The probability rule arises where the parties provide adverse evidences respectively on the same fact and none of the evidence has sufficient ground to negate the other. In this situation, under Article 73 of the Civil Evidence Rules, the people's court shall, in consideration of circumstances of the case, determine whether the probity of one side's evidence is clearly higher than that of the other. If, however, the disputed

188. *Id.*

189. *Civil Evidence Rules*, *supra* note 82.

190. *Id.*

191. *Id.* art. 72.

facts are difficult to ascertain as a result of the equal weight or probability of each parties' evidence, the people's court is required to make a decision in accordance with the rule of the burden of proof.[192]

In case a party who holds evidence refuses to submit it without reasonable grounds and the other party asserts that the contents of such evidence are something disadvantageous to the holding party, the assertion may be assumed to be true.[193] Regarding any particular allegation of a party, if the party could not provide any relevant evidence but only a personal statement, the allegation shall not be supported unless the other party admits to such.[194]

In order to help determine the probability of multiple evidence concerning the same fact, the Civil Evidence Rules set forth several principles that would serve as a guideline governing the degree of probativeness. Under Article 77, when determining the probability of evidence, the people's court may use the following principles:

(a) The public records or documents made officially by the state organs, or social organizations shall in general be more provable than other document evidence;

(b) The provability of real evidence, records on file, expert conclusion, written records of on-site investigation, or notarized or registered documents shall in general be higher than that of other document evidence;

(c) Original evidence shall in general have more probative force than secondary evidence;

(d) Direct evidence shall in general be more provable than indirect evidence; and

(e) The witness testimony that is favorable to the party with whom the witness has relative or other close relationship shall be less provable than other witness testimony.[195]

It should be noted that the Civil Evidence Rules demand the judge's decision on evidence to be made openly. Article 79 makes it imperative that the people's court shall explicitly specify in its decision the reason(s) of supporting admission of the evidence except for non-disputed evidence.[196]

---

192. *Id.*
193. *Id.* art. 75.
194. *Id.* art. 76.
195. *Civil Evidence Rules*, *supra* note 82.
196. *Id.*

## III. APPLICATION OF THE CIVIL EVIDENCE RULES IN THE PEOPLE'S COURT AND ITS IMPACTS

To the people's courts in general, the Civil Evidence Rules are expected to provide significant relief in terms of the burden in investigation and examination of evidence in civil cases. As noted, the main theme of the Civil Evidence Rules is the re-allocation of the burden of proof by maximizing the burden on the parties to an action. In the meantime, the Civil Evidence Rules are intended to position the judges in a way that better facilitates civil trials as well as to help restore the impartiality of the court. As desirable of an outcome as this is supposed to achieve, questions remain as to how the rules are being applied in actual trials.

It would be a mistake to infer that the judges in the people's courts would become less active because the Civil Evidence Rules have seemingly departed from the tradition of *ex officio* of justice that once dominated the Chinese judicial system. To be more specific, the increasing emphasis on the role of the parties is not intended to change the inquisitorial nature of the Chinese judicial system. On the contrary, the role of judge in civil proceedings becomes more critical than ever before because the evidence is now viewed as central to the trial and the court is required to make a fair and open determination of it.[197]

It might be too early to tell how much impact the Civil Evidence Rules have already had on people's courts in civil proceedings, but the Supreme People's Court is confident in seeing an "important and far-reaching impact on the reform of civil trials and improvement of civil litigation system in China."[198] As noted, it was not until recent years that evidence has become the focus in litigation. Many misconceptions about evidence inevitably exist. According to Beijing High People's Court, there exists a number of practical problems concerning evidence as such that seriously challenges the courts:

(a) lack of clear time limit on production of evidence, which results in abuse of litigious rights by the parties through manipulation of evidence presentation;

(b) lack of public awareness of burdens of proof and legal consequences of failure to provide evidence, and excessive *ex officio* investigation and collection of evidence by court, which damaged the public confidence in judicial impartiality;

---

197. *See Preface to* GUOGUANG, *supra* note 14.

198. *See* Jianming, *supra* note 16.

(c) lack of standards in the admissibility of expertise reports, and existence of multiple or repeated expertise in given cases, which causes serious delays of the trial;

(d) non-appearance of witnesses in the court for cross-examination of written testimony;

(e) arbitrary allotment of burden of proof and determination of evidence by the court; and

(f) lack of reasonable explanation on use of evidence in the court decision, causing confusion and misunderstanding to the parties.[199]

A general expectation is that the Civil Evidence Rules would help stimulate the lower people's courts to improve civil trials regarding evidence. On the one hand, as it normally does, the Supreme People's Court will monitor how the Civil Evidence Rules are being applied in the lower people's courts. On the other hand, the lower people's courts at different levels may take detailed measures to implement them.

Before the Civil Evidence Rules were adopted, many people's courts at lower levels had made attempts to "create" rules to solve evidence problems encountered by their local courts. For example, on March 6, 1998, the High People's Court of Shanghai issued the *Minutes of Research and Discussion on Implementation of Civil Evidence System* (*Minutes*) that were purposed to provide directive opinions on evidence for the lower courts under its jurisdiction to follow.[200] The *Minutes* contained a number of provisions that are similar to those in the Civil Evidence Rules. What is notable is the provision about reversed burden of proof in medical injury cases, which was regarded as a "bold move" ahead of the Supreme People's Court.[201]

Another example is Beijing High Court's adoption of the *Rules on the Matters of Evidence Concerning all Cases* (*Provisional Rules*) on August 6, 2000 as a major reform on evidence.[202] Two distinctions of the *Provisional Rules* are worthy to mention. First, the *Provisional Rules* adopted the concept of "facts of the case" as the decision base. It provided that the court should render its judgment based on case facts that could be proved

---

199. GAOJI RENMIN FAYUAN [BEIJING HIGH PEOPLE'S COURT], RULES ON THE MATTERS OF EVIDENCE CONCERNING ALL CASES (PROVISIONAL) (China University of Public Security Press 2001).

200. *See* GAOJI RENMIN FAYUAN [SHANGHAI HIGH PEOPLE'S COURT], MINUTES OF RESEARCH AND DISCUSSION ON IMPLEMENTATION OF CIVIL EVIDENCE SYSTEM 57 (1998).

201. *See id.* art. 10.

202. The Provisional Rules were issued on Sept. 17, 2000, and adopted on Aug. 6, 2000.

by evidence.[203] Second, the *Provisional Rules* were designed to be the comprehensive evidence rules that apply to all kinds of litigation. For that purpose, the *Provisional Rules* contained both the general provisions that govern general evidence and the specific provisions that apply to criminal, civil, and administrative proceedings respectively.[204]

The efforts to make meaningful determination of evidence could also be seen in actual cases. In *Yixing Industry and Trade Company of Baoshan District v. Shanghai Shaling Textile Company, Ltd.*, the trial court of Shanghai Nanhui District denied the plaintiff's claim, for lack of evidence, and the appellate court affirmed on appeal. The facts in the case were simple. The plaintiff and the defendant reached an agreement on September 29, 2000 for the purchase of a certain type of cloth. The plaintiff asserted that after the agreement was signed, the defendant borrowed 9,300 meters of polyester/cotton cloth from the plaintiff, equivalent to Renminbi (RMB) 46,500 ($6,500 U.S.). While asking the court to order a return of the cloth or money payment by the defendant, the plaintiff presented to the court evidence of the original agreement and an "IOU" note signed by defendant dated October 18, 1999. The defendant denied the plaintiff's assertion and argued that he owed nothing to the plaintiff. To prove it, the defendant submitted a receipt issued by the plaintiff's business manager. The receipt, also dated October 18, 1999, stated that the defendant "paid in full." During the cross-examination in the court hearing, the plaintiff made no objection to the truthfulness of the receipt, but argued, without further evidence, that the receipt was made before the returned cloth was loaded on that day. According to the plaintiff, because the loading truck was not big enough, the cloth was left with the defendant who then gave the plaintiff the "IOU" note.[205]

In determination of the evidence, the trial court did not try to find out what would be objectively true as to whether the "IOU" note was made after the receipt, which would require the court's further investigation. Instead, the trial court relied entirely on the evidence presented by the parties. It then held that in the situation where, as in this case, it was uncertain about the time sequence of the two contradicting documents, the claiming party shall have the burden to further provide evidence to support his claim, and without such evidence, the plaintiff's claim must be dismissed.[206]

---

203. *See* GAOJI RENMIN FAYUAN [BEIJING HIGH PEOPLE'S COURT], *supra* note 199.

204. *Id.*

205. THE RESEARCH DEPARTMENT OF PEOPLE'S COURT OF SHANGHAI NANHUI DISTRICT, SELECTION OF TRIAL CASES 7 (2002).

206. *See id.*

In *China Light Daily-Use Articles Import and Export Company v. Bank of Industry and Commerce of China, Huangzhou Xihu Branch*, the Beijing High People's Court attempted to prevent the party from presenting untimely evidence. In this case, the SHGCG (plaintiff) was entrusted by Huangzhou Costume Company, Ltd. (Costume Company) to export non-durable consumer products purchased by the Costume Company from local producers. In January 1997, SHGCG entered into an agreement with the Costume Company for exporting the products at a total price of $3.5 million U.S. dollars. Under the agreement, SHGCG was to make a deposit in order for the Costume Company to purchase the products, and all payments overseas for exported products via L/C or D/P indicating SHGCG as beneficiary shall be made to SHGCG through the SSPCC (defendant). The agreement provided that the SSPCC would immediately transfer all payments, upon receipt, to the SHGCG-designated bank account in Beijing. SHGCG wrote a letter to SSPCC instructing it to do the transfer accordingly. After the agreement was signed, SHGCG paid the Costume Company RMB 8,753,508.83 (or U.S. $1,061,031). However, in 1998, SHGCG found that U.S. $957,869.79, which was paid by the end of 1997, was not transferred to SHGCG but left with the Costume Company. A further investigation revealed that the sum involved forty-eight payments, of which SSPCC received twenty-four payments for U.S. $664,565.59. In the lawsuit against the Costume Company for damages, SHGCG named SSPCC as codefendant on the ground that SSPCC failed to transfer the money as instructed by SHGCG and therefore was in breach of its duty. SSPCC denied the claim, but without evidence.[207]

During the trial, Beijing No. 2 Intermediate People's Court held that SSPCC, after receipt of the SHGCG's letter concerning money transfer, did not make the transfer as requested, and therefore infringed the legitimate interest of SHGCG. The trial court then entered a judgment against SSPCC for damages of $664,565.59. On appeal, SSPCC submitted evidence proving that eighteen of the twenty-four payments were transferred to the Costume Company either by SHGCG's instruction or for the reason that foreign payers named the Costume Company as beneficiary. SSPCC further proved that the remaining six payments were transferred to SHGCG by wire, which SHGCG denied ever receiving. After cross-examination of the evidence, Beijing High People's Court

207. *See* Gaoji Renmin Fayuan [Beijing High People's Court], Gao-Jing-Zhong-Zhi (Civil Judgment), 186 (2001).

found that SSPCC should not be held liable because the evidence would prove that SSPCC had no wrongdoing in the transactions.[208]

Thus, Beijing High People's Court was of the opinion that the lower court judgment as against SSPCC should be reversed because the new evidence submitted by SSPCC was sufficient to support SSPCC's no-fault argument. However, the High Court further held that SSPCC must bear all costs related to the appeal since SSPCC did not submit evidence to the trial court without reasonable grounds.[209]

It seems to have become a common understanding among the people's courts that while evidence is key to the burden of proof, allocation of the burden between the parties to an action is a decisive factor. Without a law and fact distinction, appeal is de novo, and new facts are still allowed. However, disagreements remain in how the allocation of the burden is to be made in each particular case. In *Shanghai Huiyuan General Chemical Goods Co., Ltd. v. Shanghai Shanxin Plastic Cement Co. Ltd.*, Shanghia No. 1 Intermediate People's Court reversed the trial court judgment on the ground that the trial court erred in allocating the burden of proof on the parties.[210] The disputes in the case arose from the identification of plastic buckets. The plaintiff purchased 21,340 pieces of 2.5 liter yellow plastic buckets from the defendant by the end of 1999 at the price of RMB 42,680, and there was no written agreement for the purchase. In April 2000, when the plaintiff loaded its own produced detergent liquid into the buckets, many of the buckets were broken, which caused the plaintiff to suffer direct damages of RMB 15,667.20. After unsuccessful requests to return the defective buckets to the defendant and requests for damages, the plaintiff brought suit against the defendant at Shanghai Nanhui County Court. The defendant admitted the transactions with the plaintiff but denied the plaintiff's claim. The defendant argued that there were many producers of the same buckets and the defective buckets were not its products.[211]

The trial court held for the defendant on the rationale that since the defendant denied the defective buckets to be its products, it was the duty of plaintiff to prove to the contrary. According to the trial court, based on the receipts of the purchase alone, it was uncertain that defendant

---

208. *See id.*

209. *See id.*

210. Selective Collection of Cases, May 24, 2002, 12 (Shanghai Intermediate People's Court).

211. *See id.*

produced the defective buckets in question. Therefore, without further evidence, plaintiff's claim was dismissed.[212]

The plaintiff appealed and the Intermediate People's Court reversed. The appellate court disagreed with the trial court in that the plaintiff's claim shall be granted unless the defendant provided opposing evidence. It was held that since the defendant admitted the purchase, though there was no written agreement, and that because the plaintiff provided the receipts as evidence, the plaintiff's burden of proof was fulfilled. The appellate court in holding the defendant liable stated that if the defendant challenged the source of the disputed buckets, it should provide evidence to prove to that effect. On that ground, the appellate court concluded that because defendant failed to produce such evidence, the judgment must be entered in favor of the plaintiff.[213]

Since the Civil Evidence Rules were issued, the lower people's courts have been trying to implement them with their local reality. A common scheme is to adopt implementation measures. For example, in May 2002, Shanghai No. 1 Intermediate People's Court adopted two manuals for implementing the Civil Evidence Rules. The implementing manuals contain detailed guidelines as well as procedural matters concerning evidence.[214] In addition, some local courts have developed compatible rules aimed at enforcing the Civil Evidence Rules. Beginning on August 1, 2002, Xian Intermediate People's Court introduced a rule called "Notification of Litigation Risk" into the civil litigation. Under this rule, for each civil lawsuit filed by a party, a court notice will be given to the party for purposes of evidence. The notice will tell the party about the importance of evidence and the risks of filing a lawsuit without evidence. One of the major goals of the notice is to prevent the claiming party from demanding boundless compensation or damages.[215]

Another common practice with regard to the implementation of the Civil Evidence Rules in lower courts is the publication of case selections. Historically, there were barely any casebooks in China because of the civil law tradition. During the last decade, however, research and study on cases seemed to become a trend, and as a result, there was growing interest in publishing selections of cases. Particularly, after the Supreme People's Court launched the so-called "People's Court Sunshine Project," which

---

212. *See id.*

213. *See id.*

214. *See* ZHONGJI RENMIN FAYUAN [SHANGHAI INTERMEDIATE PEOPLE'S COURT], OPERATION MANUAL ON IMPLEMENTATION OF THE SEVERAL RULES OF EVIDENCE IN CIVIL LITIGATION I & II (2000).

215. *See Court Warns Plaintiff: Do Not Set Sky-High Claim When Filing a Lawsuit*, PEOPLE'S DAILY, July 30, 2002, at 4.

requires people's courts to make their decisions open to the public, more and more cases at various levels of the people's courts were published.[216] On June 19, 2000, the Supreme People's Court also began to publicize its decisions of major cases. According to the Supreme People's Court, the publication of representative cases would serve the need of lower courts for guidance as well as help improve the quality of trials.[217]

The possible impacts of the Civil Evidence Rules on Chinese civil trials are considered to be many. From the viewpoint of the Supreme Peoples Court, adoption of the Civil Evidence Rules is significant in four aspects: (a) it would help achieve the goal of impartiality and efficiency in civil trials; (b) it would promote further reform on the civil trial system of China; (c) it would help increase public awareness of the rights and obligations in civil litigation; and (d) it would help unify the evidence rules of the nation.[218] Practically speaking, however, with the Supreme People's Court's desires aside, the Civil Evidence Rules would, perhaps, cause two substantial changes in the proceedings of civil cases.

The first change that would be seen in the years to come will be the development of a hybrid inquisitorial trial system with more adversary elements. In other words, the parties to an action will play a much more important role than they used to in the courtroom. Since the Civil Evidence Rules are purposed to shift the burden of proof as much as possible from the people's courts to the parties, it would be up to each of the parties, plaintiff in particular, on how he or she would present the case to the court. In addition, because the people's courts will decide cases only on the basis of evidence that would prove the facts of the case, it becomes critical that the parties prepare well before going to the court. Moreover, due to the increasing importance of cross-examination on evidence, the exchange of arguments between the parties during the court hearing would necessarily be the major play in the litigation. Lawyers would necessarily play a vital role in this hybrid system.

The second change would be the transparency of the trial proceedings. There are three components in the Civil Evidence Rules that would help achieve transparency, namely the pre-trial exchange of evidence, time limits for production of evidence, and court reasoning on admission of evidence. To the extent that the parties are aware of the

---

216. *See* Yang, *supra* note 4.

217. *See* ZUIGAO RENMIN FAYUAN [SUPREME PEOPLE'S COURT], *Notice on Publicizing Supreme People's Court's Decisions* (June 19, 2002), *available at* http://www.court.gov.cn/channel17/xinwen_1.htm. Will this be the beginning of the use of precedent by Chinese Courts? Or will lawyers be now needed to inform the Court of these precedents?

218. *See* Jianming, *supra* note 16.

possible outcome of the trial, the pre-trial exchange of evidence would lead to an open disclosure of evidence to each other. The time limit on the evidence production would prevent added evidence from being presented after the opening hearing and make the submission of evidence predictable. More important is the court's reasoning on admission of evidence. It would help not only the parties but also the public to understand how the court actually rules on evidence and why.

## IV. PRINCIPLES OF PROOF AS APPLIED TO NON-CIVIL LITIGATION AND UNFINISHED BUSINESS

As noted, since the late 1980's, the improvement of civil trial proceedings has been a focus of the judicial reform. The adoption of the Civil Evidence Rules is regarded as one of the most significant achievements of the reform, and many of the provisions in the Civil Evidence Rules are deemed representative of the future evidence rules in China.[219] The Civil Evidence Rules are also expected to become the practical basis on which the CPL would be amended and the unified civil evidence law of China would be promulgated by the Chinese legislative body.[220]

However, it is unclear whether the evidence legislation would take the form of the unified evidence law that applies to all cases or the form of separate evidence laws governing civil and non-civil cases, respectively. Many scholars suggest that the rules of evidence as applied in civil and criminal or administrative cases would be different although related, because the cases are different in nature.[221] Therefore, it appears very likely that even if there will be a unified evidence law, it would be unified only in general principles of evidence. To illustrate, the future evidence law would contain general provisions that apply to all cases, with specific provisions to cover civil, criminal, and administrative evidence separately.[222]

In this context, the Civil Evidence Rules would be of peculiar significance in shaping up evidence legislation. It is true that the Civil Evidence Rules are not readily applicable to non-civil cases, but the fundamental principles of evidence promoted in the Civil Evidence Rules

---

219. *See* SONGYOU, *supra* note 23, at 409-16.

220. *See* Jianming, *supra* note 16.

221. *See* LIU SHANCHUN, RESEARCH ON THE RULES OF EVIDENCE IN LITIGATION 4 (China Legal Publishing House 2000).

222. *See* GAOJI RENMIN FAYUAN [BEIJING HIGH PEOPLE'S COURT], *supra* note 199 (looking like the model that the Beijing High People's Court employed in its evidence rules).

will necessarily become the cornerstone on which all evidence rules to be adopted would be grounded. The most notable example is the recent adoption of the Administrative Evidence Rules that evidently share the basic notion of burden of proof on the parties and the case facts on which the Civil Evidence Rules stand.[223] Both the Civil Evidence Rules and the Administrative Evidence Rules are common in many aspects such as the requirement for timely production of evidence, court investigated evidence, court entrusted expertise, examination of evidence, witness testimony, and authentication of evidence.[224] The major differences in the Administrative Evidence Rules lie with the provisions that deal with cases where the government is a party.

Importantly, it should be noted that the Civil Evidence Rules would equally apply to domestic cases and the cases involving foreign elements.[225] Thus, as far as foreign litigants are concerned, a special attention to the Civil Evidence Rules would be needed not only because the Civil Evidence Rules contain provisions that might not look familiar to them, but also because many of the provisions would require further interpretation during specific trials. Particularly, many questions remain unsolved and need further discussion.

### A. *Exchange of Evidence*

The Civil Evidence Rules provide for the exchange of evidence between the parties to an action prior to the court hearing; but the exchange seems to be optional. In addition, although the court may preside over the exchange of evidence, the court action may only be taken upon the request of the parties. Thus, it would be highly questionable as to whether a party may compel the exchange of evidence from the other side, particularly when the evidence contains information essential to the merits of the case. A related question would be whether a party may subpoena documents possessed by the other party or interested third party.

In addition, although the Civil Evidence Rules follow the CPL, which makes it the obligation of a witness to testify in the court, it is unclear whether the parties may ask the court to subpoena a witness. Since depositions are not a common practice in China, there is doubt on whether

---

223. *See Administrative Evidence Rules*, *supra* note 17.

224. *See id.*

225. A case with foreign elements would refer to an action where: (a) at least one party is a foreigner, stateless person, or a foreign company or organization; (b) the legal facts creating, changing, or terminating the legal relations between the parties take place in a foreign country; or (c) the subject matter of the dispute is located in a foreign country. *See generally* Zhang, *supra* note 65.

the parties could depose the witness. Similarly, the Civil Evidence Rules contain no provision that a party may ask the opponent to answer interrogatories. If the opponent is a corporation, a direct question will be whether the employees of the corporation may be asked to testify with first hand information in addition to the legal representative of the corporation.

In practice, many people's courts tried to make the pre-trial exchange of evidence comprehensive. For instance, in 1999, the High People's Court of Guangdong issued *Provisional Rules for Pre-trial Exchange of Evidence in Civil and Economic Dispute Cases*. In these rules, the pre-trial exchange of evidence was defined as the parties' activities to an action to disclose to the other all the evidence that is aimed at proving their claims or counterclaims, and thereby ascertaining the focus of the litigation.[226] The rules also provided that any evidence not exchanged before the trial without reasonable grounds shall not be examined and determined.[227]

*B. Competence of Witness and Foundation*

As noted, the only requirement for the competence of a witness under Article 57 of the Civil Evidence Rules is personal knowledge of the facts about which the witness is going to testify.[228] What is not required for a witness is to take an oath of telling the truth prior to testimony.[229] The foundation of competence that needs to be shown includes personal observation of facts and the ability to express his will correctly.[230] A major question lies with the ability to express the will correctly. Critics argue that the exclusion of the person who is deemed unable to express his will correctly as a witness is too broad because the "inability to express will correctly" is different from inability to state the facts of the case."[231]

Both the CPL and Civil Evidence Rules contain no provision about child witnesses. Since the general criteria are intellectual and mental health conditions, age presumably is not a decisive factor. Under the

---

226. *See* THE HIGH PEOPLE'S COURT OF GUANGDONG, THE PROVISIONAL RULES FOR PRE-TRIAL EXCHANGE OF EVIDENCE IN CIVIL AND ECONOMIC DISPUTE CASES (1999); QIAO XIANZHI, EVIDENCE SYSTEM OF CHINA AND ITS JUDICIAL IMPLEMENTATION 246-47 (Law Publishing House 2002).

227. *See id.*

228. *Civil Evidence Rules*, *supra* note 82.

229. During the drafting of the Civil Evidence Rules, there was a debate on whether the witness should be required to take an oath. When adopting the Civil Evidence Rules, the Supreme People's Court did not accept the proposal for introducing oath into witness testimony because there was no agreement in the Court on the formality of taking an oath. In practice, however, some lower people's courts asked the witness to sign a piece of paper to guarantee the truthfulness of the testimony. *See* SONGYOU, *supra* note 23, at 275-76.

230. *See id.*

231. *See* SHANCHUN, *supra* note 221, at 507.

General Principles of the Civil Law of China, a person under the age of ten shall be deemed to have no capacity for civil conduct.[232] However, according to the Supreme People's Court, a minor's testimony that does not fit his age or intellectual condition, standing alone, shall not be the basis for determining the facts of a case.[233] The question then would be whether a child under the age of ten might testify as a witness.

An interesting issue concerning witnesses is the unit witness. Under the CPL, a unit (company, enterprise or organization) that is knowledgeable of the case is obligated to testify as witness.[234] However, the existing confusion concerns how a unit could be a witness since the CPL was adopted. One scholastic interpretation is that the unit witness is not the unit itself because a unit could not observe anything, but rather it is the legal representative of the unit.[235] The problems that exist include what a unit representative would testify to on behalf of the unit and how the unit testimony would be determined. In addition, it would be hard to understand how the competence requirements set forth in the Civil Evidence Rules might apply to a unit witness.

Credibility of a witness is another issue. The Civil Evidence Rules are unclear about whether an adverse reflection may be cast on the veracity of the witness in order to impeach him or her, although the witness is required to be questioned by the parties. In addition, there is no provision concerning the prior inconsistent statement of the witness.

232. *See General Principles of the Civil Law of the People's Republic of China*, art. 12, Jan. 1, 1987, *available at* http://www.qis.net/chinalaw/prclaw27.htm.

233. *See* ZUIGAO RENMIN FAYUAN [SUPREME PEOPLE'S COURT], *supra* note 79, art. 28.

234. CPL art. 70, *supra* note 8.

235. *See* SHANCHUN, *supra* note 221, at 544-45.

### C. *Relevance*

Unfortunately, the relevance of evidence is not explicitly provided for in either the CPL or the Civil Evidence Rules. It was argued, however, that the requirement of relevance is scattered in several provisions of the CPL and the Civil Evidence Rules. A typical reflection of relevance is said to be the provision that the people's courts shall examine the evidence in order to determine its admissibility.[236]

Nevertheless, the relevance requirement for evidence could be seen in the evidence rules adopted in some lower courts. For example, in the Provisional Evidence Rules of Beijing High People's Court, it is required that evidence shall possess objectiveness and relevance with the facts of a case.[237] In Shanghai, the High People's Court of Shanghai makes it mandatory that the people's courts shall examine and determine evidence objectively, thoroughly, legally and relevantly.[238] Once again, none of them has offered any definition of relevance.

A controversial issue is the scope of relevance. Under Article 71 of the CPL, the people's courts, when determining if the statement of a party may be used to ascertain the facts of the case, shall look into other evidence in the case.[239] This provision is regarded to allow for the use of indirect evidence. The argument is then whether the relevance would include both direct and indirect evidence or direct evidence only.[240]

### D. *Hearsay*

As part of the civil law tradition, the CPL does not readily accept the hearsay rule. Instead, the rule of direct verbal evidence is widely used in the people's courts;[241] therefore, there is barely any restriction on hearsay. Literally, a witness may testify to the people's court on what he or she personally sees, feels, or is told concerning the facts of the case.[242] This might also be one of the reasons why a company representative could be a witness under the CPL.[243]

The Civil Evidence Rules do not seem to move away from the CPL with regard to the issue of hearsay. As noted, the terms used in Article 57 of the Civil Evidence Rules as requirements for the witness testimony are

---

236. CPL *supra* note 8, art. 31. *See also Civil Evidence Rules*, *supra* note 82.
237. GAOJI RENMIN FAYUAN [BEIJING HIGH PEOPLE'S COURT], *supra* note 199, art. 2.
238. GAOJI RENMIN FAYUAN [SHANGHAI HIGH PEOPLE'S COURT], *supra* note 200, art. 27.
239. CPL art. 71, *supra* note 8.
240. *See* SHANCHUN, *supra* note 221, at 449.
241. *See* GUOGUANG, *supra* note 14, at 360-61.
242. *See* SHANCHUN, *supra* note 221, at 544-45.
243. *See id.*

"personal sensation and observation."[244] The word "sensation" is so vague that it may include firsthand information as well as secondary information or perhaps something else.

Additionally, both the CPL and the Civil Evidence Rules do not exclude documentary testimony.[245] The difference between the CPL and the Civil Evidence Rules is that the Civil Evidence Rules clearly define the situations where the document evidence may be submitted.[246] Moreover, it is unclear whether the witness, when testifying in the court, may use written materials. In other words, it is questionable whether the witness may read to the court during the testimony. Many suggest that in order to revive the witness' memory, use of certain written materials should be admissible either as "present recollection revised" or as "past recollection recorded."[247]

*E. Testimonial Privileges*

In China, no privileges are recognized in the court testimony. Under Article 70 of the CPL where giving testimony in court is the legal obligation of a witness,[248] whoever has knowledge of the facts of a case is under such obligation regardless of the relationship between the witness and the parties.[249] According to Article 65 of the CPL, the people's court shall have the right to investigate and collect evidence from relevant units or individuals, and such units or individuals should not refuse.[250] This provision has been described as a typical reflection of the long-time practice in China that the State or collective interest is superior to the private interest.[251] It has also been labeled as a direct result of the common scenario in the past decades in China that the individual right is something that could be easily ignored.[252]

In recent years, however, there has been an increasing call for the recognition of testimonial privileges. The lack of such privileges in court testimony has been regarded, at least among many scholars, as being incompatible with China's international treaty obligations for human rights

244. *See Civil Evidence Rules*, *supra* note 82.

245. *See* CPL art. 70, *supra* note 8.

246. *See Civil Evidence Rules* art. 56, *supra* note 82.

247. *See* SHANCHUN, *supra* note 221, at 497-98; GUOGUANG, *supra* note 14, at 377-80.

248. CPL, *supra* note 8, art. 70 (A similar provision can also be seen in Article 48 of the Criminal Procedure Law of China. Article 48 provides that whoever has the knowledge of the facts of a case has the obligation to testify in court).

249. *See* SHANCHUN, *supra* note 221, at 517.

250. CPL, *supra* note 8, art. 65.

251. *See* XIANZHI, *supra* note 226, at 82.

252. *See* JIANMING, *supra* note 55, at 76-77.

protection.[253] It seems that adoption of testimonial privileges in China will come in only a matter of time, but the question is what would be included in the privileges.

### *F. Expert Witness*

As noted, expert opinions are allowed in the court testimony. What appears confusing is the meaning of the word "expert." The CPL requires that the expert testimony be made by either the legally authorized expertise department or the court-designated expert witness. The person who conducts the expert testimony is actually the "examiner." In addition, the Civil Evidence Rules allow the parties to invite the person who has special knowledge to testify to the court on special matters. Thus, it is arguable whether the "examiner" and the "special knowledge person" are all the same as "expert" or they are different from each other.

A more profound question is what foundation needs to be laid in order to qualify a person to be an expert for purposes of court testimony. Neither the CPL nor the Civil Evidence Rules contain anything to this effect. The Civil Evidence Rules only provide that both the judge and the parties may question the special knowledge person during the testimony.[254] Therefore, it seems that there is no legal device by which the qualification of a special knowledge person may be tested.

### *G. Punishment for Disrespect to the Court*

While Article 70 of the CPL makes it an obligation for a witness to testify in court, there is no provision regarding the legal consequences that the witness would have to face if he or she refuses to testify. Additionally, the court has no power to compel a witness to testify and no punishment could be sought against a witness for contempt of court, particularly when a witness shows disrespect to the court. As a result, all people's courts have long been entangled with three difficult problems concerning witness: refusal to appear in the court, false testimony, and contradicting statements.[255]

What has troubled the people's courts most is the extreme rate of appearance of witnesses in court. In Hunan Province, for instance, a trial court in 1995 had a total of eighty-eight civil and economic cases in which 416 witness testimonies were used. Of all the witness testimonies, only eight witnesses actually appeared in the courtroom and 408 were

---

253. *See id.* at 76.

254. *Civil Evidence Rules*, *supra* note 82, art. 61.

255. *See* CHUNHUA, *supra* note 35, at 436.

substituted with out-of-court statements made by the witnesses.[256] Also, in Anhui Province, during the month of January 2001, an intermediate people's court heard twenty-six civil cases in which 104 witnesses were involved. In the court testimony, however, only nine witnesses came to the court.[257]

Under Article 102 of the CPL, the people's court may, based on seriousness of the act, impose a fine or detain a participant in the litigation or any other person who commits forgery or destruction of important evidence which would obstruct the trial.[258] If the act constitutes a crime, the offender shall be held liable for criminal responsibility.[259] These provisions were found to be uncertain and were difficult to deal with regarding false testimony by a witness.[260] With regard to contradicting statements, there are also no rules that people's courts can follow.[261]

When the Civil Evidence Rules were drafted, it was suggested to expand Article 70 of the CPL to include measures of punishment for refusal by a witness to testify in court.[262] This suggestion was not accepted. A primary reason was that the judicial interpretation could not and should not create any compulsory rules or measures outside the boundary of law.[263] But the Supreme People's Court is hopeful that since the Civil Evidence Rules center the burden of proof on the parties, in-court testimony by witnesses will improve because the witness will actually be a party's witness instead of a witness for the people's court.[264]

## V. CONCLUSION

China's evidence law has come a long way in a short period of time. What is the next step for China in the development of its evidence law and the rule of law? It would be unrealistic to insist on China's adopting wholesale common law or Western codes of evidence law, since China is basically a civil law system. To the extent that Hong Kong (formerly a British colony) law applies, China has mixed common law and civil law

---

256. *See* GUOGUANG, *supra* note 14, at 359-60.

257. *See* JIANMING, *supra* note 55, at 474.

258. CPL, *supra* note 8, art. 102. "The fine is 1,000 yuan Renminbi at most for individuals . . . [t]he time limit of detention is 15 days at most." *Id.* art. 104.

259. *Id.* art. 102.

260. *See* CHUNHUA, *supra* note 35, at 441-43.

261. *See id.*

262. *See* SONGYOU, *supra* note 23, at 272-73.

263. *See id.*

264. *See id.*

systems, but the civil law tradition dominates. Still more can be done to improve the rule of law.

A first step would be to ensure that the Civil Evidence Rules would be applied uniformly in the nation, and that the basic evidence principles, such as hearsay rules and exclusion rules, would be made uniform in criminal and civil proceedings. As a part of this development, the Civil Evidence Rules seem to have also made clearer the role of the court as both a fact finder and judgment-maker. In this regard, they recognize that evidence needs to be presented and tested before it can be determined true or false and admitted or discarded accordingly.

Second, China needs to truly make the Chinese system a constitutional system by providing the means to institute the constitutional processes that will ensure the rule of law.[265] As mentioned, these include the requirement of a pubic hearing, the presentation and testing of evidence, and the important confrontation of witnesses against a party. In addition, the court needs to continue in its efforts to provide for transparency, recordation of evidence and rules, and clear time limits on the gathering, exchange, and consideration of evidence in order to achieve fairness in the hearing.

Two other developments in the Chinese legal system need to be encouraged. The first is to provide for Chinese lawyers a role in the gathering and exchange of evidence and in the presentation of law and evidence in the hearing. What has started to develop with regard to the presentation of expert evidence needs to be encouraged with regard to the presentation of all facts and evidence. Lawyers can provide the incentive for the most efficient gathering of facts and the exchange of those facts.[266] This will greatly alleviate the workload and obligations of the court and allow it to focus on what is most important.

In addition, until judges are truly educated on the developments in Chinese law, lawyers can be the most efficient disseminators of information about the law to these judges. If a party wants an advantage, they hire someone who knows the law so they can decide whether they want to bother the court with the dispute or resolve it outside the courtroom. Over time, providing a role for lawyers will greatly reduce the number of cases the courts will have to hear.

---

265. *See generally* Louis D. Bilionis, *Process, the Constitution, and Substantive Criminal Law*, 96 MICH. L. REV. 1269 (1998).

266. Of course, a legitimate question in this regard would be who will pay for the lawyer. In the civil business context, it seems that the parties might have the resources themselves, or the "government" could provide a lawyer for the injured in products liability cases, for the employee in employment injury cases, and any time the individual is claiming redress from another party.

Finally, even as law schools spring up all over China and new lawyers and judges are being trained, China must find ways to provide for the education of existing lawyers, and judges in particular, in the development of laws and rules. What seems essential is to provide innovative ways to educate legal professionals in a way that will make the system work.