[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, | § | |
| | § | Civil Action No. 7:24-cv-00232-DC |
| Plaintiff, | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S OPPOSED MOTION FOR LEAVE TO SERVE THE REPLY SUPPLEMENTAL EXPERT REPORT OF STEPHEN E. DELL AND ALTERNATIVE MOTION TO STRIKE**

[redacted]

## I. INTRODUCTION

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") respectfully moves for leave to serve the Reply Supplemental Expert Report of its damages expert, Stephen E. Dell (Ex. A "Dell Reply"). Cobblestone sent the Dell Reply to Apple Inc. ("Apple") on September 15, 2026. It is limited to two discrete topics, both of which arose ***after*** Mr. Dell served his Supplemental Report on July 24, 2026, with leave of Court. *See* Dkt. 211.

First, after Mr. Dell served his Supplemental Report, third party Empire produced additional documents, which Apple's damages expert, Ms. Rowe, without leave, addressed for the first time in her Supplemental Rebuttal Report served on September 11, 2026. Ex. B at ¶ 15. Second, Ms. Rowe's Supplemental Rebuttal Report raised an allegation of error that Mr. Dell "excluded a critical step" from his analysis. *Id*. at ¶¶ 9-12. The Dell Reply, which totals only nine paragraphs, responds only to Ms. Rowe's discussion of the newly produced Empire documents and addresses her allegation of "critical" error in Mr. Dell's Supplement. Mr. Dell could not have offered these opinions before receiving Ms. Rowe's report. Cobblestone acted diligently. It sent Apple the Dell Reply two business days after Ms. Rowe's Supplemental Rebuttal report, and two business days before Mr. Dell's September 17, 2026 deposition. There is no delay, no prejudice, and no disruption to the schedule. Good cause supports leave, and the motion should be granted.[1]

In the alternative, Cobblestone moves to strike Ms. Rowe's opinions regarding the Empire document. Just as Apple argues Mr. Dell needed leave of Court to address the matters in the Dell Reply, Apple never sought leave for Ms. Rowe to address the Empire documents. Allowing Ms. Rowe's opinions about the Empire documents without providing Mr. Dell an opportunity to

---

[1] Apple opposes leave for the Dell Reply, but Apple has served its own Reply expert declaration for the standing issues that, unlike the Dell Reply, raise new opinions beyond what was permitted by the Court. Cobblestone agreed to drop its timeliness and leave arguments against Apple's Rule 44.1 Reply expert declaration in exchange for leave for the Dell Reply, and Apple refused. Ex. C.

[redacted]

likewise opine on those same documents, which were produced after his Supplemental Report, is unfairly prejudicial. If the Dell Reply is not in the case, Ms. Rowe's opinions on the same documents she addressed without leave should similarly be stricken.

## II. LEGAL STANDARD

Courts in the Fifth Circuit apply four factors to determine whether to grant a motion for leave to amend or supplement an expert report: (1) the party's explanation for its failure to comply with the discovery order; (2) the prejudice to the party opposing admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Langley v. Int'l Bus. Machs. Corp.*, No. A-18-CV-443-DAE, 2019 WL 7284946, at *3 (W.D. Tex. Dec. 23, 2019).

## III. THE COURT SHOULD GRANT LEAVE FOR MR. DELL'S REPLY REPORT

Every factor favors leave. Cobblestone's explanation is reasonable. The Dell Reply is not a plenary sur-rebuttal to Ms. Rowe's Supplemental Rebuttal. It is limited to two discrete topics raised in Ms. Rowe's Supplemental Rebuttal that Mr. Dell did not have an opportunity to address in his earlier Supplemental Report: (i) Empire documents produced in August 2026, *after* Mr. Dell served his July 2026 Supplemental Report, and (ii) Ms. Rowe's accusation that Mr. Dell committed an error by "exclud[ing] a critical step" from his analysis. Further, there is no prejudice to Apple, the Dell Reply is important, and granting leave does not require continuance of the trial schedule. Every factor thus favors granting leave.

### A. Mr. Dell Could Not Have Addressed the Empire Documents or Ms. Rowe's Allegation of a "Critical" Error in His Original Supplemental Report

The Empire documents, [redacted], were not produced by Empire to Cobblestone's counsel until August 13, 2026, at the earliest. Paladino Decl.

[redacted]

¶ 6-7. Mr. Dell could not have addressed them in his July 2026 Supplemental Report. *Id.* Consistent with Rule 26(e)(2), Courts routinely grant leave to supplement expert reports or contentions to respond to late-produced evidence. *Intellectual Ventures II LLC v. Tesla, Inc.*, Dkt. 126, No. 1:24-cv-884-ADA (W.D. Tex. Dec. 4, 2025) (granting leave to serve supplemental expert reports to address discovery produced after opening reports were served); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 852–53 (E.D. Tex. 2004). The Dell Reply briefly addresses the new Empire documents, [redacted]. Ex. A at ¶¶ 3-6.

Ms. Rowe's Supplemental Report also alleged a "critical" error by Mr. Dell in his Supplemental Report, that he allegedly did not account for customers who purchased accused products because of 5G and similarly did not account for backwards compatibility of the 5G baseband chipset SSPPU with older standards. Ex. B at ¶¶ 9-12. The Dell Reply responds to Ms. Rowe's allegations of error. Ex. A at ¶¶ 7-9 ("Correction of Ms. Rowe's False Allegation that the Dell Supplemental Report 'Excluded a Critical Step'"). This is not a plenary sur-rebuttal to every point in Ms. Rowe's Supplemental Rebuttal. Instead, the Dell Reply permissibly and specifically addresses and corrects Ms. Rowe's allegation of "critical" error that she raised in her Supplemental Rebuttal. *See e.g.*, *Langley v. Int'l Bus. Machines Corp.*, No. A-18-CV-443-DAE, 2019 WL 7284946, at *3-4 (W.D. Tex. Dec. 23, 2019) (denying a motion to strike a supplemental report where it addressed alleged errors raised in the rebuttal report). This factor weighs in favor of leave.

**B. There is No Prejudice to Apple**

Apple suffers no prejudice. The Dell Reply is limited to only these two topics. It discloses no new damages theory and does not change Mr. Dell's royalty opinion. Cobblestone served it

[redacted]

before Mr. Dell's deposition and though not needed for the limited material, Cobblestone offered Apple an additional hour of deposition time. Ex. C. *See e.g., Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 3021463, at *3 (E.D. Tex. July 16, 2021) (no prejudice from a supplemental report to address criticisms made in a rebuttal report where it was served before the expert's deposition, only addressed the criticisms raised in the rebuttal report, and did not change the expert's substantive opinions). At Mr. Dell's deposition, counsel elected not to ask about the new Empire documents that Ms. Rowe, herself, had no leave to cover, but Mr. Dell did testify about the Dell Reply responses to Ms. Rowe's allegation of error. Ex. D (Dell 9/17/26 Depo. Rough Tr.) at 15:2-17:25, 29:13-35:8, 39:25-42:7. Ms. Rowe will also be deposed on September 24, 2026 with the benefit of already receiving the Dell Reply.

**C. The Dell Reply is Important Testimony**

Expert testimony at trial is limited to what is disclosed in the expert reports. The Dell Reply permits Mr. Dell to testify about additional Empire documents, which were produced after his earlier reports were served and which Ms. Rowe covered. Similarly, Ms. Rowe's Supplemental Rebuttal goes beyond rebutting or disagreeing with Mr. Dell. She alleges a "critical" error and missed step(s) by Mr. Dell. Mr. Dell's Supplemental opinion incorporates the Court's SSPPU Order and will be important damages testimony at trial. In fairness, Mr. Dell should be permitted to defend his work against this accusation of error. Mr. Dell already testified to this in deposition, but it must be in a report to be testified to at trial. If the Dell Reply is not permitted, then Apple and Ms. Rowe will have one-sided, unrebutted testimony on these matters.

**D. The Dell Reply Does Not Affect the Case Schedule Or Require Continuance**

There is no prejudice from the Dell Reply report and a continuance of the case schedule is not necessary. *See Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00050,

[redacted]

2020 WL 2499810, at *4 (E.D. Tex. May 14, 2020) ("Without the necessity of a continuance to cure prejudice, this factor weighs in favor of [plaintiff seeking supplementation]."). As set forth above, Apple had the limited Dell Reply prior to both expert depositions, and though Apple avoided the new Empire documents in deposition, the other opinions in Mr. Dell's Reply deposition were already addressed during his deposition. Ex. D. If the Court deems an additional deposition necessary to cure any prejudice, Cobblestone will make Mr. Dell available for an additional one-hour deposition limited to the Reply Report, which will require no modification of the current case schedule. A trial date has not yet been set by this Court, so granting leave requires no modification of any schedule. Where, as here, the report is narrow, the timing was unavoidable, and the schedule is unaffected, good cause exists for leave.

### E. In the Alternative, Ms. Rowe's Untimely and Improper Opinions About the Empire Documents Should be Stricken

In the alternative, if the Court denies leave, it should strike Ms. Rowe's opinions on the Empire documents. The Court-ordered supplemental reports were to cover only the Court's *Daubert* Order that ruled the SSPPU for this case is Apple's baseband chipset. Dkt. 211. Apple never sought leave for Ms. Rowe to cover the Empire documents, which were technology transfer documents relevant to only standing that have nothing to with the SSPPU issues. If Mr. Dell's coverage of these new documents are not permitted, Ms. Rowe's opinions on the same documents should be struck.

## IV. CONCLUSION

For the foregoing reasons, Cobblestone respectfully requests that the Court grant leave to serve the Reply Supplemental Expert Report of Stephen E. Dell and deem the report timely served as of September 15, 2026. In the alternative, the Court should strike Ms. Rowe's opinions concerning the Empire documents.

[redacted]

Dated: September 22, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Benjamin T. Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
James N. Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Minna Jay
CA State Bar No. 305941
Email: mjay@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Christian W. Conkle
CA State Bar No. 306374
Email: cconkle@raklaw.com
Joshua Scheufler
TX State Bar No. 24123406
Email: jscheufler@raklaw.com
Mackenzie Paladino
NY State Bar No: 6039366
Email: mpaladino@raklaw.com
Matthew Aichele
VA State Bar No. 77821
Email: maichele@raklaw.com
**RUSS AUGUST & KABAT**

[redacted]

12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
TX Bar No. 24119042
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
Email: ptong@raklaw.com

[redacted]

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for Cobblestone conferred with counsel for Apple regarding the relief requested in this motion, including by correspondence on September 18, 2026. Apple opposes the motion.

*/s/ Reza Mirzaie*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie