[redacted]

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**MIDLAND-ODESSA DIVISION**

COBBLESTONE WIRELESS, LLC,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 7:24-cv-00232-DC

JURY TRIAL DEMANDED

REDACTED PUBLIC VERSION

**COBBLESTONE'S OMNIBUS MOTION TO STRIKE APPLE'S SUPPLEMENTAL RULE 44.1 DECLARATIONS**

FILED UNDER SEAL

## TABLE OF CONTENTS

I. Apple again raises new and untimely standing argument and evidence ... 1

II. Legal Standard ... 2

A. Rule 44.1 is for "Determining Foreign Law," not backdooring new arguments ... 2

B. Scandalous and immaterial allegations prohibited ... 2

C. Apple's response or reply may not raise new arguments or evidence ... 4

D. Unqualified technical opinions excluded under *Daubert* and Fed. R. Evid. 702 ... 5

III. Timeline of Facts ... 5

A. Filings ... 5

B. Apple's initial arguments ... 6

C. Cobblestone's responses ... 6

D. Apple's responses/replies ... 7

E. Cobblestone cannot respond ... 8

IV. Argument ... 8

A. Apple's new criminal allegations should be stricken as scandalous and immaterial and/or under the Court's inherent authority to [redacted] ... 8

B. Apple's exporter dishonesty allegations should be stricken ... 10

C. Yang's and Cohen's technology comparisons should be excluded under *Daubert* ... 12

D. Yang's and Cohen's new and non-responsive sections should be stricken ... 14

1. Cohen's new reference case no. 403 is not responsive ... 14

2. Yang's new case no. 2454 is not responsive ... 15

3. Yang's and Cohen's new burdens of proof are not responsive ... 15

E. Apple's new and non-responsive arguments are untimely and in bad faith ... 16

V. Conclusion ... 17

FILED UNDER SEAL

## TABLE OF AUTHORITIES

**Cases**

*Akazawa v. Link New Tech. Int'l, Inc.*,
520 F.3d 1354 (Fed. Cir. 2008)........................................ 10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)........................................ 3

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
343 F.3d 719 (5th Cir. 2003) ........................................ 4

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)........................................ 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993)........................................ 5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312, 1318 (Fed. Cir. 2009)........................................ 4

*Gillaspy v. Dallas Indep. Sch. Dist.*,
278 F. App'x 307 (5th Cir. 2008) ........................................ 4

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
No. CV MDL 2047, 2018 WL 6335781(E.D. La. Dec. 5, 2018) ........................................ 4

*Jones v. Cain*,
600 F.3d 527 (5th Cir. 2010) ........................................ 4

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)........................................ 5

*M2M Sols. LLC v. Motorola Sols., Inc.*,
No. CV 12-33-RGA, 2016 WL 767900 (D. Del. Feb. 25, 2016) ........................................ 13

*Magill v. Appalachia Intermediate Unit 08*,
646 F. Supp. 339 (W.D. Pa. 1986)........................................ 3

*Murray v. Sevier*,
156 F.R.D. 235 (D. Kan. 1994)........................................ 3, 9

*Pigford v. Veneman*,
215 F.R.D. 2 (D.D.C. 2003)........................................ 3

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
627 F.3d 402 (9th Cir. 2010) ........................................ 3

*Springs Indus., Inc. v. Am. Motorists Ins. Co.*,
137 F.R.D. 238 (N.D. Tex. 1991) ........................................ 4, 14

REDACTED PUBLIC VERSION



*Therasense, Inc. v. Becton, Dickinson & Co.*,
649 F.3d 1276 (Fed. Cir. 2011) .......... 4

*Wilson v. Woods*,
163 F.3d 935 (5th Cir. 1999) .......... 5

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed.) .... 2

**Rules**

Fed. R. Civ. P. 12(f) .......... 2, 3, 9, 11

Fed. R. Civ. P. 44.1 .......... *passim*

Fed. R. Civ. P. 9(b) .......... 3

Fed. R. Evid. 702 .......... 5, 13

Fed. R. Evid. 702(c)–(d) .......... 5

REDACTED PUBLIC VERSION



## I. Apple again raises new and untimely standing argument and evidence

Apple raised new, improperly late new theories, arguments, and evidence in its September 4, 2026 notices of foreign law, beyond filing an authorized response. This is the latest improper filing by Apple. Previously, Apple filed its first Rule 44.1 Notice with over 1,000 pages less than 36 hours before the pretrial conference, and Cobblestone moved to strike it as untimely. Dkt. 156; Dkt. 158. Then, Apple waited until just 8 days before jury selection to file its Rule 12 Motion to Dismiss, forcing the Court to vacate the jury selection date. Dkt. 175; Dkt. 176. The Court gave leave for Cobblestone to file a responsive Rule 44.1 notice and for a "response from Apple to that submission" within 14 days. Dkt. 176 at 2.

Apple has exceeded the scope of the permitted response by raising new theories and new evidence that are improperly raised for the first time and by offering unqualified expert opinions. On September 4, 2026, Apple filed two new declarations from Yang and Cohen that included 33 new exhibits. First, [redacted]hina. Second, Apple alleges that irrelevant third-party [redacted][1] [redacted] Apple's new allegations against these third parties should be stricken as improperly scandalous and irrelevant allegations, especially because these third parties cannot appear and defend themselves. Third, Apple's declarants Yang and Cohen provide misleading and unqualified expert technical opinions on Inventor Yin's work that should be stricken under *Daubert*. Fourth, Apple improperly used its responsive Rule 44.1 filings to submit new facts and arguments for the first time on reply, well after the close of fact discovery.

Apple continues to do all of this in bad faith. The Court should further consider Apple's

[1] Not to be confused with [redacted] Apple's Reply, Dkt. 217 at 6 n.3, confuses these entities.

continued improper behavior in deciding sanctions. *See* Dkt. 193. Most importantly, the Court should immediately strike Apple's [redacted]

## II. Legal Standard

### A. Rule 44.1 is for "Determining Foreign Law," not backdooring new arguments

Fed. R. Civ. P. 44.1 is titled "Determining Foreign Law." It provides:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

*Id.* The purpose of Rule 44.1 is to allow the Court to determine what foreign law is. *Id.* In doing so, the Court may consider affidavits about what a foreign law states or copies of such foreign laws, even if not otherwise "admissible under the Federal Rules of Evidence." *Id.* The exception to consider evidence not otherwise "admissible under the Federal Rules of Evidence" is not unlimited. It does not allow Apple to file inadmissible factual evidence that is unrelated to foreign laws, and Apple cannot use Rule 44.1 as a backdoor to raise new theories or to enter untimely evidence that was not previously produced or that violates the Court's discovery deadlines.

### B. Scandalous and immaterial allegations prohibited

Rule 12(f) authorizes courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Scandalous matter "unnecessarily reflects on the moral character of an individual." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 n.53 (3d ed.). Immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* at § 1382. Any ordinary disfavor of motions to strike "is relaxed somewhat in the context of scandalous allegations," which

"often will be stricken . . . in order to purge the court's files and protect the subject of the allegations." *Id.*

Although Rule 12(f) speaks to pleadings, the Court possesses inherent authority beyond the rules to strike improper matter from motions, declarations, and other filings in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This includes the power to strike items from the docket as a sanction for litigation conduct. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (collecting cases).

Courts exercise that authority to strike unfounded accusations of wrongdoing — particularly accusations leveled at persons who are not parties and cannot respond. *See Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" and were "unnecessary to a decision on the matters in question"); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking baseless allegation that defendant "bought off" two professors who were potential witnesses using "hush money"); *Pigford v. Veneman*, 215 F.R.D. 2, 4–5 (D.D.C. 2003) (striking responses to a motion under Rule 12(f)).

The Court should not let scandalous allegations of [redacted] stand. Apple is not able to set forth a theory with particularity. Given the relative infrequency of Rule 44.1 notices, there is not a well-developed body of caselaw on standards for Rule 44.1 notices, but the Court should turn to pleading standards to provide a helpful guide. Pleadings are held to the "liberal" standard of what is "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Fifth Circuit requires the pleader to specify "the who, what, when, where, and how"

of the alleged fraud. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). The Federal Circuit applies the same rule to fraud-based patent defenses where fraud "must be pleaded with particularity" under Rule 9(b), identifying "the specific who, what, when, where, and how" of the alleged misconduct. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318, 1326–29 (Fed. Cir. 2009). For fraud-based patent allegations, Apple must provide clear and convincing evidence of specific intent to deceive or commit fraud that is "the single most reasonable inference able to be drawn from the evidence." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287, 1290 (Fed. Cir. 2011) (en banc).

**C. Apple's response or reply may not raise new arguments or evidence**

"Arguments raised for the first time in a reply[2] brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."). This is because "new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991).

Rule 44.1 requires "reasonable" written notice of an issue of foreign law, and its purpose is "to avoid unfair surprise." Fed. R. Civ. P. 44.1; *see* Fed. R. Civ. P. 44.1 advisory committee's note (1966); Dkt. 158 at 3–7 (collecting authorities). Even in the context of Rule 44.1 declarations, "[i]t is well established that courts "do not review arguments raised for the first time in a reply brief absent a showing of manifest injustice."" *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. CV MDL 2047, 2018 WL 6335781, at *5–6, 9 (E.D. La. Dec. 5, 2018) (ultimately striking responsive Rule 44.1 declaration).

---

[2] The Court referred to a "response from Apple" that was, by the customary order of briefing, a reply. Dkt. 176 at 2.

### D. Unqualified technical opinions excluded under *Daubert* and Fed. R. Evid. 702

An expert may offer opinions only within the field of his or her qualifications. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). If the expert is not qualified by virtue of "knowledge, skill, experience, training, or education," then the Court "should refuse to allow an expert witness to testify." Fed. R. Evid. 702; *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). The opinion must be "the product of reliable principles and methods." Fed. R. Evid. 702(c)–(d). To determine reliability, the Court asks "whether the theory or technique can be and has been tested, whether it has been subjected to peer review and publication, its known or potential rate of error and the existence of standards controlling its operation, and whether it has gained general acceptance in the relevant community." *Daubert*, 509 U.S. at 593–94.

## III. Timeline of Facts

### A. Filings

In this patent case, Cobblestone alleges that Apple infringes a patent invented by Dr. Yin. Apple filed a Rule 44.1 Notice of Foreign Law on July 8, 2026, less than two days before the pretrial conference, attaching more than 1,000 pages including declarations of Yang, Cohen, and their exhibits. Dkt. 156. On July 27, 2026, just 8 days before jury selection, Apple filed its Motion to Dismiss Under Rule 12 based on Chinese law. Dkt. 175. On August 21, 2026, Cobblestone filed its rebuttal Notice of Foreign Law, including declarations by Ma and Wu. Dkt. 197. On August 27, 2026, Cobblestone filed its Response to Apple's Motion to Dismiss. Dkt. 206. On September 4, 2026, Apple filed its Supplemental Notice of Foreign Law, including the "Supplemental Yang Declaration" (Dkt. 215-1) with exhibits 1–18 (Dkt. 214-1 to 214-19) and Supplemental Cohen Declaration (Dkt. 215-2) with exhibits 1–15 (Dkt. 214-20 to 214-35).

### B. Apple's initial arguments

Initially, Yang had offered an opinion that Dr. Yin's patent must have belonged to Tongji University based on his "academic position at Tongji University" and the "research activities Prof. Yin conducted in his capacity as a university faculty member" based on his university faculty profile website. Dkt. 156-1 at 3–4; Dkt. 156-7. Yang offered the opinion that the assignment of the asserted patent also violated Chinese export laws because the asserted patent falls within the scope of "Wireless Communications Technology" and that the parties did not obtain an export license. Dkt. 156-1.

### C. Cobblestone's responses

In response, Cobblestone argued that under the U.S. Constitution, Chinese law regarding inception of title does not even come into play, and Apple's standing argument has already been adjudicated against Apple, so Apple's continued arguments about Chinese law are improper efforts to delay trial. Dkt. 206 at 1–3. Cobblestone's foreign-law experts Wu and Ma explained why Apple's experts were wrong about Chinese laws.

Wu explained that it is not enough that employee's work "relates to" an employer-assigned duty or employer-assigned task for title to vest in the employer, nor was "general professional-field relatedness" enough. Dkt. 200 at 12–14 ¶¶ 31–37. Wu pointed out that there is no evidence that Dr. Yin used university resources in developing his invention, as there is nothing in the Solution Report (e.g., prototypes, confidential data, field testing that requires equipment) that even plausibly looks like it could have required physical test equipment or capital. *Id.* ¶¶ 101–103.

Ma explained that Yang had overlooked that export control laws did not broadly apply to technology categories like "Wireless Communications Technology" at all, but instead to certain subsets of "Key control points" within that category, and Yang had not used "professional diligence" in her analysis. Dkt. 199 at 3 ¶ 14. Ma also provided evidence that an export license

was applied for and likely obtained. *Id.* at 11–12 ¶¶ 47–49, ¶ 52.

### D. Apple's responses/replies

Apple (likely after realizing the futility of its original theories) then pivoted and raised new theories and new evidence for the first time in the Supplemental Yang Declaration. Yang newly alleges that Dr. Yin [redacted]

The Supplemental Yang Declaration also newly alleges that "Yin Xuefeng's paper, 'Research on Multiple-Antenna Technology **Suitable for High-Speed Railway Communications**' is highly relevant to the technology Yin Xuefeng transferred in this case," and, based on this, opines that [redacted] Dkt 215-1 at 4, 7–8 (citing Ex. Dkt. 214-2) (emphasis added). Cohen offers similar supplemental opinions. Dkt. 215-2 ¶ 23.

The Supplemental Yang Declaration offers new opinions on the burden of proof under

[3] The Solution Report has writing and math, but nothing that plausibly required funding or capital like prototypes, field testing, confidential data, or equipment. Dkt. 200 ¶¶ 101–103. [redacted]

Chinese law. Dkt. 215-1 at 12–13, 16–19 (citing Yang Supp. Ex. 2–4, 18).

**E. Cobblestone cannot respond**

Cobblestone does not have an opportunity to respond to Apple's new arguments or evidence. The Court ordered that after Apple's filings, "Replies may not be filed absent leave of court." Dkt. 176 at 2.

## IV. Argument

### A. Apple's new [redacted] should be stricken as scandalous and immaterial and/or under the Court's inherent authority to [redacted]

The Court must immediately strike all of Apple's baseless allegations about [redacted]

Apple has no Rule 11 basis to allege that [redacted]

[redacted]

In other words, Apple is alleging that [redacted]

[redacted]

As Wu explained, nothing in [redacted]. As a threshold matter, Apple's [redacted] allegations fail for lack of plausibility.

Apple's allegations of [redacted] must be stricken under Rule 12(f) and/or the Court's inherent authority because they are scandalous and immaterial.

First, the allegation is scandalous, by any definition. [redacted], [redacted]

Second, the allegations are immaterial and futile. They are frivolous theories, supported only by the fact that a [redacted] Beyond that, there is **no evidence whatsoever** of [redacted]

[redacted] fails basic pleading standards under U.S. laws. *Benchmark Elecs.,* 343 F.3d at 724 (requiring "the who, what, when, where, and how"); *Exergen*, 575 F.3d at 1326–29 (same). Moreover, as explained in Cobblestone's Response to Apple's Motion to Dismiss, the U.S. Constitution and U.S. laws vest title in inventors, period. Dkt. 206 at 2–3, 15. Apple's best case in its reply is *Akazawa v. Link New Tech. Int'l, Inc*., 520 F.3d 1354, 1357 (Fed. Cir. 2008), which addresses subsequent assignment via intestacy, not the constitutional inception of title. Dkt. 217 at 2. Apple has also already lost (in relevant part) on summary judgment on standing, making all post-summary judgment briefing on standing moot. Dkt. 206 §§ I, II.A.2, IV.A.1. Apple appears to rely on the fact that the Court denied-in-part Cobblestone's arguments that were "based *solely* on forfeiture or waiver." Dkt. 217 at 2 n.1 (citing Dkt. 166). But Cobblestone's standing motion included both substantive, evidence-based arguments *and* waiver. Dkt. 113 (Reply) at i (TOC headings II(A), II(B)). The word "waived" appears only once, on page 9, of Cobblestone's Reply. Dkt. 113 (Reply) at 9.

In summary, Apple's baseless allegations of [redacted] should be stricken. Not only is there no evidence, Apple doesn't even have a plausible theory for [redacted] just to further its own frivolous delays in this case. The Court should consider sanctions against Yang for her frivolous, baseless, and unprofessional theories.

### B. Apple's exporter dishonesty allegations should be stricken

When Yang initially prepared her July 8, 2026 declaration, she was unaware that an export control contract had been signed, so Yang stated, "I am aware of no evidence demonstrating that

a license was issued." In response, Cobblestone provided a [redacted]" Dkt. 198, Wu. Ex. 5 at 58–60. Yang's responsive declaration was again inappropriate. Dkt. 215-1 at 18–19 § II(2).

Yang's strategy is to allege, based on hearsay, that third-party [redacted] Dkt. 215-1 at 19; Dkt. 214-10, ECF page 7 [redacted]. This attack on the character of an irrelevant third-party is again scandalous and irrelevant. The evidence that Yang relies on is unsworn hearsay whose truthfulness is explicitly **dis**avowed. Dkt. 214-10, ECF page 3 ("Our company does not identify or verify the completeness, accuracy, or truthfulness of this report, and does not bear relevant legal liability").[4] In other words, it could have been made up with no legal consequence, and the author is explicitly saying so. Whether [redacted] entity is the type of scandalous and irrelevant allegation whose exclusion is contemplated by Rule 12(f). It is immaterial; the Court need not rule on the moral character of [redacted].

This is not a question of foreign law. This is an improper new argument about the honesty or dishonesty of an irrelevant third-party based on disavowed evidence. The Rule 44.1 safe harbor does not permit the filing of such scandalous evidence and allegations. Section II(2) of Yang's Declaration on pages 18–19, and cited Yang Supp. Exhibits 9–10 therein should be stricken.

---

[4] Ironically, Yang breached her own export restriction for the report. Dkt. 214-10 at ECF page 3 ("You shall not … transmit it abroad/store or use i[t] abroad").

**C. Yang's and Cohen's technology comparisons should be excluded under *Daubert***

Apple's counsel explained at the Pretrial Conference that the patented technology is about how to predistort a signal sent to a listener sitting at the first base line in Yankee Stadium, to avoid problems like signal delays from different pathways. Ex. 1 (herewith). Yin's unrelated paper, "Research on Multi-Antenna Technology Suitable for High-Speed Railway Communications" addresses signals directed at "a train traveling at 360 km/h." Dkt. 214-2 Ex. 1 at 40.

It does not take an expert to know that predistorting a signal for a recipient in Yankee Stadium presents a very different technological challenge from targeting a recipient moving at 360 km/h, as any fine-tuned signal intended for a recipient sitting in Yankee Stadium would be immediately outdated if that recipient were instead moving at 360 km/h.




*Id.* at 42, Fig. 2.

Despite these obvious differences in technology, Yang offers opinions that "YIN's regular duties involved the research, development, and improvement of the technology at issue. . . . YIN's paper, 'Research on Multiple-Antenna Technology Suitable for High-Speed Railway Communications' (Supp. Ex. 1) . . . likewise establishes that his regular duties included research and development in his technical field." Dkt. 215-1 at 4; *see also id.* at 7–8 (relying on same

comparison).

Yang is not legally qualified to opine that technology for trains traveling at 360 km/h is the same or comparable to technology for people sitting in Yankee Stadium.[5] Yang does not make any effort to explain her technological qualifications, and she does not hold an electrical engineering degree. Fed. R. Evid. 702; Dkt. 156-2. Nor does Yang offer any "principles and methods" for her technological opinions, much less explain why such opinions are "reliable." Fed. R. Evid. 702. As a purported expert only in Chinese law,[6] her comparable-technology opinions should be excluded under *Daubert*. *M2M Sols. LLC v. Motorola Sols., Inc.*, No. CV 12-33-RGA, 2016 WL 767900, at *3–*6 (D. Del. Feb. 25, 2016) (excluding marketing/damages expert's opinions when he rendered technical conclusions about the advantageous characteristics of the patented technology).

The same goes for Cohen's similar technology-comparison opinion in his supplemental report. Dkt. 215-2 at 10 ¶ 23. Cohen is unqualified as a matter of law because he admits in his opening declaration, "I am not a technical expert." Dkt. 156-26 ¶ 13. He should not have performed a technology comparison in his supplemental report. Dkt. 215-2 at 10 ¶ 23.

Apple may argue that Fed. R. Civ. P. 44.1 permits its declarants to ignore *Daubert*, which is based on Fed. R. Evid. 702, because Fed. R. Civ. P. 44.1 allows the Court to consider any testimony whether or not admissible under the Federal Rules of Evidence. This argument fails because the exception for Rule 44.1 is only for reports related to "Determining Foreign Law." It does not allow a foreign-law expert to stray into technology comparisons, which is separate from the questions of how to determine applicable Chinese patent laws.

[5] Cobblestone is not moving to exclude Dr. Bims's opinion in Dkt. 215-1 at 20 under *Daubert*.
[6] Even this is doubtful. As Ma pointed out, the fact that Yang overlooked the "Key control points" of Chinese export law lacks "appropriate professional diligence," to put it nicely. Dkt. 199 at 3–4.

For these reasons, Yang's (Dkt. 215-1 at 4, 7–8) and Cohen's (Dkt. 215-2 at 10 ¶ 23) technology-comparison opinions should be excluded under *Daubert* because they are not qualified, have no methodology, and because "a train traveling at 360 km/h" contradicts the technology described by Apple's counsel at the Pretrial Conference.

### D. Yang's and Cohen's new and non-responsive sections should be stricken

Apple attempts to flagrantly abuse the Court's procedure, which gave Apple the last word on Chinese laws, to unfairly raise new arguments and new laws for the first time, knowing that Cobblestone will not be able to respond. The Court should not let this abuse happen, as it is the exact abuse that Courts seek to protect against. *Springs Indus.,* 137 F.R.D. at 239–40 ("new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond"). The Court should strike parts of Apple's supplemental declarations under the rule responses and replies may not raise new arguments or evidence for the first time.[7]

#### 1. Cohen's new reference case no. 403 is not responsive

Cohen improperly raises a new "companion" case 403 for the first time. Dkt. 215-2 ¶¶ 15–25. Cohen admits that "Ms. Wu . . . declines to mention" this "companion" case 403. Dkt. 215-2 ¶ 15. Thus, all of Cohen's analysis about case 403 are improperly raised by Apple for the first time and were not raised in response to anything in Ms. Wu's declaration. Apple could have and should have raised in back in July. It should now be stricken. It would be unfair that Cobblestone will not have an opportunity to rebut this case.

Cohen's initial analysis of Chinese caselaw was problematic. Wu had pointed out that Cohen's initial declaration had misapplied Guiding Case No. 158 because the broader "relates to" analysis applies only to departed employees, which does not apply to Dr. Yin. Dkt. 200 ¶¶ 34–37.

---

[7] Cobblestone acknowledges that the Court's order, Dkt. 176 at 2, allows a "response from Apple." Cobblestone interprets this to require that Apple's filings are actually *responsive* and not new.

Cohen's new case may be similarly misapplied, and Cohen cannot be trusted to present an accurate statement of law without adversarial review.

**2. Yang's new case no. 2454 is not responsive**

Yang new case no. 2454 was raised for a similarly improper purpose. It does not appear to address, refute, interpret, or overrule Case 1848 relied on by Cobblestone's expert Wu. Yang raises this case merely because she believes its "facts are more closely analogous" than case 1848. Dkt. 215-1 at 10. But Yang should have included any allegedly "analogous" case in her opening declaration, not reserve it to raise for the first time on reply so that Cobblestone is deprived of an opportunity to distinguish it. Yang's analysis of its new case no. 2454 (Yang Supp. Ex. 6) should be stricken. Dkt. 215-1 at 10–12 § 1.3.

**3. Yang's and Cohen's new burdens of proof are not responsive**

If Apple wanted to address the burden of proof under Chinese laws, then Yang or Cohen should have addressed it in their opening declarations. They did not. Dkt. 156-1; Dkt. 156-26. Apple waived its right to raise new arguments about the burden of proof under Chinese law.

Cobblestone's declarant, Wu, offered a straightforward recital of the Chinese burden of proof, that "it is the duty of a party to an action to provide evidence in support of his allegations; otherwise, he shall bear the adverse consequences of failure of proof," and "the burden of proof cannot simply be placed on the inventor." Dkt. 200 at 15 ¶¶ 45–46.

Cohen (Dkt. 215-2 ¶ 28)[8] and Yang (Dkt. 215-1 at 12–13 § 1.4), for the first time, offer new opinions about the burden of proof being different. Cohen offers a new opinion about how the burden of proof "shifts." Dkt. 215-2 ¶ 28 (citing new Cohen Supp. Exs. 7, 13–15). Yang, for the first time, offers a section with a brand-new analysis of the burden of proof using new exhibits,

[8] Cobblestone is not seeking to strike Dkt. 215-2 ¶¶ 26–27, which are the only directly responsive paragraphs on the Chinese burden of proof.

new cases, and new arguments. Dkt. 215-1 at 12–13 § 1.4 (citing Yang Supp. Exs. 2, 4, 18); *id.* at 17–18 (citing Yang Supp. Exs. 7, 8, 17). Yang grossly misapplies Chinese law and simultaneously argues for different standards, including what is "highly probable," what is "more likely," and unsupported conclusions regarding how the "burden of proof should therefore shift to YIN," the inventor despite the prohibition of placing the burden of proof on the inventor, and opinions about negative burdens of proof. *Id.* Cobblestone has no ability to respond to her simultaneously different burdens of proof, her misapplications of the burden onto the inventor instead of onto Apple, or her unexplained shifting of the burden of proof.

Apple should have opened by explaining the burden of proof under Chinese laws, but failed to do so and waived the right to argue it. These new arguments about the burden of proof are not responsive to Wu's declaration.

**E. Apple's new and non-responsive arguments are untimely and in bad faith**

Each of the new and non-responsive evidence and arguments identified above continue to be untimely raised by Apple in bad faith under Apple's belief that standing can't be waived. Dkt. 217 at 8 (still arguing, as of Sept. 11, 2026, that "a ***defendant*** cannot waive a defense of lack of standing" as though Apple can continue to raise new standing arguments and delay trial forever). Cobblestone re-urges that Apple's initial Rule 44.1 notice should be stricken as untimely (Dkt. 158) and that Apple's Motion to Dismiss was brought in bad faith to delay trial (Dkt. 193). For the same reasons, Apple continues to raise new allegations of [redacted] raise new cases and issues of foreign law that are not responsive to what Cobblestone's declarants filed, offers new pseudo-expert opinions, and advances frivolous arguments, all to delay trial. Apple does so despite the U.S. Constitution, rather than Chinese law, controlling inception of title to U.S. patents, after the Court already granted-in-part summary judgment against Apple.

## V. Conclusion

For these reasons, Cobblestone's Omnibus Motion to Strike should be granted. A proposed order is filed herewith. The Court should strike:

- From the Supplemental Yang Declaration (Dkt. 215-1): all theories related to [redacted]; technical comparability opinions on pages 4 and 7–8; new case law and burden-of-proof opinions on pages 10–12 § 1.3, 12–13 § 1.4, and 17–18; exporter-dishonesty allegations on pages 18–19 § II(2); and the new supplemental exhibits referenced therein (Dkts. 214-2 to 214-5, 214-7 to 214-15, 214-18, and 214-19);
- From the Supplemental Cohen Declaration (Dkt. 215-2): new Reference Case 403 and analysis and technical comparability opinions in pages 15–24; new burden-of-proof opinions on page 28; and the new supplemental exhibits referenced therein (Dkts. 214-27, 214-28, 214-30, 214-31, and 214-33 to 214-35);
- All parts of Apple's Reply (Dkt. 217) that rely on stricken materials.

The Court should impose any other sanctions on Apple that it deems appropriate.

Dated: September 25, 2026

Respectfully submitted,

/s/ Reza Mirzaie
Marc Fenster
Reza Mirzaie
Benjamin T. Wang
Brian Ledahl
Dale Chang
Neil A. Rubin
Jacob Buczko
James N. Pickens
Minna Jay

Jonathan Ma
Christian W. Conkle
Joshua Scheufler
Mackenzie Paladino
Matthew Aichele
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206

Attorneys for Plaintiff
Cobblestone Wireless, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed via the Court's sealing procedures and served on all counsel of record via email on September 25, 2026.

/s/ Reza Mirzaie

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the parties met and conferred on September 14, 2026, and the relief sought herein is opposed.

/s/ Reza Mirzaie