[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

COBBLESTONE WIRELESS, LLC,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 7:24-cv-00232-DC

**JURY TRIAL DEMANDED**

**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF COBBLESTONE WIRELESS, LLC'S OPPOSED MOTION FOR LEAVE TO SERVE THE REPLY SUPPLEMENTAL EXPERT REPORT OF STEPHEN E. DELL AND ALTERNATIVE MOTION TO STRIKE**

[redacted]

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION ....................................................................................................1

II. COBBLESTONE SHOULD NOT BE GRANTED LEAVE TO SERVE THE DELL REPLY ....................................................................................................2

A. Leave Should Not Be Granted for Mr. Dell to Reply to Ms. Rowe's Criticisms of Mr. Dell's Affirmative Opinions (¶¶ 7-9) ..........................................3

B. The Late-Produced Empire Documents Do Not Justify the Dell Reply (¶¶ 2-6) ....................................................................................................5

III. MS. ROWE'S OPINIONS SHOULD NOT BE EXCLUDED ............................................6

IV. CONCLUSION ....................................................................................................7

[redacted]

# I. INTRODUCTION

Cobblestone's Motion for Leave (Dkt. 218) to serve a "Reply Supplemental Expert Report" of Mr. Dell ("Dell Reply") has no reasonable explanation, is not important to this case, and should be denied.

The Dell Reply is not permitted by the expert discovery schedules in this case. Consistent with typical practice in this Court and with Fed. R. Civ. P. 26(a)(2)(D)(ii), the Scheduling Order in this case set deadlines for "Opening Expert Reports" and "Rebuttal Expert Reports," but did not permit reply reports, and neither party served one. Dkt. 63. Months later, after portions of Mr. Dell's initial damages report were excluded for his improper apportionment, the Court (at Cobblestone's request) set a new expert discovery schedule to allow Mr. Dell to supplemental his opening expert report. Dkt. 211. This revised schedule again did not authorize reply reports, permitting only one supplemental Dell report and Apple's corresponding rebuttal. *Id.* Despite this, on September 15, 2026, Cobblestone served Apple with the Dell Reply without first obtaining leave of the Court. After Apple objected, Cobblestone filed this motion seeking leave.

The Court should reject Cobblestone's unilateral attempt to improperly serve an unauthorized third Dell report because Cobblestone does not meet the standard for supplementation in the Fifth Circuit. Cobblestone attempts to justify the improper reply report by arguing that it is limited to replying to Ms. Rowe's rebuttal opinions, but this would allow for reply expert reports in every case. As this Court has explained, allowing reply reports to respond to criticisms in rebuttal reports "would create a never-ending right to filing rebuttal reports." *Wavetronix LLC v. Iteris Inc.*, No. 6:21-cv-00899-ADA-DTG, Dkt. 144 at 1 (W.D. Tex. Jan. 4, 2024) (striking reply reports). Cobblestone's other argument—that the Dell Reply is necessary to address the belatedly produced Empire documents—is also meritless. Even after these documents were untimely produced by Cobblestone and Empire's shared counsel, Cobblestone and Mr. Dell

[redacted]

made no attempt to address the documents until after Ms. Rowe opined on them in her rebuttal report, even though Cobblestone bears the burden of proving damages. Moreover, Mr. Dell's reply opinion about these documents is that they are not relevant (much less important) confirming that no reply is needed. The Dell Reply serves no purpose other than as an impermissible sur-rebuttal to Ms. Rowe. Cobblestone's Motion for leave for the Dell Reply should be denied.[1]

## II. COBBLESTONE SHOULD NOT BE GRANTED LEAVE TO SERVE THE DELL REPLY

The Dell Reply addresses two separate issues, neither of which justify leave: (1) Ms. Rowe's criticisms of Mr. Dell's July 24, 2026 Supplemental Report (Dell Reply ¶¶ 7-9); and (2) Ms. Rowe's opinions about the late-produced Empire documents that Cobblestone's counsel (on behalf of Empire) produced to Apple on August 19, 2026 (Dell Reply ¶¶ 2-6). Neither issue meets the standard for granting a motion to supplement an expert report served in violation of the case scheduling order. "In deciding whether to allow an untimely expert report, this Court looks to the explanation for the delay, potential prejudice, the availability of a continuance, and the importance of the evidence." Dkt. 211 (citing *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009)). These factors require denying leave in view of the general rule against reply reports and Cobblestone's express concession that the Dell Reply "discloses no new damages theory and does not change Mr. Dell's royalty opinion" (Dkt. 218 at 3-4).

---

[1] Cobblestone also attempts to defend the Dell Reply by comparing it to Apple's response to Cobblestone's Rule 44.1 declarations (Dkt. 218 at 1 n.1), but Apple's Rule 44.1 response was expressly authorized by the Court. *See* Dkt. 176 at 2 ("Any response from Apple to [Cobblestone's Rule 44.1] submission must come within 14 days"). When Apple explained this to Cobblestone during a meet-and-confer on September 14, 2026, counsel for Cobblestone characterized the Court's Order as authorizing only the 12(b)(1) reply that Apple already had by right (despite Cobblestone agreeing to a joint filing at Dkt. 183 setting separate deadlines for Apple's Rule 44.1 response and 12(b)(1) reply in response to the Court's Order).

[redacted]

### A. Leave Should Not Be Granted for Mr. Dell to Reply to Ms. Rowe's Criticisms of Mr. Dell's Affirmative Opinions (¶¶ 7-9)

The Court should not grant leave for Paragraphs 7-9 of Mr. Dell's Reply Supplemental Expert Report because these paragraphs violate the Court's Scheduling Order without justification. As is typical in this Court's practice (and in Federal Court generally), the Scheduling Order in this case did not allow reply expert reports. *See* Dkt. 63, 211; *see also* Fed. R. Civ. P. 26(a)(2)(D) (providing deadlines for opening and rebuttal expert reports only). Despite this, Cobblestone seeks to serve the Dell Reply (Mr. Dell's third separate damages report in this case) with no legitimate explanation. The Court should reject this request.

Paragraphs 7-9 are not justified because Cobblestone offers no reason for their inclusion other than to argue that they reply to Ms. Rowe. Specifically, Cobblestone argues that these paragraphs "respond[] to Ms. Rowe's allegations of error" in Mr. Dell's affirmative opinions. Dkt. 218 at 3. Cobblestone's argument has previously been rejected by this Court because it would allow for reply damages reports in ***every*** case simply because an expert wants to respond to a rebuttal report. *See Wavetronix*, No. 6:21-cv-00899-ADA-DTG, Dkt. 144 at 1 ("The Court finds Wavetronix's reply reports . . . are improper and grants Iteris' request to strike the reports. Wavetronix's reading of Rule 26 misreads the rules and would create a never-ending right to filing rebuttal reports."); *Familias Unidas Por La Educacion v. El Paso Indep. Sch. Dist.*, No. 3:20-CV-00170-DB, 2022 WL 2906505, at *4 (W.D. Tex. July 22, 2022) ("The Federal Rules do not authorize sur-rebuttal reports in every case, and to read them as doing so would be nonsensical as it would 'open[ ] the door to an infinitely iterative process whereby each new report necessitates not only a counter-report but also a repeat deposition.'" (quoting *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission*, No. 1:15-cv-00134-RP, 2017 WL 9480314, at *2 (W.D. Tex.

[redacted]

May 22, 2017))). Simply wanting an opportunity to respond to rebuttal arguments is not a sufficient justification for a reply report.

The Fifth Circuit factors require denial of leave. ***First***, Cobblestone has no explanation for paragraphs 7-9 of the Dell Reply except to argue that it should be permitted to reply to Apple's expert's rebuttal, which is inconsistent with the expert discovery schedules in this case and the general practice of the Court. Contrary to Cobblestone's argument (Dkt. 218 at 3), *Langley v. Int'l Bus. Machines Corp.* does not support Cobblestone. There, the court denied a motion to strike a supplemental report that contained "new material intended to rebut the statistical analysis" of the defendant's expert, finding that the supplemental report was not proper rebuttal (and was untimely if it was), but the defendant was not prejudiced. No. 1:18-CV-99443-DAE, 2019 WL 7284946 at *2-4 (W.D. Tex. Dec. 23, 2019). Here, by contrast, paragraphs 7-9 merely disagrees with Ms. Rowe. Mere disagreement with a rebuttal expert report cannot justify delay in disclosing opinions not included in an opening report. *See Wavetronix*, No. 6:21-cv-00899-ADA-DTG, Dkt. 144 at 1; *Familias Unidas*, 2022 WL 2906505, at *4. ***Second***, Cobblestone's submission of a reply expert report prejudices Apple, forcing it to continue investing in expert discovery that closed months ago and wasting Court resources with serial motions for leave. ***Third***, setting yet another expert discovery period would not be a productive use of the time of the parties or the Court, and sets a dangerous precedent for future litigations. ***Fourth***, Mr. Dell's reply to Ms. Rowe is not important. Cobblestone itself admits that the Dell Reply "discloses no new damages theory and does not change Mr. Dell's royalty opinion" (Dkt. 218 at 3-4), such that it cannot credibly contend that these reply arguments are important.

[redacted]

### B. The Late-Produced Empire Documents Do Not Justify the Dell Reply (¶¶ 2-6)

Cobblestone's argument that Mr. Dell needed "an opportunity to address" the late-produced Empire documents (Dkt. 218 at 3) is undermined by Mr. Dell's own conclusion that "the recently produced Empire documents are not relevant to the determination of the applicable royalty rate or royalty payment at the hypothetical negotiation in this case." Ex. A ¶ 6; *see also* Dkt. 218 at 3 (conceding that "[t]he Dell Reply briefly addresses the new Empire documents . . . and finds that, contrary to Ms. Rowe's Supplemental Rebuttal opinions, they are not relevant to damages in this case."). Indeed, Mr. Dell did not even attempt to address these documents until after Ms. Rowe provided her opinions. As such, paragraphs 2-6 do not reflect new opinions that Mr. Dell formed from the Empire documents, but instead simply reply to Ms. Rowe's Rebuttal Report on documents that the Dell Reply itself contends are not important.

Cobblestone's arguments underscore the problems caused by Empire's belated production of relevant and responsive documents that should have been produced months ago. Apple served its subpoena on Empire in December 2025, yet Empire did not produce the [redacted] until August 19, 2026, months after fact and expert discovery closed. Dkt. 193 at 4; *see also* Dkt. 217 at 8-10. Because of Empire's conduct, Apple and its experts were unable to consider these documents, which bear on technical and damages issues (including through their disclosure of [redacted]), in addition to standing. *See* Dkt. 217 at 8-10. Cobblestone, which is closely aligned with and shares the same counsel as Empire (*see*, *e.g.*, Dkt. 217 at 9), now seeks to use the Empire documents to its advantage by leveraging them to justify an improper reply to Ms. Rowe's opinions

[redacted]

concerning these documents. The Court should not permit Cobblestone to wield the late-produced Empire documents as a sword against Apple.

The Fifth Circuit factors again require denial of leave. ***First***, Cobblestone's reliance on the late production of the Empire documents both overlooks Cobblestone's close relationship with Empire and ignores that Mr. Dell's only opinion of those documents is that they are "not relevant" to damages. Moreover, Cobblestone admits that Mr. Dell received these Empire documents on August 19, 2026, yet Cobblestone did not request leave for Mr. Dell to address these documents until September 22. Paladino Decl. ¶ 7. There is no reason that Mr. Dell, as the expert for the party bearing the burden of establishing damages, could not have sought to address those documents promptly, instead of waiting for Ms. Rowe to address them. ***Second***, Apple will not have an opportunity to challenge Mr. Dell on these opinions unless the Court provides for additional expert discovery, further wasting party and Court resources. ***Third***, as with the other reply arguments, even if additional expert discovery could address this prejudice, another expansion of expert discovery is unwarranted. ***Fourth***, Cobblestone fails to explain how Mr. Dell's consideration of the Empire documents is important, nor could it provide any reasonable explanation, given that Mr. Dell offers no substantive opinions about these documents other than confirming they do not affect his damages calculation.

## III. MS. ROWE'S OPINIONS SHOULD NOT BE EXCLUDED

Unlike Mr. Dell, Ms. Rowe did not serve a reply expert report without leave to do so. Rather, Ms. Rowe properly considered the Empire documents in a rebuttal report expressly authorized by the Court. Dkt. 211. Cobblestone's argument that Ms. Rowe was not allowed to consider the Empire documents that were produced months after her initial report would effectively reward Cobblestone for Empire's late production of documents through Cobblestone's shared counsel. And Cobblestone's assertion that the Empire documents are "relevant to only

[redacted]

standing" (Dkt. 218 at 5) ignores the [redacted], and other information that these documents contain that is directly relevant to damages. Dkt. 217 at 8-10. It would be unfair to Apple to strike opinions that Ms. Rowe offered in a Court-authorized report, based on documents that Apple requested early in the case but that Empire failed to produce until months later.

## IV. CONCLUSION

Apple respectfully requests that the Court deny Cobblestone's request for leave to serve the Reply Supplemental Expert Report of Stephen E. Dell.

[redacted]

DATED: September 29, 2026

Respectfully submitted,

*/s/ Kevin J. Post*

Brandi Young
Texas Bar No. 24045988
**KEITH & LORFING**
312 E Illinois Ave Ste 4
Midland, TX 79701
Telephone: (325)-480-8100
brandi@lorfinglaw.com

Steven J. Wingard
Texas Bar No. 00788694
swingard@scottdoug.com
Stephen L. Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com
Robert ("Robby") P. Earle
Texas Bar No. 24124566
rearle@scottdoug.com
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Ruffin B. Cordell
**FISH & RICHARDSON, P.C.**
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Telephone: 202-626-6449
Fax: 202-783-2331
cordell@fr.com

Roger Allen Denning
**FISH & RICHARDSON, P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130-2081
Telephone: (858) 678-5070
Fax: 858-678-5099
denning@fr.com

Steven Pepe
(NY Bar No. 2810430)
Kevin J. Post
(NY Bar No. 4382214)
Alexander E. Middleton
(NY Bar No. 4797114)
Lance W. Shapiro
(NY Bar No. 5397955)
Brian P. Lebow
(NY Bar No. 5992573)
John J. Healy Jr.
(NY Bar No. 6172662)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
spepe@sheppard.com
kpost@sheppard.com
amiddleton@sheppard.com
lshapiro@sheppard.com
blebow@sheppard.com
jhealy@sheppard.com

Ryan C. Brunner
(DC Bar No. 241467)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006-6801
Telephone: (202) 747-1900
Facsimile: (202) 747-1901
rbrunner@sheppard.com

*Attorneys for Defendant Apple Inc.*

[redacted]

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 29, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

*/s/ Stephen Burbank*
Stephen Burbank

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | |
| Plaintiff, | Case No. 7:24-cv-00232-DC |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC., | |
| Defendant. | |

**ORDER DENYING COBBLESTONE'S OPPOSED MOTION FOR LEAVE TO SERVE THE REPLY SUPPLEMENTAL EXPERT REPORT OF STEPHEN E. DELL AND ALTERNATIVE MOTION TO STRIKE**

BEFORE THE COURT is Plaintiff Cobblestone Wireless, LLC's Opposed Motion for Leave to Serve the Reply Supplemental Expert Report of Stephen E. Dell and Alternative Motion to Strike (the "Motion"). Having reviewed the Motion, the Court hereby DENIES the Motion.

SIGNED this _____ day of __________________, 2026.

______________________________________

DAVID COUNTS
UNITED STATES DISTRICT JUDGE