**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 7:24-cv-00232-DC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S UNOPPOSED MOTION TO CORRECT THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART COBBLESTONE'S MOTION TO EXCLUDE OPINIONS OF JULIA R. ROWE**

Pursuant to Federal Rule of Civil Procedure 60(a), Defendant Apple Inc. ("Apple") respectfully moves to correct the Court's Order Granting in Part and Denying in Part Cobblestone's Motion to Exclude Opinions of Julia R. Rowe (Dkt. No. 209, "Order"). Specifically, Apple moves to correct the Order's statement that "[t]he parties agree that the '347 Patent is a standard-essential ("SEP") patent . . ." (Order at 1 (citing Dkt. No. 122 at 4)) to reflect "[t]he parties **do not** agree that the '347 Patent is a standard-essential ("SEP") patent but **agree that the '347 Patent is** not FRAND-encumbered."

Rule 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] . . . order, or other part of the record." Fed. R. Civ. P. 60(a). The Rule "'applies to all clerical miscues, trivial and important alike,' including those that 'unsettle expectations' and 'have significant effects.'" *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011) (quoting *United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir. 1986)).

In the Fifth Circuit, courts look to three factors to determine whether a mistake can be corrected under Rule 60(a): "(1) the nature of the mistake; (2) the district court's intent in entering the original judgment; and (3) the effect of the correction on the parties' substantial rights." *Id.* at 193. Under the first factor, a Rule 60(a) motion "'can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.'" *Id.* at 194 (quoting *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984)). Under the second factor, a Rule 60(a) motion "is [] limited to making corrections that are consistent with the court's intent at the time it entered the judgment . . . where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." *Id.* at 195–96 (citations and quotations omitted). Lastly, the third factor prohibits a correction from "'affect[ing] [the] substantive rights of the parties,'" such that "granting the motion would require the district court either to adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication." *Id.* at 198–99 (second alteration in original) (quoting *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994)).

Apple (including Apple's expert, Ms. Julia Rowe) has not taken an affirmative position regarding whether the '347 Patent is an SEP. *Cf.* Dkt. No. 122 ("Opp.") at 4 ("Ms. Rowe does not opine that the '347 patent is FRAND-encumbered, she acknowledges that no evidence suggests it was disclosed to ETSI, the standard-setting organization for 5G, as being essential or potentially essential. . . . Ms. Rowe's discussion regarding SEPs and FRAND relates to her opinion that Apple—per its own licensing practices—would approach a hypothetical negotiation for the '347 patent as if it were the SEP that Cobblestone contends it is, and would value it accordingly regardless of whether it is FRAND-encumbered"); *see also id.* at 7 ("Ms. Rowe's analysis is

largely agnostic to whether the '347 is an SEP . . . .").[1] Ms. Rowe only relied on Cobblestone's assertion that the '347 Patent was an SEP (Opp. at 4) when analyzing Apple's practice of "impos[ing] its SEP framework as a starting point to its negotiations" when "patents are *alleged* to be standard essential." Opp. at 8 (emphasis in original). Neither she nor Apple ever affirmatively agreed that the '347 Patent actually is essential.

Apple's requested correction satisfies the Fifth Circuit's Rule 60(a) factors. ***First***, Apple's requested correction seeks to "speak the truth" as to Apple's SEP position and does not "make [the record] say something other than what originally was pronounced." *Rivera*, 647 F.3d at 194. As Apple's Opposition notes, Ms. Rowe (and Apple) are at most "agnostic to whether the '347 is an SEP." Opp. at 7. ***Second***, Apple's requested correction is "consistent with the court's intent" in issuing the Order. *Rivera*, 647 F.3d at 195. The Court held in part that Ms. Rowe cannot rely on Apple's practice of imposing FRAND restrictions on patents that are not FRAND-encumbered. Order at 4. Apple does not seek reconsideration of, or propose a correction that would substantively modify, that conclusion. Whether the parties believe the '347 Patent is an SEP is irrelevant to whether Ms. Rowe may "rel[y] on Apple's practice of imposing FRAND restrictions" in a hypothetical negotiation, or Ms. Rowe's opinions concerning comparable SEP license agreements. Order at 4, 7. Apple seeks to correct only the inadvertent mistake that Apple agrees with Cobblestone that the '347 Patent is an SEP. *Rivera*, 647 F.3d at 196. ***Third***, Apple's

---

[1] Whether a patent is a standard-essential patent "is a question for the factfinder" that directly affects Apple's non-infringement position in this case. *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1385 (Fed. Cir. 2020) ("[T]he question of essentiality must be resolved by the trier of fact in the context of an infringement trial."); *see also id.* at 1383 ("[W]here, but only where, a patent covers mandatory aspects of a standard, is it enough to prove infringement by showing standard compliance."); *see Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1328 (Fed. Cir. 2010) ("Only in the situation where a patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance.").

requested correction does not affect the "substantive rights of the parties." *Id.* at 198. If the Court grants this Motion, it need not "adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication." *Id.* at 199. Whether a patent is an SEP is a fact issue for the jury to decide. *Godo Kaisha*, 967 F.3d at 1385. Apple is not asking this Court to decide whether the '347 Patent is an SEP—Apple only asks the Court to correct the Order's statement that Apple agrees with Cobblestone that the '347 Patent is, in fact, an SEP. At bottom, Apple's Motion simply seeks to correct the record as to Apple's position regarding the essentiality of the '347 Patent, and nothing more. *Rivera*, 647 F.3d at 199.

Plaintiff Cobblestone Wireless, LLC has reviewed this motion and does not oppose Apple's requested change to the Court's Order, but Cobblestone notes that its non-opposition to Apple's proposed revision is not an admission of agreement with Apple's arguments and statements, herein.

Thus, to avoid prejudice to the parties, Apple moves to correct page 1 of the Court's Order to reflect that the parties do *not* agree that the '347 Patent is a standard-essential patent. For the Court's benefit, Apple provides a proposed redline of the sentence on page 1 of the Order:

> The parties **do not** agree that the '347 Patent is a standard-essential ("SEP") patent but **agree that the '347 Patent is** not FRAND-encumbered.

DATED: October 6, 2026

Respectfully submitted,

*/s/ Kevin J. Post*

Brandi Young
Texas Bar No. 24045988
**KEITH & LORFING**
312 E Illinois Ave Ste 4
Midland, TX 79701
Telephone: (325)-480-8100
brandi@lorfinglaw.com

Steven J. Wingard
Texas Bar No. 00788694
swingard@scottdoug.com
Stephen L. Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com
Robert ("Robby") P. Earle
Texas Bar No. 24124566
rearle@scottdoug.com
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Ruffin B. Cordell
Michael J. McKeon
**FISH & RICHARDSON, P.C.**
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Telephone: 202-626-6449
Fax: 202-783-2331
cordell@fr.com
mckeon@fr.com

Roger Allen Denning
**FISH & RICHARDSON, P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130-2081
Telephone: (858) 678-5070
Fax: 858-678-5099
denning@fr.com

Steven Pepe
(NY Bar No. 2810430)
Kevin J. Post
(NY Bar No. 4382214)
Alexander E. Middleton
(NY Bar No. 4797114)
Lance W. Shapiro
(NY Bar No. 5397955)
Brian P. Lebow
(NY Bar No. 5992573)
John J. Healy Jr.
(NY Bar No. 6172662)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
spepe@sheppard.com
kpost@sheppard.com
amiddleton@sheppard.com
lshapiro@sheppard.com
blebow@sheppard.com
jhealy@sheppard.com

Ryan C. Brunner
(DC Bar No. 241467)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006-6801
Telephone: (202) 747-1900
Facsimile: (202) 747-1901
rbrunner@sheppard.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that Plaintiff's counsel does not oppose the relief requested in this motion.

*/s/ Kevin J. Post*
Kevin J. Post

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all counsel of record on October 6, 2026.

*/s/ Kevin J. Post*
Kevin J. Post