# MA SUPP. EX. 1B

# TRANSLATION CERTIFICATION

Date: 2026/11/6

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Chinese (PRC)

To:

- English (USA)

The documents are designated as:

- Guidelines for Patent Examination (2010)

Wu You, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

北京思必锐翻译有限责任公司
1101051472562

Wu You

Signature of Wu You, Managing Director

BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
<9>

# 专利审查指南

## 2010

中华人民共和国国家知识产权局

知识产权出版社

责任编辑：张锦锐
文字编辑：商英凡 张锦锐 责任校对：韩秀天
装帧设计：段维东 责任出版：卢运霞

图书在版编目（CIP）数据

专利审查指南/中华人民共和国国家知识产权局制定．—北京：知识产权出版社，2009.9
ISBN 978－7－80247－546－5
Ⅰ．专… Ⅱ．国… Ⅲ．专利－审查－法规－中国－指南 Ⅳ．D923.42－62
中国版本图书馆 CIP 数据核字（2009）第 168704 号

**专利审查指南**

中华人民共和国国家知识产权局制定

出版发行：知识产权出版社
社 址：北京市海淀区马甸南村 1 号 邮 编：100088
网 址：http://www.ipph.cn 邮 箱：bjb@cnipr.com
发行电话：010－82000860 转 8101/8102 传 真：010－82005070/82000893
责编电话：010－82000860 转 8165 责编邮箱：zjrsipo@sina.com
印 刷：北京市兴怀印刷厂 经 销：新华书店及相关销售网点
开 本：787mm×1092mm 1/16 印 张：37
版 次：2010 年 1 月第 1 版 印 次：2010 年 1 月第 1 次印刷
字 数：600 千字 定 价：120.00 元

**ISBN 978－7－80247－546－5/D·861（2616）**

出版权专有 侵权必究
如有印装质量问题，本社负责调换。

# 国家知识产权局令

## 第五十五号

根据《中华人民共和国专利法实施细则》第一百二十二条的规定，对2006年5月24日公布、2006年7月1日起施行的审查指南进行修订。现将修订后的专利审查指南予以公布，自2010年2月1日起施行。

局　长　田力普

二〇一〇年一月二十一日

# 前　言

国家知识产权局作为国务院专利行政管理部门，委托国家知识产权局专利局（以下简称专利局）受理、审批专利申请，专利局以国家知识产权局的名义作出各项决定。国家知识产权局设立专利复审委员会，负责复审及无效宣告请求的审查并作出决定。

为了客观、公正、准确、及时地依法处理有关专利的申请和请求，国家知识产权局依据专利法实施细则第一百二十二条制定本专利审查指南（以下简称本指南）。本指南是专利法及其实施细则的具体化，因此是专利局和专利复审委员会依法行政的依据和标准，也是有关当事人在上述各个阶段应当遵守的规章。

本指南是在 2006 年版的基础上，根据 2008 年 12 月 27 日颁布的《中华人民共和国专利法》和 2010 年 1 月 9 日颁布的《中华人民共和国专利法实施细则》以及实际工作需要修订而成，作为国家知识产权局部门规章公布。

# 使 用 说 明

1. 本指南包括前言、使用说明、略语表、目录、正文、索引、修订说明和附录。

2. 本指南正文共分五个部分：第一部分（初步审查）、第二部分（实质审查）、第三部分（进入国家阶段的国际申请的审查）、第四部分（复审与无效请求的审查）和第五部分（专利申请及事务处理）。第一、二、四部分按专利申请的审批流程顺序排列，第三部分为进入国家阶段的国际申请审查的具体规定，第五部分为适用各程序的通用规则。

3. 本指南各个部分中分章，章以下设节，节分四个等级，用阿拉伯数字按顺序排列以确定其位置。例如，本指南第二部分第三章（新颖性）中，2.1.2.2（使用公开）是第四级节，它属于第三级节 2.1.2（公开方式），2.1.2 节属于第二级节 2.1（现有技术），2.1 节属于第一级节 2（新颖性的概念）。

4. 本指南的目录包括总目录和分目录。总目录列出第一至第五部分中各章的名称及其对应的页码；分目录列出该部分各章、节（共四个等级节）的名称及其对应的页码。读者可以根据需要查找的内容，在总目录中找到该内容属于第几部分第几章，再到相应的分目录中找到其具体位置。

5. 本指南除使用总页码外还使用了分页码，以便读者查阅。总页码位于页面底端外侧，对全书进行连续编页；分页码位于页面底端中央，对指南正文的五个部分分别编页并采用“(×－×)”的格式，例如“(2－147)”表示本指南正文第二部分第 147 页。

6. 本指南正文包括文字描述及法律、法规条款标引两栏，前者位于每页的右侧，后者位于每页的左侧。法律、法规条款标引使用缩略语（参见略语表）。读者阅读指南右栏的内容时，可以对照左栏相应位置上标出的法律、法规条款中规定的内容，以帮助理解。

# 略 语 表

本表列出本指南正文中每页左侧标出的法律、法规条款的缩略实例。

| | |
|---|---|
| 法 26 | 专利法第二十六条 |
| 法 38 及 39 | 专利法第三十八条和第三十九条 |
| 法 2、5 及 25 | 专利法第二条、第五条和第二十五条 |
| 法 31.1 | 专利法第三十一条第一款 |
| 法 22.2 及.3 | 专利法第二十二条第二款和第三款 |
| 法 25.1(1) | 专利法第二十五条第一款第(一)项 |
| 细则 1 | 专利法实施细则第一条 |
| 细则 45 | 专利法实施细则第四十五条 |
| 细则 95 及 96 | 专利法实施细则第九十五条和第九十六条 |
| 细则 21－23 | 专利法实施细则第二十一条至第二十三条 |
| 细则 44.1 | 专利法实施细则第四十四条第一款 |
| 细则 23.1 及.2 | 专利法实施细则第二十三条第一款和第二款 |
| 细则 42.2 及 43 | 专利法实施细则第四十二条第二款和第四十三条 |
| 细则 21.3 及 23.2 | 专利法实施细则第二十一条第三款和第二十三条第二款 |
| 细则 33(3) | 专利法实施细则第三十三条第(三)项 |
| 细则 17.1(4) | 专利法实施细则第十七条第一款第(四)项 |
| 条约 25 | 专利合作条约第 25 条 |
| 条约细则 51 | 专利合作条约实施细则第 51 条 |
| 条约细则 13 之二.3(a) | 专利合作条约实施细则第 13 条之二.3(a) |

# 总 目 录

**第一部分 初步审查** …… 1
第一章 发明专利申请的初步审查 …… 11
第二章 实用新型专利申请的初步审查 …… 49
第三章 外观设计专利申请的初步审查 …… 69
第四章 专利分类 …… 93

**第二部分 实质审查** …… 105
第一章 不授予专利权的申请 …… 119
第二章 说明书和权利要求书 …… 130
第三章 新 颖 性 …… 153
第四章 创 造 性 …… 170
第五章 实 用 性 …… 185
第六章 单一性和分案申请 …… 189
第七章 检 索 …… 203
第八章 实质审查程序 …… 219
第九章 关于涉及计算机程序的发明专利申请审查的若干规定 …… 259
第十章 关于化学领域发明专利申请审查的若干规定 …… 275

**第三部分 进入国家阶段的国际申请的审查** …… 307
第一章 进入国家阶段的国际申请的初步审查和事务处理 …… 313
第二章 进入国家阶段的国际申请的实质审查 …… 342

**第四部分 复审与无效请求的审查** …… 351
第一章 总 则 …… 359
第二章 复审请求的审查 …… 367
第三章 无效宣告请求的审查 …… 375
第四章 复审和无效宣告程序中有关口头审理的规定 …… 389
第五章 无效宣告程序中外观设计专利的审查 …… 397
第六章 无效宣告程序中实用新型专利审查的若干规定 …… 411
第七章 无效宣告程序中对于同样的发明创造的处理 …… 413
第八章 无效宣告程序中有关证据问题的规定 …… 416

**第五部分　专利申请及事务处理** …… 423
第一章　专利申请文件及手续 …… 435
第二章　专利费用 …… 440
第三章　受　理 …… 447
第四章　专利申请文档 …… 454
第五章　保密申请与向外国申请专利的保密审查 …… 459
第六章　通知和决定 …… 465
第七章　期限、权利的恢复、中止 …… 469
第八章　专利公报和单行本的编辑 …… 480
第九章　专利权的授予和终止 …… 490
第十章　专利权评价报告 …… 496
第十一章　关于电子申请的若干规定 …… 505

**其　他** …… 511
索　引 …… 513
修订说明 …… 537

**附　录** …… 541
中华人民共和国专利法 …… 543
施行修改后的专利法的过渡办法 …… 554
中华人民共和国专利法实施细则 …… 555
施行修改后的专利法实施细则的过渡办法 …… 578

# 第二章 说明书和权利要求书

## 1. 引 言

根据专利法第二十六条第一款的规定，一件发明专利申请应当有说明书（必要时应当有附图）及其摘要和权利要求书；一件实用新型专利申请应当有说明书（包括附图）及其摘要和权利要求书。

说明书和权利要求书是记载发明或者实用新型及确定其保护范围的法律文件。

法 26.3 说明书及附图主要用于清楚、完整地描述发明或者实用新型，使所属技术领域的技术人员能够理解和实施该发明或者实用新型。

法 26.4 权利要求书应当以说明书为依据，清楚、简要地限定要求专利保护的范围。

根据专利法第五十九条第一款的规定，发明或者实用新型专利权的保护范围以其权利要求的内容为准，说明书及附图可以用于解释权利要求的内容。

本章对说明书和权利要求书的主要内容及撰写要求作了适用于所有技术领域的一般性规定。涉及计算机程序以及化学领域专利申请的说明书和权利要求书的若干具体问题，适用本部分第九章和第十章的规定。

## 2. 说 明 书

专利法第二十六条第三款和专利法实施细则第十七条分别对说明书的实质性内容和撰写方式作了规定。

### 2.1 说明书应当满足的要求

专利法第二十六条第三款规定，说明书应当对发明或者实用新型作出清楚、完整的说明，以所属技术领域的技术人员能够实现为准。

说明书对发明或者实用新型作出的清楚、完整的说明，应当达到所属技术领域的技术人员能够实现的程度。也就是说，说明书应当满足充分公开发明或者实用新型的要求。

关于“所属技术领域的技术人员”的含义，适用本部分第四章第 2.4 节的规定。

法 26.3

### 2.1.1 清　楚

说明书的内容应当清楚，具体应满足下述要求：

（1）主题明确。说明书应当从现有技术出发，明确地反映出发明或者实用新型想要做什么和如何去做，使所属技术领域的技术人员能够确切地理解该发明或者实用新型要求保护的主题。换句话说，说明书应当写明发明或者实用新型所要解决的技术问题以及解决其技术问题采用的技术方案，并对照现有技术写明发明或者实用新型的有益效果。上述技术问题、技术方案和有益效果应当相互适应，不得出现相互矛盾或不相关联的情形。

（2）表述准确。说明书应当使用发明或者实用新型所属技术领域的技术术语。说明书的表述应当准确地表达发明或者实用新型的技术内容，不得含糊不清或者模棱两可，以致所属技术领域的技术人员不能清楚、正确地理解该发明或者实用新型。

法 26.3

### 2.1.2 完　整

完整的说明书应当包括有关理解、实现发明或者实用新型所需的全部技术内容。

一份完整的说明书应当包含下列各项内容：

（1）帮助理解发明或者实用新型不可缺少的内容。例如，有关所属技术领域、背景技术状况的描述以及说明书有附图时的附图说明等。

（2）确定发明或者实用新型具有新颖性、创造性和实用性所需的内容。例如，发明或者实用新型所要解决的技术问题，解决其技术问题采用的技术方案和发明或者实用新型的有益效果。

（3）实现发明或者实用新型所需的内容。例如，为解决发明或者实用新型的技术问题而采用的技术方案的具体实施方式。

对于克服了技术偏见的发明或者实用新型，说明书中还应当解释为什么说该发明或者实用新型克服了技术偏见，新的技术方案与技术偏见之间的差别以及为克服技术偏见所采用的技术手段。

应当指出，凡是所属技术领域的技术人员不能从现有技术

中直接、唯一地得出的有关内容，均应当在说明书中描述。

法 26.3

### 2.1.3 能够实现

所属技术领域的技术人员能够实现，是指所属技术领域的技术人员按照说明书记载的内容，就能够实现该发明或者实用新型的技术方案，解决其技术问题，并且产生预期的技术效果。

说明书应当清楚地记载发明或者实用新型的技术方案，详细地描述实现发明或者实用新型的具体实施方式，完整地公开对于理解和实现发明或者实用新型必不可少的技术内容，达到所属技术领域的技术人员能够实现该发明或者实用新型的程度。审查员如果有合理的理由质疑发明或者实用新型没有达到充分公开的要求，则应当要求申请人予以澄清。

以下各种情况由于缺乏解决技术问题的技术手段而被认为无法实现：

（1）说明书中只给出任务和/或设想，或者只表明一种愿望和/或结果，而未给出任何使所属技术领域的技术人员能够实施的技术手段；

（2）说明书中给出了技术手段，但对所属技术领域的技术人员来说，该手段是含糊不清的，根据说明书记载的内容无法具体实施；

（3）说明书中给出了技术手段，但所属技术领域的技术人员采用该手段并不能解决发明或者实用新型所要解决的技术问题；

（4）申请的主题为由多个技术手段构成的技术方案，对于其中一个技术手段，所属技术领域的技术人员按照说明书记载的内容并不能实现；

（5）说明书中给出了具体的技术方案，但未给出实验证据，而该方案又必须依赖实验结果加以证实才能成立。例如，对于已知化合物的新用途发明，通常情况下，需要在说明书中给出实验证据来证实其所述的用途以及效果，否则将无法达到能够实现的要求。

### 2.2 说明书的撰写方式和顺序

细则 17.1

根据专利法实施细则第十七条的规定，发明或者实用新型专利申请的说明书应当写明发明或者实用新型的名称，该名称

应当与请求书中的名称一致。说明书应当包括以下组成部分：

（一）技术领域：写明要求保护的技术方案所属的技术领域；

（二）背景技术：写明对发明或者实用新型的理解、检索、审查有用的背景技术；有可能的，并引证反映这些背景技术的文件；

（三）发明或者实用新型内容：写明发明或者实用新型所要解决的技术问题以及解决其技术问题采用的技术方案，并对照现有技术写明发明或者实用新型的有益效果；

（四）附图说明：说明书有附图的，对各幅附图作简略说明；

（五）具体实施方式：详细写明申请人认为实现发明或者实用新型的优选方式；必要时，举例说明；有附图的，对照附图说明。

细则 17.2 发明或者实用新型的说明书应当按照上述方式和顺序撰写，并在每一部分前面写明标题，除非其发明或者实用新型的性质用其他方式或者顺序撰写能够节约说明书的篇幅并使他人能够准确理解其发明或者实用新型。

细则 17.3 发明或者实用新型说明书应当用词规范、语句清楚，并且不得使用“如权利要求……所述的……”一类的引用语，也不得使用商业性宣传用语。

细则 17.4 发明专利申请包含一个或者多个核苷酸或者氨基酸序列的，说明书应当包括符合规定的序列表。有关序列表的提交参见本指南第一部分第一章第 4.2 节。

以下就上述方式和顺序逐项详细说明。

细则 17.1

### 2.2.1 名　称

发明或者实用新型的名称应当清楚、简要，写在说明书首页正文部分的上方居中位置。

发明或者实用新型的名称应当按照以下各项要求撰写：

（1）说明书中的发明或者实用新型的名称与请求书中的名称应当一致，一般不得超过 25 个字，特殊情况下，例如，化学领域的某些申请，可以允许最多到 40 个字；

（2）采用所属技术领域通用的技术术语，最好采用国际专利分类表中的技术术语，不得采用非技术术语；

（3）清楚、简要、全面地反映要求保护的发明或者实用新

型的主题和类型（产品或者方法），以利于专利申请的分类，例如一件包含拉链产品和该拉链制造方法两项发明的申请，其名称应当写成“拉链及其制造方法”；

（4）不得使用人名、地名、商标、型号或者商品名称等，也不得使用商业性宣传用语。

细则 17.1（1）

### 2.2.2 技术领域

发明或者实用新型的技术领域应当是要求保护的发明或者实用新型技术方案所属或者直接应用的具体技术领域，而不是上位的或者相邻的技术领域，也不是发明或者实用新型本身。该具体的技术领域往往与发明或者实用新型在国际专利分类表中可能分入的最低位置有关。例如，一项关于挖掘机悬臂的发明，其改进之处是将背景技术中的长方形悬臂截面改为椭圆形截面。其所属技术领域可以写成“本发明涉及一种挖掘机，特别是涉及一种挖掘机悬臂”（具体的技术领域），而不宜写成“本发明涉及一种建筑机械”（上位的技术领域），也不宜写成“本发明涉及挖掘机悬臂的椭圆形截面”或者“本发明涉及一种截面为椭圆形的挖掘机悬臂”（发明本身）。

细则 17.1（2）

### 2.2.3 背景技术

发明或者实用新型说明书的背景技术部分应当写明对发明或者实用新型的理解、检索、审查有用的背景技术，并且尽可能引证反映这些背景技术的文件。尤其要引证包含发明或者实用新型权利要求书中的独立权利要求前序部分技术特征的现有技术文件，即引证与发明或者实用新型专利申请最接近的现有技术文件。说明书中引证的文件可以是专利文件，也可以是非专利文件，例如期刊、杂志、手册和书籍等。引证专利文件的，至少要写明专利文件的国别、公开号，最好包括公开日期；引证非专利文件的，要写明这些文件的标题和详细出处。

此外，在说明书背景技术部分中，还要客观地指出背景技术中存在的问题和缺点，但是，仅限于涉及由发明或者实用新型的技术方案所解决的问题和缺点。在可能的情况下，说明存在这种问题和缺点的原因以及解决这些问题时曾经遇到的困难。

引证文件还应当满足以下要求：

（1）引证文件应当是公开出版物，除纸件形式外，还包括

电子出版物等形式。

(2) 所引证的非专利文件和外国专利文件的公开日应当在本申请的申请日之前；所引证的中国专利文件的公开日不能晚于本申请的公开日。

(3) 引证外国专利或非专利文件的，应当以所引证文件公布或发表时的原文所使用的文字写明引证文件的出处以及相关信息，必要时给出中文译文，并将译文放置在括号内。

如果引证文件满足上述要求，则认为本申请说明书中记载了所引证文件中的内容。但是这样的引证方式是否达到充分公开发明或者实用新型的要求，参见本章第2.2.6节。

细则17.1(3)

### 2.2.4 发明或者实用新型内容

本部分应当清楚、客观地写明以下内容：

(1) 要解决的技术问题

发明或者实用新型所要解决的技术问题，是指发明或者实用新型要解决的现有技术中存在的技术问题。发明或者实用新型专利申请记载的技术方案应当能够解决这些技术问题。

发明或者实用新型所要解决的技术问题应当按照下列要求撰写：

(i) 针对现有技术中存在的缺陷或不足；

(ii) 用正面的、尽可能简洁的语言客观而有根据地反映发明或者实用新型要解决的技术问题，也可以进一步说明其技术效果。

对发明或者实用新型所要解决的技术问题的描述不得采用广告式宣传用语。

一件专利申请的说明书可以列出发明或者实用新型所要解决的一个或者多个技术问题，但是同时应当在说明书中描述解决这些技术问题的技术方案。当一件申请包含多项发明或者实用新型时，说明书中列出的多个要解决的技术问题应当都与一个总的发明构思相关。

(2) 技术方案

一件发明或者实用新型专利申请的核心是其在说明书中记载的技术方案。

专利法实施细则第十七条第一款第（三）项所说的写明发明或者实用新型解决其技术问题所采用的技术方案是指清楚、完整地描述发明或者实用新型解决其技术问题所采取的技术方

案的技术特征。在技术方案这一部分，至少应反映包含全部必要技术特征的独立权利要求的技术方案，还可以给出包含其他附加技术特征的进一步改进的技术方案。

说明书中记载的这些技术方案应当与权利要求所限定的相应技术方案的表述相一致。

一般情况下，说明书技术方案部分首先应当写明独立权利要求的技术方案，其用语应当与独立权利要求的用语相应或者相同，以发明或者实用新型必要技术特征总和的形式阐明其实质，必要时，说明必要技术特征总和与发明或者实用新型效果之间的关系。

然后，可以通过对该发明或者实用新型的附加技术特征的描述，反映对其作进一步改进的从属权利要求的技术方案。

如果一件申请中有几项发明或者几项实用新型，应当说明每项发明或者实用新型的技术方案。

（3）有益效果

说明书应当清楚、客观地写明发明或者实用新型与现有技术相比所具有的有益效果。

有益效果是指由构成发明或者实用新型的技术特征直接带来的，或者是由所述的技术特征必然产生的技术效果。

有益效果是确定发明是否具有“显著的进步”，实用新型是否具有“进步”的重要依据。

通常，有益效果可以由产率、质量、精度和效率的提高，能耗、原材料、工序的节省，加工、操作、控制、使用的简便，环境污染的治理或者根治，以及有用性能的出现等方面反映出来。

有益效果可以通过对发明或者实用新型结构特点的分析和理论说明相结合，或者通过列出实验数据的方式予以说明，不得只断言发明或者实用新型具有有益的效果。

但是，无论用哪种方式说明有益效果，都应当与现有技术进行比较，指出发明或者实用新型与现有技术的区别。

机械、电气领域中的发明或者实用新型的有益效果，在某些情况下，可以结合发明或者实用新型的结构特征和作用方式进行说明。但是，化学领域中的发明，在大多数情况下，不适于用这种方式说明发明的有益效果，而是借助于实验数据来说明。

对于目前尚无可取的测量方法而不得不依赖于人的感官判

断的，例如味道、气味等，可以采用统计方法表示的实验结果来说明有益效果。

在引用实验数据说明有益效果时，应当给出必要的实验条件和方法。

细则 17.1（4）

### 2.2.5 附图说明

说明书有附图的，应当写明各幅附图的图名，并且对图示的内容作简要说明。在零部件较多的情况下，允许用列表的方式对附图中具体零部件名称列表说明。

附图不止一幅的，应当对所有附图作出图面说明。

例如，一件发明名称为“燃煤锅炉节能装置”的专利申请，其说明书包括四幅附图，这些附图的图面说明如下：

图 1 是燃煤锅炉节能装置的主视图；

图 2 是图 1 所示节能装置的侧视图；

图 3 是图 2 中的 A 向视图；

图 4 是沿图 1 中 B－B 线的剖视图。

细则 17.1（5）

### 2.2.6 具体实施方式

实现发明或者实用新型的优选的具体实施方式是说明书的重要组成部分，它对于充分公开、理解和实现发明或者实用新型，支持和解释权利要求都是极为重要的。因此，说明书应当详细描述申请人认为实现发明或者实用新型的优选的具体实施方式。在适当情况下，应当举例说明；有附图的，应当对照附图进行说明。

优选的具体实施方式应当体现申请中解决技术问题所采用的技术方案，并应当对权利要求的技术特征给予详细说明，以支持权利要求。

对优选的具体实施方式的描述应当详细，使发明或者实用新型所属技术领域的技术人员能够实现该发明或者实用新型。

实施例是对发明或者实用新型的优选的具体实施方式的举例说明。实施例的数量应当根据发明或者实用新型的性质、所属技术领域、现有技术状况以及要求保护的范围来确定。

当一个实施例足以支持权利要求所概括的技术方案时，说明书中可以只给出一个实施例。当权利要求（尤其是独立权利要求）覆盖的保护范围较宽，其概括不能从一个实施例中找到依据时，应当给出至少两个不同实施例，以支持要求保护的范

围。当权利要求相对于背景技术的改进涉及数值范围时，通常应给出两端值附近（最好是两端值）的实施例，当数值范围较宽时，还应当给出至少一个中间值的实施例。

在发明或者实用新型技术方案比较简单的情况下，如果说明书涉及技术方案的部分已经就发明或者实用新型专利申请所要求保护的主题作出了清楚、完整的说明，说明书就不必在涉及具体实施方式部分再作重复说明。

对于产品的发明或者实用新型，实施方式或者实施例应当描述产品的机械构成、电路构成或者化学成分，说明组成产品的各部分之间的相互关系。对于可动作的产品，只描述其构成不能使所属技术领域的技术人员理解和实现发明或者实用新型时，还应当说明其动作过程或者操作步骤。

对于方法的发明，应当写明其步骤，包括可以用不同的参数或者参数范围表示的工艺条件。

在具体实施方式部分，对最接近的现有技术或者发明或实用新型与最接近的现有技术共有的技术特征，一般来说可以不作详细的描述，但对发明或者实用新型区别于现有技术的技术特征以及从属权利要求中的附加技术特征应当足够详细地描述，以所属技术领域的技术人员能够实现该技术方案为准。应当注意的是，为了方便专利审查，也为了帮助公众更直接地理解发明或者实用新型，对于那些就满足专利法第二十六条第三款的要求而言必不可少的内容，不能采用引证其他文件的方式撰写，而应当将其具体内容写入说明书。

对照附图描述发明或者实用新型的优选的具体实施方式时，使用的附图标记或者符号应当与附图中所示的一致，并放在相应的技术名称的后面，不加括号。例如，对涉及电路连接的说明，可以写成“电阻 3 通过三极管 4 的集电极与电容 5 相连接”，不得写成“3 通过 4 与 5 连接”。

细则 17.3 及 3.1

### 2.2.7 对于说明书撰写的其他要求

说明书应当用词规范，语句清楚。即说明书的内容应当明确，无含糊不清或者前后矛盾之处，使所属技术领域的技术人员容易理解。

说明书应当使用发明或者实用新型所属技术领域的技术术语。对于自然科学名词，国家有规定的，应当采用统一的术语，国家没有规定的，可以采用所属技术领域约定俗成的术

语，也可以采用鲜为人知或者最新出现的科技术语，或者直接使用外来语（中文音译或意译词），但是其含义对所属技术领域的技术人员来说必须是清楚的，不会造成理解错误；必要时可以采用自定义词，在这种情况下，应当给出明确的定义或者说明。一般来说，不应当使用在所属技术领域中具有基本含义的词汇来表示其本意之外的其他含义，以免造成误解和语义混乱。说明书中使用的技术术语与符号应当前后一致。

说明书应当使用中文，但是在不产生歧义的前提下，个别词语可以使用中文以外的其他文字。在说明书中第一次使用非中文技术名词时，应当用中文译文加以注释或者使用中文给予说明。

例如，在下述情况下可以使用非中文表述形式：

（1）本领域技术人员熟知的技术名词可以使用非中文形式表述，例如用“EPROM”表示可擦除可编程只读存储器，用“CPU”表示中央处理器；但在同一语句中连续使用非中文技术名词可能造成该语句难以理解的，则不允许。

（2）计量单位、数学符号、数学公式、各种编程语言、计算机程序、特定意义的表示符号（例如中国国家标准缩写 GB）等可以使用非中文形式。

此外，所引用的外国专利文献、专利申请、非专利文献的出处和名称应当使用原文，必要时给出中文译文，并将译文放置在括号内。

说明书中的计量单位应当使用国家法定计量单位，包括国际单位制计量单位和国家选定的其他计量单位。必要时可以在括号内同时标注本领域公知的其他计量单位。

说明书中无法避免使用商品名称时，其后应当注明其型号、规格、性能及制造单位。

说明书中应当避免使用注册商标来确定物质或者产品。

细则 18
法 26.3

## 2.3 说明书附图

附图是说明书的一个组成部分。

附图的作用在于用图形补充说明书文字部分的描述，使人能够直观地、形象化地理解发明或者实用新型的每个技术特征和整体技术方案。对于机械和电学技术领域中的专利申请，说明书附图的作用尤其明显。因此，说明书附图应该清楚地反映发明或者实用新型的内容。

对发明专利申请，用文字足以清楚、完整地描述其技术方案的，可以没有附图。

细则 17.5 实用新型专利申请的说明书必须有附图。

细则 18.2 一件专利申请有多幅附图时，在用于表示同一实施方式的各幅图中，表示同一组成部分（同一技术特征或者同一对象）的附图标记应当一致。说明书中与附图中使用的相同的附图标记应当表示同一组成部分。说明书文字部分中未提及的附图标记不得在附图中出现，附图中未出现的附图标记也不得在说明书文字部分中提及。

细则 18.3 附图中除了必需的词语外，不应当含有其他的注释；但对于流程图、框图一类的附图，应当在其框内给出必要的文字或符号。

关于附图的绘制要求适用本指南第一部分第一章第 4.3 节的规定。

细则 23

## 2.4 说明书摘要

摘要是说明书记载内容的概述，它仅是一种技术信息，不具有法律效力。

摘要的内容不属于发明或者实用新型原始记载的内容，不能作为以后修改说明书或者权利要求书的根据，也不能用来解释专利权的保护范围。

摘要应当满足以下要求：

细则 23.1 及 .2 （1）摘要应当写明发明或者实用新型的名称和所属技术领域，并清楚地反映所要解决的技术问题、解决该问题的技术方案的要点以及主要用途，其中以技术方案为主；摘要可以包含最能说明发明的化学式；

细则 23.2 （2）有附图的专利申请，应当提供或者由审查员指定一幅最能反映该发明或者实用新型技术方案的主要技术特征的附图作为摘要附图，该摘要附图应当是说明书附图中的一幅；

细则 23.2 （3）摘要附图的大小及清晰度应当保证在该图缩小到 4 厘米 ×6 厘米时，仍能清楚地分辨出图中的各个细节；

细则 23.2 （4）摘要文字部分（包括标点符号）不得超过 300 个字，并且不得使用商业性宣传用语。

此外，摘要文字部分出现的附图标记应当加括号。

本章以上各节对说明书的实质性内容和撰写方式的要求作了详细的规定。应当注意，在实质审查中，当说明书因公开不

# 第五章 保密申请与向外国申请专利的保密审查

## 1. 保密的范围

专利法第四条规定的保密范围是涉及国家安全或者重大利益两个方面的发明创造。

根据专利法实施细则第七条第一款的规定，专利局受理的专利申请涉及国防利益需要保密的，应当及时移交国防专利机构进行审查。

根据专利法实施细则第七条第二款的规定，专利局认为其受理的发明或者实用新型专利申请涉及国防利益以外的国家安全或者重大利益需要保密的，应当及时作出按照保密专利申请处理的决定，并通知申请人。

## 2. 保密的基准

保密的基准按照国家有关规定执行。

## 3. 专利申请的保密确定

### 3.1 申请人提出保密请求的保密确定

#### 3.1.1 保密请求的提出

申请人认为其发明或者实用新型专利申请涉及国家安全或者重大利益需要保密的，应当在提出专利申请的同时，在请求书上作出要求保密的表示，其申请文件应当以纸件形式提交。申请人也可以在发明专利申请进入公布准备之前，或者实用新型专利申请进入授权公告准备之前，提出保密请求。

申请人在提出保密请求之前已确定其申请的内容涉及国家安全或者重大利益需要保密的，应当提交有关部门确定密级的相关文件。

#### 3.1.2 保密的确定

审查员应当根据保密基准对专利申请进行审查，并根据不同情况确定是否需要保密。

细则 7.1 （1）专利申请的内容涉及国防利益的，由国防专利局进行保密确定。需要保密的，应当及时移交国防专利局进行审查，

审查员向申请人发出专利申请移交国防专利局通知书；不需要保密的，审查员应当发出保密审批通知书，通知申请人该专利申请不予保密，按照一般专利申请处理。

细则 7.2 （2）发明或者实用新型内容涉及国防利益以外的国家安全或者重大利益的，由专利局进行保密确定，必要时可以邀请相关领域的技术专家协助确定。审查员根据保密确定的结果发出保密审批通知书，需要保密的，通知申请人该专利申请予以保密，按照保密专利申请处理；不需要保密的，通知申请人该专利申请不予保密，按照一般专利申请处理。

### 3.2 专利局自行进行的保密确定

分类审查员在对发明或者实用新型专利申请进行分类时，应当将发明内容可能涉及国家安全或者重大利益，但申请人未提出保密请求的发明或者实用新型专利申请挑选出来。审查员应当参照本章第 3.1.2 节的规定，对上述专利申请进行保密确定。

对于已确定为保密专利申请的电子申请，如果涉及国家安全或者重大利益需要保密，审查员应当将该专利申请转为纸件形式继续审查并通知申请人，申请人此后应当以纸件形式向专利局或国防专利局递交各种文件，不得通过电子专利申请系统提交文件。

细则 7

## 4. 保密专利申请的审批流程

细则 55 （1）涉及国防利益需要保密的专利申请，由国防专利局进行审查，经审查没有发现驳回理由的，由专利局根据国防专利局的审查意见作出授予国防专利权的决定，并委托国防专利局颁发国防专利证书，同时在专利公报上公告国防专利的专利号、申请日和授权公告日。

国防专利复审委员会作出宣告国防专利权无效决定的，专利局应当在专利公报上公告专利号、授权公告日、无效宣告决定号和无效宣告决定日。

（2）涉及国防利益以外的国家安全或者重大利益需要保密的发明或者实用新型专利申请，由专利局按照以下程序进行审查和管理。

审查员应当对确定需要保密的专利申请案卷作出保密标记，在对该专利申请作出解密决定之前，对其进行保密管理。

保密专利申请的初步审查和实质审查均由专利局指定的审查员进行。

对于发明专利申请，初步审查和实质审查按照与一般发明专利申请相同的基准进行。初步审查合格的保密专利申请不予公布，实质审查请求符合规定的，直接进入实质审查程序。经实质审查没有发现驳回理由的，作出授予保密发明专利权的决定，并发出授予发明专利权通知书和办理登记手续通知书。

对于实用新型专利申请，初步审查按照与一般实用新型专利申请相同的基准进行。经初步审查没有发现驳回理由的，作出授予保密实用新型专利权的决定，并发出授予实用新型专利权通知书和办理登记手续通知书。

保密专利申请的授权公告仅公布专利号、申请日和授权公告日。

## 5. 专利申请（或专利）的解密程序

### 5.1 申请人（或专利权人）提出解密请求

保密专利申请的申请人或者保密专利的专利权人可以书面提出解密请求。提出保密请求时提交了有关部门确定密级的相关文件的，申请人（或专利权人）提出解密请求时，应当附具原确定密级的部门同意解密的证明文件。

专利局对提出解密请求的保密专利申请（或专利）进行解密确定，并将结果通知申请人。

### 5.2 专利局定期解密

专利局每两年对保密专利申请（或专利）进行一次复查，经复查认为不需要继续保密的，通知申请人予以解密。

### 5.3 解密后的处理

审查员应当对已经解密的专利申请（或专利）作出解密标记。发明专利申请解密后，尚未被授予专利权的，按照一般发明专利申请进行审查和管理，符合公布条件的，应当予以公布，并出版发明专利申请单行本；实用新型专利申请解密后，尚未被授予专利权的，按照一般实用新型专利申请进行审查和管理。

发明或者实用新型专利解密后，应当进行解密公告、出版

# 施行修改后的专利法实施细则的过渡办法

**第一条** 为了保障2010年1月9日公布的《国务院关于修改〈中华人民共和国专利法实施细则〉的决定》的施行，依照立法法第八十四条的规定，制定本办法。

**第二条** 修改前的专利法实施细则的规定适用于申请日在2010年2月1日前（不含该日）的专利申请以及根据该专利申请授予的专利权；修改后的专利法实施细则的规定适用于申请日在2010年2月1日以后（含该日，下同）的专利申请以及根据该专利申请授予的专利权；但本办法以下各条对申请日在2010年2月1日前的专利申请以及根据该申请授予的专利权的特殊规定除外。

**第三条** 2010年2月1日以后以不符合专利法第二十三条第三款的规定为理由提出无效宣告请求的，对该无效宣告请求的审查适用修改后的专利法实施细则第六十六条第三款的规定。

**第四条** 2010年2月1日以后提出无效宣告请求的，对该无效宣告请求的审查适用修改后的专利法实施细则第七十二条第二款的规定。

**第五条** 专利国际申请的申请人在2010年2月1日以后办理进入中国国家阶段手续的，该国际申请适用修改后的专利法实施细则第十章的规定。

**第六条** 在2010年2月1日以后请求国家知识产权局中止有关程序的，适用修改后的专利法实施细则第九十三条和第九十九条的规定，不再缴纳中止程序请求费。

在2010年2月1日以后请求退还多缴、重缴、错缴的专利费用的，适用修改后的专利法实施细则第九十四条第四款的规定。

在2010年2月1日以后缴纳申请费、公布印刷费和申请附加费的，适用修改后的专利法实施细则第九十五条的规定。

在2010年2月1日以后办理授予专利权的登记手续的，适用修改后的专利法实施细则第九十三条和第九十七条的规定，不再缴纳申请维持费。

**第七条** 本办法自2010年2月1日起施行。

# Guidelines for Patent Examination

# 2010

China National Intellectual Property Administration of the People's Republic of China

**Intellectual Property Publishing House**

BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
<9>

Executive Editor: Zhang Jinrui
Copy Editors: Shang Yingfan, Zhang Jinrui
Book Design: Duan Weidong
Executive Proofreader: Han Xiutian
Executive Publisher: Lu Yunxia

**Cataloging in Publication (CIP) Data**

Guidelines for Patent Examination/Formulated by China National Intellectual Property Administration.—Beijing:

Intellectual Property Publishing House, September 2009

ISBN 978-7-80247-546-5

I. Patent... II. China... III. Patent-Examination-Regulations-China-Guidelines

IV.D923.42-62

Archives Library of Chinese Publications CIP Data Verification No. (2009) 168704

**Guidelines for Patent Examination**

Formulated by China National Intellectual Property Administration

Published and Distributed by: Intellectual Property Publishing House

Address: No. 1 Madian Nancun, Haidian District, Beijing

Website: http://www.ipph.cn

Distribution Telephone: 010-82000860 ext. 8101/8102

Executive Editor Telephone: 010-82000860 ext. 8165

Printing: Beijing Xinghuai Printing Factory

Format: 787 mm × 1092 mm 1/16

Edition: 1st Edition, January 2010

Word Count: 600,000 Words

**ISBN 978-7-80247-546-5 /D 861(2616)**

Postal Code: 100088

Email: bjb@ cnipr.com

Fax: 010-82005070 /82000893

Executive Editor's email: zjrsipo@sina.com

Distribution: Xinhua Bookstore and Relevant Sales Outlets

Printed Sheets: 37

Printing: 1st Printing, January 2010

Price: RMB 120.00

**Exclusive publishing rights reserved. Infringement will be prosecuted.**

**In case of any printing or binding quality defects, the publisher shall be responsible for replacement.**

BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
9

# Order of China National Intellectual Property Administration

**No. 55**

In accordance with the provisions of Article 122 of the *Detailed Rules for the Implementation of the Patent Law of the People's Republic of China*, the guidelines for examination promulgated on May 24, 2006 and implemented on July 1, 2006 are hereby revised. The revised guidelines for patent examination are hereby promulgated and shall enter into force on February 1, 2010.

Commissioner: Tian Lipu

January 21, 2010

BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
(9)

# Foreword

As the patent administrative department under the State Council, China National Intellectual Property Administration entrusts the Patent Office of China National Intellectual Property Administration (hereinafter referred to as the Patent Office) to accept and examine patent applications, and the Patent Office makes decisions in the name of China National Intellectual Property Administration. China National Intellectual Property Administration sets up the Patent Reexamination Board, which is responsible for the examination of requests for reexamination and invalidation and making decisions.

In order to handle patent-related applications and requests objectively, fairly, accurately, and timely in accordance with the law, China National Intellectual Property Administration has formulated these guidelines for patent examination (hereinafter referred to as these guidelines) pursuant to Article 122 of the Detailed Rules for the Implementation of the Patent Law. As the concrete application of the Patent Law and the Detailed Rules for the Implementation of the Patent Law, these guidelines serve as the basis and standards for the Patent Office and the Patent Reexamination Board to conduct law-based administration, and constitute the regulations to be observed by relevant parties in each of the aforementioned stages.

These guidelines are revised on the basis of the 2006 edition, in accordance with the *Patent Law of the People's Republic of China* promulgated on December 27, 2008 and the *Detailed Rules for the Implementation of the Patent Law of the People's Republic of China* promulgated on January 9, 2010, as well as actual work needs, and are promulgated as departmental rules of China National Intellectual Property Administration.

BEIJING SPIRIT TRANSLATION CO. LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL

# Instructions for Use

1. These guidelines include the foreword, instructions for use, table of abbreviations, table of contents, main text, index, notes on revision, and Appendix.

2. The main text of these guidelines consists of five parts: Part I (preliminary examination), Part II (substantive examination), Part III (examination of international applications entering the national phase), Part IV (examination of requests for reexamination and invalidation), and Part V (patent application and handling of affairs). Parts I, II, and IV are arranged in the order of the examination and approval procedure for patent applications, Part III sets forth specific provisions on the examination of international applications entering the national phase, and Part V contains general rules applicable to all procedures.

3. Each part of these guidelines is divided into chapters, under which sections are established. The sections are classified into four levels and arranged sequentially with Arabic numerals to determine their positions. For example, in Part II, Chapter 3 (novelty) of these guidelines, 2.1.2.2 (disclosure by use) is a fourth-level section, which belongs to the third-level section 2.1.2 (ways of disclosure); Section 2.1.2 belongs to the second-level section 2.1 (prior art); and Section 2.1 belongs to the first-level section 2 (concept of novelty).

4. The table of contents of these guidelines includes a general table of contents and sub-tables of contents. The general table of contents lists the titles of the chapters in Parts I to V and their corresponding page numbers; the sub-table of contents lists the titles of the chapters and sections (four levels of sections in total) of the respective part and their corresponding page numbers. Readers may, according to the contents they need to search for, find in the general table of contents which part and chapter such contents belong to, and then find their specific locations in the corresponding sub-table of contents.

5. In addition to the total number of pages, these guidelines also use sub-page numbers to facilitate reference by readers. The total number of pages is located on the outer side of the bottom of the page, providing continuous pagination for the entire book; the sub-page numbers are located at the center of the bottom of the page, paginating the five parts of the main text of the guidelines separately and adopting the format of "(×-×)", for example, "(2-147)" indicates page 147 of Part II of the main text of these guidelines.

6. The main text of these guidelines consists of two columns: textual description and the index of provisions of laws and regulations, with the former located on the right side of each page and the latter on the left side of each page. The index of provisions of laws and regulations uses abbreviations (see the table of abbreviations). When reading the contents in the right column of the guidelines, readers may refer to the contents stipulated in the provisions of laws and regulations indicated at the corresponding positions in the left column to facilitate understanding.

BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL

# Table of Abbreviations

This table lists examples of abbreviations of the provisions of laws and regulations indicated on the left side of each page in the main text of the guidelines.

| | |
|---|---|
| Article 26 | Article 26 of the Patent Law |
| Articles 38 and 39 | Articles 38 and 39 of the Patent Law |
| Articles 2, 5 and 25 | Articles 2, 5, and 25 of the Patent Law |
| Article 31.1 | Paragraph 1, Article 31 of the Patent Law |
| Articles 22.2 and 22.3 | Paragraphs 2 and 3, Article 22 of the Patent Law |
| Article 25.1(1) | Item (1), Paragraph 1, Article 25 of the Patent Law |
| Rule 1 | Article 1 of the Detailed Rules for the Implementation of the Patent Law |
| Rule 45 | Article 45 of the Detailed Rules for the Implementation of the Patent Law |
| Rules 95 and 96 | Articles 95 and 96 of the Detailed Rules for the Implementation of the Patent Law |
| Rules 21-23 | Articles 21 to 23 of the Detailed Rules for the Implementation of the Patent Law |
| Rule 44.1 | Paragraph 1, Article 44 of the Detailed Rules for the Implementation of the Patent Law |
| Rules 23.1 and 23.2 | Paragraphs 1 and 2, Article 23 of the Detailed Rules for the Implementation of the Patent Law |
| Rules 42.2 and 43 | Paragraph 2, Article 42 and Article 43 of the Detailed Rules for the Implementation of the Patent Law |
| Rules 21.3 and 23.2 | Paragraph 3, Article 21 and Paragraph 2, Article 23 of the Detailed Rules for the Implementation of the Patent Law |
| Rule 33(3) | Item (3), Article 33 of the Detailed Rules for the Implementation of the Patent Law |
| Rule 17.1(4) | Item (4), Paragraph 1, Article 17, of the Detailed Rules for the Implementation of the Patent Law |
| Article 25 of the Treaty | Article 25 of the Patent Cooperation Treaty |
| Article 51 of the Regulations under the Treaty | Article 51 of the Regulations under the Patent Cooperation Treaty |
| Article 13bis.3(a) of the Regulations under the Treaty | Article 13bis.3(a) of the Regulations under the Patent Cooperation Treaty |

BEIJING SPIRIT TRANSLATION CO., LTD. 北京精神翻译有限责任公司 翻译专用章 TRANSLATION SEAL

# General Table of Contents

**Part I Preliminary Examination ........................................................................................1**

Chapter 1 Preliminary Examination of Patent Applications for Invention ...................................11

Chapter 2 Preliminary Examination of Patent Applications for Utility Model ............................49

Chapter 3 Preliminary Examination of Patent Applications for Design ......................................69

Chapter 4 Patent Classification ..................................................................................................93

**Part II Substantive Examination ..........................................................................................105**

Chapter 1 Applications for Which No Patent Right Shall Be Granted .....................................119

Chapter 2 Description and Claims ..........................................................................................130

Chapter 3 Novelty ....................................................................................................................153

Chapter 4 Inventive Step ..........................................................................................................170

Chapter 5 Practical Applicability .............................................................................................185

Chapter 6 Unity of Application and Divisional Application ....................................................189

Chapter 7 Search ......................................................................................................................203

Chapter 8 Substantive Examination Procedure .........................................................................219

Chapter 9 Some Provisions on Examination of Patent Applications for Invention Involving Computer Programs ..............................................................................................................................259

Chapter 10 Some Provisions on Examination of Patent Applications for Invention in the Field of Chemistry ...................................................................................................................................275

**Part III Examination of International Applications Entering the National Phase .............307**

Chapter 1 Preliminary Examination and Handling of Affairs of International Applications Entering the National Phase .....................................................................................................................313

Chapter 2 Substantive Examination of International Applications Entering the National Phase 342

**Part IV Examination of Requests for Reexamination and for Invalidation ...................... 351**

Chapter 1 General Principles ....................................................................................................359

Chapter 2 Examination of Requests for Reexamination ...........................................................367

Chapter 3 Examination of Requests for Invalidation ...............................................................375

Chapter 4 Provisions on Oral Proceeding in Reexamination and Invalidation Procedures .......389

Chapter 5 Examination of Design Patents in Invalidation Procedure .......................................397

Chapter 6 Certain Provisions on Examination of Utility Model Patents in Invalidation Procedure 411

Chapter 7 Handling of Identical Inventions-Creations in Invalidation Procedure ....................413

Chapter 8 Provisions Concerning Issues of Evidence in Invalidation Procedure ......................416

BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL <9>

**Part V Patent Application and Handling of Affairs ........................................................ 423**

Chapter 1 Patent Application Documents and Official Formalities ..........................................435

Chapter 2 Patent Fees ..........................................................................................................440

Chapter 3 Acceptance ..........................................................................................................447

Chapter 4 Patent Application Files ...................................................................................... 454

Chapter 5 Confidential Applications and Confidentiality Review of Filing Patent Applications Abroad ..................................................................................................................................459

Chapter 6 Notifications and Decisions ..................................................................................465

Chapter 7 Time Limit, Restoration of Right, Suspension ........................................................469

Chapter 8 Compilation of Patent Gazette and Pamphlet ..........................................................480

Chapter 9 Grant and Termination of Patent Right ............................................................. 490

Chapter 10 Patent Right Evaluation Report ........................................................................ 496

Chapter 11 Several Provisions on Electronic Application ....................................................... 505

**Others ...................................................................................................................... 511**

Index ....................................................................................................................................513

Notes on Revision .............................................................................................................. 537

**Appendix ................................................................................................................... 541**

Patent Law of the People's Republic of China ........................................................................ 543

Transitional Measures for the Implementation of the Revised Patent Law ............................... 554

Detailed Rules for the Implementation of the Patent Law of the People's Republic of China .... 555

Transitional Measures for the Implementation of the Revised Detailed Rules for the Implementation of the Patent Law ..................................................................................................... 578



BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL

# Chapter 2 Description and Claims

## 1. Introduction

In accordance with the provisions of Paragraph 1, Article 26 of the Patent Law, a patent application for invention shall include a description (with drawings when necessary), an abstract thereof, and claims; a patent application for utility model shall include a description (including drawings), an abstract thereof, and claims.

The description and claims are legal documents that record the invention or utility model and determine the scope of protection thereof.

Article 26.3 The description and drawings are primarily used to clearly and completely describe the invention or utility model, so that a person skilled in the art can understand and carry out the invention or utility model.

Article 26.4 The claims shall be supported by the description, and clearly and concisely define the scope of protection sought.

In accordance with the provisions of Paragraph 1, Article 59 of the Patent Law, the scope of protection of the patent right for an invention or utility model shall be determined by the terms of the claims, and the description and drawings may be used to interpret the content of the claims.

This chapter provides general provisions applicable to all technical fields regarding the main contents and drafting requirements of the description and claims. For certain specific issues regarding the description and claims of patent applications relating to computer programs and the chemical field, the provisions of Chapter 9 and Chapter 10 of this Part shall apply.

## 2. Description

Paragraph 3, Article 26 of the Patent Law and Article 17 of the Implementing Regulations of the Patent Law provide for the substantive content and the drafting manner of the description, respectively.

### 2.1 Requirements That the Description Shall Meet

Paragraph 3, Article 26 of the Patent Law provides that the description shall provide a clear and complete explanation of the invention or utility model, with enablement by a person skilled in the art as the criterion.

The clear and complete explanation of the invention or utility model provided in the description shall reach the extent of enablement by a person skilled in the art. That is to say, the description shall satisfy the requirement of sufficient disclosure of the invention or utility model.

With regard to the meaning of "person skilled in the art", the provisions of Section 2.4, Chapter 4 of this Part shall apply.



BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
(9)

Article 26.3

### 2.1.1 Clarity

The contents of the description shall be clear, and specifically shall meet the following requirements:

(1) Clear subject matter. The description shall proceed from the prior art and clearly reflect what the invention or utility model intends to do and how to do it, so that a person skilled in the art can accurately understand the subject matter claimed for protection by the invention or utility model. In other words, the description shall state the technical problem to be solved by the invention or utility model and the technical solution adopted to solve its technical problem, and state the advantageous effects of the invention or utility model in comparison with the prior art. The above-mentioned technical problem, technical solution, and advantageous effects shall be adapted to one another, and no contradiction or irrelevance shall occur.

(2) Accurate expression. The description shall use the technical terms of the technical field to which the invention or utility model pertains. The wording of the description shall accurately express the technical content of the invention or utility model, and shall not be vague or ambiguous to the extent that a person skilled in the art cannot clearly and correctly understand the invention or utility model.

Article 26.3

### 2.1.2 Completeness

A complete description shall include all technical content required for understanding and carrying out the invention or utility model.

A complete description shall contain the following items:

(1) Contents indispensable for understanding the invention or utility model. For example, the description of the technical field and the state of the background art, and the brief description of drawings where the description has drawings, etc.

(2) Contents required for determining that the invention or utility model possesses novelty, inventive step, and practical applicability. For example, the technical problem to be solved by the invention or utility model, the technical solution adopted to solve its technical problem, and the advantageous effects of the invention or utility model.

(3) Contents required to carry out the invention or utility model. For example, specific embodiments of the technical solution adopted to solve the technical problem of the invention or utility model.

For an invention or utility model that has overcome a technical prejudice, the description shall also explain why it is said that the invention or utility model has overcome the technical prejudice, the differences between the new technical solution and the technical prejudice, and the technical means adopted to overcome the technical prejudice.

It shall be pointed out that any relevant content that cannot be directly and unambiguously derived from the prior art by a person skilled in the art shall be described in the description.



BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL

Article 26.3

### 2.1.3 Enablement

"Enablement by a person skilled in the art" means that a person skilled in the art, in accordance with the content set forth in the description, is able to carry out the technical solution of the invention or utility model, solve the technical problem thereof, and produce the expected technical effect.

The description shall clearly state the technical solution of the invention or utility model, describe in detail specific embodiments for carrying out the invention or utility model, and completely disclose the technical content essential for understanding and carrying out the invention or utility model, so as to reach the extent of enablement of the invention or utility model by a person skilled in the art. If the examiner has reasonable grounds to doubt that the invention or utility model fails to satisfy the requirement of sufficient disclosure, the examiner shall require the applicant to make clarification.

The following circumstances are deemed impossible to be enabled due to the lack of technical means to solve the technical problem:

(1) The description only provides a task and/or conception, or only indicates a wish and/or result, without providing any technical means enabling a person skilled in the art to carry it out;

(2) The description provides technical means, but to a person skilled in the art, such means is vague and ambiguous, and cannot be specifically carried out according to the content set forth in the description;

(3) The description provides technical means, but the adoption of such means by a person skilled in the art cannot solve the technical problem to be solved by the invention or utility model;

(4) The subject matter of the application is a technical solution constituted by a plurality of technical means, and with respect to one of the technical means, a person skilled in the art cannot achieve it according to the content set forth in the description;

(5) The description provides a specific technical solution, but does not provide experimental evidence, and the solution must rely on experimental results to be confirmed before it can be established. For example, for an invention of a new use of a known compound, experimental evidence generally needs to be provided in the description to verify its stated use and effects; otherwise, the requirement of enablement cannot be satisfied.

### 2.2 Manner and Order of Drafting the Description

Rule 17.1

In accordance with the provisions of Article 17 of the Implementing Regulations of the Patent Law, the description of a patent application for invention or utility model shall state the title of the invention or utility model, which shall be identical with the title appearing in the request. The description shall include the following component parts:



BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
<9>

(1) Technical field: specify the technical field to which the technical solution sought to be protected belongs;

(2) Background art: specify the background art useful for the understanding, search, and examination of the invention or utility model; and, where possible, cite the documents reflecting such background art;

(3) Summary of the invention or utility model: specify the technical problem to be solved by the invention or utility model and the technical solution adopted to solve the technical problem, and specify the advantageous effects of the invention or utility model in comparison with the prior art;

(4) Brief description of drawings: where there are drawings in the description, briefly describe each of the drawings;

(5) Specific embodiments: describe in detail the preferred embodiments contemplated by the applicant for carrying out the invention or utility model; where necessary, explain with examples; where there are drawings, describe with reference to the drawings.

Rule 17.2 The description of an invention or utility model shall be drafted in the above-mentioned manner and order, with headings indicated before each part, unless, due to the nature of the invention or utility model, drafting in another manner or order would save space in the description and enable others to accurately understand the invention or utility model.

Rule 17.3 The description of an invention or utility model shall use standardized terms and clear sentences, and shall not use citation terms such as "... as described in claim ...", nor shall it use commercial advertising phrases.

Rule 17.4 Where a patent application for invention contains one or more nucleotide or amino acid sequences, the description shall include a sequence listing complying with the relevant regulations. For the submission of the sequence listing, see Section 4.2, Chapter 1, Part I of these Guidelines.

The above-mentioned modes and order are described in detail item by item below.

Rule 17.1

### 2.2.1 Title

The title of the invention or utility model shall be clear and concise, and be placed in the center above the text part of the first page of the description.

The title of the invention or utility model shall be drafted in accordance with the following requirements:

(1) The title of the invention or utility model in the description shall be consistent with that in the request, and generally shall not exceed 25 words; under special circumstances, for example, for certain applications in the chemical field, it may be allowed up to 40 words;

(2) Technical terms generally used in the technical field, preferably technical terms in the International Patent Classification, shall be adopted, and non-technical terms shall not be adopted;

(3) Clearly, concisely, and comprehensively reflect the subject matter and type (product or process) of the invention or utility model sought to be protected, so as to facilitate the classification of the patent application; for example, for an application containing two inventions of a zipper product and a method of manufacturing the Zipper, its title shall be written as "Zipper and Method of Manufacturing the Same";



BEIJING SPIRIT TRANSLATION CO. LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL

(4) Personal names, geographical names, trademarks, model designations, trade names, or the like shall not be used, nor shall any commercial advertising phrase be used.

Rule 17.1(1)

### 2.2.2 Technical Field

The technical field of an invention or utility model shall be the specific technical field to which the technical solution of the claimed invention or utility model pertains or is directly applied, rather than a generic or adjacent technical field, nor the invention or utility model per se. Such specific technical field is often related to the lowest position to which the invention or utility model may be classified in the International Patent Classification. For example, for an invention relating to a cantilever of an excavator, its improvement lies in changing the rectangular cross section of the cantilever in the background art into an elliptical cross section. Its technical field may be written as "The present invention relates to an excavator, particularly to a cantilever of an excavator" (specific technical field), but should not be written as "The present invention relates to a construction machine" (generic technical field), nor should it be written as "The present invention relates to an elliptical cross section of a cantilever of an excavator" or "The present invention relates to a cantilever of an excavator with an elliptical cross section" (the invention per se).

Rule 17.1(2)

### 2.2.3 Background Art

The background art section of the description of an invention or utility model shall specify the background art useful for the understanding, search, and examination of the invention or utility model, and cite the documents reflecting such background art as far as possible. In particular, prior art documents containing the technical features of the preamble portion of the independent claim in the claims of the invention or utility model shall be cited; that is, the closest prior art documents to the patent application for invention or utility model shall be cited. The documents cited in the description may be patent documents or non-patent documents, such as periodicals, magazines, manuals, and books. Where patent documents are cited, at least the country and publication number of the patent documents shall be specified, preferably including the publication date; where non-patent documents are cited, the title and detailed source of these documents shall be specified.

In addition, in the background art portion of the description, the problems and shortcomings existing in the background art shall also be pointed out objectively; however, they are limited only to the problems and shortcomings solved by the technical solution of the invention or utility model. Where possible, the reasons for the existence of such problems and defects, as well as the difficulties encountered in solving these problems, shall be explained.

The cited documents shall also meet the following requirements:

(1) The cited documents shall be publications, which, in addition to paper form, also include forms such as electronic publications;

BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL

(2) The publication date of the cited non-patent documents and foreign patent documents shall be prior to the filing date of the present application; the publication date of the cited Chinese patent documents shall not be later than the publication date of the present application.

(3) Where foreign patents or non-patent documents are cited, the source and relevant information of the cited documents shall be indicated in the language used in the original document when the cited document was published, with the Chinese translation provided where necessary and placed in parentheses.

If the cited documents meet the above requirements, the description of the present application shall be deemed to have described the contents of the cited documents. However, as to whether such a manner of citation satisfies the requirement of sufficient disclosure of the invention or utility model, see Section 2.2.6 of this Chapter.

Rule 17.1(3)

**2.2.4 Summary of the Invention or Utility Model**

This part shall clearly and objectively state the following contents:

(1) Technical problem to be solved

The technical problem to be solved by the invention or utility model refers to the technical problem existing in the prior art that the invention or utility model intends to solve. The technical solutions disclosed in a patent application for invention or utility model shall be able to solve these technical problems.

The technical problem to be solved by the invention or utility model shall be drafted in accordance with the following requirements:

(i) Be addressed to the defects or deficiencies existing in the prior art;

(ii) Reflect the technical problem to be solved by the invention or utility model objectively and on solid grounds in positive and as concise as possible language, and may also further explain its technical effects.

The description of the technical problem to be solved by the invention or utility model shall not use commercial advertising phrases.

The description of a patent application may list one or more technical problems to be solved by the invention or utility model, but shall at the same time describe in the description the technical solutions for solving these technical problems. Where an application contains multiple inventions or utility models, the multiple technical problems to be solved listed in the description shall all be related to a single general inventive concept.

(2) Technical Solution

The core of a patent application for invention or utility model is the technical solution described in its description.

Setting forth the technical solution adopted to solve the technical problem of the invention or utility model as mentioned in Item (3), Paragraph 1, Article 17 of the Implementing Regulations of the Patent Law refers to clearly and completely describing the technical features of the technical solution adopted by the invention or utility model to solve its technical problem. In this part of the technical solution, at least the technical solution of the independent claim containing all the essential technical features shall be reflected, and technical solutions for further improvements containing other additional technical features may also be provided.



BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL <9>

These technical solutions described in the description shall be consistent with the expression of the corresponding technical solutions defined by the claims.

Under general circumstances, the technical solution part of the description shall first state the technical solution of the independent claim, its wording shall correspond to or be identical with that of the independent claim, clarifying its essence in the form of the sum of the essential technical features of the invention or utility model, and when necessary, explaining the relationship between the sum of the essential technical features and the effects of the invention or utility model.

Then, through the description of the additional technical features of the invention or utility model, the technical solutions of the dependent claims that make further improvements thereto may be reflected.

If there are several inventions or several utility models in an application, the technical solution of each invention or utility model shall be described.

(3) Advantageous Effects

The description shall clearly and objectively state the advantageous effects of the invention or utility model as compared with the prior art.

Advantageous effects refer to the technical effects directly brought about by, or inevitably resulting from, the technical features constituting the invention or utility model.

The advantageous effects are an important basis for determining whether an invention possesses "Notable Progress" and whether a utility model possesses "Progress."

Usually, advantageous effects may be reflected in such aspects as the increase of yield, quality, precision, and efficiency; the saving of energy consumption, raw materials, and process steps; the simplification of processing, operation, control, and use; the control or eradication of environmental pollution; and the emergence of useful performance.

The advantageous effects may be explained by combining an analysis of the structural features of the invention or utility model with theoretical explanations, or by setting forth experimental data, and it shall not merely be asserted that the invention or utility model has advantageous effects.

However, no matter which manner is used to explain the advantageous effects, they shall be compared with the prior art to point out the differences between the invention or utility model and the prior art.

In some cases, the advantageous effects of an invention or utility model in the mechanical and electrical fields may be explained in conjunction with the structural features and modes of operation of the invention or utility model. However, in most cases, inventions in the chemical field are not suitable for explaining the advantageous effects of the invention in this manner, but rather are explained with the aid of experimental data.

Where there is currently no feasible measurement method and reliance has to be placed on human sensory judgment, such as for taste and smell, experimental results expressed by statistical methods may be used to illustrate advantageous effects.

When citing experimental data to illustrate advantageous effects, necessary experimental conditions and methods shall be provided.

Rule 17.1(4)

**2.2.5 Brief Description of Drawings**

Where there are drawings in the description, the title of each drawing shall be specified, and the content illustrated in the drawings shall be briefly described. Where there are a relatively large number of parts and components, it is permissible to list and explain the specific names of parts and components in the drawings in a tabular form.

Where there is more than one drawing, an explanation of the figures shall be given for all the drawings.

For example, for a patent application entitled "Energy-Saving Device for Coal-Fired Boilers", its description includes four drawings, and the explanations of these drawings are as follows:

Figure 1 is a front view of the energy-saving device for coal-fired boilers;
Figure 2 is a side view of the energy-saving device shown in Figure 1;
Figure 3 is a view in direction A of Figure 2;
Figure 4 is a sectional view taken along line B-B of Figure 1.

Rule 17.1(5)

**2.2.6 Specific Embodiments**

The preferred specific embodiments for carrying out the invention or utility model are an important part of the description, which are extremely important for the sufficient disclosure, understanding, and carrying out of the invention or utility model, and for supporting and interpreting the claims. Therefore, the description shall describe in detail the preferred specific embodiments considered by the applicant for carrying out the invention or utility model. Where appropriate, explanation shall be made with examples; where there are drawings, explanation shall be made with reference to the drawings.

The preferred specific embodiments shall reflect the technical solutions adopted in the application to solve the technical problems, and shall provide a detailed description of the technical features of the claims so as to support the claims.

The description of the preferred specific embodiments shall be detailed so as to enable a person skilled in the art of the invention or utility model to carry out the invention or utility model.

An embodiment is an example illustrating the preferred specific embodiments of the invention or utility model. The number of embodiments shall be determined according to the nature of the invention or utility model, the technical field, the status of the prior art, and the scope of protection sought.

When one embodiment is sufficient to support the technical solution summarized by the claims, only one embodiment may be provided in the description. When the scope of protection covered by the claims (especially independent claims) is relatively broad and their generalization cannot be supported by a single embodiment, at least two different embodiments shall be provided to support the scope of protection sought. When the improvement of the claims over the background art relates to a numerical range, embodiments near the two end values (preferably the two end values) shall usually be provided, and when the numerical range is relatively broad, at least one embodiment of an intermediate value shall also be provided.



BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL

Where the technical solution of an invention or utility model is relatively simple, if the part of the description relating to the technical solution has already provided a clear and complete description of the subject matter for which protection is sought in the patent application for an invention or utility model, the description does not need to repeat the description in the part relating to specific embodiments.

For an invention or utility model of a product, the embodiments or examples shall describe the mechanical structure, circuit configuration, or chemical components of the product, and explain the mutual relationships among the constituent parts of the product. For an operable product, where describing only its structure cannot enable a person skilled in the art to understand and implement the invention or utility model, its operating process or operating steps shall also be described.

For an invention of a process, its steps shall be clearly stated, including process conditions that can be represented by different parameters or parameter ranges.

In the part of specific embodiments, general descriptions may not need to be provided in detail for the closest prior art or technical features shared between the invention or utility model and the closest prior art, but the technical features distinguishing the invention or utility model from the prior art and the additional technical features in the dependent claims shall be described in sufficient detail, to such an extent that a person skilled in the art is able to carry out the technical solution. It should be noted that, in order to facilitate patent examination and also help the public more directly understand the invention or utility model, contents that are indispensable for satisfying the requirements of Paragraph 3, Article 26 of the Patent Law cannot be drafted by citing other documents, but rather their specific contents shall be written into the description.

When describing the preferred specific embodiments of the invention or utility model with reference to the drawings, the reference signs or symbols used shall be consistent with those shown in the drawings, and placed after the corresponding technical terms, without parentheses. For example, a description involving a circuit connection may be written as "resistor 3 is connected to capacitor 5 via the collector of triode 4", and shall not be written as "3 is connected to 5 via 4".

Rules 17.3 and 3.1

### 2.2.7 Other Requirements for Drafting the Description

The description shall use standardized wording and clear sentences. That is, the contents of the description shall be clear, without ambiguity or contradiction, so that they can be easily understood by a person skilled in the art.



BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL <9>

The description shall use the technical terms of the technical field to which the invention or utility model pertains. For natural science terms, where there are state regulations, unified terminology shall be adopted; where there are no state regulations, terms established by common practice in the technical field may be adopted, little-known or newly emerged scientific and technical terms may also be adopted, or foreign words (Chinese transliterated or translated terms) may be used directly, but their meanings must be clear to a person skilled in the art and will not cause misunderstanding; where necessary, self-defined terms may be adopted, and in such cases, clear definitions or explanations shall be provided. Generally, words that have a basic meaning in the technical field shall not be used to represent other meanings beyond their original meaning, so as to avoid misunderstanding and semantic confusion. The technical terms and symbols used in the description shall be consistent throughout.

The description shall be in Chinese; however, individual words may be in other languages provided that no ambiguity is caused. Where a non-Chinese technical term is used in the description for the first time, it shall be annotated with its Chinese translation or explained in Chinese.

For example, non-Chinese expressions may be used in the following circumstances:

(1) Technical terms well known to a person skilled in the art may be expressed in a non-Chinese form, for example, using "EPROM" for erasable programmable read-only memory, and "CPU" for central processing unit; however, consecutive use of non-Chinese technical terms in the same sentence that may render the sentence difficult to understand shall not be allowed.

(2) Non-Chinese forms may be used for units of measurement, mathematical symbols, mathematical formulas, various programming languages, computer programs, symbols of specific meanings (for example, the abbreviation GB for Chinese National Standards), and the like.

In addition, the source and title of the cited foreign patent literature, patent applications, and non-patent literature shall be in the original language, with the Chinese translation provided where necessary and placed in parentheses.

Units of measurement in the description shall use the national statutory units of measurement, including the International System of Units and other units of measurement designated by the state. Where necessary, other units of measurement known in the art may also be indicated in parentheses.

Where the use of a trade name cannot be avoided in the description, its model, specification, performance, and manufacturer shall be specified thereafter.

The use of registered trademarks to identify substances or products shall be avoided in the description.

Rule 18
Article 26.3

### 2.3 Description Drawings

Drawings are a constituent part of the description.

The function of the drawings is to supplement the description of the text part of the description with figures, so that people can intuitively and vividly understand each technical feature and the overall technical solution of the invention or utility model. For patent applications in the mechanical and electrical technical fields, the function of the description drawings is particularly evident. Therefore, the description drawings shall clearly reflect the content of the invention or utility model.



BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL (9)

For a patent application for invention, where its technical solution can be sufficiently, clearly, and completely described in words, there may be no drawings.

Rule 17.5

The description of a patent application for utility model must have drawings.

Rule 18.2

Where a patent application has multiple drawings, in each of the drawings used to represent the same embodiment, the reference signs denoting the same constituent part (the same technical feature or the same object) shall be consistent. The same reference signs used in the description and the drawings shall denote the same constituent part. Reference signs not mentioned in the text portion of the description shall not appear in the drawings, and reference signs not appearing in the drawings shall not be mentioned in the text portion of the description.

Rule 18.3

Except for necessary words, the drawings shall not contain other explanatory notes; however, for drawings such as flow charts and block diagrams, necessary words or symbols shall be provided within the boxes.

With respect to the requirements for drawing the drawings, the provisions of Section 4.3, Chapter 1, Part I of these Guidelines shall apply.

Rule 23

**2.4 Abstract of the Description**

The abstract is an overview of the contents disclosed in the description. It is merely a piece of technical information and has no legal effect.

The contents of the abstract do not form part of the initial disclosure of the invention or utility model, and shall not serve as a basis for subsequent amendments to the description or claims, nor shall they be used to interpret the scope of protection of the patent right.

The abstract shall meet the following requirements:

Rules 23.1 and 23.2

(1) The abstract shall specify the title of the invention or utility model and the technical field, and clearly reflect the technical problem to be solved, the gist of the technical solution to solve the problem, and the main uses, with the technical solution as the primary focus; the abstract may contain a chemical formula that best characterizes the invention;

Rule 23.2

(2) For a patent application containing drawings, a drawing that best reflects the main technical features of the technical solution of the invention or utility model shall be provided or designated by the examiner as the figure accompanying the abstract, which shall be one of the description drawings;

Rule 23.2

(3) The size and clarity of the figure accompanying the abstract shall ensure that every detail in the figure can still be clearly distinguished when the figure is scaled down to 4 cm × 6 cm;

Rule 23.2

(4) The text portion of the abstract (including punctuation marks) shall not exceed 300 words, and shall not contain any commercial advertising phrase.

In addition, any reference signs appearing in the text portion of the abstract shall be put in parentheses.

The preceding sections of this chapter have set forth detailed provisions regarding the requirements for the substantive content and manner of drafting of the description. It shall be noted that in substantive examination, when the description, due to insufficient

BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
(9)

## Chapter 5 Confidential Applications and Confidentiality Review of Filing Patent Applications Abroad

### 1. Scope of Confidentiality

The scope of confidentiality prescribed in Article 4 of the Patent Law refers to invention-creations involving the two aspects of national security or significant interests.

According to the provisions of Paragraph 1, Article 7 of the Detailed Rules for the Implementation of the Patent Law, where a patent application accepted by the Patent Office involves the interests of national defense and requires confidentiality, it shall be timely transferred to the national defense patent institution for examination.

According to the provisions of Paragraph 2, Article 7 of the Detailed Rules for the Implementation of the Patent Law, where the Patent Office considers that a patent application for invention or utility model accepted by it involves national security or significant interests other than the interests of national defense and requires confidentiality, it shall timely make a decision to handle it as a confidential patent application and notify the applicant.

### 2. Benchmark for Confidentiality

The criteria for confidentiality shall be implemented in accordance with relevant national provisions.

### 3. Determination of Confidentiality for Patent Applications

#### 3.1 Determination of Confidentiality Where the Applicant Files a Request for Confidentiality

##### 3.1.1 Filing of a Request for Confidentiality

Where an applicant considers that its patent application for invention or utility model involves national security or significant interests and requires confidentiality, it shall, at the time of filing the patent application, make an indication of requesting confidentiality in the request, and its application documents shall be submitted in paper form. The applicant may also file a request for confidentiality before the patent application for invention enters into preparations for publication, or before the patent application for utility model enters into preparations for the announcement of the grant of the patent right.

Where the applicant, prior to filing a request for confidentiality, has determined that the contents of its application involve national security or significant interests and need to be kept confidential, it shall submit relevant documents from the relevant department determining the security classification.

##### 3.1.2 Determination of Confidentiality

The examiner shall conduct examination of the patent application in accordance with confidentiality criteria, and determine whether it needs to be kept confidential according to different situations.

Rule 7.1

(1) Where the contents of a patent application involve the interests of national defense, the determination of confidentiality shall be made by the National Defense Patent Bureau. Where it needs to be kept confidential, it shall be timely transferred to the National Defense Patent Bureau for examination, and the examiner shall issue a Notification of Transfer of Patent Application to National Defense Patent Bureau to the applicant; where it does not need to be kept confidential, the examiner shall issue a Notification of Confidentiality Examination and Approval to notify the applicant that the patent application will not be kept confidential and shall be handled as a general patent application.



BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL <9>

Rule 7.2

(2) Where the contents of an invention or utility model involve national security or significant interests other than the interests of national defense, the determination of confidentiality shall be made by the Patent Office, and when mandatory, technical experts in relevant fields may be invited to assist in the determination. The examiner shall issue a Notification of Confidentiality Examination and Approval based on the result of the determination of confidentiality. Where confidentiality is required, the examiner shall notify the applicant that the patent application will be kept confidential and handled as a confidential patent application; where confidentiality is not required, the examiner shall notify the applicant that the patent application will not be kept confidential and will be handled as a general patent application.

**3.2 Determination of Confidentiality by the Patent Office on Its Own Initiative**

When classifying patent applications for invention or patent applications for utility model, the classification examiner shall pick out patent applications for invention or patent applications for utility model whose contents may involve national security or significant interests but for which the applicant has not filed a request for confidentiality. The examiner shall make a determination of confidentiality for the aforementioned patent applications with reference to the provisions of Section 3.1.2 of this Chapter.

For an electronic application determined as a confidential patent application, if it involves national security or significant interests and requires confidentiality, the examiner shall convert the patent application into paper form to continue the examination and notify the applicant; thereafter, the applicant shall submit all documents in paper form to the Patent Office or the National Defense Patent Bureau, and shall not submit documents through the electronic patent application system.

Rule 7

**4. Examination and Approval Procedure for Confidential Patent Applications**

Rule 55

(1) Patent applications that involve the interests of national defense and require confidentiality shall be examined by the National Defense Patent Bureau. Where no grounds for rejection are found after examination, the Patent Office shall make a decision to grant the national defense patent right based on the examination opinions of the National Defense Patent Bureau, entrust the National Defense Patent Bureau with issuing the National Defense Patent Certificate, and simultaneously announce the patent number, application date, and date of grant announcement of the national defense patent in the patent gazette.

Where the National Defense Patent Reexamination Board makes a decision declaring the invalidation of the national defense patent right, the Patent Office shall announce the patent number, date of grant announcement, number of the invalidation decision, and date of the invalidation decision in the patent gazette.

(2) Patent applications for invention or patent applications for utility model that involve national security or significant interests other than the interests of national defense and require confidentiality shall be examined and managed by the Patent Office in accordance with the following procedures.

The examiner shall place a confidentiality mark on the file of a patent application determined to require confidentiality, and manage it confidentially before a decision on declassification is made on the patent application.



BEIJING SPIRIT TRANSLATION CO., LTD. 北京思必锐翻译有限责任公司 翻译专用章 TRANSLATION SEAL <9>

Both the preliminary examination and substantive examination of a confidential patent application shall be conducted by an examiner designated by the Patent Office.

For patent applications for invention, preliminary examination and substantive examination shall be conducted in accordance with the same criteria as those for general patent applications for invention. A confidential patent application that has passed preliminary examination shall not be published; where a request for substantive examination complies with the provisions, it shall directly enter the substantive examination procedure. Where no grounds for rejection are found upon substantive examination, a decision to grant the patent right for confidential invention shall be made, and a Notification of Grant of Patent Right for Invention and a Notification to Go Through Formalities of Registration shall be issued.

For patent applications for utility model, preliminary examination shall be conducted in accordance with the same criteria as those for general patent applications for utility model. Where no grounds for rejection are found upon preliminary examination, a decision to grant the patent right for confidential utility model shall be made, and a Notification of Grant of Patent Right for Utility Model and a Notification to Go Through Formalities of Registration shall be issued.

The announcement of grant of a confidential patent application shall publish only the patent number, application date, and date of grant announcement.

## 5. Declassification Procedure for Patent Applications (or Patents)

### 5.1 Request for Declassification by Applicant (or Patent Right Holder)

The applicant of a confidential patent application or the patent right holder of a confidential patent may file a request for declassification in writing. Where relevant documents from the relevant department determining the security classification were submitted when filing the request for confidentiality, the applicant (or the patent right holder), when filing a request for declassification, shall attach certifying documents of consent to declassification issued by the department that originally determined the security classification.

The Patent Office shall make a determination of declassification on the confidential patent application (or patent) for which a request for declassification is filed, and notify the applicant of the result.

### 5.2 Periodic Declassification by the Patent Office

The Patent Office shall review confidential patent applications (or patents) every two years. Where it is considered upon review that continued confidentiality is not required, the applicant shall be notified of the declassification.

### 5.3 Handling After Declassification

The examiner shall place a declassification mark on a patent application (or patent) that has been declassified. Where a patent application for invention has not been granted a patent right after declassification, it shall be examined and managed as a general patent application for invention; where it meets the requirements for publication, it shall be published, and the Pamphlet of Patent Application for Invention shall be published. Where a patent application for utility model has not been granted a patent right after declassification, it shall be examined and managed as a general patent application for utility model.

After an invention or utility model patent is declassified, an announcement of declassification shall be made and publication shall be conducted



BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL

# Transitional Measures for the Implementation of the Revised Detailed Rules for the Implementation of the Patent Law

**Article 1** In order to ensure the implementation of the *Decision of the State Council on Amending the Detailed Rules for the Implementation of the Patent Law of the People's Republic of China* promulgated on January 9, 2010, these Measures are formulated in accordance with the provisions of Article 84 of the Legislation Law.

**Article 2** The provisions of the Detailed Rules for the Implementation of the Patent Law before revision shall apply to patent applications with a filing date prior to February 1, 2010 (excluding that date) and patent rights granted based on such patent applications; the provisions of the Detailed Rules for the Implementation of the Patent Law after revision shall apply to patent applications with a filing date on or after February 1, 2010 (including that date, the same below) and patent rights granted based on such patent applications; except for the special provisions in the following articles of these Measures regarding patent applications with a filing date prior to February 1, 2010 and patent rights granted based on such applications.

**Article 3** Where a request for invalidation is filed on or after February 1, 2010 on the grounds of non-compliance with the provisions of Paragraph 3, Article 23 of the Patent Law, the examination of the request for invalidation shall be governed by the provisions of Paragraph 3, Article 66 of the Detailed Rules for the Implementation of the Patent Law after revision.

**Article 4** Where a request for invalidation is filed on or after February 1, 2010, the examination of the request for invalidation shall be governed by the provisions of Paragraph 2, Article 72 of the Detailed Rules for the Implementation of the Patent Law after revision.

**Article 5** Where an applicant of an international patent application goes through the formalities for entering the Chinese national phase on or after February 1, 2010, the provisions of Chapter 10 of the revised Detailed Rules for the Implementation of the Patent Law shall apply to the international application.

**Article 6** Where a request is made to China National Intellectual Property Administration on or after February 1, 2010 for the suspension of the relevant procedures, the provisions of Article 93 and Article 99 of the revised Detailed Rules for the Implementation of the Patent Law shall apply, and the fee for requesting suspension of procedures shall no longer be paid.

Where a request is made on or after February 1, 2010 for the refund of overpaid, duplicate, or erroneously paid patent fees, the provisions of Paragraph 4, Article 94 of the revised Detailed Rules for the Implementation of the Patent Law shall apply.

Where the application fee, publication printing fee, and additional application fee are paid after February 1, 2010, the provisions of Article 95 of the revised Detailed Rules for the Implementation of the Patent Law shall apply.

Where the registration procedures for the grant of patent right are handled after February 1, 2010, the provisions of Article 93 and Article 97 of the revised Detailed Rules for the Implementation of the Patent Law shall apply, and the maintenance fee for application shall no longer be paid.

**Article 7** These Measures shall come into force as of February 1, 2010.

BEIJING SPIRIT TRANSLATION CO., LTD.
北京思必锐翻译有限责任公司
翻译专用章
TRANSLATION SEAL
(9)